A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Feb 20, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Feb 20, 2008**

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND SHAREHOLDERS
DERIVATIVE LITIGATION

MDL No. 1916

**TRANSFER ORDER**

    **Before the entire Panel**: Defendants Chiquita Brands International, Inc., and Chiquita Fresh North America LLC (collectively Chiquita) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of District of Columbia. This litigation currently consists of the six actions listed on Schedule A, which can be further described as follows: two shareholder derivative actions pending in the District of District of Columbia and the Southern District of Ohio, respectively, and four actions involving alleged violations of the Alien Tort Statute (ATS) and pending in the District of District of Columbia, the Southern District of Florida, the District of New Jersey, and the Southern District of New York, respectively.[1]

    Current and former officers and directors of Chiquita Brands International, Inc., who are named as defendants in one or both of the two shareholder derivative actions, support centralization in the District of District of Columbia, as do plaintiffs in the two shareholder derivative actions pending in that district (one of which is a potential tag-along action). Plaintiffs in the five other actions all oppose centralization. If the Panel orders centralization over their objections, plaintiffs in the Southern District of Florida and District of New Jersey actions support selection of the Southern District of Florida as transferee district, while plaintiffs in the Southern District of New York and the Southern District of Ohio actions support selection of their respective districts.

    On the basis of the papers filed and the hearing session held, we find that these six actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All of these actions arise from allegations that Chiquita provided financial and other support to the Autodefensas Unidas de Colombia (AUC), a Colombian right-wing paramilitary organization engaged in an armed struggle against leftist guerilla groups in various parts of Colombia, including those where Chiquita had banana-producing operations.

---

    [1] The Panel has been notified of two additional related actions, one in the District of New Jersey and the other in the District of District of Columbia. Those actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Opponents of centralization argue that the actions do not present substantial overlapping issues of fact, and, in particular, that the primary focus of the ATS actions, which are brought on behalf of alleged victims of the AUC, will be on unique issues of causation and damages. Although this argument has some merit, we note that transfer under Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to transfer. *See In re Tyson Foods, Inc., Fair Labor Standards Act Litigation*, 502 F.Supp.2d 1358, 1360 (J.P.M.L. 2007). Transfer under the statute has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that one or more of the claims in a particular action or actions can be remanded to the respective transferor court(s) in advance of other claims. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

We are persuaded that the Southern District of Florida is an appropriate transferee district for pretrial proceedings in this litigation, because the action there appears to be somewhat further than, or as advanced as, the other actions and the district is closer to Colombia, where many of the events that bear on this litigation took place, than the other suggested fora.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Kenneth A. Marra for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen     J. Frederick Motz
Robert L. Miller, Jr.     Kathryn H. Vratil
David R. Hansen     Anthony J. Scirica

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND SHAREHOLDERS
DERIVATIVE LITIGATION                              MDL No. 1916

## SCHEDULE A

### District of District of Columbia

Jane/John Does 1-144 v. Chiquita Brands International, Inc., C.A. No. 1:07-1048
Sheet Metal Workers Local #218 (S) Pension Fund, etc. v. Roderick M. Hills, et al.,
  C.A. No. 1:07-1957

### Southern District of Florida

Antonio Gonzalez Carrizosa, et al. v. Chiquita Brands International, Inc., et al.,
  C.A. No. 0:07-60821

### District of New Jersey

John Doe #1, et al. v. Chiquita Brands International, Inc., C.A. No. 2:07-3406

### Southern District of New York

Juan Does 1-377, et al. v. Chiquita Brands International, Inc., C.A. No. 1:07-10300

### Southern District of Ohio

City of Philadelphia Public Employees Retirement System, etc. v. Fernando Aguirre,
  et al., C.A. No. 1:07-851