UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN
TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

## AMENDED FIRST CASE MANAGEMENT ORDER

THIS CAUSE is before the Court *sua sponte*.

The instant case currently encompasses four shareholder derivative lawsuits (collectively, the "Derivative Actions"); five tort lawsuits brought under the Alien Tort Statute, 28 U.S.C. § 1350, the Torture Victim Protection Act of 1991, Pub. L. No. 102-256, 106 Stat. 73 (1992), and various state laws (collectively, the "ATS Actions"); and one lawsuit brought under the Antiterrorism Act, 18 U.S.C. § 2331, *et seq.*, and state tort laws (the "ATA Action") centralized in this proceeding. A list of these proceedings is attached hereto as Exhibit A.

Pursuant to the Case Management Conference held on May 16, 2008, it is hereby **ORDERED AND ADJUDGED** as follows:

**I.     For All Actions**

   A.   The docket established by this Court at Civil Docket No. 08-01916-MD-MARRA/JOHNSON, *In re: Chiquita Brands International, Inc., Alien Tort Statute and Shareholder Derivative Litigation*, shall serve as the Master Docket for this proceeding.

   B.   Case Caption

      1. When a document is applicable to <u>all actions</u>, it need be filed only in the Master Docket, and no further copies need be filed nor entries made in individual dockets. Every court paper filed in the MDL proceeding that pertains to all actions shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-01916-MD-MARRA/JOHNSON

1

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN
TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

    2. Every court paper filed in the <u>consolidated shareholder derivative action</u> or in any separate shareholder derivative action later included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN
TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____

This Document Relates To:

DERIVATIVE ACTIONS
_____/

    3. Every court paper filed in the <u>ATS Actions</u> or in any separate ATS Action later included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN
TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____

This Document Relates To:

ATS ACTIONS

2

_____/

    4. Every court paper filed in the <u>ATA Action</u> or in any separate ATA Action later included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF FLORIDA

NO. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN
TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

_____

This Document Relates To:

ATA ACTION

_____/

    5. When a document is intended to be applicable <u>only to an individual ATS or ATA action</u> or actions, the separate caption and docket number for each individual action to which the document is intended to be applicable shall appear immediately below the Master Docket caption. In such cases, counsel shall file the document in the Master Docket and in the docket of each individual action to which it is applicable.

    C.    The attorneys shall coordinate to submit to the Court by June 9, 2008 a single list of all counsel associated with all parties to this litigation. The list shall include a designation of lead counsel for each party. For any papers not filed using the Court's ECF system, service will be effected by serving such papers on the designated lead counsel for each party or his designee.

    D.    Except those documents exempted under Section 5 of the CM/ECF Administrative Procedures, all documents filed in any case in this MDL proceeding should preferably be filed electronically on the Court's ECF system via the internet at https://ecf.flsd.uscourts.gov. However, only counsel admitted to practice in the Southern District of Florida may file documents through CM/ECF. Pursuant to Rule 1.4 of the Rules of Procedure on the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 427 (2001), counsel representing parties to this action need not be admitted to practice in the Southern District of Florida. Any documents that are not filed by counsel admitted to practice in the Southern District of Florida shall be filed conventionally with the office of

the Clerk of the Court in <u>West Palm Beach, Florida</u>.

E.  Counsel may bring laptops and other technology into the courthouse. Any counsel desiring to do so must move the Court for entry of an order identifying him or herself, the type of device, the brand of device, and the serial number of each device intended to be used.

F.  Every motion filed with the Court shall be accompanied by a proposed order (with the exception of motions to dismiss). Proposed orders shall be filed with the motion *and* sent by e-mail in WordPerfect format directly to Chambers at marra@flsd.uscourts.gov.

G.  This Order shall apply to each shareholder derivative case, ATS case, or ATA case, arising out of the same or substantially the same transactions or events as these cases that is subsequently filed in, removed to, or transferred to this Court.

H.  In addition, this Order shall apply to any related actions filed in this Court, or transferred to this Court, raising claims that "arise from allegations that Chiquita provided financial and other support to the Autodefensas Unidas de Colombia (AUC), a Colombian right-wing paramilitary organization." *In re Chiquita Brands Int'l Inc.*, MDL No. 1916, 536 F. Supp. 2d 1371 (J.P.M.L. 2008).

II. **For the Derivative Actions**

A.  The Court previously indicated that it would consolidate the Derivative Actions for pre-trial purposes by separate order. Because of technological impediments in the Clerk's office to consolidation for pre-trial purposes only, the Court will not formally consolidate these actions. Instead, the Court and the parties shall treat these actions as if they were consolidated for all pre-trial purposes, and all pleadings, motions, orders and other filings shall apply to all of the Derivative Actions collectively..

B.  The Court will designate Lead Derivative Plaintiffs' Counsel by separate Order.

1. Lead Derivative Plaintiffs' Counsel shall have authority to speak for plaintiffs in matters regarding pre-trial procedure and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of the consolidated shareholder derivative action and to avoid duplicative or unproductive effort.

2. Lead Derivative Plaintiffs' Counsel in the consolidated shareholder derivative action shall be responsible for coordinating all activities and appearances on behalf of plaintiffs in the consolidated shareholder derivative action. No motion, request for discovery, or other pre-trial proceedings shall be initiated or filed by

any plaintiffs in the consolidated shareholder derivative action except through Lead Derivative Plaintiffs' Counsel.

3. Lead Derivative Plaintiffs' Counsel also shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Lead Derivative Plaintiffs' Counsel shall be responsible for creating and maintaining a master service list of all plaintiffs to the consolidated shareholder derivative action and their respective counsel.

4. Defendants' counsel may rely upon all agreements made with any Lead Derivative Plaintiffs' Counsel, or other duly authorized representative of Lead Derivative Plaintiffs' Counsel and such agreements shall be binding on plaintiffs in the consolidated shareholder derivative action.

C. Briefing Schedule and Related Orders

1. Plaintiffs shall file a Consolidated Verified Shareholder Derivative Complaint ("Complaint") no later than 30 days after the later of entry of this Order and entry of an order appointing Lead Derivative Plaintiffs' Counsel. The Complaint shall be deemed the operative shareholder derivative complaint, superseding all shareholder derivative complaints filed in any of the shareholder derivative actions consolidated hereunder.

2. The Special Litigation Committee of the Board of Directors of Chiquita shall file its motion to stay proceedings herein within 30 days after the filing of the Complaint. In the event that plaintiffs oppose the stay motion, plaintiffs shall file their opposition within 30 days thereafter, and the Special Litigation Committee shall file its reply within 15 days after plaintiffs' filing of the opposition. Counsel shall confer to propose potential hearing dates to the Court.

3. Defendants shall have no obligation to respond to the Complaint prior to a decision by the Court on the Special Litigation Committee's motion to stay proceedings. In the event that the Court grants the motion to stay, the parties shall meet and confer in good faith following expiration of the stay to determine a schedule for either briefing any motion by the Special Litigation Committee to extend the stay period if it has not made any recommendation or for filing responses to the Complaint, if any, in light of the Special Litigation Committee's recommendations and any anticipated proceedings related thereto. In the event that the Court denies the motion to stay, defendants shall respond to the Complaint no later than 30 days after entry of an order denying the motion.

**III. For the ATS Actions**

A.  Amended Complaints

1. Plaintiffs who intend to file an amended complaint prior to the motion to dismiss briefing may do so no later than June 9, 2008. Plaintiffs retain any rights they may have to amend or add parties by rule, stipulation, or court order.

B.  Defendants' Motion to Dismiss

1. Motion to Dismiss: For the cases for which there is no fully-briefed motion to dismiss pending, defendants shall file a consolidated motion to dismiss these ATS Actions no later than July 11, 2008. Defendants shall file a single memorandum of law in support of that motion, addressing these ATS Actions, of no more than 75 pages.

2. Opposition: The plaintiffs against whom defendants file their consolidated motion to dismiss shall file a joint opposition of no more than 75 pages no later than August 19, 2008. To the extent any individual ATS action presents issues unique to that case that are not addressed in the joint opposition, a separate memorandum of law may be filed by plaintiffs in that action, no longer than 10 pages, at the time of the filing of the joint opposition.

3. Reply: Defendants shall file a reply to the joint opposition of no more than 35 pages no later than September 19, 2008. In the event plaintiffs file separate memoranda of law in opposition based on unique issues not addressed in the joint opposition, defendants may file reply memoranda of no more than 5 pages to each such individual opposition paper. In the alternative, defendants may incorporate their reply to individual opposition papers into their reply to the joint opposition with 5 additional pages allotted for each individual opposition addressed in the reply.

D.  Further Proceedings

1. The Court will schedule a further conference with the parties, if appropriate, after the issuance of its decision on the motions to dismiss. All Rule 26(f) obligations are suspended until the Court convenes such a conference.

## IV.    For the ATA Action

A.  Defendants' Motion to Dismiss

1. Motion to Dismiss: Defendants shall file any motion to dismiss the ATA Action no later than July 11, 2008. The memorandum of law in support of that motion shall be no more than 45 pages.

6

2. Opposition: Plaintiffs may file an opposition to such motion to dismiss of no more than 45 pages no later than August 19, 2008.

3. Reply: Defendants may file a reply to the plaintiffs' opposition of no more than 25 pages no later than September 19, 2008.

B. Further Proceedings

1. The Court will schedule a further conference with the parties, if appropriate, after the issuance of its decision on the motions to dismiss. All Rule 26(f) obligations are suspended until the Court convenes such a conference.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of September, 2008.

KENNETH A. MARRA
United States District Judge