**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**NO. 08-01916-MD-MARRA/JOHNSON**

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

_____

This Document Relates To:

ATA ACTION

_____

NO. 08-20641-CIV-KAM

TANIA JULIN, *et al.*

Plaintiffs,

vs.

CHIQUITA BRANDS INTERNATIONAL, INC.

Defendant.

_____/

**DEFENDANT'S ANSWER TO AMENDED**
**COMPLAINT AND DEMAND FOR JURY TRIAL**

I.    **AS TO THE NATURE OF THE ACTION**

1.      Paragraph 1 sets forth the purported purpose of the Complaint and does not

require a response.  To the extent that a response is required, Defendant is without knowledge or

information sufficient to admit or deny the allegations in the first sentence of Paragraph 1, and

Defendant denies the allegations in the second sentence of Paragraph 1, except admits that it

markets and distributes fresh produce and bananas.

2.      Defendant is without knowledge or information sufficient to admit or deny the

allegations of Paragraph 2 concerning Plaintiffs' relatives.  Defendant denies the other

allegations of Paragraph 2, except admits that Chiquita's former Colombian subsidiary made

extortion payments to the FARC, and that the FARC was designated a Foreign Terrorist

Organization ("FTO") in October 1997.

3.      Paragraph 3 sets forth a legal assertion that does not require a response.  To the

extent a response is required, Defendant denies the allegations of Paragraph 3.

4.      Defendant denies the allegations of Paragraph 4.

5.      Paragraph 5 sets forth a legal assertion that does not require a response.  To the

extent a response is required, Defendant denies the allegations of Paragraph 5.

6.      Paragraph 6 sets forth a legal assertion that does not require a response.  To the

extent a response is required, Defendant denies the allegations of Paragraph 6.

## II.      AS TO JURISDICTION AND VENUE

7.      Defendant admits the allegations of Paragraph 7 for jurisdictional purposes only.

8.      Defendant denies the allegations of Paragraph 8.

9.      Defendant admits the allegations of paragraph 9.

10.     Defendant admits there is personal jurisdiction over Defendant in this District, but

otherwise denies the allegations of Paragraph 10.

## III.      AS TO THE PARTIES

### A.      As To The Plaintiffs

11.     Defendant is without knowledge or information sufficient to admit or deny the

allegations of Paragraph 11.

12.     Defendant is without knowledge or information sufficient to admit or deny the

allegations of Paragraph 12.

13.     Defendant is without knowledge or information sufficient to admit or deny the

allegations of Paragraph 13.

14.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 14.

15.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 15.

16.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 16.

## As To The Rich Family

17.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 17.

18.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 18 and its sub-paragraphs.

19.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 19.

20.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 20.

## As To The Mankins Family

21.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 21.

22.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 22 and its sub-paragraphs.

23.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 23.

24.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 24.

## As To The Tenenoff Family

25.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 25.

26.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 26 and its sub-paragraphs.

27.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 27.

28.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 28.

29.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 29.

## As To The Welsh Family

30.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 30.

31.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 31 and its sub-paragraphs.

32.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 32.

33.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 33.

34.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 34.

35.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 35.

**As To The Van Dyke Family**

36.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 36.

37.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 37 and its sub-paragraphs.

38.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 38.

39.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 39.

40.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 40.

41.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 41.

42.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 42.

43.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 43.

**B.     As To The Defendant**

44.     Defendant denies the allegations of Paragraph 44, except admits that it is a corporation incorporated in New Jersey and headquartered in Cincinnati, Ohio, and that Banadex

was a wholly-owned subsidiary of Chiquita Brands International, Inc. from March 1989 to June 2004.

45.     Defendant denies the allegations of paragraph 45.

46.     Defendant admits the allegations of Paragraph 46.

47.     Defendant denies the allegations of Paragraph 47.

48.     Defendant denies the allegations of Paragraph 48.

IV.     **AS TO THE FACTUAL ALLEGATIONS**

    A.     **As To Kidnapping and Murder of Plaintiffs' Relatives**

        1.     **As To January 31, 1993 Kidnappings in Púcuro**

49.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 49.

50.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 50.

51.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 51.

52.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 52.

53.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 53.

        a.     **As To The Rich Family**

54.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 54.

55.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 55.

56.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 56.

57.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 57.

58.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 58.

59.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 59.

60.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 60.

61.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 61.

62.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 62.

63.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 63.

64.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 64.

65.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 65.

66.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 66.

        **b.**      <u>**As To The Mankins Family**</u>

     67.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 67.

     68.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 68.

     69.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 69.

     70.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 70.

     71.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 71.

     72.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 72.

     73.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 73.

     74.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 74.

     75.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 75.

     76.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 76.

     77.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 77.

78.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 78.

79.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 79.

80.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 80.

    c.  **As To The Tenenoff Family**

81.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 81.

82.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 82.

83.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 83.

84.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 84.

85.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 85.

86.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 86.

87.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 87.

88.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 88.

89.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 89.

**d.     As To The Aftermath of the Kidnappings**

90.      Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 90.

91.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 91.

92.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 92.

93.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 93.

94.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 94.

95.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 95.

96.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 96.

97.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 97.

98.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 98.

99.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 99.

100.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 100.

101.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 101.

102.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 102.

103.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 103.

104.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 104.

105.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 105.

106.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 106.

107.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 107.

108.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 108.

109.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 109.

110.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 110.

111.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 111.

### 2.    As to January 16, 1994 Kidnapping in Villavicencio

112.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 112.

113.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 113.

114.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 114.

115.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 115.

116.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 116.

117.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 117.

118.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 118.

119.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 119.

### a.    As To The Welsh Family

120.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 120.

121.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 121.

122.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 122.

123.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 123.

124.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 124.

125.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 125.

126.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 126.

**b.**     **As To The Van Dyke Family**

127.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 127.

128.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 128.

129.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 129.

130.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 130.

131.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 131.

132.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 132.

133.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 133.

134.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 134.

135.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 135.

136.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 136.

137.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 137.

138.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 138.

139.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 139.

140.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 140.

141.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 141.

c.     **As To The Aftermath of the Kidnappings**

142.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 142.

143.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 143.

144.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 144.

145.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 145.

146.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 146.

147.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 147.

148.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 148.

**B.**    **As To New Tribes Mission's Investigation**

149.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 149.

150.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 150.

151.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 151.

152.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 152.

153.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 153.

154.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 154.

155.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 155.

156.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 156.

157.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 157.

158.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 158.

**C.    As To Survivors' Investigations**

159.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 159.

160.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 160.

161.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 161.

162.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 162.

163.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 163.

164.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 164.

165.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 165.

166.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 166.

167.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 167.

168.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 168.

169.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 169.

170.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 170.

171.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 171.

172.     Defendant is without knowledge or information sufficient to admit or deny the allegations concerning the content of the report of the Colombian National Prosecutor's Office. Defendant denies the other allegations of Paragraph 172.

## V.      **AS TO CHIQUITA PROVIDING MATERIAL SUPPORT TO FARC**

### A.      **As To FARC - Background**

173.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 173.

174.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 174.

175.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 175.

176.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 176.

177.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 177.

178.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 178.

179.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 179, except denies that Chiquita secretly funneled money to FARC.

180.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 180.

181.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 181 and its sub-paragraphs, except denies that Chiquita regularly and systematically funded FARC's activities.

182.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 182.

**B.    As To FARC - Designation by the United States Government as a Foreign Terrorist Organization.**

183.    Defendant admits that 8 U.S.C. § 1189 gives the Secretary of State authority to designate an organization an FTO if she finds that: (A) the organization is a foreign organization; (B) the organization engages in terrorist activity or terrorism, or retains the capability and intent to engage in terrorist activity or terrorism; and (C) the terrorist activity or terrorism of the

organization threatens the security of United States nationals or the national security of the United States.

184.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 184, except admits that FARC was designated an FTO in October 1997 and remains designated an FTO today.

185.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 185.

**C.      As To Chiquita's Illegal Payments To FARC**

186.    Defendant admits the allegations of Paragraph 186.

187.    Defendant denies the allegations of Paragraph 187, except admits that Banadex was a wholly-owned subsidiary of Chiquita Brands International, Inc. from March 1989 to June 2004, and that Banadex was engaged in the production of bananas in Colombia.

188.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 188 concerning violence and sanctions.  Defendant denies the other allegations of Paragraph 188..

189.    Defendant denies the allegations of Paragraph 189.

190.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 190.

191.    Defendant denies the allegations of Paragraph 191, except admits that Chiquita's former Colombian subsidiary made extortion payments to the FARC.

192.    Defendant denies the allegations of Paragraph 192, except admits that Chiquita's former Colombian subsidiary made extortion payments to the FARC.

193.    Defendant denies the allegations of Paragraph 193.

194.    Defendant denies the allegations of Paragraph 194.

195.    Defendant denies the allegations of Paragraph 195.

196.    Defendant denies the allegations of Paragraph 196.

197.    Defendant denies the allegations of Paragraph 197.

198.    Defendant denies the allegations of Paragraph 198.

199.    Defendant denies the allegations of Paragraph 199.

## VI.    AS TO CHIQUITA'S FRAUDULENT CONCEALMENT

200.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 200 concerning Plaintiffs' knowledge.  Defendant denies the other allegations of Paragraph 200.

201.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 201 concerning Plaintiffs' knowledge.  Defendant denies the other allegations of Paragraph 201.

202.    Defendant denies the allegations of Paragraph 202.

203.    Defendant denies the allegations of Paragraph 203.

204.    Defendant denies the allegations of Paragraph 204.

205.    Defendant denies the allegations of Paragraph 205, except admits that on March 19, 2007, Chiquita pled guilty to one count of Engaging in Transactions With a Specially-Designated Global Terrorist in violation of 50 U.S.C. § 1705(b) and 31 C.F.R. § 594.204.

206.    Defendant denies the allegations of Paragraph 206, except admits that it agreed with the U.S. government that a $25 million fine was the appropriate sentence for the charge to which it pled guilty.

207.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 207.

208.     Defendant denies the allegations of Paragraph 208, except admits that Banadex's General Manager was summoned to a meeting with the then-leader of the AUC, Carlos Castaño, in or around 1997, that at this meeting Castaño sent an unspoken but clear message that failure to pay extortion to the AUC could result in physical harm to Banadex personnel and property, and that in its plea Chiquita stipulated that payments were made to the AUC after the AUC was designated an FTO.

209.     Defendant denies the allegations of Paragraph 209, except admits that in 2003, it self-reported to the Department of Justice that its former Colombian subsidiary made extortion payments to the AUC, and that the Department of Justice later charged Chiquita with one count of Engaging in Transactions With a Specially-Designated Global Terrorist in violation of 50 U.S.C. § 1705(b) and 31 C.F.R. § 594.204.

210.     Defendant denies the allegations of Paragraph 210, except admits that it sold Banadex in June 2004 and entered into a contract with the purchaser to purchase bananas.

211.     Defendant denies the allegations of Paragraph 211.

212.     Paragraph 212 sets forth a legal assertion that does not require a response.  To the extent a response is required, Defendant denies the allegations of Paragraph 212.

213.     Defendant denies the allegations of Paragraph 213, except admits that its Chief Executive Officer, Fernando Aguirre, appeared on a May 11, 2008 CBS News broadcast of 60 Minutes.

214.     Paragraph 214 sets forth a legal assertion that does not require a response.  To the extent a response is required, Defendant denies the allegations of Paragraph 214.

215.     Paragraph 215 sets forth a legal assertion that does not require a response.  To the extent a response is required, Defendant denies the allegations of Paragraph 215.

VII.   <u>AS TO CLAIMS FOR RELIEF</u>

<u>COUNT ONE</u>

**Civil Aiding and Abetting of Homicide and Serious Bodily Injuries to United States**
**Nationals in Violation of 18 U.S.C. §§ 2332(a); 2332(b); 2332(c) and 2333(a)**

216.    Defendant repeats and realleges its responses to Paragraphs 1-215 of the

Complaint, as if fully set forth herein.

217.    Defendant is without knowledge or information sufficient to admit or deny the

allegations of Paragraph 217.

218.    Defendant is without knowledge or information sufficient to admit or deny the

allegations of Paragraph 218.

219.    Defendant is without knowledge or information sufficient to admit or deny the

allegations of Paragraph 219.

220.    Defendant denies the allegations of Paragraph 220.

221.    Defendant denies the allegations of Paragraph 221.

222.    Defendant denies the allegations of Paragraph 222.

223.    Paragraph 223 sets forth a legal assertion that does not require a response.  To the

extent a response is required, Defendant denies the allegations of Paragraph 223.

<u>COUNT TWO</u>
**Conspiracy to Violate 18 U.S.C. §§ 2332(a), 2332(b),**
**and 2332(c) in Violation of 18 U.S.C. § 2333(a)**

224.    Defendant repeats and realleges its responses to Paragraphs 1-223 of the

Complaint, as if fully set forth herein.

225.    Defendant is without knowledge or information sufficient to admit or deny the

allegations of Paragraph 225.

226.    Defendant is without knowledge or information sufficient to admit or deny the

allegations of Paragraph 226.

227.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 227.

228.    Defendant denies the allegations of Paragraph 228.

229.    Defendant denies the allegations of Paragraph 229.

230.    Defendant denies the allegations of Paragraph 230.

231.    Defendant denies the allegations of Paragraph 231, except admits that Chiquita's former Colombian subsidiary made extortion payments to the FARC.

232.    Paragraph 232 sets forth a legal assertion that does not require a response.  To the extent a response is required, Defendant denies the allegations of Paragraph 232.

**COUNT THREE**
**Providing Material Support to Terrorists in Violation of**
**18 U.S.C. § 2339A and in Violation of 18 U.S.C. § 2333(a)**

233.    Defendant repeats and realleges its responses to Paragraphs 1-233 of the Complaint, as if fully set forth herein.

234.    Defendant denies the allegations of Paragraph 234.

235.    Paragraph 235 sets forth a legal assertion that does not require a response.  To the extent a response is required, Defendant denies the allegations of Paragraph 235.

**COUNT FOUR**
**Wrongful Death of Mark Rich**

The Court dismissed Count 4 in its February 4, 2010 order and opinion.  Paragraphs 236 to 243 therefore do not require a response.

**COUNT FIVE**
**Wrongful Death of Charles David Mankins, Jr.**

The Court dismissed Count 5 in its February 4, 2010 order and opinion.  Paragraphs 244 to 251 therefore do not require a response.

## COUNT SIX
### Wrongful Death of Richard Lee Tenenoff

The Court dismissed Count 6 in its February 4, 2010 order and opinion.  Paragraphs 252 to 259 therefore do not require a response.

## COUNT SEVEN
### Wrongful Death of Stephen Welsh

260.     Defendant repeats and realleges its responses to Paragraphs 1-259 of the Complaint, as if fully set forth herein.

261.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 261.

262.     Paragraph 262 sets forth the purported purpose of the complaint and does not require a response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 262.

263.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 263.

264.     Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 264.

265.     Defendant denies the allegations of Paragraph 265.

266.     Defendant denies the allegations of Paragraph 266.

267.     Paragraph 267 sets forth a legal assertion that does not require a response.  To the extent a response is required, Defendant denies the allegations of Paragraph 267.

## COUNT EIGHT
### Wrongful Death of Timothy Van Dyke

The Court dismissed Count 8 in its February 4, 2010 order and opinion.  Paragraphs 268 to 275 therefore do not require a response.

## COUNT NINE
### Aiding and Abetting Wrongful Death of Mark Rich

The Court dismissed Count 9 in its February 4, 2010 order and opinion.  Paragraphs 276 to 284 therefore do not require a response.

## COUNT TEN
### Aiding and Abetting Wrongful Death of Charles David Mankins, Jr.

The Court dismissed Count 10 in its February 4, 2010 order and opinion.  Paragraphs 285 to 293 therefore do not require a response.

## COUNT ELEVEN
### Aiding and Abetting Wrongful Death of Richard Lee Tenenoff

The Court dismissed Count 11 in its February 4, 2010 order and opinion.  Paragraphs 294 to 302 therefore do not require a response.

## COUNT TWELVE
### Aiding and Abetting Wrongful Death of Stephen Welsh

303.    Defendant repeats and realleges its responses to Paragraphs 1-302 of the Complaint, as if fully set forth herein.

304.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 304.

305.    Paragraph 305 sets forth the purported purpose of the complaint and does not require a response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 305.

306.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 306.

307.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 307.

308.    Defendant denies the allegations of Paragraph 308.

309.    Defendant denies the allegations of Paragraph 309.

310.    Defendant denies the allegations of Paragraph 310.

311.    Paragraph 311 sets forth a legal assertion that does not require a response.  To the

extent a response is required, Defendant denies the allegations of Paragraph 311.

**COUNT THIRTEEN**
**Aiding and Abetting Wrongful Death of Timothy Van Dyke**

The Court dismissed Count 13 in its February 4, 2010 order and opinion.  Paragraphs 312

to 320 therefore do not require a response.

**COUNT FOURTEEN**
**False Imprisonment of Mark Rich, Charles David Mankins, Jr.,**
**Richard Lee Tenenoff, Stephen Welsh and Timothy Van Dyke**

The Court dismissed Count 14 in its February 4, 2010 order and opinion.  Paragraphs 321

to 327 therefore do not require a response.

**COUNT FIFTEEN**
**Aiding and Abetting False Imprisonment of Mark Rich, Charles David Mankins, Jr.,**
**Richard Lee Tenenoff, Stephen Welsh and Timothy Van Dyke**

The Court dismissed Count 15 in its February 4, 2010 order and opinion.  Paragraphs 328

to 333 therefore do not require a response.

**COUNT SIXTEEN**
**Intentional Infliction of Emotional Distress of**
**Mark Rich, Charles David Mankins, Jr., Richard Lee Tenenoff,**
**Stephen Welsh, and Timothy Van Dyke**

The Court dismissed Count 16 in its February 4, 2010 order and opinion.  Paragraphs 334

to 339 therefore do not require a response.

## COUNT SEVENTEEN
### Aiding and Abetting Intentional Infliction of Emotional Distress of
### Mark Rich, Charles David Mankins, Jr., Richard Lee Tenenoff,
### Stephen Welsh, and Timothy Van Dyke

The Court dismissed Count 17 in its February 4, 2010 order and opinion.  Paragraphs 340

to 345 therefore do not require a response.

## COUNT EIGHTEEN
### Negligent Infliction of Emotional Distress of
### Mark Rich, Charles David Mankins, Jr., Richard Lee Tenenoff,
### Stephen Welsh, and Timothy Van Dyke

The Court dismissed Count 18 in its February 4, 2010 order and opinion.  Paragraphs 346

to 354 therefore do not require a response.

## COUNT NINETEEN
### Intentional Infliction of Emotional Distress of
### Tania Julin, Nancy Hamm, Patricia Labutes, Sandra Welsh, Lorraine Van Dyke,
### Connie M. Tenenoff, Dora Tenenoff Poarch, Richard Lee Tenenoff II, Katrina Van Dyke,
### Jackie Van Dyke, Tracey Whidden, Timothy Van Dyke, Clifford Van Dyke,
### Nancy D. Jenson, Mary A. Bowens, Tamra Rich, Jessica Rich, Chad David Mankins,
### Sarah Elizabeth Skees, George Welsh, Jr., George Welsh, Sr., Mildred Welsh,
### and Betty A. Wretling

The Court dismissed Count 19 in its February 4, 2010 order and opinion.  Paragraphs 355

to 359 therefore do not require a response.

## COUNT TWENTY
### Aiding and Abetting Intentional Infliction of Emotional Distress on
### Tania Julin, Nancy Hamm, Patricia Labutes, Sandra Welsh, Lorraine Van Dyke,
### Connie M. Tenenoff, Dora Tenenoff Poarch, Richard Lee Tenenoff II, Katrina Van Dyke,
### Jackie Van Dyke, Tracey Whidden, Timothy Van Dyke, Clifford Van Dyke,
### Nancy D. Jenson, Mary A. Bowens, Tamra Rich, Jessica Rich, Chad David Mankins,
### Sarah Elizabeth Skees, George Welsh, Jr., George Welsh, Sr., Mildred Welsh,
### and Betty A. Wretling

The Court dismissed Count 20 in its February 4, 2010 order and opinion.  Paragraphs 360

to 364 therefore do not require a response.

**COUNT TWENTY ONE**
**Assault on Plaintiffs Tania Julin, Nancy Marie Hamm, Patricia Labutes,**
**Sandra K. Welsh, Lorraine Van Dyke, Connie M. Tenenoff, Richard Lee Tenenoff II,**
**Katrina Van Dyke, Tracey Whidden and Timothy Van Dyke**

The Court dismissed Count 21 in its February 4, 2010 order and opinion.  Paragraphs 365

to 369 therefore do not require a response.

**COUNT TWENTY TWO**
**Aiding and Abetting Assault on Plaintiffs Tania Julin, Nancy Marie Hamm,**
**Patricia Labutes, Sandra K. Welsh, Lorraine Van Dyke, Connie M. Tenenoff, Richard Lee**
**Tenenoff II, Katrina Van Dyke, Tracey Whidden and Timothy Van Dyke**

The Court dismissed Count 22 in its February 4, 2010 order and opinion.  Paragraphs 370

to 374 therefore do not require a response.

**COUNT TWENTY THREE**
**False Imprisonment of Tania Julin, Nancy Marie Hamm, Patricia L. Labutes,**
**Sandra K. Welsh, Lorraine Van Dyke, Connie M. Tenenoff, Richard Lee Tenenoff II,**
**Katrina Van Dyke, Tracey Whidden, and Timothy C. Van Dyke**

The Court dismissed Count 23 in its February 4, 2010 order and opinion.  Paragraphs 375

to 380 therefore do not require a response.

**COUNT TWENTY FOUR**
**Aiding and Abetting False Imprisonment of Tania Julin, Nancy Marie Hamm,**
**Patricia L. Labutes, Sandra K. Welsh, Lorraine Van Dyke, Connie M. Tenenoff, Richard**
**Lee Tenenoff II, Katrina Van Dyke, Tracey Whidden and Timothy C. Van Dyke**

The Court dismissed Count 24 in its February 4, 2010 order and opinion.  Paragraphs 381

to 386 therefore do not require a response.

**AS TO THE PRAYER FOR RELIEF**

In response to the "WHEREFORE" clause on page 63 of the Complaint, Defendant

denies that Plaintiffs are entitled to any relief whatsoever.

Except to the extent expressly admitted above, Defendant denies each and every

allegation in the Complaint.

28

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' complaint fails to state a claim upon which relief may be granted.

2.      This Court lacks subject matter jurisdiction over Plaintiffs' state law claims because the parties are not of diverse citizenship.

3.      Plaintiffs' claims are barred by the applicable statutes of limitations.

4.      Plaintiffs' claims are barred by the doctrine of laches.

5.      Plaintiffs' claims are barred by the doctrine of waiver.

6.      Plaintiffs' claims are barred by the doctrine of estoppel.

7.      Plaintiffs have failed to exhaust remedies available to them in Colombia.

8.      Plaintiffs lack standing or capacity under applicable law to bring these claims.

9.      Plaintiffs suing in a representative capacity lack standing or capacity under applicable law to bring these claims on behalf of the deceased.

10.      Plaintiffs' claims for wrongful death are barred to the extent that any Plaintiffs or anyone else has brought any other action for damages related to the alleged decedents' deaths.

11.      Plaintiffs' claims must be dismissed because of the nonjoinder of indispensable parties alleged to have caused Plaintiffs' and decedents' injuries.

12.      Insofar as Defendant may be held liable for any of the Plaintiffs' claims, any such liability shall be reduced or eliminated under the principles of indemnity, contribution, or comparative fault.

13.      Plaintiffs claims are barred, in whole or in part, because of Plaintiffs' or decedents' own contributory negligence.

14.      Plaintiffs' putative recoveries are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

15.     Plaintiffs and the decedents assumed the risk of injury or death in connection with the events described in the Complaint.

16.     Defendant's actions or omissions did not cause the injuries or other harms claimed by Plaintiffs in this case.

17.     To the extent that Plaintiffs and decedents are found to have suffered the harms alleged in the Complaint, those harms were caused by persons or entities other than Defendant.

18.     Defendant had no prior knowledge of the acts of the assailants that are alleged to have caused Plaintiffs' and decedents' injuries, nor was the commission of any such acts Defendant's intent.

19.     Defendant cannot fully and fairly defend itself in this suit based on lack of access to evidence and information in Colombia in violation of Defendant's due process rights.

20.     Plaintiffs' federal claims are barred by due process principles, because Defendant lacked fair notice that the federal statutes relied on by Plaintiffs imposed liability for the conduct at issue.

21.     Plaintiffs' complaint raises nonjusticiable political questions.

22.     Plaintiffs' claims must be dismissed based on principles of international comity.

23.     The doctrine of *forum non conveniens* precludes adjudication of Plaintiffs' complaint in this forum.

24.     Defendant acted in its capacity as an employer pursuing the legitimate interests of safeguarding the well being and livelihood of its employees and independent contractors, and therefore its actions were justified, excused, and privileged.

25.     Plaintiffs' claims are barred because any alleged acts or omissions of Defendant were taken out of necessity or under duress.

26.     Plaintiffs' claims are barred because Defendant was extorted by the FARC.

27.     Plaintiffs' claims are barred because the alleged injuries resulted from a reasonable response to a threat that appeared to pose imminent harm to third persons.

28.     Plaintiffs' claims are barred because Defendant is a separate corporation from its former Colombian subsidiary, liable only for its own actions or omissions.

29.     Plaintiffs' state law claims are barred by due process principles, because Defendant lacked fair notice that the laws Nebraska would be applied to govern the conduct at issue.

30.     Plaintiffs state law claims are barred because the laws of Nebraska do not apply extraterritorially.

31.     Plaintiffs' state law claims are barred under the doctrine of federal supremacy over foreign affairs.

32.     Defendant does not and did not owe a duty to any of the Plaintiffs or decedents in this case.

33.     Defendant did not hire, select, retain, or employ the individuals who are alleged to have injured Plaintiffs or decedents.

34.     Assuming for the purpose of asserting this defense only that the individuals alleged to have harmed Plaintiffs and decedents were agents or employees of Defendant, such persons were acting outside the scope of their supposed employment or agency.

35.     Plaintiffs' claims for punitive damages are barred insofar as Plaintiffs seek to hold Defendant vicariously liable for any act or decision of another person.

36.     An award of punitive damages against defendant would be unconstitutional and in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

37.     An award of punitive damages against Defendant would violate the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

38.     Plaintiffs' claims for punitive damages are barred by the Commerce Clause of the U.S. Constitution because the allegations in the Complaint took place in interstate and foreign commerce, and the imposition of punitive damages on Defendant would unduly burden interstate or foreign commerce.

39.     Plaintiffs' request for declaratory relief is barred because Plaintiffs have complete and adequate remedies at law.

40.     Defendant reserves the right to assert additional defenses that become available or apparent during discovery and reserves the right to amend this answer to assert such defenses.

## <u>JURY DEMAND</u>

Defendants demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

WHEREFORE, Defendant requests that Plaintiffs' claims be dismissed and this Court award Defendant costs, attorneys' fees, and such other relief as is available.

Dated: February 18, 2010

Respectfully submitted,

_____/s/ Robert W. Wilkins_____

| | |
|---|---|
| Gregg H. Levy | Sidney A. Stubbs (Fla. Bar No. 095596) |
| John E. Hall | Robert W. Wilkins (Fla. Bar No. 578721) |
| Jenny R. Mosier | Christopher S. Rapp (Fla. Bar No. 0863211) |
| Fuad Rana | rwilkins@jones-foster.com |
| COVINGTON & BURLING LLP | JONES, FOSTER, JOHNSTON & STUBBS, |
| 1201 Pennsylvania Avenue, N.W. | P.A. |
| Washington, D.C.  20004 | 505 South Flagler Drive, Suite 1100 |
| Telephone: (202) 662-6000 | West Palm Beach, Florida 33401 |
| Fax: (202) 662-6291 | Telephone: (561) 659-3000 |
| | Fax: (561) 650-0412 |

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Telephone:  (212) 841-1000
Fax:  (212) 841-1010

*Counsel for Chiquita Brands International, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 18th day of February, 2010.  I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008 Joint Counsel List filed in accordance with the CMO.

By:        /s/ Robert W. Wilkins
                 Fla. Bar No. 578721
                 rwilkins@jones-foster.com