**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 08-MD-01916 (Marra/Johnson)**

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION

_____/

This Document Relates to:

ATS ACTIONS

_____/

ANGELA MARIA HENAO MONTES et al. v.
    CHIQUITA BRANDS INTERNATIONAL, INC.

Case No. 10-cv-60573

_____/

DOES 1-976 v. CHIQUITA BRANDS
    INTERNATIONAL, INC.

Case No. 10-cv-00404-RJL (D.D.C)

_____/


### <u>DEFENDANT'S CONSOLIDATED MOTION TO DISMISS COMPLAINTS</u>

Defendant Chiquita Brands International, Inc. ("Chiquita") hereby submits this

consolidated motion to dismiss the above-captioned complaints for lack of subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim

upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and S. D.

Fla. Local Rule 7.1

Plaintiffs in these two complaints seek to hold Chiquita responsible for the deaths or

injuries of 1,220 Colombian nationals who were allegedly killed or injured by persons associated

with the AUC (or "Autodefendas Unidas de Colombia," right-wing Colombian paramilitaries)

over a period of more than a decade.  They assert claims under the 200-year-old Alien Tort

Statute ("ATS"), 28 U.S.C. § 1350, the Torture Victim Protection Act ("TVPA"), 28 U.S.C. §

1350 note, and state tort law.

      For the reasons stated in the accompanying memorandum in support of this motion,

plaintiffs' complaints fail to state claims upon which relief can be granted and fail to assert a

proper basis for federal jurisdiction under the ATS.  Neither plaintiffs' claims for (i) providing

material support to a terrorist organization, nor their claims for (ii) indirect liability for over

1,200 separate extrajudicial killings, war crimes, and other purported international-law violations

meets the stringent conditions set forth by the Supreme Court in *Sosa v. Alvarez-Machain*, 542

U.S. 692, 732 (2004) and recent case law, to fall within the "narrow class" of offenses actionable

under the ATS.  Plaintiffs' claims that (iii) Chiquita is liable under domestic-law provisions such

as the TVPA or state tort law also fail because plaintiffs do not adequately plead the elements of

any of these claims, nor do they have standing to assert claims under state tort law.  Chiquita

therefore respectfully requests that the Court dismiss plaintiffs' complaints under Rule 12(b)(1)

and Rule 12(b)(6).

Dated: May 4, 2010

Gregg H. Levy
John E. Hall
Jonathan L. Marcus
Ann O'Connell
José E. Arvelo
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone: (202) 662-6000
Fax: (202) 662-6291

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Telephone:  (212) 841-1000
Fax:  (212) 841-1010

Respectfully submitted,

_____/s/ Robert W. Wilkins_____
Sidney A. Stubbs (Fla. Bar No. 095596)
Robert W. Wilkins (Fla. Bar No. 578721)
Christopher S. Rapp (Fla. Bar No. 0863211)
rwilkins@jones-foster.com
JONES, FOSTER, JOHNSTON & STUBBS, P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 659-3000
Fax: (561) 650-0412

*Counsel for Chiquita Brands International, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 4th day of May, 2010.  I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008 Joint Counsel List filed in accordance with the CMO.

By:      /s/ Robert W. Wilkins
Fla. Bar No. 578721
rwilkins@jones-foster.com