UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-01916-MD-Marra/Johnson

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN
TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

_____

This Document Relates to:

Case No.: 08-80508-Civ-Marra/Johnson

JOSE LEONARDO LOPEZ
VALENCIA, *et al.*

       Plaintiffs,

vs.

CHIQUITA BRANDS INTERNATIONAL,
INC., a New Jersey corporation; MOE
CORPORATIONS 1–10; MOES 11-25,

       Defendants.
_____/

## VALENCIA PLAINTIFFS' SEPARATE RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Plaintiffs, Jose Leonardo Lopez Valencia, *et al.* (the "Valencia plaintiffs"), file this separate response to Defendant's[1] Memorandum in Support of Consolidated Motion to Dismiss Complaints ("Def. Memo.") (D.E. 295) to address Chiquita's challenge to the torts alleged in Claims for Relief X - XV of our Second Amended Complaint ("*Valencia Second Compl.*") (D.E. 284).

Chiquita urges dismissal arguing the claims were: 1) improperly pled; and 2) time-barred. Regarding the first challenge, the Valencia plaintiffs incorporate by reference the Montes

---

[1]     Defendant Chiquita Brands International, Inc. will be referred to as "Chiquita."

Plaintiffs' Separate Opposition to Defendant's Consolidated Motion to Dismiss that addresses the adequacy of the state tort allegations under Ohio law.

Regarding the second challenge, the torts alleged in Claims for Relief X –XV of our Second Amended Complaint are not time-barred because of equitable tolling. Florida conflict-of-laws rules require application of Ohio law on equitable tolling. Ohio law allows these claims. It does so for the same reasons this Court allowed the Nebraska Wrongful Death and Aiding and Abetting Wrongful Death claims in the *Julin* case, *In re Chiquita Brands Intern., Inc. Alien Tort Statute and Shareholder Derivative Litigation*, --- F.Supp.2d ----, 2010 WL 432426, * 17 S.D.Fla., February 04, 2010 (NO. 08-20641-CIV-KAM, 08-01916-MD) (D.E. 278).

I. **THE "SIGNIFICANT RELATIONSHIP" TEST MANDATES THAT FOREIGN SUBSTANTIVE LAW, INCLUDING STATUTES OF LIMITATIONS, APPLIES TO THE TORT CLAIMS**

Despite the filing of this action in Florida and its consolidation in the Southern District of Florida, little if any relationship exists between the acts alleged in the Second Amended Complaint and the State of Florida. Absent equitable tolling or related doctrine, most of the non-federal claims would be barred by Florida and most foreign statutes of limitations. Florida restricts equitable tolling to eight circumstances not applicable here, §95.051(1), Fla. Stat., whereas other places allow it. Florida law therefore conflicts with the broad equitable tolling allowed in Ohio or applicable jurisdictions, explained below, creating a conflict of law.

Thirty years ago Florida abandoned the *lex loci delicti* rule, and adopted the more flexible "significant relationship test" in choosing which foreign law applies. *Bishop v. Florida Specialty Paint Company*, 389 So.2d 999, 1000 (Fla.1980) ("the rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with

respect to that issue, has the most significant relationship to the occurrence and the parties.") (adopting the test from Restatement (Second) of Conflict of Laws §§ 145, 146 (1971)).

In considering which state was the place with the most significant relationship, the *Bishop* court considered the following factors: 1) where the injury occurred; 2) where the conduct occurred causing the injury; 3) domicile, residence, nationality, place of incorporation, and place of business of the parties; and 4) where the relationship, if any, between the parties is centered. *Id.* at 1001. Here, Florida would apply the substantive law of Ohio (from where Chiquita authorized the payments), New Jersey (where Chiquita is incorporated), or Colombia (where the injuries occurred).

In Florida, "statutes of limitations are to be treated as substantive law and thus are subject to the significant relationship test in determining which state's statute of limitations applies, not which state's entire body of law applies." *Fulton County Admin. v. Sullivan*, 753 So.2d 549, 553 (Fla.1999). Thus, if Ohio, New Jersey, or Colombian substantive law governs, Florida choice of law rules would likewise apply their respective statutes of limitations. See, *Merkle v. Robinson*, 737 So.2d 540, 542-43 (Fla. 1999); *Fulton County Admin., supra.; Bates v. Cook, Inc.*, 509 So.2d 1112, 1114-15 (Fla.1987). See also, *Grupo Televisa, S.A. v. Telemundo Comm. Group, Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007) (even though the acts leading to the allegedly offensive conduct occurred in Florida, other contacts favored the application of Mexican law).[2]

---

[2] The Julin plaintiffs did not cite Bishop, supra. or Fulton County, supra., or otherwise argue that Florida's "significant relationship test" required application of Ohio, New Jersey or Colombian law allowing for equitable tolling under circumstances like those alleged here. If this Court decides to apply New Jersey or Colombian law, the Valencia plaintiffs incorporate by reference the New Jersey Plaintiffs' Separate Response in Opposition to Defendant's Motion to Dismiss Amended Complaint that addresses the adequacy of the tort allegations under New Jersey or Colombian law, which shows why these claims are not time barred under New Jersey or Colombian law and that addresses the adequacy of the state tort allegations under New Jersey or Colombian law. See also, Valencia Plaintiffs' Separate Response

## II. FOREIGN LAW ON STATUTES OF LIMITATIONS

### A. The Valencia plaintiffs' claims are equitably tolled under Ohio law because of Chiquita's concealment

As argued in plaintiffs' Consolidated Response, the Valencia plaintiffs are entitled to equitable tolling on the basis of the civil conflict in Colombia. See *Arce, et al. v. Garcia and Vides-Casanova*, 434 F.3d 1254 (11th Cir.2006). In addition, their common law claims are entitled to equitable tolling under Ohio law because they were unaware until after most statutes of limitations had run of Chiquita's identity as well as its role financing, supporting, and employing the AUC. As alleged in the Second Amended Complaint, Chiquita did significantly more than not disclose its role causing Plaintiffs' injuries; it actively concealed its role.

Only in March of 2007 when Chiquita pled guilty to engaging in terrorism-related crimes with the AUC did Plaintiffs become aware of Chiquita's role. *Valencia Second Compl.* ¶ 845. Upon learning this, Plaintiffs promptly filed suit. Prior to this time, Chiquita had not publicly disclosed the relevant information—that it was financing the AUC during the time period when the decedents were killed. In fact, Chiquita paid the AUC in cash to conceal any money trail. *Valencia Second Compl.*, ¶ 844.

### B. Ohio law controls here and it allows tolling until the injured party knows of the injuring party's conduct

Ohio's statute of limitations for negligence, loss of consortium, and most torts is four years, Ohio Rev. Code § 2305.09(D), and two years for wrongful death. Ohio Rev. Code § 2125.02. However, if an injured party, despite the exercise of due diligence, does not know of an injury or its cause, the "Discovery Rule" tolls the running of the applicable statute of limitations until the injured party knows or reasonably should know that he or she has been injured by the

---

in Opposition to Defendant's Motion to Dismiss Amended Complaint (D.E. 110) which shows why these claims are not time barred under Florida law and why the state torts are adequately pled under Florida law.

conduct of another party. *Collins v. Sotka*, 152 L. Ed. 2d 331, 81 Ohio St. 3d 506, 692 N.E.2d 581 (1998) (tolling statute of limitations for wrongful death claim based upon the discovery rule; the statute of limitations begins to run on the date the victim's survivors discover, or should have discovered, that the defendant has been convicted and sentenced for the murder); *Investors REIT One v. Jacobs*, 46 Ohio St. 3d 176, 546 N.E.2d 206 (1989) (tolling statute of limitations for general negligence based upon the discovery rule); *Biro v. Hartman Funeral Home*, 107 Ohio App. 3d 508, 669 N.E.2d 65 (8th Dist. Cuyahoga County 1995) (tolling statute of limitations for intentional infliction of emotional distress until the emotional impact from the injury was felt).

### C. Chiquita's involvement with, and aid to, the AUC requires tolling

Only after Chiquita's guilty plea and disclosure of financing the AUC did the plaintiffs learn of Chiquita's role during the time the decedents were killed. *Valencia Second Compl.* ¶ 845. Moreover, Chiquita failed to disclose and, in fact, actively concealed its role in causing Plaintiffs' injuries. Ignoring advice of counsel that its actions were illegal, Chiquita continued to pay the AUC. *Valencia Second Compl.* ¶¶ 189-90. Despite seeking advice from outside counsel, Chiquita did not publicly disclose its role in causing plaintiffs' injuries. Later in 2003, Chiquita disclosed its role to the Department of Justice. It continued hiding vital information from Plaintiffs and the public, including its involvement in the illegal transfer of arms to the AUC, *Valencia Second Compl.* ¶¶ 185-86, 844-45, which was also a substantial factor in causing Plaintiffs' injuries. It directly strengthened and supported the AUC, as well as the relationship between Chiquita and the AUC. *Valencia Second Compl.* ¶¶ 192-98.

Under these circumstances, tolling, estoppel or delayed-discovery-accrual is required.

Respectfully submitted,

s/James K. Green
**JAMES K. GREEN, P.A.**
Florida Bar No. 229466
Esperantè, Suite 1650
222 Lakeview Avenue
West Palm Beach, Florida 33401
Telephone: 561.659.2029
Facsimile: 561.655.1357

and

Jack Scarola, Esq.
Florida Bar No: 169440
William B. King, Esq.
Florida Bar No: 0181773
**SEARCY DENNEY SCAROLA
 BARNHART & SHIPLEY, P.A.**
2139 Palm Beach Lakes Blvd.
P.O. Drawer 3626
West Palm Beach, FL 33402
800.780.8607 (toll free)
Telephone: 561.686.6300
Facsimile: 561.478.0754

**COUNSEL FOR VALENCIA PLAINTIFFS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record listed below and all counsel in the MDS proceedings either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

John E. Hall, Esq.
Jenny Mosier, Esq.
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.662.6000
Facsimile: 202.662.6291

Sidney S. Stubbs, Esq.
Robert W. Wilkins, Esq.
Christopher S. Rapp, Esq.
JONES FOSTER JOHNSTON
   & STUBBS, P.A.
505 South Flagler Dr. Ste. 1100
West Palm Beach, FL 33401
Telephone: 561.659.3000
Facsimile: 561.650.0412

*Counsel for Defendant Chiquita Brands International, Inc.*

By: <u>s/James K. Green</u>
    James K. Green