UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC., ALIEN TORT
STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

_____

This Document Relates To:

    DERIVATIVE ACTIONS.

_____ /


STIPULATION AND AGREEMENT OF SETTLEMENT


572651_1

No. 08-01916-MD-MARRA/JOHNSON

This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of April 19, 2010, is made and entered into pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and contains the terms of a settlement (the "Settlement") among: (i) Chiquita Brands International, Inc. ("Chiquita" or the "Company") through the Special Litigation Committee of the Board of Directors of Chiquita (the "SLC"), (ii) the Individual Defendants (defined below), and (iii) City of Philadelphia Public Employees Retirement System, Henry Taylor, the Sheet Metal Workers Local #218(S) Pension Fund, and the Service Employees International Union (on behalf of themselves and derivatively on behalf of Chiquita) (collectively, "Plaintiffs"), each by and through their respective counsel (together with Chiquita, the "Settling Parties").

The Stipulation is intended by the Plaintiffs and Chiquita to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below) upon and subject to the terms and conditions hereof.

## I.    THE DERIVATIVE ACTION

In October and December of 2007 and January of 2008, certain shareholders of the Company filed four shareholder derivative lawsuits in various U.S. District Courts, captioned (i) *City of Philadelphia Public Employees Retirement System, derivatively on behalf of Chiquita Brands International, Inc. v. Aguirre, et al.*, Case No. 1:07-cv-851 (S.D. Ohio), (ii) *Sheet Metal Workers Local #218(S) Pension Fund, derivatively on behalf of Chiquita Brands International, Inc. v. Hills, et al.*, Case No. 1:07-cv-01957 (D.D.C.), (iii) *Henry Taylor, derivatively on behalf of Chiquita Brands International, Inc. v. Aguirre, et al.*, Case No. 3:07-cv-06002-FLW-JJH (D.N.J.), and (iv) *Hawaii Annuity Trust Fund for Operating Engineers, derivatively on behalf of Chiquita Brands International, Inc. v. Hills, et al.*, Civil No. 1:08-cv-00081-PLF (D.D.C.).

- 1 -

No. 08-01916-MD-MARRA/JOHNSON

By Orders dated February 20 and 27, 2008, the U.S. Judicial Panel on Multidistrict Litigation transferred the above-described shareholder derivative lawsuits (together with certain other lawsuits that are not the subject of this Stipulation) to the U.S. District Court for the Southern District of Florida (the "Court") for pre-trial purposes. These cases are currently centralized for pre-trial purposes before Judge Kenneth Marra and captioned *In re: Chiquita Brands International, Inc. Alien Tort Statute and Derivative Litigation*, No. 08-01916-Marra/Johnson (the "Derivative Litigation").

In December of 2007, the Service Employees International Union filed a shareholder derivative lawsuit in the Ohio Court of Common Pleas captioned *Serv. Employees Int'l Union, derivatively on behalf of Chiquita Brands International, Inc. v. Hills, et al.*, No. A07-11383 (Ct. of Common Pleas, Hamilton County Ohio) (the "Ohio Action"). By Order entered February 26, 2008, the court in the Ohio Action stayed the Ohio Action pending resolution of the Derivative Litigation.

By order dated August 12, 2008, the Court appointed the law firms of Coughlin, Stoia, Geller, Rudman & Robbins LLP and Cohen, Placitella & Roth, P.C. as co-lead counsel in the Derivative Litigation ("Co-Lead Counsel").

On September 11, 2008, Plaintiffs filed a verified consolidated shareholder derivative complaint (the "Amended Complaint") in the Derivative Litigation. The Amended Complaint asserts two causes of action on behalf of Chiquita, breach of fiduciary duty and corporate waste, and asserts those claims against twenty-six (26) current and former Chiquita directors and officers. There are no wrongful acts alleged, claims asserted, or defendants named in the Ohio Action that are not alleged, asserted, and named, respectively, in the Amended Complaint.

The allegations in the Amended Complaint arise principally out of payments made by Chiquita's Colombian subsidiary, C.I. Bananos de Exportación S.A. ("Banadex"), to left-wing

- 2 -

572651_1

No. 08-01916-MD-MARRA/JOHNSON

guerrilla and right-wing paramilitary groups, including the Fuerzas Armadas Revolucionarias de Colombia, or the Revolutionary Armed Forces of Colombia, known as the "FARC," and the Autodefensas Unidas de Colombia, or the United Self-Defenses of Colombia, known as the "AUC," from approximately 1989 through January 2004 (the "Colombia Payments").

In response to the filing of the Derivative Litigation and the filing of two substantially similar state court actions (the Ohio Action and Hawaii Annuity Trust Fund for Operating Engineers v. Hills, et al., No. c-379-07 (N.J. Super Ct. Ch. Div.)), on April 3, 2008, the Chiquita Board of Directors adopted a resolution (the "Resolution"), which established the SLC. The Resolution delegated to the SLC the authority and power to investigate, review, and analyze the facts, allegations, and circumstances that are the subject of the Derivative Litigation and granted it "the full and exclusive authority to consider and determine whether or not the prosecution of the claims asserted in the Derivative Litigation or any other claims related to the facts, allegations, and circumstances of the Derivative Litigation is in the best interests of the Company and its shareholders, and what action the Company should take with respect thereto. . . ." The Resolution designated non-management Chiquita directors Howard W. Barker, Jr., William H. Camp, and Clare M. Hasler as members of the SLC.

From May 2008 through February 2009 the SLC, with the assistance of its independent counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, conducted a detailed and thorough factual and legal investigation in order to determine whether it is in the best interests of the Company and its shareholders to pursue, settle, or dismiss any or all of the claims asserted in the Amended Complaint. During that investigation, the SLC and its counsel conducted seventy interviews of relevant witnesses and reviewed more than 750,000 pages of documents. During the course of the SLC's

- 3 -

No. 08-01916-MD-MARRA/JOHNSON

investigation, the SLC provided Co-Lead Counsel the opportunity to provide input concerning the scope and direction of its investigation and periodically updated Co-Lead Counsel with respect to its factual findings through in-person and telephonic meetings.

Following the conclusion of its investigation and after considering the factual and legal merits of each claim against each of the Individual Defendants (defined below) alleged in the Derivative Litigation, the SLC, in the exercise of its business judgment, concluded that the Amended Complaint should be dismissed in its entirety. Consistent with that conclusion, on February 25, 2009, the SLC filed a motion to dismiss the Amended Complaint. Accompanying the SLC's motion to dismiss, the SLC filed a detailed written report of its investigation and conclusions (the "SLC Report"). The SLC's motion to dismiss remains pending before the Court.

On or before March 31, 2009, Plaintiffs in the Derivative Litigation and the SLC served certain discovery requests and agreed to a briefing schedule with respect to the SLC's motion to dismiss.

Following the filing of the SLC's motion to dismiss and the SLC Report, Plaintiffs and the SLC engaged in extensive discussions regarding a potential resolution of the Derivative Litigation. On October 5, 2009, the Settling Parties participated in a mediation before the Honorable Layn R. Phillips, a former United States District Judge, in an attempt to reach a settlement. Although a settlement was not reached at the mediation, following the mediation the Settling Parties continued to negotiate in good faith regarding a potential resolution of the Derivative Litigation and the Ohio Action.

- 4 -

No. 08-01916-MD-MARRA/JOHNSON

On December 23, 2009, the Parties entered into a Memorandum of Understanding pursuant to which they agreed to settle the Derivative Litigation and the Ohio Action, subject to execution of this Stipulation.

Plaintiffs and the SLC agree that it is in the best interests of Chiquita and its shareholders to settle the Derivative Litigation and Ohio Action on the terms described below (the "Settlement"), and the SLC believes that the Settlement, taken as a whole, including the payment of attorneys' fees and expenses of up to $4 million to Plaintiffs' counsel, is fair and reasonable and is in the best interests of Chiquita and its shareholders.

## II.   CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

The Plaintiffs believe that the claims asserted in the Derivative Litigation have merit. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Derivative Litigation against the Individual Defendants through trial and appeal.  Plaintiffs also recognize and acknowledge that the SLC's report sets forth a basis from which it could be concluded that the members of the SLC were independent and disinterested, investigated in good faith and with due care, that the SLC's conclusion that the claims asserted in the Derivative Litigation should be dismissed was reasonable, and that, as a result, the Court could have dismissed the Amended Complaint.  Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Derivative Litigation, as well as the difficulties and delays inherent in such litigation.  Plaintiffs also are mindful of the inherent problems of proof of, and possible defenses to, the violations asserted in the Derivative Litigation. Plaintiffs believe that the Settlement set forth in this Stipulation addresses many of the issues raised

572651_1

No. 08-01916-MD-MARRA/JOHNSON

in the Derivative Litigation and the Ohio Action and confers substantial benefits upon, and is in the best interests of, Chiquita and its shareholders.

## III.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs, derivatively on behalf of Chiquita, the Individual Defendants and Chiquita (through the SLC), by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Derivative Litigation, the Ohio Action, and the Released Claims, shall be finally and fully compromised, settled and released, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.   Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Chiquita" means Chiquita Brands International, Inc.

1.2    "Co-Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP (now known as Robbins Geller Rudman & Dowd LLP), Keith F. Park, Arthur C. Leahy, 655 W. Broadway, Suite 1900, San Diego, California 92101 and Cohen, Placitella & Roth, P.C., Stewart L. Cohen, Two Commerce Square, Suite 2900, 2001 Market Street, Philadelphia, PA 19103.

1.3    "Chiquita Shareholder" means any person who owned Chiquita common stock as of or at any point prior to April 19, 2010.

1.4    "Effective Date" means the first date by which all of the events and conditions specified in ¶5.1 of the Stipulation have been met and have occurred.

1.5    "Final" means: (i) if no appeal is filed, that the applicable time for the filing or noticing of any appeal from the Judgment has expired; or (ii) if an appeal is filed, that (a) the Judgment (as defined below), has been finally affirmed on appeal or that the appeal has been dismissed, and (b) that the time within which to petition for rehearing, rehearing en banc, and for a

writ of certiorari to review the Judgment has expired or all such petitions have been denied or, if a petition for a writ of certiorari is granted, that the Judgment has been affirmed pursuant to that grant.

1.6    "Individual Defendants" means Fernando Aguirre, Morten Arntzen, Howard W. Barker, Jr., Jeffrey D. Benjamin, John W. Braukman III, Robert W. Fisher, Cyrus Freidheim, Jr., Dr. Clare M. Hasler, Roderick M. Hills, Durk I. Jager, Robert F. Kistinger, Warren J. Ligan, Carl H. Lindner, Keith E. Lindner, Rohit Manocha, Robert W. Olson, James B. Riley, Fred J. Runk, Jamie Serra, Steven P. Stanbrook, Gregory C. Thomas, William A. Tsacalis, William W. Verity, Oliver W. Waddell, Steven G. Warshaw, and Jeffrey M. Zalla.

1.7    "Judgment" means the final judgment to be rendered by the Court in the Derivative Litigation, substantially in the form attached hereto as Exhibit B.

1.8    "Nominal Defendant" means Chiquita.

1.9    "Person" means an individual, corporation, limited liability company, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.10    "Related Parties" means any Individual Defendant's, Chiquita's or the SLC's respective predecessors, successors, parents, subsidiaries, affiliates and agents (including, without limitation, any investment bankers, accountants, auditors, insurers, reinsurers or attorneys and any past, present or future officers, directors and employees of Chiquita, their predecessors, successors, parents, subsidiaries, affiliates, agents, and their subsidiaries, affiliates and agents).

1.11    "Released Claims" means all known and unknown claims, rights and causes of action for damages, injunctive relief, or any other legal or equitable remedies against the Released Persons which have been or could have been asserted by any current or former Chiquita shareholder derivatively on behalf of the Company, based upon, arising from, or related to the conduct at issue in

- 7 -

No. 08-01916-MD-MARRA/JOHNSON

the Derivative Litigation, including, without limitation, any allegations of breach of fiduciary duty or corporate waste arising from the Colombia Payments, the sale of Banadex, the guilty plea entered into by Chiquita in March 2007, Chiquita's acquisition and sale of Atlanta AG, the payment of severance and/or compensation to the Individual Defendants or any other individual alleged to have been involved in any of the conduct at issue, or Chiquita's public disclosures regarding any of the conduct at issue in the Derivative Litigation.

1.12   "Released Persons" means the Individual Defendants, Chiquita, the SLC (which is comprised of William H. Camp, Howard W. Barker, Jr. and Dr. Clare Hasler) and their Related Parties.

1.13   "Unknown Claims" means any Released Claims which the Plaintiffs, Chiquita Shareholders, or Chiquita do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with, and release of, the Released Persons or might have affected his, her or its decision not to object to this Settlement.

**2.      The Settlement**

**a.      Corporate Governance**

2.1   Plaintiffs and the SLC have reached agreement regarding certain corporate governance and compliance changes, as set forth in Exhibit C hereto (the "Governance and Compliance Changes"). In connection with the Settlement, except as otherwise specified herein and in Exhibit C hereto, the Company shall, within one hundred eighty (180) days of the Effective Date, adopt the Governance and Compliance Changes. The SLC acknowledges that the pendency of the Derivative Litigation and negotiations with Co-Lead Counsel caused the Governance and Compliance Changes and that the Governance and Compliance Changes constitute a substantial benefit to Chiquita.

- 8 -

572651_1

No. 08-01916-MD-MARRA/JOHNSON

### b. Presentation to Chiquita's Board of Directors

2.2     Co-Lead Counsel will be allowed to make a presentation to the full Board on two further governance and compliance changes proposed by Co-Lead Counsel: (i) separation of the Chief Executive and Chairman roles at the Company, and (ii) the institution of majority voting in contested director elections. The presentation will take place before the Effective Date, unless the Parties are unable to coordinate such a presentation before that time.

### c. Discovery

2.3     The SLC will provide to Co-Lead Counsel the following discovery: (i) one deposition of an SLC member; (ii) all documents cited in the SLC Report; (iii) all memoranda of interviews conducted by the SLC and its counsel during the course of its investigation; and (iv) all minutes of SLC meetings, in order for Plaintiffs to confirm the fairness and reasonableness of the Settlement. After having had the opportunity to review the foregoing documents, Co-Lead Counsel may request, and upon such request the SLC shall provide, copies of (i) the Company's insurance policies that cover claims alleged in the actions brought against the Company under the Alien Tort Statute, 28 U.S.C. §1350, or the Antiterrorism Act, 18 U.S.C. §2333, that have been centralized in this Court along with the Derivative Litigation (the "ATS Litigation"), (ii) all pleadings filed in the case captioned *Chiquita Brands Int'l, Inc. v. Federal Ins. Co. et al.*, Case No. A0808934 (Ct. Common Pleas, Hamilton County Ohio), and (iii) all coverage correspondence between the Company and its insurance carriers regarding coverage of the claims alleged against the Company in the ATS Litigation (all discovery referred to in this paragraph is defined as the "Settlement Related Discovery"). The Settlement Related Discovery shall be provided pursuant to a protective order entered by the Court pursuant to Federal Rule of Evidence 502(d). No discovery other than the Settlement Related Discovery as described in this paragraph shall be taken. In addition, the Settlement Related Discovery (including the deposition described above) shall be provided pursuant

to the confidentiality agreement, dated November 11, 2008, entered into between the SLC and plaintiffs in the Derivative Litigation (the "Confidentiality Agreement").

### d.   Dismissal of Ohio Action

2.4    Within ten days following the Effective Date of the Settlement, plaintiff in the Ohio Action shall petition the court to dismiss the Ohio Action with prejudice and without costs to any party on the expressly-stated grounds that the Court's approval of the Settlement under Federal Rule of Civil Procedure 23.1 is binding on all current and former Chiquita shareholders, including without limitation the Service Employees International Union.  The notice of the proposed Settlement provided to Chiquita shareholders shall include a provision setting forth that the plaintiff in the Ohio Action will be petitioning the court to dismiss that case following the Effective Date of the Settlement and no separate notice shall be required in connection with dismissal of the Ohio Action.

### e.   Attorneys' Fees & Expenses

2.5    The Settling Parties agree that Chiquita, or any successor in interest, and/or Federal Insurance Company will pay or cause to be paid to Plaintiffs' counsel a sum of up to $4,000,000.00 as ordered by and subject to the approval of the Court, in full settlement of Plaintiffs' claim for attorneys' fees and expenses (referred to herein as the "Fee and Expense Award").  Plaintiffs and Plaintiffs' counsel agree that they will not request that the Court approve payment of attorneys' fees and expenses, or reimbursement or compensation for any other costs or expenses, in excess of $4,000,000.00, as provided for in this Paragraph, both in the Court and on any appeal.  Defendants agree not to oppose Plaintiffs' counsel's request for such approval in an amount not exceeding $4,000,000.00, both in the Court and on any appeal.  Provided that no person objects to the Settlement before the Court, the payment of the Fee and Expense Award to Plaintiffs' counsel, as approved by the Court, will be made via wire transfer to a joint account controlled by Co-Lead Counsel within ten (10) business days after the Court's entry of an order dismissing the Derivative Litigation with prejudice.  Any such payment shall be made subject to Co-Lead Counsel's joint and

several obligations to make refunds or repayment to Chiquita (or any successor interest), or Federal Insurance Company (if applicable), if any specified condition to the Stipulation is not satisfied or, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, any dismissal order is reversed or the fee or costs award is reduced or reversed in any respect. If any objections to the Settlement are filed with the Court, the payment of the Fee and Expense Award to Plaintiffs' counsel, as approved by the Court, will be made within ten (10) business days after the Effective Date of the Settlement via wire transfer to a joint account controlled by Co-Lead Counsel. Payment by or on behalf of Chiquita (or any successor in interest) and/or Federal Insurance Company of the Fee and Expense Award as set forth herein to Plaintiffs' counsel shall discharge in full any obligation of Defendants to pay attorneys' fees or expenses to Plaintiffs' counsel. The failure of the Court to approve the agreed to attorneys' fees and expenses, in whole or in part, shall have no effect on the Settlement set forth in the Stipulation. The Settling Parties negotiated the provisions herein related to the Fee and Expense Award after they agreed to other substantive terms of this Stipulation.

### 3.    Preliminary Approval, Notice Order and Settlement Hearing

3.1     Within thirty (30) days of the execution of this Stipulation by all parties hereto, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval pursuant to Federal Rule of Civil Procedure 23.1 of the settlement set forth in the Stipulation, and approval for the mailing and publication of the settlement notices (the "Notice of Proposed Settlement" and the "Summary Notice"), substantially in the forms of Exhibits A-1 and A-2 attached hereto, respectively, which shall include the general terms of the Settlement set forth in the Stipulation, including the general terms of the attorneys' fees and expenses to be paid and the date of the Settlement Hearing as defined below. Notice of the Settlement shall be provided by Chiquita at Chiquita's, or any successor in interest's, and/or

Chiquita's D&O Insurer's expense, whether or not the Court approves the Settlement. Both parties shall use all reasonable efforts to complete Settlement Related Discovery within the thirty day period provided in this paragraph. In the event that Settlement Related Discovery is not completed within thirty days, that period shall be reasonably extended.

3.2     The Settling Parties shall request that after the notices are mailed and published, the Court hold a hearing (the "Settlement Hearing") to consider and determine whether an order approving the Settlement as fair, reasonable and adequate and a Judgment releasing all claims as discussed below should be entered, and that the Court thereafter approve the Settlement, including the payment of attorneys' fees and expenses, pursuant to Federal Rule of Civil Procedure 23.1.

**4.     Releases and Bar**

4.1     Upon the Effective Date, Chiquita, the Plaintiffs and all Chiquita Shareholders (solely in their capacity as Chiquita shareholders), on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against all of the Released Persons. Claims to enforce the terms of the Stipulation are not released.

4.2     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Plaintiffs and Plaintiffs' counsel, from all claims (including all Unknown Claims) relating to or arising out of or connected with the institution, prosecution, assertion, settlement or resolution of the Derivative Litigation and/or the Released Claims. Claims to enforce the terms of the Stipulation and the Confidentiality Agreement are not released.

4.3     With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs, Chiquita Shareholders, and Chiquita shall be deemed to

No. 08-01916-MD-MARRA/JOHNSON

have, and by operation of the Judgment shall have, waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Plaintiffs, Chiquita Shareholders, and Chiquita shall be deemed to have, and by operation of the Judgment shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Plaintiffs, Chiquita Shareholders, and Chiquita may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Released Claims but the Plaintiffs, Chiquita Shareholders, and Chiquita upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiffs, Chiquita Shareholders, and Chiquita shall be deemed by operation of the Judgment to have acknowledged that the foregoing waivers were separately bargained for and are key elements of the Settlement of which this release is a part.

No. 08-01916-MD-MARRA/JOHNSON

**5.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

5.1     This Stipulation, the Settlement and the Effective Date shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Notice Order, as required by ¶3.1, above and the same has been complied with;

(b)     the Court has entered the Judgment substantially in the form of Exhibit B attached hereto; and

(c)     the Judgment has become Final.

5.2     A condition of this Stipulation is that the Stipulation and Settlement shall be approved by the Court under applicable provisions of federal law.  However, if: (a) the Court enters a judgment, but not the Judgment substantially in the form of Exhibit B; or (b) the Court enters the Judgment and appellate review is sought and on such review the Judgment is either materially modified or reversed; or (c) any of the conditions of ¶5.1 is not met or satisfied, this Stipulation shall be canceled and terminated unless Plaintiffs' counsel and Chiquita by and through counsel for the SLC (together with counsel for any of the Individual Defendants who is materially and adversely affected by any change or failure of the conditions set forth in ¶5.1(a), (b) or (c)), within ten (10) days from the receipt of such ruling or written notice of such circumstances, agree in writing to proceed with this Stipulation and Settlement.

5.3     In the event that the Stipulation or Settlement is not approved by the Court or the Settlement set forth in the Stipulation is terminated for any reason, the Settling Parties shall be restored to their respective positions in the Derivative Litigation and the Ohio Action as of December 22, 2009, and all negotiations, proceedings, documents prepared and statements made in

- 14 -

No. 08-01916-MD-MARRA/JOHNSON

connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter or proposition and, pursuant to Federal Rule of Evidence 408 and all analogous state laws, shall not be used in any manner or for any purpose in the Derivative Litigation, the Ohio Action or in any other action or proceeding. In such event, the terms and provisions of the Stipulation, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Derivative Litigation, the Ohio Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Co-Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

**6.    Miscellaneous Provisions**

6.1    The Settling Parties (a) acknowledge that it is their intent to consummate the terms and conditions of this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

6.2    Pending final approval of the Settlement by the Court, Plaintiffs shall not prosecute the Derivative Litigation or Ohio Action and the SLC shall not prosecute its motion to dismiss.

6.3    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes among them with respect to the Derivative Litigation and the Ohio Action. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. While the Individual Defendants deny that the claims advanced in the Derivative Litigation and the Ohio Action were meritorious, the Settling Parties agree and the Judgment will state, that the Derivative Litigation and the Ohio Action were filed,

- 15 -

572651_1

prosecuted and defended in good faith and in accordance with the Federal Rules of Civil Procedure as well as applicable Florida, Ohio, and New Jersey law, including Rule 11 of the Federal Rules of Civil Procedure, and are being settled voluntarily after consultation with competent legal counsel.

  6.4  Neither the Stipulation nor the Settlement, including any Exhibits attached hereto (including, but not limited to, the Corporate Governance policies set forth in Exhibit C attached hereto), nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Released Persons or Chiquita; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons or Chiquita in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Stipulation and/or the Judgment in related litigation as evidence of the Settlement, or in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

  6.5  All agreements made and orders entered during the course of the Derivative Litigation relating to the confidentiality of information shall survive this Stipulation.

  6.6  All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

  6.7  This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

  6.8  This Stipulation and the Exhibits attached hereto, constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation and the Exhibits, other than the representations, warranties and covenants contained and memorialized in such documents. The Stipulation supersedes and replaces

No. 08-01916-MD-MARRA/JOHNSON

any prior or contemporaneous writing, statement or understanding pertaining to the Derivative Litigation, including, but not limited to, the Memorandum of Understanding. Except as otherwise provided herein, all parties shall bear their own costs.

6.9    Counsel for the Settling Parties are expressly authorized by their respective clients to take all appropriate actions required or permitted to be taken pursuant to the Stipulation to effectuate its terms and conditions.

6.10    Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

6.11    The Stipulation may be executed in one or more counterparts. All executed counterparts including original, facsimile and portable document format email counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court by Co-Lead Counsel.

6.12    This Stipulation shall be binding upon, and inure to the benefit of, the Settling Parties and their respective successors, assigns, heirs, spouses, marital communities, executors, administrators and legal representatives.

6.13    Without affecting the finality of the Judgment entered in accordance with this Stipulation, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation and Judgment, and the Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and Judgment.

6.14    The waiver by any party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

6.15    The rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Jersey without giving effect to that State's choice of law principles.

- 17 -

No. 08-01916-MD-MARRA/JOHNSON

     6.16    Without further Order of the Court, the parties hereto may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

No. 08-01916-MD-MARRA/JOHNSON

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of April 19, 2010.

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
Florida Bar No. 984795
pgeller@rgrdlaw.com
DAVID J. GEORGE
Florida Bar No. 0898570
dgeorge@rgrdlaw.com
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
KEITH F. PARK
ARTHUR C. LEAHY
SAMANTHA A. SMITH
JULIE A. KEARNS


KEITH F. PARK

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

COHEN, PLACITELLA & ROTH, P.C.
STEWART L. COHEN
HARRY M. ROTH


STEWART L. COHEN

- 19 -

572651_1

No. 08-01916-MD-MARRA/JOHNSON

Two Commerce Square, Suite 2900
2001 Market Street
Philadelphia, PA  19103
Telephone: 215/567-3500
215/567-6019 (fax)

Co-Lead Counsel for Plaintiffs in the Derivative
Litigation

MOTLEY RICE LLC
JOSEPH F. RICE

_____
JOSEPH F. RICE

28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone: 843/216-9000
843/216-9450 (fax)

Attorneys for Service Employees International
Union

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
WILLIAM G. MCGUINNESS
DAVID B. HENNES

_____
WILLIAM G. MCGUINNESS

One New York Plaza
New York, NY  10004
Telephone: 212/859-8026
212/859-4000 (fax)

Attorneys for the Chiquita SLC

COVINGTON & BURLING LLP
JONATHAN M. SPERLING

- 20 -

No. 08-01916-MD-MARRA/JOHNSON

Two Commerce Square, Suite 2900
2001 Market Street
Philadelphia, PA 19103
Telephone: 215/567-3500
215/567-6019 (fax)

Co-Lead Counsel for Plaintiffs in the Derivative
Litigation

MOTLEY RICE LLC
JOSEPH F. RICE

_____
                    JOSEPH F. RICE

28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)

Attorneys for Service Employees International
Union

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
WILLIAM G. MCGUINNESS
DAVID B. HENNES

_____
WILLIAM G. MCGUINNESS
DAVID B. HENNES

One New York Plaza
New York, NY 10004
Telephone: 212/859-8026
212/859-4000 (fax)

Attorneys for the Chiquita SLC

COVINGTON & BURLING LLP
JONATHAN M. SPERLING

- 20 -

No. 08-01916-MD-MARRA/JOHNSON

_____
JONATHAN M. SPERLING

620 Eighth Avenue
New York, NY  10018
Telephone:  212/841-1000
212/841-1010 (fax)

Attorneys for Fernando Aguirre

ARNOLD & PORTER LLP
ELISSA J. PREHEIM


_____
ELISSA J. PREHEIM

555 12th Street NW
Washington, DC  20004
Telephone:  202/942-5000
202/942-5999 (fax)

Attorneys for Cyrus F. Freidheim, Jr., Robert F.
Kistinger, Warren J. Ligan, Carl H. Lindner,
Keith E. Lindner, Robert W. Olson, James B.
Riley, Fred J. Runk, William A. Tsacalis, Steven
G. Warshaw, and Jeffrey M. Zalla

K&L GATES LLP
JEFFREY B. MALETTA
DANIEL A. CASEY


_____
JEFFREY B. MALETTA

- 21 -

No. 08-01916-MD-MARRA/JOHNSON

_____
JONATHAN M. SPERLING

620 Eighth Avenue
New York, NY  10018
Telephone: 212/841-1000
212/841-1010 (fax)

Attorneys for Fernando Aguirre

ARNOLD & PORTER LLP
ELISSA J. PREHEIM

_____
ELISSA J. PREHEIM

555 12th Street NW
Washington, DC  20004
Telephone: 202/942-5000
202/942-5999 (fax)

Attorneys for Cyrus F. Freidheim, Jr., Robert F.
Kistinger, Warren J. Ligan, Carl H. Lindner,
Keith E. Lindner, Robert W. Olson, James B.
Riley, Fred J. Runk, William A. Tsacalis, Steven
G. Warshaw, and Jeffrey M. Zalla

K&L GATES LLP
JEFFREY B. MALETTA
DANIEL A. CASEY

_____
JEFFREY B. MALETTA

- 21 -

No. 08-01916-MD-MARRA/JOHNSON

_____
JONATHAN M. SPERLING

620 Eighth Avenue
New York, NY 10018
Telephone: 212/841-1000
212/841-1010 (fax)

Attorneys for Fernando Aguirre

ARNOLD & PORTER LLP
ELISSA J. PREHEIM

_____
ELISSA J. PREHEIM

555 12th Street NW
Washington, DC 20004
Telephone: 202/942-5000
202/942-5999 (fax)

Attorneys for Cyrus F. Freidheim, Jr., Robert F.
Kistinger, Warren J. Ligan, Carl H. Lindner,
Keith E. Lindner, Robert W. Olson, James B.
Riley, Fred J. Runk, William A. Tsacalis, Steven
G. Warshaw, and Jeffrey M. Zalla

K&L GATES LLP
JEFFREY B. MALETTA
DANIEL A. CASEY

_____
JEFFREY B. MALETTA

- 21 -

No. 08-01916-MD-MARRA/JOHNSON

1601 K Street NW
Washington, DC 20006
Telephone:  202/778-9000
202/778-9100 (fax)

Wachovia Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131-2399
Telephone:  305/539-3300
305/358-7095 (fax)

Attorneys for Morten Arntzen, Jeffrey D.
Benjamin, Robert W. Fisher, Durk I. Jager, Rohit
Manocha, Jaime Serra, Steven P. Stanbrook,
Gregory C. Thomas, William W. Verity, and
Oliver W. Waddell

O'MELVENY & MYERS LLP
ROBERT M. STERN

_____
                ROBERT M. STERN

1625 Eye Street NW
Washington, DC  20006
Telephone:  202/383-5238
202/383-5414 (fax)

Attorneys for Roderick M. Hills

K&L GATES LLP
ELI R. MATTIOLI

_____
                ELI R. MATTIOLI

599 Lexington Avenue
New York, NY  10022
Telephone:  212/536-3900
212/536-3901 (fax)

- 22 -

No. 08-01916-MD-MARRA/JOHNSON

1601 K Street NW
Washington, DC 20006
Telephone: 202/778-9000
202/778-9100 (fax)

Wachovia Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131-2399
Telephone: 305/539-3300
305/358-7095 (fax)

Attorneys for Morten Arntzen, Jeffrey D.
Benjamin, Robert W. Fisher, Durk I. Jager, Rohit
Manocha, Jaime Serra, Steven P. Stanbrook,
Gregory C. Thomas, William W. Verity, and
Oliver W. Waddell

O'MELVENY & MYERS LLP
ROBERT M. STERN

_____

ROBERT M. STERN

1625 Eye Street NW
Washington, DC 20006
Telephone: 202/383-5238
202/383-5414 (fax)

Attorneys for Roderick M. Hills

K&L GATES LLP
ELI R. MATTIOLI

_____

ELI R. MATTIOLI

599 Lexington Avenue
New York, NY 10022
Telephone: 212/536-3900
212/536-3901 (fax)

- 22 -

No. 08-01916-MD-MARRA/JOHNSON

Attorneys for John W. Braukman III

RICHMAN GREER P.A.
ALAN G. GREER

_____
ALAN G. GREER

201 S. Biscayne Boulevard
Suite 1000
Miami, FL  33131
Telephone:  305/373-4000
305/373-4099

Attorneys for Clare M. Hasler and Howard W.
Barker, Jr.

- 23 -

No. 08-01916-MD-MARRA/JOHNSON

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 5, 2010.

s/ David J. George
DAVID J. GEORGE

ROBBINS GELLER RUDMAN
& DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
E-mail:DavidG@rgrdlaw.com

# Mailing Information for a Case 0:08-md-01916-KAM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Roger M. Adelman**
  radelman@erols.com

- **Jose E. Arvelo**
  jarvelo@cov.com

- **Kathleen Lee Barber**
  kbarber@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Rachel L. Braunstein**
  rachel.braunstein@friedfrank.com

- **Benjamin D. Brown**
  bbrown@cmht.com

- **Daniel Arthur Casey**
  dan.casey@klgates.com,alicia.cardona@klgates.com,miamidocketing@klgates.com

- **Judith Brown Chomsky**
  jchomsky@igc.org

- **Alison K. Clark**
  aclark@sbtklaw.com

- **Stewart L. Cohen**
  scohen@cprlaw.com

- **Terry Collingsworth**
  tc@conradscherer.com

- **Patrick J. Coughlin**
  patc@rgrdlaw.com

- **Jonathan W. Cuneo**
  jonc@cuneolaw.com

- **John De Leon**
  jlleon7@aol.com,apereyra@chavez-deleon.com,mvillareal@ffchavez.com,lizmachin@gmail.com,agreenstein@chavez-deleon.com

- **Joseph A. DeMaria**
  jad@tewlaw.com,mm@tewlaw.com

- **Matias Rafael Dorta**
  mrd@tewlaw.com

- **Jeffrey T. Edwards**
  jedwards@preti.com

- **Agnieszka M. Fryszman**
  afryszman@cmht.com

- **David J. George**
  dgeorge@rgrdlaw.com,karenc@csgrr.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Joshua D. Glatter**
  jdg@osen.us

- **Neil L. Glazer**
  nglazer@kohnswift.com

- **Nicholas A. Gravante , Jr**
  ngravante@bsfllp.com

- **James Kellogg Green**
  jameskgreen@bellsouth.net

- **Alan Graham Greer**
  agreer@richmangreer.com,isilva@richmangreer.com

- **Ronald Searle Guralnick**
  rgacquit@bellsouth.net

- **John E. Hall**
  jhall@cov.com

- **Gregory P. Hansel**
  ghansel@preti.com

- **Rene Devlin Harrod**
  rharrod@bergersingerman.com,bmoya@bergersingerman.com,drt@bergersingerman.com

- **David B. Hennes**
  david.hennes@friedfrank.com

- **Paul L. Hoffman**
  hoffpaul@aol.com

- **Jason Husgen**
  jhusgen@milberg.com

- **Robert C. Josefsberg**
  rjosefsberg@podhurst.com,mvalledor@podhurst.com

- **Julie A. Kearns**
  jkearns@rgrdlaw.com

- **William Bennett King**
  wbk@searcylaw.com,jxl@searcylaw.com,GRA@searcylaw.com

- **Beth J. Kushner**
  bkushner@vonbriesen.com

- **Dianna Walsh Lamb**
  dianna.lamb@friedfrank.com

- **Arthur Leahy**
  artl@csgrr.com

- **Gregg H. Levy**
  glevy@cov.com

- **Carrie M. Logan**
  clogan@preti.com

- **Brian D. Long**
  bdl@rigrodskylong.com

- **Jeffrey B. Maletta**
  jeffrey.maletta@klgates.com

- **Jonathan L. Marcus**
  jmarcus@cov.com

- **Eli R. Mattioli**
  eli.mattioli@klgates.com

- **Sigrid Stone McCawley**
  smccawley@bsfllp.com

- **William G. McGuinness**
  william.mcguinness@friedfrank.com

- **Gina R. Merrill**
  gmerrill@cov.com

- **Jenny R. Mosier**
  jmosier@cov.com

- **Ann O'Connell**
  aoconnell@cov.com

- **Gary M. Osen**
  gmo@osen.us

- **Keith F. Park**
  keith@rgrdlaw.com

- **Christopher Stephen Polaszek**
  cpolaszek@milberg.com,ntarnor@milberg.com,jhusgen@milberg.com,psafirstein@milberg.com,M

- **Elissa J. Preheim**
  elissa.preheim@aporter.com

- **Fuad Rana**
  frana@cov.com

- **Cristopher Stephen Rapp**
  csrapp@jones-foster.com

- **Ramon Alvaro Rasco**
  rrasco@podhurst.com

- **Peter Raven-Hansen**
  pravenhansen@gmail.com

- **Jonathan C. Reiter**
  jcrlaw@hotmail.com

- **Seth D. Rigrodsky**
  sdr@rigrodskylong.com

- **Robert Jeffrey Robbins**
  rrobbins@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Mark Anthony Romance**
  mromance@richmangreer.com,isilva@richmangreer.com

- **Harry M. Roth**
  hroth@cprlaw.com

- **Peter G.A. Safirstein**
  psafirstein@milberg.com

- **David Joseph Sales**
  djs@searcylaw.com

- **John Scarola**
  mep@searcylaw.com

- **Aaron Schlanger**
  as@osen.us

- **Stephen H. Schwartz**
  sschwartz@kohnswift.com

- **Marco Simons**
  marco@earthrights.org

- **Samantha A. Smith**
  ssmith@csgrr.com

- **Jonathan M. Sperling**
  jsperling@cov.com

- **Steven M. Steingard**
  ssteingard@kohnswift.com

- **Robert M. Stern**
  rstern@omm.com

- **Sidney Alton Stubbs , Jr**
  sstubbs@jones-foster.com,mkieta@jones-foster.com

- **Nathaniel A. Tarnor**
  ntarnor@milberg.com

- **Magda Jimenez Train**
  mjimenez@bsfllp.com

- **William J. Wichmann**
  wwichmann@me.com,wjwboss@yahoo.com

- **Robert William Wilkins**
  rwilkins@jones-foster.com,csrapp@jones-foster.com

- **Paul David Wolf**
  paulwolf@icdc.com

- **Lee S. Wolosky**
  lwolosky@bsfllp.com

- **Eric L. Zagar**
  ezagar@sbtklaw.com

## Manual Notice List

The following is the list of parties who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Arturo Carrillo
Colombian Institute of International Law
5425 Connecticut Avenue NW
Suite 219
Washington, DC 20015
```

**William K. Cavanagh**
Cavanagh & O'Hara
407 E Adams Street
Springfield, IL 62701

**Karen Caudill Dyer**
Boies Schiller & Flexner
390 North Orange Avenue
Suite 1890
Orlando, FL 32801

**Hawaii Annuity Trust Fund for Operating Engineers**
,

**Richard Herz**
Earth Rights International
1612 K Street NW
Suite 401
Washington, DC 20006

**Michael G. Lenett**
Cuneo Gilbert & Laduca LLP
507 C Street NE
Washington, DC 20002

**Molly McOwen**
Cohen Milstein Hausfeld & Toll
1100 New York Avenue NW
Suite 500 West Tower
Washington, DC 20005-3934

**Samuel Meirowitz**
Osen LLC
700 Kinderkamack Road
Orandell, NJ 07649

**John P. Pierce**
Pierce Law Group
4641 Montgomery Avenue
Suite 500
Bethesda, MD 20814

**Robin Winchester**
Barroway Topaz Kessler Meltzer & Check LLP
280 King of Prussia Road
Radnor, PA 19087

**Stephen N. Zack**
Boies Schiller & Flexner
100 SE 2nd Street
Suite 2800 Bank of America Tower
Miami, FL 33131-2144