UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC., ALIEN TORT
STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

This Document Relates To:

    DERIVATIVE ACTIONS.

    /

**ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND
PROVIDING FOR NOTICE**

No. 08-01916-MD-MARRA/JOHNSON

WHEREAS, the Settling Parties have made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order approving the settlement (the "Settlement") of the Derivative Litigation, in accordance with the Stipulation and Agreement of Settlement dated as of April 19, 2010 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court having read and considered the Stipulation and the Exhibits annexed thereto:

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement of the Derivative Litigation.

2. A hearing (the "Settlement Hearing") shall be held before this Court on October 15, 2010 at 1:30 p.m. at the Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, Courtroom 4, West Palm Beach, Florida to determine: (I) whether the Settlement of the Derivative Litigation on the terms and conditions provided for in the Stipulation, including the provision for the payment of fees and expenses to Plaintiffs' counsel, is fair, reasonable and adequate to Chiquita Shareholders and to Chiquita and should be approved by the Court; and (ii) whether a Judgment as provided in ¶1.7 of the Stipulation should be entered herein.

3. The Court approves, as to form and content, the Notice of Proposed Settlement of Derivative Litigation and Hearing ("Notice") annexed as Exhibit A-1 hereto and the Summary

No. 08-01916-MD-MARRA/JOHNSON

Notice of Proposed Settlement of Derivative Litigation ("Summary Notice") annexed as Exhibit A-2 hereto, and finds that the mailing and publication of these notices, substantially in the manner and form set forth in this Order, meet the requirements of Federal Rule of Civil Procedure 23.1 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.  The firm of The Altman Group, Inc. ("Notice Administrator") is hereby appointed to supervise and administer the notice procedure as more fully set forth below:

(a) Not later than August 16, 2010, the Notice shall be mailed to all Chiquita shareholders as of April 19, 2010 who can be identified with reasonable effort;

(b) Not later than August 27, 2010, the Summary Notice shall be published once in *Investor's Business Daily*; and

(c) At least seven (7) days prior to the Settlement Hearing, counsel for the SLC shall serve on Co-Lead Counsel, counsel for the Individual Defendants, and Chiquita and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

5.  The notice described in ¶¶4(a) and (b), above, shall be provided at Chiquita's expense.

6.  All Chiquita Shareholders shall be bound by all orders, determinations and judgments in the Derivative Litigation concerning the Settlement, whether favorable or unfavorable to the Chiquita Shareholders.

7.  Pending final determination of whether the Settlement should be approved, no Chiquita Shareholder, either directly, representatively, or in any other capacity, shall commence or

No. 08-01916-MD-MARRA/JOHNSON

prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

8. All papers in support of the Settlement shall be filed with the Court and served on or before August 20, 2010.

9. Any Chiquita Shareholder may appear and show cause, if he, she or it has any, why the Settlement of the Derivative Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, provided, however, that no Chiquita Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that Person has, on or before September 20, 2010, filed with the Clerk of the Court and served on the following counsel (delivered by hand or sent by first class mail) written objections and copies of any papers and briefs in support thereof:

    ROBBINS GELLER RUDMAN & DOWD LLP
    KEITH F. PARK
    ARTHUR C. LEAHY
    655 West Broadway, Suite 1900
    San Diego, CA  92101

    COHEN, PLACITELLA & ROTH, P.C.
    STEWART L. COHEN
    HARRY M. ROTH
    Two Commerce Square, Suite 2900
    2001 Market Street
    Philadelphia, PA  19103

*Co-Lead Counsel for Plaintiffs in the Derivative Litigation*

No. 08-01916-MD-MARRA/JOHNSON

FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
WILLIAM G. MCGUINNESS
DAVID B. HENNES
One New York Plaza
New York, NY  10004

*Attorneys for the Chiquita Special Litigation Committee*

COVINGTON & BURLING LLP
JONATHAN M. SPERLING
620 Eighth Avenue
New York, NY  10018

*Attorneys for Fernando Aguirre*

ARNOLD & PORTER LLP
ELISSA J. PREHEIM
555 12th Street NW
Washington, DC  20004

*Attorneys for Cyrus F. Freidheim, Jr., Robert F. Kistinger, Warren J. Ligan, Carl H. Lindner, Keith E. Lindner, Robert W. Olson, James B. Riley, Fred J. Runk, William A. Tsacalis, Steven G. Warshaw, and Jeffrey M. Zalla*

K&L GATES LLP
JEFFREY B. MALETTA
1601 K Street NW
Washington, DC 20006

*Attorneys for Morten Arntzen, Jeffrey D. Benjamin, Robert W. Fisher, Durk I. Jager, Rohit Manocha, Jaime Serra, Steven P. Stanbrook, Gregory C. Thomas, William W. Verity, and Oliver W. Waddell*

O'MELVENY & MYERS LLP
ROBERT M. STERN
1625 Eye Street NW
Washington, DC  20006

*Attorneys for Roderick M. Hills*

No. 08-01916-MD-MARRA/JOHNSON

K&L GATES LLP
ELI R. MATTIOLI
599 Lexington Avenue
New York, NY  10022

*Attorneys for John W. Braukman III*

RICHMAN GREER P.A.
ALAN G. GREER
201 S. Biscayne Boulevard
Suite 1000
Miami, FL  33131

*Attorneys for Clare M. Hasler and Howard W. Barker, Jr.*

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by first class mail to:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
701 Clematis Street, Room 202
West Palm Beach, FL  33401

Any Chiquita Shareholder who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement as incorporated in the Stipulation, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

10. All replies to any objections shall be filed and served on or before October 8, 2010.

11. Neither the Stipulation, nor any of its Exhibits (including but not limited to the Governance and Compliance Changes attached as Exhibit C thereto), terms or provisions, nor any of the negotiations or proceedings connected with it, shall be deemed, used or construed as an admission or concession by the Individual Defendants, Chiquita, or the SLC, or as evidence, of the

- 5 -

truth or validity of any of the allegations in the Derivative Litigation, or of any liability, fault, or wrongdoing of any kind.

12.     If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become Final or otherwise not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the parties as provided for in the Stipulation) and any actions taken or to be taken in connection therewith (including this Notice Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, except for Chiquita's obligation to pay for any expenses incurred in connection with publishing the notices provided for by this Notice Order.  In that event, pursuant to Federal Rule of Evidence 408 and all analogous state laws, neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party, shall be deemed an admission or received as evidence in this or any other action or proceeding.

13.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Chiquita Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Chiquita Shareholders.

14.     The Clerk shall **ADMINISTRATIVELY CLOSE** the individual derivative actions (case no.'s 08-20767, 08-80463, 08-80466, and 08-80467) during the pendency of the settlement approval process, with the right to reopen those cases if the settlement is not approved.  Any pending motions in case no.'s 08-20767, 08-80463, 08-80466, and 08-80467 are **DENIED AS MOOT**.

No. 08-01916-MD-MARRA/JOHNSON

15. The parties shall file all documents related to the settlement of the derivative actions in case number 08-md-01916.

IT IS SO ORDERED.

DATED: August 5, 2010_____ _____
THE HONORABLE KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE