UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-MD-01916 (Marra/Johnson)

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates to:

ATS ACTIONS
_____/

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs argue that *Kiobel v. Royal Dutch Petroleum Co.*, __ F.3d __, 2010 WL 3611392 (2d Cir. Sept. 17, 2010), which held that there is no corporate liability under the ATS, conflicts with "binding precedent in this Circuit," citing *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1263 (11th Cir. 2009) and *Romero v. Drummond Co.*, 552 F.3d 1303, 1315 (11th Cir. 2008). (Pls.' Resp. 1-2 (D.E. #369).) A careful analysis of those decisions demonstrates that this argument is at least open to question.[1] But *Kiobel* is also instructive on other issues raised by

---

[1] In *Sinaltrainal*, the Eleventh Circuit relied on *Romero* in stating that the court has previously "recognized corporate defendants are subject to liability under the ATS." 578 F.3d at 1263. *Romero*, in turn, cited *Aldana v. Del Monte Fresh Produce, Inc.*, 416 F.3d 1242 (11th Cir. 2005) (per curiam), for the proposition that "[the ATS] grants jurisdiction from complaints of torture against corporate defendants." *Romero*, 552 F.3d at 1315. In concluding that it was "bound by that precedent," *id.*, the *Romero* panel failed to recognize that the issue of corporate liability under the law of nations and, thus, under the ATS was not on appeal in *Aldana*, *see Aldana*, 416 F.3d at 1244. Thus, there was no binding precedent on that threshold jurisdictional question. *See, e.g.*, *Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller*, 957 F.2d 1575, 1578 (11th Cir. 1992) (holding that a previous panel opinion was not "binding precedent" on an "issue [that] . . . was not before the court at that time"); *Kiobel*, slip op. at 15-16 ("'[W]hen questions of *jurisdiction* have been passed on in prior decisions *sub silentio*,' the Court 'has never considered itself bound when a subsequent case finally brings the jurisdictional issue (continued…)

Chiquita's motion to dismiss. It is a scholarly and persuasive decision that—consistent with the Eleventh Circuit's recent ATS decisions in *Sinaltrainal*, *Romero*, and *Estate of Amergi v. Palestinian Auth.*, 611 F.3d 1350 (11th Cir. 2010)—emphasizes the extremely narrow scope of ATS jurisdiction prescribed by the Supreme Court in *Sosa v. Alvarez-Machain*, 542 U.S. 692, 732-33 (2004). *Kiobel*, slip op. at 48 (D.E. #366-1). In particular, both the majority and concurring opinions in *Kiobel* reaffirm the holding of *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244 (11th Cir. 2009), that a defendant must have *intended* the underlying international-law violations to be liable for aiding and abetting under the ATS. *Kiobel*, slip op. at 21; *id.* at 73 (Leval, J., concurring). In addition, *Kiobel* explicitly rejects the notion that liability under the ATS is an issue of "remedy" to be defined by reference to domestic rather than international law. *Kiobel*, slip op. at 11, 46.

In their response, plaintiffs point to Judge Leval's concurring opinion in *Kiobel* but fail to mention that he concurred in the judgment dismissing *all* the ATS claims asserted there, including claims of crimes against humanity and extrajudicial killing. *Id.* at 9, 73-74, 88 (Leval, J., concurring). *Kiobel* concerned allegations of complicity with the Nigerian government's violent suppression of a group of civilians. *Id.* at 74-77. Relying on *Talisman* and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), Judge Leval concluded that those allegations were "legally insufficient . . . because they do not support a reasonable inference that Shell provided substantial assistance to the Nigerian government *with a purpose to advance or facilitate* the Nigerian government's violations of the human rights of the Ogoni people." *Kiobel*, slip op. at 81 (Leval, J., concurring); *see also id.* at 73-74, 82-88.

---

before [it].'") (quoting *Hagans v. Lavine*, 415 U.S. 528, 533 n.5 (1974)); *Doe v. Nestle, S.A.*, No. 2:05-cv-05133, slip op. at 137 (C.D. Cal. Sept. 8. 2010). In any event, Chiquita has preserved the corporate liability issue for appeal. (Mot. to Dismiss Am. Compls. 35 n.34 (D.E. #295-1).)

Dated: September 23, 2010                         Respectfully submitted,

                                                 /s/ Robert W. Wilkins_____

| | |
|---|---|
| Gregg H. Levy | Sidney A. Stubbs (Fla. Bar No. 095596) |
| John E. Hall | Robert W. Wilkins (Fla. Bar No. 578721) |
| Jonathan L. Marcus | Christopher S. Rapp (Fla. Bar No. 0863211) |
| José E. Arvelo | rwilkins@jones-foster.com |
| COVINGTON & BURLING LLP | JONES, FOSTER, JOHNSTON & STUBBS, P.A. |
| 1201 Pennsylvania Avenue, N.W. | 505 South Flagler Drive, Suite 1100 |
| Washington, D.C. 20004 | West Palm Beach, Florida 33401 |
| Telephone: (202) 662-6000 | Telephone: (561) 659-3000 |
| Fax: (202) 662-6291 | Fax: (561) 650-0412 |

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Fax: (212) 841-1010

*Counsel for Chiquita Brands International, Inc.
and Chiquita Fresh North America LLC*

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 23rd day of September, 2010. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008 Joint Counsel List filed in accordance with the CMO.

By: /s/ Robert W. Wilkins
Fla. Bar No. 578721
rwilkins@jones-foster.com