UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____

This Document Relates To:

ATS ACTION
_____

      Case No. 07-cv-60821-KAM

ANTONIO GONZALEZ CARRIZOSA, et. al.

                      Plaintiffs,
     vs.

CHIQUITA BRANDS INTERNATIONAL, INC., et. al.

                      Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants Chiquita Brands International, Inc. and Chiquita Fresh North America LLC (collectively, "Chiquita") move to dismiss plaintiffs' Second Amended Complaint ("SAC").

The SAC was filed in response to the Court's June 3rd Opinion and Order, which held that, in order to state secondary liability claims against Chiquita, "Plaintiffs must allege that Chiquita paid the AUC with the specific purpose that the AUC commit the international-law offenses alleged in the complaints." (Op. & Order 69, 07-cv-60821-KAM (D.E. # 111).) The Court recognized that the *Carrizosa* complaint contained no such allegations (*id.* at 70 n.66); instead, the complaint sought to impose liability on Chiquita based upon the facts recited in the

1

criminal Information to which Chiquita pled guilty, *i.e.*, that the company's subsidiary had made extortion payments to the AUC knowing that group to be a violent organization.[1]  Rather than dismiss the complaint with prejudice, however, the Court granted plaintiffs leave to amend "to allege sufficient facts, if they can do so in good faith, supporting their claim that Chiquita is secondarily liable for the AUC's violations of international law."  (*Id.* at 70 n.66; *see id.* at 95.)

Plaintiffs' SAC adds several dozen paragraphs of "general allegations."  (SAC ¶¶ 88-122, No. 0:07-cv-60821-KAM (D.E. # 118) (new "general allegations"); *see also id.* ¶¶ 133, 150, 165, 169 (new allegations about Chiquita made under various "claims for relief").[2]  Many of the allegations are entirely conclusory and formulaic, *e.g.*, repeating over and over again the naked assertion that "Chiquita acted with the purpose of assisting the AUC to commit the unlawful killings and violations of international law alleged" in the SAC.  (*Id.* ¶ 89; *see also id.* ¶¶ 90, 95, 103, 108, 115-17, 119.)  To the extent the SAC alleges any new "facts," those "facts" appear

---

[1]  *See* Information, *United States v. Chiquita Brands Int'l, Inc.*, No. 1:07-cr-00055-RCL, ¶ 21 (D.D.C. Mar. 14, 2007) ("Castaño[, the AUC's leader,] . . . *instructed* the General Manager [of Chiquita's subsidiary] that defendant CHIQUITA'S subsidiary *had to make payments* . . . . *Castaño sent an unspoken but clear message that failure to make the payments could result in physical harm to Banadex personnel and property*.") (emphasis added) (attached as Exhibit A to Chiquita's motion to dismiss plaintiffs' original complaint (07-cv-60821-KAM (D.E. # 33-1)); First Am. Compl. ¶¶ 40-46, 07-cv-60821-KAM (D.E. # 84) (alleging that Chiquita "pled guilty" to the count charged in the Information and copying or paraphrasing allegations contained in the Information); *see id.* ¶ 88, 91 (alleging Chiquita's "knowledge"); *see also* Mem. in Support of Mot. to Dismiss, No. 07-cv-60821, at 2 n.2 (D.E. # 33) (explaining that the Court may consider the Information in evaluating Chiquita's motion to dismiss because that document is central to plaintiffs' claims, is incorporated by reference in the complaint, and is part of the public record).

[2]  The SAC also adds about 300 new plaintiffs.  (SAC 41-75.)  The new plaintiffs' claims contain no facts meeting the requirements of the Court's order, inasmuch as they simply recite in each case the unsupported allegation that "[u]pon information and belief, Chiquita benefited from decedent's murder by removing an individual who Chiquita's agents, the AUC, deemed undesirable and a threat to the stability of Chiquita's operations and established social order in the area."  (*Id.*; *see* Op. & Order 81-83 (rejecting plaintiffs' "vague and conclusory assertions that the AUC acted as Chiquita's 'agent' or that the AUC acted under Chiquita's 'control'").)

2

largely to have been copied verbatim from other complaints or from the Court's summary of those allegations in its June 3rd Opinion and Order.[3]

Chiquita respectfully submits that the SAC should be dismissed for the following reasons:

***Plaintiffs' state- and Colombia-law claims (Fourth, Fifth, Sixth, and Seventh Claims for Relief) should be dismissed in accordance with the Court's June 3, 2011, Order.*** The Court dismissed all state- and Colombia-law claims in the ATS Actions in its Opinion and Order. (Op. & Order 86-90, 94-95.) The state-law claims were dismissed because the state laws upon which they are based "do not apply to the extraterritorial conduct alleged here." (*Id.* at 86-87; *see also* Ds' Mem. in Support of Mot. to Dismiss, 1:07-cv-60821, at 35-36 (D.E. # 33).) The Court also refused to exercise jurisdiction over those claims premised on Colombian law. (Op. & Order 89-90.) The same reasons warrant dismissal of the state- and Colombia-law claims reasserted in the SAC.

***Plaintiffs' terrorism-based claims (Second and Third Claim for Relief) should also be dismissed in accordance with the Court's Order.*** As the Court made clear:

> Plaintiffs' terrorism-based claims are not actionable under the ATS. Like *Tel-Oren*, *Saperstein*, and *Barboza*, and mindful of *Sosa*'s mandate that courts exercise great caution in recognizing new ATS claims, this Court finds that a claim for terrorism in general, or material support thereof, is not based on a sufficiently accepted, established, or defined norm of customary international law to constitute a violation of the law of nations. Accordingly, the Court lacks subject-matter jurisdiction under the ATS over Plaintiffs' terrorism-based claims and those claims are dismissed.

---

[3] *Compare* Sec. Am. Compl. ¶¶ 89-95, 103-09, 111-13, 115-22, *with, e.g.*, Op. & Order 70-76, (outlining allegations about Chiquita's intent made in other ATS Actions).

(Op. & Order 31; *see also id.* at 18-31 (discussing the reasons for this conclusion).)  For these reasons, plaintiffs' reasserted terrorism-based claims (SAC 35-37) should be dismissed.

***Plaintiffs' remaining ATS claims should be dismissed under Fed. R. Civ. P. 12(b).***
Plaintiffs' claims of extrajudicial killing (First Claim for Relief) and war crimes and crimes against humanity (Third Claim for Relief) should be dismissed for the reasons stated in Chiquita's prior briefs,[4] including, *inter alia*, the following:

- Plaintiffs' allegations fail to establish state action as to each of the individual incidents of violence alleged in the SAC, as required by Eleventh Circuit precedent.

- Plaintiffs' allegations fail to establish that each violent incident that forms the basis of each individual plaintiff's war-crimes claim was in fact committed "in the course of hostilities," as required by Eleventh Circuit precedent.

- Plaintiffs' allegations plead no facts connecting Chiquita to any, let alone each, of the incidents of violence alleged in the SAC, or that otherwise support the reasonable inference that Chiquita "paid the AUC with the specific purpose that the AUC commit the international-law offenses alleged in the complaints."  (Op. & Order 69.)

Chiquita recognizes, however, that in its June 3rd Opinion and Order, the Court refused to dismiss secondary liability claims for these international-law violations on the basis of allegations that are not meaningfully different from—and which, indeed, largely appear to have been copied into—this SAC.  While Chiquita maintains its position that these allegations are insufficient to state a claim and questions whether these plaintiffs have an independent, good-faith basis to make the allegations they have added, Chiquita recognizes that the Court has made

---

[4] Ds' Mot. to Dismiss & Mem. in Support, 1:07-cv-60821 (D.E. # 32-33); Ds' Mot. to Dismiss & Mem. in Support, 1:07-cv-60821 (D.E. # 86 & 86-1); *see also* Ds' Reply, 1:07-cv-60821 (D.E. # 45); Ds' Resp. in Support of Consolidated Mot. to Dismiss Am. Compls., 1:07-cv-60821 (D.E. # 90).  Chiquita hereby incorporates these submissions, including the briefs incorporated therein.

4

its ruling. Chiquita therefore requests the dismissal of plaintiffs' remaining ATS claims to preserve its arguments for appeal.

## CONCLUSION

For the foregoing reasons and for the reasons stated in Chiquita's prior briefs supporting its motions to dismiss the *Carrizosa* claims, Chiquita respectfully requests that the SAC be dismissed.

Dated: July 14, 2011               Respectfully submitted,

| | |
|---|---|
| John E. Hall | /s/ Cristopher S. Rapp |
| José E. Arvelo | Sidney A. Stubbs (Fla. Bar No. 095596) |
| COVINGTON & BURLING LLP | Robert W. Wilkins (Fla. Bar No. 578721) |
| 1201 Pennsylvania Avenue, N.W. | Cristopher S. Rapp (Fla. Bar No. 0863211) |
| Washington, D.C. 20004 | csrapp@jones-foster.com |
| Telephone: (202) 662-6000 | JONES, FOSTER, JOHNSTON & STUBBS, P.A. |
| Fax: (202) 662-6291 | 505 South Flagler Drive, Suite 1100 |
| | West Palm Beach, Florida 33401 |
| Jonathan M. Sperling | Telephone: (561) 659-3000 |
| COVINGTON & BURLING LLP | Fax: (561) 650-0412 |
| The New York Times Building | |
| 620 Eighth Avenue | |
| New York, NY 10018 | |
| Telephone: (212) 841-1000 | |
| Fax: (212) 841-1010 | |
| | *Counsel for Chiquita Brands International, Inc. and Chiquita Fresh North America LLC* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 14th day of July, 2011.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Cristopher S. Rapp
Fla. Bar No. 0863211
csrapp@jones-foster.com