UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 08-MD-01916 (Marra/Johnson)**

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates to:

ATS ACTION
_____/

Case No. 9:08-cv-80465-KAM

DOES (1-144) and PEREZES (1-95)

                            Plaintiffs,
      vs.

CHIQUITA BRANDS INTERNATIONAL, INC., ET AL.

                            Defendants.
_____/

## DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant Chiquita Brands International, Inc. moves to dismiss plaintiffs' Second Amended Complaint ("SAC"). (SAC, 9:08-cv-80465-KAM (D.E. # 95).)

### MEMORANDUM OF LAW

The SAC was filed in response to the Court's June 3rd Opinion and Order, which dismissed, *inter alia*, claims predicated on acts of alleged left-wing guerrilla violence. (Op. & Order 90-94, 9:08-cv-80465-KAM (D.E. # 87).) The Court held that plaintiffs failed to allege facts sufficient to establish that "Chiquita acted with the purpose or intent to assist in the" FARC's commission of international-law violations, or that "Chiquita's assistance substantially

contributed to the FARC's commission of the violation." (*Id.* at 91.) The Court granted plaintiffs leave to amend "to allege sufficient facts, if they can do so in good faith, supporting their claim that Chiquita aided and abetted the FARC's violations of international law." (*Id.* at 94 n.103; *see id.* at 95.)

Plaintiffs' counsel added about four pages of new content to the 235-page SAC in a futile attempt to salvage the guerrilla-based claims. (*See* SAC ¶¶ 463-85.) This additional content provides information on the amount, frequency, and duration of the payments. (SAC ¶¶ 463-67.) But it remains true that there are no well-pled facts to support the claim that Chiquita shared the purpose of these various guerilla groups to commit any—let alone all—of the dozens of purported violations of international law that these groups are vaguely alleged to have committed. The allegation of purposefulness is entirely conclusory: "Chiquita paid Left-Wing Guerrilla Groups with the purpose or intent to further their violence, including the widespread torture and murder of innocent civilians." (SAC ¶ 483.) Moreover, the SAC references and relies upon the Report of the Special Litigation Committee of Chiquita's Board of Directors ("SLC Report") (SAC ¶¶ 466, 473), which details how Chiquita's Colombian subsidiary was extorted by left-wing guerrillas such as the FARC and ELN.

Accordingly, Chiquita respectfully submits that the SAC should be dismissed for the following reasons:

***Plaintiffs fail to allege sufficient facts to support their guerrilla-based claims.*** Plaintiffs have added no facts to the formulaic allegations of guerrilla violence that underlie their guerrilla-based claims, which the Court already found insufficient.[1] Instead, plaintiffs inserted a

---

[1] SAC ¶¶ 64, 69-70, 92, 97,108-12, 114, 116-21, 123-24, 126-31, 136, 138, 140, 142, 146-48, 150-53, 157, 160, 167, 169, 172, 176, 178, 181-82, 189, 208-11, 226-27, 232-33, 238-39, (continued…)

few pages of generalized allegations about "Chiquita's [s]upport" of the FARC, ELN, and other left-wing Colombian guerrilla groups. (SAC ¶ 463; *see id.* ¶¶ 464-85.) Even if the underlying alleged acts of violence by the guerrillas were pled with sufficient facts to be cognizable as violations of international law, which they are not, the new allegations regarding Chiquita do not support the reasonable inference that Chiquita acted with the purpose of assisting such violations of international law. (*See* Op. & Order 91); *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1294 (11th Cir. 2010) (refusing to "admit as true" an "unwarranted deduction of fact" spelled out in the complaint).

Plaintiffs' conclusory assertion that Chiquita intended to assist the commission of international-law violations by the guerrillas (SAC ¶¶ 482-83) is belied by their own pleading and the documents they incorporate by reference. Plaintiffs concede that the "left-wing guerrilla forces, including the FARC and the ELN, . . . engaged in extortion," among other violent practices. (SAC ¶ 407.) In addition, plaintiffs assert that Chiquita assisted the guerrillas' arch-enemies—the AUC—with the purpose of getting rid of guerrillas and their civilian sympathizers. (*E.g.*, SAC ¶¶ 205, 550, 566-67.) These allegations entirely undermine plaintiffs' bald assertion of purpose.[2] And the SLC Report, which plaintiffs choose to incorporate by reference, confirms that Chiquita was a target of the guerrillas' conceded extortion: according to the Report, far from supporting these groups with the purpose of assisting their violence, Chiquita's payments were

---

244-45, 360-61, 364-93; Op. & Order 92 n.99 (noting that "[t]he allegations regarding the FARC's victims repeat the same language throughout").

[2]   *See also* SAC ¶¶ 464, 487, 489-90 (alleging when payments to guerrillas and paramilitaries were purportedly made); *id.* ¶¶ 64, 69, 97, 108-12, 116-21, 124, 126-27, 129-30, 136, 138, 140, 142, 146-48, 150-51, 153, 157, 160, 167, 172, 176, 178, 181-82, 189, 208, 210, 226, 232, 238, 244, 360, 364, 366, 368, 370, 372, 374, 376, 378, 380, 382, 384, 386, 388, 390, 392 (alleging guerrilla violence that injured plaintiffs or killed plaintiffs' relatives within the same timeframe Chiquita allegedly supported paramilitaries).

3

motivated solely by the reasonable and good-faith belief that such payments were necessary to protect the lives of its employees.[3]  Other documents plaintiffs similarly incorporate by reference are not to the contrary.[4]

Nor have plaintiffs alleged facts to support the claim that Chiquita's payments to the guerrillas "substantially contributed" to the commission of any of the purported violations of international law alleged, much less all of them.  (*See* Op. & Order 92-94.)  Plaintiffs added no content of any kind to their individual claims, and no facts to show that "the payments were related in any way to the offenses alleged in the complaint." (*Id.* at 92.)  And, while plaintiffs purport to address some of the Court's criteria by borrowing from, *inter alia*, the SLC Report (*see* SAC ¶¶ 463-81), they nowhere allege facts stating "the terms of Chiquita and the FARC's agreements surrounding the payments" (Op. & Order 94).

Plaintiffs' guerrilla-based claims should therefore be dismissed with prejudice.

---

[3]  SLC Report 28, 30-32, 261-62, *In re: Chiquita Brands Int'l, Inc.*, 8:08-md-01916-KAM (S.D. Fla. Feb. 25, 2009) (D.E. # 202-4) (attached as Exhibit A).  Chiquita does not affirmatively rely on the SLC Report in any way in connection with this motion, but because plaintiffs incorporated the Report by reference in their complaint, it must be considered in determining the adequacy of their new allegations.  *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, LTD.*, 127 S.Ct. 2499, 2509 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference . . . ."); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) (explaining that "[o]ur duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations" and adding that, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern"); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (holding that a document may be considered on a motion to dismiss where it is incorporated by reference to the pleading, it is central to a plaintiff's claims, and its authenticity is not questioned).

[4]  For example, plaintiffs quote from the Sentencing Memorandum that a U.S. prosecutor filed in *United States v. Chiquita Brands International, Inc.*, No. 1:07-cr-00055-RCL (Sept. 11, 2007) (D.E. # 17) ("Sentencing Memo").  (SAC ¶¶ 468,470; *see also id.* ¶ 539.)  But this document makes clear that "Chiquita [was] not accused of *supporting the goals or ideologies*" of the FARC, ELN, or AUC.  Sentencing Memo 13-14 (emphasis added).

4

***Plaintiffs' remaining ATS and TVPA claims relating to alleged AUC violence should be dismissed under Fed. R. Civ. P. 12(b).*** Plaintiffs reassert claims of war crimes (First Cause of Action), crimes against humanity (Second Cause of Action), and extrajudicial killing (Third and Fourth Causes of Action) arising out of alleged AUC violence. (SAC 200-34.) The Court dismissed these claims to the extent they were premised on an agency theory. (Op. & Order 81-83.) Plaintiffs' reasserted agency claims must be dismissed for the same reasons. (*Id.*; SAC ¶¶ 583-89, 602-04, 612-14, 622-24.) The Court, however, previously refused to dismiss these AUC-based claims to the extent they were premised on aiding and abetting, and conspiracy theories. (Op. & Order 79, 81, 95.) Chiquita moves again for their dismissal to preserve its arguments for appeal.[5]

## CONCLUSION

For the foregoing reasons, Chiquita respectfully requests that the SAC be dismissed.

---

[5] Chiquita hereby incorporates its prior submissions in support of dismissal of these claims. D's Mot. to Dismiss, 9:08-cv-80465-KAM (D.E. # 33); D's Reply in Support of Mot. to Dismiss, 9:08-cv-80465-KAM (D.E. # 34); Ds' Mot. to Dismiss & Mem. in Support, 0:08-md-01916-KAM (D.E. # 92 & 93); Ds' Reply in Support of Mot. to Dismiss, 0:08-md-01916-KAM (D.E. # 148); Ds' Mot. to Dismiss & Mem. in Support, 9:08-cv-80465-KAM (D.E. # 62 & 62-1); Ds' Resp. in Support of Mot. to Dismiss, 9:08-cv-80465-KAM (D.E. # 66).

Dated: July 19, 2011                     Respectfully submitted,

John E. Hall                                             /s/ Robert W. Wilkins
José E. Arvelo                           Sidney A. Stubbs (Fla. Bar No. 095596)
COVINGTON & BURLING LLP                  Robert W. Wilkins (Fla. Bar No. 578721)
1201 Pennsylvania Avenue, N.W.           Cristopher S. Rapp (Fla. Bar No. 0863211)
Washington, D.C. 20004                   rwilkins@jones-foster.com
Telephone: (202) 662-6000                JONES, FOSTER, JOHNSTON & STUBBS, P.A.
Fax: (202) 662-6291                      505 South Flagler Drive, Suite 1100
                                         West Palm Beach, Florida 33401
Jonathan M. Sperling                     Telephone: (561) 659-3000
COVINGTON & BURLING LLP                  Fax: (561) 650-0412
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Fax: (212) 841-1010                      *Counsel for Chiquita Brands International, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 19th day of July, 2011.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

By:     /s/ Robert W. Wilkins
         Fla. Bar No. 578721
         rwilkins@jones-foster.com