**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 08-01916-MD-MARRA/JOHNSON**

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTIONS
_____/

NO. 08-80421-cv-MARRA/JOHNSON

JOHN DOE 1 *et al.*,
      v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/

NO. 08-80480-cv-MARRA/JOHNSON

DOES 1-747,
      v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/

NO. 08-80508-cv-MARRA/JOHNSON

JOSE LEONARDO LOPEZ VALENCIA *et al.*
      v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/

NO. 9:08-cv-80465-KAM

DOES (1-144) and PEREZES (1-95)
      v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/

NO: 07-cv-60821-KAM

ANTONIO GONZALEZ CARRIZOSA, *et. al.*
      v.

CHIQUITA BRANDS INTERNATIONAL, INC., *et. al.*
_____/

NO. 10-cv-60573-MARRA/JOHNSON

ANGELA MARIA HENAO MONTES, *et al.*
      v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*,
_____/

NO. 1:10-cv-00404 – RJL (D.D.C.)

DOES 1-976,
       v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*,
_____/

**PLAINTIFFS' MOTION FOR RECONSIDERATION
OF PARTS III AND IV OF THIS COURT'S JUNE 3, 2011, OPINION AND ORDER**

## <u>TABLE OF CONTENTS</u>

**Page(s)**

TABLE OF AUTHORITIES ...................................................................................... iii

I. INTRODUCTION ............................................................................................... 1

II. BACKGROUND ................................................................................................ 2

    A.    The motions and complaints at issue ...................................................... 2

    B.    The complaints pled claims under state and Colombian law founded on diversity jurisdiction ........................................................................... 4

    C.    The motions to dismiss did not challenge this Court's jurisdiction, and Chiquita only challenged the applicability of state law in two cases, and then abandoned this argument. ............................................................ 4

III. ARGUMENT ................................................................................................... 6

    A.    Reconsideration is warranted where claims were dismissed on grounds not raised by the parties or where manifest injustice would otherwise result .............. 6

    B.    Reconsideration is warranted because this Court's Order addressed issues not raised or briefed by the parties ........................................................ 7

    C.    Declining to retain jurisdiction is clearly erroneous where diversity jurisdiction was properly pled ........................................................... 7

    D.    Reconsideration should be granted because the Court committed clear error in ruling that state tort law does not apply to extraterritorial injuries ................... 9

        1.    The Court's ruling constituted clear error because state tort law may apply to extraterritorial injury regardless of whether it has a substantial effect within the state ............................................... 10

        2.    The District Court erred because it should not have decided whether state laws applied at this stage in the case .............................. 12

            a.    Deciding whether state tort law applied to extraterritorial injury was premature at this stage because such determinations are decided issue-by-issue and require a complete factual record .......................................................................... 13

            b.    Deciding whether state tort law applied to extraterritorial injury was improper because none of the parties have alleged a true conflict between Colombian law and the laws of the various states alleged in this case. ......................................... 14

3.      Although deciding choice-of-law is not called for at this stage of
        the case, state law may well apply to these claims under applicable
        state choice-of-law rules ................................................................................15

        a.      Florida..................................................................................................17

        b.      New York..............................................................................................17

        c.      New Jersey ...........................................................................................18

        d.      District of Columbia ...........................................................................19

IV. CONCLUSION ..............................................................................................................20

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                       **PAGE(S)**

*Abagninin v. Amvac Chemical Corp.*,
    545 F.3d 733 (9th Cir. 2008) ........................................................................................24

*Beals v. Sicpa Securink Corp.*, No. CIV. A. 92-1512,
    1994 WL 236018 (D.D.C. May 17, 1994)....................................................................13

*Beecham v. Socialist People's Libyan Arab Jamahiriya*,
    No. 01-2243, 2007 WL 1020810 (D.D.C. Mar. 31, 2007) .....................................11

*Ben-Rafael v. Islamic Republic of Iran*,
    540 F. Supp. 2d 39 (D.D.C. 2008)..............................................................................10

*BNSF Ry. Co. v. O'Dea*,
    572 F.3d 785 (9th Cir. 2010) ........................................................................................8

*Bodoff v. Islamic Republic of Iran*,
    424 F. Supp. 2d 74 (D.D.C. 2006)..............................................................................11

*Booking v. Gen. Star Mgmt., Co.*,
    254 F.3d 414 (2d Cir. 2001) .............................................................................10 n.5, 14

*Brennan v. Nat'l Tel. Directory Corp.*,
    850 F. Supp. 331 (E.D. Pa. 1994) ...............................................................................13

*Burger King Corp. v. Ashland Equities, Inc.*,
    181 F. Supp. 2d 1366 (S.D. Fla. 2002) ........................................................................6

*City of Chicago v. Int'l Coll. of Surgeons*,
    522 U.S. 156 (1997)........................................................................................................8

*Crucible Materials Corp. v. Aetna Cas. & Sur. Co.*,
    228 F. Supp. 2d 182 (N.D.N.Y. 2001).......................................................................15

*Darby v. Societe Des Hotels Meridien*, No. 88 Civ. 7604 (RWS),
    1999 U.S. Dist. Lexis 9744 (S.D.N.Y. 1999) .......................................................10

*Doe v. ExxonMobil Corp.*, No. 09-7125,
    2011 U.S. App. LEXIS 13934 (D.C. Cir. July 8, 2011) ........................................15

*Estate of Botvin ex rel. Ellis v. Islamic Republic of Iran*, No. CIV.A. 05-0220 RMU,
    2011 WL 1097450 (D.D.C. Mar. 25, 2011) .............................................................14

iii

*Estate of Miller ex rel. Miller v. Thrifty Rent-A-Car Sys., Inc.,*
609 F. Supp. 2d 1235 (M.D. Fla. 2009)...................................................................10, 13, 15

*Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.,*
637 F. Supp. 2d 1029 (M.D. Fla. 2009)...................................................................14

*Fieger v. Pitney Bowes Credit Corp.,*
251 F.3d 386 (2d Cir. 2001)....................................................................................13

*Greaves v. State Farm Ins. Co.,*
984 F. Supp. 12 (D.D.C. 1997)...............................................................................15

*Green v. Hale,*
433 F.2d 324 (5th Cir. 1970)...................................................................................8

*In re ConAgra Peanut Butter Prods. Liab. Litig.,* No. 1:07-md-1845, 2008 WL 2132233
(N.D. Ga. May 21, 2008)..........................................................................................13

*In re Enter.e Rent-A-Car Wage & Hour Employment Practices Litig.,*
735 F. Supp. 2d 277 (W.D. Pa. 2010) ...................................................................10 n.5

*In re Optimal U.S. Litig.,* No. 10 CIV. 4095 SAS,
2011 WL 1676067 (S.D.N.Y. May 2, 2011) .........................................................14

*Int'l Bus. Machs. Corp. v. Liberty Mut. Ins. Co.,*
363 F.3d 137 (2d Cir. 2004) ..................................................................................10 n.5, 15

*Int'l Ins. Co. v. Johns,*
874 F.2d 1447 (11th Cir. 1989) .............................................................................10 n.5

*Judge v. Am. Motors Corp.,*
908 F.2d 1565 (11th Cir. 1990) .............................................................................10, 15, 17

*Meredith v. Winter Haven,*
320 U.S. 228 (1943)................................................................................................8

*Olympia Hotels Corp. v. Johnson Wax Dev. Corp.,*
908 F.2d 1363 (7th Cir. 1990) ...............................................................................8

*Orme-Ellis v. Estate of Gardner Harrison Stubbee,* No. Civil 10-0543 (JBS/AMD),
2010 WL 4852434 (D.N.J. Nov. 22, 2010) ..........................................................16

*Oveissi v. Islamic Republic of Iran,*
573 F.3d 835 (D.C. Cir. 2009)...............................................................................19

*Roe I v. Bridgestone Corp.,*
492 F. Supp. 2d 988 (S.D. Ind. 2007)....................................................................12

*Romero v. Drummond Co.*, No. 03-0575 (Dkt. No. 329)
(N.D. Ala. Mar. 5, 2007) ................................................................................12

*Seguros Comercial Am. v. Hall*,
115 F. Supp. 2d 1371 (M.D. Fla. 2000).........................................................8

*Smith v. Merial Ltd.*, Civ. No. 10-439,
2011 WL 2119100 (D.N.J. May 26, 2011).....................................................13

*Speedmark Transp., Inc. v. Mui*, No. 11 Civ. 0722 (AJP),
2011 WL 1533042 (S.D.N.Y. Apr. 21, 2011) ................................................13

*Wai v. Rainbow Holdings*,
350 F. Supp. 2d 1019 (S.D. Fla. 2004)...........................................................13

*Z.K. Marine Inc. v. M/V Archigetis*,
808 F. Supp. 1561 (S.D. Fla. 1992) ................................................................6

**STATE CASES**

*Babcock v. Jackson*,
191 N.E.2d 279 (N.Y. 1963)............................................................................15

*D'Agostino v. Johnson & Johnson*,
628 A.2d 305 (N.J. 1993) ................................................................10, 18, 19

*Fox v. Morrison Motor Freight, Inc.*,
267 N.E.2d 405 (Ohio 1971) ..........................................................................18

*Harris v. Berkowitz*,
433 So. 2d 613 (Fla. Dist. Ct. App. 1983) ......................................................16

*In re Estate of Delaney*,
819 A.2d 968 (D.C. 2003) ...............................................................................19

*Herbert v. District of Columbia*,
808 A.2d 776 (D.C. 2002) ...............................................................................16

*Kaiser-Georgetown Cmty. Health Plan, Inc. v. Stutsman*,
491 A.2d 502 (D.C. 1985) ...............................................................................19

*K.T. v. Dash*,
827 N.Y.S.2d 112 (N.Y. App. Div. 2006) .....................................................17, 18

*P.V. ex rel. T.V. v. Camp Jaycee*,
962 A.2d 453 (N.J. 2008) ...............................................................................15, 18

*Rymer v. Pool,*
    574 A.2d 283 (D.C. 1990) ............................................................................... 14

*State ex. rel. Connor v. McGough,*
    546 N.E.2d 407 (Ohio 1989) ........................................................................... 11

**FEDERAL LAW**

28 U.S.C. § 1332 ................................................................................................ 8, 9

28 U.S.C. § 1367(d) ............................................................................................... 9

28 U.S.C. § 1407 ..................................................................................................... 9

**STATE LAW**

D.C. Code § 16-2701 ............................................................................................ 11

Ohio Rev. Code Ann. § 2125.01 ........................................................................... 17

**TREATISES**

Restatement (Third) of Foreign Relations Law
    §§ 402, 404, Part IV, Ch. 1, Subch. A, Introductory Note (1987) ............... 9, 11, 12

Restatement (Second) of Conflict of Laws
    §§ 6, 10, 136, 145 (1971) ........................................................................ 11, 14, 16

Plaintiffs in the above-captioned cases hereby move for reconsideration of Parts III and IV of this Court's June 3, 2011, Opinion and Order, and ask the Court to retain jurisdiction over Plaintiffs' non-federal claims.

## I. INTRODUCTION

Plaintiffs' complaints assert several claims against Defendants ("Chiquita") founded on state tort law or, in the alternative, Colombian law, including assault and battery, wrongful death, and negligence. In its June 3, 2011, Opinion and Order (Dkt. No. 412) ("Order"), the Court dismissed these claims, finding that state tort law cannot apply to injuries in Colombia, and declining to exercise supplemental jurisdiction over Colombian law claims. Order at 86-90.

Plaintiffs respectfully request that this Court reconsider these rulings and reinstate the non-federal claims. Reconsideration is warranted where a court has based a decision on issues not raised by the parties. Here, no party ever raised or addressed the issue of whether the Court had any discretion to decline to exercise jurisdiction. This alone is sufficient to warrant reconsideration of the Colombia law claims. Moreover, although Chiquita initially argued that the non-federal claims in two of the complaints should be dismissed because state law could not apply extraterritorially, Chiquita abandoned this argument after these complaints pled Colombian law, and never raised this argument with respect to the other complaints at issue. This warrants reconsideration of the conclusion that state law does not apply.

Reconsideration is also warranted where a decision is clearly erroneous or would result in manifest injustice. This Court cannot decline jurisdiction over any of the non-federal claims, because each complaint properly pled diversity jurisdiction in addition to supplemental jurisdiction, and the Court has no discretion to decline diversity jurisdiction.

The Court also erred in ruling that state law does not apply extraterritorially because the

injury alleged in this case did not have or was not intended to have "a substantial impact within the states." Order at 87. While such an impact is listed as a requirement for extraterritorial application of public law (such as tax, antitrust, securities regulation, or labor law) in the Restatement (Third) of Foreign Relations Law, this requirement does not apply to tort law. Instead, the applicable rules are the conflicts-of-laws rules of the states in which each case in the multidistrict litigation was originally filed. Under these choice-of-law rules, states may apply their state tort law to extraterritorial injuries, and each of these states has done so.

Although it is clear that state law *can* apply to these claims, the Court should not have determined the applicable law at this stage of the case, because choice-of-law questions require a fact-specific inquiry on an issue-by-issue basis and do not even arise where no party has demonstrated an actual conflict. Chiquita did not urge application of any law other than the law Plaintiffs pled. Therefore, no choice-of-law dispute was submitted to the Court for resolution. Because no party demonstrated a true conflict between Colombian law and the state law pled by Plaintiffs, the Court should not have inquired as to whether Colombian law or state law governed these claims. Finally, even if it the Court were to consider choice-of-law issues, such an inquiry may well result in the application of state law to injuries in Colombia.

Plaintiffs therefore respectfully request that this Court reconsider its decision and reinstate the Plaintiffs' state and Colombian law claims.

## II. BACKGROUND

### A.     The motions and complaints at issue.

This Court's order of June 3, 2011 (Dkt. No. 412) ("Order"), applies to seven of the ATS complaints in this multi-district litigation. These include five complaints addressed in Chiquita's April 9, 2010, Consolidated Motion to Dismiss the Amended Complaints (Dkt. No. 295):

- *Does (1-144) and Perezes (1-95) v. Chiquita Brands Int'l, Inc.*, No. 08-cv-80465, originally filed June 7, 2007, in the District of the District of Columbia, operative First Amended Complaint filed March 1, 2010 (Dkt. No. 287) ("*Does 1-144* Compl.");

- *Carrizosa v. Chiquita Brands Int'l, Inc.*, No. 07-cv-60821, originally filed June 13, 2007, in the Southern District of Florida, operative First Amended Complaint filed February 26, 2010 (No. 07-60821 Dkt. No. 84) ("*Carrizosa* Compl.");

- *Doe 1 v. Chiquita Brands Int'l, Inc.*, No. 08-cv-80421, originally filed July 19, 2007, in the District of New Jersey, operative First Amended Complaint filed February 26, 2010 (Dkt. No. 285) ("NJ Compl.");

- *Does 1-619 v. Chiquita Brands Int'l, Inc.*, No. 08-cv-80480, originally filed November 11, 2007, in the Southern District of New York, operative Fifth Amended Complaint filed February 26, 2010 (Dkt. No. 283) ("NY Compl.");

- *Lopez v. Chiquita Brands Int'l, Inc.*, No. 08-cv-80508, originally filed May 13, 2008, in the Southern District of Florida, operative Second Amended Complaint filed February 26, 2010 (Dkt. No. 284) ("*Lopez* Compl.").

The Order also applies to the two complaints addressed in Chiquita's May 4, 2010, Motion and Memorandum in Support of Consolidated Motion to Dismiss (Dkt. Nos. 313 & 314):

- *Does 1-976 v. Chiquita Brands Int'l, Inc.*, No. 10-cv-80652, filed March 9, 2010, in the District of the District of Columbia (Dkt. No. 329) ("*Does 1-976* Compl.");

- *Montes v. Chiquita Brands Int'l, Inc.*, No. 10-cv-60573, filed April 14, 2010, in the Southern District of Florida. (Dkt. No. 325) ("*Montes* Compl.").

In addition to these motions, Chiquita had filed separate motions to dismiss the *Carrizosa* case and the *Does 1-144* case prior to the MDL transfer, as well as a consolidated motion to dismiss the NJ case, the NY case, and the *Lopez* case (Dkt. Nos. 92 & 93). Plaintiffs filed several consolidated and separate oppositions to these motions (Dkt. Nos. 105, 109, 110, 111, 314, 316, 318, 319, 321, & 322).

**B.**     **The complaints pled claims under state and Colombian law founded on diversity jurisdiction.**

Each complaint pled claims under state law, and Colombian law in the alternative, in addition to federal claims. *See Carrizosa* Cmplt. ¶ 94 (pleading Ohio, New Jersey, Florida, and Colombia law); NJ Compl. ¶ 168 (pleading New Jersey and Colombia law); *Does 1-144* ¶ 168 (pleading New Jersey and Colombia law); NY Compl. ¶ 1 (pleading Ohio and Colombia law); *Lopez* Compl. ¶ 841 (pleading Ohio, New Jersey, Florida, and Colombia law); *Montes* Compl. ¶ 457 (pleading Ohio and Colombia law); *Does 1-976* Compl. ¶¶ 2-3 (pleading Ohio, New Jersey, Florida, D.C., and Colombia law).

In addition to pleading supplemental jurisdiction under 28 U.S.C. § 1367 over their non-federal claims, each complaint also pled jurisdiction under 28 U.S.C. § 1332. *See Carrizosa* Compl. ¶¶ 3-4; NJ Compl. ¶¶ 3-4; *Does 1-144* Compl. ¶¶ 3-4; NY Compl. ¶ 1; *Lopez* Compl. ¶ 2-3; *Montes* Compl. ¶¶ 6-7; *Does 1-976* Compl. ¶¶ 2-3. In addition to ordinary diversity jurisdiction, each complaint except *Carrizosa*[1] is either a class action or qualifies as a "mass action" under 28 U.S.C. § 1332(d)(11), because it includes at least 100 plaintiffs, and is therefore also subject to diversity jurisdiction under section 1332(d).

**C.**     **The motions to dismiss did not challenge this Court's jurisdiction, and Chiquita only challenged the applicability of state law in two cases, and then abandoned this argument.**

Nowhere in Chiquita's motion to dismiss briefing did they suggest that the Court should, or could, decline to exercise jurisdiction over the non-federal claims. Instead, Chiquita argued that the complaints failed to state a claim, Defs.' Mem. in Supp. of Consolidated Mot. to Dismiss Compls. (Dkt. No. 93) 68-71; that the claims were barred by the statute of limitations, *id.* at 71-

---

[1] In the Second Amended Complaint (No. 07-60821 Dkt No. 118), filed on July 7, 2011, *Carrizosa* likewise qualifies as a mass action.

73; and that the plaintiffs lacked standing to bring suit, *id.* at 66-68. *See also* Defs.' Mem. in Supp. of Consolidated Mot. to Dismiss Am. Compls. (Dkt. No. 295-1) 32-34 (arguing that there was no cause of action under state law); Reply in Supp. Of Defs' Consolidated Mot. to Dismiss Compls. (Dkt. No. 148-2) 40-45 (contending that the state law claims lacked the appropriate elements and fell outside the statute of limitations).

In the original, pre-MDL motions to dismiss the *Carrizosa* case and the *Does 1-144* case, Chiquita did argue that the claims should be dismissed because Florida and D.C. law, respectively, did not apply extraterritorially. *See Does 1-144* Defs.' Mot. to Dismiss Compl. (1:07-01048-PLF Dkt. No. 11) (filed in D.D.C) at 41-42; *Does 1-144* Def. Reply in Supp. of Mot. to Dismiss Compl. (1:07-01048-PLF Dkt. No. 18) (filed in D.D.C) at 24-25; *Carrizosa* Defs.' Mem. in Supp. of Mot. to Dismiss Compl. (0:07-cv-60821-KAM Dkt. No. 33-1) (filed in S.D. Fla.) at 35-36; *Carrizosa* Defs.' Reply in Supp. of Mot. to Dismiss Compl., (0:07-cv-60821-KAM Dkt. No. 45) (filed in S.D. Fla.) at 24-25. But Chiquita never raised this argument in any of its three consolidated motions to dismiss in the MDL. Even with respect to *Does 1-144* and *Carrizosa*, Chiquita failed to renew its argument after these cases amended their complaints to plead Colombian law in the alternative; Chiquita never suggested the existence of any conflict of laws, and never suggested that the Court make a choice-of-law determination.

Chiquita never argued that any law applied other than that primarily pled by Plaintiffs. Chiquita responded to the state law claims as pled, objecting based on the substance of that state's law, and never urged application of Colombian law to any case. Chiquita's only mention of Colombian law was its response to the NJ Plaintiffs' suggestion, in the alternative, that Colombian statutes of limitations might apply; Chiquita resisted this idea. *See* Reply in Supp. of Defs.' Consolidated Mot. to Dismiss Compls. (Dkt. No. 148) at 44. Because Chiquita never

urged application of Colombian law, the Plaintiffs focused their arguments in support of the non-federal claims on the issues that Chiquita did raise. The Plaintiffs argued that they had properly stated claims under state law, *see* N.J. Pls.' Separate Mem. of Law in Opp'n to Defs.' Mot. to Dismiss State Law Claims (Dkt. No. 109) 1[2]; that the action was timely due to various tolling arguments, *id.* at 4-9[3]; and that they had standing to assert non-federal claims because nonresidents may bring suit in U.S. courts. Pls.' Supplemental Resp. in Opp'n to Defs.' Consolidated Mot. to Dismiss the Compls. (Dkt. No. 321) 33-35; *Montes* Pls.' Separate Opp'n to Defs.' Consolidated Mot. To Dismiss (Dkt. No. 322) 4-5.

## III. ARGUMENT

**A.    Reconsideration is warranted where claims were dismissed on grounds not raised by the parties or where manifest injustice would otherwise result.**

Courts in this District have cited several reasons that warrant the granting of a motion for reconsideration; at least two are applicable here. First, a motion for reconsideration is appropriate where a court "'has made a decision outside the adversarial issues presented to the Court by the parties.'" *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Second, when there is "the need to correct clear error or prevent manifest injustice" if the ruling were enforced, then a motion for reconsideration should be granted. *See Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Although each factor individually warrants reconsideration, both factors are present here.

---

[2] *See also Valencia* Pls.' Separate Resp. in Opp'n To Defs.' Mot. To Dismiss (Dkt. No. 110) 7-11.
[3] *See also* NY Pls.' Mem. of Law in Opp'n to Chiquita's Mot. To Dismiss State Law Diversity Claims (Dkt. No. 105) 7-11; *Valencia* Pls.' Separate Resp. in Opp'n To Defs.' Mot. To Dismiss (Dkt. No. 110) 4-7.

**B.**     **Reconsideration is warranted because this Court's Order addressed issues not raised or briefed by the parties.**

The parties' briefs largely did not address the issues upon which this Court dismissed the non-federal claims. Plaintiffs responded to each argument made in Chiquita's motions, but for the most part had no opportunity to present their position on the questions that the Court ultimately decided.

The Court declined to retain supplemental jurisdiction over any Colombian law claims, whether pled under Ohio's wrongful death statute or directly under Colombian law. Order at 88, 90. Chiquita had not suggested that declining jurisdiction was an option in any case. Thus, none of the Plaintiffs had any opportunity to address whether the Court could decline jurisdiction.

Moreover, the Court ruled that the tort laws of Florida, New Jersey, Ohio, and the District of Columbia do not apply extraterritorially because the allegations do not have a "substantial effect" on the states and they are not "matters of universal concern recognized by the community of nations." *Id.* at 87. But Plaintiffs in five of the cases at issue were given no opportunity to respond to the question of the extraterritorial application of U.S. state law. This Court's Order is based in part on arguments raised by Chiquita before all Plaintiffs pled Colombian law in the alternative, relying on the original *Carrizosa* and *Does 1-144* motions to dismiss instead of the relevant briefing. Chiquita had not raised this argument with respect to any of the cases following the first two, and had abandoned the argument with respect to those.

As discussed below, deciding these issues in the absence of briefing from the parties led to clear errors in the Court's Order, which if allowed to stand would result in manifest injustice.

**C.**     **Declining to retain jurisdiction is clearly erroneous where diversity jurisdiction was properly pled.**

Regardless of whether the Court was within its discretion to decline to exercise

supplemental jurisdiction over the non-federal claims, the dismissal of those claims was clearly erroneous because plaintiffs pled jurisdiction under 28 U.S.C. § 1332, and there is no discretion to decline diversity jurisdiction.[4] *See, e.g.*, *Meredith v. Winter Haven*, 320 U.S. 228, 236 (1943) ("Congress having adopted the policy of opening the federal courts to suitors in all diversity cases involving the jurisdictional amount, we can discern in its action no recognition of a policy which would exclude cases from the jurisdiction merely because they involve state law or because the law is uncertain or difficult to determine."); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 189 (1997) (Ginsburg, J., dissenting) ("Section 1367(c), which concerns supplemental jurisdiction, will have no utility in diversity cases where, if jurisdiction exists, it is generally not within the court's discretion to 'decline.'"); *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 n.2 (9th Cir. 2010) (Fisher, J., concurring) ("[T]he diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims."); *Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1365 (7th Cir. 1990) (although "ancillary, like pendent, jurisdiction is discretionary . . . diversity jurisdiction is mandatory" (internal citation omitted)).

The Court's Order does not address the fact that it was dismissing diversity claims, and never held that Plaintiffs failed to meet the statutory conditions for jurisdiction under section 1332. Indeed, Chiquita never even suggested that such jurisdiction was improperly invoked. This is additionally erroneous because a district court cannot dismiss a diversity claim without an explanation. *See Green v. Hale*, 433 F.2d 324, 329 (5th Cir. 1970); *Seguros Comercial Am. v. Hall*, 115 F. Supp. 2d 1371, 1382 (M.D. Fla. 2000). Because the Court erred in concluding that

---

[4] Plaintiffs do not know whether this point is disputed. While counsel for Chiquita indicated that they would oppose this motion, they declined to say whether they believed that diversity jurisdiction exists over these claims.

non-federal claims under Colombian law could be dismissed under a discretionary denial of supplemental jurisdiction, despite—and indeed without analysis of—diversity jurisdiction, this Court should grant reconsideration and retain jurisdiction over the non-federal claims.

Indeed, if this Court's ruling were to stand, Plaintiffs would be entitled to re-file claims under Colombian law in one or more actions in state court. *See* 28 U.S.C. § 1367(d). Given the number of plaintiffs in this case and the minimal diversity between the parties, those claims would be subject to removal under 28 U.S.C. § 1332(d). Once removed, they could then be re-joined with the MDL as follow-on cases. *See* 28 U.S.C. § 1407. But none of this is necessary or proper, because Plaintiffs already invoked 28 U.S.C. § 1332 as a basis of jurisdiction.

**D.     Reconsideration should be granted because the Court committed clear error in ruling that state tort law does not apply to extraterritorial injuries.**

The Court further erred in concluding that state tort law cannot apply to the tort claims here. In fact, each of the relevant states has applied their state law to extraterritorial injury. The Court mistakenly relied on the Restatement (Third) of Foreign Relations Law, which does not apply to the tort law at issue in this case. Instead, each state's ordinary choice-of-law rules govern whether courts should apply state law or foreign law to issues arising in cases in which the injury occurs abroad.

Under the proper body of law—which is conflict of laws jurisprudence—the Court should not have determined whether state law was applicable at all. It is premature to do so; moreover, the predicate for a choice-of-law analysis, a showing that there is a true conflict between potentially applicable laws, is lacking. Accordingly, the Court need not and cannot decide at this juncture whether Colombian or state law will apply to any of the various issues in these cases.

9

1. **The Court's ruling constituted clear error because state tort law may apply to extraterritorial injury regardless of whether it has a substantial effect within the state.**

The Court's conclusion that state law cannot apply is contradicted by cases in each of the relevant jurisdictions allowing state tort law to apply to extraterritorial conduct, subject to ordinary conflicts of laws rules.[5] *See Judge v. Am. Motors Corp.*, 908 F.2d 1565, 1566-67 (11th Cir. 1990) (citing *Bishop v. Florida Specialty Paint Co.*, 398 So. 2d 999 (Fla. 1980)) (determining that Florida and Michigan had a more significant relationship than Mexico where injury was an automobile accident that occurred in Mexico and remanding to determine which of the two states' tort law would apply); *D'Agostino v. Johnson & Johnson*, 628 A.2d 305, 321 (N.J. 1993) (applying New Jersey law to wrongful discharge in Switzerland); *Darby v. Societe Des Hotels Meridien*, No. 88 Civ. 7604 (RWS), 1999 U.S. Dist. Lexis 9744 (S.D.N.Y. 1999) (applying New York law in tort case in which the harm occurred outside the United States); *see also Estate of Miller ex rel. Miller v. Thrifty Rent-A-Car Sys., Inc.*, 609 F. Supp. 2d 1235 (M.D. Fla. 2009) (considering Florida law but applying Oklahoma law to a case arising out of an automobile accident in South Africa subject to Florida's significant relationships test).

In addition, Florida, the District of Columbia, and Ohio have applied their wrongful death statutes extraterritorially. *See Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 58

---

[5] To the extent a court needs to undertake a choice-of-law analysis, federal courts apply the choice-of-law rules of the forum in which the case was filed. Because the cases here were filed in Florida, New York, New Jersey, and the District of Columbia, the choice-of-law rules of those jurisdictions apply to determine the applicable law for any diversity or supplemental jurisdiction claims. *See Int'l Ins. Co. v. Johns*, 874 F.2d 1447, 1458 n.19 (11th Cir. 1989) (in diversity actions, federal courts follow the choice-of-law rules of the state in which the court sits); *Booking v. Gen. Star Mgmt., Co.*, 254 F.3d 414, 419 (2d Cir. 2001)(same); *In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 735 F. Supp. 2d 277, 306 (W.D. Pa. 2010) ("When analyzing claims under state law, the [MDL] transferee court must apply the state law that would have applied had the cases not been transferred for consolidation." (internal quotations omitted)).

(D.D.C. 2008); *see also Beecham v. Socialist People's Libyan Arab Jamahiriya*, No. 01-2243, 2007 WL 1020810 (D.D.C. Mar. 31, 2007) (applying the District of Columbia wrongful death statute, § 16-2701, to a case in which two Americans were killed in a bombing in Germany), *Bodoff v. Islamic Republic of Iran*, 424 F. Supp. 2d 74 (D.D.C. 2006) (awarding damages under § 16-2701 in an action arising from a bus bombing in Jerusalem); *State ex. rel. Connor v. McGough*, 546 N.E.2d 407 (Ohio 1989) (acknowledging the applicability of the Ohio wrongful death statute, which directs courts to apply the law of the forum in which injury occurred, to extraterritorial injury in a case arising out of Germany, but declining to decide based on want of personal jurisdiction).

These cases exemplify the hornbook principle that courts faced with a tort claim arising at least in part abroad apply ordinary choice-of-law principles to determine whether the law of the forum or the law of site of the injury applies. Thus, the choice-of-law rules in the Restatement (Second) of Conflict of Laws "apply to cases with elements in one or more states of the United States and are generally applicable to cases with elements in one or more foreign nations." Restatement (Second) of Conflict of Laws § 10 (1971). Indeed, *every* state has an established body of choice-of-law rules for determining such questions, and such rules do not violate international law.

The Court looked to sections 402 and 404 of the Restatement (Third) of Foreign Relations Law, and reasoned that because plaintiffs did not allege that Chiquita's conduct "had or was intended to have a substantial effect within the states," the state laws of the aforementioned states do not apply to conduct or injury outside the United States. Order at 87. But sections 402 and 404 do not apply to tort law. Rather, those sections "concentrate[] on so-called public-law—tax, antitrust, securities regulation, labor law, and similar legislation."

11

Restatement (Third) of Foreign Relations Law, Part IV, Ch. 1, Subch. A, Introductory Note (1987). This reflects the critical distinction between the power to adjudicate a tort claim and the power to enact substantive public law rules. States may—and, as shown above, do—apply their civil law to torts that occur outside their territorial jurisdiction.[6]

The Court also relied on two cases to support its ruling that state tort laws cannot apply to the conduct at issue: *Roe I v. Bridgestone Corp.*, 492 F. Supp. 2d 988, 1024 (S.D. Ind. 2007),[7] and *Romero v. Drummond Co.*, No. 03-0575, (Dkt. No. 329) at 2 (N.D. Ala. Mar. 5, 2007). Neither of these cases is controlling in any of the jurisdictions at issue and they have no bearing on the present case. The Court should follow the applicable law of the jurisdictions at issue.

    **2.   The District Court erred because it should not have decided whether state laws applied at this stage in the case.**

The Court's determination that state law does not apply was also error because, under the applicable conflicts principles, it is premature to consider whether state law applies to the various issues in this case, and the threshold showing triggering the analysis, a showing of a true conflict, has not been met. Nor have Plaintiffs had any opportunity to address the most appropriate law to apply to the non-federal claims. Plaintiffs have shown above that the non-federal claims cannot be dismissed; the Court need not determine now what law will control the various issues that arise under those claims.

---

[6] Even with respect to public law, the Restatement would permit the application of U.S. law here. Chiquita is a U.S. national, and a nation has jurisdiction to prescribe law with respect to its nationals, whether outside or within its territory. Restatement (Third) of Foreign Relations Law § 402(2).

[7] Indeed, even if *Roe I v. Bridgestone Corp.* were controlling on the instant case, it offers little guidance. The court in *Roe I* simply ruled that the plaintiffs did not sufficiently "articulate[] a viable basis for applying California law . . . to the management of the Plantation in Liberia." 492 F. Supp. 2d at 1024. This does not indicate that California could not apply to such an action had the plaintiffs more effectively made their case, or that other states may not prescribe their state laws to extraterritorial injury in other cases.

      a.  *Deciding whether state tort law applied to extraterritorial injury was premature at this stage because such determinations are decided issue-by-issue and require a complete factual record.*

Choice-of-law cannot be resolved at this juncture. First, choice-of-law is typically a fact-dependent inquiry. Therefore, engaging in a choice-of-law analysis before the factual record has been developed would be premature, except to the limited extent necessary to determine threshold issues. *See, e.g., Smith v. Merial Ltd.*, Civ. No. 10-439, 2011 WL 2119100, at *2-3 (D.N.J. May 26, 2011) (stating that choice-of-law questions require a full factual record); *Speedmark Transp., Inc. v. Mui*, No. 11 Civ. 0722 (AJP), 2011 WL 1533042, at *4 (S.D.N.Y. Apr. 21, 2011) (declining to decide choice-of-law at the motion to dismiss stage because the factual record was insufficient for New York's context-specific choice-of-law rules); *In re ConAgra Peanut Butter Prods. Liab. Litig.*, No. 1:07-md-1845, 2008 WL 2132233, at *1 (N.D. Ga. May 21, 2008); *Wai v. Rainbow Holdings*, 350 F. Supp. 2d 1019, 1022 (S.D. Fla. 2004); *see also Brennan v. Nat'l Tel. Directory Corp.*, 850 F. Supp. 331, 340 (E.D. Pa. 1994) (noting that, at the motion to dismiss stage, a plaintiff may properly plead domestic and foreign law in the alternative without making an election).

Second, choice-of-law is not decided wholesale for an entire case but rather is determined issue-by-issue. *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 397, n.1 (2d Cir. 2001); *Smith*, 2011 WL 2119100, at *3; *Speedmark*, 2011 WL 1533042, at *4; *Miller*, 609 F. Supp. 2d at 1251; *Beals v. Sicpa Securink Corp.*, No. CIV. A. 92-1512, 1994 WL 236018, at *2 (D.D.C. May 17, 1994). In the absence of any choice-of-law briefing, there is no choice-of-law question before the Court with respect to any issue. Thus, the Court cannot even identify which issues foreign law might control, let alone determine whether, under the choice-of-law rules of the relevant states, those issues are more properly resolved under foreign or domestic law. Here, all complaints

13

primarily urged the application of U.S. state law and pled Colombian law in the alternative, but there was and is no need to decide between these laws at this stage. As the facts and legal issues in the case become clarified through the course of litigation, a choice-of-law analysis may become necessary, but this was not a dispute that needed to or could be resolved at this point.

> b. *Deciding whether state tort law applied to extraterritorial injury was improper because none of the parties have alleged a true conflict between Colombian law and the laws of the various states alleged in this case.*

As noted above, because there is no limitation on the application of state law here, the proper vehicle for determining whether state law applies to the non-federal claims in this case is a conflicts analysis. But such an analysis is not called for at this stage because no conflict of laws has been presented. If the parties do not disagree about the applicable law, courts typically apply forum law (or the law agreed upon by the parties). *See Rymer v. Pool*, 574 A.2d 283, 285 (D.C. 1990); *see generally* Restatement (Second) of Conflict of Laws § 136 cmt. h. Here, most of the cases primarily pled the law of the forum in which they were filed, except for the NY case and *Montes*, which pled Ohio law. Although Plaintiffs pled Colombian law in the alternative, no party urged application of Colombian law, except for the NJ Plaintiffs' suggestion (again in the alternative) that Colombian statutes of limitations may apply.

Even if the parties had actually urged application of different states' or countries' laws, the next step would have been to determine whether a true or actual conflict exists. As is the case where the parties do not dispute the proper law, courts do not apply a choice-of-law analysis unless there is a true conflict. *Booking*, 254 F.3d at 419; *In re Optimal U.S. Litig.*, No. 10 CIV. 4095 SAS, 2011 WL 1676067, at *12 (S.D.N.Y. May 2, 2011); *Estate of Botvin ex rel. Ellis v. Islamic Republic of Iran*, No. CIV.A. 05-0220 RMU, 2011 WL 1097450, at *4 n.4 (D.D.C. Mar. 25, 2011); *Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 637 F. Supp. 2d 1029, 1036 (M.D.

Fla. 2009); *P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 460 (N.J. 2008).

A false conflict may exist "(1) where the laws of the different sovereigns are the same; (2) where the laws of the different sovereigns are different but would produce the same outcome under the facts of the case; or (3) when the policies of one state would be furthered by the application of its laws while the policy of the other state would not be advanced by the application of its laws." *Miller*, 609 F. Supp. 2d at 1244; *accord Greaves v. State Farm Ins. Co.,* 984 F. Supp. 12, 14 (D.D.C. 1997); *see also Int'l Bus. Machs.*, 363 F.3d at 143-44 (holding that there was no conflict of law where the substantive law did not differ); *Crucible Materials Corp. v. Aetna Cas. & Sur. Co.,* 228 F. Supp. 2d 182, 187 (N.D.N.Y. 2001) (explaining that "[a] 'false conflict' exists when only one jurisdiction's governmental interests would be impaired by the application of the other jurisdiction's law"); *Camp Jaycee,* 962 A.2d at 460. With the exception of statutes of limitations, there was no evidence before the Court that Colombian law differed from the state law pled in any material respect. No one demonstrated that Colombian law is different from the various state laws pled, that such difference would produce a different outcome here, or that Colombian policy would be advanced by the application of Colombian law. In the absence of a true conflict, there was and is no dispute for the Court to resolve.

**3.      Although deciding choice-of-law is not called for at this stage of the case, state law may well apply to these claims under applicable state choice-of-law rules.**

Even if a choice-of-law determination were appropriate at this stage, such a determination may well result in the application of state law for many issues in this case. The Restatement (Second) of Conflict of Laws has been adopted by each relevant state. *See Doe v. ExxonMobil Corp.*, No. 09-7125, 2011 U.S. App. LEXIS 13934, at *171 (D.C. Cir. July 8, 2011); *Judge*, 908 F.2d at 1567; *Camp Jaycee*, 962 A.2d at 460; *Babcock v. Jackson*, 191 N.E.2d

15

279, 283-84 (N.Y. 1963). In addition, the District of Columbia, Florida, and New Jersey each

apply the Restatement to choice-of-law questions for claims brought under their wrongful death

statutes. *See Orme-Ellis v. Estate of Gardner Harrison Stubbee*, No. Civil 10-0543 (JBS/AMD),

2010 WL 4852434, at *2-3 (D.N.J. Nov. 22, 2010) (citing *Lebergern v. Forman*, 471 F.3d 424,

429 (3d Cir. 2006)); *Herbert v. District of Columbia*, 808 A.2d 776, 779 (D.C. 2002); *Harris v.

Berkowitz*, 4333 So. 2d 613, 613-14 (Fla. Dist. Ct. App. 1983).

According to the Restatement, unless there is a statute to the alternative, courts should

consider:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states
>     in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

*Id.* § 6(2). Relevant contacts include:

> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicil, residence, nationality, place of incorporation and place of business of the
>     parties, and
> (d) the place where the relationship, if any, between the parties is centered.

*Id.* § 145(2). Without knowing the particular issue for which applicable law is being determined,

it is impossible to undertake this analysis fully, but prior cases in each of the relevant

jurisdictions suggest that state law certainly may apply to many issues here.

16

a. *Florida*

Even where foreign law is urged in a case of extraterritorial injury, Florida law may apply if the foreign government has little interest in seeing its conflicting law apply. *Judge*, 908 F.2d at 1567 (citing *Bishop v. Florida Specialty Paint Co.*, 398 So. 2d 999 (Fla. 1980)). In *Judge*, the court considered whether to apply Florida, Michigan, or Mexican wrongful death law to a case in which two people were killed in an automobile accident in Mexico. *Id.* at 1566-67. Mexican law would have substantially limited the plaintiff's recovery, but because the case was not filed in Mexico and the defendant was not Mexican, Mexico had only "a slight interest" in applying its law. *Id.* at 1572. The court ultimately determined that either Florida or Michigan law should apply, and remanded the case for further determination of which state's law should be applied. *Id.* at 1575. *Judge* demonstrates that even where injury occurs abroad, the law of the country where the injury occurs does not necessary apply, if its interests are not be furthered by application in that particular case.

b. *New York*

If a true conflict exists, New York courts apply an interests analysis to determine which forum has "the greatest concern in the issues raised." *K.T. v. Dash*, 827 N.Y.S.2d 112, 116 (N.Y. App. Div. 2006). Courts (1) look to the significant contacts and the jurisdiction in which are they located and (2) determine whether the purpose of the possible state laws is to "regulate conduct" or "allocate loss." *Id.* If the law concerns loss allocation, courts will apply the law of the state where the injury was felt; in contrast, if the law is conduct regulating, courts will generally apply the law of the state in which the conduct giving rise to the injury took place. *Id.* (citation omitted). In *K.T.*, the court applied New York law in a case where the victim was raped in Brazil, because it did not believe there was a true conflict, but stated that even if there was a true

17

conflict, Brazil had neither significant contacts with the claim nor an interest in the application of its own law to tip the balance away from application of the law of the forum. *Id.* at 117-18.

Here, the NY Plaintiffs urged application of Ohio law, alleging that the conduct giving rise to the injury felt in Colombia occurred in Ohio. (The *Montes* Plaintiffs did likewise, under Florida conflicts rules.) Chiquita did not dispute this. Under *K.T.*, Ohio may well apply in this circumstance, because the decisions made by Chiquita in Ohio arguably violated the conduct-regulating norms of Ohio law, even though the injury occurred elsewhere. Indeed, the Court apparently accepted that Ohio law would apply, but concluded that the Ohio wrongful death statute, Ohio Rev. Code Ann. § 2125.01, would incorporate Colombian law; the Court then declined to retain jurisdiction to avoid "interpreting and ruling on complex and novel issues of Colombian common law." Order at 88. As noted above, however, there was no discretion to decline jurisdiction. Additionally, while section 2125.01 incorporates the Colombian statute of limitations, in the absence of a choice-of-law analysis it does not necessarily incorporate any other features of Colombian law. *See Fox v. Morrison Motor Freight, Inc.*, 267 N.E.2d 405, 409 (Ohio 1971).

        *c.  New Jersey*

New Jersey applies the significant relationships test from the Conflicts Restatement. *Camp Jaycee*, 962 A.2d at 460. In *D'Agostino*, 628 A.2d at 305, the New Jersey Supreme Court considered a wrongful discharge suit by a Swiss resident who worked in Switzerland for a foreign subsidiary of a New Jersey corporation. After noting that choice-of-law for each issue examines whether the "state's contacts are . . . related to the policies underlying its law," *id.* at 309 (internal quotation marks omitted), the court observed that, among other things, "New Jersey has an interest in providing a forum to allow legal redress to a plaintiff who may have been the

victim of a conspiracy, 'masterminded in New Jersey by a New Jersey corporation[.]'" *Id.* The court ultimately applied New Jersey law. *Id.* at 316. The instant case similarly concerns actions allegedly masterminded by a New Jersey corporation. Although conducted in Ohio, not New Jersey, Chiquita's actions were not masterminded in Colombia. Thus there is no reason to presume that Colombian law would displace New Jersey law here.

> d.   *District of Columbia*

The District of Columbia also applies a blending of the significant relationship test described above and the governmental interests test. *Oveissi v. Islamic Republic of Iran*, 573 F.3d 835, 842 (D.C. Cir. 2009). The governmental interests test requires courts to "'evaluate the governmental policies underlying the applicable laws and determine which jurisdiction's policy would be most advanced by having its law applied to the facts of the case under review.'" *Id.* (quoting *Hercules & Co., Ltd. v. Shama Rest. Corp.*, 566 A.2d 31, 41 (D.C. 1989)). Foreign law is only applied where "(1) [the foreign jurisdiction's] interest in the litigation is substantial, and (2) 'application of District of Columbia law would frustrate the clearly articulated public policy of that [jurisdiction].'" *In re Estate of Delaney*, 819 A.2d 968, 988 (D.C. 2003). Assuming Colombia's interest in this case is substantial, there has been no showing that the application of D.C. law would frustrate Colombia's public policy in any way. For example, in *Kaiser-Georgetown Cmty. Health Plan, Inc. v. Stutsman*, 491 A.2d 502 (D.C. 1985), the D.C. Court of Appeals applied D.C. law because even though both D.C. and Virginia had an interest in the case, the application of Virginia law "cannot be said to further that interest in these circumstances." *Id.* at 510. If the application of Colombian law here would not advance the policy animating that law, D.C. rules indicate that D.C. law would apply.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs'

Motion for Reconsideration of this Court's Order of June 3, 2011, and retain jurisdiction of the

non-federal claims.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movants has

conferred with counsel for Defendants in a good faith effort to resolve the issues but has been

unable to resolve the issues. Counsel for Defendants has indicated that Defendants intend to

oppose this Motion, but counsel for the movants has been unable to ascertain Defendants'

position on all of the issues presented in this Motion.


Date:   July 22, 2011                            Respectfully Submitted,
                                                 /s/ John DeLeon
                                                 John DeLeon, FL Bar No. 650390
                                                 jdeleon@chavez-deleon.com
                                                 **Law Offices of Chavez-DeLeon**
                                                 5975 Sunset Drive, Suite 605
                                                 South Miami, FL 33143
                                                 Tel: 305-740-5347
                                                 Fax: 305-740-5348

                                                 Agnieszka M. Fryszman
                                                 Benjamin D. Brown
                                                 **Cohen Milstein Sellers & Toll PLLC**
                                                 1100 New York Ave., N.W.
                                                 West Tower, Suite 500
                                                 Washington, D.C. 20005-3964
                                                 Tel: 202-408-4600
                                                 Fax: 202-408-4634

                                                 Paul L. Hoffman
                                                 **Schonbrun, Desimone, Seplow,**
                                                 **  Harris & Hoffman LLP**
                                                 723 Ocean Front Walk
                                                 Venice, CA 90291
                                                 Tel: 310-396-0731
                                                 Fax: 310-399-7040

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-365-7260

Richard Herz
Marco Simons
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189

*Counsel for John Doe I Plaintiffs*

Jonathan C. Reiter
jcrlaw@hotmail.com
**Law Firm of Jonathan C. Reiter**
350 Fifth Avenue, Suite 2811
New York, NY 10118
Tel: 212-736-0979
Fax: 212-268-5297

Ronald S. Guralnick, FL Bar No. 111476
rgacquit@bellsouth.net
**Ronald Guralnick, P.A.**
Bank of America Tower at International Place
100 S.E. 2d Street, Suite 3300
Miami, FL 33131
Tel: 305-373-0066
Fax: 305-373-1387

*Counsel for Plaintiffs Juan/Juana Does 1-747*

James K. Green, FL Bar No. 229466
jameskgreen@bellsouth.net
**James K. Green, P.A.**
Esperanté, Suite 1650
222 Lakeview Ave.

21

West Palm Beach, FL 33401
Tel: 561-659-2029
Fax: 561-655-1357

Jack Scarola, FL Bar No. 169440
jsc@searcylaw.com
Wiliam B. King, FL Bar No. 181773
wbk@searceylaw.com
David Sales
**Searcy Denney Scarola Barnhart & Shipley, P.A.**
2139 Palm Beach Lakes Blvd.
P.O. Drawer 3626
West Palm Beach, FL 33402
Tel: 561-686-6300
Fax: 561-478-0754

*Counsel for Plaintiffs Jose and Josefa Lopez*
*Nos. 1 through 116*

Terrence P. Collingsworth
Tcollingsworth@conradscherer.com
**Conrad & Scherer, LLP**
1156 15th St. NW, Suite 502
Washington, D.C. 20005
Tel: 202-543-4001
Fax: 866-803-1125

*Counsel for Plaintiffs DOES 1-144*
*and PEREZES 1-95*

William J. Wichmann
Attorney at Law
wwichmann@me.com
888 S.E. 3rd Avenue, Suite 400
Fort Lauderdale FL 33316
Tel: 954-522-8999
Fax : 954-449-6332

*Counsel for Plaintiffs Antonio Gonzalez*
*Carrizosa, et. al.*

Sigrid S. McCawley
**Boies, Schiller & Flexner LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

22

Stephen N. Zack
**Boies, Schiller & Flexner LLP**
100 S.E. Second St., Suite 2800
Miami, FL 33131
Tel: (305) 539-8400
Fax: (305) 539-1307

Karen C. Dyer
**Boies, Schiller & Flexner LLP**
121 South Orange Ave., Suite 840
Orlando, FL 32801
Tel: (407) 425-7118
Fax: (407) 425-7047

Nicholas A. Gravante Jr.
Lee S. Wolosky
Magda M. Jimenez Train
**Boies, Schiller & Flexner LLP**
575 Lexington Ave., 7th Floor
New York, NY 10022
Tel: 212-446-2300
Fax: 212-446-2350

*Counsel for Plaintiffs Angela Maria*
*Henao Montes, et al.*

Paul Wolf
P.O. Box 11244
Washington, D.C. 20008-1244
Tel. (202) 674-9653

*Counsel for Plaintiffs Does 1-976*

23

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on July 22, 2011. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008, Joint Counsel List filed in accordance with the CMO.

By:     /s/ John DeLeon
        John DeLeon, Fl. Bar No. 650390
        jdeleon@chavez-deleon.com