**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 08-01916-MD-MARRA/JOHNSON**

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTIONS
_____/

Case No. 9:08-80421-cv-KAM

JOHN DOE 1 *et al.*,
        v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/

Case No. 9:08-80480-cv-KAM

DOES 1-747,
        v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/

Case No. 9:08-80508-cv-KAM

JOSE LEONARDO LOPEZ VALENCIA *et al.*
        v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/

Case No. 9:08-cv-80465-KAM

DOES (1-144) and PEREZES (1-95)
        v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/

Case No. 0:07-cv-60821-KAM

ANTONIO GONZALEZ CARRIZOSA, *et. al.*
        v.

CHIQUITA BRANDS INTERNATIONAL, INC., *et. al.*

_____/

Case No. 0:10-cv-60573-KAM

ANGELA MARIA HENAO MONTES, *et al.*
        v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*,

_____/

Case No. 9:10-cv-80652-KAM

DOES 1-976,
        v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*,

_____/

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF PARTS III AND IV OF THIS COURT'S JUNE 3, 2011, OPINION AND ORDER

Plaintiffs' motion for reconsideration of the Court's dismissal of their non-federal claims fails to meet the demanding standard for such relief.

With respect to plaintiffs' state-law claims, most of the plaintiffs belatedly seek to challenge for the first time the extraterritoriality argument presented in Chiquita's motions to dismiss. But reconsideration is not a device for raising new arguments not asserted in connection with the underlying motion. Recognizing as much, plaintiffs seek to excuse their failure to have challenged Chiquita's argument by contending that Chiquita "abandoned" it in the course of the parties' briefing. As we demonstrate *infra*, however, that is untrue.

Even were that not the case, nothing contained in plaintiffs' brief indicates that, in dismissing the state-law claims on the grounds that "the civil tort laws of Florida, New Jersey, Ohio, and the District of Columbia do not apply to the extraterritorial conduct alleged" in these cases, (June 3rd Order at 86), the Court made a clear error warranting reconsideration. *Plaintiffs*

2

*do not cite a single case applying the substantive law of any of these states where the effects*

*were alleged to have been felt exclusively abroad.*

Plaintiffs' challenge to the dismissal of their Colombian-law claims is equally

misplaced. Their complaints uniformly invoked only this Court's supplemental jurisdiction over

those claims, which the complaints and plaintiffs' briefs alike treated as an afterthought.

Chiquita does not dispute, however, that plaintiffs could adequately plead diversity jurisdiction if

they chose to do so. If these Colombian plaintiffs are serious about their intent to attempt to

litigate Colombian law claims in a U.S. courtroom, they should amend their complaints

accordingly.

## ARGUMENT

"[R]econsideration of a previous order is an 'extraordinary remedy, to be

employed sparingly.'" *Sands on the Ocean Condo. Ass'n v. QBE Ins. Corp.*, 2010 WL 996508,

No. 05-14362, at *1 (S.D. Fla. Mar. 18, 2010) (Marra, J.) (citing *Mannings v. School Bd. of

Hillsborough County*, 149 F.R.D. 235 (M.D. Fla. 1993)). It is not a vehicle "to ask the Court to

rethink what the Court . . . already thought through—rightly or wrongly." *Z.K. Marine, Inc. v.

M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (ellipsis in original; internal citation

omitted); *see also Goldweber v. Harmony Partners, Ltd.*, No. 09-61902, 2011 WL 900294, at *1

(S.D. Fla. Mar. 15, 2011) ("A motion for reconsideration is not intended to be a tool for

relitigating what a court has already decided."). Likewise, "motions for rehearing 'should not be

used to raise arguments, which could, and should, have been made' earlier." *Prudential Sec., Inc.

v. Emerson*, 919 F. Supp. 415, 417 (M.D. Fla. 1996) (quoting *Lussier v. Dugger,* 904 F.2d 661,

667 (11th Cir. 1990)) (internal quotation marks omitted); *see also id.* (finding reconsideration

3

inappropriate "when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation.") (internal quotation marks omitted).

Thus, "[i]n reviewing a motion to reconsider, the Court 'will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction.'" *Sands on the Ocean Condo. Ass'n*, 2010 WL 996058, at *1.  This is generally limited to three situations:  "where the controlling law has changed, new evidence is available, or manifest injustice or clear error must be prevented."  *Id.*  "Clear error" arises where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension."  *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002).

Plaintiffs' motion fails to meet this exacting standard, both because it seeks to reargue (or challenge for the first time) issues squarely raised by Chiquita's motions to dismiss, and because it fails to identify any manifest injustice or clear error in the Court's June 3rd Order.

I.     **PLAINTIFFS FAIL TO MEET THE STANDARD FOR RECONSIDERATION IN CONNECTION WITH THEIR U.S. STATE LAW CLAIMS.**

A.     **Chiquita's Motions To Dismiss Squarely Challenged Plaintiffs' Ability To Assert U.S. State Law Claims Concerning the Injuries to Colombians That Are Alleged In These Cases.**

In an effort to shoehorn their bid to reargue the dismissal of their state law claims into a category warranting reconsideration, plaintiffs assert that the extraterritoriality issue was "outside the adversarial issues presented to the Court by the parties."  (Pls.' Mot. for Rec. at 5-6 (D.E. # 457).)  Plaintiffs concede, as they must, that Chiquita argued in its briefs that "federal law prohibits the extraterritorial application of [state] law to conduct with no alleged connection

to that jurisdiction."[1]  (*Id.*)  But plaintiffs argue that "[p]laintiffs in five of the cases at issue were given no opportunity to respond to the question of the extraterritorial application of U.S. state law," and that Chiquita "abandoned the argument" with respect to the other two cases.  (*Id.* at 7.)

Plaintiffs' assertion is demonstrably untrue.  Chiquita incorporated the argument into subsequent motions to dismiss, including the consolidated motions to dismiss to which all plaintiffs responded.[2]  Two plaintiff groups directly responded to this argument, however cursorily.[3]  The other plaintiffs chose not to do so.

Moreover, the parties' dispute over non-resident alien standing—which all plaintiffs addressed in their briefing[4]—encompassed the arguments regarding extraterritoriality. In its Consolidated Motion to Dismiss, Chiquita encouraged the court to decline jurisdiction over the non-resident aliens' state-law claims, noting that "[t]here is no justification for allowing these non-resident aliens to take advantage of the U.S. courts to sue for injuries allegedly perpetrated in their own country by their fellow citizens under the statutes or common law of various U.S. states."  (Consolidated Motion to Dismiss at 34.)  It was in support of this argument that Chiquita cited two cases that the Court in turn relied on in dismissing plaintiffs' state-law claims (*see* June

---

[1]     *Carrizosa v. Chiquita Brands Int'l, Inc. et al.*, No. 0:07-60821-KAM at 35 (S.D. Fla. Dec. 10, 2007) (D.E. # 33); *see also Carrizosa*, No. 0:07-60821-KAM at 24 (S.D. Fla. Feb. 20, 2008) (D.E. # 45-1); *Jane/John Does 1-144 v. Chiquita Brands Int'l*, 9:08-cv-80465-KAM at 41-42 (S.D. Fla. Oct. 29, 2008) (D.E. # 33); *Jane/John Does 1-144 v. Chiquita Brands Int'l*, 9:08-cv-80465-KAM at 24-25 (S.D. Fla. Oct. 29, 2008) (D.E. # 34).

[2]     *See, In re Chiquita Brands Int'l, Inc.*, No. 0:08-01916-KAM at 32 (S.D. Fla. Apr. 9, 2010) (D.E. # 295-1) ("Consolidated Motion to Dismiss"); *In re Chiquita Brands Int'l, Inc.*, No. 0:08-01916-KAM at 1 n.1 (S.D. Fla. May 4, 2010) (D.E. # 314) ("Consolidated Motion to Dismiss *Montes* & *Does 1-976*").

[3]     *See Carrizosa*, No. 0:07-60821-KAM at 22-23 (S.D. Fla. Feb. 23, 2007) (D.E. # 39); *Jane/John Does 1-144 v. Chiquita Brands Int'l, Inc., et al.*, No. 1:07-cv-01048-PLF at 39 (D.D.C. Jan. 15, 2008) (D.E. # 16).

[4]     *See In re Chiquita Brands Int'l, Inc.*, No. 0:08-01916-KAM at 33-34 (S.D. Fla. May 21, 2010) (D.E. # 321) (Plaintiffs' Supplemental Response in Opposition to Defendant's Consolidated Motion to Dismiss the Complaints).

3rd Order at 87-88): an Alabama case "dismissing Alabama common law claims for torts that 'occurred extraterritorially in Colombia'" and an Indiana case "dismissing state law claims because '[p]laintiffs have not yet articulated a viable basis for applying California law or Indiana law to the management of [a] Plantation in Liberia.'" (*In re Chiquita Brands Int'l, Inc.*, No. 0:08-cv-01916-KAM at 25 (S.D. Fla. June 21, 2010) (D.E. # 333) ("Reply to Plaintiffs' Opposition").)

In short, there is no question that extraterritorial application of the relevant states' laws was an "adversarial issue presented to the court by the parties" in this action. *Ass'n for Disabled Americans, Inc.*, 211 F.R.D. at 477. Plaintiffs are not entitled to reconsideration of the Court's ruling on the grounds that it was not.

**B.      Plaintiffs Fail to Show That The Dismissal of The State-Law Claims Was Clear Error.**

In the alternative, plaintiffs contend that the Court's dismissal of the state-law claims was "clear error." But plaintiffs do not point to any patent misundertanding of a party's position, nor to any failure of apprehension on the Court's part. They simply argue— unconvincingly— that the Court was wrong, and thus they fail to meet the high threshold for reconsideration.

Indeed, if there is any failure of apprehension, it is on plaintiffs' part. They argue that "each of the relevant states has applied their state law to extraterritorial injury." (Mot. at 9). The June 3rd Order did not conclude, however, that state tort law can *never* apply to conduct that takes place outside a state's territory. Rather, the Court held that a state has no jurisdiction to prescribe laws governing conduct that has no substantial effect within that state—and that there were "no allegations" that plaintiffs' state-law claims, which "are premised on acts by Colombian paramilitaries against Colombian civilians that occurred inside Colombia as part of

Colombia's civil war," involved conduct that "had or was intended to have a substantial effect within the states of Florida, New Jersey, Ohio, or the District of Columbia."  (June 3rd Order at 87.)  The Court observed that it was "unaware of any of these states' civil tort laws ever being applied to foreign conduct against foreign citizens in the course of a foreign war."  (June 3rd Order at 89.)

Plaintiffs' brief does nothing to refute this basic proposition.  As set out in the footnote, every case cited by plaintiffs in which state law was applied to extraterritorial conduct involves claims brought by *American* citizens and/or their estates over acts which had substantial effects in the plaintiffs' home fora.[5]  By contrast, other cases beyond those cited in the June 3rd Order similarly conclude that state law does not extend to cases that do not have a substantial effect within the state.  *See, e.g., The 'In' Porters, S.A. v. Hanes Printables, Inc.*, 663 F. Supp. 494, 502 (M.D.N.C. 1987) (holding, in a case involving a private tort action, that "limiting the

_____

[5]     *See, e.g., Judge v. Am. Motors Corp.*, 908 F.2d 1565 (11th Cir. 1990) (plaintiffs were Florida residents alleging that an American company had faultily designed a vehicle in the United States); *D'Agostino v. Johnson & Johnson*, 628 A.2d 305, 307 (N.J. 1993) (plaintiff was a United States citizen who might have been exposed to criminal prosecution in New Jersey if he had complied with a New Jersey corporation's employment policies, and "violation of [relevant statute] could have an indirect effect on the domestic market for pharmaceutical products and the health and welfare of this forum's citizens"); *Estate of Miller v. Thrifty Rent-A-Car Sys.*, 609 F. Supp. 2d 1235, 1240  (M.D. Fla. 2009) (plaintiffs were Florida residents suing an American company); *Darby v. Societe Des Hotels Meridien*, No. 88 Civ. 7604, 1999 U.S. Dist. LEXIS 9744 (S.D.N.Y. 1999) (applying U.S. law to action concerning the wrongful death of a New York resident brought by a New York resident plaintiff) (*see* Obituaries, *Peter Zeiler, 43, Dies; Was Criminal Lawyer*, N.Y. TIMES, Jan. 3, 1987, *available at* http://www.nytimes.com/1987/01/03/obituaries/peter-zeiler-43-dies-was-criminal-lawyer.html, describing both decedent and plaintiff in *Darby* as New York city attorneys); *Ben-Rafael v. Islamic Republic of Iran*, 540 F.Supp. 2d 39, 54 (applying New York and D.C. law to claims by U.S. citizens, including New York residents, under the Foreign Sovereign Immunities Act, because the "plaintiff's domicile [is] the state with the greatest interest in providing redress to its citizens."); *Beecham v. Socialist People's Libyan Arab Jamahiriya*, No. 01-2243, 2007 WL 1020810, at *1 (D.D.C. Mar. 31, 2007) (wrongful death action arising from killing of two United States servicemen in terrorist bombing); *Bodoff v. Islamic Republic of Iran*, 424 F.Supp.2d 74, 76 (D.D.C. 2006) (plaintiffs were survivors of United States citizen killed in terrorist bombing); *State ex. rel. Connor v. McGough*, 546 N.E.2d 407, 408 (Ohio 1989) (wrongful death plaintiff was "Ohio administrator" of his son's estate).

[law's] reach to cases involving a substantial effect . . . in North Carolina comports with the notion of fairness under the due process clause.").

Plaintiffs also attempt to argue that the court was mistaken to rely in part on Section 402 of the Restatement (Third) of Foreign Relations Law of the United States (1987) ("Restatement of Foreign Relations Law").  The Third Circuit directly considered and rejected plaintiffs' argument, however, in *Neely v. Club Med Mgmt. Servs.*, 63 F.3d 166 (3rd Cir. 1995). *Neely* stated that the "Introductory Note" on which plaintiffs rely "reveals that the Restatement's rules are not unconditionally irrelevant to tort cases: they only 'do not *necessarily* apply.'"  *Id.* at 183 (emphasis in original).  The Third Circuit went on to conclude that "in some circumstances, issues of private international law may also . . . *have substantial international significance and therefore may be considered foreign relations law*" to which the Restatement would apply—and proceeded to apply Section 402 to a private tort law dispute.  *Id* (emphasis in original); *see also Sarei v. Rio Tinto Plc*, 650 F. Supp. 2d 1004, 1014-1016 (C.D. Cal. 2009) (using the factors in section 402 of the Restatement of Foreign Relations to evaluate whether the Alien Tort Statute could apply to extraterritorial torts affecting foreign citizens).

Plaintiffs' claims, which involve allegations that the Colombian government cooperated with Colombian terrorist groups in the murder and torture of hundreds of Colombian civilians, certainly fall under the rubric of a private case with foreign relations implications.  As such, *Neely* refutes any argument that the Court engaged in a "plain misconstruction of the law" meriting reconsideration.

Finally, plaintiffs assert that the Court's determination that the laws of the relevant states do not apply to plaintiffs' claims was error, because it is premature to conduct a conflicts of laws analysis.  That argument is simply a *non sequitur*.  A dismissal premised on

8

extraterritoriality does not require a choice-of-law analysis; indeed, no such analysis is possible because there are no applicable state laws to choose from.[6]

In short, plaintiffs' motion does nothing but reargue the merits of the Court's determination that the various state laws pled by plaintiffs do not apply to claims that are not alleged to have a substantial effect within those states.  Their reconsideration motion should be denied.[7]

## II.    PLAINTIFFS ALSO FAIL TO MEET THE STANDARD FOR RECONSIDERATION IN CONNECTION WITH THEIR COLOMBIAN-LAW CLAIMS.

At the tail-end of their complaints, plaintiffs included claims asserted under Colombian law.  Plaintiffs' complaints and briefs alike treated these claims as an afterthought; the complaints specifically invoked only supplemental jurisdiction over the claims, and plaintiffs' briefs made barely any mention of the Colombian-law claims whatsoever.

Plaintiffs now seek reconsideration of the Court's determination—committed exclusively to the Court's discretion—not to exercise supplemental jurisdiction over those claims.  Plaintiffs appear to make two arguments: *first*, that the Court should not have exercised that discretion without giving plaintiffs advance notice; and *second*, that the Court in fact had no discretion because the plaintiffs allegedly pled diversity jurisdiction in connection with the Colombian-law claims.  (Mot. at 4, 7-8).  Both arguments are baseless.

---

[6]    Nor is there any question that such determinations can be made at the motion to dismiss stage where, as here, the pleadings implicate no fact questions that would affect the choice-of-law analysis. *See Baloco v. Drummond Co.*, 640 F.3d 1338, 1349 (11th Cir. 2011) (holding, on appeal of order on motion to dismiss, that Colombian law applied under Alabama's choice-of-law provisions); *Membreno v. Costa Crociere S.P.A.*, 425 F.3d 932, 936-937 (11th Cir. 2009) (conducting choice-of-law analysis and holding that foreign law applied on appeal from a grant of a motion to dismiss).

[7]    It is axiomatic that plaintiffs—having submitted multiple briefs in opposition to Chiquita's motions to dismiss, and a brief in support of reconsideration—cannot meet the demanding reconsideration standard by virtue of any additional arguments or authority that they might choose to make or offer for the first time in their reply brief in support of this motion.

A.    **The Court's Discretion To Decline Supplemental Jurisdiction** *Sua Sponte* **Is Beyond Challenge.**

Plaintiffs object that "none of the Plaintiffs had any opportunity to address whether the Court could decline jurisdiction." (Mot. at 7.) It is well-established, however, that Courts may decline to exercise supplemental jurisdiction *sua sponte*, without briefing from the parties. *See, e.g., Demauro v. The Limo, Inc.*, 2010 WL 2471501, at *4 (M.D. Fla. June 17, 2010) ("It is appropriate for the Court to consider *sua sponte* whether to decline to exercise supplemental jurisdiction."). Plaintiffs do not even purport to identify some fact that the Court overlooked and that might have altered the Court's exercise of discretion, or any other reason why the Court should have chosen to retain supplemental jurisdiction over their claims. Their bid for reconsideration of that discretionary determination necessarily fails.

B.    **Plaintiffs Did Not Invoke Diversity Jurisdiction In Connection With Their Colombian Law Claims.**

Plaintiffs also contend that they invoked the Court's diversity jurisdiction in connection with these claims, such that the Court could not decline to exercise jurisdiction. As the Court implicitly concluded, however, while the complaints asserted diversity jurisdiction over other claims, a fair reading of the complaints is that plaintiffs asserted only supplemental jurisdiction over the Colombian-law claims. *See Does 1-747*, No. 9:08-cv-80480-KAM at ¶ 1 (D.E. #64) (Plaintiffs "invoke the supplemental jurisdiction of this Court with respect to claims based upon the laws of . . . the Republic of Colombia"); *Lopez 1-116*, No. 9:08-cv-80508-KAM at ¶ 3 (D.E. # 59) ("Plaintiffs invoke the supplemental jurisdiction of this Court with respect to claims based upon laws of Colombia"); *Does 1-144*, No. 9:08-cv-80465-KAM at ¶ 16 (D.E. # 58) ("Supplemental jurisdiction exists over the state law causes of action"); *Does 1-976*, No. 9:10-cv-80652-KAM at ¶ 3 (D.E. # 3) ("Plaintiffs invoke the supplemental jurisdiction of this

10

Court with respect to claims based upon laws of Colombia"); *Henao-Montes*, No. 0:10-cv-60573-KAM at ¶ 7 (D.E. # 34) ("the Court has supplemental jurisdiction over any claims based on the laws of the State of Ohio or other applicable jurisdictions"); *Carrizosa*, No. 07-cv-60821-KAM at ¶ 4 (D.E. # 84) ("Plaintiffs invoke the supplemental jurisdiction of this Court with respect to claims based upon laws of . . . the common law of the States of Ohio, New Jersey, Florida or any other applicable jurisdiction"); *Doe 1*, No. 9:08-cv-80421-KAM at ¶ 4 (D.E. # 63) ("Plaintiffs invoke the supplemental jurisdiction of this Court with respect to claims based upon laws of the State of New Jersey or any other applicable jurisdiction"). Notably—and consistent with the fact that plaintiff treated these claims as incidental to their federal claims—none of the jurisdictional allegations contain words such as "alternatively" that would indicate that plaintiffs also sought to assert diversity jurisdiction over these claims.

Plaintiffs' failure to invoke diversity jurisdiction over these claims provides proper grounds for dismissal, regardless of whether plaintiffs could have pled diversity jurisdiction over them. *See Phillips v. Smith*, No. 10-13440, 2011 WL 2322252, at * 3 (11th Cir. 2011) (upholding district court's dismissal of state-law conversion claim "pursuant to its discretionary supplemental jurisdiction authority," because plaintiff "failed to invoke diversity jurisdiction as the jurisdictional basis for his conversion claim"); *Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 126-27 (1st Cir. 2005) (stating that district court could decline to exercise supplemental jurisdiction over state law claims when plaintiff did not plead diversity jurisdiction, even though diversity jurisdiction was available to him, because "it is [plaintiff's] duty to assert the jurisdictional basis of his claim.").

Chiquita does not dispute, however, that plaintiffs could adequately plead diversity jurisdiction if they chose to do so. If plaintiffs seek to litigate claims under Colombian

11

law in this Court regardless of the fate of their ATS claims, they should amend their complaints

accordingly.[8]

---

[8]  If the Court were to grant Plaintiffs' motion as to either the state law or Colombian law claims that have been dismissed, Defendant's arguments that those claims are time-barred and/or fail to state a cause of action would remain to be addressed.

## CONCLUSION

For the foregoing reasons, Chiquita respectfully requests that the Court deny

Plaintiffs' Motion for Reconsideration.

Dated: August 19, 2011                          Respectfully submitted,


                                                        /s/ Cristopher S. Rapp
John E. Hall                                    Sidney A. Stubbs (Fla. Bar No. 095596)
Jose E. Arvelo                                  Robert W. Wilkins (Fla. Bar No. 578721)
COVINGTON & BURLING LLP                         Cristopher S. Rapp (Fla. Bar No. 0863211)
1201 Pennsylvania Avenue, N.W.                  csrapp@jones-foster.com
Washington, D.C. 20004                          JONES, FOSTER, JOHNSTON & STUBBS,
Telephone: (202) 662-6000                       P.A.
Fax: (202) 662-6291                             505 South Flagler Drive, Suite 1100
                                                West Palm Beach, Florida 33401
Jonathan M. Sperling                            Telephone: (561) 650-0400
COVINGTON & BURLING LLP                         Fax: (561) 650-0412
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Fax: (212) 841-1010


                                                *Counsel for Chiquita Brands International, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of

the Court using CM/ECF on this 19th day of August, 2011.  I also certify that the foregoing

document is being served this day on all counsel of record registered to receive electronic

Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First

Case Management Order ("CMO") and the June 10, 2008 Joint Counsel List filed in accordance

with the CMO.


By:      /s/ Cristopher S. Rapp

Fla. Bar No. 0863211)
csrapp@jones-foster.com