# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:  08-MD-01916 (MARRA/JOHNSON)

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN
TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

_____/

This Document Relates To:
ATS ACTIONS

_____/

NO. 08-80421-cv-MARRA/JOHNSON

JOHN DOE 1 *et al.*,
      v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*

_____/

NO. 08-80480-cv-MARRA/JOHNSON

DOES 1-888,
      v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*

_____/

NO. 08-80508-cv-MARRA/JOHNSON

JOSE LEONARDO LOPEZ VALENCIA *et al.*
      v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*

_____/

NO. 9:08-cv-80465-KAM

DOES (1-144) and PEREZES (1-95)
      v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*

_____/

NO: 07-cv-60821-KAM

ANTONIO GONZALEZ CARRIZOSA, *et. al.*
      v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et. al.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  08-MD-01916 (MARRA/JOHNSON)**

_____/

NO. 10-cv-60573-MARRA/JOHNSON

Angela Maria Henao Montes, et al.
      v.
CHIQUITA BRANDS INTERNATIONAL, INC., et al.,

_____/

**PLAINTIFFS' REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF THEIR MOTION**
**TO PARTIALLY LIFT THE STAY OF DISCOVERY**

**Table of Contents**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

    I.     Defendants Misstate The Legal Standard That Applies To Plaintiffs' Motion .................................................................................................................. 2

    II.    Plaintiffs' Motion To Partially Lift The Stay Does Not Seek Merits Discovery And Is Intended Only To Discover Facts Central To The *Forum Non Conveniens* Inquiry ............................................................................. 6

        A.    Depositions Of Defendants' Purported Foreign Law Experts Would Provide Information Relevant To The Disposition Of Defendants' *FNC* Motion ................................................................................................ 7

        B.    Discovery Relating To The Pending Colombian Actions Would Produce Facts Relevant To The Requirement That Colombian Courts Be Both Available And Adequate ...................................................................... 8

        C.    Defendants' Stipulation Pertaining To The Location Of Certain Evidence And Witnesses In The United States Does Not Eliminate Plaintiffs' Need For Limited Discovery Into These Matters ................................... 9

        D.    Given That Defendants Have Conceded That They Cannot Identify Any Party They Would Seek To Implead In This Action, Discovery Is No Longer Needed To Oppose The *FNC* Motion On Those Grounds ....................... 11

CONCLUSION .................................................................................................................. 12

**Table of Authorities**

## Cases

*Base Metal Trading v. Russian Aluminum*,
2002 WL 987257 (S.D.N.Y. May 14, 2002) ............................................................................. 7

*Beaman v. Maco Caribe, Inc.*,
790 F. Supp. 2d 1371 (S.D. Fla. 2011) ........................................................................... passim

*Beekmans v. J.P. Morgan & Co.*,
945 F. Supp. 90 (S.D.N.Y. 1996) ............................................................................................ 5

*Bridgestone/Firestone Litigation*,
131 F. Supp.2d 1027 (S.D. Ind. 2001)................................................................................. 1, 2

*Fitzgerald v. Texaco, Inc.*,
521 F.2d 448 (2nd Cir. 1975) .................................................................................................. 4

*Ford v. Brown*,
319 F.3d 1302 (11th Cir. 2003) ........................................................................................... 4, 6

*Hellstrom v. United States Dep't of Veterans Affairs*,
201 F.3d 94 (2d Cir. 2000) ...................................................................................................... 3

*Norex Petroleum Ltd. v. Access Indus., Inc.*,
2003 WL 1484269 (S.D.N.Y. Mar. 21, 2003) ......................................................................... 3

*Piper v. Aircraft Co. v. Reyno*,
454 U.S. 235 (1981)............................................................................................................ 4, 10

## INTRODUCTION

In their Opposition to Plaintiffs' Motion to Partially Lift the Stay of Discovery for the Limited Purpose of Permitting Discovery on Issues Related to Defendants' Motion to Dismiss for *Forum Non Conveniens* ("Motion to Lift") (D.E. 506), Defendants seek to create a legal standard that is not supported by the case law.  First, Defendants claim that "absent an evidentiary showing by [P]laintiffs that the facts set forth by [Defendants] are disputed, no discovery is appropriate."  Defendants' Memorandum in Opposition to Plaintiffs' Motion to Partially Lift the Stay of Discovery ("Opposition") at 4 (D.E. 509).   Second, Defendants' claim that there is a "general rule against *forum non conveniens* discovery."  Opposition at 12.  Both of these assertions are wrong. As demonstrated below, and in Plaintiffs' Motion to Lift, Plaintiffs have made the only showing that they are required to make: that the limited discovery sought is "central to the *forum non conveniens* inquiry" and "required for [the] disposition" of Defendants' Motion to Dismiss for *Forum Non Conveniens* ("*FNC* Motion") (D.E. 505).  *Beaman v. Maco Caribe, Inc.*, 790 F. Supp. 2d 1371, 1376 (S.D. Fla. 2011); *see also In re Bridgestone/Firestone Litigation*, 131 F. Supp.2d 1027 (S.D. Ind. 2001).

Defendants also err when they argue that Plaintiffs use their Motion to Lift in order to "seek full-blown merits discovery."  Opposition at 1.  Unlike in many of the cases Defendants cite, Plaintiffs here seek only a short, limited window – 120 days – to seek narrowly circumscribed categories of discovery necessary to respond to the specific factual assertions Defendants have made in their *FNC* Motion.  *See* Motion to Lift at 8-13.

Finally, Defendants impermissibly attempt to use their Opposition as an opportunity to argue the merits of their *FNC* Motion.  *See* Opposition at 2-4, 10-11.  The issue currently before the Court, however, is simply whether Plaintiffs are entitled to a short lift of the stay of

discovery.  Without such relief, Plaintiffs will be severely prejudiced in opposing Defendants'
*FNC* Motion.

## ARGUMENT

### I.      Defendants Misstate The Legal Standard That Applies To Plaintiffs' Motion

The two primary arguments Defendants make in their Opposition are not supported by

the case law.  First, Defendants claim that Plaintiffs are only entitled to *forum non conveniens*

discovery where they have made "an evidentiary showing that there are disputed, material fact

issues."  Opposition at 4; *see also id.* at 1, 8.  As demonstrated below, however, none of the

many cases Defendants cite support such a proposition.  *See id.* at 4-5.  Indeed, these cases

merely support the unremarkable proposition that, in order for a court to permit *forum non*

*conveniens* discovery, the factual issues must be material and relevant to the *forum non*

*conveniens* calculus, not that the material and relevant allegations have been factually rebutted as

a predicate to permitting discovery.  *See id.*  That same standard was cited in Plaintiffs' moving

papers.  *See*, *e.g.*, Motion to Lift at 5 ("Moreover, a court may appropriately limit discovery to

issues relevant to the *FNC* Motion without getting into the broader facts and legal issues that

need to ultimately be determined in the case.") (citation omitted); *see also id.* at 6 ("'[I]t

behooves courts to permit discovery on facts relevant to *forum non conveniens* motions,' as

'development of the relevant facts is vital to a decision strong enough to withstand appeal.'")

(quoting *Bridgestone/Firestone*, 131 F. Supp.2d at 1029-30).

Defendants' argument is not only unsupported, it makes little sense: the entire point of

discovery is to allow a party to make a full evidentiary showing, yet Defendants are asking this

Court to require Plaintiffs to make this showing ***as a prerequisite for discovery***.  This argument

puts the cart before the horse.  Defendants are essentially arguing that Plaintiffs must prove they

can survive summary judgment before they are entitled to discovery. Courts, however, typically allow discovery before ruling on a summary judgment motion. *See*, *e.g.*, *Hellstrom v. United States Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (reversing grant of summary judgment where plaintiff was denied discovery). Defendants' position is particularly unavailing here, as much of the evidence Plaintiffs seek is entirely in Defendants' custody. *See*, *e.g.*, Motion to Lift at 10-12 (seeking, *inter alia*, the identities and employment status of certain persons employed by Defendants during the relevant time period as well as information "related to Defendants' document retention, storage and access policies, practices and procedures as well as the nature, language, extent, location, accessibility and organization of paper documents and electronic data relevant to the pending issues, both in the United States and in Colombia"). Nonetheless, if this Court were to somehow agree with Defendants regarding their purported dispute requirement, Plaintiffs request the opportunity to make an evidentiary showing in support of discovery.

Second, Defendants' claim that there is a "general rule against *forum non conveniens* discovery" is simply wrong. Opposition at 12. There is no such "general rule," as is evidenced by the fact that Defendants support this erroneous proposition with a case that actually permitted *forum non conveniens* discovery and held that, "[w]hile a motion to dismiss, based upon forum non conveniens, does not typically require a detailed development of the entire case through discovery, there are occasions when limited discovery on that issue is appropriate." *Norex Petroleum Ltd. v. Access Indus., Inc.*, 2003 WL 1484269, at *2 (S.D.N.Y. Mar. 21, 2003). Thus, the actual "general rule" is merely that a *forum non conveniens* analysis "does not typically require a detailed development of the entire case through discovery" and, as such, any *forum non conveniens* discovery that a court permits should be narrowly tailored to seek only information

relevant to that inquiry.  *Id.*  Defendants also fail to note that, while the *Norex* court did reject

some (though not all) of the discovery that the plaintiff sought, it did so specifically because the

requested discovery was "not reasonably and narrowly focused upon matters pertinent to the []

motion to dismiss" for *forum non conveniens*.  *Id.* at \*2.  This aspect of *Norex* is inapposite, as

the plaintiff there sought discovery vastly beyond that which Plaintiffs seek here.[1]

A careful review of the cases cited by Defendants in their Opposition only confirms that

a limited amount of discovery specifically tailored to issues relevant to Defendants' *FNC* Motion

is appropriate here.  In *Norex*, for example, the court held that "there are occasions when limited

discovery on th[e] issue [of *forum non conveniens*] is appropriate" and permitted the plaintiff to

depose the defendants' foreign law experts.  *Id.* \*2-3.  In *Fitzgerald v. Texaco, Inc.*, 521 F.2d 448

(2nd Cir. 1975), the Second Circuit explicitly stated that discovery is appropriate in the *forum*

*non conveniens* context: "a motion to dismiss for *forum non conveniens* does not call for a

detailed development of the entire case; rather discovery is limited to the location of important

sources of proof."  521 F.2d at 451 n.3.  Similarly, in *Ford v. Brown*, 319 F.3d 1302 (11th Cir.

2003), the parties initially stipulated to discovery limited to issues relating to the *forum non*

*conveniens* motion.  Opposition at 2-3;[2]  *see also*, *generally*, *Piper Aircraft Co. v. Reyno*, 454

---

[1] The plaintiff in *Norex* made an "extensive demand" for information including "six years of banking and other financial data" from, as well as "the identity of the legal and beneficial owner(s)" and "all officers and directors" of, each of the seventeen defendants as well as each of "the 61 associated corporate entities."  *Id.* at \*2.  Contrastingly, Plaintiffs here seek the identities only of certain relevant corporate officials of Chiquita and Banadex (two corporate entities, both of whom are named Defendants) in order to determine whether they are subject to Defendants' control.  This information will allow the Court to determine if Defendants' stipulations truly render Colombia an available and adequate forum.  *See* Motion to Lift at 10-11; *see also* below, at Point II.C.

[2] Defendants offer *Ford v. Brown* as an example of how "FNC motions rarely require discovery of any kind—and that permitting such discovery simply generates waste and error" because of how "extensive" the *forum non conveniens* discovery was in that case.  Opposition at 2, 3.  However, *Ford* involved an extreme example of *forum non conveniens* discovery that went on for four years; by contrast, here, Plaintiffs have specifically requested limited and expedited discovery lasting at most 120 days.  *See*

U.S. 235, 258 (1981) ("Of course, defendants must provide enough information to enable the District Court to balance the parties' interests.").

Moreover, the cases Defendants cite that denied all discovery or certain requests for discovery prior to a *forum non conveniens* determination are factually distinguishable from this case, because the discovery sought in those cases was not relevant to the *forum non conveniens* analysis. *See Beaman,* 790 F. Supp. 2d at 1376 (where discovery had already commenced, court rejected plaintiffs' contention that *forum non conveniens* dismissal would be premature while certain "discovery requests" were still pending because those requests were "not central to the *forum non conveniens* inquiry"); *Beekmans v. J.P. Morgan & Co.*, 945 F. Supp. 90, 95 (S.D.N.Y. 1996) ("[d]iscovery on peripheral facts" that would, at best, establish a "limited connection" to the domestic forum would not alter the court's analysis and was therefore unnecessary). Here, Plaintiffs seek discovery relevant to the *FNC* analysis.

Defendants also attempt to distinguish *Bridgestone/Firestone*, claiming that, there, "the defendant had not only 'not submitted any evidence, even affidavits,' supporting the 'sweeping assertions' made in its motion to dismiss—the plaintiff countered the motion with specific evidence contradicting the movant's unsupported assertions." Opposition at 4 (quoting *Bridgestone/Firestone*, 131 F. Supp. 2d at 1031). Defendants misquote *Bridgestone/Firestone* and are simply wrong. The court was clearly not stating that the defendant had "not submitted any evidence, even affidavits," supporting ***any of*** the assertions made in its motion to dismiss, as Defendants would have this Court believe. 131 F. Supp. 2d at 1031. In the passage from which

---

Motion to Lift at 3. It should also be noted that the Eleventh Circuit held that the district court in *Ford* "abused its discretion in failing to dismiss the case pursuant to the forum non conveniens doctrine" because it "overlooked some highly relevant factors"; it certainly ***did not*** hold that permitting *forum non conveniens* discovery was an abuse of discretion or somehow improper. 319 F.3d at 1304, 1308.

Defendants quote, the court is simply adding an "addition[al]" consideration relating only to

certain specific unsupported "sweeping assertions." *Id.*[3]  Indeed, on the very same page from

which Defendants selectively quote, the court noted that "[i]n support of the motions to dismiss,

[d]efendants have included affidavits from a number of foreign law experts." *Id.*  The court then

went on to permit the plaintiffs to depose those experts, which is precisely what Plaintiffs are

seeking to do here.  *See id.*

## II.      Plaintiffs' Motion To Partially Lift The Stay Does Not Seek Merits Discovery And Is Intended Only To Discover Facts Central To The *Forum Non Conveniens* Inquiry

Defendants' argue that Plaintiffs seek *forum non conveniens* discovery in order "to do

indirectly what [they] cannot do directly: obtain discovery germane to the merits of the

underlying action."  Opposition at 12 (quoting *Norex*, 2003 WL 1484269, at *2).[4]  As

demonstrated below, however, Plaintiffs are not seeking merits discovery; they seek only limited

discovery "central to the *forum non conveniens* inquiry" and "required for [the] disposition" of

Defendants' *FNC* Motion.  *Beaman*, 790 F. Supp. 2d at 1376.

---

[3] The specific assertions that the court claimed were wholly unsupported by any evidence included assertions that "[t]he vehicles at issue in the cases were likely manufactured in Venezuela by a Venezuelan company and were marketed and sold in Venezuela by a Venezuelan business" and "[t]he vast majority of the Firestone tires used as original equipment on Ford Explorers sold in Venezuela were manufactured in Venezuela." *Bridgestone/Firestone*, 131 F. Supp. 2d at 1031.  While the court had specific problems with these unsupported assertions, it also permitted *forum non conveniens* discovery into assertions that were supported by evidence.

[4] Defendants appear to contend that, because Plaintiffs have previously indicated a desire to begin merits discovery as soon as possible, their Motion to Lift is therefore merely a "cover to seek full-blown merits discovery from Chiquita."  Opposition at 1; *see also id.* at 1-2, 12-14.  This argument overlooks that fact that, after the conversations about merits discovery that Defendants reference (*see* Opposition at 12-13) and prior to Plaintiffs filing their Motion to Lift, Defendants filed an FNC Motion based almost entirely on documents and other discoverable material that Plaintiffs have no knowledge of or access to.  While Plaintiffs continue to believe that merits discovery should begin as soon as the Court deems it practicable and intend, once the more pressing issues relating to Defendants' *FNC* Motion have been resolved, to continue a dialogue with Defendants geared towards the commencement of merits discovery, the filing of Defendants' *FNC* Motion simply took precedence and necessitated immediate *forum non conveniens*-specific discovery.

A.     *Depositions Of Defendants' Purported Foreign Law Experts Would Provide Information Relevant To The Disposition Of Defendants' FNC Motion*

Plaintiffs are clearly entitled to depose Defendants' foreign law experts regarding both

their conclusions and qualifications, as is firmly established not only in the case law Plaintiffs

cite (Motion to Lift at 7), but also according to the case law that Defendants' lean so heavily on

in their Opposition.  *See Norex*, 2003 WL 1484269, at *3 ("[S]ome utility exists in permitting

Norex to depose the experts who have submitted affidavits in support of the defendants' motion

to dismiss, that address the adequacy of the Russian forum and issues of Russian law."  "Norex

shall depose the experts.").  None of the arguments at Point II.A of Defendants' Opposition –

that "each of the[] issues" Plaintiffs seek to explore in depositions of Defendants' foreign law

experts has either been "fully addressed in [the *FNC* M]otion and [is] undisputed" or is

"irrelevant as a matter of law" – are at all availing.

For one, as described in Point I above, there is no requirement that the assertions of

Defendants' foreign law experts be disputed.  Secondly, that Defendants' claim to have fully

addressed these issues is of no moment – Defendants can hardly argue that, at this stage of the

proceedings, just because their expert makes a claim, both Plaintiffs and this Court must accept it

as true.  Plaintiffs are entitled to "investigate the bases for the opinions of the Defendants'

foreign law experts through depositions" regardless of how thoroughly those experts purport to

have addressed any particular issues.  *Base Metal Trading v. Russian Aluminum*, 2002 WL

987257, at *4 (S.D.N.Y. May 14, 2002); *see also Bridgestone/Firestone*, 131 F. Supp.2d at 1031

(permitting deposition of foreign law experts who "ma[de] sweeping conclusions based on the

statements of law they set forth" in support of *forum non conveniens* motion).  Furthermore, all

of the issues that Plaintiffs wish to explore in the requested depositions are highly relevant to the

*forum non conveniens* analysis.  *See* Motion to Lift at 9.  As per *Base Metal* and

*Bridgestone/Firestone*, Plaintiffs are not forced to take Defendants' purported foreign law

experts at their word regarding these matters.  Rather, Plaintiffs are entitled to depose them

regarding the "bases of their wide-spanning contentions and conclusions, as well as on [their]

qualifications to reach such conclusions."  Motion to Lift at 8-9.

> B.      *Discovery Relating To The Pending Colombian Actions Would*
>         *Produce Facts Relevant To The Requirement That Colombian*
>         *Courts Be Both Available And Adequate*

Defendants claim that they have "already provided all the information that" they have

"regarding the 'procedural status,' 'specific nature of,' and 'identity of all parties to' the pending

Colombian civil proceedings against [Defendants'] that arise from [Defendants'] payments to the

AUC."  Opposition at 8 (quoting Motion to Lift at 9).  The materials that Defendants have

provided – copies of two mediation requests, the names of the persons seeking mediation and the

certifications issued at the conclusion of these mediations – are insufficient.  These materials

indicate that the mediations were concluded unsuccessfully in 2010.  Plaintiffs need more up-to-

date information regarding the current procedural posture of the Colombian civil cases, *i.e.*

whether further claims have been filed, the nature of such claims and the nature of Defendants'

defenses.  Such discovery will permit Plaintiffs and the Court to determine whether Defendants

have taken positions in Colombian proceedings that contradict the positions they have taken

before this Court with regard to the pending *FNC* Motion, *i.e.*, whether Defendants are "seeking

*forum non conveniens* dismissal **here** while simultaneously arguing that the claims brought in

Colombia may not proceed **there**."  Motion to Lift at 10 (emphasis in original).  Plaintiffs intend

to seek this information through depositions as well as, where necessary, document requests.

Additionally, Defendants' contention that Plaintiffs "implicitly seek[] to shift to

[Defendants] a burden that the case law places on plaintiffs," Opposition at 9, by requesting to

"serve interrogatories on Defendants relating to the safety and security of claimants, witnesses and other persons involved in past and current legal proceedings initiated against Defendants in Colombia" is wholly without merit. Motion to Lift at 9 n. 3. Defendants claim that the litigation of this action in Colombia would pose no safety risks to Plaintiffs. Defendants presumably possess information to support this assertion, including information regarding prior Colombia-based litigation in which they have been involved. Plaintiffs should be permitted to review this information in order to assess the legitimacy of Defendants' claim. This information would clearly be relevant to an argument "central to the *forum non conveniens* inquiry." *Beaman*, 790 F. Supp. 2d at 1376.

> C.    *Defendants' Stipulation Pertaining To The Location Of Certain*
>       *Evidence And Witnesses In The United States Does Not Eliminate*
>       *Plaintiffs' Need For Limited Discovery Into These Matters*

With regard to the discovery Plaintiffs request pertaining to the nature, quality, quantity and accessibility of evidence in both the United States and Colombia, *see* Motion to Lift at 10-12, Defendants acknowledge that the discovery "is relevant" to the *forum non conveniens* inquiry "insofar as plaintiffs seek to establish the location of witnesses and evidence, in order to argue that the amount of evidence in the U.S. weighs against dismissal for *forum non conveniens*." Opposition at 9. Plaintiffs agree. However, Plaintiffs strongly contest Defendants' contention that they have offered a stipulation that "eliminates any basis for these discovery requests." *Id.* at 10. Defendants also erroneously claim that "[t]he balance of the information [Plaintiffs] seek, including the names of [Defendants'] witnesses and [information about Defendants'] document retention practices, is pure merits discovery that has nothing to do with resolving the question of *forum non conveniens*." *Id.*

Tellingly, Defendants' purported stipulation is meaningless without sufficient factual context, which is precisely what Plaintiffs seek through their Motion to Lift. Defendants have stipulated that they will "make witness testimony and documents located in the United States and under [Defendants'] control available to a Colombian civil court," but this stipulation would prove illusory if the relevant witnesses and documents are no longer "under [Defendants'] control." *FNC* Motion at 9. The mere stipulation, cleverly worded though it is, that whatever witnesses and documents are under Defendants' control will be made available in a hypothetical Colombian proceeding is of no consequence unless and until Plaintiffs are able to ascertain exactly which witnesses and other persons and exactly which documents are still under Defendants' control, along with the nature and extent of any limitations that may exist on that control.[5] Thus, Plaintiffs' limited and narrow request to "seek the identities, present location and employment status of all of the unnamed agents and employees of Defendants discussed in the 'Relevant Persons' section of the Factual Proffer relating to the federal criminal charges to which Defendants pled guilty" is specifically aimed at "assess[ing] whether these individuals are involuntarily subject to the personal jurisdiction of Colombia, whether they are willing to voluntarily submit to personal jurisdiction or appear as live witnesses in Colombia and, most vitally, whether, how and for how long they are subject to the Defendants' 'control[.]'" Motion to Lift at 10-11. All of this information is "central to the *forum non conveniens* inquiry" and "required for [the] disposition" of Defendants' *FNC* Motion. *Beaman*, 790 F. Supp. 2d at 1376.

---

[5] Unlike in *Piper v. Aircraft*, where the plaintiff sought affidavits identifying all the witnesses the defendants would call at trial and the testimony that those witnesses would provide (454 U.S. at 258-59), Plaintiffs here seek the identification of relevant witnesses over which Defendants purport to have "control" and purport to be entering into stipulations on behalf of. This information is necessary in order to assess whether Defendants' stipulations are of any consequence or purely illusory.

> **D.**     ***Given That Defendants Have Conceded That They Cannot Identify***
>              ***Any Party They Would Seek To Implead In This Action, Discovery***
>              ***Is No Longer Needed To Oppose The FNC Motion On Those Grounds***

In their Motion to Lift, Plaintiffs requested that the Court allow them to seek limited

discovery on the third parties that Defendants claim they would seek to implead if this action

were brought in Colombia.  Motion to Lift at 12-13.   In order for Defendants to argue that they

are "effectively barred from impleading many if not all of the third parties identified in plaintiffs'

complaints" due to this Court's lack of personal jurisdiction over them, "which would not be the

case were these cases to proceed in Colombia," *FNC* Motion at 24, Defendants must first

identify third parties subject to jurisdiction in Colombia but not Florida that they wish to implead

and have a basis for impleading in this action.  Failing that, at the very least, Defendants must

proffer some legitimate basis for this Court to believe that any of these purportedly partially-

responsible third parties are subject to jurisdiction in Colombia but not Florida, that Defendants

possess the evidence or other means necessary to implead these parties or that Defendants would

suffer any prejudice if they were not able to implead these parties before this Court.  *See* Motion

to Lift at 12-13.[6]    Unless Defendants can make any of the showings described above, they

should not be permitted to rely on their impleading argument at all.  *See id.* at 12.  But because

Defendants have actually ***conceded*** that they cannot identify any parties that they would implead

in this action if it were to go forward in Colombia instead of Florida, *see* Opposition at 11, the

---

[6] Defendants cite a declaration by Javier Tamayo Jaramillo, whom they describe as "a prominent
Colombian lawyer and author of the leading treatise on Colombian civil practice," to support the
contention that they could not implead the necessary third parties in Florida but could do so in Colombia.
*FNC* Motion at 5, 24.  The Tamayo Declaration, however, simply states the Colombian impleading
standard and claims that "[i]f the plaintiffs were to bring a similar action in Colombia[, Defendants] could
request the court to summon to the proceedings any person that could have responsibility for these acts,
such as, for example, third parties who supported the tortious acts at issue and individuals who are subject
to criminal proceedings for collaboration with illegal groups."  Tamayo Decl. at ¶¶ 45-46.  Neither
Tamayo nor Defendants have even attempted to establish that impleadable third parties whom Florida
courts would not have jurisdiction over actually exist.

Court should ignore the impleading argument in Defendents' *FNC* Motion.  (*FNC* Motion at 23-25).

**CONCLUSION**

For the foregoing reasons, this Court should grant Plaintiffs' Motion to Partially Lift the Stay of Discovery for the Limited Purpose of Permitting Discovery on Issues Related to Defendants' Motion to Dismiss for *Forum Non Conveniens*.

Date:   January 20, 2011

Respectfully Submitted,
/s/ James K. Green

James K. Green, FL Bar No. 229466
**James K. Green, P.A.**
Esperanté, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL 33401
Tel: 561-659-2029
Fax: 561-655-1357

Jack Scarola, FL Bar No. 169440
Wiliam B. King, FL Bar No. 181773
**Searcy Denney Scarola Barnhart & Shipley, P.A.**
2139 Palm Beach Lakes Blvd.
P.O. Drawer 3626
West Palm Beach, FL 33402
Tel: 561-686-6300
Fax: 561-478-0754

***Counsel for Plaintiffs Jose and Josefa Lopez Nos.
 1 through 116***

John DeLeon, FL Bar No. 650390
**Law Offices of Chavez-DeLeon**
5975 Sunset Drive, Suite 605
South Miami, FL 33143
Tel: 305-740-5347
Fax: 305-740-5348

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600
Fax: 202-408-4634

Paul L. Hoffman
**Schonbrun, Desimone, Seplow,**
**Harris & Hoffman LLP**
723 Ocean Front Walk
Venice, CA 90291
Tel: 310-396-0731
Fax: 310-399-7040

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-365-7260

Richard Herz
Marco Simons
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189

*Counsel for John Doe I Plaintiffs*

Jonathan C. Reiter
**Law Firm of Jonathan C. Reiter**
350 Fifth Avenue, Suite 2811
New York, NY 10118
Tel: 212-736-0979
Fax: 212-268-5297

Ronald S. Guralnick, FL Bar No. 111476
**Ronald Guralnick, P.A.**
Bank of America Tower at International Place
100 S.E. 2d Street, Suite 3300
Miami, FL 33131
Tel: 305-373-0066
Fax: 305-373-1387

*Counsel for Plaintiffs Juan/Juana*
*Does 1-888*

Terrence P. Collingsworth
**Conrad & Scherer, LLP**
1156 15th St. NW, Suite 502
Washington, D.C. 20005
Tel: 202-543-4001
Fax: 866-803-1125

*Counsel for Plaintiffs DOES 1-144*
 *and PEREZES 1-95*

William J. Wichmann
Attorney at Law
888 S.E. 3rd Avenue, Suite 400
Fort Lauderdale FL 33316
Tel: 954-522-8999
Fax : 954-449-6332

*Counsel for Plaintiffs Antonio Gonzalez*
*Carrizosa, et. al.*

Sigrid S. McCawley
Boies, Schiller & Flexner LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

Stephen N. Zack
Boies, Schiller & Flexner LLP
100 S.E. Second St., Suite 2800
Miami, FL 33131
Tel: (305) 539-8400
Fax: (305) 539-1307

Karen C. Dyer
Boies, Schiller & Flexner LLP

121 South Orange Ave., Suite 840
Orlando, FL 32801
Tel: (407) 425-7118
Fax: (407) 425-7047

Nicholas A. Gravante Jr.
Lee S. Wolosky
Magda M. Jimenez Train
Boies, Schiller & Flexner LLP
575 Lexington Ave., 7th Floor
New York, NY 10022
Tel: 212-446-2300
Fax: 212-446-2350

*Counsel for Plaintiffs Angela Maria
Henao Montes, et al.*

*Paul Wolf
P.O. Box 11244
Washington, D.C. 20008-1244
Tel. (202) 674-9653*

*Counsel for Plaintiffs Does 1-976*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of

the Court using CM/ECF on this 20th day of January, 2012.  I also certify that the foregoing

document is being served this day on all counsel of record registered to receive electronic

Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First

Case Management Order and the June 10, 2008 Joint Counsel List filed in accordance with that

Case Management Order.