UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-01916-MD-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTIONS

    11-80404-CIV-MARRA
    11-80405-CIV-MARRA
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS NEW ACTIONS**

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss New Actions (DE 404). The matter is now fully briefed and ready for review.

**I. Introduction**

This matter arises out of the alleged torture and killing of thousands of Colombian citizens and residents by the Autodefensas Unidas de Colombia ("AUC"), a paramilitary organization operating in Colombia, and left-wing guerrilla insurgents such as the Revolutionary Armed Forces of Colombia ("FARC") and the National Liberation Army ("ELN").[1] Plaintiffs, who are representatives of the victims, brought these actions against Defendants Chiquita Brands International, Inc. and Chiquita Fresh North America LLC. There are currently thirteen separate complaints that have been filed in various district courts, all of which have been transferred to

---

[1] The Court uses the terms "FARC-based," "guerilla-based," and "left-wing guerilla based" claims interchangeably.

this Court by the Judicial Panel on Multidistrict Litigation (MDL #1916). Through nine of these complaints,[2] Plaintiffs allege claims under 28 U.S.C. § 1350— commonly known as the Alien Tort Statute ("ATS") or Alien Tort Claims Act ("ATCA")—for terrorism; material support to terrorist organizations; torture; extrajudicial killing; war crimes; crimes against humanity; cruel, inhuman, or degrading treatment; violation of the rights to life, liberty and security of person and peaceful assembly and association; and consistent pattern of gross violations of human rights. Plaintiffs also allege claims under the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350, for torture and extrajudicial killing. Last, Plaintiffs allege claims under the laws of Florida, New Jersey, Ohio, the District of Columbia, and the foreign law of Colombia for assault and battery, wrongful death, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, negligent hiring, negligent per se, and loss of consortium. These nine complaints will hereinafter collectively be referred to as the "ATS Complaints."

On April 9, 2010, Defendants filed a Motion to Dismiss (DE 295) ("2010 Motion to Dismiss"). On June 3, 2011, this Court issued an order ("June 3 Order") granting in part and denying in part Defendants' 2010 Motion to Dismiss with regard to seven of the nine ATS Complaints. In that Order, the Court granted Defendants' Motion with respect to: (1) Plaintiffs' ATS claims for terrorism and material support to terrorist organizations; (2) Plaintiffs' ATS claims for cruel, inhuman, or degrading treatment; violation of the rights to life, liberty and security of person and peaceful assembly and association; and consistent pattern of gross violations of human rights; (3) Plaintiffs' state-law claims; (4) Plaintiffs' Colombia-law claims;

---

[2] The other four complaints bring causes of action under the Anti-Terrorism Act ("ATA") and are not addressed in this Order.

and (5) certain Plaintiffs' FARC-based claims.  The Court, however, denied Defendants' motion with respect to: (1) Plaintiffs' ATS claims for torture, extrajudicial killing, war crimes, and crimes against humanity; and (2) Plaintiffs' TVPA claims for torture and extrajudicial killing.

Defendants now seeks to dismiss the two ATS Complaints not addressed in the June 3 Order: Case Nos. 11-80404 and 11-80405 ("New Actions").  Case No. 11-80404 involves Plaintiffs that were allegedly killed by the AUC, and Case No. 110-80405 involves Plaintiffs that were allegedly killed by left-wing guerrilla insurgents.

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." Id. (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Sinaltrainal v. Coca-Cola

3

Co., 578 F.3d 1252, 1261 (11th Cir. 2009). Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1950. When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

A motion to dismiss under Rule 12(b)(1) may "assert either a factual attack or a facial attack to jurisdiction." Sinaltrainal, 578 F.3d at 1260. In a facial attack—that is, an attack on the sufficiency of the jurisdictional allegations in the complaint—the court reviews the allegations as "it does when considering a Rule 12(b)(6) motion," construing "the complaint in the light most favorable to the plaintiff and accept[ing] all well-pled facts alleged in the complaint as true." Id.; see also McElmurray v. Consol. Gov't of Augusta-Richmond Cnty, 501 F.3d 1244, 1251 (11th Cir. 2007) (explaining that in a Rule 12(b)(1) facial challenge the plaintiff has "safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised").

### III. Discussion[3]

The motion presently before the Court is Defendants' Motion to Dismiss the two New Actions not addressed in the Court's June 3, 2011 Order. Through the Motion, Defendants argue

---

[3] The Court will not consider the newly raised arguments presented in Defendants' Reply Brief. Rule 7.1(c) of the Local Rules of the Southern District of Florida provides that a "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." The Reply Brief, which was filed eleven days after the Court released the June 3 Order, "focuses on the reasons why certain of the claims in the New Actions should be dismissed under the reasoning and rulings of the Court's June 3 Order." DE 417 at 1. Defendants' Reply Brief, therefore, violates the strict limitation set forth in Rule 7.1(c). Accordingly, this Court will not consider the arguments raised in that brief.

that: (1) the New Actions are based fundamentally upon a claim of 'terrorism support,' which is not cognizable under the ATS; (2) the Complaints do not plead the elements of accessorial liability; and (3) the Complaints fail to allege state-law causes of action.

Each of these arguments are reiterations of arguments raised in Defendants' 2010 Motion to Dismiss. Accordingly, the Court relies on its June 3 Order to reach the following conclusions with regard to both of the New Actions:

- Defendants' motion to dismiss is **GRANTED** with respect to Plaintiffs' ATS claims for terrorism and material support to terrorist organizations.
- Defendants' motion to dismiss is **GRANTED** with respect to Plaintiffs' ATS claims for cruel, inhuman, or degrading treatment; violation of the rights to life, liberty and security of person and peaceful assembly and association; and consistent pattern of gross violations of human rights.
- Defendants' motion to dismiss is **GRANTED** with respect to Plaintiffs' state-law claims.
- Defendants' motion to dismiss is **DENIED** with respect to Plaintiffs' ATS claims for torture, extrajudicial killing, war crimes, and crimes against humanity.
- Defendants' motion to dismiss is **DENIED** with respect to Plaintiffs' TVPA claims for torture and extrajudicial killing.

With regard to the Colombia-law claims raised in both New Actions, the Court finds that Plaintiffs have adequately pled diversity jurisdiction (11-80404 Complaint at ¶ 5; 11-80505 Complaint at ¶ 2) and specifically plead violations of Colombian law (11-80404 Complaint at ¶ 6; 11-80505 Complaint at ¶ 355(e)). Accordingly, Defendants' motion to dismiss the Colombian-Law claims is **DENIED**.[4]

---

[4] Although the Court initially granted Defendants' Motion to Dismiss the Colombia-Law claims in its June 3 Order, Plaintiffs' have filed a Motion for Reconsideration. For reasons further discussed in the Order Granting (In Part) Plaintiff's Motion for Reconsideration, the Court denies Defendants' Motion to Dismiss Plaintiffs' Colombia-Law claims.

Finally, the Court need not address the adequacy of the guerilla-based claims raised in Case No. 11-80505 because Defendants only addressed the adequacy of those claims in their Reply, a brief which is in violation of Rule 7.1(c). In an abundance of caution, however, the Court will address the adequacy of the guerilla-based claims set forth in Case No. 11-80505.

For reasons set forth in the June 3 Order, Plaintiffs ATS claims for war crimes and crimes against humanity will proceed under an aiding and abetting theory of liability. See June 3 Order at 91. To plead aiding and abetting liability under the applicable international standard, Plaintiffs must allege that (1) the guerillas committed an international-law violation, (2) Chiquita acted with the purpose or intent to assist in that violation, and (3) Chiquita's assistance substantially contributed to the guerillas's commission of the violation. See Talsiman, 582 F.3d at 258; Khulumani, 504 F.3d at 277 (Katzmann, J., concurring); Drummond II, No. 09-1041, DE 43, Slip op. at 20-21.

The Court has carefully reviewed the Complaint in Case No. 11-80505 and finds that Plaintiffs have adequately pled claims under an aiding and abetting theory of liability. With regard to the first element, Plaintiffs allege that the murder of the 254 victims constitute war crimes and crimes against humanity in violation of international law. 11-80505 Complaint at ¶¶ 14-267; ¶ 324. Accordingly, the first element is satisfied.

Plaintiffs have also alleged that Chiquita acted with the purpose or intent to assist in that violation. Through their Complaint, Plaintiffs allege the following:

- Chiquita knew that its actions would assist in the illegal or wrongful activity and other conduct alleged herein at the time it provided the assistance. Chiquita knew that its actions would assist in the killings. The FARC's use of violent tactics, including extrajudicial killings, to terrorize innocent civilians living in areas under

6

        FARC control was well known in Colombia and was widely reported in the press in Colombia and the United States.  11-80505 Complaint at ¶ 328.

- By arming and financing the FARC, Chiquita intended to benefit from the FARC's systematic killings of civilians.  Chiquita intended that its actions would assist the FARC in committing the specific acts alleged in the complaints, in order to protect its workers from the rival EPL, or in the alternative, was recklessly indifferent and had actual knowledge of what was occurring.  11-80505 Complaint at ¶ 330.

The Court finds that these two paragraphs satisfy the second element of aiding and abetting.

Lastly, the Court finds that Plaintiffs have adequately alleged Chiquita's assistance substantially contributed to the FARC's commission of the violation.  Plaintiffs have alleged that "Payments from Chiquita constituted a significant portion of the FARC's budget in Uraba and were a substantial factor in causing the injuries alleged in this Complaint."  11-80505 Complaint at ¶ 327.  This allegation is sufficient to satisfy Plaintiff's burden at this stage of the proceeding.

Accordingly, Defendants' motion to dismiss Plaintiffs' guerilla-based claim is **DENIED**.

### IV.  Conclusion

For the reasons set forth in the Court's June 3 Order, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.  Specifically, Defendants' Motion to Dismiss is **GRANTED** with respect to Plaintiffs' ATS claims for terrorism and material support to terrorist organizations.  Defendants' motion to dismiss is **GRANTED** with respect to Plaintiffs' ATS claims for cruel, inhuman, or degrading treatment; violation of the rights to life, liberty and security of person and peaceful assembly and association; and consistent pattern of gross violations of human rights.  Defendants' motion to dismiss is **GRANTED** with respect to Plaintiffs' state-law claims.

Defendants' motion to dismiss is **DENIED** with respect to Plaintiffs' ATS claims for torture, extrajudicial killing, war crimes, and crimes against humanity.  Defendants' motion to dismiss is **DENIED** with respect to Plaintiffs' TVPA claims for torture and extrajudicial killing.  Defendants' motion to dismiss the Colombian-Law claims is **DENIED**.  Defendants' motion to dismiss Plaintiffs' FARC-based claim is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of March, 2012.

_____

KENNETH A. MARRA

United States District Judge