UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-01916-MD-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTION

08-80465-CIV-MARRA
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Second Amended Complaint (DE 450). The matter is now fully briefed and ready for review.

### I. Introduction

This matter arises out of the alleged torture and killing of thousands of Colombian citizens and residents by the Autodefensas Unidas de Colombia ("AUC"), a paramilitary organization operating in Colombia, and left-wing guerrilla insurgents such as the Revolutionary Armed Forces of Colombia ("FARC") and the National Liberation Army ("ELN").[1] Plaintiffs, who are representatives of the victims, brought these actions against Defendants Chiquita Brands International, Inc. and Chiquita Fresh North America LLC. There are currently thirteen separate complaints that have been filed in various district courts, all of which have been transferred to

---

[1] The Court uses the terms "FARC-based," "guerilla-based," and "left-wing guerilla based" claims interchangeably.

this Court by the Judicial Panel on Multidistrict Litigation (MDL #1916). Through nine of these complaints,[2] Plaintiffs allege claims under 28 U.S.C. § 1350— commonly known as the Alien Tort Statute ("ATS") or Alien Tort Claims Act ("ATCA")—for terrorism; material support to terrorist organizations; torture; extrajudicial killing; war crimes; crimes against humanity; cruel, inhuman, or degrading treatment; violation of the rights to life, liberty and security of person and peaceful assembly and association; and consistent pattern of gross violations of human rights. Plaintiffs also allege claims under the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350, for torture and extrajudicial killing. Last, Plaintiffs allege claims under the laws of Florida, New Jersey, Ohio, the District of Columbia, and the foreign law of Colombia for assault and battery, wrongful death, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, negligent hiring, negligent per se, and loss of consortium. These nine complaints will hereinafter collectively be referred to as the "ATS Complaints."

On April 9, 2010, Defendants filed a Motion to Dismiss (DE 295) ("2010 Motion to Dismiss") seven of the nine ATS Complaints.[3] On June 3, 2011, this Court issued an order ("June 3 Order") granting in part and denying in part the 2010 Motion. In that Order, the Court granted Defendants' Motion with respect to: (1) Plaintiffs' ATS claims for terrorism and material support to terrorist organizations; (2) Plaintiffs' ATS claims for cruel, inhuman, or degrading treatment; violation of the rights to life, liberty and security of person and peaceful assembly and

---

[2] The other four complaints bring causes of action under the Anti-Terrorism Act ("ATA") and are not addressed in this Order.

[3] Two of the ATS Complaints (Case Nos. 11-80404 and 11-80405) were not addressed in the June 3 Order because they were transferred to this Court only after briefing on the 2010 Motion to Dismiss was complete.

association; and consistent pattern of gross violations of human rights; (3) Plaintiffs' state-law claims; (4) Plaintiffs' Colombia-law claims; and (5) certain Plaintiffs' FARC-based claims. The Court, however, denied Defendants' motion with respect to: (1) Plaintiffs' ATS claims for torture, extrajudicial killing, war crimes, and crimes against humanity; and (2) Plaintiffs' TVPA claims for torture and extrajudicial killing.

Defendants now challenges the Second Amended Complaint for one of the cases, Case No. 08-80465 ("Second Amended Complaint"), the claims of which are predicated on the alleged acts of both the AUC and left-wing guerilla violence. The Second Amended Complaint was amended in an attempt to remedy deficiencies outlined in the June 3 Order, specifically those with regard to the left-wing guerilla claims. See June 3 Order at 91-94. The underlying motion challenges only the sufficiency of the left-wing guerilla claims.

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Id. (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009). Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1950. When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

A motion to dismiss under Rule 12(b)(1) may "assert either a factual attack or a facial attack to jurisdiction." Sinaltrainal, 578 F.3d at 1260. In a facial attack—that is, an attack on the sufficiency of the jurisdictional allegations in the complaint—the court reviews the allegations as "it does when considering a Rule 12(b)(6) motion," construing "the complaint in the light most favorable to the plaintiff and accept[ing] all well-pled facts alleged in the complaint as true." Id.; see also McElmurray v. Consol. Gov't of Augusta-Richmond Cnty, 501 F.3d 1244, 1251 (11th Cir. 2007) (explaining that in a Rule 12(b)(1) facial challenge the plaintiff has "safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised").

### III.  Discussion

For reasons set forth in the June 3 Order, Plaintiffs guerilla-based ATS claims for war crimes and crimes against humanity will proceed under an aiding and abetting theory of liability. See June 3 Order at 91. To plead aiding and abetting liability under the applicable international

4

standard, Plaintiffs must allege that (1) the guerilla organizations committed an international-law violation, (2) Chiquita acted with the purpose or intent to assist in that violation, and (3) Chiquita's assistance substantially contributed to the guerilla organizations' commission of the violation. See Talsiman, 582 F.3d at 258; Khulumani, 504 F.3d at 277 (Katzmann, J., concurring); Drummond II, No. 09-1041, DE 43, Slip op. at 20-21.

The Court has carefully reviewed the Second Amended Complaint and finds that Plaintiffs have adequately pled claims under an aiding and abetting theory of liability. With regard to the first element, Plaintiffs have clearly alleged that the murder of each of the victims constituted war crimes and crimes against humanity in violation of international law. Accordingly, the first element is satisfied.

Plaintiffs have also alleged that Chiquita acted with the purpose or intent to assist in that violation. Unlike their First Amended Complaint, Plaintiffs now allege that "Chiquita made its payments intending that Left-Wing Guerilla Groups would continue in their violent ways, thereby improving the security of Chiquita's operations and suppressing the union activity, both of which protected Chiquita's profits." Second Amended Complaint at ¶ 482. The Court find that this satisfies the second prong of aiding and abetting liability as articulated in Talsiman.

The Court is not persuaded by Defendants' assertion that Plaintiffs' incorporation of the Report of the Special Litigation Committee of Chiquita's board of Directors ("SLC Report") undermines their own pleadings. Plaintiffs' can rely on certain portions of the SLC Report in their Second Amended Complaint without being legally bound by other non-favorable findings or conclusions. The Court rejects Defendants' assertion that the SLC Report's statement that

Chiquita was a target of the guerillas' extortion somehow precludes Plaintiffs from pleading an allegation to the contrary. Whether Chiquita was extorted or intentionally funding the guerilla organizations to advance their own goals is a question of fact that will be decided at summary judgment or trial.

Lastly, the Court finds that Plaintiffs have adequately alleged that Chiquita's assistance substantially contributed to the guerillas' commission of the violation. In the June 3 Order, this Court held that the First Amended Complaint failed to allege "facts regarding the specific amounts, frequency, and duration of Chiquita's payments, the terms of Chiquita and the FARC's agreements surrounding the payments, and included the additional allegations that Chiquita supplied the FARC with weapons, ammunition, and other non-monetary supplies." June 3 Order at 94. Through their Second Amended Complaint, Plaintiffs now allege with adequate specificity each of these missing elements. See Second Amended Complaint at 463-485. The Court therefore finds that the Second Amended Complaint adequately pleads all of the elements for an aiding and abetting liability claim for the FARC-based claims.

### IV.  Conclusion

For the reasons previously set forth Defendants' Motion to Dismiss Second Amended Complaint (DE 450) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of March, 2012.

_____
KENNETH A. MARRA
United States District Judge