UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-01916-MD-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTIONS

    07-60821-CIV-MARRA
    08-80421-CIV-MARRA
    08-80465-CIV-MARRA
    08-80480-CIV-MARRA
    08-80508-CIV-MARRA
    10-60573-CIV-MARRA
    10-80652-CIV-MARRA
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Reconsideration of Parts III and IV of this Court's June 3, 2011, Opinion and Order (DE 457). The matter is now fully briefed and ready for review.

### I. Introduction

This matter arises out of the alleged torture and killing of thousands of Colombian citizens and residents by the Autodefensas Unidas de Colombia ("AUC"), a paramilitary organization operating in Colombia, and left-wing guerrilla insurgents such as the Revolutionary

Armed Forces of Colombia ("FARC") and the National Liberation Army ("ELN").[1] Plaintiffs, who are representatives of the victims, brought these actions against Defendants Chiquita Brands International, Inc. and Chiquita Fresh North America LLC. There are currently thirteen separate complaints that have been filed in various district courts, all of which have been transferred to this Court by the Judicial Panel on Multidistrict Litigation (MDL #1916). Through nine of these complaints,[2] Plaintiffs allege claims under 28 U.S.C. § 1350— commonly known as the Alien Tort Statute ("ATS") or Alien Tort Claims Act ("ATCA")—for terrorism; material support to terrorist organizations; torture; extrajudicial killing; war crimes; crimes against humanity; cruel, inhuman, or degrading treatment; violation of the rights to life, liberty and security of person and peaceful assembly and association; and consistent pattern of gross violations of human rights. Plaintiffs also allege claims under the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350, for torture and extrajudicial killing. Last, Plaintiffs allege claims under the laws of Florida, New Jersey, Ohio, the District of Columbia, and the foreign law of Colombia for assault and battery, wrongful death, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, negligent hiring, negligent per se, and loss of consortium. These nine complaints will hereinafter collectively be referred to as the "ATS Complaints."

---

[1] The Court uses the terms "FARC-based," "guerilla-based," and "left-wing guerilla based" claims interchangeably.

[2] The other four complaints bring causes of action under the Anti-Terrorism Act ("ATA") and are not addressed in this Order.

On April 9, 2010, Defendants filed a Motion to Dismiss (DE 295) ("2010 Motion to Dismiss") seven of the nine ATS Complaints.[3]  On June 3, 2011, this Court issued an order ("June 3 Order") granting in part and denying in part the 2010 Motion.  In that Order, the Court granted Defendants' Motion with respect to: (1) Plaintiffs' ATS claims for terrorism and material support to terrorist organizations; (2) Plaintiffs' ATS claims for cruel, inhuman, or degrading treatment; violation of the rights to life, liberty and security of person and peaceful assembly and association; and consistent pattern of gross violations of human rights; (3) Plaintiffs' state-law claims; (4) Plaintiffs' Colombia-law claims; and (5) certain Plaintiffs' FARC-based claims.  The Court, however, denied Defendants' motion with respect to: (1) Plaintiffs' ATS claims for torture, extrajudicial killing, war crimes, and crimes against humanity; and (2) Plaintiffs' TVPA claims for torture and extrajudicial killing.

Plaintiffs' now move for reconsideration of the Court's dismissal of their state-law (Part III) and Colombia-law (Part IV) claims.

## II.  Legal Standard

A motion for reconsideration is appropriate where (1) an intervening change in controlling law has occurred, (2) new evidence has been discovered, or (3) there is a need to correct clear error or prevent a manifest injustice.  Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  The moving party must set forth facts or

---

[3] Two of the ATS Complaints (Case Nos. 11-80404 and 11-80405) were not addressed in the June 3 Order because they were transferred to this Court only after briefing on the 2010 Motion to Dismiss was complete.

law of a "strongly convincing nature" to induce the court to reverse a prior decision. Williams, 320 F. Supp. 2d at 1358. Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. Sussman, 153 F.R.D. at 694.

### III.  Discussion

After carefully reviewing the briefs and the Order, the Court finds that only dismissal of Plaintiffs' Colombia law claims (Part IV) warrants reconsideration. With regard to dismissal of the state-law claims (Part III), the Court denies Plaintiffs' Motion Reconsideration for reasons articulated in the underlying Order.[4] See June 3 Order at 86-89.

With regard to Part IV, the Court finds that it erred in dismissing the Colombia-law claims. The relevant portion of the June 3 Order stated:

> Some Plaintiffs also assert claims under the laws of Colombia. These are the same common-law claims that these Plaintiffs assert under state laws, e.g., wrongful death, but the complaints assert that these claims also are actionable under Colombian law. Even if the Court were competent to interpret and rule upon a foreign nation's common law, the novel and complex issues inherent in such in endeavor balance against exercising supplemental jurisdiction. Accordingly, under 28 U.S.C. § 1367(a) the Court will decline to exercise supplemental jurisdiction over Plaintiffs' Colombian-law claims. See Amergi, 611 F.3d at 1366 (affirming district court's decision not to exercise supplemental jurisdiction over foreign-law claim based on "extraordinary inconvenience and expenditure of judicial resources involved in hearing the Israeli law wrongful death claim"); Romero, 552 F.3d at 1318 ("The conclusion of the district court that the claim [for wrongful death under Colombian law] raised complex issues is supported by the record, and the court was well within its discretion to decline jurisdiction over that claim."); Drummond I, No. 09-1041, Slip op. at 35 (declining to exercise supplemental jurisdiction over Colombian-law claim,

---

[4] The question of whether the civil tort laws of Florida, New Jersey, Ohio, and the District of Columbia apply to the extraterritorial conduct of foreign tortfeasors on to foreign victims has been certified to the Eleventh Circuit in the Court's concurrently filed order granting interlocutory review of its June 3 Order.

4

> reasoning that the "wrongful death claim raises a novel and complex issue under the law of Colombia. Those issues are sufficiently complex that it would be impossible for this court to navigate the Colombian law requisites for a wrongful death claim.") (citing 28 U.S.C. § 1367(c)(1)).

June 3 Order at 90.

Upon further review, the Court agrees with Plaintiffs that it did not have the discretion to dismiss the Colombia-law claims that were properly plead under the Court's diversity jurisdiction, as opposed to its supplemental jurisdiction. After reviewing of each of the underlying complaints, the Court makes the following findings:

- Case 07-60821-CIV-MARRA: Plaintiffs **did not** plead diversity jurisdiction and did **not** specifically plead Colombian law claims.
- Case 08-80421-CIV-MARRA: Plaintiffs **did** plead diversity jurisdiction (¶ 3) and **did** specifically plead violation of Colombian law (¶ 198).
- Case 08-80465-CIV-MARRA: Plaintiffs **did** plead diversity jurisdiction (¶ 17) but **did not** specifically plead Colombian law claims.
- Case 08-80480-CIV-MARRA: Plaintiffs **did** plead diversity jurisdiction (¶ 1) but **did not** adequately plead Colombian law claims. See ¶ 1055.
- Case 08-80508-CIV-MARRA: Plaintiffs **did** plead diversity jurisdiction (¶ 2) and **do** specifically plead violation of Colombian law (¶ 841(f)).
- Case 10-60573-CIV-MARRA: Plaintiffs **did** plead diversity jurisdiction (¶ 6) but **did not** adequately plead Colombian law claims. See ¶ 7.
- Case 10-80652-CIV-MARRA: Plaintiffs **did** plead diversity jurisdiction (¶ 2) and **do** specifically plead violation of Colombian law (¶ 3).

The Court therefore vacates the portions of its June 3 Order that dismisses Plaintiffs' Colombian-law claims. With respect to those cases that adequately plead both diversity jurisdiction and Colombia-law claims, the Court now holds that those claims may proceed. With respect to those cases that do not adequately plead diversity jurisdiction, Colombia-law claims, or both, the Court dismisses the Colombia-law claims in those matters without prejudice and with

5

leave to amend those complaints to properly plead diversity jurisdiction and Colombian-law claims.

### IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion for Reconsideration of Parts III and IV of this Court's June 3, 2011, Opinion and Order (DE 457) is **GRANTED IN PART AND DENIED IN PART**.

2. For case numbers 07-60821, 08-80465, 08-80480, and 10-60573, the Colombian-law claims in those complaints are **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs in those cases may refile an Amended Complaint to include the Colombia-law claims no later than **April 30, 2012**.

3. For case numbers 08-80421, 08-80508 and 10-80652, Defendants' Motion to Dismiss the Colombian-law claims is **DENIED** and those claims my proceed.

4. For all of the cases, Plaintiffs' Motion for Reconsideration of Part IV of the June 3 Order is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of March, 2012.

_____
KENNETH A. MARRA
United States District Judge