UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-01916-MD-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATA ACTIONS

    09-80683-CIV-MARRA
    11-80402-CIV-MARRA
_____/

**OPINION AND ORDER DENYING
MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT**

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Consolidated Amended Complaint (DE 460). These matters are now fully briefed and ready for review.

**I. Introduction**

This matter arises out of the alleged torture and killing of thousands of Colombian citizens and residents by the Autodefensas Unidas de Colombia ("AUC"), a paramilitary organization operating in Colombia, and left-wing guerrilla insurgents such as the Revolutionary Armed Forces of Colombia ("FARC") and the National Liberation Army ("ELN").[1] Plaintiffs, who are representatives of the victims, brought these actions against Defendants Chiquita Brands International, Inc. and Chiquita Fresh North America LLC. There are currently thirteen separate

---

[1] The Court uses the terms "FARC-based," "guerilla-based," and "left-wing guerilla based" claims interchangeably.

complaints that have been filed in various district courts, all of which have been transferred to this Court by the Judicial Panel on Multidistrict Litigation (MDL #1916). Through four of these complaints,[2] Plaintiffs allege claims under 18 U.S.C. § 2331 *et seq*, commonly known as the Antiterrorism Act ("ACT"). The four actions that seek relief under the ATA are:

- Case No. 08-20641 - Julin, *et al* v. Chiquita ("Julin Action")
- Case No. 09-80683 - Pescatore, *et al* v. Chiquita ("Pescatore Action")
- Case No. 10-80954 - Stansell, *et al* v. Chiquita ("Stansell Action")
- Case No. 11-80402 - Sparrow v. Chiquita ("Sparrow Action")

On July 11, 2008, Defendants filed a Motion to Dismiss (DE 95) the Julin Action ("Julin Motion to Dismiss"). On February 4, 2010, this Court issued an order ("Julin Order") granting in part and denying in part the Julin Motion to Dismiss. In that Order, the Court held the following with regard to the Julin Complaint:

- The ATA claims are not subject to statutory tolling. Julin Order at 10-11.
- Plaintiffs had sufficiently pled the doctrine of fraudulent concealment to avoid application of the statute of limitations to their ATA claims. Id. at 12-15.
- Plaintiffs allegations are sufficient to state predicate acts of international terrorism pursuant to section 2331(1) of the ATA. Id. at 16-18.
- Plaintiffs had sufficiently alleged aiding and abetting liability under the ATA. Id. at 20-22.
- Plaintiffs had adequately pled conspiracy liability under the ATA. Id. at 22-24.
- Plaintiffs had alleged a sufficient level of *mens rea* on Chiquita's part in providing currency and weapons to the FARC to establish primary liability under section 2339A of the ATA. Id. at 24-26.
- Plaintiffs have sufficiently alleged proximate causation for purposes of their claims under the ATA. Id. at 27-30.

---

[2] The other nine complaints bring causes of action under the Alien Torts Statute ("ATS") and the Torture Victim Protection Act ("TVPA") and are not addressed in this Order.

2

- Plaintiffs <u>had not</u> alleged sufficient facts which would allow the application of equitable estoppel to their Florida-law claims. <u>Id.</u> at 30-32.
- Plaintiffs <u>had</u> sufficiently pled the doctrine of fraudulent concealment to avoid application of the statute of limitations to their Nebraska-law claims. <u>Id.</u> at 32.\
- Plaintiffs <u>had</u> sufficiently pled wrongful death under Nebraska law. <u>Id.</u> at 32-34.

Based on these findings, the Court dismissed each of the Florida-based claims, but denied Defendants' motion with regard to the ATA and Nebraska-based claims. <u>Id.</u> at 34.

On June 6, 2011, the Court ordered the parties to show cause why the <u>Julin</u> Order should not apply to all four of the ATA actions. DE 413. With regard to the Stansell Action, Plaintiffs responded by stating:

> Plaintiffs respond to the Court's June 6, 2011 Order [D.E. 413] in the ATA actions by agreeing that the Court's February 4, 2010 order entered in <u>Julin v. Chiquita Brands International, Inc.</u>, Case No. 08-20641, applies to their ATA action. Plaintiffs' Complaint does not allege any state law causes of action.

DE 415 at 1. With regard to the Pescatore and Sparrow Actions, the Plaintiffs responded by stating:

> Inasmuch as the Court has provided guidance in its February 4th Order and one of the two complaints has only recently been filed, Plaintiffs request leave to file a consolidated amended complaint to avoid needless duplication and simplify Plaintiffs' claims and allegations, including removing claims brought pursuant to U.S. state and foreign law.

DE 420 at 1. Defendants responded by challenging all three of the remaining ATA actions on both substantive and procedural grounds. DE 422.

On July 15, 2011, Plaintiffs filed their Consolidated Amended Complaint and Demand for Jury Trial (DE 447) for the Pescatore and Sparrow Actions. On July 29, 2011, Defendants

3

filed their Motion to Dismiss Plaintiffs' Consolidated Amended Complaint (DE 460) that is presently before the Court.

## II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Id. (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009). Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1950. When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

A motion to dismiss under Rule 12(b)(1) may "assert either a factual attack or a facial attack to jurisdiction." Sinaltrainal, 578 F.3d at 1260. In a facial attack—that is, an attack on the sufficiency of the jurisdictional allegations in the complaint—the court reviews the allegations as "it does when considering a Rule 12(b)(6) motion," construing "the complaint in the light most favorable to the plaintiff and accept[ing] all well-pled facts alleged in the complaint as true." Id.; see also McElmurray v. Consol. Gov't of Augusta-Richmond Cnty, 501 F.3d 1244, 1251 (11th Cir. 2007) (explaining that in a Rule 12(b)(1) facial challenge the plaintiff has "safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised").

### III.  Discussion

Through their Consolidated Amended Complaint ("CAC"), Plaintiffs only have one claim for relief: international terrorism pursuant 18 U.S.C. § 2333(a). Defendants seeks to dismiss the Complaint for two reasons: (1) Plaintiffs' claims are time barred under the ATA's statute of limitations; and (2) documents relied on in Plaintiffs Complaint prevent them stating a claim. For the reasons discussed below, the Court rejects both of these challenges as a basis for dismissal at this stage of the litigation.

A.  Statute of Limitations

Chiquita first seeks to dismiss the CAC because it is time barred under the ATA's statute of limitations. Section 2335 of the ATA, titled "Limitation of Actions" provides:

> (a) In General. - Subject to subsection (b), a suit for recovery of damages under section 2333 of this title shall not be maintained unless commenced within 4 years after the date the cause of action accrued.
>
> (b) Calculation of Period. - The time of the absence of the defendant from the United States or from any jurisdiction in which the same or a similar action

arising from the same facts may be maintained by the plaintiff, or of any concealment of the defendant's whereabouts, shall not be included in the 4-year period set forth in subsection (a).

In its 2010 Julin Order, the Court rejected the applicability of the statutory tolling period defined by 1335(b). Jolin Order at 10-11 ("The Court agrees with the analysis in the opinion Strauss v. Credit Lyonnais, S.A., 2007 WL 2296832, *3-4 (E.D.N.Y. 2007), that the concealment of "whereabouts" provision in 18 U.S.C. § 2335(b) is restricted to physical concealment, not concealment of a defendant's identity as an alleged tortfeasor.") Plaintiffs have not challenged the inapplicability of section 2335(b) to the underlying actions, so the Court holds, as it did in Julin, that the underlying actions are not subject to statutory tolling.

With regard to equitable tolling, the Court held the following in the Julin Order:

> As Plaintiff's statutory tolling argument fails, the Court will next determine whether equitable tolling principles may apply to Plaintiffs' ATA claims. "'Equitable tolling is a doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998). Unlike the diligence-discovery rule, which postpones accrual of a claim, the doctrine of equitable tolling suspends the statute of limitations once a claim has accrued. [Litle v. Arab Bank, PLC, 507 F.Supp.2d 267, 276 (E.D.N.Y. 2007)]. Chiquita asserts that 18 U.S.C. § 2335(b) is the exclusive tolling provision applicable to ATA claims. Plaintiffs, on the other hand, argue that statutory tolling and equitable tolling peacefully coexist with regard to the ATA.
>
> The general rule is that equitable tolling principles apply to all federal causes of action where time limits are in the character of a true statute of limitations. In re International Administrative Services, Inc., 408 F.3d 689, 701 (11th Cir. 2005). See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990) (framing a general rule that all statutes of limitations are subject to a rebuttable presumption that equitable tolling applies). However, equitable tolling is unavailable where it would conflict with the text of the relevant statute. U.S. v. Beggerly, 524 U.S. 38, 48 (1998) (holding that the Quiet Title Act already effectively allowed for equitable tolling by providing that the statute of limitations would not begin to run until the plaintiff "knew or should have known of the

6

> claim of the United States"); United States v. Brockamp, 519 U.S. 347 (1997) (holding that Congress intended no equitable tolling to apply to the IRS code
>
> limitation based on the detailed technical language of the statute, iterations of the limitation in procedural and substantive form and the explicit listing of exceptions).
>
> Here, the Court rejects Defendant's contention that the statutory tolling provision of § 2335(b) is inconsistent with the application of equitable tolling to Plaintiffs' ATA claims. The language of § 2335(b) contemplates a defendant whose existence is known and is essentially unable to be sued under the circumstances. If a plaintiff does not know of a defendant, the defendant's absence from the jurisdiction is immaterial. It does not follow logically that the statutory tolling provision would preclude the application of equitable tolling principles to someone about whom a plaintiff does not know or someone who has concealed his involvement. Thus, 18 U.S.C. § 2335(b) is not inconsistent with, nor does it foreclose, Plaintiffs' assertion of equitable tolling.

Julin Order at 12-13.

After finding that ATA actions are subject to equitable tolling, the Court then proceeded to determine whether equitable tolling is appropriate in the Julin Action. The Court first concluded that "Plaintiffs have sufficiently pled the doctrine of fraudulent concealment in an effort to avoid application of the statute of limitations." Julin Order at 15. The Court then held that "Whether the limitations period should be tolled is a factual question which cannot be resolved on a motion to dismiss." Id.

With regard to the diligence-discovery rule, the parties disagreed as to when the causes of action accrued. Defendants asserted that "all of Plaintiffs' claims accrued in the 1990's or, at the latest in 2000, when Plaintiffs allege that they learned that their relatives had been murdered by the FARC." Julin Order at 15. "Plaintiffs, in contrast, argue[d] that, under the discovery rule of accrual, the four-year limitations period did not start running until the disclosure of Chiquita's

7

guilty plea on March 19, 2007." Id. at 15-16.  The Court, however, held that resolution of the actual accrual date was unnecessary at the dismissal stage:

> The Court need not resolve the question of how to apply the diligence-discovery rule of accrual at this time.  <u>Regardless of when the causes of action accrued, Plaintiffs have pled sufficient facts to raise a question of equitable tolling based upon fraudulent concealment.</u>  Thus, questions of fact are present which preclude dismissal as a matter of law.

Julin Order at 16 (emphasis supplied).

Here, Defendants assert that the <u>Julin</u> action was filed within four years of its May 2004 disclosure to the Securities and Exchange Commission ("SEC"), whereas the actions here were filed more than four years after the disclosure.  Although true, Defendants are attempting to have the Court decide a question it refused to address in the Julin order: when the cause of action accrued.  Just as in the <u>Julin</u> action, if Plaintiffs have sufficiently pled facts to give rise to a question of fact of equitable tolling based on fraudulent concealment, the question of when the causes of action accrued here is irrelevant.  Accordingly, the critical question before the Court is whether Defendants have adequately pled fraudulent concealment.

To invoke the doctrine of equitable tolling based on a defendant's fraudulent concealment of its conduct, "plaintiffs must establish that: (1) the defendant wrongfully concealed material facts relating to its wrongdoing; (2) the concealment prevented plaintiffs' discovery of the nature of the claim within the limitations period; and (3) the plaintiffs exercised due diligence in pursuing the discovery of the claim during the period they seek to have tolled."  <u>Litle</u>, 507 F.Supp.2d at 276-77.  Due diligence by the plaintiff is insufficient alone, and equitable tolling does not apply to "garden variety" claims of excusable neglect.  <u>Justice v. U.S.</u>, 6 F.3d 1474,

1479-80 (11th Cir. 1993); see also Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989) ("It is a common maxim that equity is not intended for those who sleep on their rights"). The burden rests with a plaintiff to show that equitable tolling is warranted. Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 661 (11th Cir. 1993). "[T]he applicability of equitable tolling is a fact-based decision" which must be determined "on a case-by-case basis." In re International Administrative Services, Inc., 408 F.3d at 701-02.

In Julin, the Court found:

> The Complaint contains twelve detailed paragraphs alleging Chiquita's furtive, secret payments, including large sums of cash personally transported and made by a senior Chiquita employee on a regular basis; falsification of names and non-existent employees on Chiquita's payroll to provide funds to regional FARC commanders on local paydays; assistance in creating false front organizations and dummy corporations to channel funds; creation of fictitious contracts with legitimate organizations or overvaluation of existing contracts to bury secret payments in its bookkeeping; cooperation with FARC-controlled labor unions, including Sintrabanano, to channel payments to FARC, funneling weapons to FARC and assistance of the transport of weapons through Chiquita's local transportation contractors; payments to AUC through intermediaries known as "convivirs"; making false and misleading entries on its books and records; and filing false and/or misleading documents with the Colombian and United States governments. Taking the allegations in the complaint as a whole, the Court concludes that Plaintiffs have sufficiently pled the doctrine of fraudulent concealment in an effort to avoid application of the statute of limitations. Whether the limitations period should be tolled is a factual question which cannot be resolved on a motion to dismiss.

Julin Order at 14-15.

The Court has carefully reviewed the CAC and finds that Plaintiffs have adequately pled fraudulent concealment. Plaintiffs have alleged that:

9

- "Chiquita and its Banadez subsidiary used numerous methods to fraudulently conceal their activities to prevent U.S. investigators, the public, and other guerilla groups from learning of their illicit payments."  CAC at ¶ 77.
- Chiquita used special accounting procedures to fraudulently conceal illicit payments to FARC.  CAC at ¶ 78.
- Payments authorized by senior Chiquita officials were disbursed to FARC in cash and delivered through intermediaries.  CAC at ¶ 79.
- Chiquita "used false names and non-existent employees to pad their payrolls so they could fund local FARC commanders without detection."  CAC at ¶ 80.
- Chiquita assisted FARC in creating front organizations and fictitious contracts to support the indirect funding of guerilla groups.  CAC at ¶ 80-81.
- "Consequently, as a result of Chiquita's fraudulent concealment, the Plaintiffs, even through reasonable due diligence, were unable to learn of the Defendants' wrongful activities until after Chiquita's admissions to the Department of Justice in March 2007."  CAC at ¶ 84.

Based on these allegations, the Court finds that Plaintiffs have sufficiently pled the doctrine of fraudulent concealment in an effort to avoid application of the statute of limitations. Accordingly, Defendants' Motion to Dismiss Plaintiffs' ATA action for violating the statute of limitations is denied.

B.  *Failure to State a Claim*

Defendants' second and final grounds for dismissal is based exclusively on their assertion that by referencing the Report of the Special Litigation Committee of Chiquita's board of Directors ("SLC Report") in their Complaint, Plaintiffs' concede that Defendants were extorted by FARC and therefore cannot be held liable for their payments.  Whether the SLC Report establishes that Chiquita was, in fact, extorted by FARC is a question of fact not to be decided in a motion to dismiss.  Accordingly, the Court denies Defendants' motion to dismiss for failure to state a claim.

## IV.  Conclusion

For the reasons previously set forth Defendants' Motion to Dismiss Consolidated Amended Complaint (DE 460) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of March, 2012.

_____
KENNETH A. MARRA
United States District Judge