UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS Action

    07-60821-CIV-MARRA
_____/

**PLAINTIFFS' UNOPPOSED MOTION TO RECONSIDER AND WITHDRAW THIS COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO CLARIFY THE STATUS OF PLAINTIFFS' ATS AND COLOMBIA-LAW CLAIMS**

Plaintiffs in the *Carrizosa* ATS Action ("Carrizosa Plaintiffs") respectfully move this Court to withdraw or clarify its Order Denying Motion to Dismiss issued April 6, 2012 (D.E. # 160, Case No. 07-60821) ("April 6, 2012 Order"). There are several reasons to suggest that the April 6, 2012 Order was likely the result of a mistake or error. First, the April 6, 2012 Order ruled on a motion—the Defendants' Motion to Dismiss Second Amended Complaint (D.E. # 445 Case No. 08-01916; D.E. # 120 Case No. 07-60821)—which the Court had *already decided* on September 6, 2011 (D.E. # 477) ("September 6, 2011 Order"). Second, the April 6, 2012 Order mistakenly characterizes the Carrizosa Second Amended Complaint as containing guerilla-based claims, when in fact the complaint contains no such claims. Third, the April 6, 2012 Order conflicts with the Court's recently-issued order on the joint Motion for Reconsideration by the ATS Plaintiffs, thereby creating uncertainty as to the status of the Carrizosa Plaintiffs'

Colombia-law claims. The Plaintiffs have conferred with counsel for the Defendants, and they do not oppose this motion. In support of this motion, Plaintiffs state as follows:

1. On April 6, 2012, the Court entered an order (D.E. # 160) ruling on the Defendants' Motion to Dismiss the Carrizosa Second Amended Complaint. The Court had previously decided this same motion in a written order issued on September 6, 2011 (D.E. # 477). (The September 6, 2011 Order did not appear on the Carrizosa individual docket, and this accidental docketing error may have led the Court to mistakenly believe that the Defendants' Motion to Dismiss the Carrizosa Second Amended Complaint had not yet been decided).

2. The Court's April 6, 2012 Order conflicts with the September 6, 2011 Order in that it dismisses the Carrizosa Plaintiffs' ATS claims relating to extrajudicial killings, war crimes, and crimes against humanity, which the Court had allowed to go forward in its September 6, 2011 Order. *Compare* April 6, 2012 Order, D.E. #160 at 6 ("Plaintiffs have failed to adequately allege that Chiquita's assistance substantially contributed to the guerillas' commission of the violation . . . Accordingly, Defendants' Motion to Dismiss Plaintiffs' terrorism-based claims is GRANTED") *to* September 2011 Order, D.E. # 477 at 2-3 ("[T]he Carrizosa Plaintiffs filed their Second Amended Complaint, which essentially adopts the allegation of other complaints that this Court has already held sufficiently plead ATS claims . . . Defendants' motion to dismiss is DENIED with respect to the Carrizosa Plaintiffs' ATS claims for torture, extrajudicial killing, war crimes, and crimes against humanity.").

3. In finding that the Carrizosa Plaintiffs' ATS allegations were insufficient in the April 6, 2012 Order, it appears that the Court may have confused the Carrizosa complaint with a different ATS Action. The April 6, 2012 Order characterizes the Carrizosa Plaintiffs' claims as "guerilla-based ATS claims," (D.E. # 160 at 5-6), but, in fact, the Carrizosa Plaintiffs

2

have not made guerilla-based ATS claims. Instead, the Carrizosa Plaintiffs' ATS claims rely on Chiquita's alleged interaction with paramilitary groups in Colombia, specifically the AUC. S*ee e.g.,* Second Amended Complaint at ¶ 90, D.E. # 118 ("Chiquita substantially assisted *the AUC paramilitaries* who personally undertook the wrongful acts alleged herein, and intended, at the time it provided assistance to *the AUC*, that its actions would aid *the AUC* in committing the wrongful acts alleged herein.") (emphasis added). Notably, the Court's September 6, 2011 Order, which found that the Carrizosa Plaintiffs had adequately pled violations under the ATS, correctly characterized the Carrizosa Second Amended Complaint as pleading only claims based upon alleged paramilitary violence. (D.E. # 477)

4. The April 6, 2012 Order also conflicts with the Court's March 27, 2012 Order Granting In Part and Denying In Part Plaintiffs' Motion for Reconsideration ("March 27, 2012 Reconsideration Order"), and creates confusion as to the status of the Carrizosa Plaintiffs' Colombia-law claims. (D.E. # 516) Whereas the April 6, 2012 Order allows the Carrizosa Plaintiffs' Colombia-law claims to go forward, the March 27, 2012 Reconsideration Order dismisses the Carrizosa Plaintiff's Colombia-law claims, allowing the Carrizosa Plaintiffs to refile an Amended Complaint no later than April 30, 2012. *Compare* April 6, 2012 Order, D.E. # 160 at 5 ("In light of the Court's March 27 Order granting reconsideration of the Colombia-law claims, Defendants' Motion to Dismiss those claims is **DENIED**") *to* March 27, 2012 Reconsideration Order, D.E. # 516 at 6 ("For case number[] 07-60821 [the Carrizosa case]. . . the Colombian-law claims . . . are **DISMISSED WITHOUT PREJUDICE**.").

WHEREFORE, for the reasons stated above, the Carrizosa Plaintiffs respectfully request that the Court withdraw its Order Denying Motion to Dismiss entered on April 6, 2012, or, in the alternative, clarify (1) the status of the Carrizosa Plaintiffs' ATS claims, given the

3

conflict between the April 6, 2012 Order and the September 6, 2011 Order; (2) the status of the Carrizosa Plaintiffs' Colombia-law claims, given the conflict between April 6, 2012 Order and March 27, 2012 Reconsideration Order.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with counsel for the Defendants in a good faith effort to resolve the issues raised in this motion.  Defendants do not oppose this motion.

Dated: April 17, 2012                              Respectfully submitted,

                                                    William J. Wichmann, PA
                                                    FBN: 313270
                                                    wwichmann@me.com
                                                    888 E. 3rd Avenue, Ste. 400
                                                    Fort Lauderdale, FL  33316
                                                    Telephone: 954-522-8999
                                                    Facsimile:   954-449-6332


                                                    By: /s/  William J. Wichmann
                                                         William J. Wichmann

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 17th day of April, 2012.  I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008 Joint Counsel List filed in accordance with the CMO.

By: /s/  William J. Wichmann
William J. Wichmann

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS Action

    07-60821-CIV-MARRA
_____/

**[PROPOSED] ORDER WITHDRAWING THIS COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Upon consideration of the Plaintiffs' unopposed Motion to Reconsider and Withdraw This Court's Order Granting In Part and Denying in Part Defendants' Motion to Dismiss, the Court hereby **ORDERS** that said motion is **GRANTED**. The Court hereby vacates its Order Denying Motion to Dismiss issued on April 6, 2012 (D.E. # 160).

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this ___ day of April 2012.

    _____
    KENNETH A. MARRA
    United States District Judge

6