## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION

_____/

This Document Relates To:

ATS ACTIONS

_____/

## CONSENT MOTION TO STAY PROCEEDINGS AND
## TOLL RULE 12 OBLIGATIONS PENDING INTERLOCUTORY REVIEW

Defendants Chiquita Brands International, Inc. and Chiquita Fresh North America L.L.C.

(collectively, "Chiquita"), with the consent of the plaintiffs in the ATS Actions, respectfully

move the Court to enter an order:  (1) staying proceedings in the ATS Actions until the Eleventh

Circuit completes its recently-granted interlocutory review, subject to a limited exception

allowing plaintiffs in case number 9:08-cv-80421 to file the amended complaint attached hereto

as Exhibit A, and (2) tolling the obligation of Chiquita or any other defendant to file a responsive

pleading or motion under Rule 12 in response to any amended complaint filed by any plaintiff

after September 18, 2012, until 60 days after the Eleventh Circuit completes its interlocutory

review.[1]  In support of this consent motion, Chiquita submits the following Memorandum of

Law.

_____

[1]      Should the Court enter the requested stay, plaintiffs reserve the right to move the Court to
lift the stay for the limited purpose of preserving testimony where there is a reasonable basis that
relevant and material testimony may be lost if not taken during the period this stay is in effect.
Chiquita reserves the right to oppose any such motion by plaintiffs.

## MEMORANDUM OF LAW

1.      On June 3, 2011, the Court entered an Order denying in part and granting

in part Chiquita's motions to dismiss the ATS Actions.  (*See* Op. & Order (June 3, 2011) (D.E.

#412).)[2]  On March 27, 2012, the Court certified that Order for interlocutory review pursuant to

28 U.S.C. 1292(b) (*see* Order (Mar. 27, 2012) (D.E. #518); *see also* Order (Apr. 5, 2012) (D.E.

#522) (clarifying that certification for interlocutory review extended to the Court's other orders

denying in part Chiquita's motions to dismiss certain ATS Actions)), and on April 6, 2012,

Chiquita submitted a Petition for Permission to Appeal (the "Petition") to the Eleventh Circuit.

The Eleventh Circuit granted Chiquita's Petition on September 27, 2012.  (*See* Order of U.S.

Court of Appeals Granting Petition for Permission to Appeal (Sept. 27, 2012) (D.E. #579).)

2.      In May 2012, while the Petition was pending, five of the nine groups of

plaintiffs in the ATS actions moved for leave to amend their complaints to, *inter alia*, add new

plaintiffs and add current and former Chiquita executives as individual defendants.  (*See* D.E.

#535, 536, 538, 541, 542.)  On September 18, 2012, the Court granted the motions over

Chiquita's objection, but stated that Chiquita may request a stay of proceedings if and when the

Eleventh Circuit granted Chiquita's Petition, which the Eleventh Circuit did nine days later.  (*See*

Op. & Order Granting Pls.' Leave to Amend at 3 (Sept. 18, 2012) (D.E. #556).)  The plaintiffs

who had moved to amend began filing their amended complaints on September 20, 2012 (*see*

D.E. #557, 558, 575, 576), triggering Chiquita's obligation to file a responsive pleading within

14 days.  *See* Fed. R. Civ. P. 15(a)(3).  On October 4, 2012, Chiquita filed a consolidated motion

to dismiss the amended complaints that the Court had granted leave to file.  (*See* D.E. #580.)  On

October 22, 2012, plaintiffs in these amended complaints moved the Court for an extension of

---

[2]      All docket-entry citations herein are to the MDL master docket in 0:08-md-01916-KAM
(S.D. Fla.).

time to respond to Chiquita's consolidated motion (*see* D.E. #583); Chiquita consented to the request for additional time, in order to permit the parties to complete their agreement to seek a stay of proceedings pursuant to this motion.  On October 24, 2012, the Court granted plaintiffs' motion for extension of time.  (*See* D.E. #584.)  The parties agree that a stay is appropriate for the reasons that follow.

3.     District courts have broad discretion to stay proceedings based on their inherent power to manage their own docket.  *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1172, n. 7 (11th Cir. 2004).  A stay pending interlocutory appeal "is warranted in the interest of judicial economy, and avoidance of unnecessary discovery and litigation expenses."  *Danner Const. Co., Inc. v. Hillsborough County*, 2009 WL 3055315, at *2 (M.D. Fla. Sept. 24, 2009).  Indeed, courts have routinely stayed pre-trial proceedings pending interlocutory review, including in ATS cases.  *See Mamani v. Sanchez-Berzain*, Nos. 07-22459, 08-21063, at 2 (S.D. Fla. Mar. 16, 2010) (D.E. #154) (staying proceedings pending interlocutory appeal in ATS case); *see also Tenet v. Doe*, 544 U.S. 1, 6 (2005); *Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1302 (11th Cir. 2005); *Hutton v. Strickland*, 919 F.2d 1531, 1535 (11th Cir. 1990); *Howell v. Sheriff of Palm Beach County*, 2010 WL 2613164, at *1 (S.D. Fla. June 10, 2010); *Dukes v. Miami-Dade County*, 2007 WL 4336319, at *1 (S.D. Fla. Dec. 7, 2007); *Sosa v. Hames*, 2006 WL 1284927, at *1 (S.D. Fla. May 3, 2006).

4.     In this case, judicial economy requires a stay of proceedings while the Eleventh Circuit conducts its interlocutory review of the Court's prior rulings on Chiquita's motions to dismiss the ATS Actions.  Chiquita's newly-filed consolidated motion to dismiss asserts the same arguments that Chiquita previously advanced, some of which are now the subject of interlocutory review.  In addition, because plaintiffs have asserted the same claims against the newly-named individual defendants that they asserted against Chiquita, the individual

defendants will almost certainly move to dismiss on the same or similar grounds.  Consequently, absent a stay, the parties would be forced to brief, and the Court forced to resolve, the defendants' motions to dismiss at the same time that the Eleventh Circuit is defining the legal standards applicable to those motions.  The Court's rulings would then be subject to another round of interlocutory review or, at a minimum, would be revisited once the Eleventh Circuit resolves the pending appeal and clarifies the relevant law.  Such parallel and serial litigation would waste judicial resources and impose needless litigation costs on the parties.  *See Florida Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1257 (S.D. Fla. 2004), *aff'd Florida Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 470 F.3d 1036, 1041-42 (11th Cir. 2006) (explaining that, in light of pending interlocutory review, parallel litigation in the trial and appellate courts regarding overlapping issues would force the litigation to be resolved "in a piecemeal fashion with no logical conclusion").  Rather than proceeding with such a "piecemeal" approach, the Court should stay all proceedings until the Eleventh Circuit clarifies the law governing plaintiffs' claims and the defendants' Rule 12 defenses, at which time the Court can apply the Eleventh Circuit's ruling in a coordinated and efficient manner.

5.      While the parties agree on the appropriateness of a stay, plaintiffs in case number 9:08-cv-80421 (the "New Jersey Plaintiffs") wish to file an amended complaint in the form attached as Exhibit A for the limited purpose of adding certain individual defendants who have been named in other ATS Actions pursuant to the recent amendments permitted by the Court.  The New Jersey Plaintiffs, who did not previously seek to add individual defendants, contend that permitting this amendment will simply put them in the same procedural posture as the other plaintiffs who were granted leave to amend.  While reserving all of its rights and defenses, Chiquita does not object to an order permitting the New Jersey Plaintiffs to file the amended complaint attached as Exhibit A as a condition of granting the relief requested herein.

4

WHEREFORE, Chiquita respectly requests that the Court enter an order:  (1) staying proceedings in the ATS Actions until the Eleventh Circuit completes its recently-granted interlocutory review, subject to a limited exception allowing the plaintiffs in case number 9:08-cv-80421 to file the amended complaint attached hereto as Exhibit A, and (2) tolling the obligation of Chiquita or any other defendant to file a responsive pleading or motion under Rule 12 in response to any amended complaint filed by any plaintiff on or after September 18, 2012, until 60 days after the Eleventh Circuit completes its interlocutory review.

Dated: November 8, 2012

John E. Hall
James M. Garland
José E. Arvelo
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone: (202) 662-6000
Fax: (202) 662-6291

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Telephone:  (212) 841-1000
Fax:  (212) 841-1010

Respectfully submitted,
   /s/ Robert W. Wilkins
Sidney A. Stubbs (Fla. Bar No. 095596)
Robert W. Wilkins (Fla. Bar No. 578721)
Christopher S. Rapp (Fla. Bar No. 0863211)
rwilkins@jones-foster.com
JONES, FOSTER, JOHNSTON & STUBBS, P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 659-3000
Fax: (561) 650-0412

*Counsel for Chiquita Brands International, Inc.*
*and Chiquita Fresh North America LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 8th day of November, 2012.  I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008, Joint Counsel List filed in accordance with the CMO.

By:    /s/ Robert W. Wilkins
Fla. Bar No. 578721
rwilkins@jones-foster.com