UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTIONS
_____/

NO. 08-80421-cv-MARRA/JOHNSON

JOHN DOE 1 et al.,
v.
CHIQUITA BRANDS INTERNATIONAL, INC., et al.
_____/

NO. 08-80508-cv-MARRA/JOHNSON

JOSE LEONARDO LOPEZ VALENCIA et al.
v.
CHIQUITA BRANDS INTERNATIONAL, INC., et al.
_____/

NO: 07-cv-60821-KAM

ANTONIO GONZALEZ CARRIZOSA, et. al.
v.
CHIQUITA BRANDS INTERNATIONAL, INC., et. al.
_____/

## DECLARATION OF JOHN (JACK) SCAROLA

I, John (Jack) Scarola, declare as follows:

1.    I am an attorney and member of the bar of the State of Florida, Eleventh Circuit, and the U.S. District Courts for the Southern and Middle Districts of Florida. Except where otherwise noted, the facts stated herein are based on my personal knowledge. If called upon to do so I could and would competently testify thereto.

Case No.:  08-01916-MD-MARRA/JOHNSON
Declaration of John (Jack) Scarola
Page 2 of 3

2.     I am liaison counsel for the plaintiffs in the coordinated multi-district *Chiquita Brands International, Inc. Alien Tort Statute and Shareholder Derivative Litigation* ("*Chiquita* MDL"), No. 08-01916-MD-MARRA (S.D. Fla.). I make this declaration in support of Plaintiffs' Reply to Defendants' Memorandum of Law in Opposition to Plaintiffs' Emergency Motion to Issue Requests for Judicial Assistance to Perpetuate Testimony and Motion for Leave to Take Depositions to Perpetuate Testimony.

3.     I have never paid any money or given anything of value, directly or indirectly, to any witness or potential witness in this case. My co-counsel who also represent Plaintiffs in these consolidated proceedings have likewise assured me that they have never paid any money or given anything of value to any witness or potential witness in this case, and are willing to execute declarations to that effect if necessary.

4.     I have never had any contact with any of the individuals from whom discovery is sought in this Motion.  My co-counsel have likewise assured me that they have never had any contact with those individuals, and are willing to execute declarations to that effect if necessary.

5.     I have never agreed with any other person, including other counsel representing plaintiffs in the *Chiquita* MDL, that that person or any other person should give payments or anything of value, directly or indirectly, to any witness or potential witness in this case. My co-counsel have likewise assured me that they have never made any such agreement, and are willing to execute declarations to that effect if necessary.

6.      I was present at meetings of *Chiquita* MDL plaintiffs' counsel at which Attorney Paul Wolf was also present, at which the ethics of paying potential witnesses – including former Colombian paramilitaries – was discussed.  Contrary to Mr.  Wolf's representations, neither I nor, to my knowledge, any other counsel representing plaintiffs in this multi-district litigation, agreed that payments or anything else of value should be paid to any such witnesses at that time or at anytime thereafter.

7.     Contrary to Mr. Wolf's representations, to the best of my knowledge, no *Chiquita* MDL plaintiffs' counsel has ever suggested that paying any fact witness (as opposed to an expert properly compensated for his/her time) for testimony should be done or would be appropriate.

8.     When the hypothetical issue of the ethics of witness payments, including the "Ethics of Paying Witness's Legal Fees" memo, was raised among *Chiquita* MDL plaintiffs' counsel, no counsel suggested to the group in response that this either was or was not permitted by ethical rules.  No plan to actually make any payments to, or for the benefit of, any witness was ever discussed among this group.

Case No.:  08-01916-MD-MARRA/JOHNSON
Declaration of John (Jack) Scarola
Page 3 of 3

9.     In the *Drummond v. Collingsworth* litigation, No. 14-mc-81189 (S.D. Fla.), I sought to quash subpoenas issued to me and my law firm, Searcy Denney Scarola Barnhart & Shipley, that would require me to turn over documents that constitute privileged attorney work product. I am aware that Marco Simons has filed a new motion requesting the District Court to issue an Indicative Ruling pursuant to Fed. R. Civ. P. 62.1, which motion I support.  It is my sincere belief that this action is necessary to protect counsel's ability to discuss matters relating to their representation of the plaintiffs freely, even if such discussions touch on controversial subjects.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 2nd day of February, 2015, at West Palm Beach, Florida.

By:  s/John (Jack) Scarola

Jack Scarola
Florida Bar No.: 169440
Attorney E-Mail: jsx@searcylaw.com  and mep@searcylaw.com
Primary E-Mail: eservice@searcylaw.com
Secondary E-Mail:  _scarolateam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9451
Plaintiffs' Liaison Counsel