UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/
This Document Relates To:
ATS ACTIONS
_____/

NO. 08-80421-cv-MARRA/JOHNSON

JOHN DOE 1 *et al.*,
v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/

NO. 08-80508-cv-MARRA/JOHNSON

JOSE LEONARDO LOPEZ VALENCIA *et al.*
v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/

**DECLARATION OF MARCO SIMONS**

I, Marco Simons, declare as follows:

1. I am the Legal Director of EarthRights International, counsel for the plaintiffs in *Doe v. Chiquita Brands International, Inc.*, No. 08-80421-CIV-MARRA (S.D. Fla.), one of the cases in the coordinated multi-district *Chiquita Brands International, Inc. Alien Tort Statute and Shareholder Derivative Litigation* ("*Chiquita* MDL"), No. 08-01916-MD-MARRA (S.D. Fla.). I am a member of the bars of the states of Washington and California and of the District of Columbia, as well as of the U.S. Supreme Court, the U.S. Courts of Appeals for the D.C., Fourth, Ninth, and Eleventh Circuits, and several U.S.

district courts. I make this declaration in support of Plaintiffs' Reply to Defendants' Memorandum of Law in Opposition to Plaintiffs' Emergency Motion to Issue Requests for Judicial Assistance to Perpetuate Testimony and Motion for Leave to Take Depositions to Perpetuate Testimony.

2. I have never paid any money or given anything of value, directly or indirectly, to any witness or potential witness in this case. My co-counsel who also represent the John Doe I Plaintiffs have likewise assured me that they have never paid any money or given anything of value to any witness or potential witness in this case, and are willing to execute declarations to that effect if necessary.

3. I have never had any contact with any of the individuals from whom discovery is sought in this Motion. My co-counsel who represent the John Doe I Plaintiffs have likewise assured me that they have never had any contact with those individuals, and are willing to execute declarations to that effect if necessary.

4. I have never agreed with any other person, including other counsel representing plaintiffs in the *Chiquita* MDL, that that person or any other person should give payments or anything of value, directly or indirectly, to any witness or potential witness in this case. My co-counsel who represent the John Doe I Plaintiffs have likewise assured me that they have never made any such agreement, and are willing to execute declarations to that effect if necessary.

5. I was present at meetings of *Chiquita* MDL plaintiffs' counsel at which Attorney Paul Wolf was also present, at which the ethics of paying potential witnesses – including former Colombian paramilitaries – was discussed. Contrary to Mr. Wolf's representations, neither I nor, to my knowledge, any other counsel representing plaintiffs

in this multi-district litigation, agreed that payments or anything else of value should be paid to any such witnesses at that time or at anytime thereafter.

6. Contrary to Mr. Wolf's representations, to the best of my knowledge, no *Chiquita* MDL plaintiffs' counsel has ever suggested that paying anyone for false testimony should be done or would be appropriate.

7. When the hypothetical issue of the ethics of witness payments, including the "Ethics of Paying Witness's Legal Fees" memo, was raised among *Chiquita* MDL plaintiffs' counsel, no counsel suggested to the group in response that this either was or was not permitted by ethical rules. No plan to actually make any payments to, or for the benefit of, any witness was ever discussed among this group.

8. I filed a motion to intervene in the *Drummond v. Collingsworth* litigation, No. 14-mc-81189 (S.D. Fla.), seeking to quash subpoenas issued to Attorney Jack Scarola and his law firm, Searcy Denney Scarola Barnhart & Shipley, that would require him to turn over documents that constitute privileged attorney work product. That motion was denied based solely on lack of jurisdiction due to Mr. Scarola's appeal, and I am preparing to file a new motion requesting the District Court to issue an Indicative Ruling pursuant to Fed. R. Civ. P. 62.1. It is my sincere belief that this action is necessary to protect counsel's ability to discuss matters relating to their representation of the plaintiffs freely, even if such discussions touch on controversial subjects.

9. As far as I am aware, neither the Movants nor their counsel were aware that the ex-paramilitaries whose testimony is sought in this Motion were scheduled for release until late last year.

10. Attached hereto as Exhibit A is a true and correct copy of the February 12, 2013, *Verdad Abierta* article, "'Monoleche salpica a gobierno Uribe por asesinato de Vicente Castaño."

11. Attached hereto as Exhibit B is a true and correct copy of the online U.S. Central Intelligence Agency World Factbook's June 20, 2014, entry for the projected "life expectancy at birth" of the population of the United States.

12. Attached hereto as Exhibit C is a true and correct copy of the Declaration of Terrence Collingsworth, a U.S. attorney and counsel on one of the cases in the coordinated multi-district *Chiquita Brands International, Inc. Alien Tort Statute and Shareholder Derivative Litigation* ("*Chiquita* MDL"), in support of Plaintiffs' Reply.

13. Attached hereto as Exhibit D is a true and correct copy of the Declaration of John (Jack) Scarola, a U.S. attorney and counsel on one of the cases in the coordinated multi-district *Chiquita Brands International, Inc. Alien Tort Statute and Shareholder Derivative Litigation* ("*Chiquita* MDL"), filed in this Court on February 2, 2015, as DE 699.

14. Attached hereto as Exhibit E is a true and correct copy of the original Spanish version of the Declaration of Ulianov Franco Vanegas (hereinafter "Franco Declaration"), a Colombian attorney, in support of Plaintiffs' Reply.

15. Attached hereto as Exhibit F is a true and correct copy of the English translation of Franco Declaration, Exhibit E, along with a Certificate of Translation.

16. Attached hereto as Exhibit G is a true and correct copy of Colombia's Justice and Peace Law of 2005 ("Ley 975 de 2005"), referenced in Franco Declaration, Exhibit E, at n.1-4.

17. Attached hereto as Exhibit H is a true and correct copy of the May 11, 2005, *Semana* article, "Más de 1.600 desmovilizados colombianos han sido asesinados," referenced in the Franco Declaration, Exhibit E, at n.5.

18. Attached hereto as Exhibit I is a true and correct copy of the October 15, 2011, *Semana* article, "Salvavidas a los desmovilizados," referenced in Franco Declaration, Exhibit E, at n.6.

19. Attached hereto as Exhibit J is a true and correct copy of the September 24, 2008, *El Tiempo* article, "El ex 'para' 'Monoleche' no acudió a audiencia donde debía entregar 28 mil hectáreas de tierra," referenced in Franco Declaration, Exhibit E, at n.7.

20. Attached hereto as Exhibit K is a true and correct copy of the August 20, 2008, *Semana* article, "Ex paramilitar 'Carlos Tijeras' se siente traicionado en Justicia y Paz," referenced in Franco Declaration, Exhibit E, at n.8.

21. Attached hereto as Exhibit L is a true and correct copy of an excerpt from the December 9, 2014, decision of the Superior Court of Medellín in the case of Jesús Ignacio Roldán Pérez, referenced in Franco Declaration, Exhibit E, at n.9. The passage quoted in Franco Declaration, Exhibit E, is highlighted.

22. Attached hereto as Exhibit M is a true and correct copy of the September 18, 2014, *Caracol Radio* article, "Corte Suprema confirma libertad de alias Don Antonio," referenced in Franco Declaration, Exhibit E, at n.11.

23. Attached hereto as Exhibit N is a true and correct copy of the December 30, 2013, *Verdad Abierta* article, "Justicia y Paz comienza a dejar en libertad a ex paramilitares," referenced in Franco Declaration, Exhibit E, at n.12.

24. Attached hereto as Exhibit O is a true and correct copy of the Janurary 23, 2015, *El Colombiano* article, "Ordenan libertad del exjefe paramilitar alias 'Juancho Dique,'" referenced in Franco Declaration, Exhibit E, at n.12.

25. Attached hereto as Exhibit P is a true and correct copy of the June 12, 2014, *Caracol Radio* article, "442 paramilitares en lista para obtener su libertad antes de diciembre," referenced in Franco Declaration, Exhibit E, at n.13.

26. Attached hereto as Exhibit Q is a true and correct copy of excerpts from the May 4, 2010, decision of the Colombian Supreme Court of Justice, Criminal Cassation Chamber, entitled "Opinion on the extradition of Fredy Rendón Herrera." The text from the excerpts that has been translated into English for Exhibit R is highlighted.

27. Attached hereto as Exhibit R is a true and correct copy of the English translation of excerpts from "Opinion on the extradition of Fredy Rendón Herrera," Exhibit Q, along with a Certificate of Translation.

28. Attached hereto as Exhibit S is a true and correct copy of excerpts from the July 1, 2014, deposition of attorney Paul Wolf, originally attached as Exhibit 7 to a declaration submitted by Mr. Collingsworth for the case, *Drummond Co., Inc. v. Collingsworth*, No. 11-cx- 3695-RDP-TMP (N.D. Ala. 2011).

29. William J. Wichmann, counsel for the plaintiffs in *Carrizosa v. Chiquita Brands International, Inc.*, No. 1:07-cv-60821-KAM (S.D. Fla.), another of the cases consolidated in the *Chiquita* MDL, has informed me by electronic mail that he "made no improper payments."

30. I declare under penalty of perjury that the foregoing is true and correct.

Signed this 6th day of February, 2015, at Washington, the District of Columbia.

By:   s/Marco Simons

MARCO SIMONS
EarthRights International

1612 K Street NW #401
Washington, DC 20006
Tel: 202-466-5188 x103
Fax: 202-466-5189
marco@earthrights.org