UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

This Document Applies To:

ATA ACTIONS

      08-20641-CIV-MARRA
      09-80683-CIV-MARRA
      11-80402-CIV-MARRA
_____/

## DISCOVERY SCHEDULING ORDER

Pursuant to the Opinion and Order of January 6, 2015 (DE 692), which granted the parties leave to proceed with discovery, the parties have conferred and agreed upon and the Court enters this Discovery Scheduling Order in the ATA Actions.

**I.  Definitions**

    A.  For purposes of this Discovery Scheduling Order, the *Julin* Plaintiffs shall constitute one "Plaintiff Group," and the *Pescatore* and *Sparrow* Plaintiffs shall constitute a second "Plaintiff Group."

    B.  For purposes of this Discovery Scheduling Order, the Defendant shall constitute a single "Party," and each Plaintiff Group shall constitute a single "Party."

**II. Protective Order**

    A.  By February 12, 2015, the Parties shall submit a joint proposed protective order to the Court. To the extent the Parties cannot reach agreement, despite conferring in

good faith, on certain terms of the proposed protective order, the joint submission shall set forth the nature of their disagreement and the basis for the Parties' respective positions.

**III.** **Initial Disclosures**

    A.    By March 23, 2015, or within two (2) business days of the entry of a protective order, whichever is later, each Party shall disclose the identity of any individual whom the Party believes is likely to have discoverable information that the Party may use to support its claims or defenses (the "Disclosure List").

        1.    For each individual identified on the Disclosure List, each Party shall provide the following information: (i) if known, the address, telephone number, and email address of each individual; (ii) whether that individual is represented by counsel for the Party; (iii) whether that individual is a current or former employee, a consultant, or an independent contractor of the Party; and (iv) a brief statement of the factual matters about which the witness has relevant knowledge.

        2.    For individuals as to whom any Party believes there is a significant risk of physical harm to the individual, or to the individual's family or associates, should their identity or location become known, the disclosing Party may, if it believes that the protective order entered by the Court is inadequate to safeguard such person, or such person's family or associates, initially disclose a pseudonym and need not initially disclose such person's location, contact information, or information regarding representation by counsel. Any Party making such determination shall, no later than fifteen

      (15) days after disclosing such person pseudonymously, confer with the other Parties and attempt to secure their agreement on any special procedures that the disclosing Party believes are necessary to safeguard such person, and such person's family and associates. Should the disclosing Party fail to secure such agreement, it shall, no later than thirty (30) days after disclosing the person pseudonymously, disclose all information required to be disclosed by Section III.A.1 or file a motion with the Court seeking relief from the requirements of Section III.A.1 and any other relief that the disclosing Party believes is necessary. The motion may be filed under seal. The non-disclosing Parties shall have the right to oppose any such motion.

B.   Consistent with Fed. R. Civ. P. 26(e)(1)(A), each Party shall be under a continuing obligation to timely supplement its Disclosure List, including to add any individuals whom it has identified, subsequent to service of the Disclosure List and in good faith, as likely to have discoverable information that the Party may use to support its claims or defenses. The deadlines set forth in Sections VI.D and VI.E shall not apply to discovery of an individual who is likely to have discoverable information and whose identity was not known, or disclosed by another Party, until after January 1, 2016.

C.   By March 23, 2015, or within two (2) business days of the entry of a protective order, whichever is later, Defendant shall submit to the Plaintiff Groups copies of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the actions, to indemnify or reimburse

for payments made to satisfy the judgment, or to pay or reimburse defense costs, which has not previously been produced to the Plaintiff Groups. This shall include any international policies and excess policies not previously produced.

IV. **Written Discovery**

   A. Defendant may serve a maximum of 25 interrogatories, including subparts, on each Plaintiff Group. Each Plaintiff Group may serve a maximum of 25 interrogatories, including subparts, on Defendant. Interrogatories served jointly by the Plaintiff Groups shall count against each Plaintiff Group's limit. The Parties' other discovery obligations shall not be delayed, without good cause, pending the response of any Party to interrogatories.

   B. By February 19, 2015, the Parties shall confer on the form in which documents and electronic information shall be produced.

   C. Documents and electronically stored information exchanged by the Parties prior to entry of this Order shall be deemed to have been produced in accordance with the Federal Rules of Civil Procedure, and may be used by any Party as if produced in formal discovery under the Rules. If any such documents and electronically stored information bears any confidentiality designation, such designation shall, upon entry of a protective order in these actions, have the meaning and effect that is provided for in the protective order. All other such documents and electronically stored information shall, upon entry of a protective order in these actions, be treated as "Confidential" under the terms of the protective order.

**V.** **Depositions**

    A.    Any individual who is a Party to the ATA Actions, is a current employee of a Party to the ATA Actions, or has a contractual agreement with a Party to the ATA Actions that entitles the Party to compel the individual to appear for a deposition in the United States, shall appear for a deposition in the United States, unless (1) otherwise agreed by the Parties, or (2) the individual resides outside the United States, and the Court finds that it would impose an undue burden and hardship on the individual to appear for a deposition in the United States sufficient to outweigh any prejudice to the opposing Party.

    B.    For any other non-party witness residing outside the United States who is identified by a Party in its Disclosure List, that Party shall cooperate with efforts by other Parties to take the witness's deposition in the witness's country of residence, including with the preparation and service of letters of request under the Hague Evidence Convention or letters rogatory. Nothing in this paragraph shall prohibit the Parties from taking any such non-party witness's deposition (a) in the non-party witness's country of residence without resort to the procedures of the Hague Evidence Convention if the country of residence so permits; (b) in the United States if the non-party witness agrees to travel to the United States for deposition; or (c) by video conference technology, if the witness and the Parties agree to do so.

    C.    The two Plaintiff Groups shall coordinate their efforts to take depositions. For any witness whose deposition is sought by both Plaintiff Groups, the Plaintiff Groups shall serve a single notice of deposition or third-party deposition

5

       subpoena and shall take a single deposition at which they may both examine the witness. Absent leave of Court, the Plaintiff Groups shall not be permitted to take multiple depositions of a single witness.

    D.    Notwithstanding any provision in the Federal Rules of Civil Procedure to the contrary, there shall be no limit on the number of depositions any Party may take, except as the Court may subsequently order on good cause shown, and subject to such other objections to the taking of a deposition as may be permitted under the Rules.

    E.    The duration of a deposition shall be one (1) day of seven (7) hours of testimony, except that if a foreign language translator is needed for the conduct of the deposition, then the deposition shall be two (2) days of seven (7) hours of testimony. Any witness for whom English is not his or her native language shall have the option to testify in his or her native language.

**VI.**    **<u>Discovery Schedule</u>**

    A.    The Parties acknowledge that these actions are likely to involve discovery of evidence located in foreign jurisdictions. The Parties therefore agree to negotiate in good faith for reasonable extensions of the following discovery schedule as necessary to accommodate the challenges posed by international discovery. If the Parties cannot reach agreement, each Party shall have the right to move the Court for a reasonable extension of the discovery schedule for good cause.

    B.    For written discovery requests served prior to March 9, 2015, the time period prescribed by the Federal Rules of Civil Procedure for serving a response shall

        begin to run on March 9, 2015. No responses shall be due until after a protective order has been entered.

    C.    Deposition discovery may commence no earlier than May 1, 2015. The Parties may commence efforts to schedule depositions prior to May 1, 2015.

    D.    All responses to written discovery and production of documents and electronically stored information shall be completed by February 12, 2016.

    E.    Fact witness depositions shall be completed by March 30, 2016.

    F.    The Parties shall identify any expert witnesses and produce any expert witness reports, pursuant to Fed. R. Civ. P. 26(a)(2), by May 18, 2016.

    G.    The Parties shall submit any rebuttal expert witness reports by June 15, 2016.

    H.    Depositions of expert witnesses shall be completed by July 15, 2016.

    I.    All requests for admission shall be served by June 30, 2016. Responses to requests for admission shall be served by July 22, 2016.

**VII. Dispositive Motions**

    A.    All dispositive motions shall be filed by October 31, 2016.

    B.    Oppositions to dispositive motions shall be filed by November 30, 2016.

    C.    Reply briefs in support of dispositive motions shall be filed by December 20, 2016.

**VIII. Trial**

    A.    Trial shall commence on May 1, 2017, with a calendar call to be held on April 28, 2017.[1]

---

[1] The Court recognizes that the parties proposed that the trial commence within 120 days of the Court's last ruling on any dispositive motions. In view of the anticipated length of any trial that (continued…)

7

B. The following trial deadlines shall apply, and to the extent this Order conflicts with the Local Rules, this Order supersedes the Local Rules:

| | | |
|---|---|---|
| 1. | <u>Mandatory Pretrial Stipulation</u> | − Fifteen days before calendar call |
| 2. | <u>Motions in Limine</u> | − Twenty-five days before calendar call |
| 3. | <u>Responses to Motions in Limine</u> | − Fifteen days before calendar call |
| 4. | <u>Jury Instructions</u> | − Ten days before calendar call |
| 5. | <u>Voir Dire Questions</u> | − Calendar call |
| 6. | <u>Exhibit List for Court</u> (impeachment excepted) | − First day of Trial (2 copies) |
| 7. | <u>Witness List for Court</u> (impeachment excepted) | − First day of Trial (2 copies) |

**DONE AND ORDEREDED** in chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of February, 2015.

_____
KENNETH A. MARRA
United States District Judge

---

may occur in this case, the Court could not adjust its schedule to accommodate a trial in this case within that short a period of time. It would be more practical for the Court to set aside time now for a trial and attempt to work the Court's other cases around the trial of this case.