UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC., ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTIONS
_____/

Case No. 08-80465-CIV-MARRA

DOES 1-144 et. al.
       v.
CHIQUITA BRANDS INTERNATIONAL, et. al.
_____/

Case No. 10-80652-CIV-MARRA

DOES 1-976
       v.
CHIQUITA BRANDS INTERNATIONAL, et. al.
_____/

Case No. 11-80404-CIV-MARRA

DOES 1-677
       v.
CHIQUITA BRANDS INTERNATIONAL, et. al.
_____/

Case No. 11-80405-CIV-MARRA

DOES 1-254
       v.
CHIQUITA BRANDS INTERNATIONAL, et. al.
_____/

Case No. 13-80146-CIV-MARRA

DOES 1-97 et. al.
        v.
BOIES SCHILLER & FLEXNER et al.
_____/

### Doe Plaintiffs' Unopposed Motion to Exceed Page Limit

Plaintiffs Does 1-144,[1] Does 1-976, Does 1-677, Does 1-254, and Does 1-97 hereby move this Court for an order, pursuant to Local Rule 7.1(c)(2), permitting them to file a memorandum of no more than thirty (30) pages in opposition to Defendants' motion to dismiss on the grounds of *forum non conveniens*. Counsel conferred with Defendant Chiquita Brands, International, Inc., who have consented to the motion. Counsel also tried to confer with Mr. Scarola, liaison counsel for the other plaintiffs in the MDL, but Mr. Scarola has not replied. In support of their motion, the Doe Plaintiffs' state as follows:

1. The Doe Plaintiffs consented to the Defendant filing a 50 page *forum non conveniens* motion, and the Doe Plaintiffs are only asking for 30 pages (not including the table of contents and authorities) to respond.

---

[1] The Court is aware that undersigned counsel agreed to allow Terry Collingsworth to be lead counsel for the first complaint, at the request of Mr. Scarola and his law firm, Searcy Denney Scarola Barnhardt & Shipley. At the time of the dispute, we agreed to jointly notify Does 1-144, and leave it up to each plaintiff which lawyer she wanted. I wrote to Mr. Collingsworth twice to try to accomplish this, in 2008, and Mr. Scarola was copied on the emails, but Mr. Collingsworth said he was too busy at the time. The situation is the same as it was back then: the majority of the 144 original plaintiffs have signed documents renouncing any relationship with Mr. Collingsworth or Conrad & Scherer, and I am the only one with power of representation over them. I have personally met every one of them, and no one from Conrad & Scherer has ever met any of the 144 Doe Plaintiffs. They have no idea that Mr. Colingsworth claims to represent them. This dispute over representation has persisted all the way to the U.S. Supreme Court.

  Mr. Collingsworth also apparently sold interestsd in these cases to Parker Waichman Alonso, LLP, and to Colombian criminal attorney Ivan Otero, without either my, or the Doe Plaintiffs' knowledge or consent. I am a witness against Mr. Collingsworth in the <u>Drummond v. Collingsworth</u> case. The Court should protect these innocent plaintiffs from any harm caused by Mr. Collingsworth's improper relationships with witnesses who are members of the AUC. The Court need not sort this out at this time, since there are so many other issues pending review. Rather, the Court should evaluate the arguments presented by all plaintiffs, and rule consistently with respect to them.

2.      The Defendant's motion is complex, analyzing the adequacy and availability of a Colombian forum, four private interest factors, and four public interest factors. In addition, the Defendant has submitted a voluminous amount of material as exhibits.

3.      The Doe Plaintiffs have not moved the Court for an extension of time to respond, but will consent to the other plaintiff groups' upcoming motion to extend the time. At the Defendant's request, the Doe Plaintiffs will respond whenever the other opposition brief is due, in order to simplify the briefing schedule.

4.      A proposed order is attached.

## Conclusion

For the foregoing reasons, the Court should grant plaintiffs' motion and allow the Doe Plaintiffs to file a thirty (30) page response to Defendants *forum non conveniens* motion.

Respectfuly submitted,

/s/ Paul Wolf

_____
Paul Wolf, CO Bar # 42107
Attorney for Does 1-144, Does 1-976,
Does 1-677, Does 1-254, and Does 1-97
PO Box 46213
Denver CO 80201
(202) 431-6986
fax n/a
paulwolf@yahoo.com

March 10, 2015

## Certificate of Service

I hereby certify that on March 10, 2015, I electronically filed the foregoing Motion to Extend Page Limits and Proposed Order with the Clerk of Court using the ECF system, which will send notification of such filing to all persons entitled to receive such notices.

/s/ Paul Wolf
_____
Paul Wolf CO Bar #42107