UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

Case No. 9:08-cv-80465-KAM

DOES (1-144), PEREZES (1-95), PEREZES (96-795),
and Carmen Tulia Cordoba Cuesta, *et al.*

              Plaintiffs,

v.

CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*

              Defendants
_____/

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS CHIQUITA
BRANDS INTERNATIONAL, INC. AND CHIQUITA FRESH NORTH AMERICA LLC'S
SPECIAL SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

    Plaintiffs, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure 26 and 34, hereby respond to Defendants CHIQUITA BRANDS INTERNATIONAL, INC. and CHIQUITA FRESH NORTH AMERICA LLC's Special Requests for Production of Documents, dated April 17, 2105. Plaintiffs specifically reserve the following:

    1.    The right to object to any of the responses or documents produced based upon competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this or any other action.

    2.    The right to object to the use of any of these responses, or the documents produced, in any subsequent proceeding in, or the trial of, this or any other action.

1

3. The right to object on any ground at any time to a demand for any further response to these or any other document requests or other discovery procedures involving or relating to the subject matter of these document responses, subject to lawful provisions and obligations under the Federal Rules of Civil Procedure or any legal ruling by this Honorable Court.

4. The right to withhold production of documents that may be responsive to the document requests based on objections made herein, including but not limited to objections that a particular request is overbroad and unduly burdensome, but to produce documents to the extent the requests are not objectionable.

5. To the extent Plaintiffs discover additional responsive documents, they reserve the right to supplement or revise these objections and responses at any time. Responses to discovery are made with the understanding that Plaintiffs have not completed their legal or factual investigation, discovery, and/or trial preparation and the responses set forth below are based upon only the information currently available and known following a reasonable and diligent investigation in responding to these document requests with the time and resources available. In this regard, Plaintiffs note they effectively had only three business days to respond to these document requests. Moreover, by reserving the right to supplement or revise these responses and objections, Plaintiffs are doing nothing to waive their objection to Instruction 1. *See* General Objection No. 2, *infra*.

## GENERAL OBJECTIONS

Plaintiffs make the following objections, which Plaintiffs incorporate into their responses to Defendants CHIQUITA BRANDS INTERNATIONAL, INC. and CHIQUITA FRESH NORTH AMERICA LLC's Special Requests for Production of Documents below:

1.	Plaintiffs object to each Definition, Instruction, and Request for Production to the extent any purports to require the production of information beyond the scope of that which is required by the Federal Rules of Civil Procedure or any applicable local rule.

2.	Plaintiffs specifically object to Instructions 1, 2, 3 and 8 to the extent they seek to expand Plaintiffs' obligations beyond what is required by the Federal Rules of Civil Procedure or any applicable local rule. Plaintiffs further object to responding in any way to any requests that go beyond the limited scope of discovery in this case, *see* General Objections Nos. 14 and 15, *infra*, and will not be logging any privileged documents that are responsive only to Defendants' improper requests in this regard. Plaintiffs' log of privileged documents responsive to non-objectionable requests is attached hereto as Exhibit 1.

3.	Plaintiffs object to all Requests for Production to the extent they seek the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs further object that most of Defendants' requests deliberately and improperly seek documents that are protected by the attorney-client privilege or the work-product doctrine. Plaintiffs will not be producing or identifying any such documents to the extent they seek internal communications between counsel for Plaintiffs or between counsel and their clients. Plaintiffs reserve all such privileges and assert them in each instance Defendants have sought this plainly privileged information. Plaintiffs further object to any attempt by Defendants to obtain work product from any other attorney representing clients in the *In re: Chiquita Brands International, Inc.* multi-district litigation ("*Chiquita* MDL"), including, but not limited to, Paul Wolf. Defendants have taken the position that Plaintiffs should "identify in [their] objections and responses any written responses or documents produced by Mr. Wolf over which [Plaintiffs] assert an objection, and to produce a privilege log explaining

3

the basis for [their] objection in detail, so that the issue can be briefed in accordance with the schedule set by the Court's April 7 Order." Considering, among other things, Defendants took this position and made Mr. Wolf's documents available the day before Plaintiffs are serving their responses and objections, Defendants' proposal is unworkable. Plaintiffs will, however, identify within a reasonable time anything in Mr. Wolf's production that Plaintiffs assert is work product.

4.     Plaintiffs object to all Requests for Production to the extent they are vague and ambiguous.

5.     Plaintiffs object to all Requests for Production to the extent they seek irrelevant information or information not likely to lead to the discovery of admissible evidence.

6.     Plaintiffs object to all Requests for Production to the extent they are overly broad or unduly burdensome.

7.     Plaintiffs object to all Requests for Production to the extent they are duplicative or cumulative.

8.     Plaintiffs object to all Requests for Production to the extent they seek information not within Plaintiffs' knowledge, possession, custody, or control.

9.     Plaintiffs object to all Requests for Production to the extent they seek public or other information as readily accessible to Defendants as it is to Plaintiffs.

10.    Plaintiffs object to the extremely overbroad definition of "Assistance" in Definition No. 3. Defendants' definition is so overbroad as to not permit a reasonable interpretation or application.

11.    Plaintiffs object to the extremely overbroad definition of "Associate" in Definition No. 4. Defendants' definition includes "friends, acquaintances, neighbors, contacts [and] intermediaries," which would include individuals Plaintiffs do not know about as well as

people Plaintiffs are aware of but who had no cognizable connection to a witness. Plaintiffs are interpreting "Associate" to be a person with a known relationship to a witness such that the "Associate" was in some way acting on behalf of a witness. Otherwise, the definition is so overbroad as to not permit a reasonable interpretation or application and would necessarily be seeking irrelevant information.

12. Plaintiffs object to the extremely overbroad definition of "Payment" in Definition No. 10. Defendants' definition is so overbroad as to not permit a reasonable interpretation or application.

13. Plaintiffs object to the extremely overbroad definition of "Plaintiffs' Counsel" in Definition No. 13. Defendants include in this definition names of people not even known to Plaintiffs or their counsel. Plaintiffs will interpret "Plaintiffs' Counsel" to consist of any lawyer employed by the above-captioned Doe/Perez Plaintiffs in the *Chiquita* MDL, or their counsel, to perform legal services on what Defendants describe as the "Chiquita Litigation" in Definition No. 6. Counsel for the Doe/Perez Plaintiffs does not include counsel for any of the other plaintiffs in the *Chiquita* MDL.

14. Plaintiffs object to the extent that Defendants seek any documents beyond those generated in this case. The Court's Order of April 7, 2015, ECF No. 759, expressly allows the limited discovery with respect to this case only: "defendants contend there is a reasonable basis for investigating the possibility of a payment scheme ***in this case***, before preservation deposition testimony is taken from Colombian witnesses who may have been the beneficiary of such a scheme. . . . Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature ***in this case*** . . . ." *Id*. at 11-12

5

(emphasis added). Accordingly, Plaintiffs object to providing any documents from other cases being litigated by counsel for Plaintiffs in this case, except to the extent there are witnesses in this case that are also possible witnesses in *Perez 1A v. Dole Food Co., Inc.*, Case No. BC412620 (Cal. Super. Ct.).

15. Plaintiffs object to the extent that Defendants seek any documents beyond those relevant to or generated by what Defendants describe as the "Chiquita Litigation" in Definition No. 6. Counsel for Plaintiffs specifically object to any effort to obtain internal documents relating to cases being litigated by counsel separate from the Chiquita Litigation. Such documents are not properly within the possession, custody or control of Plaintiffs in this case and are not properly the subject of discovery in this case.

16. Each one of the foregoing General Objections is hereby incorporated into the following specific responses to the enumerated Requests for Production.

17. Plaintiffs hereby incorporate by reference into the following specific responses to the enumerated Requests for Production their three-page memorandum of law filed simultaneously with these responses.

## OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1**
All Documents regarding any Payment by, on behalf of, or at the request of Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of such a Witness. This Request includes without limitation Documents concerning Payments offered, considered, or requested, but not made.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request is vague and overbroad. With respect to any witness as defined by Defendants' Definition No. 16, and with respect to the Chiquita Litigation, defined by Defendants' Definition No. 6, and subject to and without waiving these objections, any responsive documents in

6

Plaintiffs' possession, custody or control are privileged attorney work product.

**REQUEST FOR PRODUCTION NO. 2**
All Documents concerning the propriety of Payments by, on behalf of, or at the request of Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of such a Witness. This Request includes without limitation the document entitled "CHIQUITA: Ethics of Paying Witness's Legal Fees".

**RESPONSE:** In addition to the foregoing General Objections, with respect to any witness as defined by Defendants' Definition No. 16, and with respect to the Chiquita Litigation, defined by Defendants' Definition No. 6, responsive documents were prepared by counsel for Plaintiffs. Accordingly, Plaintiffs object on the grounds that this request seeks documents and information that are privileged attorney work product. Further, to the extent any such documents were provided to counsel for other plaintiffs in the *Chiquita* MDL, they are privileged based on attorney work product and the common interest privilege. Plaintiffs will produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 3**
All Documents relating to Payments by, on behalf of, or at the request of any Plaintiffs' Counsel to any Paramilitary, or to Agents, Relatives, and Associates of any Paramilitary, that Plaintiffs or Plaintiffs' Counsel have produced or received in connection with any legal proceeding or investigation. This Request includes without limitation (i) all Documents produced in response to document requests or subpoenas relating to Payments by, on behalf of, or at the request of Plaintiffs' Counsel to Paramilitaries in *Drummond Co., Inc. v. Collingsworth*, Case No. 2:11-cv-3695-RDP (N.D. Ala.) and in *Gómez v. Dole Food Co., Inc.*, Case No. BC412620 (Superior Court of the State of California, County of Los Angeles); and (ii) full transcripts of any deposition taken in the *Drummond* and *Gómez* cases in which there is any reference to such Payments.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request seeks documents and information that are privileged attorney work product. Further, to the extent any such documents were provided to counsel for other plaintiffs in the *Chiquita* MDL, they are privileged based on attorney work product and the common interest privilege. Further, the Court's Order of April 7, 2015, ECF No. 759, expressly allows the limited

7

discovery with respect to this case only: "defendants contend there is a reasonable basis for investigating the possibility of a payment scheme *in this case*, before preservation deposition testimony is taken from Colombian witnesses who may have been the beneficiary of such a scheme. . . . Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature *in this case*…" *Id*. at 11-12 (emphasis added). Accordingly, Plaintiffs object to providing any documents from other cases being litigated by counsel for Plaintiffs in this case, except to the extent there are witnesses in this case that are also possible witnesses in the *Dole* case. Plaintiffs further object to providing any documents beyond any witness as defined by Defendants' Definition No. 16, and with respect to the Chiquita Litigation, defined by Defendants' Definition No. 6. Further, any such documents are not relevant and searching for and producing them would be unduly burdensome. In addition, such documents from the *Drummond* cases are not in the possession, custody or control of the Plaintiffs in the Chiquita Litigation, and counsel for Plaintiffs herein object to the improper use of a document request in the Chiquita Litigation to seek access to the internal case files of Plaintiffs' counsel in other, unrelated litigation. Further, many documents in the *Drummond* and *Dole* cases are confidential and are covered by Protective Orders entered by the Court in those cases. Finally, to the extent any such documents are in the public record of either the *Drummond* or *Dole* cases referenced in this request for production, Defendants herein have access to those documents. Plaintiffs will produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 4**
All Documents regarding the security or safety risk to any Paramilitaries or to their Agents, Relatives, or Associates for participating or testifying in any legal proceeding, including any Documents regarding measures taken by Plaintiffs' Counsel to reduce such risk.

8

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request seeks documents and information that are privileged attorney work product. Further, to the extent any such documents were provided to counsel for other plaintiffs in the *Chiquita* MDL, they are privileged based on the attorney work-product doctrine and the common interest privilege. Further, the Court's Order of April 7, 2015, ECF No. 759, expressly allows the limited discovery with respect to this case only: "defendants contend there is a reasonable basis for investigating the possibility of a payment scheme *in this case*, before preservation deposition testimony is taken from Colombian witnesses who may have been the beneficiary of such a scheme. . . . Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature *in this case*…" *Id*. at 11-12 (emphasis added). Accordingly, Plaintiffs object to providing any documents from other cases being litigated by counsel for Plaintiffs in this case, except to the extent there are witnesses in this case that are also possible witnesses in the *Dole* case. Plaintiffs further object to providing any documents beyond any witness as defined by Defendants' Definition No. 16, and with respect to the Chiquita Litigation, defined by Defendants' Definition No. 6. Further, any such documents are not relevant and searching for and producing them would be unduly burdensome. In addition, such documents from the *Drummond* cases are not in the possession, custody or control of the Plaintiffs in the Chiquita Litigation, and counsel for Plaintiffs herein object to the improper use of a document request in the Chiquita Litigation to seek access to the internal case files of Plaintiffs' counsel in other, unrelated litigation. Further, many documents in the *Drummond* and *Dole* cases are confidential and are covered by a Protective Order entered by the Court in that case. Finally, to the extent any such documents are in the public record of either the

9

*Drummond* or *Dole* cases referenced in this request for production, Defendants herein have access to those documents.

With these objections and limitations, Plaintiffs have no responsive documents in this case.

**REQUEST FOR PRODUCTION NO. 5**
All Communications or Agreements, including but not limited to any agreement concerning the sharing of legal fees or conferring any financial interest in any legal matter, between Plaintiffs' Counsel and a Paramilitary or any Agent, Relative, or Associate of a Paramilitary.

**RESPONSE:** In addition to the foregoing General Objections, the Court's Order of April 7, 2015, ECF No. 759, expressly allows the limited discovery with respect to this case only: "defendants contend there is a reasonable basis for investigating the possibility of a payment scheme *in this case*, before preservation deposition testimony is taken from Colombian witnesses who may have been the beneficiary of such a scheme. . . . Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature *in this case* . . . ." *Id*. at 11-12 (emphasis added). Accordingly, Plaintiffs object to providing any documents from other cases being litigated by counsel for Plaintiffs in this case, except to the extent there are witnesses in this case that are also possible witnesses in the *Dole* case. Plaintiffs further object to providing any documents beyond any witness as defined by Defendants' Definition No. 16, and with respect to the Chiquita Litigation, defined by Defendants' Definition No. 6. Further, any such documents are not relevant and searching for and producing them would be unduly burdensome. In addition, such documents from the *Drummond* cases are not in the possession, custody or control of the Plaintiffs in the Chiquita Litigation, and counsel for Plaintiffs herein object to the improper use of a document request in the Chiquita Litigation to seek access to the internal case files of Plaintiffs' counsel in other,

10

unrelated litigation. Further, many documents in the *Drummond* and *Dole* cases are confidential and are covered by Protective Orders entered by the Court in those cases. Finally, to the extent any such documents are in the public record of either the *Drummond* or *Dole* cases referenced in this request for production, Defendants herein have access to those documents.

Subject to and without waiving these objections, any responsive documents in Plaintiffs' possession, custody or control are privileged attorney work product.

**REQUEST FOR PRODUCTION NO. 6**
The memorandum dated July 2, 2008, from Terrence Collingsworth regarding José Gregorio Mangones Lugo that was described by William J. Wichman as "a script of questions and answers" during a May 2, 2014, hearing in the action captioned *Conrad & Scherer, LLP v. Wichman*, Case No. 09-011600, in the Circuit Court of the 17th Judicial Circuit in Broward County, Florida.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request goes well beyond the very limited grant of discovery in the Court's Order of April 7, 2015, ECF No. 759. The Court specifically directed that "*the defendants should be allowed an opportunity to conduct discovery on the witness payment issue, under an accelerated schedule, before the paramilitary witnesses are deposed in this case. Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case* . . . ." *Id*. at 12 (emphasis added). Accordingly, Defendants' request is improper and Plaintiffs are not required to respond at this time on an expedited basis. Plaintiffs further object on the grounds that this request seeks documents and information that are protected by the attorney work-product doctrine. Plaintiffs also object to Chiquita's use of the word "script" as a baseless accusation that Plaintiffs have engaged in improper conduct.

**REQUEST FOR PRODUCTION NO. 7**
All testimony or statements by José Gregorio Mangones Lugo, Freddy Rendón Herrera, and Jesús Ignacio Roldán Pérez. This Request includes without limitation transcripts or summaries

11

of their testimony in "Justice and Peace" proceedings.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request goes well beyond the very limited grant of discovery in the Court's Order of April 7, 2015, ECF No. 759. The Court specifically directed that "***the defendants should be allowed an opportunity to conduct discovery on the witness payment issue, under an accelerated schedule, before the paramilitary witnesses are deposed in this case. Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case* . . . .**" *Id*. at 12 (emphasis added). Accordingly, Defendants' request is improper and Plaintiffs are not required to respond at this time on an expedited basis. Further, the request seeks documents and information that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 8**
All Documents reflecting testimony or statements by any other Paramilitary relating to Chiquita or its Colombian subsidiaries (current or former).

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request goes well beyond the very limited grant of discovery in the Court's Order of April 7, 2015, ECF No. 759. The Court specifically directed that "***the defendants should be allowed an opportunity to conduct discovery on the witness payment issue, under an accelerated schedule, before the paramilitary witnesses are deposed in this case. Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case* . . . .**" *Id*. at 12 (emphasis added). Accordingly, Defendants' request is improper and Plaintiffs are not required to respond at this

time on an expedited basis. Plaintiffs further object on the grounds that this request seeks documents and information that are protected by the attorney-client privilege and/or the attorney work-product doctrine. In addition, Plaintiffs object that this request purports to go beyond any Paramilitary witness as defined by Defendants' Definition No. 16, and seeks documents beyond those responsive to the Chiquita Litigation, defined by Defendants' Definition No. 6.

**REQUEST FOR PRODUCTION NO. 9**
All Documents that Plaintiffs' Counsel, or anyone acting on behalf of or at the request of Plaintiffs' Counsel, provided to, showed to, or received from any Paramilitary of any Paramilitaries Agent, Relative, or Associate.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request seeks documents and information that are protected by the attorney work-product doctrine. Plaintiffs also object on the grounds that this request goes well beyond the very limited grant of discovery in the Court's Order of April 7, 2015, ECF No. 759. The Court specifically directed that "***the defendants should be allowed an opportunity to conduct discovery on the witness payment issue, under an accelerated schedule, before the paramilitary witnesses are deposed in this case. Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case* . . . .*" *Id*. at 12 (emphasis added). Further, the Court's Order expressly allows the limited discovery with respect to this case only: "defendants contend there is a reasonable basis for investigating the possibility of a payment scheme *in this case*, before preservation deposition testimony is taken from Colombian witnesses who may have been the beneficiary of such a scheme. . . . Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature ***in***

13

*this case* . . . ." *Id*. at 11-12 (emphasis added). Accordingly, Defendants' request is improper and

Plaintiffs are not required to respond at this time on an expedited basis.

**REQUEST FOR PRODUCTION NO. 10**
All Documents relied upon in responding to Chiquita's Interrogatories, served concurrently with these Requests for Production.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request seeks documents and information that are protected by the attorney-client privilege and/or the attorney work-product doctrine. Subject to and without waiving these objections, Plaintiffs will produce responsive documents to the extent they exist, are discoverable and not subject to the above privileges.


DATED: April 22, 2015                     Respectfully Submitted,

_____
Terry Collingsworth, Esq. (admitted *Pro Hac Vice*)
Conrad & Scherer, LLP
1301 Connecticut Avenue NW, Suite 350
Washington, D.C. 20036
Phone: 202-543-4001
Fax: 866-803-1125
tcollingsworth@conradscherer.com

William R. Scherer (Fla. Bar No. 169454)
Albert L. Frevola, Jr. (Fla. Bar No. 857416)
633 South Federal Highway, 8th Floor
Fort Lauderdale, Florida 33301
Phone: 954-462-5500
Fax: 954-463-9244
wscherer@conradscherer.com
afrevola@conradscherer.com

*Attorneys for Plaintiffs, DOES 1-144,*
*PEREZES 1-95, PEREZES 96-795,*
*and Carmen Tulia Cordoba Cuesta et al.*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the foregoing document was filed with the Clerk of the Court using CM/ECF on this 22nd day of April, 2015. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

                                                /s/ William R. Scherer
                                                William R. Scherer (Fla. Bar No. 169454)
                                                Conrad & Scherer, LLP
                                                633 South Federal Highway, 8th Floor
                                                Fort Lauderdale, Florida 33301
                                                Phone: 954-462-5500
                                                Fax: 954-463-9244