**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 08-01916-MD-MARRA/JOHNSON**

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

Case No. 9:08-cv-80465-KAM

DOES (1-144), PEREZES (1-95), PEREZES (96-795),
and Carmen Tulia Cordoba Cuesta et al.

                    Plaintiffs,

v.

CHIQUITA BRANDS INTERNATIONAL, INC. ET AL

                    Defendants
_____/

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS CHIQUITA**
**BRANDS INTERNATIONAL, INC. AND CHIQUITA FRESH NORTH AMERICA LLC'S**
**SPECIAL SET OF INTERROGATORIES**

        Plaintiffs, by and through undersigned counsel, pursuant to the Federal Rules of Civil

Procedure 26 and 33, hereby respond to Defendants CHIQUITA BRANDS INTERNATIONAL,

INC. and CHIQUITA FRESH NORTH AMERICA LLC's Special Interrogatories, dated April

17, 2105. Plaintiffs specifically reserve the following:

        1.      The right to object to any of the responses based upon competency, relevancy,

materiality, privilege and admissibility as evidence for any purpose in any subsequent

proceeding in, or the trial of, this or any other action.

        2.      The right to object to the use of any of these responses in any subsequent

proceeding in, or the trial of, this or any other action.

3.      The right to object on any ground at any time to a demand for any further response to these or any other interrogatories or other discovery procedures involving or relating to the subject matter of these responses, subject to lawful provisions and obligations under the Federal Rules of Civil Procedure or any legal ruling by this Honorable Court.

4.      To the extent Plaintiffs discover additional responsive information, they reserve the right to supplement or revise these objections and responses at any time. Responses to discovery are made with the understanding that Plaintiffs have not completed their legal or factual investigation, discovery, and/or trial preparation and the responses set forth below are based upon only the information currently available and known following a reasonable and diligent investigation in responding to these document requests with the time and resources available. In this regard, Plaintiffs note they effectively had only 3 business days to respond to these interrogatories. Moreover, by reserving the right to supplement or revise these responses and objections, Plaintiffs are doing nothing to waive their objection to Instruction 1. *See* General Objection No. 2, *infra*.

## GENERAL OBJECTIONS

Plaintiffs make the following objections, which Plaintiffs incorporate into their responses to Defendants CHIQUITA BRANDS INTERNATIONAL, INC. and CHIQUITA FRESH NORTH AMERICA LLC's Special Interrogatories below:

1.      Plaintiffs object to each Definition, Instruction, and Interrogatory to the extent any purports to require the production of information beyond the scope of that which is required by the Federal Rules of Civil Procedure or any applicable local rule.

2.      Plaintiffs specifically object to Instructions 1, 2, and 3 to the extent they seek to expand Plaintiffs' obligations beyond what is required by the Federal Rules of Civil Procedure or

any applicable local rule. Given the nature of Defendants' Special Interrogatories, Plaintiffs interpret the requests as directed at Plaintiffs' counsel and not the individual Plaintiffs.

3.     Plaintiffs object to all Interrogatories to the extent they seek the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs further object that most of Defendants' Interrogatories deliberately and improperly seek information that is protected by the attorney-client privilege or the work-product doctrine. Plaintiffs will not be producing or identifying any information concerning internal communications between counsel for Plaintiffs or between counsel and their clients. Plaintiffs reserve all such privileges and assert them in each instance Defendants have sought this plainly privileged information. Plaintiffs further object to any attempt by Defendants to obtain work product from any other attorney representing clients in the *In re: Chiquita Brands International, Inc.* multi-district litigation ("*Chiquita* MDL"), including, but not limited to, Paul Wolf. Defendants have taken the position that Plaintiffs should "identify in [their] objections and responses any written responses or documents produced by Mr. Wolf over which [Plaintiffs] assert an objection, and to produce a privilege log explaining the basis for [their] objection in detail, so that the issue can be briefed in accordance with the schedule set by the Court's April 7 Order." Considering, among other things, Defendants took this position and made Mr. Wolf's documents available the day before Plaintiffs are serving their responses and objections, Defendants' proposal is unworkable. Plaintiffs will, however, identify within a reasonable time anything in Mr. Wolf's production that Plaintiffs assert is work product.

4.     Plaintiffs object to all Interrogatories to the extent they are vague and ambiguous.

5.     Plaintiffs object to all Interrogatories to the extent they seek irrelevant information or information not likely to lead to the discovery of admissible evidence.

6.     Plaintiffs object to all Interrogatories to the extent they are overly broad or unduly burdensome.

7.     Plaintiffs object to all Interrogatories to the extent they are duplicative or cumulative.

8.     Plaintiffs object to all Interrogatories to the extent they seek information not within Plaintiffs' knowledge, possession, custody, or control.

9.     Plaintiffs object to all Interrogatories to the extent they seek public or other information as readily accessible to Defendants as it is to Plaintiffs.

10.     Plaintiffs object to the extremely overbroad definition of "Assistance" in Definition No. 3. Defendants' definition is so overbroad as to not permit a reasonable interpretation or application.

11.     Plaintiffs object to the extremely overbroad definition of "Associate" in Definition No. 4. Defendants' definition includes "friends, acquaintances, neighbors, contacts [and] intermediaries," which would include individuals Plaintiffs do not know about as well as people Plaintiffs are aware of but who had no cognizable connection to a witness. Plaintiffs are interpreting "Associate" to be a person with a known relationship to a witness such that the "Associate" was in some way acting on behalf of a witness. Otherwise, the definition is so overbroad as to not permit a reasonable interpretation or application and would necessarily be seeking irrelevant information.

12.     Plaintiffs object to the extremely overbroad definition of "Payment" in Definition No. 12. Defendants' definition is so overbroad as to not permit a reasonable interpretation or application.

13.     Plaintiffs object to the extremely overbroad definition of "Plaintiffs' Counsel" in

Definition No. 15. Defendants include in this definition names of people not even known to Plaintiffs or their counsel. Plaintiffs will interpret "Plaintiffs' Counsel" to consist of any lawyer employed by the above-captioned Doe/Perez Plaintiffs in the *Chiquita* MDL, or their counsel, to perform legal services on what Defendants describe as the "Chiquita Litigation" in definition no. 6. Counsel for the Doe/Perez Plaintiffs does not include counsel for any of the other plaintiffs in the Chiquita MDL.

14.     Plaintiffs object to the extent that Defendants seek any facts beyond those generated in this case. The Court's Order of April 7, 2015, ECF No. 759, expressly allows the limited discovery with respect to this case only: "defendants contend there is a reasonable basis for investigating the possibility of a payment scheme *in this case*, before preservation deposition testimony is taken from Colombian witnesses who may have been the beneficiary of such a scheme. . . . Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature *in this case* . . . ." *Id*. at 11-12 (emphasis added). Accordingly, Plaintiffs object to providing any information from other cases being litigated by counsel for Plaintiffs in this case, except to the extent there are witnesses in this case that are also possible witnesses in *Perez 1A v. Dole Food Co., Inc.*, Case No. BC412620 (Cal. Super. Ct.).

15.     Plaintiffs object to the extent that Defendants seek any facts beyond those relevant to or generated by what Defendants describe as the "Chiquita Litigation" in Definition No. 6. Counsel for Plaintiffs specifically object to any effort to obtain internal facts and information relating to cases being litigated by counsel separate from the Chiquita Litigation. Such facts and information are not properly within the possession, custody or control of Plaintiffs in this case

and are not properly the subject of discovery in this case.

16.     Each one of the foregoing General Objections is hereby incorporated into the

following specific responses to the enumerated Interrogatories.

17.     Plaintiffs hereby incorporate by reference into the following specific responses to

the enumerated Interrogatories their 3-page memorandum of law filed simultaneously with these

responses.

## OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1**
For each Payment made by, on behalf of, or at the request of any Plaintiffs' Counsel for the
benefit of any Witness or any Agent, Relative, or Associate of a Witness, identify the date of the
Payment, the nature of the Payment and its amount or value, the source of the Payment, the
payor, the recipient, the method by which it was paid, its purpose, and, where applicable, the
Witness of whom the beneficiary of the payment is or was an Agent, Relative, or Associate.

**RESPONSE:** In addition to the foregoing General Objections, particularly General Objection 12

objecting to the extremely overbroad definition of "payment," with respect to any witness as

defined by Defendants' Definition No. 18, and with respect to the Chiquita Litigation as defined

by Defendants' Definition No. 6, and subject to and without waiving these objections, pursuant

to Fed. R. Civ P. 33(d), without waiving any objection with respect to the over-breadth of

Defendants' Interrogatories in seeking to go beyond the limited discovery permitted by the

Court, Plaintiffs refer Defendants to their First Amended Responses to Dole Food Company,

Inc.'s First Set of Special Interrogatories in the *Dole* case, which will be produced to Defendants.

Specifically the Dole Plaintiffs' responses to Dole's Interrogatories 2-9 contain the responsive

information to this interrogatory regarding any payment-related facts pertaining to any "Witness

or any Agent, Relative, or Associate of a Witness" regarding both the *Chiquita* MDL and *Dole*

cases, as the paramilitaries who have knowledge about Chiquita also have knowledge about

Dole, given they worked in the banana sector of Magdalena, Colombia common to both Chiquita and Dole.

**INTERROGATORY NO. 2**
For each Payment offered or requested to be made by or on behalf of any Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness, identify the Payment offered or requested, the person who made the offer or request, the person to whom the offer or request was made, the date of the offer or request, how the offer or request was communicated, the purpose of the offered or requested Payment, and, where applicable, the Witness of whom the person who made or received the offer or request is or was an Agent, Relative, or Associate.

**RESPONSE:** In addition to the foregoing General Objections, particularly General Objection 12 objecting to the extremely overbroad definition of "payment," with respect to any witness as defined by Defendants' Definition No. 18, and with respect to the Chiquita Litigation as defined by Defendants' Definition No. 6, and subject to and without waiving these objections, pursuant to Fed. R. Civ P. 33(d), without waiving any objection with respect to the over-breadth of Defendants' Interrogatories in seeking to go beyond the limited discovery permitted by the Court, Plaintiffs refer Defendants to their First Amended Responses to Dole Food Company's First Set of Special Interrogatories in the *Dole* case, which will be produced to Defendants. Specifically the Dole Plaintiffs' responses to Dole's Interrogatories 2-9 contain the responsive information to this interrogatory regarding any payment-related facts pertaining to any "Witness or any Agent, Relative, or Associate of a Witness" regarding both the Chiquita and Dole cases, as the paramilitaries who have knowledge about Chiquita also have knowledge about Dole, given they worked in the banana sector of Magdalena, Colombia common to both Chiquita and Dole.

**INTERROGATORY NO. 3**
Describe any efforts Plaintiffs' Counsel have undertaken to reduce any risk to the security or safety of a Paramilitary or to the Agents, Relatives, or Associates of such Paramilitary.

**RESPONSE:** In addition to the foregoing General Objections, the Court's Order of April 7, 2015, ECF No. 759, expressly allows the limited discovery with respect to this case only:

"defendants contend there is a reasonable basis for investigating the possibility of a payment scheme *in this case*, before preservation deposition testimony is taken from Colombian witnesses who may have been the beneficiary of such a scheme. . . . Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature *in this case*…" *Id*. at 11-12 (emphasis added). Accordingly, Plaintiffs object to providing any information from other cases being litigated by counsel for Plaintiffs in this case, except to the extent there are witnesses in this case that are also possible witnesses in the *Dole* case. Plaintiffs further object to providing any information beyond any witness as defined by Defendants' Definition No. 18, and with respect to the Chiquita Litigation as defined by Defendants' Definition No. 6. Further, any such facts are not relevant and searching for and providing them would be unduly burdensome. In addition, such facts from the *Drummond* cases are not in the possession, custody or control of the Plaintiffs in the Chiquita Litigation, and counsel for Plaintiffs herein object to the improper use of a document request in the Chiquita Litigation to seek access to the internal case files of Plaintiffs' counsel in other, unrelated litigation.

Plaintiffs' counsel have taken no steps to reduce any risk to the security or safety of a Paramilitary or to the Agents, Relatives, or Associates of such Paramilitary in the Chiquita Litigation.

**INTERROGATORY NO. 4**
Identify each Communication between Plaintiffs' Counsel and a Paramilitary or Agent, Relative, or Associate of a Paramilitary, including the participants, form, date, location (if the Communication was in person), and content of such Communication. For each Communication that took place in a Colombian prison, Identify the specific prison(s) in which the Communication took place and how Plaintiffs' Counsel described or represented their relationship with the Paramilitary, or the Agent, Relative, or Associate of the Paramilitary, to prison authorities (*e.g.*, as a friend, etc.).

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request goes well beyond the very limited grant of discovery in the Court's Order of April 7, 2015, ECF No. 759. The Court specifically directed that "***the defendants should be allowed an opportunity to conduct discovery on the witness payment issue, under an accelerated schedule, before the paramilitary witnesses are deposed in this case. Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case*** . . . ." *Id.* at 12 (emphasis added). Accordingly, Defendants' request for "each communication" is improper and Plaintiffs are not required to respond at this time on an expedited basis. To the extent that any communication concerned any payment issue, see responses to Interrogatories Nos. 1 and 2, *supra*.

**INTERROGATORY NO. 5**
Identify each Plaintiffs' Counsel who is or was a Paramilitary or an Agent, Relative, or Associate of a Paramilitary, the date on which such person became Plaintiffs' Counsel, the terms of their engagement as Plaintiffs' Counsel, and where applicable the Paramilitary of whom such person is or was an Agent, Relative, or Associate.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request goes well beyond the very limited grant of discovery in the Court's Order of April 7, 2015, ECF No. 759. The Court specifically directed that "***the defendants should be allowed an opportunity to conduct discovery on the witness payment issue, under an accelerated schedule, before the paramilitary witnesses are deposed in this case. Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case*** . . . ." *Id.* at 12 (emphasis added).

Accordingly, Defendants' request for information about financial interests in this litigation is

improper and Plaintiffs are not required to respond at this time on an expedited basis.

**INTERROGATORY NO. 6**
For each Person who has a direct financial interest or stake in the outcome of the Chiquita
Litigation other than Plaintiffs and the law firms that have entered appearances in the ATS
Actions, describe the nature and amount of such financial interest or stake.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds

that this request goes well beyond the very limited grant of discovery in the Court's Order of

April 7, 2015, ECF No. 759. The Court specifically directed that "***the defendants should be***

***allowed an opportunity to conduct discovery on the witness payment issue, under an***

***accelerated schedule, before the paramilitary witnesses are deposed in this case. Specifically,***

***the Court shall allow the defendants an opportunity to issue limited written discovery requests***

***(interrogatories and requests to produce) addressing the issue of (non-expert) witness***

***payments, gifts or benefits of any kind or nature in this case*** . . . ." *Id.* at 12 (emphasis added).

Accordingly, Defendants' request for information about the financial interests in this litigation is

improper and Plaintiffs are not required to respond at this time on an expedited basis. To the

extent this Interrogatory seeks information on whether any witness has a financial stake in the

outcome of the Chiquita Litigation as defined by Defendants' Definition No. 6, Plaintiffs have no

responsive information.

**INTERROGATORY NO. 7**
Identify each Agent, Relative, or Associate of any Paramilitary with whom Plaintiffs' Counsel
have had any agreement, the nature and terms of the Agreement, and the Paramilitary of whom
such person is or was an Agent, Relative, or Associate.

**RESPONSE:** In addition to the foregoing General Objections, the Court's Order of April 7,

2015, ECF No. 759, expressly allows the limited discovery with respect to this case only:

"defendants contend there is a reasonable basis for investigating the possibility of a payment

scheme *in this case*, before preservation deposition testimony is taken from Colombian witnesses who may have been the beneficiary of such a scheme. . . . Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature *in this case* . . . ." *Id.* at 11-12 (emphasis added). Accordingly, Plaintiffs object to providing any information from other cases being litigated by counsel for Plaintiffs in this case, except to the extent there are witnesses in this case that are also possible witnesses in the *Dole* case. Plaintiffs further object to providing any information beyond any witness as defined by Defendants' Definition No. 18, and with respect to the Chiquita Litigation, defined by Defendants' Definition No. 6. Further, any such facts are not relevant and searching for and providing them would be unduly burdensome. In addition, such facts from the *Drummond* cases are not in the possession, custody or control of the Plaintiffs in the Chiquita Litigation, and counsel for Plaintiffs herein object to the improper use of a document request in the Chiquita Litigation to seek access to the internal case files of Plaintiffs' counsel in other, unrelated litigation.

With those objections and limitations, Plaintiffs refer Defendants to their First Amended Responses to Dole Food Company's First Set of Special Interrogatories in the *Dole* case, which will be produced to Defendants. Specifically the Dole Plaintiffs' responses to Dole's Interrogatories 2 and 4 contain any possibly responsive information to this interrogatory regarding whether Plaintiffs' counsel had any agreement with any "Agent, Relative, or Associate of any Paramilitary" regarding both the *Chiquita* MDL and *Dole* cases, as the paramilitaries who have knowledge about Chiquita also have knowledge about Dole, given they worked in the banana sector of Colombia common to both Chiquita and Dole.

11

**INTERROGATORY NO. 8**
Identify each Paramilitary to whom Plaintiffs' Counsel have made available or from whom Plaintiffs' Counsel have received any Document.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request goes well beyond the very limited grant of discovery in the Court's Order of April 7, 2015, ECF No. 759. The Court specifically directed that "***the defendants should be allowed an opportunity to conduct discovery on the witness payment issue, under an accelerated schedule, before the paramilitary witnesses are deposed in this case. Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case***. . . ." *Id*. at 12 (emphasis added). Accordingly, Defendants' request for "each Paramilitary Plaintiffs' counsel have made available or from whom Plaintiffs' Counsel have received any Document communication" is improper and Plaintiffs are not required to respond at this time on an expedited basis. *See also* Plaintiffs' Resps. to Rogs. Nos. 1-2, *infra*.

**INTERROGATORY NO. 9**
Describe how Plaintiffs' Counsel were or are "actively seeking the voluntary cooperation" or "pursuing the consent" of Jesús Ignacio Roldán Pérez, José Gregorio Mangones Lugo, or Freddy Rendón Herrera "to be deposed." (*See* D.E. 688, at 7, 8 n.2; D.E. 688-1, at 3.)

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request goes well beyond the very limited grant of discovery in the Court's Order of April 7, 2015, ECF No. 759. The Court specifically directed that "***the defendants should be allowed an opportunity to conduct discovery on the witness payment issue, under an accelerated schedule, before the paramilitary witnesses are deposed in this case. Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness***

12

***payments, gifts or benefits of any kind or nature in this case***. . . ." *Id*. at 12 (emphasis added).

Accordingly, Defendants' request for information about how Plaintiffs' counsel were obtaining

cooperation of the three listed witnesses is improper and Plaintiffs are not required to respond at

this time on an expedited basis. Further, the Doe/Perez Plaintiffs were not movants for the

motion referenced, ECF No. 688, and do not have knowledge of any facts the movants were

referring to in the language quoted in this Interrogatory.

**INTERROGATORY NO. 10**
Identify every legal proceeding or investigation in which the issue of Payments to Paramilitaries
by Plaintiff's Counsel has been the subject of any inquiry, discovery request, order, or filing.

**RESPONSE:** In addition to the foregoing General Objections, the Court's Order of April 7,

2015, ECF No. 759, expressly allows the limited discovery with respect to this case only:

"defendants contend there is a reasonable basis for investigating the possibility of a payment

scheme ***in this case***, before preservation deposition testimony is taken from Colombian

witnesses who may have been the beneficiary of such a scheme. . . . Specifically, the Court shall

allow the defendants an opportunity to issue limited written discovery requests (interrogatories

and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits

of any kind or nature ***in this case***. . . ." *Id*. at 11-12 (emphasis added). Accordingly, Plaintiffs

object to providing any information from other cases being litigated by counsel for Plaintiffs in

this case, except to the extent there are witnesses in this case that are also possible witnesses in

the *Dole* case. Plaintiffs further object to providing any information beyond any witness as

defined by Defendants' Definition No. 18, and with respect to the Chiquita Litigation as defined

by Defendants' Definition No. 6. Further, any such facts are not relevant and searching for and

providing them would be unduly burdensome.

Without waiving any objection with respect to the over-breadth of Defendants'

Interrogatories in seeking to go beyond the limited discovery permitted by the Court, Dole Food

did serve discovery on Plaintiffs in the *Dole* case that included interrogatories and requests for

production of documents regarding whether payments were made to certain witnesses. Plaintiffs

herein will produce the First Amended Responses to Dole Food Company's First Set of Special

Interrogatories in the *Dole* case which were responded to by their counsel.


DATED: April 22, 2015                    Respectfully Submitted,

                                         _____
                                         Terry Collingsworth, Esq. (admitted *Pro Hac Vice*)
                                         Conrad & Scherer, LLP
                                         1301 Connecticut Avenue NW, Suite 350
                                         Washington, D.C. 20036
                                         Phone: 202-543-4001
                                         Fax: 866-803-1125
                                         tcollingsworth@conradscherer.com

                                         William R. Scherer (Fla. Bar No. 169454)
                                         Albert L. Frevola, Jr. (Fla. Bar No. 857416)
                                         633 South Federal Highway, 8th Floor
                                         Fort Lauderdale, Florida 33301
                                         Phone: 954-462-5500
                                         Fax: 954-463-9244
                                         wscherer@conradscherer.com
                                         afrevola@conradscherer.com

                                         *Attorneys for Plaintiffs, DOES 1-144,*
                                         *PEREZES 1-95, PEREZES 96-795,*
                                         *and Carmen Tulia Cordoba Cuesta et al.*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of the Court using CM/ECF on this 22nd day of April, 2015. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

<u>/s/ William R. Scherer</u>
William R. Scherer (Fla. Bar No. 169454)
Conrad & Scherer, LLP
633 South Federal Highway, 8th Floor
Fort Lauderdale, Florida 33301
Phone: 954-462-5500
Fax: 954-463-9244