NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

Case No. 9:08-cv-80465-KAM

DOES (1-144), PEREZES (1-95), PEREZES (96-795),
and Carmen Tulia Cordoba Cuesta, *et al.*

    Plaintiffs,

v.

CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*

    Defendants
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTIONS
AND RESPONSES TO DEFENDANTS' DISCOVERY REQUESTS**

In accordance with this Court's Order of April 7, 2015, ECF No. 759 ("Order"), Plaintiffs' Objections and Responses to Defendants' April 17, 2015 Special Requests for Production of Documents ("RFPs") and Special Interrogatories ("Rogs") are accompanied by this Supporting Memorandum of Law.  Order at 19.

## I.     Defendants' Requests Impermissibly Seek Privileged Work Product.

All of Defendants' RFPs impermissibly seek privileged work product, including opinion work product that is not subject to discovery.[1]  Federal Rule of Civil Procedure 26 requires courts to protect against disclosure of "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B); *see also Upjohn Co. v. United States*, 449 U.S. 383, 400-01 (1981) (holding work product revealing the attorney's mental processes "cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without undue hardship."); *Williamson v. Moore,* 221 F.3d 1177, 1182 (11th Cir. 2000) (noting "opinion work product enjoys almost absolute immunity" from discovery).

In addition to the traditional work product protection, Plaintiffs' communications with counsel for other plaintiffs in the *Chiquita* MDL is protected by the common-interest privilege. *See, e.g., Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1466 (11th Cir. 1984) (holding work product privilege was not waived by sharing of documents between plaintiffs' private counsel and counsel for the EEOC during preparation for joint trial); *JTR Enters., LLC v. An Unknown Quantity of Colombian Emeralds, Amethysts & Quartz Crystals*, 297 F.R.D. 522, 528 (S.D. Fla. 2013) ("[T]he common-interest privilege applies when clients with separate attorneys share

---

[1] Plaintiffs reserve the right to incorporate by reference the briefing on privilege issues submitted by any of the other MDL plaintiff groups.

1

otherwise privileged information in order to coordinate their legal activities.") (citation omitted); *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 594 (S.D. Fla. 2013) ("the common legal interest doctrine considers parties with separate counsel to nevertheless be aligned for the purposes of a privilege analysis when those parties have legal interests which are allied").

RFP No. 2 directly seeks legal research and internal memoranda, which necessarily includes an attorney's legal analysis and conclusions, the very definition of opinion work product not subject to discovery. There is no question that legal research is privileged. *See, e.g., Live Nation Worldwide, Inc. v. Cohl*, No. 10-24144-CIV, 2011 WL 5597348, at *3 (S.D. Fla. Nov. 17, 2011) (work product doctrine "[prevents] a litigant 'from taking a free ride on the research and thinking of his opponent's lawyer.'") (citation omitted); *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 08-81211-CIV, 2009 WL 2477519, at *2 (S.D. Fla. July 17, 2009) (holding "the subject matter of legal research [and] subjects of internal legal memoranda" is protected work product); *AARP v. Kramer Lead Mktg. Grp.*, No. 3:03 CV 1033 J 99MCR, 2005 WL 1785199, at *6 (M.D. Fla. July 26, 2005) (holding emails that "reflect research pertaining to this litigation" were "protected from disclosure").

## II. Defendants' Requests Exceed the Scope of the Limited Discovery Authorized.

Defendants' RFP Nos. 6-9 and Rogs Nos. 4, 5, 6, 8 and 9 are plainly outside the scope of the limited discovery this Court authorized. *See* Order at 12 (limiting discovery to "the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case"); *id.* at 19 ("grant[ing] leave to issue limited written discovery requests to plaintiffs on the witness-payment issue"). Requests seeking anything other than documents or information concerning non-expert, witness payments exceed this Court's explicit subject matter constraints and should be denied as improper. *See, e.g., Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1568-

2

71 (11th Cir. 1992) (discovery denied because requests were beyond the scope of the limited discovery authorized); *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, No. 04-20073-CIV-UNGARO, 2007 WL 4699017, at *2 (S.D. Fla. Oct. 12, 2007) (striking submission that was "outside the boundaries of the limited discovery that the Court allowed"); *Augusta Video, Inc. v. Augusta-Richmond Cnty.*, No. CIV.A CV 102-094, 2009 WL 783344, at *6 (S.D. Ga. Mar. 24, 2009) (denying discovery that "was outside the scope of this Court's limited Discovery Order").

### III. Defendants' Requests Improperly Seek Discovery From Other Cases.

Similarly, RFP Nos. 3-5 and 9 and Rogs No. 3, 7 and 10 seek documents or information in other cases litigated by Plaintiffs' counsel, particularly *Drummond Co., Inc. v. Collingsworth*, Case No. 2:11-cv-3695-RDP (N.D. Ala.). This runs afoul of the Court's limitation of discovery to **this case**. *See* Order at 11 ("defendants contend there is a reasonable basis for investigating the possibility of a payment scheme **in this case**") (emphasis added); *id.* at 12 (authorizing "limited written discovery requests . . . addressing the issue of (non-expert) witness payments . . . **in this case**") (emphasis added). *See, e.g., Washington,* 959 F.2d at 1568-71(no discovery authorized beyond a limited scope). These requests are also irrelevant and outside the scope of permissible discovery. *See, e.g., Moore v. Morgan Stanley & Co., Inc.*, No. 07 C 5606, 2008 WL 4681942, at *2, 5 (N.D. Ill. May 30, 2008) (holding "[a] party's requested discovery must be tied to the particular claims at issue in the case" and "just because the information was produced in another lawsuit . . . does not mean that it should be produced in this lawsuit"); *Midwest Gas Servs.*, *Inc. v. Ind. Gas Co.*, No. IP 99-690-C-D/F, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000) ("'Cloned discovery', requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial unless the fact that particular documents were produced or received by a party is relevant to the subject matter of the instant case.").

3

DATED: April 22, 2015                    Respectfully Submitted,

                                                  Terry Collingsworth, Esq. (admitted *Pro Hac Vice*)
Conrad & Scherer, LLP
1301 Connecticut Avenue NW, Suite 350
Washington, D.C. 20036
Phone: 202-543-4001
Fax: 866-803-1125
tcollingsworth@conradscherer.com

William R. Scherer (Fla. Bar No. 169454)
Albert L. Frevola, Jr. (Fla. Bar No. 857416)
633 South Federal Highway, 8th Floor
Fort Lauderdale, Florida 33301
Phone: 954-462-5500
Fax: 954-463-9244
wscherer@conradscherer.com
afrevola@conradscherer.com

*Attorneys for Plaintiffs, DOES 1-144,*
*PEREZES 1-95, PEREZES 96-795,*
*and Carmen Tulia Cordoba Cuesta et al.*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of the Court using CM/ECF on this 22nd day of April, 2015. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

/s/ William R. Scherer
William R. Scherer (Fla. Bar No. 169454)
Conrad & Scherer, LLP
633 South Federal Highway, 8th Floor
Fort Lauderdale, Florida 33301
Phone: 954-462-5500
Fax: 954-463-9244