UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC. ALIEN TORT STATUTE AND SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates to:

Case No.: 9:08-cv-80508-KAM

JOSE AND JOSEFA LOPEZ NOS. 1 THROUGH 352

       Plaintiffs,

v.

CHIQUITA BRANDS INTERNATIONAL, INC. ET AL

_____/

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS CHIQUITA BRANDS INTERNATIONAL, INC. AND CHIQUITA FRESH NORTH AMERICA LLC'S SPECIAL SET OF INTERROGATORIES**

Plaintiffs in Case No.: 08-80508-CIV by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure 26 and 33, hereby respond to Defendants CHIQUITA BRANDS INTERNATIONAL, INC. and CHIQUITA FRESH NORTH AMERICA LLC's Special Interrogatories, dated April 17, 2105. Plaintiffs respond to these Interrogatories only on behalf of the Plaintiffs and their counsel in Case No. 08-80508-CIV. Defendants have served these Interrogatories on Plaintiffs and their counsel in several different actions, and Plaintiffs understand that the plaintiffs and counsel in those other actions will be responding separately on their own behalf.

Plaintiffs specifically reserve the following:

1.  The right to object to any of the responses based upon competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this or any other action.

2.  The right to object to the use of any of these responses in any subsequent proceeding in, or the trial of, this or any other action.

3.  The right to object on any ground at any time to a demand for any further response to these or any other interrogatories or other discovery procedures involving or relating to the subject matter of these responses, subject to lawful provisions and obligations under the Federal Rules of Civil Procedure or any legal ruling by this Honorable Court.

4.  To the extent Plaintiffs discover additional responsive information, they reserve the right to supplement or revise these objections and responses at any time. Responses to discovery are made with the understanding that Plaintiffs have not completed their legal or factual investigation, discovery, and/or trial preparation and the responses set forth below are based upon only the information currently available and known following a reasonable and diligent investigation in responding to these document requests with the time and resources available. In this regard, Plaintiffs note they effectively had only 3 business days to respond to these document requests. Moreover, by reserving the right to supplement or revise these objections, Plaintiffs are doing nothing to waive their objection to Instruction 1. *See* General Objection No. 2, *supra*.

## **GENERAL OBJECTIONS**

Plaintiffs make the following objections, which Plaintiffs incorporate into their responses to Defendants CHIQUITA BRANDS INTERNATIONAL, INC. and CHIQUITA FRESH NORTH AMERICA LLC's Special Interrogatories below:

1. Plaintiffs object to each Definition, Instruction, and Interrogatory to the extent any purports to require the production of information beyond the scope of that which is required by the Federal Rules of Civil Procedure or by the Court's Order of April 7, 2015 authorizing certain discovery in this action. Specifically, Plaintiffs object to the Interrogatories to the extent they exceed the scope of discovery authorized by the Court's April 7, 2015 Order, Dkt. 759, permitting discovery "of (non-expert) witness payments, gifts or benefits in this case"). Order at 12, Dkt. 759.

2. Plaintiffs specifically object to Instructions 1, 2, and 3 to the extent they seek to expand Plaintiffs' obligations beyond what is required by the Federal Rules of Civil Procedure or any applicable local rule.

3. Plaintiffs object to all Interrogatories to the extent they seek the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege or protection. Plaintiffs will not be producing or identifying any such documents to the extent they seek internal communications among counsel for Plaintiffs or between counsel and their clients in Case No.: 08-80508-CIV as contemplated by Local Rule 26.1 of the Southern District of Florida. Plaintiffs reserve all such privileges and assert them in each instance Defendants have sought this plainly privileged information. Plaintiffs in Case No.: 08-80508-CIV have incorporated and attached privilege logs to these responses. See Exhibits 1 and 2 attached.

4. Plaintiffs object to the extremely overbroad definition of "Plaintiffs' counsel" in

3

definition no. 15. Defendants include names of people who are not known to Plaintiffs or their counsel. Plaintiffs will interpret "Plaintiffs' counsel" to consist of any lawyer employed by Plaintiffs in Case No.: 08-80508-CIV or their counsel to perform legal services on what Defendants describe as the "Chiquita Litigation" in definition no. 6.

5. Plaintiffs object to the extent that Defendants seek any documents beyond those relevant to or generated by what Defendants describe as the "Chiquita Litigation" in definition No. 6. Counsel for Plaintiffs specifically objects to any effort to obtain internal documents relating to cases being litigated by counsel separate from the Chiquita Litigation. Such documents are not properly within the possession, custody or control of Plaintiffs in Case No.: 08-80508-CIV and are not properly the subject of discovery in this case.

6. Each one of the foregoing General Objections is hereby incorporated into the following specific responses to the enumerated Requests for Production.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1**
For each Payment made by, on behalf of, or at the request of any Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness, identify the date of the Payment, the nature of the Payment and its amount or value, the source of the Payment, the payor, the recipient, the method by which it was paid, its purpose, and, where applicable, the Witness of whom the beneficiary of the payment is or was an Agent, Relative, or Associate.

**ANSWER:  No payments have been made by, or on behalf of, or at the request of any Plaintiffs' counsel in Case No.: 08-80508-CIV (The Lopez Valencia Cases) for the benefit of any witness, or any agent, relative, or associate of a witness.**

**As reflected in the Answer to Interrogatory number 4, on January 8, 2008, Jack Scarola, Paul Wolf and Mr. Scarola's paralegal, Emilio Diamantis, met with the attorney for Raul Hasbun to obtain permission to meet with Mr. Hasbun in prison.  The parties met with Hasbun's attorney at dinner. It is believed that Mr. Scarola paid for the dinner for all in attendance.**

**INTERROGATORY NO. 2**
For each Payment offered or requested to be made by or on behalf of any Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness, identify the Payment offered or requested, the person who made the offer or request, the person to whom the offer or request was made, the date of the offer or request, how the offer or request was

4

communicated, the purpose of the offered or requested Payment, and, where applicable, the Witness of whom the person who made or received the offer or request is or was an Agent, Relative, or Associate.

**ANSWER: No payments have been made by, or on behalf of, or at the request of any Plaintiffs counsel in Case No.: 08-80508-CIV (The Lopez Valencia Cases) for the benefit of any witness, or any agent, relative, or associate of a witness. Further, no payments have been offered or requested to be made by or on behalf of any Plaintiffs' counsel in Case No.: 08-80508-CIV, for the benefit of any witnesses or any agent, relative or associate of any witness.**

**INTERROGATORY NO. 3**
Describe any efforts Plaintiffs' Counsel have undertaken to reduce any risk to the security or safety of a Paramilitary or to the Agents, Relatives, or Associates of such Paramilitary.

**ANSWER: No efforts have been undertaken by Plaintiffs' counsel in Case No.: 08-80508-CIV to reduce any risk to the security or safety of a paramilitary or to the agents, relatives or associates of such paramilitary.**

**INTERROGATORY NO. 4**
Identify each Communication between Plaintiffs' Counsel and a Paramilitary or Agent, Relative, or Associate of a Paramilitary, including the participants, form, date, location (if the Communication was in person), and content of such Communication. For each Communication that took place in a Colombian prison, Identify the specific prison(s) in which the Communication took place and how Plaintiffs' Counsel described or represented their relationship with the Paramilitary, or the Agent, Relative, or Associate of the Paramilitary, to prison authorities (e.g., as a friend, etc.).

**ANSWER: On the 8th day of January, 2008, Jack Scarola, Paul Wolf and Mr. Scarola's paralegal, Emilio Diamantis, met with the attorney for Raul Hasbun to obtain permission to meet with Mr. Hasbun in the prison where he was incarcerated. Permission was obtained. The next day Mr. Scarola, Mr. Wolf and Mr. Diamantis were advised that Mr. Hasbun could not meet with them that day. Because Mr. Scarola and Mr. Diamantis had to return to the United States, Mr. Scarola and Mr. Diamantis did not meet with Mr. Hasbun.**

**Subject to all objections set forth above Plaintiffs further state as follows:**

**Plaintiffs' Counsel has not had any Communication related to "the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case," Order at 12, Dkt. 759, with a Paramilitary or Agent, Relative, or Associate of a Paramilitary (to the extent such a relationship is known to Plaintiffs' Counsel).**

**INTERROGATORY NO. 5**
Identify each Plaintiffs' Counsel who is or was a Paramilitary or an Agent, Relative, or Associate of a Paramilitary, the date on which such person became Plaintiffs' Counsel, the terms of their

5

engagement as Plaintiffs' Counsel, and where applicable the Paramilitary of whom such person is or was an Agent, Relative, or Associate.

**ANSWER:** **Plaintiffs' counsel in Case No.: 08-80508-CIV do not know of any Plaintiffs' counsel who is or was a paramilitary or an agent, relative or associate of a paramilitary.**

**INTERROGATORY NO. 6**
For each Person who has a direct financial interest or stake in the outcome of the Chiquita Litigation other than Plaintiffs and the law firms that have entered appearances in the ATS Actions, describe the nature and amount of such financial interest or stake.

**ANSWER:** **The Plaintiffs in Case No.: 08-80508-CIV interpret this Interrogatory as excluding all co-counsel including referring counsel in Colombia. Plaintiffs have no knowledge of any person who has any interest or stake in the outcome of the Chiquita litigation.**

**INTERROGATORY NO. 7**
Identify each Agent, Relative, or Associate of any Paramilitary with whom Plaintiffs' Counsel have had any agreement, the nature and terms of the Agreement, and the Paramilitary of whom such person is or was an Agent, Relative, or Associate.

**ANSWER:** **Plaintiffs' counsel in Case No.: 08-80508-CIV have no agreements with any agent, relative or associate of any paramilitary.**

**INTERROGATORY NO. 8**
Identify each Paramilitary to whom Plaintiffs' Counsel have made available or from whom Plaintiffs' Counsel have received any Document.

**ANSWER:** **Plaintiffs in Case No.: 08-80508-CIV objection to this Interrogatory on the basis that it seeks information beyond the scope of discovery authorized by Judge Marra in his April 7, 2015 Order. Plaintiffs state, however, that Plaintiffs' counsel in Case No.: 08-80508-CIV have not received any documents from any paramilitary and Plaintiffs' counsel in Case No.: 08-80508-CIV have not made any documents available to any paramilitary which relate to the issue of witness payments, gifts or benefits of any kind or nature in this case (as contemplated by Judge Marra's Order).**

**INTERROGATORY NO. 9**
Describe how Plaintiffs' Counsel were or are "actively seeking the voluntary cooperation" or "pursuing the consent" of Jesús Ignacio Roldán Pérez, José Gregorio Mangones Lugo, or Freddy Rendón Herrera "to be deposed." (See D.E. 688, at 7, 8 n.2; D.E. 688-1, at 3.)

**ANSWER:** **Objection. This Interrogatory seeks information beyond the scope of discovery authorized in Judge Marra's April 7, 2015 Order. However, the Plaintiffs in**

6

Case No.: 08-80508-CIV state that they have relied on the effort of co-counsel in the MDL Chiquita litigation to coordinate the depositions of these witnesses.

**INTERROGATORY NO. 10**
Identify every legal proceeding or investigation in which the issue of Payments to Paramilitaries by Plaintiff's Counsel has been the subject of any inquiry, discovery request, order, or filing.

ANSWER: The issue of payments to paramilitaries by attorney Terry Collingsworth or employees of the firm Conrad Scherer was the subject of Subpoenas served on attorney Jack Scarola, Esquire and his law firm, Searcy Denney Scarola Barnhart and Shipley, P.A. in the case style Drummond Company, Inc. v. Terrence P. Collingsworth, et al Case No.: 2:11-CV-3695-RDP-TMP. Mr. Scarola and Searcy Denney moved to quash the subpoenas in the Southern District of Florida in Case No.: 14-MC-81189-Middlebrooks. Mr. Scarola and Searcy Denney have filed an Appeal to the Eleventh Circuit seeking review of Judge Middlebrook's order denying their motions. The Eleventh Circuit case number is 14-15722-FF. Mr. Collingsworth and Conrad and Sherer, LLP are the named appellants before the Eleventh Circuit. Mr. Scarola and Searcy Denney have also filed a Writ of Mandamus with respect to Judge Middlebrook's order. The Writ of Mandamus is before the Eleventh Circuit in case No.: 14-15749.

Dated this 22nd day of April, 2015.

Respectfully Submitted,

_____
JACK SCAROLA
Florida Bar No.: 169440
WILLIAM B. KING
Florida Bar No.: 181773
Attorney E-Mail: jsx@searcylaw.com and wbk@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9456

James K. Green
Florida Bar No.: 229466
James K. Green, P.A.
Esperante, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL 33401
Phone: (561) 659-2029

Fax: (561) 478-0754

**Counsel for Plaintiffs Jose and Josefa Lopez Nos. 1 through 116 – Original docket number: 9:08-80508-CIV**

---

Paul L. Hoffman
Schonbrun, DeSimone, Seplow, Harris, Hoffman & Harrison LLP
723 Ocean Front Walk
Venice, CA 90291
Phone: (310) 396-0731
Fax:  (310) 399-7040

Marco Simon
Richard Herz
Jonathan Kaufman
Marissa Vahlsing
Earth Rights International
612 K Street NW #401
Washington, DC 20006
Phone: (202) 466-5188

Agnieszka M. Fryszman
Benjamin D. Brown
Cohen, Milstein Sellers & Toll PLLC
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Phone: (202) 408-4600
Fax: (202) 408-4634

Judith Brown Chomsky
Law Offices of Judith Brown Chomsky
Post Office Box 29726
Elkins Park, PA 19027
Phone: (215) 782-8367
Fax: (202) 782-8368

Arturo Carrillo
Columbian Institute of International Law
5425 Connecticut Ave., N.W., #219
Washington, DC 20015
Phone: (202) 994-5794

John DeLeon
Florida Bar No.: 650390
Law Offices of Chavez-DeLeon
5975 Sunset Drive, Suite 605
South Miami, FL 33143
Phone: (305) 740-5347
Fax: (305) 740-5348

**Counsel for John Doe I Plaintiffs – original docket number: 9:08-cv-80421-KAM**

---

Jonathan C. Reiter
Law Firm of Jonathan C. Reiter
350 Fifth Avenue, Suite 2811
New York, NY 10118
Phone: (212) 736-0979
Fax: (212) 268-5297

Ronald S. Guralnick
Florida Bar No.: 111476
Ronald Guralnick, P.A.
Bank of America Tower at International Place
100 S.E. 2d Street, Suite 3300
Miami, FL 33131
Phone: (305) 373-0066
Fax: (305) 373-1387

**Counsel for Plaintiffs Juan/Juana Does 1-888 (previous caption), now captioned as SaraMatilde Moreno Manjarres et. Al. v. Chiquita Brands International, Inc., Case No.: 9:08-cv-80480, (Southern District of New York) (main MDL docket: 08-01916-MD-Marra/Johnson)**

---

Terrance P. Collingsworth
Conrad & Sherer, LLP
1156 15th St. NW, Suite 502
Washington, DC 20005

9

Phone: (202) 543-4001
Fax: (866) 803-1125

Eric J. Hager
Conrad & Scherer, LLP
Avenida Republica de El Salvador 500 e Irlanda
Edificio Siglo XXI, PH Oficina W
Quita, Ecuador
Phone: (954) 462-5500 ext. 461
Fax: (866-803-1125

**Counsel for DOES (1-144), PERZES (1-95), PEREZES (96-795), and Carmen Tulia Cordoba Cuesta et al. – Original docket number: 9:08-cv-80465-KAM = 1:07-cv-01048 (RJL)**

---

William J. Wichmann
Attorney at Law
888 S.E. 3rd Avenue, Ste. 400
Fort Lauderdale, FL 33316
Phone: (954) 522-8999
Fax: (954) 449-6332

**Counsel for Plaintiffs Antonio Gonzalez Carrizosa, et. al. – Original docket number: 1:07-cv-60821-KAM**

---

Sigrid S. McCawley
Boies, Schiller & Flexner LLP
401 East Las Olas Blvd., Ste. 1200
Fort Lauderdale, FL 33301
Phone: (954) 356-0011
Fax: (954) 356-0022

Stephen N. Zack
Boies, Schiller & Flexner LLP
100 SE Second Street, Ste. 2800
Miami, FL 33131
Phone: (305) 539-8400
Fax: (305) 539-1307

Karen C. Dyer
Boies, Schiller & Flexner LLP
121 South Orange Ave., Ste. 840

Orlando, FL 32801
Phone: (407) 425-7118
Fax: (407) 425-7047

Nicholas A. Gravante, Jr.
Lee S. Wolosky
Boies, Schiller & Flexner, LLP
575 Lexington Ave., 7th Floor
New York, NY 10022
Phone: (212) 446-2300
Fax: (212) 446-2350

**Counsel for Plaintiffs Angela Maria Henao Montes, et al**

## COUNSEL LIST

John E. Hall
Patrick S. Davies
James M. Garland
Shankar Duraiswamy
José E. Arvelo
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Fax: (202) 662-6291

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Fax: (212) 841-1010

Sidney A. Stubbs (Fla. Bar No. 095596)
Robert W. Wilkins (Fla. Bar No. 578721)
rwilkins@jones-foster.com
JONES, FOSTER, JOHNSTON & STUBBS, P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 659-3000
Fax: (561) 650-0412
Counsel for Chiquita Brands International, Inc. & Chiquita Fresh North America LLC