UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC. ALIEN TORT STATUTE AND SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates to:

Case No.: 9:08-cv-80508-KAM

JOSE AND JOSEFA LOPEZ NOS. 1 THROUGH 352

        Plaintiffs,
v.

CHIQUITA BRANDS INTERNATIONAL, INC. ET AL

_____/

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS CHIQUITA BRANDS INTERNATIONAL, INC. AND CHIQUITA FRESH NORTH AMERICA LLC'S SPECIAL REQUESTS FOR PRODUCTION OF DOCUMENTS

    Plaintiffs in Case No.: 08-80508-CIV, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure 26 and 34, hereby respond to Defendants CHIQUITA BRANDS INTERNATIONAL, INC. AND CHIQUITA FRESH NORTH AMERICA LLC'S Special Request for Production of Documents, dated April 17, 2105.

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

    Plaintiffs respond to these requests only on behalf of the Plaintiffs and their counsel in Case No.: 08-80508-CIV. Defendants have served these requests on Plaintiffs and their counsel in several different actions, and Plaintiffs understand that the plaintiffs and counsel in those other actions will be responding separately on their own behalf.

Plaintiffs specifically reserve the following:

1. The right to object to any of the responses or documents produced based upon competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this or any other action.

2. The right to object to the use of any of these responses, or the documents produced, in any subsequent proceeding in, or the trial of, this or any other action.

3. The right to object on any ground at any time to a demand for any further response to these or any other document requests or other discovery procedures involving or relating to the subject matter of these document responses, subject to lawful provisions and obligations under the Federal Rules of Civil Procedure or any legal ruling by this Honorable Court.

4. The right to withhold production of documents that may be responsive to the document requests based on objections made herein, including but not limited to objections based on privilege and objections that a particular request is overbroad and unduly burdensome, but to produce documents to the extent the requests are not objectionable.

5. To the extent Plaintiffs discover additional responsive documents, they reserve the right to supplement or revise these objections and responses at any time. Responses to discovery are made with the understanding that Plaintiffs have not completed their legal or factual investigation, discovery, and/or trial preparation and the responses set forth below are based upon only the information currently available and known following a reasonable and diligent investigation in responding to these document requests with the time and resources available.

## GENERAL OBJECTIONS

Plaintiffs in Case No.: 08-80508-CIV make the following objections, which Plaintiffs incorporate into their responses to Defendants CHIQUITA BRANDS INTERNATIONAL, INC.

AND CHIQUITA FRESH NORTH AMERICA LLC'S Special Request for Production of Documents below:

1. Plaintiffs object to each Definition, Instruction, and Request for Production to the extent any purports to require the production of information beyond the scope of that which is required by the Federal Rules of Civil Procedure or by the Court's Order of April 7, 2015 authorizing certain discovery in this action.

2. Plaintiffs specifically object to Instructions 2 and 3 and 8 to the extent they seek to expand Plaintiffs' obligations beyond what is required by the Federal Rules of Civil Procedure.

3. Plaintiffs object to all Requests for Production to the extent they seek the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege or protection.  Plaintiffs will not be producing or identifying any such documents to the extent they seek internal communications among counsel for Plaintiffs or between counsel and their clients in Case No.: 08-80508-CIV as contemplated by Local Rule 26.1 of the Southern District of Florida. Plaintiffs reserve all such privileges and assert them in each instance Defendants have sought this plainly privileged information. Plaintiffs in Case No.: 08-80508-CIV have incorporated and attached privilege logs to these responses.  See Exhibits 1 and 2 attached.

4. Plaintiffs object to the extremely overbroad definition of "Plaintiffs' counsel" in definition no. 13.  Defendants include names of people who are not known to Plaintiffs or their counsel.  Plaintiffs will interpret "Plaintiffs' counsel" to consist of any lawyer employed by Plaintiffs in Case No.: 08-80508-CIV or their counsel to perform legal services on what Defendants describe as the "Chiquita Litigation" in definition no. 6.

5. Plaintiffs object to the extent that Defendants seek any documents beyond those relevant to or generated by what Defendants describe as the "Chiquita Litigation" in definition No. 6.  Counsel for Plaintiffs specifically objects to any effort to obtain internal documents

relating to cases being litigated by counsel separate from the Chiquita Litigation. Such documents are not properly within the possession, custody or control of Plaintiffs in Case No.: 08-80508-CIV and are not properly the subject of discovery in this case.

6. Each one of the foregoing General Objections is hereby incorporated into the following specific responses to the enumerated Requests for Production.

### PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS CHIQUITA BRANDS INTERNATIONAL, INC. AND CHIQUITA FRESH NORTH AMERICA LLC'S SPECIAL SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**
All Documents regarding any Payment by, on behalf of, or at the request of Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of such a Witness. This Request includes without limitation Documents concerning Payments offered, considered, or requested, but not made.

**RESPONSE: Plaintiffs in Case No.: 08-80508-CIV state that there are no documents which exist relating to any payment made by, or on behalf of, or at the request of Plaintiffs' counsel in Case No.: 08-80508-CIV for the benefit of any witness or any agent, relative or associate of such witness in the Chiquita action with the exception of a possible receipt for dinner with the attorney for Raul Hasbun referred to in Answers to Interrogatories 1 and 4 served simultaneously herewith. Plaintiffs have conducted a reasonable search for documents regarding Payments by, on behalf of, or at the request of Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of such a Witness (to the extent such a relationship is known), and no responsive documents were located. Plaintiffs further state that they have not paid and will not pay any Witnesses for their testimony.**

**REQUEST FOR PRODUCTION NO. 2**
All Documents concerning the propriety of Payments by, on behalf of, or at the request of Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of such a Witness. This Request includes without limitation the document entitled "CHIQUITA: Ethics of Paying Witness's Legal Fees".

**RESPONSE: Plaintiffs in Case No.: 08-80508-CIV state that there are no documents which exist relating to any payment made by, or on behalf of, or at the request of Plaintiffs' counsel in Case No.: 08-80508-CIV for the benefit of any witness or any agent, relative or associate of such witness in the Chiquita action with the exception of a possible receipt for dinner with the attorney for Raul Hasbun referred to in Answers to Interrogatories 1 and 4 served simultaneously herewith. Any documents concerning the propriety of any payments by, or on behalf of, or at the request of Plaintiffs' counsel for the benefit of any witness or any agent, relative or associate of such witnesses (which were never made) are protected by the work product doctrine and the common interest privilege. See privilege logs.**

**REQUEST FOR PRODUCTION NO. 3**
All Documents relating to Payments by, on behalf of, or at the request of any Plaintiffs' Counsel to any Paramilitary, or to Agents, Relatives, and Associates of any Paramilitary, that Plaintiffs or Plaintiffs' Counsel have produced or received in connection with any legal proceeding or investigation. This Request includes without limitation (i) all Documents produced in response to document requests or subpoenas relating to Payments by, on behalf of, or at the request of Plaintiffs' Counsel to Paramilitaries in *Drummond Co., Inc. v. Collingsworth*, Case No. 2:11-cv-3695-RDP (N.D. Ala.) and in *Gómez v. Dole Food Co., Inc.*, Case No. BC412620 (Superior Court of the State of California, County of Los Angeles); and (ii) full transcripts of any deposition taken in the *Drummond* and *Gómez* cases in which there is any reference to such Payments.

**RESPONSE: Plaintiffs in Case No.: 08-80508-CIV state that there are no documents which exist relating to any payment made by, or on behalf of, or at the request of Plaintiffs' counsel in Case No.: 08-80508-CIV for the benefit of any witness or any agent, relative or associate of such witness in the Chiquita action with the exception of a possible receipt for dinner with the attorney for Raul Hasbun referred to in Answers to Interrogatories 1 and 4 served simultaneously herewith. However, with respect to documents that relate to payments by, or on behalf of any counsel to any paramilitary, or to agents, relatives and associates of any paramilitary, the only documents in the possession of counsel in Case No.: 08-80508-CIV are those documents relating to the *Drummond* litigation received on April 10, 2014 and which were filed in that litigation. These documents are identified by Bates #'s LOPEZ 000001 through LOPEZ 000086 and are attached hereto. The e-mail to which the documents were attached is protected under the work product doctrine and under the common interest privilege. See privilege logs.**

**REQUEST FOR PRODUCTION NO. 4**
All Documents regarding the security or safety risk to any Paramilitaries or to their Agents, Relatives, or Associates for participating or testifying in any legal proceeding, including any Documents regarding measures taken by Plaintiffs' Counsel to reduce such risk.

**RESPONSE: All documents regarding the security or safety risk to any paramilitaries or to their agents, relatives or associates for participating or testifying in the Chiquita litigation are protected under the work product doctrine and under the common interest privilege. See privilege log. No documents exist relating to measures taken by Plaintiffs' counsel in Case No.: 08-80508-CIV to reduce the risks to paramilitaries or to their agents, relatives or associates for participating or testifying in the Chiquita litigation because no such measures were undertaken by counsel in Case No.: 08-80508-CIV. Documents pertaining to the security or safety risk to any paramilitaries or to their agents, relatives or associates for participating or testifying in the *Drummond* matter were received on April 10, 2014 and are being provided with this response (Bates #'s: LOPEZ 000001 through LOPEZ 000086).**

**REQUEST FOR PRODUCTION NO. 5**
All Communications or Agreements, including but not limited to any agreement concerning the sharing of legal fees or conferring any financial interest in any legal matter, between Plaintiffs' Counsel and a Paramilitary or any Agent, Relative, or Associate of a Paramilitary.

**RESPONSE: The Plaintiffs are not in possession of any documents relating to communications or agreements concerning the sharing of legal fees or conferring any financial interest in any legal matter between Plaintiffs' counsel in Case No.: 08-80508-CIV and a paramilitary or any agent, relative or associate of a paramilitary. No such communications or agreements ever took place involving counsel in Case No.: 08-80508-CIV.**

**REQUEST FOR PRODUCTION NO. 6**
The memorandum dated July 2, 2008, from Terrence Collingsworth regarding José Gregorio Mangones Lugo that was described by William J. Wichman as "a script of questions and answers" during a May 2, 2014, hearing in the action captioned *Conrad & Scherer, LLP v. Wichman*, Case No. 09-011600, in the Circuit Court of the 17th Judicial Circuit in Broward County, Florida.

**RESPONSE: The Plaintiffs' in Case No.: 08-80508-CIV are not in possession of the memorandum dated July 2, 2008 referenced in this request.**

**REQUEST FOR PRODUCTION NO. 7**
All testimony or statements by José Gregorio Mangones Lugo, Freddy Rendón Herrera, and Jesús Ignacio Roldán Pérez. This Request includes without limitation transcripts or summaries of their testimony in "Justice and Peace" proceedings.

**RESPONSE: Plaintiffs in Case No.: 08-80508-CIV object to this request as being beyond the scope of discovery authorized by the Court in the Court's April 7, 2015 Order. Further, to the extent counsel in the MDL cases are in possession of any of the documents requested, those documents would be protected under the work product doctrine and common interest privilege.**

**REQUEST FOR PRODUCTION NO. 8**
All Documents reflecting testimony or statements by any other Paramilitary relating to Chiquita or its Colombian subsidiaries (current or former).

**RESPONSE: Plaintiffs in Case No.: 08-80508-CIV object to this request as being beyond the scope of discovery authorized by the Court in the Court's April 7, 2015 Order. Further, to the extent counsel in the MDL cases are in possession of any of the documents requested, those documents would be protected under the work product doctrine and common interest privilege.**

**REQUEST FOR PRODUCTION NO. 9**
All Documents that Plaintiffs' Counsel, or anyone acting on behalf of or at the request of Plaintiffs' Counsel, provided to, showed to, or received from any Paramilitary of any Paramilitaries Agent, Relative, or Associate.

**RESPONSE: Plaintiffs in Case No.: 08-80508-CIV object to this request as being beyond the scope of discovery authorized by the Court in the Court's April 7, 2015 Order. Further, to the extent counsel in the MDL cases are in possession of any of the documents requested, those documents would be protected under the work product doctrine and common interest privilege.**

**REQUEST FOR PRODUCTION NO. 10**
All Documents relied upon in responding to Chiquita's Interrogatories, served concurrently with these Requests for Production.

**RESPONSE: Plaintiffs in Case No.: 08-80508-CIV reassert their objections to all documents which would relate to the responses to Interrogatories and which would be protected by the work product doctrine and the common interest doctrine. See privilege logs.**

The Plaintiffs in Case No.: 08-80508-CIV are attaching herewith the materials from the *Drummond* case which were received on April 10, 2014 (Bates #'s LOPEZ 000001 through LOPEZ 000086). The Plaintiffs are also attaching a copy of the receipt reflecting payment for the dinner with Raul Hasbun's attorney on January 8, 2008.

Dated this 22nd day of April, 2015.

Respectfully Submitted,

JACK SCAROLA
Florida Bar No.: 169440
WILLIAM B. KING
Florida Bar No.: 181773
Attorney E-Mail: jsx@searcylaw.com and wbk@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9456

James K. Green
Florida Bar No.: 229466
James K. Green, P.A.
Esperante, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL 33401
Phone: (561) 659-2029
Fax: (561) 478-0754

**Counsel for Plaintiffs Jose and Josefa Lopez Nos. 1 through 116 – Original docket number: 9:08-cv-80508**

---

Paul L. Hoffman
Schonbrun, DeSimone, Seplow, Harris, Hoffman & Harrison LLP
723 Ocean Front Walk
Venice, CA 90291
Phone: (310) 396-0731
Fax:  (310) 399-7040

Marco Simon
Richard Herz
Jonathan Kaufman
Marissa Vahlsing
Earth Rights International
612 K Street NW #401
Washington, DC 20006
Phone: (202) 466-5188

Agnieszka M. Fryszman
Benjamin D. Brown
Cohen, Milstein Sellers & Toll PLLC
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Phone: (202) 408-4600
Fax: (202) 408-4634

Judith Brown Chomsky
Law Offices of Judith Brown Chomsky
Post Office Box 29726
Elkins Park, PA 19027
Phone: (215) 782-8367
Fax: (202) 782-8368

Arturo Carrillo
Columbian Institute of International Law
5425 Connecticut Ave., N.W., #219
Washington, DC 20015
Phone: (202) 994-5794

John DeLeon
Florida Bar No.: 650390
Law Offices of Chavez-DeLeon
5975 Sunset Drive, Suite 605
South Miami, FL 33143
Phone: (305) 740-5347
Fax: (305) 740-5348

**Counsel for John Doe I Plaintiffs – original docket number: 9:08-cv-80421-KAM**

Jonathan C. Reiter
Law Firm of Jonathan C. Reiter
350 Fifth Avenue, Suite 2811
New York, NY 10118
Phone: (212) 736-0979
Fax: (212) 268-5297

Ronald S. Guralnick
Florida Bar No.: 111476
Ronald Guralnick, P.A.
Bank of America Tower at International Place
100 S.E. 2d Street, Suite 3300
Miami, FL 33131
Phone: (305) 373-0066
Fax: (305) 373-1387

**Counsel for Plaintiffs Juan/Juana Does 1-888 (previous caption), now captioned as SaraMatilde Moreno Manjarres et. Al. v. Chiquita Brands International, Inc., Case No.: 9:08-cv-80480, (Southern District of New York) (main MDL docket: 08-01916-MD-Marra/Johnson)**

---

Terrance P. Collingsworth
Conrad & Sherer, LLP
1156 15th St. NW, Suite 502
Washington, DC 20005
Phone: (202) 543-4001
Fax: (866) 803-1125

Eric J. Hager
Conrad & Scherer, LLP
Avenida Republica de El Salvador 500 e Irlanda
Edificio Siglo XXI, PH Oficina W
Quita, Ecuador
Phone: (954) 462-5500 ext. 461
Fax: (866-803-1125

**Counsel for DOES (1-144), PERZES (1-95), PEREZES (96-795), and Carmen Tulia Cordoba Cuesta et al. – Original docket number: 9:08-cv-80465-KAM = 1:07-cv-01048 (RJL)**

---

William J. Wichmann
Attorney at Law
888 S.E. 3rd Avenue, Ste. 400
Fort Lauderdale, FL 33316
Phone: (954) 522-8999
Fax: (954) 449-6332

**Counsel for Plaintiffs Antonio Gonzalez Carrizosa, et. al. – Original docket number: 1:07-cv-60821-KAM**

---

Sigrid S. McCawley
Boies, Schiller & Flexner LLP
401 East Las Olas Blvd., Ste. 1200
Fort Lauderdale, FL 33301
Phone: (954) 356-0011

Fax: (954) 356-0022

Stephen N. Zack
Boies, Schiller & Flexner LLP
100 SE Second Street, Ste. 2800
Miami, FL 33131
Phone: (305) 539-8400
Fax: (305) 539-1307

Karen C. Dyer
Boies, Schiller & Flexner LLP
121 South Orange Ave., Ste. 840
Orlando, FL 32801
Phone: (407) 425-7118
Fax: (407) 425-7047

Nicholas A. Gravante, Jr.
Lee S. Wolosky
Boies, Schiller & Flexner, LLP
575 Lexington Ave., 7th Floor
New York, NY 10022
Phone: (212) 446-2300
Fax: (212) 446-2350

**Counsel for Plaintiffs Angela Maria Henao Montes, et al**

## COUNSEL LIST

John E. Hall
Patrick S. Davies
James M. Garland
Shankar Duraiswamy
José E. Arvelo
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington, D.C. 20001
Telephone: (202) 662-6000
Fax: (202) 662-6291

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Fax: (212) 841-1010

Sidney A. Stubbs (Fla. Bar No. 095596)
Robert W. Wilkins (Fla. Bar No. 578721)
rwilkins@jones-foster.com
JONES, FOSTER, JOHNSTON & STUBBS, P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 659-3000
Fax: (561) 650-0412
Counsel for Chiquita Brands International, Inc. & Chiquita Fresh North America LLC