**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 08-01916-MD-MARRA/JOHNSON**

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:
ATS ACTIONS
_____/

NO. 08-80421-cv-MARRA/JOHNSON
JOHN DOE 1 *et al.*,
            v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al*
_____/


**OBJECTIONS AND RESPONSES OF PLAINTIFFS JOHN DOE I *ET AL.* TO**
**DEFENDANTS' SPECIAL REQUESTS FOR PRODUCTION TO ATS PLAINTIFFS**


Pursuant to the Court's April 7, 2015 Order, Dkt. 759, and the Federal Rules of Civil

Procedure, Plaintiffs John Doe I *et al*., by and through their undersigned counsel, respond to

Defendants Chiquita Brands International, Inc. and Chiquita Fresh North America LLC's Special

Requests for Production to ATS Plaintiffs.

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Plaintiffs respond to these requests only on behalf of the Plaintiffs and their counsel in

*John Doe I v. Chiquita Brands Int'l, Inc.*, No. 08-cv-80421 (the New Jersey case).   Defendants

have served these requests on Plaintiffs and their counsel in several different actions, and

Plaintiffs understand that the plaintiffs and counsel in those other actions will be responding

separately on their own behalf.

All responses contained herein are based only upon information presently available and specifically known to Plaintiffs.  Plaintiffs reserve the right to supplement these responses prior to or at the close of discovery.  Plaintiffs reserve the right to object on any ground to the use of any responses to the Requests at any stage of these proceedings or in any other proceedings.  In responding to the Requests, Plaintiffs do not in any way waive or intend to waive any privilege or objection, but rather intend to preserve and are preserving the following:

- All objections as to the relevancy, materiality, and admissibility of any responses;
- All objections as to vagueness, ambiguity, or other infirmity in the form of the Requests and any objections based on the undue burden imposed by the Requests and each individual Request contained therein;
- All rights to object on any ground to the use of any of the responses in any subsequent proceedings, including the hearing of this or any other action;
- All rights to object on any ground to any further Requests or other discovery Requests involving or related to the subject matter of the Requests;
- The right to revise, correct, supplement, or clarify responses or objections to the Requests prior to trial; and
- Any and all privileges and/or rights under the applicable rule(s) of the Federal Rules of Civil Procedure or any statutes, guidelines, common law, or other applicable law, including Indonesian law.

Plaintiffs generally object to the Requests (including the Instructions and Definitions) on the following grounds, each of which is incorporated by reference in the responses and objections to the individual Requests below.  All responses set forth herein are subject to and without waiver of any of these General Objections:

1.      Plaintiffs object to the Requests to the extent they purport to impose any obligations upon Plaintiffs that are greater than or different from Plaintiffs' obligations under the Federal Rules, the Local Rules, or applicable case law.  In responding to these Requests, Plaintiffs will comply with the requirements of the Federal Rules, Local Rules, and applicable case law.

2.      Plaintiffs object to the Requests to the extent they call for information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and/or any other constitutional, statutory, common law or other applicable privilege or protection, including any privilege or protection under Colombian law.  In responding to these Requests, Plaintiffs will not divulge protected or privileged information, and in particular will not search for and reveal protected or privileged information from their or their attorneys' litigation files relating or referring to this case, including documents prepared in anticipation of litigation or for trial.

3.      Plaintiffs object to the Requests to the extent they seek information or documents that are not in Plaintiffs' possession, custody, or control.

4.      Plaintiffs object to the Requests to the extent they seek information that is publicly available or equally available to Defendants.  Plaintiffs assume no obligation to produce such information, including documents that have been publicly filed with the Court in this case.

5.      Plaintiffs object to the Requests to the extent they are duplicative.

6.      Plaintiffs object to the Requests to the extent they call for or assume any legal reasoning or a legal conclusion or require Plaintiffs to make an inappropriate subjective judgment call as to whether a document is responsive.

7.      Plaintiffs object to each and every Request to the extent it is not the appropriate device for discovery of the requested information and/or seeks information in a manner that may be obtained in a manner less burdensome than the current document Requests.

8.      Plaintiffs object to the Requests to the extent they seek the production of documents prior to the entry of a protective order that appropriately regulates the disclosure of information that may identify and/or threaten Plaintiffs, members of Plaintiffs' families, or any

3

other witness or potential witness who fears for his or her life or safety or the life or safety of a relative due to participation in this litigation. To the extent such responsive documents exist, Plaintiffs will produce such documents only after the entry of such a protective order.

9.     Plaintiffs' decision to respond to these Requests should not and shall not be construed as: (a) an admission that the material is relevant; (b) a waiver of any of Plaintiffs' general objections or objections asserted in response to a specific Request; or (c) an agreement that a request for similar information in this or any other related proceedings will be treated in a similar manner.

10.     Plaintiffs specifically reserve all objections or other issues with respect to any question as to competency, relevance, materiality, privilege, or admissibility of any evidence for trial.

11.     Plaintiffs reserve the right to object on any ground to the use of any responses to the Requests at any stage of these proceedings or in any other proceedings. The failure to object on a particular ground or grounds shall not be construed as a waiver of Plaintiffs' right to object on any additional grounds.

## **SPECIFIC OBJECTIONS TO INSTRUCTIONS**

1.     Plaintiffs object to Instruction No. 1 as overly broad, unduly burdensome, vague and ambiguous, calling for a legal conclusion, not reasonably calculated to lead to the discovery of admissible evidence, not susceptible to any reasonable limitation or construction, beyond the scope of the Court's April 7, 2015 Order, Dkt. 759, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly insofar as it purports to include documents "discover[ed]", regardless of whether Plaintiffs have possession, custody, or control of such documents, and to the extent that it purports to impose any continuing

obligation on Plaintiffs' and their counsel to supplement their responses, as supplementation is beyond the scope of the Court's April 7, 2015 Order, which only authorizes limited discovery "before the paramilitary witnesses are deposed in this case," April 7, 2015 Order at 12, Dkt. 759. Plaintiffs and Plaintiffs' Counsel have not paid and will not make payments to paramilitaries or their agents, relatives, or associates, and the burden and expense of supplementing responses to discovery requests, including creating privilege logs, substantially outweighs the benefit of such discovery. In an effort to put these issues to rest, Plaintiffs' Counsel are including with these responses a privilege log that includes work product material that was shared with counsel outside the New Jersey case. However, Local Rule 26.1(g)(3)(C) does not require privilege logs to include work product material created after commencement of the action, and therefore Plaintiffs' Counsel will not provide any supplement to such privilege log for documents covered by the work product protection.

     2.     Plaintiffs object to Instruction No. 2 as overly broad, unduly burdensome, calling for a legal conclusion, not susceptible to any reasonable limitation or construction, beyond the scope of the Court's April 7, 2015 Order, Dkt. 759, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly insofar as it purports to require Plaintiffs' counsel in this action, *John Doe I v. Chiquita Brands Int'l, Inc.*, No.08-cv-80421 (the New Jersey case), to produce documents on behalf of counsel in other actions. Plaintiffs further object to the Instruction to the extent it requires all documents stored electronically to be produced in native form and with all metadata without limitation, such as an exception for redacted documents, among others.

3.    Plaintiffs object to the Instructions to the extent such Instructions are unduly burdensome, vague and ambiguous, and/or duplicative.  Plaintiffs' objections include but are not limited to the following specific instructions:  3, 4, 8, 9, 11.

4.    Plaintiffs object to Instruction No. 8 to the extent it purports to impose any obligations that are greater than or different from Plaintiffs' obligations under the Federal Rules, the Local Rules, or applicable case law.  For any information withheld on the basis of any applicable privilege or protection, Plaintiffs will provide a privilege log consistent with the Federal and Local Rules.  Plaintiffs will not schedule on their privilege log any communications between Plaintiffs and their representatives, including their attorneys, consultant, or agents, that were prepared in anticipation of litigation or for trial, including communications generated after this case was filed; communications among counsel and/or their staff in this action, *John Doe I. v. Chiquita Brands Int'l, Inc.*, No.08-cv-80421 (the New Jersey case); or briefs or drafts of briefs filed in this case.

5.    Plaintiffs object to Instruction No. 10 as overly broad, unduly burdensome, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly insofar as it purports to require Plaintiffs to create TIFF images of hard-copy documents and to OCR those documents.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1.    Plaintiffs object to the definition of "agent" as overly broad, unduly burdensome, calling for a legal conclusion, not susceptible to any reasonable limitation or construction, beyond the scope of the Court's April 7, 2015 Order, Dkt. 759, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly insofar as it is not limited to this litigation.  For example, unless so limited the definition appears to include

Plaintiffs' elected political representatives and any person acting on Plaintiffs' behalf for any purpose whatsoever.

2.      Plaintiffs object to the definition of "associate" as overly broad, unduly burdensome, vague and ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, not susceptible to any reasonable limitation or construction, beyond the scope of the Court's April 7, 2015 Order, Dkt. 759, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly insofar as it purports to include persons with whom a witness has had only passing contact, such as acquaintances, neighbors, and "contacts," and insofar as it purports to include each and every friend, acquaintance, neighbor, and contact of a witness, which is an unknowable number of people altogether.

3.      Plaintiffs object to the term "Chiquita Litigation" as overly broad, unduly burdensome, not susceptible to any reasonable limitation or construction, beyond the scope of the Court's April 7, 2015 Order, Dkt. 759, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, to the extent the term includes any "contemplated lawsuit" and includes any cases other than those in this Multidistrict Litigation, including *John Doe I v. Chiquita Brands Int'l, Inc.*, No.08-cv-80421 (the New Jersey case); *Does 1-888 v. Chiquita Brands Int'l, Inc.*, No. 08-cv-80480; *Jose Leonardo Lopez Valencia v. Chiquita Brands Int'l, Inc.*, No. 08-cv-80508; *Does (1-144) v. Chiquita Brands Int'l, Inc.*, No. 9:08-cv-80465; *Antonio Gonzalez Carrizosa v. Chiquita Brands Int'l, Inc.*, No. 07-cv-60821; *Angela Maria Henao Montes v. Chiquita Brands Int'l, Inc.*, No. 10-cv-60573.

4.      Plaintiffs object to the term "document" to the extent the definition exceeds the Federal Rules of Civil Procedure, and particularly insofar as it purports to include "all"

documents, including privileged communications and attorney work-product and drafts thereof, as well as electric, electronic, magnetic, mechanical and optical records or representations and electronically stored information without regard to whether such information is accessible.

5. Plaintiffs object to the term "payment" as overly broad, unduly burdensome, vague and ambiguous, calling for a legal conclusion, not susceptible to any reasonable limitation or construction, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, to the extent that the term "payment" is defined to include a "communication" or a "suggestion."

6. Plaintiffs object to the term "Plaintiff" as overly broad, unduly burdensome, vague and ambiguous, calling for a legal conclusion, not susceptible to any reasonable limitation or construction, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly to the extent the definition it purports to include unnamed class members or Plaintiffs in other actions who are represented by other counsel, including individuals who are not included in any complaint, who are proceeding anonymously and/or are unknown to the Counsel in this case. In responding to these requests, Plaintiffs are responding on behalf only of the Plaintiffs in this action, *John Doe I v. Chiquita Brands Int'l, Inc.*, No.08-cv-80421 (the New Jersey case).

7. Plaintiffs object to the term "Plaintiffs' Counsel" as overly broad, unduly burdensome, vague and ambiguous, calling for a legal conclusion, not susceptible to any reasonable limitation or construction, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly insofar as it purports to include counsel in other actions (including "cooperating or collaborating counsel") and any individuals acting on their behalf. In responding to these requests, Plaintiffs will use the term "Plaintiffs' Counsel" to

mean only the counsel who represent or have represented Plaintiffs in this action, *John Doe I v. Chiquita Brands Int'l, Inc.*, No.08-cv-80421 (the New Jersey case).

8.      Plaintiffs object to the term "relative" as overly broad, unduly burdensome, vague and ambiguous, calling for a legal conclusion, not reasonably calculated to lead to the discovery of admissible evidence, not susceptible to any reasonable limitation or construction, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly to the extent that the definition purports to include individuals who are no longer in a relationship, such as ex-spouses, ex-girlfriends, ex-boyfriends, ex-paramours, ex-common law husbands, and ex-common law wives; distant blood relatives without any limitation; individuals related through marriage or common law union without any limitation; as well as any person who resides or once resided in the household of any such person or any "relative."  In responding to these Requests, Plaintiffs will define "relative" to include spouses, parents, grandparents, children, dependents, siblings, aunts, uncles, first cousins, paramours, common law husbands and wives, and girlfriends or boyfriends.

9.      Plaintiffs object to the term "witness" as overly broad, unduly burdensome, vague and ambiguous, calling for a legal conclusion, not reasonably calculated to lead to the discovery of admissible evidence, not susceptible to any reasonable limitation or construction, beyond the scope of the Court's April 7, 2015 Order, Dkt. 759, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly insofar as it fails to identify any Paramilitary by name and could be interpreted to include a person whether or not counsel in this action have any knowledge of that person's identity, conduct, statements, or testimony and to the extent and it includes any expert witness.  *See* Dkt 759 at 12 (permitting discovery "of (non-expert) witness payments, gifts or benefits").  Plaintiffs will interpret

"witness" to mean the individuals whose preservation depositions were authorized by this Court's April 7, 2015 Order as well as individuals who counsel know are a potential or actual non-expert witness in this litigation.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  All Documents regarding any Payment by, on behalf of, or at the request of Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of such a Witness. This Request includes without limitation Documents concerning Payments offered, considered, or requested, but not made.

**RESPONSE TO REQUEST NO. 1:**  Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections.  Plaintiffs object on the specific grounds that this Request is unduly burdensome, overly broad, vague, ambiguous, unintelligible, and not susceptible to reasonable limitation or definition, particularly with respect to the definitions of "relative,"  "associate," "payment," and "Plaintiffs' Counsel."  Plaintiffs object to the Request to the extent it seeks information that is publicly available or equally available to Defendants. Plaintiffs will not conduct a search of news reports, public court dockets, or other publicly available materials, and will not produce such documents.  Plaintiffs object to the Request to the extent it is not the appropriate device for discovery of the requested information and/or seeks information that may be obtained in a less burdensome manner.  Plaintiffs further object that this Request calls for a legal conclusion.  Plaintiffs object to the extent that this Request seeks documents beyond the scope of discovery permitted by the Court's April 7, 2015 Order, the Federal Rules, Local Rules, or applicable case law, particularly to the extent that this Request

seeks documents related to experts retained or considered for retention in this litigation or seeks documents not subject to discovery under Rule 26(b)(3).  Plaintiffs object to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege or protection provided by Colombian law, or documents prepared in anticipation of litigation or for trial.

Finally, Counsel for a party may cover reasonable and permissible expenses to enable the participation of witnesses at deposition or trial.  *See, e.g.*, Comment to D.C. Rule of Professional Conduct 3.4 (counsel may "pay a witness's expenses" or "compensate a witness for loss of time in preparing to testify, in attending, or in testifying"); Florida Rule of Professional Conduct 4-3.4(b) ("a lawyer may pay a witness reasonable expenses incurred by the witness in attending or testifying at proceedings . . . and reasonable compensation to a witness for time spent preparing for, attending, or testifying at proceedings"); 18 U.S.C. § 201(d) (permitting payment to witnesses "of the reasonable cost of travel and subsistence incurred and the reasonable value of time lost in attendance at any such trial, hearing, or proceeding"); *Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 4279421, at *4 (S.D.N.Y. Dec. 1, 2009).  Plaintiffs do not interpret the payment or reimbursement of such expenses to be called for by this Request.  Nor will Plaintiffs preserve and produce documents reflecting *de minimis* expenses, such as taxi fares, lunch, or cups of coffee, provided to witnesses or potential witnesses in the future.  Plaintiffs object as the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiving the foregoing objections, Plaintiffs have conducted a reasonable search for documents regarding Payments by, on behalf of, or at the request of Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of such a

Witness (to the extent such a relationship is known), and no responsive documents were located. Plaintiffs further state that they have not paid and will not pay any Witnesses for their testimony.

**REQUEST FOR PRODUCTION NO. 2:**  All Documents concerning the propriety of Payments by, on behalf of, or at the request of Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of such a Witness. This Request includes without limitation the document entitled "CHIQUITA: Ethics of Paying Witness's Legal Fees".

**RESPONSE TO REQUEST NO. 2:**  Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections.  Plaintiffs object on the specific grounds that this Request is unduly burdensome, overly broad, vague, ambiguous, unintelligible, and not susceptible to reasonable limitation or definition, particularly with respect to the definitions of "Relative," "Associate," "Payment," and "Plaintiffs' Counsel."  Plaintiffs object to the Request to the extent it seeks information that is publicly available or equally available to Defendants. Plaintiffs will not conduct a search of news reports, published analysis, public court dockets, or other publicly available materials, and will not produce such documents.  Plaintiffs object to the Request to the extent it is not the appropriate device for discovery of the requested information and/or seeks information in a manner that may be obtained in a manner less burdensome. Plaintiffs further object that this Request calls for a legal conclusion, requires Plaintiffs to make an inappropriate subjective call as to whether a document is responsive, and requires Plaintiffs to speculate or to characterize documents to determine whether they are responsive.  Plaintiffs object to the extent that this Request seeks documents beyond the scope of discovery permitted by the Court's April 7, 2015 Order, the Federal Rules, Local Rules, or applicable case law,

particularly to the extent that this Request seeks documents related to any expert opinions

obtained; experts retained or considered for retention in this litigation; or seeks documents not

subject to discovery under Rule 26(b)(3).  Plaintiffs object as the burden or expense of the

requested discovery outweighs its likely benefit.   Plaintiffs object to this Request to the extent it

seeks information protected by the attorney-client privilege, attorney work product doctrine,

common interest privilege, or other applicable privilege, including any applicable privilege or

protection provided by Colombian law, or documents prepared in anticipation of litigation or for

trial.

Subject to and without waiving the foregoing objections, Plaintiffs have conducted a

reasonable search for documents concerning the propriety of Payments by, on behalf of, or at the

request of Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate

of such a Witness, and no non-privileged, responsive documents were located.  An appropriate

privilege log will be produced.


**REQUEST FOR PRODUCTION NO. 3:**  All Documents relating to Payments by, on behalf

of, or at the request of any Plaintiffs' Counsel to any Paramilitary, or to Agents, Relatives, and

Associates of any Paramilitary, that Plaintiffs or Plaintiffs' Counsel have produced or received in

connection with any legal proceeding or investigation. This Request includes without limitation

(i) all Documents produced in response to document requests or subpoenas relating to Payments

by, on behalf of, or at the request of Plaintiffs' Counsel to Paramilitaries in *Drummond Co., Inc.*

*v. Collingsworth*, Case No. 2:11-cv-3695-RDP (N.D. Ala.) and in *Gómez v. Dole Food Co., Inc.*,

Case No. BC412620 (Superior Court of the State of California, County of Los Angeles); and (ii)

full transcripts of any 12 deposition taken in the *Drummond* and *Gómez* cases in which there is any reference to such Payments.

**RESPONSE TO REQUEST NO. 3:**  Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections.  Plaintiffs object on the specific grounds that this Request is unduly burdensome, overly broad, vague, ambiguous, unintelligible, and not susceptible to reasonable limitation or definition, particularly to the extent "any legal proceeding or investigation" is undefined and includes any legal proceeding or investigation other than the proceedings and investigation enumerated in subparts (i) and (ii) of the request; Plaintiffs' Counsel do not know all the documents that have been produced in other litigation in which they are not counsel and/or did not undertake the production; and with respect the definitions of "Relative," "Associate," "Payment," and "Plaintiffs' Counsel."  Plaintiffs object to the Request to the extent it seeks information that is publicly available or equally available to Defendants. Plaintiffs will not conduct a search of news reports, public court dockets, or other publicly available materials and will not produce such documents.  Plaintiffs object to the Request to the extent it is not the appropriate device for discovery of the requested information and/or seeks information that may be obtained in a less burdensome manner.  Plaintiffs further object that this Request calls for a legal conclusion, requires Plaintiffs to make an inappropriate subjective call as to whether a document is responsive, and requires Plaintiffs to speculate or to characterize documents to determine whether they are responsive.  Plaintiffs object to the extent that this Request seeks documents beyond the scope of discovery permitted by the Court's April 7, 2015 Order which limited discovery to "the issue of (non-expert) witness payments, gifts or benefits of any kind or nature *in this case*," Dkt 759 at 12 (emphasis added), the Federal Rules, Local Rules, or applicable case law, particularly to the extent that this Request seeks documents related to

14

experts retained or considered for retention in this litigation or seeks documents not subject to discovery under Rule 26(b)(3).  Plaintiffs object as the burden or expense of the requested discovery outweighs its likely benefit.   Plaintiffs object to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege or protection provided by Colombian law, or documents prepared in anticipation of litigation or for trial.

Subject to and without waiving the foregoing objections, Plaintiffs have conducted a reasonable search, and no documents responsive to this request have been located.

To the extent the request improperly seeks documents related to other counsel, Plaintiffs: (i) have not produced documents in response to document requests, other than the instant request, or subpoenas relating to Payments by, on behalf of, or at the request of other counsel to Paramilitaries in *Drummond Co., Inc. v. Collingsworth*, Case No. 2:11-cv-3695-RDP (N.D. Ala.) and in *Gómez v. Dole Food Co., Inc.*, Case No. BC412620 (Superior Court of the State of California, County of Los Angeles); and (ii) do not have full transcripts of any 12 deposition taken in the *Drummond* and *Gómez* cases in which there is any reference to such Payments.


**REQUEST FOR PRODUCTION NO. 4:**  All Documents regarding the security or safety risk to any Paramilitaries or to their Agents, Relatives, or Associates for participating or testifying in any legal proceeding, including any Documents regarding measures taken by Plaintiffs' Counsel to reduce such risk.

**RESPONSE TO REQUEST NO. 4:**  Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections.  Plaintiffs object on the specific grounds that this Request is unduly burdensome, overly broad, vague, ambiguous, unintelligible, and not

susceptible to reasonable limitation or definition, particularly to the extent the request appears to call for any document, without limitation and including many published studies and reports relating to the security situation in Colombia and/or documenting violence against human rights defenders; "any legal proceeding" is undefined and not limited in any way; and with respect to the definitions of "Relative" and "Plaintiffs' Counsel."  Plaintiffs object to the Request to the extent it seeks information that is publicly available or equally available to Defendants. Plaintiffs will not conduct a search of news reports, public court dockets, or other publicly available materials and will not produce such documents.  Plaintiffs object to the Request to the extent it is not the appropriate device for discovery of the requested information and/or seeks information that may be obtained in a less burdensome manner.  Plaintiffs further object that this Request calls for a legal conclusion, requires Plaintiffs to make an inappropriate subjective call as to whether a document is responsive, and requires Plaintiffs to speculate or to characterize documents to determine whether they are responsive.  Plaintiffs object to the extent that this Request seeks documents beyond the scope of discovery permitted by the Court's April 7, 2015 Order, the Federal Rules, Local Rules, or applicable case law, particularly to the extent that this Request seeks documents related to experts retained or considered for retention in this litigation or seeks documents not subject to discovery under Rule 26(b)(3).  Plaintiffs object as the burden or expense of the requested discovery outweighs its likely benefit.   Plaintiffs object to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege or protection provided by Colombian law, or documents prepared in anticipation of litigation or for trial.

Subject to and without waiving the foregoing objections, Plaintiffs have conducted a reasonable search, and no responsive documents were located.


**REQUEST FOR PRODUCTION NO. 5:** All Communications or Agreements, including but not limited to any agreement concerning the sharing of legal fees or conferring any financial interest in any legal matter, between Plaintiffs' Counsel and a Paramilitary or any Agent, Relative, or Associate of a Paramilitary.

**RESPONSE TO REQUEST No. 5:** Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections. Plaintiffs object on the specific grounds that this Request is unduly burdensome, overly broad, vague, ambiguous, unintelligible, and not susceptible to reasonable limitation or definition, particularly to the extent the requests seeks "all communications or agreements" without any limitation whatsoever as to their subject matter; and with respect to the definitions of "relative," "associate," and "Plaintiffs' Counsel." Plaintiffs further object that this Request calls for a legal conclusion, requires Plaintiffs to make an inappropriate subjective call as to whether a document is responsive, and requires Plaintiffs to speculate or to characterize documents to determine whether they are responsive. Plaintiffs object that this Request is beyond the scope of discovery under the Federal Rules, Local Rules, or applicable case law, particularly insofar as this Request seeks documents that are not relevant to the scope of discovery authorized by this Court in its order of April 7, 2015. Plaintiffs object as the burden or expense of the requested discovery outweighs its likely benefit. Plaintiffs object to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege

or protection provided by Colombian law, or documents prepared in anticipation of litigation or for trial.

Subject to and without waiving the foregoing objections, Plaintiffs have conducted a reasonable search for Communications or Agreements concerning "(non-expert) witness payments, gifts or benefits in this case," *see* April 7, 2015 Order at 12, Dkt. 759, including the sharing of legal fees or conferring any financial interest, between Plaintiffs' Counsel and a Paramilitary or any Agent, Relative, or Associate of a Paramilitary (to the extent such a relationship is known), and no responsive documents were located.

Although Plaintiffs object to the remainder of this Request as beyond the scope of discovery permitted, Plaintiffs would be willing to agree to a reciprocal production of any Communications or Agreements between counsel and the individuals whose preservation depositions are authorized by this Court, to the extent any such documents can be located after a reasonable search. Otherwise, Plaintiffs stand on their objections as the Request for one sided merits discovery is plainly beyond the scope of this Court's April 7, 2015 order.


**REQUEST FOR PRODUCTION NO. 6:** The memorandum dated July 2, 2008, from Terrence Collingsworth regarding José Gregorio Mangones Lugo that was described by William J. Wichman as "a script of questions and answers" during a May 2, 2014, hearing in the action captioned Conrad & Scherer, LLP v. Wichman, Case No. 09-011600, in the Circuit Court of the 17th Judicial Circuit in Broward County, Florida.

**RESPONSE TO REQUEST NO. 6:** Plaintiffs are unfamiliar with the document described, have not seen it, and do not have it in their possession, custody or control. Plaintiffs object to the

Request to the extent it is not the appropriate device for discovery of the requested information and/or seeks information in a manner that may be obtained in a less burdensome manner.

**REQUEST FOR PRODUCTION NO. 7:** All testimony or statements by José Gregorio Mangones Lugo, Freddy Rendón Herrera, and Jesús Ignacio Roldán Pérez. This Request includes without limitation transcripts or summaries of their testimony in "Justice and Peace" proceedings.

**RESPONSE TO REQUEST NO. 7:** Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections. Plaintiffs object on the specific grounds that this Request is unduly burdensome, overly broad, vague and ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and not susceptible to reasonable limitation or definition, particularly to the extent the requests seeks "all" testimony, statements, transcripts, or summaries without any limitation. Plaintiffs object that this Request is beyond the scope of discovery under the Federal Rules, Local Rules, or applicable case law, particularly insofar as this Request seeks documents that are not relevant to the scope of discovery authorized by this Court in its order of April 7, 2015. Plaintiffs object as the burden or expense of the requested discovery outweighs its likely benefit. Plaintiffs object to the Request to the extent it seeks information that is publicly available or equally available to Defendants and to the extent that it seeks to have Plaintiffs' research made available for Defendants' benefit. Plaintiffs object to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege or protection provided by Colombian law, or documents prepared in anticipation of litigation or for trial, particularly to the extent it calls for "summaries" prepared by or for counsel.

Subject to and without waiving the foregoing objections, Plaintiffs have conducted a reasonable search for testimony or statements by José Gregorio Mangones Lugo, Freddy Rendón Herrera, and Jesús Ignacio Roldán Pérez concerning "(non-expert) witness payments, gifts or benefits in this case," *see* April 7, 2015 Order at 12, Dkt. 759, and no responsive documents were located.

**REQUEST FOR PRODUCTION NO. 8:** All Documents reflecting testimony or statements by any other Paramilitary relating to Chiquita or its Colombian subsidiaries (current or former).

**RESPONSE TO REQUEST NO. 8:** Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections. Plaintiffs object on the specific grounds that this Request is unduly burdensome, overly broad, vague and ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and not susceptible to reasonable limitation or definition, particularly to the extent the requests seeks "all" testimony or statements by "any" Paramilitary whether or not related to the subject matter of this litigation. Plaintiffs object that this Request is beyond the scope of discovery under the Federal Rules, Local Rules, or applicable case law, particularly insofar as this Request seeks documents that are not relevant to the scope of discovery authorized by this Court in its order of April 7, 2015. Plaintiffs object as the burden or expense of the requested discovery outweighs its likely benefit. Plaintiffs object to the Request to the extent it seeks information that is publicly available or equally available to Defendants and to the extent that it seeks to have Plaintiffs' research made available for Defendants' benefit. Plaintiffs object to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege,

including any applicable privilege or protection provided by Colombian law, or documents prepared in anticipation of litigation or for trial.


**REQUEST FOR PRODUCTION NO. 9:** All documents that Plaintiffs' Counsel or anyone acting on behalf of or at the request of Plaintiffs' Counsel, provided to, showed to, or received from any Paramilitary or any Paramilitary's Agent, Relative or Associate.

**RESPONSE TO REQUEST NO. 9:** Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections.  Plaintiffs object on the specific grounds that this Request is unduly burdensome, overly broad, vague and ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and not susceptible to reasonable limitation or definition, particularly to the extent the requests seeks "all" documents provided to, showed to, or received from "any" Paramilitary, agent, relative, or associate, whether or not related to the subject matter of this litigation; and with respect to the definitions of "Agent," "Relative," "Associate," and "Plaintiffs' Counsel."  Plaintiffs object that this Request is beyond the scope of discovery under the Federal Rules, Local Rules, or applicable case law, particularly insofar as this Request seeks documents that are not relevant to the scope of discovery authorized by this Court in its order of April 7, 2015.  Plaintiffs object as the burden or expense of the requested discovery outweighs its likely benefit.  Plaintiffs object to the Request to the extent it seeks information that is publicly available or equally available to Defendants.   Plaintiffs object to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege or protection provided by Colombian law, or documents prepared in anticipation of litigation or for trial.

21

Although Plaintiffs object to the remainder of the Request as beyond the scope of permitted discovery, Plaintiffs would be willing to agree to a reciprocal production of any documents that Plaintiffs' counsel provided to, showed to, or received from any individual whose preservation deposition was authorized by this Court, to the extent any such documents can be located after a reasonable search. Otherwise, Plaintiffs stand on their objections as the Request for one sided merits discovery is plainly beyond the scope of this Court's April 7, 2015 order.

**REQUEST FOR PRODUCTION NO. 10:**  All documents relied upon in responding to Chiquita's Interrogatories served concurrently with these Requests for Production.

**RESPONSE TO REQUEST NO. 10:**  Plaintiffs object to this Request as it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege or protection provided by Colombian law, or documents prepared in anticipation of litigation or for trial.  Plaintiffs further object that this Request is unduly burdensome and overly broad, particularly insofar as this Request seeks documents that are not relevant to the scope of discovery authorized by this Court in its order of April 7, 2015.

Dated: April 22, 2015                          Respectfully submitted,


                                                /s/ Marco Simons
                                                Marco Simons
                                                Richard Herz
                                                **EarthRights International**
                                                1612 K Street N.W., Suite 401
                                                Washington, D.C. 20006
                                                Tel: 202-466-5188

Fax: 202-466-5189

John DeLeon, FL Bar No. 650390
jdeleon@chavez-deleon.com
**Law Offices of Chavez-DeLeon**
5975 Sunset Drive, Suite 605
South Miami, FL 33143
Tel: 305-740-5347
Fax: 305-740-5348

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600
Fax: 202-408-4634

Paul L. Hoffman
**Schonbrun, Desimone, Seplow,
 Harris & Hoffman LLP**
723 Ocean Front Walk
Venice, CA 90291
Tel: 310-396-0731
Fax: 310-399-7040

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-365-7260

*Counsel for John Doe I Plaintiffs*