**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 08-01916-MD-MARRA/JOHNSON**

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:
ATS ACTIONS
_____/

NO. 08-80421-cv-MARRA/JOHNSON
JOHN DOE 1 *et al.*,
          v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al*
_____/


**OBJECTIONS AND RESPONSES OF PLAINTIFFS JOHN DOE I *ET AL.* TO**
**DEFENDANTS' SPECIAL INTERROGATORIES TO ATS PLAINTIFFS**


Pursuant to the Court's April 7, 2015 Order, Dkt. 759, and the Federal Rules of Civil

Procedure, Plaintiffs John Doe I *et al*., by and through their undersigned counsel, respond to

Defendants Chiquita Brands International, Inc. and Chiquita Fresh North America LLC's Special

Interrogatories to ATS Plaintiffs.

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Plaintiffs respond to these Interrogatories only on behalf of the Plaintiffs and their

counsel in *John Doe I v. Chiquita*, No. 08-cv-80421 (the New Jersey case).  Defendants have

served these Interrogatories on Plaintiffs and their counsel in several different actions, and

Plaintiffs understand that the plaintiffs and counsel in those other actions will be responding

separately on their own behalf.

All responses contained herein are based only upon information presently available and specifically known to Plaintiffs.  Plaintiffs reserve the right to supplement these responses prior to or at the close of discovery.  Plaintiffs reserve the right to object on any ground to the use of any responses to the Interrogatories at any stage of these proceedings or in any other proceedings.  In responding to the Interrogatories, Plaintiffs do not in any way waive or intend to waive any privilege or objection, but rather intend to preserve and are preserving the following:

- All objections as to the relevancy, materiality, and admissibility of any responses;
- All objections as to vagueness, ambiguity, or other infirmity in the form of the Interrogatories and any objections based on the undue burden imposed by the Interrogatories and each individual Interrogatory contained therein;
- All rights to object on any ground to the use of any of the responses in any subsequent proceedings, including the hearing of this or any other action;
- All rights to object on any ground to any further Interrogatories or other discovery Requests involving or related to the subject matter of the Interrogatories;
- The right to revise, correct, supplement, or clarify responses or objections to the Interrogatories prior to trial; and
- Any and all privileges and/or rights under the applicable rule(s) of the Federal Rules of Civil Procedure or any statutes, guidelines, common law, or other applicable law, including Colombian law.

Plaintiffs generally object to the Interrogatories (including the Instructions and Definitions) on the following grounds, each of which is incorporated by reference in the responses and objections to the individual Interrogatories below.  All responses set forth herein are subject to and without waiver of any of these General Objections:

1.      Plaintiffs object to the Interrogatories to the extent they purport to impose any obligations upon Plaintiffs that are greater than or different from Plaintiffs' obligations under the Federal Rules, the Local Rules, or applicable case law.  In responding to these Interrogatories, Plaintiffs will comply with the requirements of the Federal Rules, Local Rules, and applicable case law.

2

2.      Plaintiffs object to the Interrogatories to the extent they call for information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and/or any other constitutional, statutory, common law or other applicable privilege or protection, including any privilege or protection under Colombian law.  In responding to these Interrogatories, Plaintiffs will not divulge protected or privileged information, and in particular will not search for and reveal protected or privileged information from their or their attorneys' litigation files relating or referring to this case, including documents, communications, or content prepared or undertaken in anticipation of litigation or for trial.

3.      Plaintiffs object to the Interrogatories to the extent they exceed the scope of discovery authorized by the Court's April 7, 2015 Order, Dkt. 759, permitting discovery "of (non-expert) witness payments, gifts or benefits in this case").  Order at 12, Dkt. 759.

4.      Plaintiffs object to the Interrogatories to the extent they seek information that is not in Plaintiffs' possession, custody, or control.

5.      Plaintiffs object to the Interrogatories to the extent they seek information that is publicly available or equally available to Defendants.  Plaintiffs assume no obligation to produce such information, including information in documents that have been publicly filed in any court docket.

6.      Plaintiffs object to the Interrogatories to the extent they are duplicative.

7.      Plaintiffs object the Interrogatories to the extent they call for or assume any legal reasoning or a legal conclusion or require Plaintiffs to make an inappropriate subjective judgment call as to whether information is responsive.

3

8.      Plaintiffs object to the Interrogatories to the extent it is not the appropriate device for discovery of the requested information and/or seeks information in a manner that may be obtained in a manner less burdensome than the current Interrogatories.

9.      Plaintiffs' decision to respond to these Interrogatories should not and shall not be construed as:  (a) an admission that the information is relevant; (b) a waiver of any of Plaintiffs' general objections or objections asserted in response to a specific Interrogatory; or (c) an agreement that a request for similar information in this or any other related proceeding will be treated in a similar manner.

10.     Plaintiffs specifically reserve all objections or other issues with respect to any question as to competency, relevance, materiality, privilege, or admissibility of any evidence for trial.

11.     Plaintiffs reserve the right to object on any ground to the use of any responses to the Interrogatories at any stage of these proceedings or in any other proceedings.  The failure to object on a particular ground or grounds shall not be construed as a waiver of Plaintiffs' right to object on any additional grounds.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS

1.      Plaintiffs object to Instruction No. 1 as overly broad, unduly burdensome, vague and ambiguous, calling for a legal conclusion, not reasonably calculated to lead to the discovery of admissible evidence, not susceptible to any reasonable limitation or construction, beyond the scope of the Court's April 7, 2015 Order, Dkt. 759, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly insofar as it purports to impose any continuing obligation on Plaintiffs' and their counsel to supplement their

responses, as supplementation is beyond the scope of the Court's April 7, 2015 Order, which only authorizes limited discovery "before the paramilitary witnesses are deposed in this case," April 7, 2015 Order at 12, Dkt. 759. Plaintiffs and Plaintiffs' Counsel have not paid and will not make payments to paramilitaries or their agents, relatives, or associates, and the burden and expense of supplementing responses to discovery requests, including creating privilege logs, substantially outweighs the benefit of such discovery.

2.      Plaintiffs object to Instruction No. 2 as overly broad, unduly burdensome, calling for a legal conclusion, not susceptible to any reasonable limitation or construction, beyond the scope of the Court's April 7, 2015 Order, Dkt. 759, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly insofar as it purports to require Plaintiffs' counsel in this action, *John Doe I v. Chiquita*, No. 08-cv-80421 (the New Jersey case) to provide information on behalf of counsel in other actions; to include "all" information, including privileged communications and communications protected by the work product doctrine or other applicable privilege or protection; and to require Plaintiffs and Plaintiffs' Counsel to seek out information from any person acting on their behalf for any purpose whatsoever.

3.      Plaintiffs object to Instruction No. 3 to the extent it purports to impose any obligations that are greater than or different from Plaintiffs' obligations under the Federal Rules, the Local Rules, or applicable case law. For any information withheld on the basis of any applicable privilege or protection, Plaintiffs will describe the privilege or privileges asserted and the basis for applying such privileges to the information consistent with their obligations under the Federal Rules.

**SPECIFIC OBJECTIONS TO DEFINITIONS**

1.      Plaintiffs object to the definition of "agent" as overly broad, unduly burdensome, calling for a legal conclusion, not susceptible to any reasonable limitation or construction, beyond the scope of the Court's April 7, 2015 Order, Dkt. 759, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly insofar as it is not limited to this litigation.  For example, unless so limited the definition appears to include Plaintiffs' elected political representatives and any person acting on Plaintiffs' behalf for any purpose whatsoever.

2.      Plaintiffs object to the definition of "associates" as overly broad, unduly burdensome, vague and ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, not susceptible to any reasonable limitation or construction, beyond the scope of the Court's April 7, 2015 Order, Dkt. 759, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly insofar as it purports to include persons with whom a witness or a Plaintiffs has had only passing contact, such as acquaintances, neighbors, and "contacts," and insofar as it purports to include each and every friend, acquaintance, neighbor, and contact of a witness, a Plaintiff or their counsel, which is an unknowable number of people altogether.

3.      Plaintiffs object to the term "Chiquita Litigation" as overly broad, unduly burdensome, not susceptible to any reasonable limitation or construction, beyond the scope of the Court's April 7, 2015 Order, Dkt. 759, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, to the extent it includes any cases other than those in this Multidistrict Litigation, including *John Doe I v. Chiquita Brands Int'l, Inc.*, No.08-cv-80421 (the New Jersey case); *Does 1-888 v. Chiquita Brands Int'l, Inc.*, No. 08-cv-80480; *Jose Leonardo Lopez Valencia v. Chiquita Brands Int'l, Inc.*, No. 08-cv-80508; *Does (1-144) v.*

*Chiquita Brands Int'l, Inc.*, No. 9:08-cv-80465; *Antonio Gonzalez Carrizosa v. Chiquita Brands Int'l, Inc.*, No. 07-cv-60821; *Angela Maria Henao Montes v. Chiquita Brands Int'l, Inc.*, No. 10-cv-60573. Plaintiffs further object to the extent the term includes any "contemplated" lawsuit as overly broad, unduly burdensome, not susceptible to any reasonable limitation or construction, and vague and ambiguous.

4.     Plaintiffs object to the term "document" to the extent the definition exceeds the Federal Rules of Civil Procedure, and particularly insofar as it purports to include "all" documents, including privileged communications and attorney work-product and drafts thereof, as well as electric, electronic, magnetic, mechanical and optical records or representations and electronically stored information without regard to whether such information is accessible.

5.     Plaintiffs object to the term "payment" as overly broad, unduly burdensome, vague and ambiguous, calling for a legal conclusion, not susceptible to any reasonable limitation or construction, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly to the extent that the term "payment" is defined to include a "communication" or a "suggestion."

6.     Plaintiffs object to the term "Plaintiff" as overly broad, unduly burdensome, vague and ambiguous, calling for a legal conclusion, not susceptible to any reasonable limitation or construction, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly to the extent it purports to include unnamed class members or Plaintiffs in other actions who are represented by other counsel, including individuals who are not included in any complaint,  who are proceeding anonymously and/or are unknown to the Counsel in this case.  In responding to these Interrogatories, Plaintiffs will use the term

"Plaintiff" to mean only Plaintiffs in this action, *John Doe I v. Chiquita*, No. 08-cv-80421 (the New Jersey case) and will respond only on their own behalf.

7.       Plaintiffs object to the term "Plaintiffs' Counsel" as overly broad, unduly burdensome, vague and ambiguous, calling for a legal conclusion, not susceptible to any reasonable limitation or construction, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly insofar as it purports to include counsel in other actions (including "cooperating or collaborating counsel") and any individuals acting on their behalf.  In responding to these Interrogatories, Plaintiffs will use the term "Plaintiffs' Counsel" to mean only the counsel who represent or have represented Plaintiffs in this action, *John Doe I v. Chiquita Brands Int'l, Inc.*, No. 08-cv-08421 (the New Jersey case).

8.       Plaintiffs object to the term "relative" as overly broad, unduly burdensome, vague and ambiguous, calling for a legal conclusion, not reasonably calculated to lead to the discovery of admissible evidence, not susceptible to any reasonable limitation or construction, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly to the extent that the definition purports to include individuals who are no longer in a relationship, such as ex-spouses, ex-girlfriends, ex-boyfriends, ex-paramours, ex-common law husbands, and ex-common law wives; distant blood relatives without any limitation; individuals related through marriage or common law union without any limitation; as well as any person who resides or once resided in the household of any such person or any "relative."  In responding to these Interrogatories, Plaintiffs will define "relative" to include spouses, parents, grandparents, children, dependents, siblings, aunts, uncles, first cousins, paramours, common law husbands and wives, and girlfriends or boyfriends.

9.      Plaintiffs object to the term "witness" as overly broad, unduly burdensome, vague and ambiguous, calling for a legal conclusion, not reasonably calculated to lead to the discovery of admissible evidence, not susceptible to any reasonable limitation or construction, beyond the scope of the Court's April 7, 2015 Order, Dkt. 759, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly insofar as it fails to identify any Paramilitary by name and could be interpreted to include a person whether or not counsel in this action have any knowledge of that person's identity, conduct, statements, or testimony and to the extent and it includes any expert witness.  See Dkt 759 at 12 (permitting discovery "of (non-expert) witness payments, gifts or benefits in this case").  Plaintiffs will interpret "Witness" to mean the individuals whose preservation depositions were authorized by this Court's April 7, 2015 Order as well as individuals who counsel know are a potential or actual witness in this litigation.

## RESPONSES AND OBJECTIONS TO SPECIAL INTERROGATORIES

**INTERROGATORY NO. 1:**  For each Payment made by, on behalf of, or at the request of any Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness, identify the date of the Payment, the nature of the Payment and its amount or value, the source of the Payment, the payor, the recipient, the method by which it was paid, its purpose, and, where applicable, the Witness of whom the beneficiary of the payment is or was an Agent, Relative, or Associate.

**RESPONSE TO INTERROGATORY NO. 1:** Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections.  Plaintiffs object on the specific grounds that this Interrogatory is unduly burdensome, overly broad, vague, ambiguous, unintelligible, and not susceptible to reasonable limitation or definition, particularly with respect to the definitions of "relative," "payment," "associate," and "Plaintiffs' Counsel."  Plaintiffs further object that this Interrogatory calls for a legal conclusion, requires Plaintiffs to make an inappropriate subjective call as to whether offered information responsive, and requires Plaintiffs to speculate or to characterize information to determine whether it is responsive.  Plaintiffs object to the extent that this Interrogatory seeks information beyond the scope of discovery permitted by the Court's April 7, 2015 Order, the Federal Rules, Local Rules, or applicable case law, particularly to the extent that this Interrogatory seeks information related to experts retained or considered for retention in this litigation or seeks information not subject to discovery under Rule 26(b)(3). Plaintiffs object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege or protection provided by Colombian law.

Counsel for a party may cover reasonable and permissible expenses to enable the participation of witnesses at deposition or trial.  *See, e.g.*, Comment to D.C. Rule of Professional Conduct 3.4 (counsel may "pay a witness's expenses" or "compensate a witness for loss of time in preparing to testify, in attending, or in testifying"); Florida Rule of Professional Conduct 4-3.4(b) ("a lawyer may pay a witness reasonable expenses incurred by the witness in attending or testifying at proceedings . . . and reasonable compensation to a witness for time spent preparing for, attending, or testifying at proceedings"); 18 U.S.C. § 201(d) (permitting payment to witnesses "of the reasonable cost of travel and subsistence incurred and the reasonable value of

time lost in attendance at any such trial, hearing, or proceeding"); *Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 4279421, at *4 (S.D.N.Y. Dec. 1, 2009).  Plaintiffs do not interpret the payment or reimbursement of such expenses to be called for by this Interrogatory.  Nor will Plaintiffs provide information regarding *de minimis* expenses, such as taxi fares, lunch, or cups of coffee, provided to witnesses or potential witnesses in the future.  Plaintiffs object as the burden or expense of presenting the requested information outweighs its likely benefit.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: No payment has been made by, on behalf of, or at the request of any Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness (to the extent such a relationship is known to Plaintiffs' Counsel).

**INTERROGATORY NO. 2:** For each Payment offered or requested to be made by or on behalf of any Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness, identify the Payment offered or requested, the person who made the offer or request, the person to whom the offer or request was made, the date of the offer or request, how the offer or request was communicated, the purpose of the offered or requested Payment, and, where applicable, the Witness of whom the person who made or received the offer or request is or was an Agent, Relative, or Associate.

**RESPONSE TO INTERROGATORY NO. 2:** Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections.  Plaintiffs object on the specific grounds that this Interrogatory is unduly burdensome, overly broad, vague, ambiguous, unintelligible, and not susceptible to reasonable limitation or definition, particularly with respect to the definitions of

"relative," "associate," "payment" and "Plaintiffs' Counsel." Plaintiffs further object that this Interrogatory calls for a legal conclusion. Plaintiffs object to the extent that this Interrogatory seeks information beyond the scope of discovery permitted by the Court's April 7, 2015 Order, the Federal Rules, Local Rules, or applicable case law, particularly to the extent that this Interrogatory seeks information related to experts retained or considered for retention in this litigation or seeks information not subject to discovery under Rule 26(b)(3). Plaintiffs object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege or protection provided by Colombian law.

Counsel for a party may cover reasonable and permissible expenses to enable the participation of witnesses at deposition or trial. *See, e.g.*, Comment to D.C. Rule of Professional Conduct 3.4 (counsel may "pay a witness's expenses" or "compensate a witness for loss of time in preparing to testify, in attending, or in testifying"); Florida Rule of Professional Conduct 4-3.4(b) ("a lawyer may pay a witness reasonable expenses incurred by the witness in attending or testifying at proceedings . . . and reasonable compensation to a witness for time spent preparing for, attending, or testifying at proceedings"); 18 U.S.C. § 201(d) (permitting payment to witnesses "of the reasonable cost of travel and subsistence incurred and the reasonable value of time lost in attendance at any such trial, hearing, or proceeding"); *Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 4279421, at *4 (S.D.N.Y. Dec. 1, 2009). Plaintiffs do not interpret the payment or reimbursement of such expenses to be called for by this Request. Nor will Plaintiffs provide information regarding *de minimis* expenses, such as taxi fares, lunch, or cups of coffee, provided to witnesses or potential witnesses in the future. Plaintiffs object as the burden or expense of presenting the requested information outweighs its likely benefit.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: No Payment has been offered or requested to be made by or on behalf of any Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness (to the extent such a relationship is known to Plaintiffs' Counsel).

**INTERROGATORY NO. 3:** Describe any efforts Plaintiffs' Counsel have undertaken to reduce any risk to the security or safety of a Paramilitary or to the Agents, Relatives, or Associates of such Paramilitary.

**RESPONSE TO INTERROGATORY NO. 3:** Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections. Plaintiffs object on the specific grounds that this Interrogatory is unduly burdensome, overly broad, vague, ambiguous, unintelligible, and not susceptible to reasonable limitation or definition, particularly with respect to the definitions of "relative," "associate," and "Plaintiffs' Counsel." Plaintiffs object to the Interrogatory to the extent it is not the appropriate device for discovery of the requested information and/or seeks information that may be obtained in a less burdensome manner. Plaintiffs further object that this Interrogatory calls for a legal conclusion. Plaintiffs object to the extent that this Interrogatory seeks information beyond the scope of discovery permitted by the Court's April 7, 2015 Order, the Federal Rules, Local Rules, or applicable case law, particularly to the extent that this Interrogatory seeks information not subject to discovery under Rule 26(b)(3). Plaintiffs object as the burden or expense of presenting the requested information outweighs its likely benefit. Plaintiffs object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other

applicable privilege, including any applicable privilege or protection provided by Colombian law.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs' Counsel have not undertaken any efforts to reduce any risk to the security or safety of a Paramilitary or to the Agents, Relatives, or Associates of such Paramilitary (to the extent such a relationship is known to Plaintiffs' Counsel).

**INTERROGATORY NO. 4:** Identify each Communication between Plaintiffs' Counsel and a Paramilitary or Agent, Relative, or Associate of a Paramilitary, including the participants, form, date, location (if the Communication was in person), and content of such Communication. For each Communication that took place in a Colombian prison, Identify the specific prison(s) in which the Communication took place and how Plaintiffs' Counsel described or represented their relationship with the Paramilitary, or the Agent, Relative, or Associate of the Paramilitary, to prison authorities (e.g., as a friend, etc.).

**RESPONSE TO INTERROGATORY NO. 4:** Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections. Plaintiffs object on the specific grounds that this Interrogatory is unduly burdensome, overly broad, vague, ambiguous, unintelligible, and not susceptible to reasonable limitation or definition, particularly with respect to the definitions of "relative," "associate," and "Plaintiffs' Counsel." Plaintiffs object to the Interrogatory to the extent it is not the appropriate device for discovery of the requested information and/or seeks information that may be obtained in a less burdensome manner.

Plaintiffs further object that this Interrogatory calls for a legal conclusion.  Plaintiffs object to the extent that this Interrogatory seeks information beyond the scope of discovery permitted by the Court's April 7, 2015 Order, the Federal Rules, Local Rules, or applicable case law, particularly to the extent that this Interrogatory seeks information related to experts retained or considered for retention in this litigation; seeks information not subject to discovery under Rule 26(b)(3); or seeks information about communications not related to "the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case," Order 12, Dkt 759.  Plaintiffs object as the burden or expense of presenting the requested information outweighs its likely benefit.  Plaintiffs object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege or protection provided by Colombian law.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs' Counsel has not had any Communication related to "the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case," Order at 12, Dkt. 759, with a Paramilitary or Agent, Relative, or Associate of a Paramilitary (to the extent such a relationship is known to Plaintiffs' Counsel).

**INTERROGATORY NO. 5:**  Identify each Plaintiffs' Counsel who is or was a Paramilitary or an Agent, Relative, or Associate of a Paramilitary, the date on which such person became Plaintiffs' Counsel, the terms of their engagement as Plaintiffs' Counsel, and where applicable the Paramilitary of whom such person is or was an Agent, Relative, or Associate.

**RESPONSE TO INTERROGATORY NO. 5:**  Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections.  Plaintiffs object on the specific grounds that this Interrogatory is unduly burdensome, overly broad, vague, ambiguous, unintelligible, and not susceptible to reasonable limitation or definition, particularly with respect to the definitions of "relative," "associate,"  and "Plaintiffs' Counsel."  Plaintiffs further object that this Interrogatory calls for a legal conclusion.  Plaintiffs object to the extent that this Interrogatory seeks information beyond the scope of discovery permitted by the Court's April 7, 2015 Order, the Federal Rules, Local Rules, or applicable case law, particularly to the extent that this Interrogatory seeks information not related to "the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case," Order at 12, Dkt 759; or not subject to discovery under Rule 26(b)(3).  Plaintiffs object as the burden or expense of presenting the requested information outweighs its likely benefit.   Plaintiffs object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege or protection provided by Colombian law.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: No Plaintiffs' Counsel is or was a Paramilitary or an Agent, Relative, or Associate of a Paramilitary (to the extent such a relationship is known).


**INTERROGATORY NO. 6:**  For each Person who has a direct financial interest or stake in the outcome of the Chiquita Litigation other than Plaintiffs and the law firms that have entered appearances in the ATS Actions, describe the nature and amount of such financial interest or stake.

**RESPONSE TO INTERROGATORY NO. 6:**  Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections.  Plaintiffs object on the specific grounds that this Interrogatory is unduly burdensome, overly broad, vague, ambiguous, unintelligible, and not susceptible to reasonable limitation or definition, particularly to the extent that it fails to properly define "stake."  Plaintiffs object on the specific grounds that this Interrogatory is beyond the scope of discovery permitted by the Court's April 7, 2015 Order, the Federal Rules, Local Rules, or applicable case law, particularly insofar as this Interrogatory seeks information that is not related to "the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case," Order at 12, Dkt 759.  Plaintiffs object as the burden or expense of presenting the requested information outweighs its likely benefit.  Plaintiffs object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or other applicable privilege, including any applicable privilege or protection provided by Colombian law.

Subject to and without waiving the foregoing objections, other than Plaintiffs and Plaintiffs' Counsel (whether or not a formal appearance was entered), Plaintiffs' Counsel are unaware of any Person who has a direct financial interest or stake in the outcome of the Chiquita Litigation.

**INTERROGATORY NO. 7:**  Identify each Agent, Relative, or Associate of any Paramilitary with whom Plaintiffs' Counsel have had any agreement, the nature and terms of the Agreement, and the Paramilitary of whom such person is or was an Agent, Relative, or Associate.

**RESPONSE TO INTERROGATORY NO. 7:**  Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections.  Plaintiffs object on the specific grounds that this Interrogatory is unduly burdensome, overly broad, vague, ambiguous, unintelligible, and not susceptible to reasonable limitation or definition, particularly with respect to the definitions of "relative" and "associate"; the Interrogatory fails to properly define the term "agreement"; and the term "any agreement" applies to agreements made that were unrelated to the subject matter of this litigation.  Plaintiffs object to the extent that this Interrogatory seeks information beyond the scope of discovery permitted by the Court's April 7, 2015 Order, the Federal Rules, Local Rules, or applicable case law, particularly to the extent that this Interrogatory seeks information not related to "the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case," Order at 12, Dkt 759; or not subject to discovery under Rule 26(b)(3).  Plaintiffs object as the burden or expense of presenting the requested information outweighs its likely benefit.   Plaintiffs object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege or protection provided by Colombian law.

Subject to and without waiving the foregoing objections, Plaintiffs' Counsel do not have any agreement related to "the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case," Order at 12, Dkt 759, with a Paramilitary or an Agent, Relative, or Associate of a Paramilitary (to the extent such a relationship is known).

**INTERROGATORY NO. 8:** Identify each Paramilitary to whom Plaintiffs' Counsel have made

available or from whom Plaintiffs' Counsel have received any Document.


**RESPONSE TO INTERROGATORY NO. 8:**  Plaintiffs incorporate by reference the

foregoing General and Specific Responses and Objections.  Plaintiffs object on the specific

grounds that this Interrogatory is unduly burdensome, overly broad, vague and ambiguous, not

reasonably calculated to lead to the discovery of admissible evidence, and not susceptible to

reasonable limitation or definition, particularly to the extent the Interrogatory  seeks information

pertaining to "any" documents provided to, showed to, or received from *any* Paramilitary, agent,

relative, or associate, whether or not the individual is related to the subject matter of this

litigation.  Plaintiffs object that this Interrogatory is beyond the scope of discovery permitted by

the Court's April 7, 2015 Order, the Federal Rules, Local Rules, or applicable case law,

particularly insofar as this Interrogatory seeks information not related to "the issue of (non-

expert) witness payments, gifts or benefits of any kind or nature in this case," Order at 12, Dkt

759.  Plaintiffs object to the Interrogatory to the extent it seeks information that is contained in

documents or other content that are publicly available or equally available to Defendants.

Plaintiffs object as the burden or expense of presenting the requested information outweighs its

likely benefit.   Plaintiffs object to this Interrogatory to the extent it seeks information protected

by the attorney-client privilege, attorney work product doctrine, or other applicable privilege,

including any applicable privilege or protection provided by Colombian law.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs' Counsel have not provided documents related to "the issue of (non-expert) witness

payments, gifts or benefits of any kind or nature in this case," Order at 12, Dkt 759, to any

Paramilitary or an Agent, Relative, or Associate of a Paramilitary (to the extent such a relationship is known) or received any such documents from Paramilitary or an Agent, Relative, or Associate of a Paramilitary (to the extent such a relationship is known).

**INTERROGATORY NO. 9:**  Describe how Plaintiffs' Counsel were or are "actively seeking the voluntary cooperation" or "pursuing the consent" of Jesús Ignacio Roldán Pérez, José Gregorio Mangones Lugo, or Freddy Rendón Herrera "to be deposed." (See D.E. 688, at 7, 8 n.2; D.E. 688-1, at 3.)

**RESPONSE TO INTERROGATORY NO. 9:**  Plaintiffs incorporate by reference the foregoing General and Specific Responses and Objections.  Plaintiffs object on specific grounds that this Interrogatory is beyond the scope of discovery permitted by the Court's April 7, 2015 Order, the Federal Rules, Local Rules, or applicable case law, particularly insofar as this Interrogatory seeks information not related to "the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case," Order at 12, Dkt 759.  Plaintiffs object as the burden or expense of presenting the requested information outweighs its likely benefit.  Plaintiffs object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege or protection provided by Colombian law.

Subject to and without waiving the foregoing objections, Plaintiffs' Counsel's efforts to seek the voluntary cooperation of Roldán Pérez, Rendón Herrera, and Mangones Lugo to be deposed have been limited to the following: 1) making inquiries with Colombian human rights

organizations about how the three witnesses could be contacted; 2) searching the U.S. State

Department's website for information on lawyers and experts in Colombia who can be engaged

to assist with depositions; and 3) inquiring of counsel in the Chiquita Litigation about the process

for and advice regarding the use of letters rogatory; Plaintiffs' Counsel have not sought or

received any other  assistance from counsel in the Chiquita Litigation.



**INTERROGATORY NO. 10:** Identify every legal proceeding or investigation in which the

issue of Payments to Paramilitaries by Plaintiff's Counsel has been the subject of any inquiry,

discovery request, order, or filing.



**RESPONSE TO INTERROGATORY NO. 10:**  Plaintiffs incorporate by reference the

foregoing General and Specific Responses and Objections.  Plaintiffs object on the specific

grounds that this Interrogatory is unduly burdensome, overly broad, vague and ambiguous, not

reasonably calculated to lead to the discovery of admissible evidence, and not susceptible to

reasonable limitation or definition, particularly to the extent investigation, inquiry and filing are

not defined.  Plaintiffs object that this Interrogatory is beyond the scope of discovery permitted

by the Court's April 7, 2015 Order, the Federal Rules, Local Rules, or applicable case law,

particularly insofar as this Interrogatory seeks information not related to "the issue of (non-

expert) witness payments, gifts or benefits of any kind or nature ***in this case***," Order at 12, Dkt

759 (emphasis added).  Plaintiffs object as the burden or expense of presenting the requested

information outweighs its likely benefit.  Plaintiffs object to the Interrogatory to the extent it

seeks information that is contained in documents or other content that are publicly available or

equally available to Defendants.   Plaintiffs object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, including any applicable privilege or protection provided by Colombian law.

Subject to and without waiving the foregoing objections, other than the discovery requests served by Chiquita on April 17, 2015, the issue of Payments to Paramilitaries by Plaintiff's Counsel has not been the subject of any inquiry, discovery request, order, or filing. Plaintiffs' Counsel are aware that allegations have been raised concerning Terry Collingsworth in the Drummond litigation, and that these allegations have been repeated by Defense Counsel in other litigation in which he is counsel to obtain litigation advantage, including in *Doe v. Exxon Mobil Corp.*, Case No. 01-1357.

Dated:  April 22, 2015                              Respectfully submitted,


                                                    /s/ Marco Simons
                                                    Marco Simons
                                                    Richard Herz
                                                    **EarthRights International**
                                                    1612 K Street N.W., Suite 401
                                                    Washington, D.C. 20006
                                                    Tel: 202-466-5188
                                                    Fax: 202-466-5189

                                                    John DeLeon, FL Bar No. 650390
                                                    jdeleon@chavez-deleon.com
                                                    **Law Offices of Chavez-DeLeon**
                                                    5975 Sunset Drive, Suite 605
                                                    South Miami, FL 33143
                                                    Tel: 305-740-5347
                                                    Fax: 305-740-5348

                                                    Agnieszka M. Fryszman
                                                    Benjamin D. Brown
                                                    **Cohen Milstein Sellers & Toll PLLC**

1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600
Fax: 202-408-4634

Paul L. Hoffman
**Schonbrun, Desimone, Seplow,**
 **Harris & Hoffman LLP**
723 Ocean Front Walk
Venice, CA 90291
Tel: 310-396-0731
Fax: 310-399-7040

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-365-7260

***Counsel for John Doe I Plaintiffs***