UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION

_____/

This Document Relates To:
ATS ACTIONS

08-80421-CIV-MARRA
08-80465-CIV-MARRA
08-80508-CIV-MARRA
10-60573-CIV-MARRA
08-80480-CIV-MARRA

_____/

**PLAINTIFFS' TIME SENSITIVE MOTION FOR A 45-DAY EXTENSION OF TIME
WITHIN WHICH TO FILE MEMORANDA OF LAW OPPOSING DEFENDANTS'
MOTIONS TO DISMISS, AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE**

Plaintiffs bring this motion to extend the time for filing their Memoranda of Law in

Opposition to Defendants' Motions to Dismiss by 45 days, until June 22, 2015.  Defendants

oppose this motion.  See Declaration of Jonathan Kaufman ¶ 9 ("Kaufman Decl."), attached

hereto.  Due to the time-sensitive nature of this request and the simplicity of the legal issues

raised, Plaintiffs request an expedited briefing schedule, wherein Defendants must oppose within

three (3) days, and Plaintiffs have two (2) days thereafter to reply.[1]

Plaintiffs seek this relatively modest extension to allow Plaintiffs to fully respond to the

hundreds of pages of briefing and expert declarations filed by Defendants. Despite the volume of

Defendants' filings, Plaintiffs originally sought only 60 days to respond, in an effort to resolve

these motions as expeditiously as possible. Despite Plaintiffs' good faith efforts, it is now

_____

[1] This Motion is independent of Plaintiffs' concurrently filed motion for *forum non conveniens* discovery, which
seeks a 120-day suspension of the briefing schedule for the Motions to Dismiss in order for the Plaintiffs to conduct
discovery, and a 45-day period thereafter to submit Plaintiffs' Opposition Memoranda.

apparent that Plaintiffs need additional time to conclude their independent investigations into, and for their experts to complete their responses to Defendants' factual and legal assertions.

## PROCEDURAL HISTORY

The first of the actions in this Multi-District Litigation was filed in 2007, and Defendants first moved to dismiss on February 27, 2009.  Defendants filed a renewed Motion to Dismiss on Plaintiffs' amended complaints on April 9, 2010, D.E. 295, which was granted in part and denied in part on June 3, 2011, D.E. 412.  Defendants first filed a *forum non conveniens* motion on November 5, 2011, four years after the start of proceedings.  This Court certified granted Defendants' Motion for Certification of Interlocutory Appeal on March 27, 2012, D.E. 518.  In September 2012, all Plaintiffs amended their complaints again, *inter alia* naming for the first time individual defendants who had previously been unnamed defendants in earlier versions of the complaints.  *E.g.*, Seventh Am. Compl., *Does 1-888 v. Chiquita Brands Int'l, Inc.* (Sept. 20, 2012), D.E. 557.  S

Subject to this Court's order, all proceedings were stayed in this Court pending resolution of the interlocutory appeal, and Defendants were given 60 days subsequent to the issuance of the mandate from the Eleventh Circuit to file Motions to Dismiss, D.E. 587. This Court then denied the original *forum non conveniens* motion as moot in light of the amended complaints, D.E. 635. The mandate issued on January 6, 2015, D.E. 693.  On February 27, 2015, Plaintiffs' Counsel contacted counsel for the Defendants to request 60 days for Plaintiffs to file their Memoranda of Law in Opposition to Defendants' Motions to Dismiss – the same amount of time as Defendants had submit their Motions to Dismiss.  See Kaufman Declaration ¶ 2.  Defendants consented to that request, and an order was entered by stipulation on March 18, 2015, D.E. 751.  Defendants filed joint and individual Motions to Dismiss on March 9, 2015, totaling 164 pages of briefing

and 1,158 pages of Declarations and attachments, D.E. 731-41.  These Motions to Dismiss include one Motion for the corporate Defendants, which is joined by the individual Defendants and includes extensively updated and enlarged *forum non conveniens* arguments, one Consolidated Motion to Dismiss for the individual Defendants, and separate Motions to Dismiss for each of eight individual Defendants.

On April 13, 2015, counsel for Plaintiffs contacted counsel for the Defendants by e-mail to request Defendants' consent to a 45-day extension for Plaintiffs' opposition. Kaufman Decl. ¶ 3. In a phone conversation on April 15, 2015, Plaintiffs' counsel Jonathan Kaufman explained to counsel for the Defendants that they had raised a number of complex factual matters in their Motions to Dismiss – including those relating to the conduct and outcome of the nearly 2,000 conciliation demands that Chiquita claims have been filed in Colombia against Chiquita – that would require significant factual investigation. Kaufman Decl. ¶ 4.  On April 16, 2015, at Defendants' request, Kaufman represented by e-mail that Plaintiffs' would stipulate that they would not use any discovery obtained pursuant to the Court's order permitting expedited discovery to preserve certain witnesses' testimony in their Opposition brief if Defendants acceded to the extension of time. *Id*. ¶ 5.  The following day, Chiquita submitted discovery requests to all Plaintiffs' counsel in response to the Court's invitation to take limited discovery into allegations that improper payments had been made to paramilitary witnesses.  *Id*. ¶ 5 and Exs. A & B.  As explained *infra*, these requests were significantly broader and more burdensome than the discovery authorized by the Court have already entailed and will entail extensive time and effort on the part of Plaintiffs' Counsel to produce responsive discovery and object to the requests, could require significant effort to litigate any unresolved discovery disputes in the coming weeks.

On April 20, 2015, Kaufman and Sperling had a second phone call, during which Kaufman reiterated and expanded on the factual and legal issues described *supra*, explained the consequences of Defendants' overbroad discovery requests, and described counsel's additional personal conflicts that necessitate extra time.  Kaufman also explained that Plaintiffs intended to seek *forum non conveniens* and personal jurisdiction discovery.  *Id*. ¶ 7.  Later that day, by e-mail, Defendants represented that they would agree to Plaintiffs' extension request only if Plaintiffs would a) waive their right to seek any  discovery from the Defendants in order to oppose the forum non conveniens motion; and b) not to use any discovery obtained through the expedited discovery granted by this Court in their Opposition briefs.  *Id*. ¶ 8.  Because Plaintiffs believe they will be prejudiced if they waive their substantive right to seek *forum non conveniens* discovery, Plaintiffs were forced to seek relief from the Court.

## ARGUMENT

**1. Plaintiffs need additional time to respond to the complex factual and novel legal matters that Defendants raise in their Motions to Dismiss.**

Defendants' Motions to Dismiss raise complex factual questions relating to conditions in Colombia and questions of Colombian law. This has required, among other things, Plaintiffs to identify qualified, willing and available experts, who must then respond. All of this is well under way, but it   will require additional time to complete.

For example, Defendants raise the existence of over 1,700 "conciliation" demands against Chiquita – a procedural step that precedes civil litigation in the Colombian courts.  D.E. 741 at 20-21, 34, 39, 44.  They do not, however, explain the circumstances surrounding those actions – what became of them, and why?  How did Chiquita conduct itself in those proceedings?  Why have none "ripened" into civil litigation?  Did the plaintiffs receive any remedy at all, and if not, why?  Was the Colombian system actually adequate and available for

those actions?  Were there procedural or practical hurdles to moving beyond the voluntary

conciliation stage?  Plaintiffs are in the process of addressing these questions, but that takes time.

Similarly, Defendants note that certain individuals have joined civil claims to a criminal

investigation that names, among others, certain former Banadex employees.  *Id.* at 8, 44.

However, they do not give any information as to what became of those claims, or whether the

plaintiffs had to take any particular precautions for their own safety.  In order to investigate these

issues – which are fundamental to contesting Defendants' claim that the Colombian courts are

open and available to civil claims against Chiquita arising from the conduct at issue in this case –

Plaintiffs need time to track down parties and lawyers, and to retrieve judicial documents from

remote rural courts that lack an electronic document management system.

Moreover, many of Defendants' experts' assertions about Colombian law lack sources or

citations and appear to refer to novel or untested theories – theories on which Defendants'

contention that the claims could or should go forward in Colombia are largely based.  For

example, Defendants argue that if they were exonerated in a certified class action in the United

States, they would not enjoy the finality that such an action should command because unnamed

class members would not be bound by the judgment in Colombia.  *Id.* at 35.  However, their

expert cites no source for this assertion. *Id.* Ex. 1 ¶ 36.  Similarly, they provide no authority for

their assertion that they could commit to waiving statutes of limitations defenses that could

otherwise bar Plaintiffs' claims. *See id.* at 19 .  Plaintiffs are consulting Colombian legal experts

on this and several other debated points of law to determine whether they are rooted in actual

jurisprudence or legal practice, are contested questions open to differing interpretations or are

merely conjecture.  This process takes time, as there are few experts on Colombian civil

procedure who can pronounce confidently on such matters.[2]

      While some of these legal and factual arguments were raised in Chiquita's original *forum*

*non conveniens* motion in 2011, Plaintiffs have not spent the last four years preparing to oppose a

motion that had already been denied as moot.  In addition, many of the arguments and factual

assertions are substantially enlarged, modified, or updated.  Moreover, they had no way of

knowing in advance that after three additional years, Chiquita would make so many unsupported

assertions, buried in such a voluminous collection of briefs, expert declarations, annexes, and

attachments, that would require such extensive factual and legal investigation.

    **2.**  **Plaintiffs need additional time to respond because of Defendants' abuse of limited discovery authorized by the Court.**

      On April 7, 2015, the Court authorized Plaintiffs to take expedited depositions of three

Colombian militaries who are eligible for immediate release from prison.  In response to

Defendants' counter-request, the Court also authorized Defendants to serve interrogatories and

requests for production on Plaintiffs for the limited purpose of investigating allegations that

some of Plaintiffs' counsel had made improper payments to paramilitary witnesses. D.E. 759.

Rather than serving narrow and targeted discovery requests calculated to explore the specific

question of payments to particular paramilitary witnesses, Defendants served ten Requests for

Production and ten Special Interrogatories on each team of plaintiffs, Kaufman Decl. ¶ 6,

requesting a wide range of documents and answers on topics that diverge significantly from the

authorized scope of discovery, including:

---

[2] In addition, Plaintiffs lost more than a week of their alotted time to Holy Week, or *Semana Santa*, which is observed nearly universally in Colombia and during which it was impossible to make progress. *See* Kaufman Decl. ¶ 17.

- Requesting information on all contacts with any paramilitary, *Id*. Ex. A, RFP No. 5, & *id*. Ex. B, Interrogatory No. 4 – a transparent attempt to obtain information about Plaintiffs' confidential witness strategy given that paramilitaries are likely to have firsthand evidence about Plaintiffs' claims, and

- All statements or testimony by any paramilitary at all regarding Chiquita, regardless of connection to witness payments, *id*. Ex. A, RFP No. 8.

Defendants' proposed discovery included definitions that were so broad that they were unmanageable on their face.[3]  This has already forced and may continue to force all Plaintiffs teams to spend time searching through large, irrelevant sections of their case file, and to object copiously.  It will also likely tie Plaintiffs up in discovery disputes for the next few weeks.[4]

### 3. An extension of time is warranted because it is still unclear whether all Defendants will consent to the jurisdiction of the Colombian courts.

Much of Defendants' argument on *forum non conveniens* is based on the idea that Colombian courts will be able to exercise jurisdiction over the entire case against all Defendants. It is true that all corporate and living individual Defendants have consented to personal jurisdiction in Colombia for the purpose of these claims, but the Personal Representative of Roderick Hills has not.  Mr. Hills passed away earlier this year.  While Plaintiffs are seeking his Personal Representative's consent to be substituted into this litigation, this has not yet been

---

[3] For example, Defendants defined "Witness" to include (among other things) any paramilitary whom "Plaintiffs or Plaintiffs' Counsel have ever suspected or believed to have knowledge regarding such allegations or conduct; or who Plaintiffs or Plaintiffs' Counsel have considered at any time as a potential or actual witness on any topic whatsoever in the Chiquita Litigation, regardless of whether he or she has testified or plans to testify in any legal proceeding in Colombia or the United States," and "Associate" as including (but not being limited to) "friends, acquaintances, neighbors, contacts, intermediaries, and attorneys (whether or not acting on behalf of the witness)." *See* Kaufman Decl. Ex. A at 6, 10-11, & *id* Ex. B at 4, 9.

[4] In fact, on April 16, 2015, Kaufman proposed to Defendants' counsel that they discuss discovery keywords to make electronic searching more manageable. Sperling replied that the discovery that they were planning to serve was straightforward and refused to engage in the discussion. See Kaufman Decl. at 4.  Defendants' Counsel Jonathan Sperling belatedly offered to meet and confer with Plaintiffs over the overbreadth of Defendants' discovery on the evening of April 20, when Plaintiffs had just two days left to search for responsive documents and to respond or object. *Id*. ¶ 9.

resolved, *see* Kaufman Decl. ¶ 10, and she has also made no affirmation as to her willingness or availability to be appear in the courts of Colombia to respond to these claims.  An extension is warranted to give Plaintiffs time to resolve these issues – by agreement if possible, and by resort to the Court if necessary.

**4.  Plaintiffs need additional time to respond due to personal and professional conflicts.**

A number of major professional and personal conflicts have arisen among Plaintiffs' counsel in the time since the parties agreed on a briefing schedule.  In particular:

- Attorney Jonathan Kaufman, counsel for the *John Doe I* plaintiffs, has an oral argument on May 6 in a summary judgment hearing in *Oxfam America, Inc. v. SEC*, No. 1:14-cv-13648-DJC (D. Mass.), which was scheduled on April 7. *See* Kaufman Decl. ¶ 11.

- Attorney Marco Simons, General Counsel for EarthRights International and counsel for the *John Doe I* plaintiffs, was in a remote location in the Peruvian Amazon for necessary consultations with clients in a different case for ten days in March that were scheduled after this briefing schedule was agreed, and on a previously scheduled family vacation for seven days, also in March. *See id.* ¶ 12.

- Attorneys Richard Herz and Marissa Vahlsing, also counsel for the *John Doe I* plaintiffs, are likely to be tied up in briefing on a discovery dispute in *Campos-Alvarez v. Newmont Mining Corp.*, No. 1:14-cv-00208-REB (D. Colo.), pursuant to a court order issued on March 16 and discovery objections filed today, April 22. *See* Kaufman Decl. ¶ 13.

- Attorney Paul Hoffman, counsel for the *John Doe I* plaintiffs and lead drafter of the opposition brief to the individual Defendants' joint Motion to Dismiss, has been contending with serious and unanticipated family medical issues that have occupied a significant portion of his time. *See id.* ¶14.

- On March 30, there was a major fire at the home of Attorney James K. Green, counsel for the José and Josefa Lopez plaintiffs.  He and his family are still dealing with personal disruption as a result of the damage. *See id.* ¶ 15.

- Attorney Terrence P. Collingsworth, lead counsel for the *Doe/Perez* plaintiffs, has a number of conflicts, several of which have arisen recently. He has a major brief due in *Melo v. Drummond Co., Inc*., No.2:13-cv-0393-RDP (N.D. Ala.) on May 5, 2015. He also has a petition for rehearing or rehearing en banc due May 15, 2015 in *Balcero v. Drummond Co., Inc*., No. 2:09-cv-1041-RDP (N.D. Ala.). Further, either Mr. Collingsworth or his co-counsel in this case, Eric Hager, will have to make a sudden trip to Colombia to address some emergency issues that have arisen with respect to several witnesses in the Drummond *Balcero* litigation. Finally, letters rogatory hearings have been set on May 5, 2015 in Colombia for two witnesses in *Perez A v. Dole Food Co., Inc.*, Case No. BC412620 (Superior Court of the State of California, County of Los Angeles), a case in which Mr. Collingsworth and Mr. Hager represent the plaintiffs. They are endeavoring to modify the letters rogatory hearing date, but must proceed to prepare in the event that is not possible. *See* Kaufman Decl. ¶ 16.

<b>CONLCLUSION</b>

For the foregoing reasons, the Court should grant Plaintiffs' Time-Sensitive Motion for a 45-Day Extension of Time.  The Court should order Defendants to respond within three (3) days and set an additional two (2) days for Plaintiffs' reply, if needed.

<b>CERTIFICATE OF GOOD FAITH CONFERENCE</b>

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the Plaintiffs have  conferred

with counsel for the Defendants in a good faith effort to resolve the issues raised in this motion.

Plaintiffs and Defendants were unable to come to a mutually amenable resolution.

Dated: April 23, 2015                         Respectfully submitted,

                                              /s/ MARCO SIMONS_____
                                              Marco Simons

                                              Richard Herz
                                              Michelle Harrison
                                              Jonathan Kaufman
                                              Marissa Vahlsing
                                              **EarthRights International**
                                              1612 K Street N.W., Suite 401
                                              Washington, D.C. 20006
                                              Tel: 202-466-5188
                                              Fax: 202-466-5189

                                              Paul L. Hoffman
                                              **Schonbrun, DeSimone, Seplow,
                                              Harris, Hoffman & Harrison
                                              LLP**
                                              723 Ocean Front Walk
                                              Venice, CA 90291
                                              Tel: 310-396-0731
                                              Fax: 310-399-7040

                                              Agnieszka M. Fryszman
                                              Benjamin D. Brown
                                              **Cohen Milstein Sellers & Toll
                                              PLLC**
                                              1100 New York Ave., N.W.
                                              West Tower, Suite 500
                                              Washington, D.C. 20005-3964
                                              Tel: 202-408-4600
                                              Fax: 202-408-4634

                                              Judith Brown Chomsky
                                              **Law Offices of Judith Brown
                                              Chomsky**
                                              Post Office Box 29726
                                              Elkins Park, PA 19027
                                              Tel: 215-782-8367

Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of
International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-994-5794

John DeLeon, FL Bar No. 650390
**Law Offices of Chavez-DeLeon**
5975 Sunset Drive, Suite 605
South Miami, FL 33143
Tel: 305-740-5347
Fax: 305-740-5348

***Counsel for John Doe I Plaintiffs,
original docket number: 9:08-cv-
80421-KAM***

James K. Green, FL Bar No. 229466
**James K. Green, P.A.**
Esperanté, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL 33401
Tel: 561-659-2029
Fax: 561-655-1357

Jack Scarola, FL Bar No. 169440
William B. King, FL Bar No. 181773
**Searcy Denney Scarola Barnhart &
Shipley, P.A.**
2139 Palm Beach Lakes Blvd.
P.O. Drawer 3626
West Palm Beach, FL 33402
Tel: 561-686-6300
Fax: 561-478-0754

***Counsel for Plaintiffs Jose and
Josefa Lopez Nos. 1 through 116,
original docket number: 9:08-cv-
80508-KAM***

Terrence P. Collingsworth
**Conrad & Scherer, LLP**
1156 15th St. NW, Suite 502

11

Washington, D.C. 20005
Tel: 202-543-4001
Fax: 866-803-1125

Eric J. Hager
**Conrad & Scherer, LLP**
Avenida República de El Salvador
500 e Irlanda Edificio Siglo XXI, PH
Oficina W Quito, Ecuador
Tel: 954-462-5500 ext. 461
Fax: 866-803-1125

***Counsel for DOES (1-144),
PEREZES (1-95), PEREZES (96-
795), and Carmen Tulia Cordoba
Cuesta et al. Original docket number: 9:08-cv-
80465-KAM 1:07-
cv-01048 (RJL)***

Jonathan C. Reiter
**Law Firm of Jonathan C. Reiter**
350 Fifth Avenue, Suite 2811
New York, NY 10118
Tel: 212-736-0979
Fax: 212-268-5297

Ronald S. Guralnick, FL Bar No.
111476
**Ronald Guralnick, P.A.**
Bank of America Tower at
International Place
100 S.E. 2d Street, Suite 3300
Miami, FL 33131
Tel: 305-373-0066
Fax: 305-373-1387

***Counsel for Plaintiffs Juan/Juana
Does 1-888 (previous caption), now
captioned as Sara Matilde Moreno
Manjarres et al. v. Chiquita Brands
International, Inc., Case No. 9:08-
cv-80480, (Southern District of
New York) (main MDL docket: 08-
01916-MD-Marra/Johnson)***

Sigrid S. McCawley

12

**Boies, Schiller & Flexner LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

Stephen N. Zack
**Boies, Schiller & Flexner LLP**
100 S.E. Second St., Suite 2800
Miami, FL 33131
Tel: (305) 539-8400
Fax: (305) 539-1307

Karen C. Dyer
**Boies, Schiller & Flexner LLP**
121 South Orange Ave., Suite 840
Orlando, FL 32801
Tel: (407) 425-7118
Fax: (407) 425-7047

Nicholas A. Gravante Jr.
Lee S. Wolosky
Magda M. Jimenez Train
**Boies, Schiller & Flexner LLP**
575 Lexington Ave., 7th Floor
New York, NY 10022
Tel: 212-446-2300
Fax: 212-446-2350

*Counsel for Plaintiffs Angela Maria Henao*
*Montes, et al., original docket number 1:10-cv-*
*60573-KAM*

13

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on April 23, 2015. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008, Joint Counsel List filed in accordance with the CMO.

By: /s/ Jonathan G. Kaufman
   **JONATHAN G. KAUFMAN**

14