UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-MD-01916-MD (MARRA/JOHNSON)

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____

This Document Relates To:

ATS ACTIONS
_____

# CHIQUITA'S RESPONSE TO PLAINTIFFS' RESPONSES & OBJECTIONS TO CHIQUITA'S DISCOVERY REQUESTS CONCERNING PAYMENTS TO FACT WITNESSES

One might have hoped that plaintiffs' counsel's response to discovery requests concerning whether they had (i) made payments to potential fact witnesses or their associates, (ii) put those persons on the lawyers' payroll, or (iii) given them a stake in the outcome of the lawsuit would simply be, "Plaintiffs have no responsive information."  Here, however, plaintiffs' counsel have done everything in their power to avoid having to answer the requests:  objecting to and unilaterally narrowing Chiquita's requests (attached as Exhibit A) on the grounds that they are beyond the scope of the Court's April 7 Order (D.E. 759), asserting that virtually all responsive information is work product, and then refusing even to log all responsive documents.  The result is that, while at least one plaintiffs' group *admits* having "*documents showing Conrad & Scherer LLP including partner Terrence P. Collingsworth made payments to witnesses*" (D.E. 781), and filings in *Drummond* show that Collingsworth provided other benefits to paramilitaries and their associates, that information has not been produced to Chiquita.  Here, in the three pages that the Court has allotted for Chiquita to respond to plaintiffs' over 300 pages of objections, memoranda, and privilege logs, we highlight the most significant problems in plaintiffs' responses.  We respectfully request that the Court enter the proposed order attached as Exhibit G.

## I.  Plaintiffs Refuse to Disclose Information on the Issue of Paramilitary Payments.

Collingsworth and certain other plaintiffs' counsel have improperly refused to disclose or even include on a privilege log key information sought by Chiquita's requests.  These limitations are particularly significant because Collingsworth withheld responsive information on these subjects in *Drummond* (*see, e.g.*, Ex. B ¶¶ 134-37 (Drummond's RICO complaint)):

- Evidence unearthed in *Drummond* shows that Collingsworth made numerous payments to Colombian paramilitary witnesses.  *E.g.*, *id.* ¶¶ 2-4, 47.  Such evidence is directly relevant here, where plaintiffs essentially contend that Chiquita is liable for all violence committed by all Colombian paramilitaries.  Collingsworth refused to provide this information or include it on any privilege log, on the grounds that it concerns only cases other than this one.  *See* Ex. C, at 2-3 (chart of some of plaintiffs' objections); D.E. 765-1, at 1 n.*.

- Evidence from *Drummond* also shows that Collingsworth gave paramilitaries' Colombian counsel a financial stake in the outcome of the litigation.  *E.g.*, Ex. B ¶¶ 16, 56-57.  Chiquita sought information regarding any such agreements; Collingsworth refused to provide it.  (*see, e.g.*, Ex. C, at 2; D.E. 765, at 6-10; D.E. 766, at 5, 10-11, 13).  The *Carrizosa* plaintiffs similarly excluded Colombian counsel from their responses (D.E. 783, at 4).

- According to Paul Wolf, counsel to several of the plaintiffs' groups suing Chiquita, Collingsworth has paramilitaries on his payroll, including "a member of the AUC . . . hired [] as a paralegal."  Ex. D (Wolf email).  Chiquita asked Collingsworth to identify paramilitaries or their associates that he had hired; he refused to do so (D.E. 766, at 9-10).

1

- Evidence unearthed in *Drummond* suggests that paramilitary witnesses changed their story after communicating with Collingsworth, who prepared declarations for them to sign and gave them things of value. Ex. B ¶¶ 54-99. Critically, one of the paramilitaries whose trial depositions the Court has allowed, José Gregorio Mangones Lugo, changed his story after he met with Collingsworth: Mangones signed a declaration prepared by Collingsworth that accuses Chiquita of willingly paying the AUC (D.E. 662-2), even though Mangones had said months earlier that Chiquita was extorted (Ex. E (transcript of interview)). According to counsel for the *Carrizosa* plaintiffs, Collingsworth also prepared a "script of questions and answers" for Mangones (D.E. 781, at 2). These facts raise substantial concerns given—in the words of the U.S. District Court for the N.D. Ala.—"the apparent fact that Colombian jailed paramilitaries are not willing to talk to anyone unless offered or given something of value." Mem. Op. & Order at 6, *Balcero v. Drummond Co.*, No. 2:09-cv-1041 (N.D. Ala. Mar. 8, 2012). Chiquita therefore sought the "script of questions and answers" and information about communications with paramilitary witnesses and their prior statements or testimony, but plaintiffs refused to provide it. *E.g.*, D.E. 765, at 11-14; Ex. C, at 1, 3.

- Other plaintiffs' counsel also refused to identify certain payments to paramilitaries, on the grounds that such payments are ethical. *See* D.E. 772-1, at 10-12; Ex. C, at 1.

- According to Mr. Wolf, Collingsworth paid paramilitary witnesses through a security contractor in Colombia. Ex. F ¶ 14. Chiquita defined "Plaintiffs' Counsel" to include such agents, but Collingsworth unilaterally carved them out. *E.g.*, Ex. C, at 2; D.E. 766, at 5.

- Plaintiffs also unilaterally narrowed the definitions of "Assistance," "Payments," "Plaintiffs' Counsel," and "Associate" in ways that prevent discovery of indirect funneling of payments to paramilitaries. *E.g.*, Ex. C, at 1-3.

- Even accepting their objections, Plaintiffs have failed to fully respond on the schedule ordered by the Court. Some plaintiffs' groups have refused to log certain responsive documents over which they assert work product (*id.* at 4); if such documents show that cash payments were made to paramilitaries, neither Chiquita nor the Court would ever know. Others have yet to produce all documents and say they will supplement their logs in the future. In response to Chiquita's interrogatories, Collingsworth simply referred to responses he gave in another case, but he has not produced them. D.E. 766, at 6-7, 11, 14.

II.     **Plaintiffs Have No Valid Work Product Objection.**

Most plaintiffs' counsel assert that all information responsive to Chiquita's requests is protected work product, but this assertion lacks merit for the following reasons:

- "The fact of payments to witnesses" is not privileged. Order at 3, *Drummond Co. v. Collingsworth*, No. 2:11-cv-369 (N.D. Ala. October 15, 2013). So too the names and addresses of witnesses whom a party has interviewed. *Myers v. Goldco, Inc.*, 2008 WL 1995131, at *1 (N.D. Fla. May 6, 2008).

- Communications with third parties, such as paramilitaries and persons acting on their behalf, including documents shared with them (*e.g.*, the "script of questions and answers"), are not protected. *E.g.*, *Ricoh Co. v. Aeroflex Inc.*, 219 F.R.D. 66, 69-71 (S.D.N.Y. 2003); *SEC v. Gupta*, 281 F.R.D. 169, 173 (S.D.N.Y. 2012).

2

- Documents prepared for the plaintiffs in the *Drummond* and *Dole* cases are not protected from disclosure in this case. *Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 284 (11th Cir. 2009); Order on Motion to Quash at 5-6, *Drummond Co. v. Collingsworth*, No. 14-mc-81189 (S.D. Fla. Nov. 21, 2014).

- Documents used offensively by plaintiffs' counsel, such as the transcript of Mr. Wolf's deposition in the *Drummond* case (D.E. 708-20), are not protected from disclosure. *See JTR Enterprises, LLC v. Unknown Quantity of Colombian Emeralds, Amethysts & Quartz Crystals*, 297 F.R.D. 522, 530-31 (S.D. Fla. 2013); Fed. R. Evid. 106.

- Plaintiffs waived work-product or common-interest claims over responsive documents that they deliberately omitted from their privilege logs (*e.g.*, D.E. 765-1, at 1 n.* (asserting that certain documents were excluded from plaintiffs' logs)) or failed to describe adequately, failing to disclose parties to communications and subject matter (*e.g.*, D.E. 765-1 (failing to identify parties to communications); D.E. 772-3 (failing to disclose subject matter)). *E.g.*, *Nationwide Mut. Fire Ins. v. Kelt, Inc.*, 2015 WL 1470971, at *9 (M.D. Fla. Mar. 31, 2015).

- The limited evidence currently available about Collingsworth's payments to paramilitary witnesses in Colombia—including his efforts to conceal those payments (*e.g.*, Ex. B ¶¶ 122-140)—makes out at least a *prima facie* case for application of the crime-fraud exception and shifts to plaintiffs the burden of showing that materials about paramilitary-witness payments are protected from disclosure—a burden they have not met. *See Gutter v. E.I. Dupont De Nemours*, 124 F. Supp. 2d 1291, 1308 (S.D. Fla. 2000) (explaining that *prima facie* evidence for the crime-fraud exception shifts the burden to party asserting privilege).

- Finally, and critically, even if some of the responsive materials are work product, Chiquita has a substantial need for them and is entitled to their production on this basis. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii). The information requested is essential to Chiquita "for purposes of impeach[ing]" the credibility of plaintiffs' paramilitary witnesses during their trial depositions. *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *In re Petition of MDM Marina Corp.*, 2013 WL 6711584, at *3 (E.D.N.Y. Dec. 18, 2013).

Plaintiffs' counsel Paul Wolf disagrees with the privilege assertions of other plaintiffs' counsel. The other plaintiffs' counsel assert work product over the documents Mr. Wolf produced *and* his publicly-filed written responses to Chiquita's requests, and threatened to seek disqualification of Chiquita's counsel if Chiquita reviews those materials. Chiquita therefore has not reviewed them. (Just this afternoon, plaintiffs' counsel identified certain of these documents over which they do not assert work product, but that did not leave Chiquita time to segregate and review them before submitting this response.) Chiquita requests leave to file the materials it received from Mr. Wolf under seal for *in camera* review and a ruling on the work product objections. The *Carrizosa* and other plaintiffs have offered to do the same (*e.g.*, D.E. 781, at 2).

For the reasons stated above, Chiquita respectfully requests that the Court enter the proposed order attached as Exhibit G.

3

Dated:  April 27, 2015                                Respectfully submitted,

| | |
|---|---|
| John E. Hall |   /s/ Robert W. Wilkins          |
| Patrick S. Davies | Sidney A. Stubbs (Fla. Bar No. 095596) |
| James M. Garland | Robert W. Wilkins (Fla. Bar No. 578721) |
| Shankar Duraiswamy | James C. Gavigan (Fla. Bar No. 0085909) |
| José E. Arvelo | rwilkins@jones-foster.com |
| COVINGTON & BURLING LLP | JONES, FOSTER, JOHNSTON & STUBBS, |
| One CityCenter | P.A. |
| 850 Tenth Street NW | 505 South Flagler Drive, Suite 1100 |
| Washington, D.C. 20001 | West Palm Beach, Florida 33401 |
| Telephone: (202) 662-6000 | Telephone: (561) 659-3000 |
| Fax: (202) 662-6291 | Fax: (561) 650-0412 |
| | |
| Jonathan M. Sperling | |
| COVINGTON & BURLING LLP | |
| The New York Times Building | |
| 620 Eighth Avenue | *Counsel for Chiquita and Fernando Aguirre, on* |
| New York, NY  10018 | *behalf of the Individual Defendants* |
| Telephone:  (212) 841-1000 | |
| Fax:  (212) 841-1010 | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 27th day of April, 2015. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008 Joint Counsel List filed in accordance with the CMO.

By: /s/ Robert W. Wilkins
Fla. Bar No. 578721
rwilkins@jones-foster.com