**Examples of Plaintiffs' Objections to Chiquita's Discovery Requests that
Unilaterally Carve Out Responsive Information or Purport to Narrow Chiquita's Requests[1]**

| Category | Excerpts from Plaintiffs' Objection |
|---|---|
| Narrowing definitions of "payment" and "assistance" to exclude responsive information about paramilitary-witness payments, or communications or suggestions of such payments | *Doe 1*: "Plaintiffs do not interpret the payment or reimbursement of [reasonable and permissible] expenses to be called for by [Chiquita's Request for Production No. 1]. . . . Plaintiffs object as the burden or expense of the requested discovery outweighs its likely benefit." (D.E. 772-1, at 11; D.E. 772-2, at 11)<br><br>"Plaintiffs object to the term 'payment' . . . to the extent that [it] is defined to include a 'communication' or a 'suggestion [of payment].'" (D.E. 772-1, at 8; D.E. 772-2, at 7)<br><br>*Collingsworth*: "Plaintiffs specifically reserve the . . . right to withhold production of documents that may be responsive to the document requests based on objections made herein. . . . Plaintiffs object to the extremely overbroad definition of 'Assistance' in Definition No. 3. Defendants' definition is so overbroad as to not permit a reasonable interpretation or application. . . . Plaintiffs object to the extremely overbroad definition of 'Payment' in Definition No. 10. Defendants' definition is so overbroad as to not permit a reasonable interpretation or application." (DE 765, at 1-2, 4-5; DE 766, at 4)<br><br>*Montes*: "The Montes Plaintiffs object to the definition of 'Payment' set forth in the Special Requests as being overly broad, unduly burdensome, vague, ambiguous, and that it exceeds the scope of allowable discovery and the Court's April 7, 2015 Order to the extent it includes 'suggestions' [of payment] and to the extent that it seeks 'Payments' that are of *de minimis* or no value." (D.E. 777-1, at 6; D.E. 777-2, at 7) |
| Excluding information about paramilitaries or their associates hired by counsel or given a financial stake | *Collingsworth*: "Plaintiffs object on the grounds that this request goes well beyond the very limited grant of discovery in the Court's Order of April 7, 2015, ECF No. 759. . . . Defendants' request for information about financial interests in this litigation is improper and |

---

[1] As used in this exhibit, "*Collingsworth*" refers to the plaintiffs in Case Number 08-80465; "*Valencia*" refers to the plaintiffs in Case Number 08-80508; "*Doe 1*" refers to the plaintiffs in Case Number 08-80421; "*Carrizosa*" refers to the plaintiffs in Case Number 07-60821; "*Manjarres*" refers to the plaintiffs in Case Number 08-80480; and "*Montes*" refers to the plaintiffs in Case Number 10-60573.

| Category | Excerpts from Plaintiffs' Objection |
|---|---|
| in the litigation | Plaintiffs are not required to respond at this time on an expedited basis." (D.E. 766, at 9-10) |
| | *Carrizosa*: "Counsel for the Carrizosa Plaintiffs interpret [Chiquita's] Interrogatory [No. 6, asking identification of persons who have a direct financial interest or stake in the outcome of the Chiquita Litigation (not including Plaintiffs or the law firms that have entered appearances in the ATS Actions) and the nature and amount of such interest or stake,] as excluding all co-counsel including referring counsel in Colombia." (D.E. 783, at 4) |
| Excluding the activities of non-lawyer agents or Colombian counsel who have acted on behalf of Plaintiffs' counsel in connection with paramilitary-witness payments | *Collingsworth, Valencia, Manjarres*: "Plaintiffs object to the extremely overbroad definition of 'Plaintiffs' Counsel' in Definition No. 13. . . . Plaintiffs will interpret 'Plaintiffs' Counsel' to consist of any lawyer employed by [the plaintiffs in this individual case], or their counsel, to perform legal services on what Defendants describe as the 'Chiquita Litigation' in Definition No. 6." (D.E. 765, at 5; D.E. 766, at 4-5; D.E. 769, at 3-4; D.E. 770, at 3; D.E. 774, at 16) |
| | *Doe 1*: "Plaintiffs will use the term 'Plaintiffs' Counsel' to mean only the counsel who represent or have represented Plaintiffs in this action, *John Doe I v. Chiquita Brands Int'l, Inc.*, No.08-cv-80421 (the New Jersey case)." (D.E. 772-1, at 8-9; D.E. 772-2, 8) |
| Excluding information about certain paramilitary witnesses and about paramilitary-witness payments uncovered in *Drummond* or other cases | *Collingsworth*: "Plaintiffs object to providing any documents [or information] from other cases being litigated by counsel for Plaintiffs in this case, except to the extent there are witnesses in this case that are also possible witnesses in *Perez 1A v. Dole Food Co., Inc.*, Case No. BC412620 (Cal. Super. Ct.). . . . " (D.E. 765, at 6; D.E. 766, at 5) |
| | "Plaintiffs further object to providing any documents [or information] beyond any witness as defined by Defendants' Definition No. 18, and with respect to the Chiquita Litigation as defined by Defendants' Definition No. 6. Further, any such facts are not relevant and searching for and providing them would be unduly burdensome. In addition, such documents from the Drummond cases are not in the possession, custody or control of the Plaintiffs in the Chiquita Litigation, and counsel for Plaintiffs herein object to the improper use of a document request in the Chiquita Litigation to seek access to the internal case files of Plaintiffs' counsel in other, unrelated litigation." (D.E. 765, at 8-10; D.E. 766, at 8, 11, 13) |

2

| Category | Excerpts from Plaintiffs' Objection |
|---|---|
| | *Collingsworth, Valencia, Manjarres*: "Plaintiffs object to the extent that Defendants seek any documents [or any facts] beyond those relevant to or generated by what Defendants describe as the 'Chiquita Litigation' in Definition No. 6." (D.E. 765, at 6; D.E. 766, at 5; D.E. 769, at 4; D.E. 770, at 3-4; D.E. 774, at 16) |
| | *Does 1*: "Plaintiffs will interpret 'Witness' to mean the individuals whose preservation depositions were authorized by this Court's April 7, 2015 Order as well as individuals who counsel know are a potential or actual witness in this litigation." (D.E. 772-1, at 9-10; D.E. 772-1, 9)" |
| Excluding requested communications with paramilitaries | *Collingsworth*" "Defendants' request for 'each communication' is improper and Plaintiffs are not required to respond at this time on an expedited basis." (D.E. 766, at 9; *see id.* at 9-10; D.E. 765, at 11-12) |
| Excluding paramilitary associates and relatives from requests concerning payments to paramilitary witnesses | *Collingsworth*: "Plaintiffs object to the extremely overbroad definition of 'Associate' in Definition No. 4. . . Plaintiffs are interpreting 'Associate' to be a person with a known relationship to a witness such that the 'Associate' was in some way acting on behalf of a witness." (DE 765, at 4-5; DE 766, at 4) |
| | *Montes*: "The Montes Plaintiffs object to the definition of 'Associate' [and 'Relative'] set forth in the Special Requests as being overly broad, unduly burdensome, vague, ambiguous, and that it exceeds the scope of allowable discovery and the Court's April 7, 2015 Order. Absent identification of specific individuals who are alleged to be 'Associates' [or 'Relatives'] of the object of a Special Request, the Montes Plaintiffs have no way of determining who would qualify within the meaning of the Special Requests." (D.E. 777-1, at 5, 7; D.E. 777-2, at 6, 8.) |
| | *Does 1*: "Plaintiffs object to the definition of 'associate' . . ., particularly insofar as it purports to include persons with whom a witness has had only passing contact, such as acquaintances, neighbors, and 'contacts,' and insofar as it purports to include each and every friend, acquaintance, neighbor, and contact of a witness, which is an unknowable number of people altogether." (D.E. 772-1, at 7; D.E. 772-2, at 6) |
| Refusing to identify or log purportedly privileged information that is responsive to requests | *Collingsworth, Valencia, Manjarres*: "Plaintiffs will not be producing or identifying any such documents [protected by the attorney-client privilege or the work-product doctrine] to the extent they seek internal communications between counsel for Plaintiffs or between |

3

| Category | Excerpts from Plaintiffs' Objection |
|---|---|
| | counsel and their clients." (D.E. 765 & 766, at 3; *see* D.E. 769 & 770, at 3; D.E. 774, at 16) |
| | *Collingsworth*: "Plaintiffs object to responding in any way to any requests that go beyond the limited scope of discovery in this case and do not include on this log any privileged documents that are responsive only to Defendants' improper requests in this regard." (D.E. 765-1) |
| | *Doe 1*: "Plaintiffs will not divulge protected or privileged information, and in particular will not search for and reveal protected or privileged information from their or their attorneys' litigation files relating or referring to this case, including documents prepared in anticipation of litigation or for trial." (D.E. 771-1 & 771-2, at 3) |
| | "Plaintiffs will not schedule on their privilege log any communications between Plaintiffs and their representatives, including their attorneys, consultant, or agents, that were prepared in anticipation of litigation or for trial, including communications generated after this case was filed; communications among counsel and/or their staff in this action, *John Doe I. v. Chiquita Brands Int'l, Inc.*, No.08-cv-80421 (the New Jersey case); or briefs or drafts of briefs filed in this case." (D.E. 772-1, at 6) |
| | *Doe 1, Valencia, Montes, Manjarres*: "Plaintiffs have not included on this log any documents that might be responsive to requests or portions of requests that Plaintiffs have objected to as beyond the scope of discovery permitted by the Court's April 7, 2015, Order." (D.E. 782-1; D.E. 769-1; D.E. 777-3; D.E. 774) |
| Refusing to supplement productions or logs of responsive materials | *Doe 1*: "[S]upplementation is beyond the scope of the Court's April 7, 2015 Order, which only authorizes limited discovery 'before the paramilitary witnesses are deposed in this case,' April 7, 2015 Order at 12, Dkt. 759. . . . [T] the burden and expense of supplementing responses to discovery requests, including creating privilege logs, substantially outweighs the benefit of such discovery. . . . Plaintiffs' Counsel will not provide any supplement to such privilege log for documents covered by the work product protection." (D.E. 772-1, at 4-5; D.E. 772-2, at 4-5) |
| Excluding responsive information obtained from other plaintiffs or plaintiffs' counsel in this case | *Doe 1*: "Plaintiffs object to the term 'Plaintiff' as overly broad, unduly burdensome, vague and ambiguous, calling for a legal conclusion, not susceptible to any reasonable limitation or construction, and beyond the permissible scope of discovery under the Federal Rules, Local Rules, and case law, particularly to the extent it purports to include unnamed class members . |

4

| Category | Excerpts from Plaintiffs' Objection |
|---|---|
| | . . . In responding . . ., Plaintiffs will use the term 'Plaintiff' to mean only Plaintiffs in this action, *John Doe I v. Chiquita*, No. 08-cv-80421 (the New Jersey case) and will respond only on their own behalf." (D.E. 772-2, at 7-8; D.E. 772-1, at 8) |