UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND SHAREHOLDER DERIVATIVE LITIGATION

_____/

This Document Relates To:
ATS ACTIONS

_____/

# LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO THE REPUBLIC OF COLOMBIA FOR THE TAKING OF EVIDENCE FROM JESÚS IGNACIO ROLDÁN PÉREZ

## LETTER OF REQUEST
Request for International Judicial Assistance
Pursuant to the Hague Convention of 18 March 1970 on
the Taking of Evidence in Civil or Commercial Matters
By the United States District Court
For the Southern District of Florida

Honorable Kenneth A. Marra

**TO THE COLOMBIAN MINISTRY OF FOREIGN AFFAIRS:**

The United States District Court for the Southern District of Florida presents its compliments to the Ministry of Foreign Affairs, the appropriate judicial authority of the Republic of Colombia, and requests international judicial assistance to obtain witness testimony of Jesús Ignacio Roldán Pérez. This Court requests the assistance described herein pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, as adopted and implemented in the United States of America at 28 U.S.C. § 1781, and in the Republic of Colombia by the Law 1282 of 2009. The United States District Court for the Southern District of Florida is a competent court of law and equity which properly has jurisdiction over this proceeding, and has the power to compel the attendance of witnesses and production of documents both within and outside its jurisdiction.

1

The witness testimony of Jesús Ignacio Roldán Pérez is intended for use in civil proceedings before this court in the above-captioned matter. This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in the Republic of Colombia. In the proper exercise of its authority, this Court has determined that the witness testimony of Jesús Ignacio Roldán Pérez cannot be secured except by the intervention of the Colombian Ministry of Foreign Affairs.

**LETTER OF REQUEST**

1. **Senders**

Judge Kenneth A. Marra
U.S. District Court for the Southern District of Florida
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis St.
West Palm Beach, FL 33401
USA

2. **Central Authority of the Requested State**

Ministerio de Relaciones Exteriores
Dirección de Asuntos Migratorios, Consulares, y Servicio al Ciudadano
Edificio Luís López de Mesa
Carrera 6, Número 9 - 46
Bogotá D.C.
COLOMBIA

3. **Person to whom the executed request is to be returned**

Clerk of Court
U.S. District Court for the Southern District of Florida
8th Floor SOUTH
400 North Miami Ave.
Miami, FL 33128
USA

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

**Date**

May 18, 2015

**Reason for Urgency**

Witness has been eligible for release from prison since the end of 2014 and will be difficult to locate after he is released.

5. **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

   a. **Requesting judicial authority (article 3(a))**

Judge Kenneth A. Marra
U.S. District Court for the Southern District of Florida
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis St.
West Palm Beach, FL 33401
USA

   b. **To the competent authority of (article 3(a))**

Republic of Colombia

   c. **Name of the case and any identifying number**

*In re Chiquita Brands International, Inc. Alien Tort Statute and Shareholder Derivative Litigation*, No. 08-01916-MD-MARRA (S.D. Fla.)

6. **Names and addresses of the parties and their representatives (including representatives in the requested State) (article 3(b))**

   a. **Plaintiffs**

There are several thousand individual plaintiffs, most of whom have been identified by pseudonyms for their own protection. The names of the plaintiffs as identified in the most recent amended Complaints are as follows:

John Doe 1 *et al.*
Sara Matilde Moreno Manjarres *et al.*
Antonio Gonzalez Carrizosa *et al.*
José y Josefa López Nos. 1–116
Does 1–144
Pérezes 96-795

3

Carmen Túlia Córdoba Cuesta *et al.*
Angela María Henao Montes *et al.*

All plaintiffs can be contacted through counsel for John Doe I *et al.*:
Marco Simons
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189

### Plaintiffs' Representatives

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600
Fax: 202-408-4634

Marco Simons
Richard Herz
Michelle Harrison
Jonathan Kaufman
Marissa Vahlsing
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189

Paul L. Hoffman
**Schonbrun, Desimone, Seplow,
Harris, Hoffman & Harrison LLP**
723 Ocean Front Walk
Venice, CA 90291
Tel: 310-396-0731
Fax: 310-399-7040

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367

Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-994-5794

John DeLeon, FL Bar No. 650390
**Law Offices of Chavez-DeLeon**
5975 Sunset Drive, Suite 605
South Miami, FL 33143
Tel: 305-740-5347
Fax: 305-740-5348

*Counsel for John Doe I Plaintiffs*

Jonathan C. Reiter
**Law Firm of Jonathan C. Reiter**
350 Fifth Avenue, Suite 2811
New York, NY 10118
Tel: 212-736-0979
Fax: 212-268-5297

Ronald S. Guralnick, FL Bar No. 111476
**Ronald Guralnick, P.A.**
Bank of America Tower at International Place
100 S.E. 2d Street, Suite 3300
Miami, FL 33131
Tel: 305-373-0066
Fax: 305-373-1387

*Counsel for Plaintiffs Sara Matilde Moreno Manjarres et al.*

William J. Wichmann
Attorney at Law
888 S.E. 3rd Avenue, Suite 400
Fort Lauderdale FL 33316
Tel: 954-522-8999
Fax: 954-449-6332

*Counsel for Plaintiffs Antonio Gonzalez Carrizosa, et. al.*

James K. Green, FL Bar No. 229466
**James K. Green, P.A.**
Esperanté, Suite 1650

222 Lakeview Ave.
West Palm Beach, FL 33401
Tel: 561-659-2029
Fax: 561-655-1357

Jack Scarola, FL Bar No. 169440
Wiliam B. King, FL Bar No. 181773
**Searcy Denney Scarola Barnhart & Shipley, P.A.**
2139 Palm Beach Lakes Blvd.
P.O. Drawer 3626
West Palm Beach, FL 33402
Tel: 561-686-6300
Fax: 561-478-0754

*Counsel for Plaintiffs Jose and Josefa Lopez Nos. 1 through 116*

Terrence P. Collingsworth
**Conrad & Scherer, LLP**
1156 15th St. NW, Suite 502
Washington, D.C. 20005
Tel: 202-543-4001
Fax: 866-803-1125

Eric J. Hager
**Conrad & Scherer, LLP**
Avenida República de El Salvador 500 e Irlanda Edificio Siglo XXI, PH Oficina W Quito, Ecuador
Tel: 954-462-5500 ext. 461
Fax: 866-803-1125

*Counsel for Plaintiffs DOES 1-144 and PEREZES (96-795), and Carmen Tulia Cordoba Cuesta et al.*

Sigrid S. McCawley
**Boies, Schiller & Flexner LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

Stephen N. Zack
**Boies, Schiller & Flexner LLP**
100 S.E. Second St., Suite 2800
Miami, FL 33131
Tel: (305) 539-8400
Fax: (305) 539-1307

Karen C. Dyer
**Boies, Schiller & Flexner LLP**
121 South Orange Ave., Suite 840
Orlando, FL 32801
Tel: (407) 425-7118
Fax: (407) 425-7047

Nicholas A. Gravante Jr.
Lee S. Wolosky
Magda M. Jimenez Train
**Boies, Schiller & Flexner LLP**
575 Lexington Ave., 7th Floor
New York, NY 10022
Tel: 212-446-2300
Fax: 212-446-2350

*Counsel for Plaintiffs Angela Maria Henao Montes, et al.*

    b. **Defendants**

Defendants' names are:

Chiquita Brands International, Inc.
Chiquita Fresh North America LLC
Cyrus Freidheim
Robert Olson
Charles Keiser
William Tsacalis
Robert Kistinger
Fernando Aguirre
Steven Warshaw
Keith Lindner

Defendants can all be contacted through lead counsel for Chiquita Brands International, Inc.:
John E. Hall
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington, D.C. 20001
UNITED STATES OF AMERICA
Telephone: (202) 662-6000
Fax: (202) 662-6291
jhall@cov.com

## Defendants' Representatives

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
UNITED STATES OF AMERICA
Telephone: (212) 841-1000
Fax: (212) 841-1010

John E. Hall
Patrick S. Davies
James M. Garland
Shankar Duraiswamy
José E. Arvelo
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington, D.C. 20001
UNITED STATES OF AMERICA
Telephone: (202) 662-6000
Fax: (202) 662-6291

*Counsel for Defendants Chiquita Brands International, Inc., Chiquita Fresh North America LLC, and Fernando Aguirre*

Michael G. Austin
Ardith Bronson
DLA PIPER LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-5341
UNITED STATES OF AMERICA
Telephone: (305) 423-8500
Fax: (305) 503-9583

*Counsel for Defendants Cyrus Freidheim and Robert Kistinger*

David S. Krakoff
James T. Parkinson
BUCKLEYSANDLER LLP
1250 24th Street, N.W., Suite 700
Washington, D.C. 20037
UNITED STATES OF AMERICA
Telephone: (202) 349-8000

Fax: (202) 349-8080

L. Louis Mrachek
MRACHEK, FITZGERALD, ROSE, KONOPKA, THOMAS & WEISS, P.A.
505 South Flagler Drive, Suite 600
West Palm Beach, Florida 33401
UNITED STATES OF AMERICA
Telephone: (561) 655-2250
Fax: (561) 655-5537

*Counsel for Defendant Charles Keiser*

J. Michael Burman, Esq.
Bernard A. Lebedeker, Esq.
REID BURMAN LEBEDEKER
222 Lakeview Ave., Suite 1160
West Palm Beach, FL 33401
UNITED STATES OF AMERICA
Telephone: (561) 659-7700
Fax: (561) 659-6377

*Counsel for Defendants Keith Lindner and Steven Warshaw*

Jeffrey A. Neiman
MARCUS NEIMAN & RASHBAUM
100 Southeast Third Avenue
Suite 805
Fort Lauderdale, FL 33394
UNITED STATES OF AMERICA
Telephone: (954) 462-1200
Fax: (954) 688-2492

Elissa J. Preheim
R. Stanton Jones
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
UNITED STATES OF AMERICA
Telephone: (202) 942-5000
Fax: (202) 952-5999

*Counsel for Defendant Robert Olson*

John B. T. Murray, Jr.
SQUIRE PATTON BOGGS (US) LLP
1900 Phillips Point West

777 South Flagler Drive
West Palm Beach, FL 33401
UNITED STATES OF AMERICA
Telephone: (561) 650-7213
Fax: (561) 655-1509

*Counsel for Defendant William Tsacalis*

7.
    a. **Nature of the proceedings (article 3(c))**

Tort suit for damages

    b. **Summary of complaint**

Plaintiffs allege that Defendant Chiquita Brands International, Inc. and the individual defendants intentionally supported Colombian paramilitary groups in Urabá in exchange for security services and assistance in suppressing labor organizations, leading to the murder and torture of Plaintiffs and their family members.

    c. **Summary of defenses**

Defendants argue that they are not liable for Plaintiffs' injuries, among other things, because the payments that give rise to Plaintiffs' claims were extorted, that the Court does not have personal or subject matter jurisdiction, that Plaintiffs have not stated a claim upon which relief can be granted, that Plaintiffs' claims are time-barred, and that Colombia is the more appropriate forum to adjudicate any remaining claims.

8.
    a. **Evidence to be obtained or other judicial act to be performed (article 3(d))**

Evidence relating to Plaintiffs' allegations and claims, and Defendants' defenses.

    b. **Purpose of the evidence or judicial act sought**

Proof of Plaintiffs' civil claims and Defendants' defenses.

9. **Identity and address of any person to be examined (article 3(e))**

Jesús Ignacio Roldán Pérez
Carcel de Itagüí
Carrera 70 Número 23-10
Barrio Sanfrancisco
Itagüí - Antioquia
COLOMBIA

### 10. Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3(f))

Plaintiffs wish to examine Witness Roldán Pérez about the payment arrangements between Chiquita and the AUC, focusing in particular on the 1997 meeting at which Chiquita executives agreed to pay the AUC. Specifically, the Plaintiffs request investigation of the following topics:

1. **Meetings between Chiquita/Banadex executives and AUC commanders.**
   - Did Chiquita or Banadex executives and AUC commanders ever meet? How do you know?
   - If they did meet, what did they speak about? How do you know?
   - If they did meet, who attended the meetings? How do you know?
   - If they did meet, what were the circumstances of the meeting(s)?
   - Were you present at any such meetings?

2. **Payments from Chiquita/Banadex to the AUC**
   - Please tell us everything you know about Chiquita's payment arrangements with the AUC or any subdivision of the AUC. How do you know these things?
   - Did any paramilitary unit that you are aware of provide any services to Chiquita and/or Banadex? How do you know?
   - If any paramilitary unit did provide services to Chiquita and/or Banadex, were those services provided in exchange for Chiquita's payments? How do you know?
   - Did Chiquita and/or Banadex make any arrangements to hide payments to the AUC from government regulators? How do you know?
   - If any arrangements to hide the payments were made, what were those arrangement? How do you know?
   - What did the AUC do with any money that it received from Chiquita/Banadex? How do you know?
   - Was the money the AUC received from Chiquita/Bandaex important for the AUC? How do you know?
   - If it was important, how was it important?
   - Did Chiquita/Banadex know what the AUC did with the money it paid to the AUC? How do you know?
   - Did Chiquita or Banadex ever ask the AUC to put the money to a particular purpose? How do you know?
   - If Chiquita or Banadex did ask the AUC to put money to a particular purpose, what was that purpose? How do you know?
   - If Chiquita or Banadex did ask the AUC to put money to a particular purpose, what was the AUC's response? How do you know?
   - Did Chiquita or Banadex ever ask the AUC *not* to use the money for a particular purpose? How do you know?
   - If Chiquita or Banadex did ask the AUC *not* to use the money for a particular purpose, what was that purpose?

11

- If Chiquita or Banadex did ask the AUC *not* to use the money for a particular purpose, what was the AUC's response? How do you know?

3. **Other assistance from Chiquita/Banadex to the AUC**
   - To your knowledge, did Chiquita or Banadex ever help the AUC acquire weapons or ammunition? How do you know?
   - If Chiquita or Banadex did help the AUC to acquire weapons or ammunition, please explain everything you know about that.

4. **Alignment between AUC and Chiquita/Banadex**

   - Did the AUC see its interests to be aligned with Chiquita's or Banadex's in the civil war? How do you know?
   - If the AUC did see its interests to be aligned with Chiquita's or Banadex's in the civil war, in what way?
   - Did Chiquita or Banadex see its interests to be aligned with the AUC's? How do you know?
   - If Chiquita or Banadex did see its interests to be aligned with the AUC's? If so, in what way?

5. **Contact between Chiquita/Banadex employees and the AUC**
   - Did any Chiquita and/or Banadex employee have contact with any AUC individual or unit? How do you know?
   - If there was any such contact, which Chiquita/Banadex employees were involved? How do you know?
   - If there was any such contact, which AUC units or individuals were involved? How do you know?
   - If there was any such contact, what was the purpose of the communication? How do you know?
   - If there was any such contact, what was discussed? How do you know?
   - If there was any such contact, what was the form of the communication (e.g. telephone or in person)? How do you know?

Defendants object or reserve the right to object to the above questions on various grounds, including but not limited to lack of foundation. This Court will consider and rule upon Defendants' objections at an appropriate time.

Defendants wish to ask the following questions, among others:

1. When did you serve as a member of paramilitary or "*autodefensa*" groups, including the AUC, and what was your role in that organization?

2. Did you, as a paramilitary, operate or command a group in the banana zones of Antioquian Urabá and Magdalena?

3. Did paramilitaries acquired effective control over the regions where they operated?

4. In your opinion, did the AUC provide security to the population in the regions under its control? How so?

5. Did paramilitaries engage in violence against those who refused to comply with their orders or demands?

6. Was the Colombian government willing or able to stop or counter the AUC?

7. How much of the AUC's funding came from drug trafficking? Kidnapping? Extortion? Chiquita? Other sources? How do you know?

8. Did the AUC charge taxes, tolls, or *vacunas*? Who paid them? Which companies? Did anyone refuse to pay? What happened to them?

9. Do you have personal, first-hand knowledge about Chiquita's payments to paramilitaries?

10. Do you have personal, first-hand knowledge about whether the convivirs Papagayo, Tagua del Darién or Punta de Piedra paid the AUC?

11. Have you ever met or communicated with any Chiquita executive, representative, or employee? If so, who?

12. Have you killed, ordered the killing, or participated in the killing of individuals? If so, how many? What other crimes have you committed?

13. Did you help arrange or carry out the killing of Carlos Castaño?

14. Did the Fiscalía try to expel you from the Justice-and-Peace process because it determined that you lied in your testimony?

15. Before today, have you talked to anyone about the lawsuits by AUC victims against Chiquita? If so, who, when, and what did you hear or say?

16. Has anyone asked you to testify about Chiquita and, if so, who? Has anyone drafted a statement or declaration relating to Chiquita for you to sign?

17. Has anyone given or offered you or anyone you know anything of value to testify about Chiquita? If so, what?

18. Has anyone provided, offered or paid for security protection for you or anyone you know? If so, who?

19. Are any of the Colombians suing Chiquita at risk of reprisals from you for having sued Chiquita?

Plaintiffs object or reserve the right to object to the above questions on various grounds. This Court will consider and rule upon Plaintiffs' objections at an appropriate time.

### 11. Documents or other property to be inspected (article 3(g))

None.

### 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3(h))

This Court requests that the Colombian Judicial Authority instruct a person authorized to administer oaths in Colombia to take the evidence under oath in the manner prescribed under Colombian law. If possible, the deponent should swear to tell "the whole truth and nothing but the truth."

### 13. Special methods or procedure to be followed (articles 3(i) and 9)

This Court requests that the witness testimony be performed in the manner described below:

- This Court requests that counsel for Plaintiffs and counsel for Defendant be permitted to attend the questioning and to each have a reasonable opportunity to examine and cross examine the witness following the witnesses' responses to the written questions listed in section 10 above.

- This Court requests that Plaintiffs be permitted to conduct oral examination by a single designated liaison counsel for all plaintiffs' groups.

- This Court requests that Defendants be permitted to conduct oral cross-examination by a single designated liaison counsel for all defendants.

- This Court requests that counsel be permitted to present documents to the witness for identification or questioning. Any ~~counsel wishing to present documents to the witness shall either identify the documents in this section and attach them to this letter or identi~~fy ~~any such documents in an exhibit list to be exchanged with opposing counsel along with copies of the documents at least twenty (20) days prior to the scheduled deposition.~~ For example, Defendants attach to this letter a ruling of the Criminal Chamber of the Colombian Supreme Court dated March 4, 2015, for possible presentation to the Witness. *See* Annex 1. Other documents may be presented at the time of oral examination. /s/ KAM

- This Court requests that, to the extent the Colombian judicial authority decides to limit the oral examination, either by amount of time or number of questions permitted, the examination be divided equally between the plaintiffs' questions and the defendants' questions.

- This Court requests that the questions posed to the witness and his answers be recorded

14

by a court reporter or by a person able to produce a verbatim transcript of the examination. Counsel for Plaintiffs will provide a reporter certified by the State of Florida.

- This Court requests that the questioning be conducted with the assistance of an interpreter fluent in the English and Spanish languages. Counsel for Plaintiffs and counsel for Defendants will both provide certified interpreters.

### 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7).

This Court requests that the following people should be notified of the time and place for the execution of this Request:

John E. Hall
Patrick S. Davies
James M. Garland
Shankar Duraiswamy
José E. Arvelo
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington, D.C. 20001
UNITED STATES OF AMERICA
Telephone: (202) 662-6000
Fax: (202) 662-6291
jhall@cov.com
pdavies@cov.com
jgarland@cov.com
sduraiswamy@cov.com
jarvelo@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
UNITED STATES OF AMERICA
Telephone: (212) 841-1000
Fax: (212) 841-1010
jsperling@cov.com

***Counsel for Defendants Chiquita Brands International, Inc., Chiquita Fresh North America LLC, and Fernando Aguirre***

Paul Wolf

15

P.O. Box 46213
Denver, CO 80201
(202) 431-6986
paulwolf@yahoo.com

*Counsel for Does 1-144, Does 1-976, Does 1-677, and Does 1-254*

15. **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (article 8)**

No attendance of judicial personnel of the requesting authority is requested

16. **Specification of privilege or duty to refuse to give evidence under the law of the State of origin (article 11, b)**

The witness may refuse to give evidence insofar as there is a privilege or duty to refuse to give evidence under the laws of the United States or the laws of Colombia.

17. **The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by**

Plaintiffs will bear all fees and costs, which can be billed to:

Marco Simons
EarthRights International
1612 K St. NW, Suite 401
Washington, DC 20006
USA

By:

Honorable Kenneth A. Marra
District Court Judge
United States District Court for the Southern District of Florida
West Palm Beach, Florida
United States of America

Signed in WEST PALM BEACH, FLORIDA, this 28th day of APRIL, 2015

16

# ANNEX 1

Ruling of the Criminal Chamber of the Colombian Supreme Court dated March 4, 2015