**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 08-01916-MD-MARRA/JOHNSON**

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/
This Document Relates To:
ATS ACTIONS

08-80421-CIV-MARRA
08-80465-CIV-MARRA
08-80508-CIV-MARRA
10-60573-CIV-MARRA
08-80480-CIV-MARRA
_____/


**PLAINTIFFS' TIME SENSITIVE MOTION TO SUSPEND BRIEFING**
**SCHEDULE AND PARTIALLY LIFT THE STAY ON DISCOVERY FOR THE**
**PURPOSE OF LIMITED *FORUM NON CONVENIENS* DISCOVERY**

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ...................................................................................... i

**TABLE OF AUTHORITIES** ............................................................................... ii

**INTRODUCTION** .............................................................................................. 1

**PROCEDURAL HISTORY** ................................................................................. 3

**ARGUMENT** ..................................................................................................... 3

    A.  The Court Has Broad Discretion to Permit Limited Discovery Necessary to
        Respond to the *FNC* Motion. ................................................................. 3

    B.  A Brief 120-Day Lift of the Stay of Discovery is Appropriate to Allow Plaintiffs a
        Meaningful Opportunity to Conduct the Discovery Necessary to Oppose
        Defendants' *FNC* Motion. ...................................................................... 6

        1.  *Plaintiffs Need Discovery Relating to the Availability and Adequacy of the
            Colombian Courts, Including Information about the Purportedly Pending
            Colombian Actions.* ....................................................................... 6

        2.  *Plaintiffs Need to Depose Defendants' Purported Foreign Law and Security
            Country Conditions Experts.* .......................................................... 7

        3.  *Plaintiffs Need Discovery Pertaining to the Nature, Quality, Quantity and
            Accessibility of Evidence in the United States and Colombia.* ....................... 10

        4.  *Plaintiffs Need Discovery Pertaining to the Likelihood that the Individual
            Defendants and Others Associated With Them Will Submit to the Jurisdiction
            of the Colombian Courts for the Purpose of Giving Testimony.* ..................... 11

        5.  *Plaintiffs Need Discovery Regarding the Third Parties Defendants Will Seek
            to Implead if this Litigation were to be Filed in Colombia/* .......................... 12

    C.  Defendants Will Not Be Unduly Burdened by Providing the Limited,
        Particularized Discovery Plaintiffs Seek. .......................................................... 13

**CONCLUSION** ................................................................................................. 14

**CERTIFICATE OF GOOD FAITH CONFERENCE** ............................................. 14

# TABLE OF AUTHORITIES

*Aguinda v. Texaco*,
   303 F.3d 470 (2d Cir. 2002)........................................................................................4

*Anderson-Tully Lumber Co. v. Int'l Forest Products*,
   No. 5:05-cv-68 (DCB) (JCS), 2006 WL 2571273, (S.D. Miss. Sept. 5, 2006) .......4

*Base Metal Trading v. Russian Aluminum*,
   No. 00 CIV 9627 JGK, 2002 WL 987257 (S.D.N.Y. May 14, 2002) ..................6

*Beebe v. Housatonic R.R. Co.*,
   No. 05-CV-0021, 2005 WL 1173974 (N.D.N.Y. May 12, 2005)........................10

*Cytotherapeutics, Inc. v. Neurospheres Ltd.*,
   No. 97-019L, 1997 WL 33547301 (D.R.I. Mar. 13, 1997) ...................................7

*Doe v. Sun Int'l Hotels, Ltd.*,
   20 F. Supp. 2d 1328 (S.D. Fla. 1998) ...................................................................4

*Duha v. Agrium, Inc.*,
   448 F.3d 867 (6th Cir. 2006) ................................................................................5

*Eastman Kodak Co. v. Kavlin*,
   978 F. Supp. 1078 (S.D. Fla. 1997) ......................................................................4

*In re Air Crash Disaster of Aviateca Flight 901 Near San Salvador, El Salvador*,
   29 F. Supp. 2d 1333 (S.D. Fla. 1997) ...................................................................4

*In re Bridgestone/ Firestone Litig.*,
   131 F. Supp. 2d 1027 (S.D. Ind. 2001) .............................................................4, 6

*Membreno v. Costa Crociere, S.p.A.*,
   347 F. Supp. 2d 1289 (S.D. Fla. 2004) .................................................................4

*Mercier v. Sheraton Int'l, Inc.*,
   935 F.2d 419 (1st Cir. 1991)..................................................................................7

*Rolls-Royce Commercial Marine, Inc. v. New Hampshire Ins. Co.*,
   No. 09-cv-61329, 2010 WL 5067608 (S.D. Fla. Dec. 7, 2010)............................4

*Van Cauwenberghe v. Biard*,
   486 U.S. 517 (1988).............................................................................................5

*Wilson v. Island Seas Investments, Ltd.*,
   590 F.3d 1264 (11th Cir. 2009) .........................................................................13

## INTRODUCTION

The Defendants – Chiquita and several of its former officers/directors – have moved to dismiss all remaining claims against them for *forum non conveniens*. (D.E. 741 ("*FNC* Motion"); D.E. 735 at 2 ("Individual Defendants' MTD")). In the *FNC* Motion, which the Individual Defendants incorporate in their own Motion, Chiquita makes several factual assertions and arguments for dismissal, which rely on facts that are not available to Plaintiffs. Therefore, Plaintiffs now move to suspend the briefing schedule for the *forum non conveniens* motion and lift the stay on discovery for the limited purpose of addressing these factual assertions.[1] Plaintiffs will be unable to adequately respond without limited discovery directed solely to matters raised by the *FNC* Motion.  Because briefing on the *FNC* Motion and the Individual Defendants' MTD (to the extent that it incorporates arguments from the *FNC* Motion) will have to be suspended if the Court grants this Motion, Plaintiffs respectfully request a ruling prior to the due date of their opposition memoranda, which according to the Court's Order dated April 28, 2015, D.E. 786, must be submitted on June 22, 2015.[2]

Specifically, Plaintiffs would seek to take the following discovery:

1. Document discovery and interrogatories relating to the legal proceedings that

   Chiquita claims have been instituted against it in Colombia. Chiquita has used the

---

[1] This Motion is independent of Plaintiffs' concurrently filed Motion for an Extension of Time to respond to the Motions to Dismiss, which seeks a 45-day extension of time in order to conclude their independent investigations into, and for their experts to complete their responses to Defendants' factual and legal assertions.

[2] Plaintiffs originally filed this Motion on Thursday, April 23, 2015, but were directed to re-file it because they accidentally uploaded the wrong file to the Court's ECF system.  In its original form, Plaintiffs requested an expedited briefing schedule to ensure that the Motion would be decided prior to the original due date for Plaintiffs' opposition memoranda to Defendants' Motions to Dismiss.  However, in light of the Court's Order granting a 45-day time extension on the filing of the opposition memoranda, Plaintiffs no longer believe an expedited schedule to be necessary.

purported existence of these proceedings as a centerpiece of its representation to the Court about the viability of litigating in Colombia but has not given any information with regard to its own conduct in or the outcome of those claims. Plaintiffs are entitled to learn who the parties are, who their attorneys are, whether they have faced any security threats, how Chiquita responded to their claims, whether Chiquita has impleaded any third party defendants (as it insists it would do if *forum non conveniens* were granted in this case), and what has happened in these purported actions since March 20, 2012, the last date for which Chiquita's expert declarant provides information on legal claims against Chiquita in Colombia.

2. Interrogatories to ascertain the identity and nature of witnesses, documents, and physical evidence located in the United States, which Chiquita has stipulated that it would make available in Colombian proceedings if *forum non conveniens* were granted.

3. Depositions of Chiquita's expert declarants, Francisco Javier Tamayo Jaramillo, Michael Shifter, and José Miguel de la Calle Restrepo, to investigate the bases of their conclusions that it would be safe for Plaintiffs to litigate in Colombia, that Colombia is an adequate forum to handle thousands of new individual cases, that Plaintiffs' claims could be filed in Colombia under Colombian law, and that the remedies they opine to exist in law, exist in practice.

4. Interrogatories to Chiquita and the individual defendants to ascertain the extent of their stipulation to the jurisdiction of Colombian court process and Chiquita's ability to guarantee participation of non-defendant witnesses.

5. Interrogatories about Chiquita's intention to implead third parties in Colombia if *forum non conveniens* dismissal is granted.

Plaintiffs respectfully request a suspension of the current briefing schedule with respect to the *FNC* Motion and the Individual Defendants' MTD (to the extent that it incorporates the arguments in the *FNC* Motion), a 120-day lift of the current stay of discovery in order to conduct limited and expedited discovery, and a new briefing schedule giving Plaintiffs 30 days after the conclusion of *FNC* discovery to respond to Defendants' *FNC* Motion and the *forum non conveniens* portions of the Individual Defendants' MTD. Without this limited and particularized discovery, Plaintiffs will be severely and unduly prejudiced in responding to Defendants' *forum non conveniens* arguments.

## PROCEDURAL HISTORY

This Court stayed discovery in this multi-district litigation on September 14, 2008, while it considered motions to dismiss. (D.E. 141). On June 3, 2011, this Court allowed Plaintiffs to move forward with claims brought under the Alien Tort Statute and Torture Victims Protection Act for torture, extrajudicial killing, war crimes and crimes against humanity. (D.E. 412). The stay order remained in place whilst Chiquita moved for interlocutory appeal of the June 3 Order.

On July 24, 2014, the Eleventh Circuit granted, in part, the interlocutory appeal and dismissed all claims brought under the Alien Tort Statute and the Torture Victim Protection Act claims brought against Chiquita. *Cardona v. Chiquita Brands Int'l, Inc.*, 760 F.3d 1185 (11th Cir. 2014). On March 8, 2015, Chiquita filed a motion to dismiss the consolidated cases for *forum non conveniens*. On April 7, 2015, the Court lifted the stay

on discovery for the limited purposes of preserving the testimony of three paramilitary witnesses and Cyrus Freidheim, one of the individual defendants. D.E. 759. Except for this limited expedited discovery, the stay on discovery remains in place.

## ARGUMENT

A.    The Court Has Broad Discretion to Permit Limited Discovery Necessary to Respond to the *FNC* Motion.

*Forum non conveniens* is a fact-intensive inquiry. *See In re Bridgestone/ Firestone Litig.*, 131 F. Supp. 2d 1027, 1029 (S.D. Ind. 2001). Almost every element of the *forum non conveniens* decision – whether the foreign forum is adequate and available, as well as what evidence is needed and where it is located – requires some factual investigation. "[T]his rather daunting task [is] hardly one to be undertaken without adequate information;" it therefore "behooves courts to permit discovery on facts relevant to *forum non conveniens* motions." *Id.* at 1029-30. *See also Aguinda v. Texaco*, 303 F.3d 470 (2d Cir. 2002); *Anderson-Tully Lumber Co. v. Int'l Forest Products*, No. 5:05-cv-68 (DCB) (JCS), 2006 WL 2571273, at *2 (S.D. Miss. Sept. 5, 2006) (allowing limited discovery on the location of witnesses and evidence, among other underlying issues).Courts in this District frequently permit limited discovery pertaining to *forum non conveniens* motions.  *See Doe v. Sun Int'l Hotels, Ltd.*, 20 F. Supp. 2d 1328, 1329 (S.D. Fla. 1998)*; Rolls-Royce Commercial Marine, Inc. v. New Hampshire Ins. Co.*, No. 09-cv-61329, 2010 WL 5067608 (S.D. Fla. Dec. 7, 2010); *In re Air Crash Disaster of Aviateca Flight 901 Near San Salvador, El Salvador*, 29 F. Supp. 2d 1333, 1337-38, 1354 (S.D. Fla. 1997); *Eastman Kodak Co. v. Kavlin*, 978 F. Supp. 1078, 1082 (S.D. Fla. 1997); *Membreno v. Costa Crociere, S.p.A.*, 347 F. Supp. 2d 1289, 1290 (S.D. Fla. 2004).  And

4

that discovery can be had without getting into the broader facts and legal issues in the case. *See Van Cauwenberghe v. Biard,* 486 U.S. 517, 529 (1988) (noting that it is "undoubtedly true that in certain cases, the *forum non conveniens* determination will not require significant inquiry into the facts and legal issues presented by a case"). That is particularly true here, where the line between *forum non conveniens* issues and merits issues can be easily drawn.

Chiquita's liability on the merits will turn on Chiquita's knowledge and intentions with regard to the facts surrounding the murders of victims of paramilitary violence in Colombia. The *forum non conveniens* inquiry, by contrast will focus on matters as they stand in Colombia now, more than a decade after the deaths, and the location, availability and control over evidence and parties located in Colombia and the United States. Much of this information, on which Chiquita relies in its motion, is under Chiquita's control and is not available to Plaintiffs. The court should therefore grant Plaintiffs' motion for limited *forum non conveniens* discovery.

If permitted, Plaintiffs will take limited discovery relating to the adequacy and availability of Colombia as a forum for litigation, the nature of purported existing proceedings against Chiquita in Colombia, the location and number of documents and witnesses in Colombia and the United States, and the basis for the conclusions of Chiquita's expert declarants. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 871-72 (6th Cir. 2006) (*forum non conveniens* discovery enabled court to ascertain relative convenience of access to documents and witnesses that actually existed). Notably, where, as here, a defendant includes declarations from foreign law experts in connection with a motion to dismiss for *forum non conveniens*, courts have found that limited discovery on the basis

of those experts' conclusions and qualifications is appropriate.  *See*

*Bridgestone/Firestone*, 131 F. Supp.2d at 1031 (permitting deposition of foreign law

experts); *Base Metal Trading v. Russian Aluminum*, No. 00 CIV 9627 JGK, 2002 WL

987257, at *4 (S.D.N.Y. May 14, 2002) (holding, in *forum non conveniens* case, that

where defendants submitted declarations from several foreign law experts in support of

various motions, plaintiffs would be entitled to "investigate the bases for the opinions of

the Defendants' foreign law experts through depositions"). As with the declarations of

Defendant's foreign law experts, plaintiffs here are entitled to investigate the bases of

Defendant's expert declaration on the security situation in Colombia.

B.    A Brief 120-Day Lift of the Stay of Discovery is Appropriate to Allow Plaintiffs a
Meaningful Opportunity to Conduct the Discovery Necessary to Oppose
Defendants' *FNC* Motion.

1.    *Plaintiffs Need Discovery Relating to the Availability and Adequacy of the
Colombian Courts, Including Information about the Purportedly Pending
Colombian Actions.*

The Defendants have used the purported existence of conciliation demands and

the participation of Colombian individuals in civil party actions against Chiquita

executives in Colombia as evidence that Colombia is an adequate forum and for the

proposition that the US cases (filed first) should be dismissed because it would be

inefficient to proceed on parallel tracks. However, the Defendants were conspicuously

silent on the details of these legal actions in ways that significantly affect the force of

their arguments. Plaintiffs would therefore propound limited discovery into these legal

actions to ascertain the following information:

- Who are the Plaintiffs in the conciliation requests and civil party actions?

- What precisely are their claims?

- Has Chiquita advanced any defenses, and if so, what are they?

- Have these cases progressed in the last three years?

- Has any of these cases been resolved or concluded, and if so, how?

- Has Chiquita impleaded third parties? If so, whom and where are they located?

Without this information, Plaintiffs will be prejudiced in their ability to respond to Chiquita's arguments that these purported legal actions show that Colombia is an adequate forum. *See Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 430 (1st Cir. 1991) (reversing district court's forum non conveniens dismissal and remanding the case for additional factual inquiry, observing that defendant had failed to affirmatively show adequacy of proposed alternative forum); *Cytotherapeutics, Inc. v. Neurospheres Ltd.*, No. 97-019L, 1997 WL 33547301, at *4 (D.R.I. Mar. 13, 1997) (permitting parties to conduct discovery because "the Court may not dismiss this case because of forum non conveniens without determining that Alberta is an adequate alternative forum"). Plaintiffs will also be prejudiced in their ability to respond to Chiquita's contentions that it has a strong private interest in litigating the claims only in Colombia, and that the public interest in judicial efficiency favors Colombia.

> 2. *Plaintiffs Need to Depose Defendants' Purported Foreign Law and Security Country Conditions Experts.*

a. Michael Shifter

A significant portion of Defendants' *FNC* Motion cites to the Declaration of Michael Shifter on the domestic security in Colombia. (*FNC* Motion at 6-7). This Declaration covers purported facts about the history of the Colombian conflict, assertions about recent developments in that conflict and assessments of the current security and safety conditions in Colombia, and purportedly expert conclusions about the root causes

7

of any remaining violent conflict there. (*FNC* Motion at 7, 36-37, 42, 45-47). Plaintiffs should have the opportunity to depose Mr. Shifter on the bases for his conclusions about the physical security of Colombians making civil claims that could implicate the financial interests of powerful state and non-state actors and the Colombian state's interest in civil litigation against Chiquita.

Plaintiffs also need to question Mr. Shifter on his claims about the safety of plaintiffs, the availability of counsel, and the potential effect on Plaintiffs' safety of Chiquita's possible intent to implead of former AUC members, powerful land-owners, and narco-terrorists.  Indeed, Mr. Shifter's conclusion that this case could be safely brought in Colombia rests, in part, on the fact that paramilitaries *would not* be parties to the action. (D.E. 741-5 – Shifter Declaration at ¶ 30).  But Chiquita argues in its motion that the private interests weigh in favor of dismissal because only in Colombia would they be able to obtain evidence from and possibly implead other parties responsible for the killings, such as the paramilitaries. *FNC* Motion at 26 (Chiquita "need[s]" testimony of former paramilitaries"); *id.* at 33-34 (Chiquita may implead others responsible for funding the AUC including "drug barons, large landowners").[3]  Plaintiffs should be allowed to question Mr. Shifter on whether he would hold the same opinion if paramilitaries were part of the case as witnesses or third-party defendants.  Without this information, Plaintiffs will be prejudiced in their ability to respond to Chiquita's contentions that it would be safe for Plaintiffs to litigate their claims in Colombia, and that Colombia has a particularly strong interest in civil proceedings against Chiquita.

---

[3] This argument is bolstered by the declaration of Chiquita's Colombian law expert, Francisco Javier Tamayo Jaramillo, that defendant could summon "any person that could have responsibility for these acts, such as, for example,third parties who supported the tortious acts at issue and individuals who are subject to criminal proceedings for collaboration with illegal groups." Tamayo Decl. Ex 1 at 48.

b. Francisco Javier Tamayo Jaramillo

Chiquita relies on the declaration of a noted jurist, Francisco Javier Tamayo Jaramillo for a number of propositions of Colombian law that are key to Chiquita's argument that Colombia is a much preferable forum for litigation than the United States. Plaintiffs are entitled to depose Mr. Tamayo to investigate the bases for his conclusions and ask him about topics that he omitted in his Declaration.  For example:

- Mr. Tamayo asserts that a Colombian court would not recognize a U.S. class action judgment absolving Chiquita of liability as binding on non-named plaintiffs but cites no authority for his assertion.

- Mr. Tamayo asserts that the identity of a civil party to a criminal investigation of Chiquita is pubicly known without providing authority, and does not discuss the conditions under which the civil party could collect a civil judgment arising from a criminal proceeding.

- Mr. Tamayo describes the possibility of *llamamiento en garantía*, a procedure roughly analogous to impleader, but does not discuss the existence of another procedure, known as *repetición*, which is analogous to contribution, or compare it to *llamamiento en garantía* in terms of convenience and security.

- Mr. Tamayo notes that the defendants have all agreed to waive certain statute of limitations defenses but omits to discuss the effect of provisions of Colombian civil procedure that bar statute of limitations waivers.

Without the ability to explore these and other topics through a deposition, Plaintiffs are unable to respond effectively to the assertions that Chiquita bases on Mr. Tamayo's Declaration.

    c. José Miguel de la Calle Restrepo

Chiquita relies on the Declaration of its own litigation counsel in Colombia, José Miguel de la Calle Restrepo, to argue that the purported existence of conciliation demands and a civil party action linked to a criminal investigation of Chiquita executives in Colombia militate in favor of *forum non conveniens* dismissal.  Plaintiffs are entitled to depose Mr. de la Calle on the details of these actions and Chiquita's defenses, the outcome of the actions in which his firm has defended Chiquita, and the provisions for security in those actions.  Without such discovery, Plaintiffs will not be able to adequately to the contentions based on his Declaration or assess his credibility as a declarant.

    3. *Plaintiffs Need Discovery Pertaining to the Nature, Quality, Quantity and Accessibility of Evidence in the United States and Colombia.*

Defendants have stipulated to making available to the Colombia courts, for discovery/testimony purposes, all United States-based witnesses "under [their] control." *FNC* Motion at 32. Plaintiffs seek to serve interrogatories in order to learn the names, present location, employment status and roles of these individuals, so to assess whether this stipulation has any bearing on the feasibility of proceeding in Colombia. *See Beebe v. Housatonic R.R. Co.*, No. 05-CV-0021, 2005 WL 1173974, at *3 (N.D.N.Y. May 12, 2005) ("The Court will permit the parties to conduct discovery regarding access to proof, the location and availability of witnesses, and other facts relevant to the forum non conveniens determination.") If, for example, most of the relevant witnesses have left Chiquita's control, or are otherwise unwilling to travel to Colombia (or submit to discovery there), this is an empty gesture. And if, again as an example, these Defendants would or could claim a self-incrimination testimonial privilege, this stipulation is of little

practical impact. Finally, while Defendants contend that the testimony of witnesses out of their control *could* be obtained under the Hague Convention, the ultimate burden of doing so will depend on the number of witnesses' whose testimony would have to be obtained thereby.

Plaintiffs also seek discovery over the quantity and nature of documents that are in Chiquita's possession and relevant to the Plaintiffs' claims. Unless such evidence was obtained through Colombian legal processes, it could not be turned over wholesale to the Colombian courts but would, rather have to be certified and (if in English) translated before it could be considered according to Colombian judicial procedure. In order to assess the burden that these formalities would impose on the proceedings in Colombia, Plaintiffs would serve interrogatories requesting Chiquita to describe the relative size of the relevant document universe, where it is located, and how much of it is in English.

Without this information, Plaintiffs will be prejudiced in their ability to effectively respond to Chiquita's arguments about the availability of evidence in future proceedings in Colombia.

4. *Plaintiffs Need Discovery Pertaining to the Likelihood that the Individual Defendants and Others Associated With Them Will Submit to the Jurisdiction of the Colombian Courts for the Purpose of Giving Testimony.*

Significantly, a number of individuals defendants and others associated with Defendants – including Cyrus Freidheim, Charles Keiser, Robert Olson, Robert Kistinger, Carl H. Lindner, Keith Linder, Cyrus Freidheim Jr., Robert Fisher, Jeff Zalla, Steve Warshaw and Dorn Wenninger – either are currently or have been the subjects of criminal investigations in Colombia stemming from the facts at the core of this litigation. Although Charles Keiser, Roderick Robert Olson, Robert Kistinger, Carl H. Lindner,

Keith Linder, Cyrus Freidheim Jr., and Steve Warshaw have provided declarations that they will not object to the Colombia court's exercise of jurisdiction over the claims against them, they do not attest that they will subject themselves to providing testimony in Colombia. Exhibits 7-12. Indeed, Defendant's expert opines that the testimony of "company witnesses" could be given outside of Colombia. Decl. of De Calle, Ex 3 at para. 15. Plaintiffs therefore would seek to serve interrogatories on the individual defendants to determine their willingness to serve as witnesses in Colombia in a case against Chiquita, and to determine Chiquita's ability to compel the appearance of the non-defendant witnesses who are under criminal investigation in Colombia.

>    5.   *Plaintiffs Need Discovery Regarding the Third Parties Defendants Will Seek to Implead if this Litigation were to be Filed in Colombia.*

Defendants contend that they are entitled to "implead some or all of the many other actors identified in plaintiffs' complaints . . . ." (D.E. 741 at 33-34). The Defendants have been cagey about who these potential third-party Defendants are, though the list seemingly includes drug barons (possibly former paramilitaries) and large landowners. *Id.* at 34 n. 23. The participation of such third parties in the case could drastically alter the security implications for Plaintiffs and would also bear on Colombian courts' capacity to adequately handle the litigation.

Plaintiffs seek to serve interrogatories to ascertain whether Chiquita actually intends to implead Colombian third parties. If it does, Chiquita should provide the names and locations of those possible third-party defendants (or at least a good-faith basis for why they exist and are subject to impleader); whether they would be subject to jurisdiction in Colombia; the grounds on which Chiquita would implead them; why seeking contribution from them would not be sufficient; and the prejudice that it would

12

suffer if unable were to implead those third parties in litigation before this Court.  *See Wilson v. Island Seas Investments, Ltd.*, 590 F.3d 1264, 1272 (11th Cir. 2009) (holding that on remand, the district should inquire into whether the potential third party can be located for the purposes of impleading or retaining as a witness). Without this information, Plaintiffs will be prejudiced in their ability to respond to Chiquita's contentions regarding the necessity of impleading Colombian third parties and the safety of litigating in Colombia.

C.     Defendants Will Not Be Unduly Burdened by Providing the Limited,
       Particularized Discovery Plaintiffs Seek.

Plaintiffs' proposed discovery will allow Plaintiffs to make an informed response to Defendants' *forum non conveniens* arguments. It will not place an undue burden on Defendants, for several reasons.  Plaintiffs seek only documents and information presumably already within possession of Defendants and their experts, as evidenced by the fact that such documents and information presumably formed the bases for the contentions put forth in the *FNC* Motion.  Defendants should be able to easily provide this discovery. Furthermore, a great deal, if not most, of the documents that will be responsive to Plaintiffs' particularized discovery requests have already been gathered, prepared and produced by Defendants, either in the course of the criminal proceedings in the United States or the conciliations and civil party proceedings in Colombia in which Chiquita purports to be participating.

As to any expenses Defendants might complain will be incurred as a result of Plaintiffs' narrowly limited discovery requests, any such expenses are far outweighed by the risk to Plaintiffs that they will be left incapable of presenting an informed opposition

to the *FNC* Motion and the risk to these proceedings if the Court is not presented with such an opposition.

Accordingly, Plaintiffs' requests do not place an undue burden on Defendants that would preclude a lifting or modification of the existing discovery stay.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' Motion to Partially Lift the Stay of Discovery for the Limited Purpose of Permitting Discovery on Issues Related to Defendants' Motion to Dismiss for *Forum Non Conveniens*, and issue a ruling before Plaintiffs' opposition memoranda to Defendants' Motions to Dismiss are due on June 22, 2015.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the Plaintiffs have  conferred with counsel for the Defendants in a good faith effort to resolve the issues raised in this motion.  Because Defendants have informed Plaintiffs that they oppose *forum non conveniens* discovery, and the parties have been unable to resolve the issues raised.

Dated: April 23, 2015                    Respectfully submitted,

                                         /s/ MARCO SIMONS_____
                                         Marco Simons

                                         Richard Herz
                                         Michelle Harrison
                                         Jonathan Kaufman
                                         Marissa Vahlsing
                                         **EarthRights International**
                                         1612 K Street N.W., Suite 401
                                         Washington, D.C. 20006
                                         Tel: 202-466-5188
                                         Fax: 202-466-5189

Paul L. Hoffman
**Schonbrun, DeSimone, Seplow,
Harris, Hoffman & Harrison
LLP**
723 Ocean Front Walk
Venice, CA 90291
Tel: 310-396-0731
Fax: 310-399-7040

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll
PLLC**
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600
Fax: 202-408-4634

Judith Brown Chomsky
**Law Offices of Judith Brown
Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of
International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-994-5794

John DeLeon, FL Bar No. 650390
**Law Offices of Chavez-DeLeon**
5975 Sunset Drive, Suite 605
South Miami, FL 33143
Tel: 305-740-5347
Fax: 305-740-5348

***Counsel for John Doe I Plaintiffs,
original docket number: 9:08-cv-
80421-KAM***

15

James K. Green, FL Bar No. 229466
**James K. Green, P.A.**
Esperanté, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL 33401
Tel: 561-659-2029
Fax: 561-655-1357

Jack Scarola, FL Bar No. 169440
William B. King, FL Bar No. 181773
**Searcy Denney Scarola Barnhart &**
**Shipley, P.A.**
2139 Palm Beach Lakes Blvd.
P.O. Drawer 3626
West Palm Beach, FL 33402
Tel: 561-686-6300
Fax: 561-478-0754

*Counsel for Plaintiffs Jose and*
*Josefa Lopez Nos. 1 through 342,*
*original docket number: 9:08-cv-*
*80508-KAM*

Terrence P. Collingsworth
**Conrad & Scherer, LLP**
1156 15th St. NW, Suite 502
Washington, D.C. 20005
Tel: 202-543-4001
Fax: 866-803-1125

Eric J. Hager
**Conrad & Scherer, LLP**
Avenida República de El Salvador
500 e Irlanda Edificio Siglo XXI, PH
Oficina W Quito, Ecuador
Tel: 954-462-5500 ext. 461
Fax: 866-803-1125

*Counsel for DOES (1-144),*
*PEREZES (1-95), PEREZES (96-*
*795), and Carmen Tulia Cordoba*
*Cuesta et al. Original docket number: 9:08-*
*cv-80465-KAM 1:07-*
*cv-01048 (RJL)*

Jonathan C. Reiter

16

**Law Firm of Jonathan C. Reiter**
350 Fifth Avenue, Suite 2811
New York, NY 10118
Tel: 212-736-0979
Fax: 212-268-5297

Ronald S. Guralnick, FL Bar No.
111476
**Ronald Guralnick, P.A.**
Bank of America Tower at
International Place
100 S.E. 2d Street, Suite 3300
Miami, FL 33131
Tel: 305-373-0066
Fax: 305-373-1387

***Counsel for Plaintiffs Juan/Juana***
***Does 1-888 (previous caption), now***
***captioned as Sara Matilde Moreno***
***Manjarres et al. v. Chiquita Brands***
***International, Inc., Case No. 9:08-***
***cv-80480, (Southern District of***
***New York) (main MDL docket: 08-***
***01916-MD-Marra/Johnson)***

Sigrid S. McCawley
**Boies, Schiller & Flexner LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

Stephen N. Zack
**Boies, Schiller & Flexner LLP**
100 S.E. Second St., Suite 2800
Miami, FL 33131
Tel: (305) 539-8400
Fax: (305) 539-1307

Karen C. Dyer
**Boies, Schiller & Flexner LLP**
121 South Orange Ave., Suite 840
Orlando, FL 32801
Tel: (407) 425-7118
Fax: (407) 425-7047

Nicholas A. Gravante Jr.
Lee S. Wolosky
Magda M. Jimenez Train
**Boies, Schiller & Flexner LLP**
575 Lexington Ave., 7th Floor
New York, NY 10022
Tel: 212-446-2300
Fax: 212-446-2350

*Counsel for Plaintiffs Angela Maria Henao*
*Montes, et al., original docket number*
*1:10-cv-60573-KAM*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the

Clerk of the Court using CM/ECF on April 28, 2015. I also certify that the foregoing

document is being served this day on all counsel of record registered to receive electronic

Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's

First Case Management Order ("CMO") and the June 10, 2008, Joint Counsel List filed

in accordance with the CMO.

By: /s/ Jonathan G. Kaufman
         **JONATHAN G. KAUFMAN**

19