UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC., ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTIONS
_____/

Case No. 08-80465-CIV-MARRA

DOES 1-144 et. al.
       v.
CHIQUITA BRANDS INTERNATIONAL, et. al.
_____/

Case No. 10-80652-CIV-MARRA

DOES 1-976
       v.
CHIQUITA BRANDS INTERNATIONAL, et. al.
_____/

Case No. 11-80404-CIV-MARRA

DOES 1-677
       v.
CHIQUITA BRANDS INTERNATIONAL, et. al.
_____/

Case No. 11-80405-CIV-MARRA

DOES 1-254
       v.
CHIQUITA BRANDS INTERNATIONAL, et. al.
_____/

Case No. 13-80146-CIV-MARRA

DOES 1-97 et. al.

1

v.
BOIES SCHILLER & FLEXNER et al.
_____/

**Doe Plaintiffs' Motion to Partially Lift Stay
of Discovery to Respond to Defendant's
Motion to Dismiss for *Forum Non Conveniens***

The Doe Plaintiffs represented herein join in the Valencia et. al. Plaintiffs' Motion to Partially Lift the Stay of Discovery to Respond to Defendant's Motion to Dismiss for *Forum Non Conveniens*, R. 792,[1] and also want to take discovery on these issues. The Court should coordinate discovery and allow the Doe Plaintiffs to submit their own discovery requests. In particular:

1. The cases in Colombia have been in mediation for three years now, with no apparent progress. Chiquita's Motion to Dismiss for *Forum Non Conveniens*, R. 741, which was filed on March 9, 2015, is virtually identical to a previous Motion to Dismiss for *Forum Non Conveniens*, R. 502, which was filed on November 5, 2011. The same mediation cases are cited in both motions, with no apparent progress whatsoever in more than three years. In 2011, Chiquita claimed that the mediation was required before the claims were filed in Court, and that thousands of lawsuits in Colombia were imminent. Have any hearings been held? Has anything been submitted to a meditator, other than these lists of names? Has there been any progress in the mediation, or is there any other explanation as to why complaints have not yet been filed?

2. Chiquita argues that it intends to implead other companies that also paid the AUC, for contribution. Raul Hasbun, who organized the financing of the AUC in both Urabá

---

[1] The Valencia et al Plaintiffs did not file their motion in the main case (08-1916-MD), making it impossible to file the instant document as a Response using the ECF system, since the Doe Plaintiffs are not parties to Case 08-cv-80508. For technical reasons, the Doe Plaintiffs have to file this as a separate motion.

2

and Magdalena, told *Revista Semana* that there were hundreds of such companies in Urabá:

> **SEMANA**: So you believe that the prosecution closed the Chiquita case and refrained from bringing charges to others so as not to affect the banana industry?
>
> **RH**: The reason is that there are several very important people within the political and economic establishment. I gave some lists to the Prosecutor's Office of 270 banana farmers,[2] 400 cattle ranchers, and there could be a few thousand businessmen. The prosecutor does not have the capacity to investigate what happened in Urabá, but in addition there is no political will. It would ruin the fifth line of the national economy that feeds the GDP, which is the banana. Shutting it down and leaving 300,000 people without jobs, and that creates more dead than I and the guerrillas did for a long time.

See "The man who was the brain of the paraeconomy," Revista Semana, March 31, 2012, attached hereto as Exhibit 1.[3,4]

3.      There is no procedure in Colombian civil law equivalent to F.R.C.P. 14 for impleading third party defendants. Chiquita would have to sue each Colombian banana company and cattle rancher separately for contribution, each in a separate civil action. This would not make litigation in Colombia more convenient. Moreover, Chiquita could sue several of those companies in the U.S. now. The largest Colombian banana exporters in Uraba "do business" in some U.S. state on a continuous basis, providing general personal jurisdiction. In the eight years since the first complaint was filed, the Defendant has made no effort to implead them, or to take any legal action against them in Colombia, at least to our knowledge. The first time this came up was in the Defendant's prior *forum non conveniens* motion. R. 502.

---

[2] The Spanish word "bananero" means a person who grows bananas, and in this context refers to both individuals and companies in this business.

[3] I translated this article, which appears in both English and its original in Spanish in the Exhibit. I have also provided a certification at the end of this document, that the translation is accurate.

[4] See http://issuu.com/las2orillas/docs/fiscal__a_documento_hasb__n/9?e=11180490%2F8183075 for Raul Hasbun's list of companies paying the AUC.

4.      There are also no case management tools for mass torts in Colombia, such as bellwether trials or coordinated discovery, and no such thing as a class action.  Each plaintiff would need to have a separate trial.  It is hard to understand how this is supposed to work.  Presumably, Chiquita would have to wait until the thousands of individual claims have all been brought to trial, and then file separate lawsuits against hundreds of other companies that also paid the AUC.  Moreover, Colombian judges are not bound by principles of <u>res judicata.</u>  An important concept in Colombian law is the autonomy of judges, which is apparently more important than the consistency of the results.  The same facts would have to be proven over and over, in each of these cases.  The burden is on Chiquita to show how this would be more convenient.

Should the Court deny Plaintiffs' motion to partially lift the stay of discovery, Chiquita should at a minimum explain in a Reply Brief how it proposes to litigate this case in Colombia, with thousands of plaintiffs suing Chiquita, and Chiquita suing some unknown number of co-defendants, which potentially include thousands of other companies and individuals.  As a mass tort, this is case is relatively simple, compared to cases that have been filed against pharmaceutical companies in Federal courts, which often involve tens or hundreds of thousands of plaintiffs.  However, there is no precedent for this kind of litigation against private parties in Colombia.

       Respectfully submitted,

       /s/ Paul Wolf

       _____
       Paul Wolf  CO Bar #42107
       *Attorney for Does 1-144, 1-976,*
       *1-677, 1-254, and 1-97*
       PO Box 46213

4

Denver CO 80201
(202) 431-6986
paulwolf@yahoo.com
Fax: n/a

April 28, 2015

**Certification of Translation**

I hereby certify that I am fluent in Spanish, and that Exhibit 1 contains an accurate English translation of the March 31, 2012 article which appeared *Revista Semana*, entitled "El hombre que fue el cerebro de la paraeconomía."

/s/ Paul Wolf
_____

Paul Wolf

**Certificate of Service**

I hereby certify that on the 28th day of April, 2015, I filed the foregoing document with the clerk of the court through the Court's Electronic Case Filing (ECF) system, which will send notification to the attorneys of record for all other parties in this litigation.

/s/ Paul Wolf
_____

Paul Wolf