UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-01916-KAM

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN
TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

THIS DOCUMENT RELATES TO:

ATS ACTIONS

_____/

ORDER SUSTAINING IN PART & OVERRULING IN PART
PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
DISCOVERY REQUESTS REGARDING WITNESS PAYMENT ISSUES

**THIS CAUSE** is before the court following a preliminary round of limited discovery directed toward "the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case," as previously authorized by the Court in order entered April 7, 2015 [DE 759, p. 12]. Plaintiffs' counsel have since filed their responses to defendants' requests for production and interrogatories, including objections to certain of the defendants' discovery requests [DE 765 -772], and defendants have filed their response to those objections [DE 785].

Following review of the global interrogatories and requests for production of documents issued by defendants to each set of plaintiffs' counsel in this case [DE 785-1], along with plaintiffs' objections and the defendants' response to those objections, the Court makes the following rulings on the discovery objections in question:

A. **Defendants' Requests for Production of Documents**:

1. As to Request for Production No. 1, and the Defendants' request for "all documents regarding any payment by, on behalf of, or at the request of plaintiffs' counsel for the benefit of any witness or any agent, relative or associate of such a witness," including "documents concerning payments offered, considered or requested, but not made," all objections lodged by plaintiffs' counsel to this request are **OVERRULED.**

   In particular, and without limitation, the Court specifically **OVERRULES** the objections of vagueness, overbreadth and work product privilege asserted to this Request by Attorney Terry Collingsworth, as Attorney for Plaintiffs Does 1-144, Pérezes 1-95 and Pérezes 96-795 and Carmen Tulia Cordoba Cuesta et al... [DE 765]. *See generally Jamaica Time Petroleum, Inc. v. Federal Ins. Co*., 366 F.2d 156 (10th Cir. 1966) (credibility of fact witness who has been paid for testimony is proper issue for jury consideration), *cert. den*. 385 U.S. 1024 (1967); *Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Association*, 865 F. Supp. 1516 (S.D. Fla. 1994) (imposing sanctions for insurer's payment of $120,000 to fact witnesses to testify at depositions in civil action); *State of New York v Solvent Chemical Co.,* 166 F.R.D. 284 (W.D. N.Y. 1996) (consulting agreement and related documents surrounding defendant's retention of former employee and important fact witness as litigation consultant, as well as terms and conditions of retention, are not protected from disclosure under work product

rule). Attorney Collingsworth shall produce any responsive documents to this request within **THREE (3) DAYS** from the date of entry of this order.

Any other attorney who has lodged objections to this request and/or produced documents subject to any asserted objections to the request is directed to produce to defendants any documents not previously supplied within **THREE (3) DAYS** from the date of entry of this order.

2. As to Request for Production No. 2, and the Defendants' request for "all documents concerning *the propriety* of payments by, on behalf of, or at the request of plaintiff's counsel for the benefit of any witness or any agent, relative or associate of such a witness," including the document entitled "CHIQUITA: Ethics of Paying Witness's Legal Fees," [emphasis supplied], the objections of plaintiffs' counsel asserted on ground of work product privilege and common interest privilege are **SUSTAINED**. *Castel v. Sangamo Weston, Inc.*, 744 F.2d 1464 (11th Cir. 1984) (work product material retained privilege when shared between private plaintiffs' attorneys and EEOC counsel in preparation for joint trial); *Maplewood Partners, L.P. v. Indian Harbor Ins. Co.,* 295 F.R.D. 550 (S.D. Fla. 2013)(common-interest doctrine recognized under limited circumstances where sharing of otherwise privileged communications advances policy behind privilege). *Cf. JTR Enterprises, LLC v. an Unknown Quantity of Columbian Emeralds, etc.*, 297 F.R.D. 522 (S.D. Fla. 2013) (common-interest exception did not apply to protect attorneys' communications with non-party investors from disclosure).

3. As to Request for Production No. 3, and the Defendants' request for "all documents relating to payments by, on behalf of, or at the request of any plaintiffs' counsel to any paramilitary, or to agents, relatives and associates of any paramilitary," that plaintiffs or plaintiffs' counsel "have produced or received in connection *with any legal proceeding or investigation,*" including any documents produced in the *Drummond Co.* or *Dole Food Co*. litigation [emphasis supplied], the plaintiffs' objection to the request on ground it exceeds the authorized scope of discovery is **SUSTAINED in part and OVERRULED in part**.

    Plaintiffs shall produce documents pertaining to payments in other legal proceedings or investigations to the extent that any such payments involved overlapping witnesses, i.e. to the extent that payments were made on behalf or at request of plaintiffs named in other litigation to the prospective deponents in this case, including *Roldan Perez, Rendon Herrera or Mangoes Lugo*. As to this category of documents, the objections are **OVERRULED.**

    The objections are **SUSTAINED** to the extent the request is directed to the issue of witness payments to other persons in other litigation who are not prospective witnesses in this case.

    All other objections lodged to this Request or **OVERRULED.**

4. As to Request for Production No. 4, and the Defendants' request for "all documents regarding the security or safety risk to any paramilitaries or to their agents, relatives or associates for participating or testifying in any legal proceeding, including documents regarding measures taken by plaintiffs' counsel

4

to reduce such risk," the plaintiffs' objection to the request on ground it exceeds the authorized scope of limited discovery under the Court's April 7, 2015 Order is **SUSTAINED.**

5. As to Request for Production No. 5, and the request for "all communications or agreements … concerning the sharing of legal fees or conferring any financial interest in any legal matter, between plaintiffs' counsel and a paramilitary or any agent relative or associate of a paramilitary," all objections to this request are **OVERRULED** to the extent the request is directed and limited to payments made or offered to witnesses *in this case,* or to witnesses in other cases who are also potential witnesses in this case. With this limitation, plaintiffs shall produce any responsive documents not previously supplied within **THREE (3) DAYS** from the date of entry of this order.

6. As to Request for Production No. 6, and the request for "the memorandum dated July 2, 2008 from Terrence Collingsworth regarding [ ] Mangoes Lugo that was described by William J. Wichman as 'script of questions and answers' during a May 2, 2014 hearing in the action captioned *Conrad & Scherer LLP v Wichman*," the objections lodged by Attorney Collingsworth [765] on ground of work product privilege are **OVERRULED** to the extent that the memorandum in question either was provided or otherwise disclosed to the witness Mangones Lugo, or to the extent any portion of the memorandum was read or introduced in evidence or otherwise made part of the record in the action referenced, *Conrad & Scherer LLP v. Wichman,* Case 09-011600, in the Circuit Court of the 17th Judicial Circuit in Broward County, Florida.

To the extent this memorandum does not fall into either one of those categories, ruling on Attorney Collingsworth privilege assertion is **RESERVED**, pending the court's *in camera* review of the document. Attorney Collingsworth is directed to file an updated response to the defendants' Request for Production of Documents within **THREE (3) DAYS** from the date of entry of this order indicating whether the document falls into either of these categories; if he contends it does not, he shall, within **THREE (3) DAYS** from the date of entry of this order, submit the document under seal for *in camera* inspection and a determination by the court on the validity of the privilege assertions.

All other objections to the request are **OVERRULED**.

7. As to Request for Production No. 7, and the request for "all testimony or statements" of the three prospective witnesses in this case, including transcripts or summaries of their testimony in "Justice and Peace" proceedings, the objections asserted by plaintiffs' counsel on ground of work product privilege, common interest privilege, and on further ground that the request exceeds the limited scope of discovery authorized by the court, are **SUSTAINED.**

8. As to Request for Production No. 8, and the request for "all documents reflecting testimony or statement by any other paramilitary relating to Chiquita or its Columbian subsidiaries," the objections asserted on ground of work product privilege, common interest privilege, and on further ground that the request exceeds the limited scope of discovery authorized by the court, are **SUSTAINED**.

9. As to Request for Production No. 9, and the request for "all documents that plaintiffs' counsel, or anyone acting on behalf of or at the request of plaintiff's

counsel, provided to showed to or received from any paramilitary or any paramilitary's agent, relative or associate," the objections asserted on ground of work product privilege, and on further ground that the request exceeds the limited scope of discovery authorized by the court are **OVERRULED** to the extent the Request seeks production of documents provided or shown to any paramilitary witness or paramilitary agent, etc., who has received any fee or compensation or promise of compensation from any plaintiff or plaintiff's counsel in this cause, *see State of New York v. Solvent Chemical Co.,* 166 F.R.D. 284 (W.D. N.Y. 1996), and any responsive documents falling into this category shall be produced within **THREE (3) DAYS** from date of entry of this order.

To the extent the Request seeks production of documents provided or shown to a witness falling outside of this category, the objections are **SUSTAINED**.

10. As to Request for Production No. 10, and the request for "all documents relied upon in responding to Chiquita's (concurrently served) Interrogatories," the Court's corresponding ruling on plaintiff's objections to the Interrogatories shall control the discoverability of the supporting documents requested in this item.

11. Finally, Chiquita indicates that Attorney Wolf has filed a public response to its Requests for Production, asserting no objections, and that Chiquita has not yet reviewed those documents in light of the assertion of work product privilege and common-interest privilege asserted by other plaintiffs' counsel over the documents in question. In light of this assertion, which was allegedly combined with a threat to seek disqualification of Chiquita's counsel if it proceeded to unilaterally review the documents, Chiquita seeks permission to file the materials

with the court under seal for *in camera* review and a ruling on the work product and common-interest privilege objections. The Court shall grant this request, and accordingly directs Chiquita to submit under seal Attorney Wolf's April 20, 2015 document production and written discovery responses, for *in camera* inspection and ruling by the court on the work product and common-interest privilege objections asserted by other plaintiffs' counsel. Chiquita shall submit the documents in question to the Court within **FIVE (5) DAYS** of the date of entry of this order.

B.  **Defendants' Interrogatories**

1. With regard to Interrogatory No. 1, and the request for a detailed description of any *payments made* by, on behalf or at request of any plaintiffs' counsel for the benefit of any prospective witness or any agent, relative or associate of a witness in this case, all objections are **OVERRULED,** and any counsel who has lodged objections to this Interrogatory and/or provided a qualified answer subject to any asserted objections is directed to file a complete answer to the Interrogatory within **THREE (3) DAYS** from the date of entry of this order.

2. With regard to Interrogatory No. 2, and a request for a detailed description of any *payments offered or requested to be made*, by, on behalf or at the request of any plaintiffs' counsel for the benefit of any prospective witness, agent of witness, etc., all objections are **OVERRULED,** and any counsel who has lodged objections to this Interrogatory and/or provided a qualified answer subject to any asserted objections is directed to file a complete answer to the Interrogatory within **THREE (3) DAYS** from the date of entry of this order.

3. With regard to Interrogatory No. 3, and a request for a description of any efforts undertaken by plaintiffs' counsel to reduce any risk to the security or safety of a paramilitary or a paramilitary agent, relative or associate, objections to the Interrogatory on ground it exceeds the authorized scope of limited discovery are **SUSTAINED**.

4. With regard to Interrogatory No. 4, and a request for a description of communications between plaintiffs' counsel and any paramilitary or agent, relative, associate of a paramilitary, objections to the Interrogatory on ground it exceeds the scope of limited discovery are **OVERRULED** to the limited extent that the Interrogatory is directed to communications which relate to "(non-expert) witness payments, gifts or benefits of any kind or nature in this case," and the objections are **SUSTAINED** to the extent the Interrogatory is directed to any communications falling outside this category.

5. With regard to Interrogatory No. 5, and the request for identification of any plaintiff's counsel who "is or was a paramilitary or an agent relative or associate of a paramilitary," as well as a description of the terms of their engagement as plaintiffs' counsel, the objections to this Interrogatory as exceeding the scope of authorized discovery are **OVERRULED**, and any counsel who has lodged objections to this Interrogatory and/or provided a qualified answer subject to any asserted objections is directed to file a complete answer to the Interrogatory within **THREE (3) DAYS** from the date of entry of this order.

6. With regard to Interrogatory No. 6, and a request for identification of each person who has a direct financial interest or stake in the outcome of this litigation -- other

than plaintiffs and the law firms that have entered appearances in this matter – any objections to this Interrogatory as exceeding the scope of authorized discovery are **OVERRULED**, and any counsel who has lodged objections to this Interrogatory and/or provided a qualified answer subject to any asserted objections is directed to file a complete answer to the Interrogatory within **THREE (3) DAYS** from the date of entry of this order.

7. With regard to Interrogatory No. 7, and a request for identification of every agent, relative or associate of any paramilitary with whom Plaintiffs' counsel has any agreement (defined as any oral or written contract, arrangement, engagement or understanding, whether formal or informal), as well as a description of the nature and terms of any such agreement, any objections to this Interrogatory as exceeding the scope of authorized discovery are **OVERRULED** to the extent the Interrogatory is directed at discovery of information regarding any paramilitary who is a prospective witness in this MDL litigation, and any counsel who has lodged objections to this Interrogatory and/or provided a qualified answer subject to any asserted objections is directed to file a complete answer to the Interrogatory within **THREE (3) DAYS** from the date of entry of this order. As to any witnesses falling outside this category, the objections are **SUSTAINED**.

8. With regard to Interrogatory No. 8, and a request for identification of each paramilitary who has exchanged any document with plaintiffs' counsel, objections on ground that the request exceeds the scope of authorized discovery are **OVERRULED** to the extent the Interrogatory is directed at communications which relate to the issue of witness payments, gifts or benefits of any kind or nature in this case, and any

10

counsel who has lodged objections to this Interrogatory and/or provided a qualified answer subject to any asserted objections is directed to file a complete answer to the Interrogatory within **THREE (3) DAYS** from the date of entry of this order. As to any documents falling outside this category, the objections are **SUSTAINED**.

9. With regard to Integratory No. 9, and the request for a description of how plaintiffs' counsel were or are "actively seeking the voluntary cooperation" or "pursuing the consent" of the prospective paramilitary witness (Perez, Lugo, Herrera), the objections to the Interrogatory on ground it exceeds the scope of authorized discovery are **SUSTAINED --** except to the extent plaintiffs' counsel have sought cooperation or consent of the witnesses through financial incentives or remuneration of any kind.

10. With regard to Interrogatory No. 10, and the request for identification of every legal proceeding or investigation in which the issue of payments to paramilitaries by plaintiffs' counsel has been the subject of any inquiry, discovery request order or filing, objections to the Interrogatory on ground it exceeds the authorized scope of discovery are **OVERRULED** to the extent that the issue of payments to paramilitaries in any other legal proceeding or investigation involved any of the prospective paramilitary witnesses in this MDL litigation. As to proceedings or investigations falling outside of this category, the objections are **SUSTAINED**.

**DONE AND ORDERD** in Chambers at West Palm beach, Florida this 5th day of May, 2015.

KENNETH A. MARRA
United States District Judge

Cc. all counsel