**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 08-01916-MD-MARRA/JOHNSON**

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION

_____/

This Document Relates To:
ATS ACTIONS

08-80421-CIV-MARRA
08-80465-CIV-MARRA
08-80508-CIV-MARRA
10-60573-CIV-MARRA
08-80480-CIV-MARRA

_____/

**PLAINTIFFS' MEMORANDUM IN REPLY TO DEFENDANTS' OPPOSITION**
**MEMORANDUM TO PLAINTIFFS' MOTION FOR *FORUM NON***
***CONVENIENS DISCOVERY***

Plaintiffs need the limited and minimally burdensome discovery they have requested to respond adequately to the factual and legal assertions that Chiquita raised in its *forum non conveniens* motion. In opposing Plaintiffs' motion for discovery, Chiquita improperly seeks to litigate *forum non conveniens* ("*FNC*") on the merits.

First, Chiquita now insists the issues *it* raised in its *FNC* motion are irrelevant because the Eleventh Circuit carved out a class of cases *sub silentio* for which *FNC* dismissal is required as a matter of law. But there is no class of cases subject to automatic *FNC* dismissal. Second, Chiquita faults Plaintiffs for not filing affidavits with their motion. But Chiquita's approach is backwards; a motion for discovery is not summary judgment. Plaintiffs need not provide evidentiary submissions on the merits of *FNC* to get discovery; discovery is warranted *so that* Plaintiffs can adequately respond on the merits. Finally, Plaintiffs' motion is a timely response to the *FNC* motion that is *currently before this court*; the time elapsed since the prior *FNC* motion was denied is irrelevant.

## ARGUMENT

**1.** ***Ford* does not bar *forum non conveniens* discovery in secondary liability cases.**

Chiquita's argument is premised on *Ford v. Brown*, 319 F.3d 1302 (11th Cir. 2003), but that case does not address *FNC* discovery.[1] Nor does it work the sea-change in *FNC* law that Chiquita asserts. *Ford* does not create a new standard requiring *FNC* dismissal in all secondary liability cases; in fact, it applies the normal, fact-intensive *FNC* analysis. Thus *Ford supports* the fact-specific approach necessitating discovery here.

---

[1] In fact, *Ford* entailed "nearly a dozen days of evidentiary hearing on just the forum non-conveniens and motions for sanctions issues." *Id.* at 1312.

1

In *Ford*, the court noted that *FNC* involves a "balancing test" with a host of relevant factors, 319 F.3d at 1307, but granted dismissal because "[o]f all possible forums, Florida is unquestionably the worst." *Id.* at 1309.  After extensive evidentiary hearings, the court found that "all of the alleged acts occurred in Hong Kong," with virtually no relevant evidence in Florida. *Id*. at 1308-09. Here, Chiquita *admits* that much of its relevant conduct occurred in the U.S., and there is substantial and relevant evidence here. Plaintiffs seek discovery into precisely the information that was relevant in *Ford*.

Dismissal was also appropriate in *Ford* because there were comity concerns: a Hong Kong court had already determined that no conspiracy had occurred, and the Plaintiff wanted to re-litigate the issue in the U.S. *Id.* at 1309-10. There is no comity concern here, as Chiquita admits there is no current legal proceeding against it in Colombia, let alone a Colombian judgment that a U.S. proceeding could controvert.  And the *Ford* Court did not face the same adequacy and availability concerns presented here, namely Plaintiffs' inability to safely and actually litigate their claims in Colombia.[2]

In short, the Eleventh Circuit did not create a class of *FNC* cases that could be determined as a matter of law. Rather, it reiterated that, among other things, "the court should make a *reasoned assessment* as to the likely location" of proof that will prove or disprove the plaintiff's cause of action. *Id.* at 1308 (emphasis added). This is a case-

---

[2] It is also unclear whether *Ford* involved anything like Chiquita's strategy here, where a U.S. company seeks dismissal to a forum in which it is absent, while reserving the right to challenge the enforcement of any Colombian judgment in the United States. Courts have determined that this possibility of U.S. re-litigation weighs against *FNC*. *See, e.g.*, *Maynas Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1231 (9th Cir. 2011).

specific assessment that Plaintiffs – with the aid of discovery – can easily meet.[3]

**2. Plaintiffs' limited discovery request is within the Court's discretion.**

Plaintiffs' limited discovery requests only address *FNC* issues, in particular, matters raised by Defendants, and are therefore proper. Chiquita's own cases support Plaintiffs' position that discovery related to the FNC dismissal motion should be permitted. For example, in *Norex Petroleum Ltd. v. Access Industries, Inc.,* the court permitted depositions of the defendants' foreign law experts and denied other discovery only because it went to the merits of the underlying action. 2003 WL 1484269, at *2 (S.D.N.Y. Mar. 21, 2003). In *In re Bridgestone/ Firestone Litig.*, 131 F. Supp. 2d 1027, 1031 (S.D. Ind. 2001), the court permitted deposition of the defendants' foreign law expert, noting that along with legal issues, he opined that the foreign law "comports with recognized standards of due process." *Id.* Here, Mr. Tamayo opined that Colombia's laws provide for "fair proceedings and results," D.E. 741-1 ¶ 1, and Plaintiffs may seek the bases for his "sweeping conclusions . . . [.]"*In re Bridgestone/ Firestone Litig.*, 131 F. Supp. 2d at 1031. Chiquita's other cases further support Plaintiffs' requests. As Chiquita admits, *Beaman v. Maco Caribe, Inc.*, 790 F. Supp. 2d 1371, 1376 (S.D. Fla. 2011) recognizes that courts permit discovery of issues central to *FNC*; so does *Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 451, n.3 (2nd Cir. 1975).[4]

**a. Plaintiffs' requests are relevant to facts Defendants have put in issue.**

---

[3]Regardless, Defendants' purported secondary liability rule would not assist them, because the complaints allege primary liability for negligence, negligent hiring and negligence *per se. E.g.,* D.E. 589 ¶¶ 357-369.

[4] The cases denying discovery do not assist Chiquita. In *Beekmans v. J.P. Morgan & Co.*, 945 F. Supp. 90, 95 (S.D.N.Y. 1996), the court denied discovery because it could not have influenced the determination of *FNC*. In *Argoquest Holdings, LLC v. Israel Disc. Bank Ltd.*, 2005 WL 6070168, *6 n. 11 (C.D. Cal. Apr. 8, 2005), plaintiff failed to explain how the discovery would assist it.

Each of the topics about which Plaintiffs seek discovery bears on the adequacy or availability of the Colombian forum, the materiality, location and availability of witnesses or evidence, or the amenability of parties to jurisdiction. Defendants argue that discovery is unwarranted because Plaintiffs have not shown that the discovery is "central" and "required" for the disposition of the *FNC* motion. D.E. 789 at 4-5. This is a strange argument because the thrust of Plaintiffs' discovery request is that Chiquita needs to provide clarification and context for the facts *it* has put forward as relevant.

Chiquita's further claim that Plaintiffs must make an evidentiary showing that there are disputed issues of material fact is unsupported and illogical. While plaintiffs may submit affidavits, no case suggests that Plaintiffs must essentially meet a summary judgment standard before they may receive the very evidence relevant to disputing *FNC*. Nothing in *Norex* or *In re Bridgestone/Firestone Litig.* suggests that the plaintiffs had submitted contrary affidavits. In *Base Metal Trading S.A. v. Russian Aluminum*, the court noted the existence of dueling affidavits but did not indicate that an evidentiary showing would be necessary before plaintiffs could investigate "the bases for the opinions of Defendants' foreign law experts through depositions . . . [.] No. 00 CIV.9627 JGK FM, 2002 WL 987257, at *3 (S.D.N.Y. May 14, 2002). And in *Argoquest*, discovery was denied because the request was relegated to a footnote in their *FNC* opposition, and plaintiffs had not articulated how discovery would "yield additional support for their position[.]" 2005 WL 6070168, *6 n. 11 (C.D. Cal. Apr. 8, 2005) (citing *Pollux Holding Ltd. v. The Chase Manhattan Bank*, 329 F.3d 64,75-76 (2d Cir. 2003)).[5]

---

[5] Even if the Court agreed with Chiquita that Plaintiffs must present evidence before receiving discovery, that would still not warrant denial of Plaintiffs' discovery motion.

4

     i.     *The conciliation proceedings are an appropriate topic of discovery.*

Chiquita has used the existence of conciliation demands to assert that Colombia is the better forum to litigate this case, suggesting that the existence of these demands show that there are available remedies and that it is safe to litigate in Colombia. Now, Chiquita admits that each of those demands went nowhere, and that none ripened into a civil demand that could have provided a remedy. D.E. 798 at 5-6. It may be that Chiquita has no more information on these proceedings because they are, in fact, non-proceedings. But given Chiquita's argument that the conciliation demands are relevant, Plaintiffs are entitled to information Chiquita has about the sufficiency of those proceedings and the reasons why they did not ripen into civil demands – issues that bear on the adequacy and availability of Colombia as a forum for resolution of the claims at issue in this case. Moreover, if in preparation for the conciliation proceedings, Chiquita identified other parties whose participation would have been needed, the nature of those parties is relevant to the *forum non conveniens* analysis for the reasons described *infra*.

     ii.    *Defendants concede the relevance of the availability of U.S. evidence.*

Chiquita cannot argue that evidence in the United States is irrelevant to *forum non conveniens*. Because balancing the private interests involves an assessment of where evidence lies that is relevant to proving or disproving the claims, the Eleventh Circuit directs this court to consider and answer the questions: Who knows what? Where are they? Are they willing to testify, and where can they be made to testify? *See Ford*, 319 F.3d at 1308. The availability and nature of documents that Chiquita can assure this court

---

Instead, the proper course would be to defer ruling until Plaintiffs present evidence in their response to Chiquita's *forum non conveniens* motion.

will be provided in a proceeding in Colombia are equally relevant. Chiquita stipulates that it will make witnesses "under [its] control" *available* for testimony in Colombian courts, D.E. 741 at 32. Plaintiffs seek this discovery to pinpoint the availability of *material* evidence because Chiquita has given little indication of where the central evidence in the case is or whether it is actually under Chiquita's control.

Put simply: if it is relevant enough to Chiquita's argument that it would stipulate to bring unspecified persons and evidence to Colombia for trial, then it is also relevant to Plaintiffs' opposition to find out who and what some of them are and, perhaps more importantly, who and what Chiquita does *not* include in this list. Similarly, Plaintiffs need to test Defendants' own proffer by serving interrogatories on the Individual Defendants to determine their willingness to serve as witnesses in a Colombian court in a case against Chiquita, and Chiquita's ability to compel the appearance of non-defendant witnesses who are under criminal investigation in Colombia.

Chiquita claims that there is no authority for asking for this information, citing *Grp. GC Builders v. Cahaba Disaster Recovery, LLC*, 534 F. App'x 826 (11th Cir. 2013). But under *Cahaba*, a defendant must identify at least enough information "to enable the [d]istrict [c]ourt to balance the parties' interests." *Id.* at 829.[6] The *availability*, materiality, and importance of evidence and witnesses for trial are questions that cannot be answered with a blanket statement that hypothetical but unidentified persons are located in Colombia. This is the import of *Wilson v. Island Seas Investments, Ltd.*, 590 F.3d 1264 (11th Cir. 2009), which Chiquita tries to bury in a footnote. In *Wilson*, the defendants

---

[6] Moreover, *Cahaba* is not a discovery case, nor does it bar plaintiffs from inquiring into the identity and nature of defendants' purported witnesses and evidence in order to defeat *forum non conveniens* dismissal.

conceded that that they did not actually know a key witness's location. The Circuit reversed *FNC* dismissal, noting that "[a]ny doubts as to whether he can be found in the Bahamas should be taken into account in weighing the availability of witnesses and the ability to implead potential third-party tortfeasors." *Id.* at 1272.[7] *See also Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1146 (9th Cir. 2001) (focus is not on quantity of evidence, but rather on the "materiality and importance of the anticipated [evidence and] witnesses' testimony" and "their accessibility and convenience to the forum").

> iii.    *Chiquita's intentions as to suing or calling paramilitaries and other powerful entities in Colombian proceedings are an appropriate topic of discovery.*

In its *FNC* motion, Chiquita relies heavily on its intention to implead or call as witnesses powerful individuals and entities in Colombia. D.E. 741 at 33-34. Just as the nature of evidence in the U.S. is relevant, so is the evidence Chiquita believes exists in Colombia.  In order to duck its burdens to prove that Colombia is an adequate forum and to identify evidence that would be unavailable in a U.S. proceeding, Chiquita argues that it is Plaintiffs who must preemptively rebut their showing because Plaintiffs referred to the existence of other AUC associates in their complaints. D.E. 798 at 9-10. But Plaintiffs are not omniscient, nor is it their job to craft Defendants' legal strategy. Chiquita has used the possibility that it *may* call or implead some or all of these persons to seek

---

[7] Chiquita also recapitulates its argument that any inquiry into the relative numbers and identities of witnesses and evidence in the U.S. would be futile because of the number of people they would expect to question in Colombia. But the analysis involves more than counting witnesses. Key evidence relating to Chiquita's liability is not located in Colombia. Moreover, the question is not only of location, but of *availability*. *Wilson*, 590 F.3d at 1272. Plaintiffs are all willing to provide evidence in a U.S. trial, and Chiquita has not identified a single person that would *not* be available to testify in the United States. Whatever the *FNC* analysis requires, surely it is more than a generalized assertion that many unidentified individuals would not testify in a U.S. proceeding.

dismissal. This strategy could endanger plaintiffs' lives. Under such circumstances, Chiquita must now go beyond generalities and provide further information to enable an evaluation of who and where these individuals are, whether their testimony is material, and why Chiquita needs to implead them as opposed to seeking contribution from them.

     *iv.*    *Plaintiffs should be allowed to depose Chiquita's experts.*

Plaintiffs will challenge Chiquita's experts with their own when they submit their opposition to Chiquita's FNC motion. But Plaintiffs are entitled to explore the bases for Mr. Tamayo and Mr. Shifter's conclusions. For example, in *In re Bridgestone/Firestone, Inc.*, 131 F. Supp. 2d 1027 (S.D. Ind. 2001), the court allowed the deposition of a foreign law expert precisely because he had made relevant conclusions that were not clearly supported by the statutory materials cited. "Discovery on the basis for this conclusion . . . is certainly appropriate here, *as it is generally for the testimony of experts.*" *Id.* at 1031 (emphasis added). The court in that case did not require dueling expert declarations to establish a basis for discovery, as Chiquita would have it; the relevance of the expert's factual conclusions to an element of the *forum non conveniens* analysis sufficed.

Chiquita's foreign law expert, Mr. Tamayo, has made a number of assertions of Colombian law for which he provides no citation or support. These include:

- A Colombian court would not recognize a class judgment from the United States, which exonerated Chiquita, as binding on absent class members. *Id.* ¶ 36.

- Parties can be compelled to testify about facts in their knowledge and if they fail to then those facts are "established if the interrogatory has been previously filed in writing . . . ." *Id.* at ¶ 42.

- Colombian laws and treaties contain mechanisms for taking testimony from

witnesses that are not in Colombia. *Id.* at ¶ 44.

- Civil parties may join criminal proceedings and if the criminal defendant is found guilty, that civil party has "a right of indemnification . . . from the person found guilty and from any third party that is liable for the harm." *Id.* at ¶ 53.

Chiquita relies on these assertions to argue that civil procedure and financial reality are such that Colombia is an adequate forum, and that Chiquita faces the possibility that Colombian courts would disregard a U.S. class judgment exonerating it. Of course, should Plaintiffs and their experts determine that Mr. Tamayo is wrong, his unsubstantiated claims about foreign law should not be credited, 9A Wright *et al.*, *Federal Practice And Procedure* § 2447 (3d ed. 1998), as the individual defendants concede. D.E. 735 at 37-38. Regardless, Defendants have put forward Mr. Tamayo's declaration, and Plaintiffs are entitled to know why he believes his statements to be true.

Mr. Shifter, too, makes assertions resting on dubious factual assumptions, on which the Defendants rely in their motion. Mr. Shifter opines that Colombia is a safe place to litigate and bases that conclusion, in part, on the fact that paramilitaries and other dangerous elements would not be parties to that action. D.E. 741-5 ¶ 30. Plaintiffs' own experts will opine on this issue, but it is certainly relevant if Chiquita's own expert would revise his conclusion if presented with Chiquita's supposed intention of involving paramilitaries and narco-traffickers in any Colombian proceedings.

Chiquita argues that it would be irrelevant to depose Mr. Shifter because he cannot opine on the danger to any particular litigant if Chiquita were to implead a paramilitary in Colombian proceedings. D.E. 798 at 12-13. But it is Chiquita's burden to show that the litigation in the Colombian forum would be safe for persons similarly

situated to these plaintiffs. *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311-12 (11th Cir. 2001) ("A defendant has the burden of persuasion as to all elements of a *forum non conveniens* motion, including the burden of demonstrating that an adequate alternative forum is available."). Either Mr. Shifter's assessment of the safety of litigation in Colombia suffices to meet that burden, or it does not. It cannot be relevant for Chiquita's argument but not for Plaintiffs'. Plaintiffs are therefore entitled to inquire into the bases for his opinion, and his qualifications to render an opinion at all, since Chiquita has admitted that he cannot be asked to provide an opinion at the requisite level of specificity. *See In re Bridgestone/Firestone*, 131 F. Supp. 2d at 1031.

### b.  Plaintiffs have not waived their request for *FNC* discovery.

Defendants' argument that it is too late for Plaintiffs to seek discovery is meritless. D.E. 798 at 13-14. When they oppose the pending *FNC* motion, Plaintiffs may and will submit expert declarations concerning the relevant issues. But Chiquita's suggestion that Plaintiffs should be penalized for not seeking evidence to rebut a different motion that was filed and dismissed years ago and was never briefed, makes little sense. Conditions on the ground change, and Plaintiffs could not have known which arguments Chiquita would recycle in its renewed *FNC* motion. It can hardly be too late to seek discovery necessary to respond to a pending motion.

### CONCLUSION

Plaintiffs' proposed discovery is narrowly targeted to test assertions Chiquita itself made in its motion. Chiquita cannot argue now that these issues are irrelevant to *forum non conveniens.* For the foregoing reasons, Plaintiffs should be permitted discovery into the claims Chiquita itself argues support dismissal.

Dated: May 8, 2015

Respectfully submitted,

/s/ MARCO SIMONS_____
Marco Simons

Richard Herz
Michelle Harrison
Jonathan Kaufman
Marissa Vahlsing
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189

Paul L. Hoffman
**Schonbrun, DeSimone, Seplow,
Harris, Hoffman & Harrison
LLP**
723 Ocean Front Walk
Venice, CA 90291
Tel: 310-396-0731
Fax: 310-399-7040

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll
PLLC**
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600
Fax: 202-408-4634

Judith Brown Chomsky
**Law Offices of Judith Brown
Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of
International Law**
5425 Connecticut Ave., N.W., #219

11

Washington, D.C. 20015
Tel: 202-994-5794

John DeLeon, FL Bar No. 650390
**Law Offices of Chavez-DeLeon**
5975 Sunset Drive, Suite 605
South Miami, FL 33143
Tel: 305-740-5347
Fax: 305-740-5348

*Counsel for John Doe I Plaintiffs, original docket number: 9:08-cv-80421-KAM*

James K. Green, FL Bar No. 229466
**James K. Green, P.A.**
Esperanté, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL 33401
Tel: 561-659-2029
Fax: 561-655-1357

Jack Scarola, FL Bar No. 169440
William B. King, FL Bar No. 181773
**Searcy Denney Scarola Barnhart & Shipley, P.A.**
2139 Palm Beach Lakes Blvd.
P.O. Drawer 3626
West Palm Beach, FL 33402
Tel: 561-686-6300
Fax: 561-478-0754

*Counsel for Plaintiffs Jose and Josefa Lopez Nos. 1 through 342, original docket number: 9:08-cv-80508-KAM*

Terrence P. Collingsworth
**Conrad & Scherer, LLP**
1156 15th St. NW, Suite 502
Washington, D.C. 20005
Tel: 202-543-4001
Fax: 866-803-1125

Eric J. Hager
**Conrad & Scherer, LLP**

12

Avenida República de El Salvador
500 e Irlanda Edificio Siglo XXI, PH
Oficina W Quito, Ecuador
Tel: 954-462-5500 ext. 461
Fax: 866-803-1125

***Counsel for DOES (1-144),
PEREZES (1-95), PEREZES (96-
795), and Carmen Tulia Cordoba
Cuesta et al. Original docket number: 9:08-
cv-80465-KAM 1:07-
cv-01048 (RJL)***

Jonathan C. Reiter
**Law Firm of Jonathan C. Reiter**
350 Fifth Avenue, Suite 2811
New York, NY 10118
Tel: 212-736-0979
Fax: 212-268-5297

Ronald S. Guralnick, FL Bar No.
111476
**Ronald Guralnick, P.A.**
Bank of America Tower at
International Place
100 S.E. 2d Street, Suite 3300
Miami, FL 33131
Tel: 305-373-0066
Fax: 305-373-1387

***Counsel for Plaintiffs Juan/Juana
Does 1-888 (previous caption), now
captioned as Sara Matilde Moreno
Manjarres et al. v. Chiquita Brands
International, Inc., Case No. 9:08-
cv-80480, (Southern District of
New York) (main MDL docket: 08-
01916-MD-Marra/Johnson)***

Sigrid S. McCawley
**Boies, Schiller & Flexner LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

13

Stephen N. Zack
**Boies, Schiller & Flexner LLP**
100 S.E. Second St., Suite 2800
Miami, FL 33131
Tel: (305) 539-8400
Fax: (305) 539-1307

Karen C. Dyer
**Boies, Schiller & Flexner LLP**
121 South Orange Ave., Suite 840
Orlando, FL 32801
Tel: (407) 425-7118
Fax: (407) 425-7047

Nicholas A. Gravante Jr.
Lee S. Wolosky
Magda M. Jimenez Train
**Boies, Schiller & Flexner LLP**
575 Lexington Ave., 7th Floor
New York, NY 10022
Tel: 212-446-2300
Fax: 212-446-2350

***Counsel for Plaintiffs Angela Maria Henao Montes, et al., original docket number 1:10-cv-60573-KAM***

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on May 8, 2015. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008, Joint Counsel List filed in accordance with the CMO.

By: /s/ Jonathan G. Kaufman
      **JONATHAN G. KAUFMAN**