UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

Case No. 9:08-cv-80465-KAM

DOES (1-144), PEREZES (1-95), PEREZES (96-795),
and Carmen Tulia Cordoba Cuesta et al.

               Plaintiffs,

v.

CHIQUITA BRANDS INTERNATIONAL, INC. ET AL

               Defendants
_____/

**PLAINTIFFS' FIRST AMENDED OBJECTIONS AND RESPONSES TO DEFENDANTS CHIQUITA BRANDS INTERNATIONAL, INC. AND CHIQUITA FRESH NORTH AMERICA LLC'S SPECIAL SET OF INTERROGATORIES**

Plaintiffs, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure 26 and 33, and in compliance with the Court's Order dated May 5, 2015, ECF No. 797, hereby respond to Defendants CHIQUITA BRANDS INTERNATIONAL, INC. and CHIQUITA FRESH NORTH AMERICA LLC's Special Interrogatories, dated April 17, 2105. Plaintiffs specifically reserve the following:

    1.    The right to object to any of the responses based upon competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this or any other action.

    2.    The right to object to the use of any of these responses in any subsequent

1

proceeding in, or the trial of, this or any other action.

3. The right to object on any ground at any time to a demand for any further response to these or any other interrogatories or other discovery procedures involving or relating to the subject matter of these responses, subject to lawful provisions and obligations under the Federal Rules of Civil Procedure or any legal ruling by this Honorable Court.

4. To the extent Plaintiffs discover additional responsive information, they reserve the right to supplement or revise these objections and responses at any time. Responses to discovery are made with the understanding that Plaintiffs have not completed their legal or factual investigation, discovery, and/or trial preparation and the responses set forth below are based upon only the information currently available and known following a reasonable and diligent investigation in responding to these document requests with the time and resources available. In this regard, Plaintiffs note they effectively had only 3 business days to respond to these interrogatories. Moreover, by reserving the right to supplement or revise these responses and objections, Plaintiffs are doing nothing to waive their objection to Instruction 1. *See* General Objection No. 2, *infra*.

## GENERAL OBJECTIONS

Plaintiffs make the following objections, which Plaintiffs incorporate into their responses to Defendants CHIQUITA BRANDS INTERNATIONAL, INC. and CHIQUITA FRESH NORTH AMERICA LLC's Special Interrogatories below:

1. Plaintiffs object to each Definition, Instruction, and Interrogatory to the extent any purports to require the production of information beyond the scope of that which is required by the Federal Rules of Civil Procedure or any applicable local rule.

2. Plaintiffs specifically object to Instructions 1, 2, and 3 to the extent they seek to

expand Plaintiffs' obligations beyond what is required by the Federal Rules of Civil Procedure or any applicable local rule. Given the nature of Defendants' Special Interrogatories, Plaintiffs interpret the requests as directed at Plaintiffs' counsel and not the individual Plaintiffs.

      3.      Plaintiffs object to all Interrogatories to the extent they seek the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs further object that most of Defendants' Interrogatories deliberately and improperly seek information that is protected by the attorney-client privilege or the work-product doctrine. Plaintiffs will not be producing or identifying any information concerning internal communications between counsel for Plaintiffs or between counsel and their clients. Plaintiffs reserve all such privileges and assert them in each instance Defendants have sought this plainly privileged information. Plaintiffs further object to any attempt by Defendants to obtain work product from any other attorney representing clients in the *In re: Chiquita Brands International, Inc.* multi-district litigation ("*Chiquita* MDL"), including, but not limited to, Paul Wolf. Defendants have taken the position that Plaintiffs should "identify in [their] objections and responses any written responses or documents produced by Mr. Wolf over which [Plaintiffs] assert an objection, and to produce a privilege log explaining the basis for [their] objection in detail, so that the issue can be briefed in accordance with the schedule set by the Court's April 7 Order." Considering, among other things, Defendants took this position and made Mr. Wolf's documents available the day before Plaintiffs are serving their responses and objections, Defendants' proposal is unworkable. Plaintiffs will, however, identify within a reasonable time anything in Mr. Wolf's production that Plaintiffs assert is work product.

      4.      Plaintiffs object to all Interrogatories to the extent they are vague and ambiguous.

      5.      Plaintiffs object to all Interrogatories to the extent they seek irrelevant

information or information not likely to lead to the discovery of admissible evidence.

6. Plaintiffs object to all Interrogatories to the extent they are overly broad or unduly burdensome.

7. Plaintiffs object to all Interrogatories to the extent they are duplicative or cumulative.

8. Plaintiffs object to all Interrogatories to the extent they seek information not within Plaintiffs' knowledge, possession, custody, or control.

9. Plaintiffs object to all Interrogatories to the extent they seek public or other information as readily accessible to Defendants as it is to Plaintiffs.

10. Plaintiffs object to the extremely overbroad definition of "Assistance" in Definition No. 3. Defendants' definition is so overbroad as to not permit a reasonable interpretation or application.

11. Plaintiffs object to the extremely overbroad definition of "Associate" in Definition No. 4. Defendants' definition includes "friends, acquaintances, neighbors, contacts [and] intermediaries," which would include individuals Plaintiffs do not know about as well as people Plaintiffs are aware of but who had no cognizable connection to a witness. Plaintiffs are interpreting "Associate" to be a person with a known relationship to a witness such that the "Associate" was in some way acting on behalf of a witness. Otherwise, the definition is so overbroad as to not permit a reasonable interpretation or application and would necessarily be seeking irrelevant information.

12. Plaintiffs object to the extremely overbroad definition of "Payment" in Definition No. 12. Defendants' definition is so overbroad as to not permit a reasonable interpretation or application.

13. Plaintiffs object to the extremely overbroad definition of "Plaintiffs' Counsel" in Definition No. 15. Defendants include in this definition names of people not even known to Plaintiffs or their counsel. Plaintiffs will interpret "Plaintiffs' Counsel" to consist of any lawyer employed by the above-captioned Doe/Perez Plaintiffs in the *Chiquita* MDL, or their counsel, to perform legal services on what Defendants describe as the "Chiquita Litigation" in definition no. 6. Counsel for the Doe/Perez Plaintiffs does not include counsel for any of the other plaintiffs in the Chiquita MDL.

14. Plaintiffs object to the extent that Defendants seek any facts beyond those generated in this case. The Court's Order of April 7, 2015, ECF No. 759, expressly allows the limited discovery with respect to this case only: "defendants contend there is a reasonable basis for investigating the possibility of a payment scheme *in this case*, before preservation deposition testimony is taken from Colombian witnesses who may have been the beneficiary of such a scheme. . . . Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature *in this case* . . . ." *Id.* at 11-12 (emphasis added). Accordingly, Plaintiffs object to providing any information from other cases being litigated by counsel for Plaintiffs in this case, except to the extent there are witnesses in this case that are also possible witnesses in *Perez 1A v. Dole Food Co., Inc.*, Case No. BC412620 (Cal. Super. Ct.).

15. Plaintiffs object to the extent that Defendants seek any facts beyond those relevant to or generated by what Defendants describe as the "Chiquita Litigation" in Definition No. 6. Counsel for Plaintiffs specifically object to any effort to obtain internal facts and information relating to cases being litigated by counsel separate from the Chiquita Litigation. Such facts and

information are not properly within the possession, custody or control of Plaintiffs in this case and are not properly the subject of discovery in this case.

16. Each one of the foregoing General Objections is hereby incorporated into the following specific responses to the enumerated Interrogatories.

17. Plaintiffs hereby incorporate by reference into the following specific responses to the enumerated Interrogatories their 3-page memorandum of law filed simultaneously with these responses.

## OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1**
For each Payment made by, on behalf of, or at the request of any Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness, identify the date of the Payment, the nature of the Payment and its amount or value, the source of the Payment, the payor, the recipient, the method by which it was paid, its purpose, and, where applicable, the Witness of whom the beneficiary of the payment is or was an Agent, Relative, or Associate.

**RESPONSE:** In compliance with the Court's Order dated May 5, 2015, ECF No. 797, Plaintiffs are fully responding but preserve their assertion of the foregoing General Objections, particularly General Objection 12 objecting to the extremely overbroad definition of "payment," with respect to any witness as defined by Defendants' Definition No. 18, and with respect to the Chiquita Litigation as defined by Defendants' Definition No. 6, and without waiving these objections, pursuant to Fed. R. Civ P. 33(d), Plaintiffs have not made any direct or indirect "payment" to any current or former member of the United Self-Defense Forces of Colombia (AUC) who has provided or will provide evidence of Chiquita's collaboration with the AUC. In making this representation, the AUC witnesses who Plaintiffs believe may have knowledge of Chiquita's collaboration with the AUC, and therefore may be witnesses in this case, include the three witnesses Plaintiffs are currently seeking to take testimony from in the letters rogatory process in this case, Jesús Ignacio Roldán Pérez, Freddy Rendón Herrera and José Gregorio Mangones

Lugo, as well as former AUC Commander, Salvatore Mancuso. In addition, with respect to the *Perez 1A v. Dole Food Co., Inc.*, Case No. BC412620 (Cal. Super. Ct.) litigation, because Chiquita and Dole both had operations in the "banana zone" in Magdalena, Colombia, there are likely to be overlapping witnesses with the *Dole* case. In addition to the three witnesses whose letters rogatory testimony will be taken in this case, the *Dole* Plaintiffs are about to take letters rogatory testimony from the following eleven (11) additional AUC witnesses:

- Raúl Emilio Hasbún Mendoza, alias "Pedro Bonito"
- Edgar Ariel Cordoba Trujillo, alias "57"
- Jairo Alfonso Samper Cantillo, alias "Lucho"
- Jesus Albeiro Guisao Arias, alias "El Tigre de Uraba" and "Amiguito"
- Daniel Rendón Herrera, alias "Don Mario"
- Adolfo Enrique Guevara Cantillo, alias "101"
- Eduardo Enrique Dávila Armenta
- Edwar Cobos Tellez, alias "Diego Vecino"
- Nehemías Moisés Sandoval Becerra, alias "Camilo"
- Efrain Rafael Carbonel Perez, alias "Pin"
- Orestes Gonzalez de la Cruz

In responding herein, Plaintiffs consider these individuals to be potential witnesses in this case as well. Other than Salvatore Mancuso, due to geographical divisions, the only other possible AUC witness in this case Plaintiffs are aware of that might overlap with AUC witnesses in the *Drummond* litigation is Rodrigo Tovar Pupo, alias, "Jorge 40," and Plaintiffs consider him to be a potential witness in this case.

7

While Plaintiffs made no "payments" to any of the potential AUC witnesses in this case, in the late 2008 to early 2010 time frame, counsel for Plaintiffs did bring fruit and water to several of the meetings they held with José Gregorio Mangones Lugo at the Modelo prison in Barranquilla, Colombia, and he shared these items with counsel during the course of the interviews. Further, on one occasion, counsel provided Mangones with a new clean T-shirt prior to his scheduled testimony to the Colombian Justice and Peace Commission. Finally, while beyond the scope of this interrogatory, and without waiving any objection or the work product privilege, Plaintiffs did explore, with Raúl Emilio Hasbún Mendoza and a confidential source who is a Colombian lawyer and who also served as the contact person for Plaintiffs' discussions with Hasbún, the possibility of retaining Hasbún as an expert witness or compensating him for his time spent researching facts relating to his relationship with Chiquita and Dole. No agreement was reached and no payment was made. Plaintiffs also discussed with the confidential source a possible agreement for counsel for Plaintiffs to represent Colombian clients whom the confidential source and other lawyers he was working with had identified as persons with potential claims against Chiquita or Dole. As part of that latter discussion, counsel for Plaintiffs provided to the confidential source $10,000 USD for travel costs for him and the other lawyers working with him to investigate the facts and evaluate the possible claims of these potential clients. Ultimately, no agreement was reached for counsel for Plaintiffs to represent any of these potential clients and the confidential source returned the unused portion of the travel expense funds, approximately $7,000 USD. No amount of these funds were provided to Hasbún or were for his benefit.

**INTERROGATORY NO. 2**
For each Payment offered or requested to be made by or on behalf of any Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness, identify the Payment offered or requested, the person who made the offer or request, the person to whom the

offer or request was made, the date of the offer or request, how the offer or request was communicated, the purpose of the offered or requested Payment, and, where applicable, the Witness of whom the person who made or received the offer or request is or was an Agent, Relative, or Associate.

**RESPONSE:** In compliance with the Court's Order dated May 5, 2015, ECF No. 797, Plaintiffs are fully responding but preserve their assertion of the foregoing General Objections, particularly General Objection 12 objecting to the extremely overbroad definition of "payment," with respect to any witness as defined by Defendants' Definition No. 18, and with respect to the Chiquita Litigation as defined by Defendants' Definition No. 6, and without waiving these objections, Plaintiffs refer to and incorporate by reference their response to Interrogatory No. 1 as to the scope of possible AUC witnesses to which they are providing a response. In addition to the facts provided there, at a meeting with counsel for Plaintiffs in Modelo prison in Barranquilla, Colombia, sometime in February 2012, Jairo Alfonso Samper Cantillo, alias "Lucho," inquired whether it was possible for Plaintiffs to provide him with financial assistance and security if he testified about Dole's collaboration with him and other members of the AUC. No agreement was reached and no payment was made. On several occasions at meetings in 2009 and 2010 with counsel for Plaintiffs in the prison in Medellín, Raúl Emilio Hasbún Mendoza inquired as to whether Plaintiffs could pay for his lawyers and other costs associated with providing testimony regarding various multinational companies' collaboration with the AUC, including Chiquita and Dole. Without waiving any objection or the work product privilege, Plaintiffs did explore, with Hasbún and a confidential source who is a Colombian lawyer and who also served as the contact person for Plaintiffs' discussions with Hasbún, the possibility of retaining Hasbún as an expert witness or compensating him for his time spent researching facts relating to his relationship with Dole. In the course of these discussions, which occurred predominantly in 2010 from approximately March to November, various verbal proposals were made by Hasbún. Plaintiffs

9

did not reach an agreement with Hasbún and no payment was made. Additional details regarding these discussions are contained in documents Plaintiffs will be producing in response to Defendants' Requests for Production of Documents Nos. 1 and 3.

In addition, on at least one occasion in 2008, José Gregorio Mangones Lugo, alias "Carlos Tijeras," proposed obtaining help with legal fees or re-locating his associates who were not in prison and who could be in danger of violent retaliation based on his testimony. No specific amounts were discussed, no agreement was reached and no payment was made.

**INTERROGATORY NO. 3**
Describe any efforts Plaintiffs' Counsel have undertaken to reduce any risk to the security or safety of a Paramilitary or to the Agents, Relatives, or Associates of such Paramilitary.

**RESPONSE:** In addition to the foregoing General Objections, the Court's Order of April 7, 2015, ECF No. 759, further confirmed by the Court's Order dated May 5, 2015, ECF No. 797, expressly allows the limited discovery with respect to this case only: "defendants contend there is a reasonable basis for investigating the possibility of a payment scheme *in this case*, before preservation deposition testimony is taken from Colombian witnesses who may have been the beneficiary of such a scheme. . . . Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature *in this case*…" *Id*. at 11-12 (emphasis added). Accordingly, Plaintiffs object to providing any information from other cases being litigated by counsel for Plaintiffs in this case, except to the extent there are witnesses in this case that are also possible witnesses in the *Dole* case. Plaintiffs further object to providing any information beyond any witness as defined by Defendants' Definition No. 18, and with respect to the Chiquita Litigation as defined by Defendants' Definition No. 6. Further, any such facts are not relevant and searching for and providing them

10

would be unduly burdensome. In addition, such facts from the *Drummond* cases are not in the possession, custody or control of the Plaintiffs in the Chiquita Litigation, and counsel for Plaintiffs herein object to the improper use of a document request in the Chiquita Litigation to seek access to the internal case files of Plaintiffs' counsel in other, unrelated litigation.

Plaintiffs' counsel have taken no steps to reduce any risk to the security or safety of a Paramilitary or to the Agents, Relatives, or Associates of such Paramilitary in the Chiquita Litigation.

**INTERROGATORY NO. 4**
Identify each Communication between Plaintiffs' Counsel and a Paramilitary or Agent, Relative, or Associate of a Paramilitary, including the participants, form, date, location (if the Communication was in person), and content of such Communication. For each Communication that took place in a Colombian prison, Identify the specific prison(s) in which the Communication took place and how Plaintiffs' Counsel described or represented their relationship with the Paramilitary, or the Agent, Relative, or Associate of the Paramilitary, to prison authorities (*e.g.*, as a friend, etc.).

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request goes well beyond the very limited grant of discovery in the Court's Order of April 7, 2015, ECF No. 759. The Court specifically directed that "*the defendants should be allowed an opportunity to conduct discovery on the witness payment issue, under an accelerated schedule, before the paramilitary witnesses are deposed in this case. Specifically, the Court shall allow the defendants an opportunity to issue limited written discovery requests (interrogatories and requests to produce) addressing the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case* . . . ." *Id*. at 12 (emphasis added). The Court's subsequent Order dated May 5, 2015 (ECF No. 797) expressly limited the request to "communications which related to '(non-expert) witness payments, gifts or benefits of any kind or nature in this case . . .'" With this clarification and limitation, the sole communications

concerning any payment issue are described in response to Interrogatories Nos. 1 and 2. Those responses are incorporated by reference here.

**INTERROGATORY NO. 5**
Identify each Plaintiffs' Counsel who is or was a Paramilitary or an Agent, Relative, or Associate of a Paramilitary, the date on which such person became Plaintiffs' Counsel, the terms of their engagement as Plaintiffs' Counsel, and where applicable the Paramilitary of whom such person is or was an Agent, Relative, or Associate.

**RESPONSE:** In compliance with the Court's Order dated May 5, 2015, ECF No. 797, Plaintiffs are fully responding but reserve their assertion of the foregoing General Objections. Plaintiffs are in the process of formalizing a co-counsel relationship with Colombian attorney Ivan Otero Mendoza. Mr. Otero does not and never has represented any paramilitary in this case. He currently does not represent any other paramilitaries, but did represent several individuals who were paramilitaries during their surrender and admission to Colombia's Justice and Peace process. None of these individuals are potential witnesses in this case.

**INTERROGATORY NO. 6**
For each Person who has a direct financial interest or stake in the outcome of the Chiquita Litigation other than Plaintiffs and the law firms that have entered appearances in the ATS Actions, describe the nature and amount of such financial interest or stake.

**RESPONSE:** In compliance with the Court's Order dated May 5, 2015, ECF No. 797, Plaintiffs are fully responding but preserve their assertion of the foregoing General Objections. As per the limitation of the Court's Order, there are no other persons besides Plaintiffs and counsel of record who currently have a financial stake in the outcome of this case. As noted in response to Interrogatory No. 5, counsel are in the process are formalizing a co-counsel relationship with Colombian attorney Ivan Otero Mendoza that will likely provide him with a financial stake in the outcome of this litigation.

**INTERROGATORY NO. 7**
Identify each Agent, Relative, or Associate of any Paramilitary with whom Plaintiffs' Counsel have had any agreement, the nature and terms of the Agreement, and the Paramilitary of whom

such person is or was an Agent, Relative, or Associate.

**RESPONSE:** In addition to the foregoing General Objections, the Court's Order of April 7, 2015, ECF No. 759, clarified by the Court's Order dated May 5, 2015, ECF No. 797, limits the response to any agreements relative to a "prospective witness in this MDL litigation . . . ." *Id*. at 10. With that clarification, no agreements were made, and information concerning discussions about agreements never reached are discussed fully in response to Interrogatory Nos. 1 and 2, which are incorporated by reference herein.

**INTERROGATORY NO. 8**
Identify each Paramilitary to whom Plaintiffs' Counsel have made available or from whom Plaintiffs' Counsel have received any Document.

**RESPONSE:** In addition to the foregoing General Objections, and as clarified by the Court's Order dated May 5, 2015, ECF No. 797, this request goes well beyond the very limited grant of discovery in the Court's Order of April 7, 2015, ECF No. 759. As limited by the Court to "communications which relate to the issue of witness payments, gifts or benefits of any kind or nature in this case," ECF No. 797 at 10, any information that is possibly responsive is provided in response to Interrogatory Nos. 1 and 2, which are incorporated by reference herein.

**INTERROGATORY NO. 9**
Describe how Plaintiffs' Counsel were or are "actively seeking the voluntary cooperation" or "pursuing the consent" of Jesús Ignacio Roldán Pérez, José Gregorio Mangones Lugo, or Freddy Rendón Herrera "to be deposed." (*See* D.E. 688, at 7, 8 n.2; D.E. 688-1, at 3.)

**RESPONSE:** In addition to the foregoing General Objections, Plaintiffs object on the grounds that this request goes well beyond the very limited grant of discovery in the Court's Order of April 7, 2015, ECF No. 759, as clarified by the Court's Order dated May 5, 2015, ECF No. 797. The Doe/Perez Plaintiffs were not movants for the motion referenced, ECF No. 688, and do not have knowledge of any facts the movants were referring to in the language quoted in this Interrogatory. Further, these Plaintiffs have no knowledge in any event of any "financial

13

incentives or remuneration of any kind" offered to the referenced witnesses for their testimony at any time. *See* ECF No. 797 at 11.

**INTERROGATORY NO. 10**
Identify every legal proceeding or investigation in which the issue of Payments to Paramilitaries by Plaintiff's Counsel has been the subject of any inquiry, discovery request, order, or filing.

**RESPONSE:** In addition to the foregoing General Objections, the Court's Order of April 7, 2015, ECF No. 759, as clarified by the Court's Order dated May 5, 2015, ECF No. 797, as discussed in response to Interrogatory No. 1, Defendants in the *Dole* case have repeated similar baseless allegations regarding so-called payments to witnesses. While there are no allegations made with respect to payments to potential witnesses in this case, Defendants in the *Drummond* litigation have made similar baseless allegations about improper payments to AUC witnesses in that case.

DATED: May 8, 2015             Respectfully Submitted,

_____
Terry Collingsworth, Esq. (admitted *Pro Hac Vice*)
Conrad & Scherer, LLP
1301 Connecticut Avenue NW, Suite 350
Washington, D.C. 20036
Phone: 202-543-4001
Fax: 866-803-1125
tcollingsworth@conradscherer.com

William R. Scherer (Fla. Bar No. 169454)
633 South Federal Highway, 8th Floor
Fort Lauderdale, Florida 33301
Phone: 954-462-5500
Fax: 954-463-9244
wscherer@conradscherer.com

*Attorneys for Plaintiffs, DOES 1-144,
PEREZES 1-95, PEREZES 96-795,
and Carmen Tulia Cordoba Cuesta et al.*

14

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of the Court using CM/ECF on this 8th day of May, 2015. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

/s/ William R. Scherer
William R. Scherer (Fla. Bar No. 169454)
Conrad & Scherer, LLP
633 South Federal Highway, 8th Floor
Fort Lauderdale, Florida 33301
Phone: 954-462-5500
Fax: 954-463-9244