UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:
ATS ACTIONS
_____/

NO. 08-80421-cv-MARRA/JOHNSON
JOHN DOE 1 *et al.*,
         v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al*
_____/

### SUPPLEMENTAL RESPONSES OF PLAINTIFFS JOHN DOE I *ET AL.* TO DEFENDANTS' SPECIAL REQUESTS FOR PRODUCTION AND SPECIAL INTERROGATORIES TO ATS PLAINTIFFS

Pursuant to the Court's May 5, 2015, Order, Dkt. 767; the Court's April 7, 2015 Order, Dkt. 759; and the Federal Rules of Civil Procedure, Plaintiffs *John Doe* I *et al.*, by and through their undersigned counsel, produce this supplemental response to Defendants Chiquita Brands International, Inc. and Chiquita Fresh North America LLC's Special Requests for Production and Special Interrogatories to ATS Plaintiffs.

### PRELIMINARY STATEMENT

These responses are submitted only on behalf of the Plaintiffs' Counsel in *John Doe I v. Chiquita Brands Int'l, Inc.*, No. 08-cv-80421 (the "New Jersey case). Any use of "we," "us," "our," or similar terms throughout refers only to New Jersey Plaintiffs' Counsel. Furthermore, except to the extent expressly overruled by the Court, New Jersey Plaintiffs' Counsel maintain all objections previously made.

1

Many of the questions herein refer to a "Paramilitary or an Agent, Relative, or Associate of a Paramilitary." New Jersey Plaintiffs' Counsel previously objected to this definition as overbroad. To the extent that this objection has been overruled, we wish to state that many family and social relations in Colombia are complex. Thus, it is possible that one or more of our clients, agents, or counsel may in fact have relatives or even associates who are, or have been, paramilitaries. However, no such relationship are known to us, and we have no reason to suspect that anyone with whom we have worked in Colombia has any relationship with any paramilitary.

### SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All Documents regarding any Payment by, on behalf of, or at the request of Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of such a Witness. This Request includes without limitation Documents concerning Payments offered, considered, or requested, but not made.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:** No payments have been offered, considered, requested of, or made by or on behalf of the New Jersey Plaintiffs' Counsel.
To the best of our knowledge, no payments have been offered, considered, requested of, or made by or on behalf of any other Plaintiffs' Counsel, with the exception of alleged payments made by Terrence Collingsworth. In light of the Court's May 5, 2015, Order, we do not interpret this request to seek documents relating to discussions of witness payments more generally. Thus, we have no responsive documents relating to payments made by or on behalf of the New Jersey Plaintiffs' Counsel or any other Plaintiffs' Counsel, with the exception of Terrence Collingsworth.

With respect to alleged payments offered, considered, requested of, or made by or on behalf of Terrence Collingsworth, we have already produced responsive documents. In light of the Court's May 5, 2015, Order, we do not interpret this request to seek documents concerning internal counsel discussions of such payments, when the documents produced already provide the best

2

1990461.3

documentation of such payments known to us. For example, we do not interpret this request to cover internal discussions of strategy relating to allegations made by Drummond Company about Mr. Collingsworth's payments, or discussions and drafts of court filings in which the issue of Mr. Collingsworth's payments was addressed, when those documents do not reflect or memorialize any payments, and do not reflect any information about payments beyond that in the documents already produced.

**REQUEST FOR PRODUCTION NO. 2:** All Documents concerning the propriety of Payments by, on behalf of, or at the request of Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of such a Witness. This Request includes without limitation the document entitled "CHIQUITA: Ethics of Paying Witness's Legal Fees".

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:** Our objections have been sustained.

**REQUEST FOR PRODUCTION NO. 3:** All Documents relating to Payments by, on behalf of, or at the request of any Plaintiffs' Counsel to any Paramilitary, or to Agents, Relatives, and Associates of any Paramilitary, that Plaintiffs or Plaintiffs' Counsel have produced or received in connection with any legal proceeding or investigation. This Request includes without limitation (i) all Documents produced in response to document requests or subpoenas relating to Payments by, on behalf of, or at the request of Plaintiffs' Counsel to Paramilitaries in *Drummond Co., Inc. v. Collingsworth*, Case No. 2:11-cv-3695-RDP (N.D. Ala.) and in *Gómez v. Dole Food Co., Inc.*, Case No. BC412620 (Superior Court of the State of California, County of Los Angeles); and (ii) full transcripts of any 12 deposition taken in the *Drummond* and *Gómez* cases in which there is any reference to such Payments.

**RESPONSE TO REQUEST NO. 3:** To the best of our knowledge, no payments have been made to any prospective deponent in this case, including Roldan Perez, Rendon Herrera, and Mangones Lugo on behalf or at the request of plaintiffs named in other litigation, beyond the

3

incidental goods provided to Mangones Lugo as documented by Terrence Collingsworth in public filings in this case. We have no reason to believe that any of the witnesses to whom Terrence Collingsworth has made, or is alleged to have made, payments, might be prospective deponents in this case. Thus, following a reasonable search, we have no responsive documents.

**REQUEST FOR PRODUCTION NO. 4:** All Documents regarding the security or safety risk to any Paramilitaries or to their Agents, Relatives, or Associates for participating or testifying in any legal proceeding, including any Documents regarding measures taken by Plaintiffs' Counsel to reduce such risk.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:** Our objections have been sustained.

**REQUEST FOR PRODUCTION NO. 5:** All Communications or Agreements, including but not limited to any agreement concerning the sharing of legal fees or conferring any financial interest in any legal matter, between Plaintiffs' Counsel and a Paramilitary or any Agent, Relative, or Associate of a Paramilitary.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:** We understand that our original response, which was limited to

> Communications or Agreements concerning "(non-expert) witness payments, gifts or benefits in this case," *see* April 7, 2015 Order at 12, Dkt. 759, including the sharing of legal fees or conferring any financial interest in any legal matter, between Plaintiffs' Counsel and a Paramilitary or any Agent, Relative, or Associate of a Paramilitary (to the extent such a relationship is known),

does not require supplementation following the Court's Order.

**REQUEST FOR PRODUCTION NO. 6:** The memorandum dated July 2, 2008, from Terrence Collingsworth regarding José Gregorio Mangones Lugo that was described by William J. Wichman as "a script of questions and answers" during a May 2, 2014, hearing in the action captioned Conrad

4

& Scherer, LLP v. Wichman, Case No. 09-011600, in the Circuit Court of the 17th Judicial Circuit in Broward County, Florida.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:** Our response does not require supplementation.

**REQUEST FOR PRODUCTION NO. 7:** All testimony or statements by José Gregorio Mangones Lugo, Freddy Rendón Herrera, and Jesús Ignacio Roldán Pérez. This Request includes without limitation transcripts or summaries of their testimony in "Justice and Peace" proceedings.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:** Our objections have been sustained.

**REQUEST FOR PRODUCTION NO. 8:** All Documents reflecting testimony or statements by any other Paramilitary relating to Chiquita or its Colombian subsidiaries (current or former).

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:** Our objections have been sustained.

**REQUEST FOR PRODUCTION NO. 9:** All documents that Plaintiffs' Counsel or anyone acting on behalf of or at the request of Plaintiffs' Counsel, provided to, showed to, or received from any Paramilitary or any Paramilitary's Agent, Relative or Associate.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:** To the best of our knowledge, we have no "documents provided or shown to any paramilitary witness or paramilitary agent, etc., who has received any fee or compensation or promise of compensation from any plaintiff or plaintiff's counsel in this cause."

**REQUEST FOR PRODUCTION NO. 10:** All documents relied upon in responding to Chiquita's Interrogatories served concurrently with these Requests for Production.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:** We have already provided responsive documents.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

1990461.3

**INTERROGATORY NO. 1:** For each Payment made by, on behalf of, or at the request of any Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness, identify the date of the Payment, the nature of the Payment and its amount or value, the source of the Payment, the payor, the recipient, the method by which it was paid, its purpose, and, where applicable, the Witness of whom the beneficiary of the payment is or was an Agent, Relative, or Associate.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:** No payment has been made by, on behalf of, or at the request of any New Jersey Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness. To the best of our knowledge, no payment has been made by, on behalf of, or at the request of any other Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness, with the exception of alleged payments made by Terrence Collingsworth.

With respect to Mr. Collingsworth, we have no information beyond that reflected in the documents previously produced or otherwise publicly available in the *Drummond v. Collingsworth* litigation, and no knowledge of the truth or falsity of any of the facts stated in these documents. Our best understanding of Mr. Collingsworth's position is reflected in the document previously produced as NJDOEI000234-69.

**INTERROGATORY NO. 2:** For each Payment offered or requested to be made by or on behalf of any Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness, identify the Payment offered or requested, the person who made the offer or request, the person to whom the offer or request was made, the date of the offer or request, how the offer or request was communicated, the purpose of the offered or requested Payment, and, where applicable, the Witness of whom the person who made or received the offer or request is or was an Agent, Relative, or Associate.

6

1990461.3

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:** No payment has been made by, on behalf of, or at the request of any New Jersey Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness. To the best of our knowledge, no payment has been made by, on behalf of, or at the request of any other Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness, with the exception of alleged payments made by Terrence Collingsworth.

With respect to Mr. Collingsworth, we have no information beyond that reflected in the documents previously produced or otherwise publicly available, and no knowledge of the truth or falsity of any of the facts stated in these documents. Our best understanding of Mr. Collingsworth's position, including information about specific payments, is reflected in the document previously produced as NJDOEI000234-69.

**INTERROGATORY NO. 3:** Describe any efforts Plaintiffs' Counsel have undertaken to reduce any risk to the security or safety of a Paramilitary or to the Agents, Relatives, or Associates of such Paramilitary.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:** Our objections have been sustained.

**INTERROGATORY NO. 4:** Identify each Communication between Plaintiffs' Counsel and a Paramilitary or Agent, Relative, or Associate of a Paramilitary, including the participants, form, date, location (if the Communication was in person), and content of such Communication. For each Communication that took place in a Colombian prison, Identify the specific prison(s) in which the Communication took place and how Plaintiffs' Counsel described or represented their relationship with the Paramilitary, or the Agent, Relative, or Associate of the Paramilitary, to prison authorities (e.g., as a friend, etc.).

7

1990461.3

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:** New Jersey Plaintiffs' Counsel has not had any Communication related to "the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case," with a Paramilitary or Agent, Relative, or Associate of a Paramilitary. To the best of our knowledge, no other Plaintiffs' Counsel has had any Communication related to "the issue of (non-expert) witness payments, gifts or benefits of any kind or nature in this case," with a Paramilitary or Agent, Relative, or Associate of a Paramilitary, with the exception of alleged payments made by Terrence Collingsworth.

With respect to Mr. Collingsworth, we have no information beyond that reflected in the documents previously produced or otherwise publicly available, and no knowledge of the truth or falsity of any of the facts stated in these documents. Our best understanding of Mr. Collingsworth's position, including information about specific communications, is reflected in the document previously produced as NJDOEI000234-69.

**INTERROGATORY NO. 5:** Identify each Plaintiffs' Counsel who is or was a Paramilitary or an Agent, Relative, or Associate of a Paramilitary, the date on which such person became Plaintiffs' Counsel, the terms of their engagement as Plaintiffs' Counsel, and where applicable the Paramilitary of whom such person is or was an Agent, Relative, or Associate.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:** No New Jersey Plaintiffs' Counsel is or was a Paramilitary or an Agent, Relative, or Associate of a Paramilitary. To the best of our knowledge, no other Plaintiffs' Counsel is or was a Paramilitary or an Agent, Relative, or Associate of a Paramilitary. We are aware that accusations relating to this topic have been made against Terrence Collingsworth, but we have no knowledge of the truth or falsity of those accusations.

**INTERROGATORY NO. 6:** For each Person who has a direct financial interest or stake in the outcome of the Chiquita Litigation other than Plaintiffs and the law firms that have entered appearances in the ATS Actions, describe the nature and amount of such financial interest or stake.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:** Other than the named plaintiffs, putative class members (including both those that have retained the New Jersey Plaintiffs' Counsel and those who have not), anyone to whom these plaintiffs and class members may have (without our knowledge or participation) granted an interest, and the law firms that have entered an appearance in this matter, the only persons who have a direct financial stake in the outcome of the New Jersey case are one Colombian human rights attorney and a Colombian human rights legal NGO ("Colombian human rights counsel"). Our Colombian human rights counsel are associated with New Jersey Plaintiffs' Counsel on this case; they are not paramilitaries or agents, relatives or associates of paramilitaries, and their financial interest is in contingent compensation for the legal work they have done and are doing. The names of our Colombian human rights counsel have been kept confidential, at their request, due to their concerns for their safety and security. They are, however, well-established human rights practitioners in Colombia. The individual human rights attorney was formerly with the *Grupo Interdisciplinario por los Derechos Humanos* (Interdisciplinary Group for Human Rights), and has participated in cases before the Inter-American Court of Human Rights. The leadership of the human rights NGO are Colombian attorneys who have previously been associated with the *Comisión Colombiana de Juristas* (Colombian Commission of Jurists).

We are unaware of who has a direct financial interest or stake in the outcome of any other case in the Chiquita Litigation.

**INTERROGATORY NO. 7:** Identify each Agent, Relative, or Associate of any Paramilitary with whom Plaintiffs' Counsel have had any agreement, the nature and terms of the Agreement, and the Paramilitary of whom such person is or was an Agent, Relative, or Associate.

9

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:** New Jersey Plaintiffs' Counsel do not have any agreement of any kind with "any paramilitary who is a prospective witness in this MDL litigation." To the best of our knowledge, no other counsel have any agreement of any kind with "any paramilitary who is a prospective witness in this MDL litigation."

**INTERROGATORY NO. 8:** Identify each Paramilitary to whom Plaintiffs' Counsel have made available or from whom Plaintiffs' Counsel have received any Document.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:** New Jersey Plaintiffs' Counsel have not provided or received any documents relating to "the issue of witness payments, gifts or benefits of any kind or nature in this case," to or from any Paramilitary or an Agent, Relative, or Associate of a Paramilitary. To the best of our knowledge, no other Plaintiffs' Counsel have provided or received any documents relating to "the issue of witness payments, gifts or benefits of any kind or nature in this case," to or from any Paramilitary or an Agent, Relative, or Associate of a Paramilitary.

**INTERROGATORY NO. 9:** Describe how Plaintiffs' Counsel were or are "actively seeking the voluntary cooperation" or "pursuing the consent" of Jesús Ignacio Roldán Pérez, José Gregorio Mangones Lugo, or Freddy Rendón Herrera "to be deposed." (See D.E. 688, at 7, 8 n.2; D.E. 688-1, at 3.)

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:** New Jersey Plaintiffs' Counsel have not sought cooperation or consent of the witnesses through financial incentives or remuneration of any kind. To the best of our knowledge, no other counsel have sought cooperation or consent of the witnesses through financial incentives or remuneration of any kind.

**INTERROGATORY NO. 10:** Identify every legal proceeding or investigation in which the issue of Payments to Paramilitaries by Plaintiff's Counsel has been the subject of any inquiry, discovery request, order, or filing.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:** New Jersey Plaintiffs' Counsel are unaware of any other legal proceeding or investigation in which the issue of payments to paramilitaries has any of the prospective paramilitary witnesses in this MDL litigation. To the extent that any of the paramilitary witnesses at issue in the *Drummond* cases might be prospective witnesses in this MDL litigation, New Jersey Plaintiffs' Counsel are unaware of this.

Date:   May 8, 2015                                   Respectfully Submitted,
                                                      /s/ Marco Simons
                                                      Marco Simons
                                                      Richard Herz
                                                      **EarthRights International**
                                                      1612 K Street N.W., Suite 401
                                                      Washington, D.C. 20006
                                                      Tel: 202-466-5188
                                                      Fax: 202-466-5189

                                                      John DeLeon, FL Bar No. 650390
                                                      jdeleon@chavez-deleon.com
                                                      **Law Offices of Chavez-DeLeon**
                                                      5975 Sunset Drive, Suite 605
                                                      South Miami, FL 33143
                                                      Tel: 305-740-5347
                                                      Fax: 305-740-5348

                                                      Agnieszka M. Fryszman
                                                      Benjamin D. Brown
                                                      **Cohen Milstein Sellers & Toll PLLC**
                                                      1100 New York Ave., N.W.
                                                      West Tower, Suite 500
                                                      Washington, D.C. 20005-3964
                                                      Tel: 202-408-4600
                                                      Fax: 202-408-4634

                                                      Paul L. Hoffman
                                                      **Schonbrun, Desimone, Seplow,**
                                                      **Harris & Hoffman LLP**
                                                      723 Ocean Front Walk
                                                      Venice, CA 90291
                                                      Tel: 310-396-0731
                                                      Fax: 310-399-7040

1990461.3

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-365-7260

***Counsel for John Doe I Plaintiffs***

12

1990461.3