UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/
This Document Relates To:

Case No. 08-80421-cv-MARRA/JOHNSON

JOHN DOE 1 *et al.*,
 v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al*.
_____/

Case No. 9:08-cv-80465-KAM DOES (1-144), PEREZES (1-95), PEREZES (96-795),

and Carmen Tulia Cordoba Cuesta, *et al*.
v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al*.
_____/

**MOTION FOR SUBSTITUTION OF PARTIES**

Pursuant to Fed. R. Civ. P. 25(a)(1), Plaintiffs in the D.C. and New Jersey cases respectfully move this Court to order the substitution of Mrs. Carla A. Hills, the appointed Personal Representative of the estate of Mr. Rodrick M. Hills, as a named Defendant in the above-captioned actions, in the place of Mr. Hills, a named Defendant who died on October 29, 2014.  Rule 25(a) permits any party to move for substitution "[i]f a party dies and a claim is not extinguished." Fed. R. Civ. P. 25(a)(1). As the appointed Personal Representative of the estate, Mrs. Hills is the proper party to be substituted into this action. Furthermore, Plaintiffs' federal and non-federal claims against Mr. Hills are not extinguished by his death because federal common law, New Jersey law, D.C. law, and Colombian law all allow causes of action to survive the death of the defendant tortfeasor.

1

**BACKGROUND**

This Motion relates to a number of lawsuits that were originally transferred to the Southern District of Florida for pre-trial purposes by the Judicial Panel on Multi-District Litigation on February 20, 2008. Transfer Order, Doc. 1. Taken together, the suits allege that Defendant Chiquita Brands International, Inc., and its subsidiaries and affiliates – including nine individually-named defendants – funded, armed, and supported terrorist organizations in Colombia in their campaign of terror against the civilian population of the Urabá region, in order to maintain Chiquita's profitable control of Colombia's banana growing regions.

The decedent, Mr. Hills, was a former Chiquita Director and President of the Audit Committee. New Jersey Pls.' Second Amended Complaint, Doc. 589, at 4. The D.C. Plaintiffs initially designated Mr. Hills as Defendant David Doe 2 in their original Complaint, D.C. Pls.' Complaint, D.D.C. No. 1:07-cv-01048-PLF, ECF No. 3, at 37, but on September 24, 2012, they included Mr. Hills's true name in their Third Amended Complaint, Doc. 575, at 3, 995. The New Jersey Plaintiffs originally designated Mr. Hills as a Moe defendant in their First Amended Complaint. New Jersey Pls.' First Amended Complaint, Doc. 285. On November 16, 2012, the New Jersey Plaintiffs amended their Complaint to include, among other things, the true names of Mr. Hills and the other individual defendants whose identities and capacities were previously unknown to them. New Jersey Pls.' Second Amended Complaint, Doc. 589. Therein, Plaintiffs alleged that Mr. Hills "knew of Chiquita's payments to the AUC and reviewed and authorized these payments," "implemented new procedures to hide [the payments]," and "instructed Chiquita employees to continue making payments after learning that the payments were illegal." *Id.* at 4.

On October 29, 2014, Mr. Hills died in the District of Columbia. On March 3, 2015, attorneys for Mrs. Hills, Mr. Hills's wife, filed a Suggestion of Death formally notifying this Court of Mr. Hills's passing. Doc. 725. During the week of March 9, 2015, counsel for Plaintiffs in the two above-noted coordinated cases in the MDL received several documents from probate counsel for the Hills estate, dated March 3, 2015. Exhibit A. The documents included a signed memorandum in which Mrs. Hills declared that she had been appointed Personal Representative of the estate of Rodrick M. Hills, as well a Notice of Appointment, a Notice to Creditors, and a Notice to Unknown Heirs for the Estate of Rodrick M. Hills.

Plaintiffs' counsel participated in a conference call with Mrs. Hills's attorneys on May 7, 2015, in which it was discussed whether Mrs. Hills's would stipulate to the substitution. The issue was not decided at the time. After that call, counsel for both parties participated in several communications over phone and email, none of which resulted in Mrs. Hills's counsel agreeing to the stipulation. Plaintiffs' counsel have therefore fulfilled their meet and confer obligations and submit this motion unilaterally.

## DISCUSSION

Under Federal Rule of Civil Procedure 25(a)(1), "if a party dies and the claim is not extinguished, the court may order substitution of the proper party." *See Alvarez v. Nunez*, No. 10-21194-CIV, 2013 WL 1192302, at *1 (S.D. Fla. Mar. 22, 2013). Pursuant to the Rule, "[a] motion for substitution may be made by any party or by the decedent's successor or representative," but must be filed within 90 days after a suggestion of death has been submitted to the court. Fed. R. Civ. P. 25(a).

There is no question that Mrs. Hills, as Personal Representative of her deceased husband's estate, is the proper party for substitution in this action. *See Roe v. City of New York*,

Case 0:08-md-01916-KAM   Document 813   Entered on FLSD Docket 06/01/2015   Page 4 of 9

No. 00 CIV.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003)  (holding that a proper party is "either (1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate"). Likewise, there is no question that this Motion is timely, since the 90-day window within which such a motion must be made did not commence until March 3, 2015, the day Mrs. Hills's attorneys filed the Suggestion of Death.

Nor is there any question that Plaintiffs' non-federal and Torture Victim Protection Act (TVPA) claims against Mr. Hills survive his death.

Because Rule 25 is "purely procedural," it does not dictate the survivability of a claim following a party's death. *Servidone Const. Corp. v. Levine*, 156 F.3d 414, 416 (2d Cir. 1998). "Rather, a claim survives a litigant's death 'if applicable state law creates a right of survival.'" *English v. Murphy-Lattanzi*, No. 12-CV-419 JS SIL, 2015 WL 630248, at *2 (E.D.N.Y. Feb. 12, 2015) (quoting *Barrett v. United States*, 689 F.2d 324, 331 (2d Cir.1982)).

The "applicable state law" for the non-federal claims in this litigation is New Jersey law, D.C. law or Colombian law, all of which allow tort actions to survive the death of the wrongdoer. New Jersey's survival statute expressly allows a plaintiff to maintain a cause of action arising from "any trespass to the person or property" against the alleged tortfeasor's estate in the event of the tortfeasor's death. N.J.S.A. 2A:15–4 (West). *See Badillo v. Obuah*, No. CIV.A. 10-4222 ES, 2012 WL 4194020, at *3 (D.N.J. Sept. 17, 2012) (observing that "the legislative intent of the N.J.S.A. 2A:15–4 was to abrogate the common law rule that a tort claims fails to survive the death of the party"); *see also Weller v. Home News Pub. Co.*, 112 N.J. Super.

4

502, 506, 271 A.2d 738, 740 (Ch. Div. 1970) ("The term 'trespass' in the statute is equated with 'tort.'"). Thus, under New Jersey law, the non-federal tort claims against Mr. Hills survive.

D.C. law similarly provides for the survival of tort claims upon the death of either party. Under D.C.'s survival statute, "[o]n the death of a person in whose favor or against whom a right of action has accrued for any cause prior to his death, the right of action, for all such cases, survives in favor of or against the legal representative of the deceased." D.C. Code § 12-101 (2012). See *Soroka v. Beloff*, 93 F. Supp. 642, 645 (D.D.C 1950) (holding that "as a result of the enactment of the 1948 statute, all rights of action including those for personal injuries, libel and slander now survive, subject to a limitation on the measure of damages that may be recovered in an action for personal injuries in the event of the death of the plaintiff or defendant.")

Finally, Colombian law also allows causes of action to survive the death of the defendant and/or tortfeasor. Under Article 2343 of the Civil Code, "[b]oth the actor of any damages and his/her heirs are obligated to pay a compensation of damages." Civil Code, May 26, 1873, art. 2343 (Colom.) ["Civil Code"] (translated by author). Furthermore, in situations where a defendant passes away during the pendency of the proceedings, the judgment shall be enforceable against the defendant's heirs. See General Code of Proceedings, L. 1564, July 12, 2012, D.O. 48489, art. 68 (Colom.) ["C.G.P.", applicable in some courts since Oct. 1, 2012].[1] Accordingly, the non-federal claims against Mr. Hills survive his death under New Jersey, D.C., and Colombian law.

---

[1] "Succession in judicial proceedings. [Once] a party has passed away, declared death in absentia or mentally unfit, the proceedings shall continue with his/her spouse, guardian in charge of his/her goods, heirs or the corresponding guardian." (Translated by author.) General Code of Proceedings, L. 1564, July 12, 2012, D.O. 48489, art. 68 (Colom.).

Plaintiffs' TVPA claims also survive. "In the absence of an expression of contrary intent, the survival of a federal cause of action is a question of federal common law." *James v. Home Constr. Co. of Mobile,* 621 F.2d 727, 729 (5th Cir.1980). *See also Smith v. Department of Human Servs.*, 876 F.2d 832, 834 (10th Cir.1989). Alternatively, "[i]n cases arising under federal law, federal courts have in some instances determined the rights of the parties upon the basis of state law." *See Pritchard v. Smith*, 289 F.2d 153, 155 (8th Cir. 1961) (citing *United States v. Standard Oil Co., of California*, 332 U.S. 301, 308 (1947); *Tyson v. State of Iowa*, 283 F.2d 802, 805 (8th Cir. 1960). Because the TVPA does not expressly address the issue of survival, the Court may look to federal common law, New Jersey law, D.C. law, and Colombian law to determine the survivability of Plaintiffs' TVPA-based causes of action.

As discussed above, New Jersey, D.C., and Colombian law all expressly allow claims to survive the alleged wrongdoer's death. Likewise, federal common law favors the survival of TVPA claims following the defendant's death because of the remedial nature of the statute. According to the Eleventh Circuit, "[t]he survivability of a cause of action depends on whether the recovery is remedial, an action which compensates an individual for specific harm suffered, or penal, an action which imposes damages upon the defendant for a general wrong to the public." *United States v. Land, Winston Cnty.*, 221 F.3d 1194, 1197 (11th Cir. 2000). Where the recovery is remedial, it survives the death of the defendant. *Id.* (holding that because gambling forfeiture statute was remedial in nature, forfeiture claim did not abate upon death of the defendant property owner). The TVPA was explicitly drafted to "provide means of civil redress to victims of torture" and summary execution. H.R. Rep. No. 102-367, at 4 (1991). Thus, the law is clearly remedial in purpose and can therefore be invoked following the defendant's death.

Accordingly, all the potentially applicable law in this litigation – federal common law, New Jersey, D.C., and Colombian – support the survival of Plaintiffs' federal and non-federal claims against Mr. Hills despite his death.

## CONCLUSION

For the foregoing reasons, Plaintiffs' state law and TVPA claims survive Mr. Hills's death and this Motion for Substitution should be granted.

Dated: June 1, 2015            Respectfully submitted,

s/ JOHN DELEON
John DeLeon, FL Bar No. 650390
**Law Offices of Chavez-DeLeon**
5975 Sunset Drive, Suite 605
South Miami, FL 33143
Tel: 305-740-5347
Fax: 305-740-5348

Marco Simons
Richard Herz
Jonathan Kaufman
Marissa Vahlsing
Michelle Harrison
**EarthRights International**
1612 K Street NW #401
Washington, DC 20006
Tel: 202-466-5188

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll, PLLC**
1100 New York Ave., N.W.,
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600
Fax: 202-408-4634

Paul L. Hoffman
**Schonbrun DeSimone Seplow Harris & Hoffman LLP**
723 Ocean Front Walk
Venice, CA 90291

Tel: 310-396-0731
Fax: 310-399-7040

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
 Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-994-5794

*Counsel for John Doe I Plaintiffs - Original docket number: 9:08-cv-80421-KAM*

Terrence P. Collingsworth
**Conrad & Scherer, LLP**
1301 Connecticut Avenue NW, Suite 350
Washington, D.C. 20036
Tel: 202-543-4001
Fax: 866-803-1125

Eric J. Hager
**Conrad & Scherer, LLP**
Avenida República de El Salvador 500 e Irlanda
Edificio Siglo XXI, PH Oficina W
Quito, Ecuador
Tel: 954-462-5500 ext. 461
Fax: 866-803-1125

*Counsel for DOES (1-144), PEREZES (1-95), PEREZES (96-795), and Carmen Tulia Cordoba Cuesta et al. —Original docket number: 9:08-cv-80465-KAM = 1:07-cv-01048 (RJL)*

8

## CERTIFICATE OF SERVICE

I certify that, on June 1, 2015, a copy of this Motion for Substitution was electronically filed with the Court using CM/ECF.

Dated: June 1, 2015          By:     s/ JOHN DELEON
                                     John DeLeon (Florida Bar No. 650390)
                                     **Law Offices of Chavez-DeLeon**
                                     5975 Sunset Drive, Suite 605
                                     South Miami, FL 33143
                                     Tel: 305-740-5347
                                     Fax: 305-740-5348