UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-01916-MD-MARRA/JOHNSON

IN RE:  CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN
TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Documents Relates to:

SARA MATILDE MORENO MANJARRES, et. al.
Case No. 9:08-cv-80480
_____/

**NEW YORK PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO CHIQUITA'S MOTION TO DISMISS ON STATUTE OF LIMITATIONS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ii

INTRODUCTION ...........................................................................................................1

POINT 1: ALL OF THE CAUSES OF ACTION ALLEGED IN THE NEW YORK
COMPLAINTS ARE TIMELY .........................................................................................1

CONCLUSION ...............................................................................................................8

i

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Aramony v. United Way of America*, 969 F. Supp. 226 (SDNY 1997) ................................3

*In re Chiquita Brands International, Inc. Alien Tort Statute and Shareholder Derivative Litigation v. Chiquita Brands International, Inc.*, 690 F.Supp2d 1296 (S.D. Fla 2010).......2

*Janes v. Sackman Brothers*, 177 F.2d 928, 930-31 (2d Cir. 1949) .......................................6, 7

*Vincent v. Money Store*, 915 F. Supp. 2d 553, 556 (S.D.N.Y. 2013) ...................................7

**NEW YORK CASES**

*Cavanaugh v. Watanabe*, 10 Misc. 3d 1043 (Sup. Ct. Westchester 2005)...........................4

*City of New York v. College Point Sports Association, Inc.*, 61 AD3d 33
     (2d Dept. 2009) ..............................................................................................................4

*Elkin v. Cassarino*, 248 AD 2d 35 (2d Dept. 1998).............................................................4

*Gen. Stencils, Inc. v. Chiappa*, 18 N.Y.2d 125 (1966) ........................................................2

*Kamruddin v. Desmond*, 293 A.D.2d 714 (2002) ................................................................2

*Lipton v. Lockheed Aircraft Corp.*, 204 Misc. 693 (Sup. Ct. 1953) aff'd sub nom. *Lipton v. Lockheed Aircraft Corp.*, 283 A.D. 769 (App. Div. 1954) aff'd, 307 N.Y. 775 (1954) ........6

*Martin v. Julius Dierck Equip. Co.*, 43 N.Y.2d 583 (1978)..................................................7

*Portfolio Recovery Associates, LLC v. King*, 14 N.Y.3d 410 (2010) ..................................7

*Simcuski v. Saeli*, 44 N.Y.2d 442 (1978) ...........................................................................2

**FEDERAL STATUTES**

18 U.S.C. §1951.....................................................................................................................4

18 U.S.C. §3551, *et. seq*.......................................................................................................4

**NEW YORK STATUTES**

CPLR §202 ....................................................................................................2, 7

CPLR §213-b ...............................................................................................5, 7

CPLR §214(2) .................................................................................................7

CPLR §215 ......................................................................................................7

Decedent Estate Law, section 130 ................................................................6

EPTL 5-4.1 ................................................................................................5, 6, 7

## INTRODUCTION

This memorandum of law is submitted in opposition to defendant CHIQUITA's motion to the extent that such motion concerns the statute of limitations applicable to claims made in the New York amended complaints. New York plaintiffs rely upon the joint memorandum of law for all other issues.

### POINT 1: ALL OF THE CAUSES OF ACTION ALLEGED IN THE NEW YORK COMPLAINTS ARE TIMELY

Chiquita's statute of limitations motion addressed to the so-called new plaintiffs in the New York Fifth and Sixth Amended complaints inaccurately states New York law. Chiquita also implicitly acknowledges the prima facie validity of NY plaintiffs' claim of equitable estoppel, by using the date of defendant's guilty plea as the accrual date for its analysis (March 19, 2007). Plaintiffs' Fourth amended complaint was filed within 2 years of that date.  Plaintiff's Fifth amended complaint added 106 plaintiffs and was filed on February 26, 2010, within 3 years of the guilty plea. Plaintiffs' Sixth amended complaint added 149 plaintiffs and was filed on July 18, 2011, (four years and four months from the announcement of the guilty plea).[1]

Plaintiffs have pleaded equitable estoppel stating in pertinent part:

> "Plaintiffs could not have discovered CHIQUITA'S payments and provisions to the AUC by the exercise of reasonable diligence because Chiquita actively and fraudulently concealed these activities by making clandestine, furtive, payments; making and filing false and misleading documents, books and records; funneling illegal payments through intermediaries including the convivir; filing false, misleading and fraudulent documents with the Colombian and United States governments; utilizing false front organizations and dummy corporations to import, transport and distribute arms, ammunition and military supplies to the AUC and to provide substantial financial assistance to the AUC; making payments to Banadex executives with the intent that they would be withdrawn as

---

[1] Plaintiff's Fifth Amended complaint was added 102 deaths and 4 injuries; the Sixth Amended Complaint added 144 deaths and 5 injuries. The Seventh amended complaint does not add additional plaintiffs, and simply set forth the actual names of plaintiffs and decedents.

cash and handed directly to the AUC; and in otherwise acting in a clandestine and fraudulent manner with the intent to conceal its illegal and criminal activities…"(¶966 et seq. of Fifth Amended Complaint).

The truth of these allegations cannot be disputed in view of the factual proffer in the criminal proceedings admitted by Chiquita and annexed to the complaint. These facts establish an indisputable case of equitable estoppel; hence Chiquita's implied acceptance of that reality in its motion. (See *Simcuski v. Saeli*, 44 N.Y.2d 442, 450-51, 377 N.E.2d 713, 717 (1978); *Gen. Stencils, Inc. v. Chiappa*, 18 N.Y.2d 125, 127-28, 219 N.E.2d 169, 170-71 (1966); *Kamruddin v. Desmond*, 293 A.D.2d 714, 714-15, 741 N.Y.S.2d 559, 561 (2002); see also, *In re Chiquita Brands International, Inc. Alien Tort Statute and Shareholder Derivative Litigation v. Chiquita Brands International, Inc.*, 690 F.Supp2d 1296 (S.D. Fla 2010). As the Court stated in *Gen. Stencils, supra* at 170-171:

> "Plaintiff does not argue that the statute has been tolled, or that the cause of action did not accrue until discovery, but rather that the doctrine of equitable estoppel should be applied—because of defendant's affirmative wrongdoing and concealment—to prevent defendant from asserting the Statute of Limitations. The principle that a wrongdoer should not be able to take refuge behind the shield of his own wrong is a truism. The United States Supreme Court has espoused the doctrine in these terms: 'To decide the case we need look no further than the maxim that no man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity ** courts and has frequently been employed to bar inequitable reliance on statutes of limitations.' (*Glus v. Brooklyn East. Term.*, 359 U.S. 231, 232—233, 79 S.Ct. 760, 762, 3 L.Ed.2d 770 (1959).) (See *Clarke v. Gilmore*, 149 App.Div. 445, 133 N.Y.S. 1047 (1st Dept., 1912); *Dodds v. McColgan*, 229 App.Div. 273, 241 N.Y.S. 584 (1st Dept., 1930); *Safrin v. Friedman*, 27 Misc.2d 687, 96 N.Y.S.2d 627 (Sup.Ct.), affd. without passing on this question 277 App.Div. 1138, 101 N.Y.S.2d 216 (2d Dept., 1950)."

New York's "borrowing statute", CPLR § 202 provides in pertinent part that " an action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by laws of either the state or the place without the state where the

cause of action accrued." Chiquita makes no argument that any of the claims are time barred under Colombian law.[2] Chiquita thus limits its argument to New York law.

However, Chiquita's exposition of New York law is grossly inaccurate. Contrary to Chiquita's contentions, the New York statute of limitations that would apply to all of the causes of action in all of the complaints is 7 years pursuant section 213-b of the Civil Practice Law and Rules, titled, "Action by a victim of a criminal offense".  This section provides in pertinent part as follows:

> "Notwithstanding any other limitation set forth in this article or in article five of the estates, powers and trusts law (the wrongful death statute of limitations is EPTL 5-4.1), an action by a crime victim, or the representative of a crime victim, as defined in subdivision six of section six hundred twenty one of the executive law, may be commenced to recover damages from a defendant: (1) convicted of a crime which is the subject of such action, for any injury or loss resulting therefrom within seven years of the date of the crime."

 Thus measured from the date of Chiquita's guilty plea, all claims in all of the amended complaints are timely. This statute has been interpreted liberally by both State and Federal Courts to preserve the timeliness of claims brought by crime victims. In *Aramony v. United Way of America*, 969 F. Supp. 226 (SDNY 1997), the plaintiff, Aramony, was convicted in 1995 in the Federal District Court for the Eastern District of Virginia, of, *inter alia*, mail and wire fraud, committed against the United Way of America, his former employer. In May 1996, Aramony commenced an action in the Federal District Court for the Southern District of New York to recover benefits he alleged he was owed by the United Way under a series of retirement benefit plans. The United Way counterclaimed to recover damages for, *inter alia*, breach of fiduciary duty and common-law fraud. Aramony moved to dismiss on the ground that Virginia's one-year Statute of Limitations applied and barred the claims. The District Court, however, applied the

---

[2] The declaration of defense expert Tamayo, annexed to Chiquita's motion as Exhibit 1 sets forth statutes of limitation of 20 years and/or 10 years under the law of Colombia.

seven-year Statute of Limitations in CPLR 213–b, permitting the counterclaims to stand, stating that "…The borrowing statute, part of the "article" mentioned in § 213-b, is supplanted by this seven-year crime victims limitations period."  (969 F. Supp. at 234)

Similarly, in *Elkin v. Cassarino*, 248 AD 2d 35 (2d Dept. 1998), defendant was convicted in United States District Court for the Eastern District of New York, in connection with the of the robbery of plaintiff's jewelry, of conspiring to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by robbery, as well as knowingly and intentionally obstructing, delaying, and affecting commerce, by robbery, in violation of 18 U.S.C. §§ 1951 and 3551, *et seq*. The evidence at the Federal trial established that the defendant's accomplices beat and punched the plaintiff and stole a quantity of jewelry from her. The Court held that this conviction in Federal court invoked the application of the crime victim statute of limitation under New York law. (See also *Cavanaugh v. Watanabe*, 10 Misc. 3d 1043 (Sup. Ct. Westchester 2005)[plaintiff entitled to 7 year crime victim SOL on civil claims of battery and intentional infliction of mental distress (which would otherwise have a one year SOL) where defendant was convicted of "attempted assault" upon his guilty plea in connection with the assault. The court held that this conviction was the subject of the action under the statute, despite the fact that the guilty plea was only for "attempted assault".

The New York Courts have thus taken an expansive view of what crimes can support the application of the crime victim statute of limitations. For example, in *City of New York v. College Point Sports Association, Inc.*, 61 AD3d 33 (2d Dept. 2009) the court held that a conviction for violation of § 71-2703 of the Environmental Conservation Law, for dumping solid waste onto plaintiff's property, was sufficient to make plaintiff a "crime victim" for purposes of

4

applying Section 213-b of the CPLR (crime victim SOL) to a civil damage suit. The court specifically relied upon defendants' admissions during their guilty "plea allocutions" stating:

> "The Casalino defendants admitted during their plea allocutions that they had released more than 70 cubic yards of solid waste at the College Point site on or about November 22, 1996, in violation of ECL 71-2703 (2) (c) (i). The City's interposition of the crime victim cause of action on or before October 20, 2003 is therefore timely."

In the case at bar, the claims of the plaintiffs arise from the illegal conduct detailed in the complaint including the criminal acts detailed in the written plea allocution that are set forth *in haec verba* in the complaint. Under the circumstances, plaintiffs are "crime victims" of the defendant Chiquita, and accordingly all of the causes of action of all of the plaintiffs are timely, since they were filed less than 7 years from Chiquita's guilty plea. [3]

Even without the application of the crime victim SOL, all of the so-called new death claims asserted in the Fifth Amended complaint are timely under New York law because the applicable statute of limitations (without consideration of the crime victim statute) would be three (3) years from the date of death, not two years as claimed by Chiquita. Remarkably, Chiquita's argument on the present motion is in direct contradiction to its position on the original Motion to Dismiss, in which it correctly argued that the New York wrongful death statute of limitations contained in EPTL 5-4.1 (2 years) was inapplicable to plaintiffs death claims brought under a foreign statute, to wit the Ohio wrongful death statute, which Chiquita claimed was the governing law. In this connection, Chiquita stated in its original brief at page 72 as follows:

> "The New York plaintiffs allege their wrongful death claims under the Ohio wrongful death statute, and those claims therefore are subject to a two-year statute of limitations. *See* Ohio Rev. Code § 2125.02(D)(1) (two-year limitations period

---

[3] Parenthetically, of the so-called new plaintiffs 98 would have timely claims under CPLR 213-b without the application of equitable estoppel, since their claims were filed within 7 years from the date of death or injury.

for wrongful death claims); *Lipton v. Lockheed Aircraft Corp.*, 125 N.Y.S.2d 58, 59-60 (N.Y. Sup. Ct. 1953) (stating that New York's statute of limitations does not apply to actions brought under wrongful death statute of another jurisdiction)."

In making that argument the Chiquita cited (incompletely) *Lipton v. Lockheed Aircraft Corp.*, 204 Misc. 693, 693-94, 125 N.Y.S.2d 58, 59 (Sup. Ct. 1953) aff'd sub nom. *Lipton v. Lockheed Aircraft Corp.*, 283 A.D. 769, 128 N.Y.S.2d 550 (App. Div. 1954) aff'd, 307 N.Y. 775, 121 N.E.2d 615 (1954), in which the Court held that the New York wrongful death statute was inapplicable to deaths caused by wrongs committed outside New York, stating as follows:

> "The death of the plaintiffs' decedent occurred on August 31, 1950. The action was commenced on December 23, 1952. Defendant Curtiss-Wright Corporation contends that the action is barred by the two-year limitation of Section 130 of the Decedent Estate Law. This contention has already been rejected by Mr. Justice Benvenga on a motion made in the action by the other defendant. *Lipton v. Lockheed Aircraft Corp.*, 204 Misc. 692, 126 N.Y.S.2d 208. The court there held that Section 130, Decedent Estate Law applies only to deaths resulting from wrongs committed within the state.
> "The two-year limitation in Section 130 of the Decedent Estate Law cannot be removed from its context and applied as a bar to actions brought under the statute of another state or foreign country. *Janes v. Sackman Bros. Co.*, 2 Cir., 177 F.2d 928. The limitation in Section 130 is a specific statute of limitations applying only to actions brought pursuant to that section for deaths resulting from wrongs committed within the state of New York."

In *Janes v. Sackman Brothers*, 177 F.2d 928, 930-31 (2d Cir. 1949), the Court held that New York's wrongful death statute's period of limitations contained in Section 130 of the Decedent Estate Law, (re-enacted without substantial change in EPTL 5-4.1) is not applicable to deaths occurring outside the State of New York, stating:

> "It is well settled, however, that this act applies only to a wrongful death occurring in New York. *Whitford v. Panama R. Co.*, 23 N.Y. 465; *Johnson v. Phoenix Bridge Co.*, 197 N.Y. 316, 90 N.E. 953; *Loucks v. Standard Oil Co.*, 224 N.Y. 99, 120 N.E. 198; *Baldwin v. Powell*, 294 N.Y. 130, 61 N.E.2d 412; *Cooper v. American Airlines*, 2 Cir., 149 F.2d 355, 162 A.L.R. 318. This limitation therefore is a condition which the legislature of New York has imposed upon the right granted by it of recovery for a wrongful death occurring in New York. The

limitation cannot be removed from its context and applied as a bar to actions brought under the statutes of another state." [4]

In its present motion, Chiquita argues in completely contradictory fashion and without referencing its previous argument or citations, that the New York wrongful death period of limitation applies, although the cases it now cites are not wrongful death cases, and are inapposite. The case of *Vincent v. Money Store*, 915 F. Supp. 2d 553, 556 (S.D.N.Y. 2013) was for fraud and unjust enrichment and unfair business practices brought under a California statute as well as for breach of contract. *Portfolio Recovery Associates, LLC v. King*, 14 N.Y.3d 410, 415, 927 N.E.2d 1059, 1060 (2010) was a claim for unpaid credit card bills. *Martin v. Julius Dierck Equip. Co.*, 43 N.Y.2d 583, 591-92, 374 N.E.2d 97, 101 (1978) was a common law claim for personal injuries and did not involve wrongful death. Accordingly, the wrongful death statute of limitations set forth in EPTL 5-4.1 is inapplicable.

The statute of limitations that would be applicable to these wrongful death claims (absent the crime victim SOL) would be 3 years pursuant to CPLR 214 (2) which pertains to "an action to recover upon a liability, penalty or forfeiture created or imposed by statute, except as provided in sections 213 and 215". [5]

Plaintiffs' rights to compensation for death (or injury) arise from Colombian statutes. These statutes are described by Chiquita's expert Tamayo. In *Janes v. Sackman Bros. Co.* 177

---

[4] It should be noted that "CPLR 202 has remained substantially unchanged since 1902 (*see, Antone v. General Motors Corp., supra,* 64 N.Y.2d, at 27, 484 N.Y.S.2d 514, 473 N.E.2d 742). While its predecessor, section 13 of the Civil Practice Act, used the word "arise" instead of "accrue," the Legislature intended no change in meaning when it adopted the present provision, in 1962, as part of the CPLR. The legislative purpose was simply to ensure that the language of CPLR 202 conformed with other CPLR provisions (*see,* 1962 N.Y. Legis. Doc. No. 8, at 69; *Insurance Co. v. ABB Power Generation,* 91 N.Y.2d 180, 186, n. 2, 668 N.Y.S.2d 143, 690 N.E.2d 1249).

[5] CPLR 213 pertains to fraud and other offenses not applicable here and prescribes a 6 year SOL. CPLR 215 pertains to intentional common law torts such as battery and prescribes a 1 year SOL.

F.2d 928, 930-31 (2d Cir. 1949) *supra*, the Court stated that under such circumstances, the

general statute of limitations of the forum state governs (at that time 6 years, now 3 years)

stating:

> "The limitation cannot be removed from its context and applied as a bar to actions brought under the statutes of another state. Instead we must do as was done in *Mullins v. Alabama Great So. R.R.*, 239 Ala. 608, 195 So. 866, and look to the general statute of limitations of the state of the forum to ascertain how long a period will be allowed for the commencement of such an action as this. N.Y. Civil Practice Act, Sec. 48 provides: 'The following actions must be commenced within six years after the cause of action has accrued: * * * 2. An action to recover upon a liability created by statute.' *The principal characteristic of a wrongful death action is its statutory origin, and thus Sec. 48, subd. 2, is the appropriate limitation, rather than such a section as Sec. 49, subd. 6, which limits the common-law action for personal injuries for negligence to three years*. Thus in *McConnell v. Caribbean Petroleum Co.*, 278 N.Y. 189, 15 N.E.2d 573, where a suit for personal injuries was brought under the Employers Liability Act of Venezuela, the Court of Appeals held that the suit was dependent entirely on a statutory liability, rather than a common-law liability, and *931 applied the limit of Sec. 48, subd. 2, rather than Sec. 49, subd. 6. A like conclusion was reached in *Detmar v. Nussbaum*, 149 Misc. 469, 267 N.Y.S. 732, affirmed 241 App.Div. 720, 269 N.Y.S. 1006, and *Sacks v. Ventura*, 156 Misc. 656, 282 N.Y.S. 821, as to claims for personal injuries for negligence based upon the N.Y. Workmen's Compensation Act, Mck. Consol. Laws, c. 67, Sec. 1 et seq."[6]

Thus, all of the "new" death claims asserted in the Fifth Amended complaint are timely

since they were asserted within 3 years of Chiquita's guilty plea. With regard to the Sixth

Amended complaint, these claims would not be timely without the application of the crime

victim statute, CPLR 213-b.  However as stated above, that statute is clearly applicable, and thus

all of the claims asserted in the New York amended complaints are timely.

---

[6]  In *McConnell v. Caribbean Petroleum Co.* 278 NY 189, 192-193 (1938) the plaintiff was injured in Venezuela in an automobile accident where he was employed by the defendant. The Court stated: "*Venezuela, being a civil law country, the common law, of course, is inoperative. Whatever rights plaintiff may possess depend upon article 1218 or article 1683 of the Venezuela Civil Code. Both rights are created by statute.*" Colombia is also civil law country.

CONCLUSION

Defendant Chiquita's motion on statute of limitations grounds should be denied in its

entirety.

Respectfully submitted,

JONATHAN C. REITER, Esq.
E-Mail:  jcrlaw@hotmail.com
JONATHAN C. REITER LAW FIRM, PLLC
350 Fifth Avenue, Suite 6400
New York, New York 10118
Tel:  212-736-0979
Fax:  212-268-5297
Lead Attorney of Record for Plaintiffs,
SARA MATILDE MAJARRES, et. al.


By:   s/Jonathan C. Reiter
JONATHAN C. REITER

STEPHEN J. GOLEMBE, Esq.
(Fl Bar No. 137225)
E-Mail:  GolembeS@GolembeLaw.com
STEPHEN J. GOLEMBE & ASSOCIATES, P.A.
2340 South Dixie Highway
Coconut Grove, Florida
Tel:  305-858-0404
Fax:  305-858-3100
Co-counsel for Plaintiffs, SARA MATILDE
MORENO MANJARRES, et. al.

By:   s/Stephen J. Golembe
STEPHEN J. GOLEMBE

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel or parties of record on the service list generated by CM/ECG.

Dated: June 22, 2015

s/Stephen J. Golembe_____
STEPHEN J. GOLEMBE, Esq.
(FL Bar No. 137225)
E-Mail:  GolembeS@GolembeLaw.com
STEPHEN J. GOLEMBE & ASSOCIATES, P.A.
2340 South Dixie Highway
Coconut Grove, Florida
Tel:  305-858-0404
Fax:  305-858-3100
Co-counsel for Plaintiffs, SARA MATILDE MORENO MANJARRES, et. al.