UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

Case No. 9:08-cv-80465-KAM

DOES (1-144), PEREZES (1-95), PEREZES (96-795),
and Carmen Tulia Cordoba Cuesta et al.

    Plaintiffs,

v.

CHIQUITA BRANDS INTERNATIONAL, INC. ET AL

    Defendants
_____/

**D.C. PLAINTIFFS' OPPOSITION TO MOTIONS TO DISMISS
BASED ON THE STATUTE OF LIMITATIONS**

# **TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................... 1

I.   The Statute of Limitations Does Not Bar Any of the Claims in the D.C. Cases Against Defendant Chiquita. ....................................................................................................... 1

    A.   The Wrongful Death Claims of the D.C. Plaintiffs at Issue Here Are Timely as They Are Subject to Colombia's Statute of Limitations. ........................................ 2

    B.   Plaintiffs Assert Equitable Tolling, Raising a Factual Issue that Can Not Properly Be Resolved on a Motion to Dismiss Prior to Discovery. ...................................... 4

    C.   Minor Tolling Applies to Some of D.C. Plaintiffs, Precluding Application of the Statute of Limitations to Them. .............................................................................. 6

    D.   Claims of Plaintiffs Added in the TAC Relate Back to the Original Complaint, Making All Their Claims Timely. ........................................................................... 7

        1.   The claims of additional legal heirs and wrongful death beneficiaries of previously-included decedents relate back. .............................................. 7

        2.   Claims of the remaining Plaintiffs added in the TAC also relate back to the facts and allegations in the original complaint. ......................................... 8

II.  The Statute of Limitations Does Not Bar Any of the Claims in the D.C. Cases Against the Individual Defendants. ..................................................................................................... 9

    A.   The Wrongful Death Claims Against the Ind. Defs. Are Timely as They Are Subject to Colombia's Statute of Limitations. ...................................................... 10

    B.   Equitable Tolling Applies to Plaintiffs' Claims Against the Ind. Defs., Raising a Factual Issue that Cannot Be Resolved on a Motion to Dismiss. ......................... 10

    C.   Minor Tolling Applies to Some D.C. Plaintiffs, Precluding Application of the Statute of Limitations to Them. ............................................................................ 11

    D.   Plaintiffs' TAC Relates Back to the Original Complaint. .................................... 11

CONCLUSION ............................................................................................................................ 12

# **TABLE OF AUTHORITIES**

## **CASES**

*Andujar v. Rogowski,*
    113 F.R.D. 151 (S.D.N.Y. 1986) ................................................................................. 8, 9

*Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau,*
    690 F.2d 1240 (9th Cir. 1982) ........................................................................................ 8

*Balcero v. Drummond Co., Inc.,*
    No. 2:09-cv-1041-RDP (N.D. Ala. filed May 27, 2009) ................................................. 6

*Diamond v. Davis,*
    680 A.2d 364, 380 n. 13 & n. 14 (D.C. 1996) ................................................................ 5

*Estate of Doe v. Islamic Republic of Iran,*
    808 F. Supp. 2d 1 (D.D.C. 2011) .................................................................................... 8

*Firestone v. Firestone,*
    76 F.3d 1205 (D.C. Cir. 1996) ........................................................................................ 1

*Fitzgerald v. Seamans,*
    553 F.2d 220 (D.C. Cir. 1977) ........................................................................................ 5

*Fludd v. United States Secret Service,*
    102 F.R.D. 803 (D.D.C. 1984) ...................................................................................... 12

*Hartley v. Wilfert,*
    931 F. Supp. 2d 230 (D.D.C. 2013) .............................................................................. 12

*Higgins v. Washington Metropolitan Area Transit Authority,*
    507 F. Supp. 984 (D.D.C. 1981) .................................................................................... 3

*In re Estate of Green,*
    816 A.2d 14 (D.C. 2003) ................................................................................................ 6

*In re United Mine Workers of America Employee Benefit Plans Litigation,*
    854 F. Supp. 914 (D.D.C. 1994) .................................................................................. 11

*Julin v. Chiquita Brands International, Inc.,*
    690 F. Supp. 2d 1296 (S.D. Fla. 2010) ................................................................... passim

*Lewis v. Reconstruction Finance Corp.,*
    177 F.2d 654 (D.C. Cir. 1949) .................................................................................. 2, 3

*Makro Capital of America, Inc. v. UBS AG,*
    543 F.3d 1254 (11th Cir. 2008) ...................................................................................... 8

page.

*Naccache v. Taylor,*
    72 A.3d 149 (D.C. 2013) .................................................................................................. 6

*Omar ex rel. Cannon v. Lindsey,*
    334 F.3d 1246 (11th Cir. 2003) ....................................................................................... 5

*Peterson ex rel. Estate of Knipple v. Islamic Republic of Iran,*
    No. CIV.A.01-2094 RCL, 2007 WL 950080 (D.D.C. Mar. 28, 2007) ............................... 8

*Richards v. Mileski*,
    662 F.2d 65 (D.C. Cir. 1981) .......................................................................................... 5

*Smith v. Hope Village, Inc.,*
    481 F. Supp. 2d 172 (D.D.C. 2007) ................................................................................ 3

*Strother v. D.C.,*
    372 A.2d 1291 (D.C. 1977) ........................................................................................ 7, 8

*Turner v. Afro-American Newspaper Co.,*
    572 F. Supp. 2d 71 (D.D.C. 2008) .................................................................................. 2

*Uzoukwu v. Metropolitan Washington Council of Governments,*
    983 F. Supp. 2d 67 (D.D.C. 2013) .................................................................................. 4

*Wachsman ex rel. Wachsman v. Islamic Republic of Iran,*
    537 F. Supp. 2d 85 (D.D.C. 2008) .................................................................................. 3

## STATUTORY AUTHORITIES

D.C. Code § 12-302 .............................................................................................................. 7

D.C. Code § 16–2701(a) ....................................................................................................... 3

## RULES AND REGULATIONS

Fed. R. Civ. P. 15(c) ............................................................................................ 7, 8, 11, 12

Chiquita and the Individual Defendants ("Ind. Defs.") argue that Plaintiffs' claims in *In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, Case No. 9:08-cv-80465-KAM ("D.C. Cases")[1] are barred by the statute of limitations. Chiquita Mot. at 8-11; Ind. Defs. Mot. at 35-37. With respect to Chiquita's motion, Plaintiffs will first demonstrate that D.C. law would apply the Colombian statute of limitations to their wrongful death claims making these claims timely. Plaintiffs will then demonstrate that based on cases like *Julin v. Chiquita Brands International, Inc.*, 690 F. Supp. 2d 1296 (S.D. Fla. 2010), where this Court applied equitable tolling to identical facts and found there to be a question of fact concerning the applicability of equitable tolling under the statute of limitations, it is not appropriate to address the issue on a motion to dismiss. There is also tolling of all claims for minors. Further, the relation back doctrine applies. Plaintiffs will then establish that for the same reasons their claims against the Ind. Defs. are not barred by the statute of limitations.

## ARGUMENT

I. **The Statute of Limitations Does Not Bar Any of the Claims in the D.C. Cases Against Defendant Chiquita.**

The D.C. Circuit has "repeatedly held [that] courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (citations omitted). "A court should grant a pre-discovery motion to dismiss on limitations grounds 'only if the complaint on its face is conclusively time-barred,' and the parties do not dispute when the limitations period began."

---

[1] In other proceedings, attorney Paul Wolf has purported to be the sole representative of Does 1-144 in conflict with a stipulation between the parties and this Court's Order designating Terrence Collingsworth of Conrad & Scherer, LLP, as lead counsel for these 144 Plaintiffs and all other Plaintiffs in the D.C. Cases. *See* ECF Nos. 144 (Stipulation) and 147 (Order). Should Mr. Wolf file any opposition on behalf of Does 1-144 in response to Chiquita's motion to dismiss, Mr. Collingsworth, as lead counsel, did not authorize such filing and it should be stricken.

1

*Turner v. Afro-Am. Newspaper Co.*, 572 F. Supp. 2d 71, 72 (D.D.C. 2008) (citation omitted). Chiquita does not contest the timeliness of any plaintiff from the original *Does 1-144* complaint, nor does it contest the timeliness of the claims of negligence, negligent hiring, negligent supervision, and intentional infliction of emotional distress for the 104 Plaintiffs[2] who joined in the First Amended Complaint. Chiquita focuses its statute of limitations challenge on the assault, battery, and wrongful death claims of the 104 plaintiffs who joined in the First Amended Complaint as well as all claims of the 2,117 Plaintiffs[3] who joined in the Third Amended Complaint. All of these plaintiffs have timely wrongful death claims, Chiquita's incorrect assertion of D.C. law notwithstanding, because wrongful death claims are governed by the Colombian, not D.C., statute of limitations. With respect to the other claims, Chiquita has failed to meet its burden to show they are "conclusively time-barred" for plaintiffs who joined the amended complaints. *Turner*, 572 F. Supp. 2d at 72.

      A.      **The Wrongful Death Claims of the D.C. Plaintiffs at Issue Here Are Timely as They Are Subject to Colombia's Statute of Limitations.**

Although Chiquita is correct that D.C. typically treats statutes of limitations as procedural, rather than substantive, Chiquita Mot. at 9, Chiquita fails to inform the Court that D.C. courts have been equally clear in identifying an exception for wrongful death claims. In those claims, D.C. courts apply the statute of limitations from the jurisdiction where the fatal injuries occurred. In *Lewis v. Reconstruction Fin. Corp.*, the D.C. Circuit noted that "[o]ur wrongful death statute, and the limitations thereof[,] are confined to deaths resulting from injuries suffered within the District of Columbia." 177 F.2d 654, 656 (D.C. Cir. 1949); *see also*

---

[2] Chiquita incorrectly asserts that 102 plaintiffs joined the First Amended Complaint in the D.C. Cases. Chiquita Mot. at 11; *see also Does 1-144* First Am. Compl. ("FAC"), ECF No. 287.
[3] Chiquita incorrectly asserts that 1,970 plaintiffs joined the Third Amended Complaint in the D.C. Cases. Chiquita Mot. at 11; *see also Does 1-144* Third Am. Compl. ("TAC"), ECF No. 575.

2

D.C. Code § 16–2701(a) (2015) (restricting the D.C. wrongful death statute to "[w]hen, ***by an injury done or happening within the limits of the District***, the death of a person is caused by a wrongful act . . . .") (emphasis added). In *Smith v. Hope Vill., Inc.*, the court applied *Lewis* to a case in which "the fatal injury . . . indisputably occurred in Silver Spring, Maryland." 481 F. Supp. 2d 172, 205-06 (D.D.C. 2007). The court noted that "the District of Columbia wrongful death statute would not apply to the plaintiff's wrongful death claim." *Id*. at 206. The Court determined that *Lewis* "compel[led] application" of Maryland's wrongful death law, including the related statute of limitations. *Id.* at 205; *see also Wachsman ex rel. Wachsman v. Islamic Republic of Iran*, 537 F. Supp. 2d 85, 95-97 (D.D.C. 2008); *Higgins v. Wash. Metro. Area Transit Auth.*, 507 F. Supp. 984, 986 (D.D.C. 1981).

The fatal injuries at issue in this case occurred in Colombia, so based on D.C. law, Colombian law determines the statute of limitations, making all of these claims timely. Chiquita's Colombian law expert had for years maintained that the statute of limitations in Colombia was 20 years, until December 27, 2002, when article 2536 of the Civil Code was amended to establish a 10-year period for tort actions. 2015 Tamayo Decl., ECF No. 741-1 ¶ 28; 2011 Tamayo Decl., ECF No. 502-8 ¶ 25. According to Chiquita's own expert, for injuries occurring ***after*** December 27, 2002, the 10-year period applies. *Id*. For injuries that occurred ***before*** the law was amended, Chiquita's expert argues that defendants have the right to "decide whether they will argue the 20-year limitations period beginning with the appearance of the injury or the 10-year period which would be counted from the effective date of law 791 (that is, December 27, 2002)." 2015 Tamayo Decl., ECF No. 741-1 ¶ 28. Chiquita's expert has been unambiguous that his opinion about the limitations period applies to Chiquita. 2011 Tamayo Decl., ECF No. 502-8 ¶ 25 ("If, rather, the injuries arose before December 27, 2002, in the event

3

of a lawsuit against it and as it so chooses, **Chiquita** could decide whether it will argue. . .") (emphasis added). Plaintiffs dispute that it is Chiquita, rather than Plaintiffs, that has the right to decide which limitations period applies to injuries before December 27, 2002. But even if Chiquita can decide which years apply, **based on Chiquita's expert,** whether the period is 10 or 20 years, all of the 2,221 D.C. plaintiffs who joined the amended complaints have timely claims.

For every D.C. plaintiff who joined the amended complaints with wrongful death claims, the difference between 10 and 20 years is irrelevant. Indeed, every D.C. plaintiff who joined the amended complaints raised claims related to injuries suffered before December 27, 2002, and they filed **both** within 20 years of the injuries **and** within 10 years of December 27, 2002. *See* TAC (filed Sept. 24, 2012,[4] within 10 years of Dec. 27, 2002, and with no new claims related to injuries occurring before Sept. 24, 1992); FAC (filed Mar. 2, 2010, within 10 years of Dec. 27, 2002 and with no new claims related to injuries occurring before Mar. 2, 1990). Likewise, all of the D.C. plaintiffs with wrongful death claims related to injuries suffered after December 27, 2002 filed within 10 years of those injuries.

All of the D.C. plaintiffs at issue filed their wrongful death claims within the relevant limitations period. Chiquita's motion to dismiss fails with respect to these claims.

### B. Plaintiffs Assert Equitable Tolling, Raising a Factual Issue that Can Not Properly Be Resolved on a Motion to Dismiss Prior to Discovery.

As to all of Plaintiffs' claims, equitable tolling applies to prevent dismissal based on the statute of limitations. In *Julin,* 690 F. Supp. 2d at 1307, this Court held that once there is a

---

[4] The date from which to measure the statute of limitations should actually be May 30, 2012, when the D.C. plaintiffs moved to amend the Third Amended Complaint. *See, e.g., Uzoukwu v. Metro. Wash. Council of Gov'ts*, 983 F. Supp. 2d 67, 86 (D.D.C. 2013).

question of fact regarding equitable tolling, dismissal is precluded, as a matter of law:[5]

> Equitable tolling is appropriate where a plaintiff "remain[s] in the dark without any fault or want of diligence or care on his part.'" *In re Olsen,* 36 F.3d 71, 73 (9th Cir.1994). "When a defendant's fraudulent deceptions leave a plaintiff ignorant of the facts or even existence of his claim, the limitations period is tolled until discovery of the fraud.' *In re International Administrative Services, Inc.,* 408 F.3d at 701. To invoke the doctrine of equitable tolling based on a defendant's fraudulent concealment of its conduct, 'plaintiffs must establish that: (1) the defendant wrongfully concealed material facts relating to its wrongdoing; (2) the concealment prevented plaintiffs' discovery of the nature of the claim within the limitations period; and (3) the plaintiffs exercised due diligence in pursuing the discovery of the claim during the period they seek to have tolled.' *Litle,* 507 F.Supp.2d at 276–77.

690 F. Supp. 2d at 1306. The Court then concluded that "Plaintiffs have pled sufficient facts to raise a question of equitable tolling based upon fraudulent concealment. . . . Thus, questions of fact are present which preclude dismissal as a matter of law." *Id.* at 1307.[6]

This same result is required here as it relates to Plaintiffs' claims under Colombian law. Chiquita necessarily concedes that all D.C. plaintiffs have pled tolling based on fraudulent concealment until at least "shortly after Chiquita's guilty plea in March of 2007." Chiquita Mot. at 10 n.8 (quoting TAC ¶ 10). The TAC, as in *Julin*, 690 F. Supp. 2d at 1306-07, has numerous detailed allegations concerning Chiquita's systematic concealment of its collaboration with illegal armed groups in Colombia. *See* TAC ¶¶ 10, 11, 2046-50, 2055, 2075-77, 2115, 2116,

---

[5] *Julin* applies clear Eleventh Circuit law. *See, e.g.*, *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251-52 (11th Cir. 2003) (plaintiff's equitable tolling argument was sufficient for the court to conclude that "the statute of limitations issue cannot be resolved at this stage of the litigation because such resolution would depend either on facts not yet in evidence or on construing factual ambiguities in the complaint in Defendants' favor, which would be inappropriate.").
[6] D.C. cases have likewise stressed that the defendant's identity is an essential part of the discovery rule, which is a factual question. In *Diamond v. Davis*, the D.C. Court of Appeals found "persuasive" the D.C. Circuit's reasoning on accrual in "applying the discovery rule" when "not only were the defendants' identities concealed, but the fact of their participation in the wrongdoing [was] as well." 680 A.2d 364, 380 n.13, n.14 (D.C. 1996) (citing *Fitzgerald v. Seamans*, 553 F.2d 220, 228 (D.C. Cir. 1977) and *Richards v. Mileski*, 662 F.2d 65, 68-70 (D.C. Cir. 1981)).

5

2143-44. While some of the Plaintiffs may have learned about Chiquita's role in 2007 after the company pled guilty to funding terrorist groups in Colombia, others living in remote areas without access to mainstream media, may not have.

Plaintiffs also assert equitable tolling because their legitimate fear of violent reprisal prevented them from filing until the situation in Colombia improved. *See, e.g.*, TAC ¶¶ 6-9; 12-15. Addressing this identical question in the identical context, the Court in *Balcero v. Drummond Co., Inc.*, No. 2:09-cv-1041-RDP (N.D. Ala. filed May 27, 2009), applied equitable tolling:

> [A]t this stage of the case, the [Complaint] raises allegations that, taken in the light most favorable to Plaintiffs, could justify Plaintiffs' delay in filing suit. The situation in Colombia had been one of great unrest until at least 2007, when the AUC was demobilized. Plaintiffs have alleged that until the 2007 demobilization, the AUC "with the support of the Drummond Defendants, used violent reprisals against anyone who sought to hold them accountable for the terror imposed on the civilian population."

*Balcero* Order, ECF No. 275 at 6 (citations omitted).

This Court should not address the issue of timeliness of Plaintiffs' Colombian law claims at this dismissal stage. Any statute of limitations determination requires an examination of each plaintiff's individual circumstances. Factual inquiries preclude resolution on a dismissal motion. *See Julin,* 690 F. Supp. 2d at 1307; *In re Estate of Green*, 816 A.2d 14, 17 (D.C. 2003). Based on equitable tolling, this Court should deny Chiquita's motion to dismiss until each Plaintiff's specific factual situation can be evaluated. *See Julin,* 690 F. Supp. 2d at 1307.

### C. Minor Tolling Applies to Some of D.C. Plaintiffs, Precluding Application of the Statute of Limitations to Them.

Under D.C. law, the statute of limitations is tolled for minors. *See* D.C. Code § 12-302 (2015); *see also Naccache v. Taylor*, 72 A.3d 149, 152 (D.C. 2013). At least 189 of the 2,117 plaintiffs added to the TAC were born in 1994 or later, meaning the statute of limitations did not begin running for their claims until 2012, when they reached the age of majority. *See* Ex. 1 (chart

6

indicating dates of birth that demonstrate minor tolling) (attached with all other exhibits to the Collingsworth Decl., filed concurrently herewith). All of their claims are unquestionably timely under D.C. law. At least five other plaintiffs added to the Third Amended Complaint were born in 1993, meaning the statute of limitations did not begin running until 2011. *See id*. All of their claims, with the possible exception of assault and battery, are likewise timely.

### D. Claims of Plaintiffs Added in the TAC Relate Back to the Original Complaint, Making All Their Claims Timely.

The claims of Plaintiffs who joined the TAC who were legal heirs and wrongful death beneficiaries of previously-included decedents relate back to the original filing as do the claims of Plaintiffs who suffered from the same conduct alleged in the original complaint. Claims relate back when they arose out of the same "conduct, transaction, or occurrence set out or attempted to be set out in the original pleading." Fed. R. Civ. P. 15(c).

#### 1. The claims of additional legal heirs and wrongful death beneficiaries of previously-included decedents relate back.

Here, some plaintiffs who joined the Third Amended Complaint were "additional legal heirs to and wrongful death beneficiaries of previously-included decedents." TAC ¶ 1. *See* Ex. 2 (chart indicating Plaintiffs added to the TAC who are additional beneficiaries for a decedent who had already been part of the prior complaint). They meet the relate-back requirements under Rule 15(c) as they share an identity of interest with the original plaintiffs, their claims arise under the same factual conduct as alleged in the original complaint, and Chiquita was on notice of the additional beneficiaries' claims. In *Strother v. D.C.*, 372 A.2d 1291 (D.C. 1977), the court granted a motion to amend that allowed a plaintiff to change the capacity in which he was suing such that he could bring a wrongful death claim after the statute of limitations had run. The Court stated granting the motion "is only sensible" since "***defendants were on notice that they would***

7

*have to defend a claim arising out of the death of appellant's father*." *Id.* at 1298 (emphasis added). Other courts have similarly analyzed the relate-back requirements, reaching the same result. *See, e.g.*, *Estate of Doe v. Islamic Republic of Iran*, 808 F. Supp. 2d 1, 17 (D.D.C. 2011); *Peterson ex rel. Estate of Knipple v. Islamic Republic of Iran*, No. CIV.A.01-2094 RCL, 2007 WL 950080, at *1 (D.D.C. Mar. 28, 2007).

In this case, Chiquita was on notice that additional beneficiaries to existing claims could bring claims on behalf of themselves and the victims. As these claims are based on the exact same facts and claims, Chiquita's ability to defend these claims remains unchanged.[7]

### 2. Claims of the remaining Plaintiffs added in the TAC also relate back to the facts and allegations in the original complaint.

All claims brought by additional plaintiffs who joined the TAC satisfy Rule 15(c). These claims relate to the claims in the original complaint because they allege identical underlying facts. The same conduct test is satisfied if the claim involving the new party arose from the "same. . . core of operative facts" as did the claim with respect to the former parties. *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau,* 690 F.2d 1240, 1259 n. 29 (9th Cir. 1982). In *Andujar v. Rogowski*, 113 F.R.D. 151 (S.D.N.Y. 1986), the court permitted relation back of three additional migrant farmworker plaintiffs under Rule 15(c) after the statute of limitations period

---

[7] Chiquita argues that Rule 15(c) is inapplicable to any D.C. plaintiff who joined the First or Third Amended Complaint, but this argument is based on an inapposite case, *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254 (11th Cir. 2008). In *Makro*, "the United States was UBS's co-defendant in the original diversity suit, [and then] it was a co-plaintiff suing UBS in the amended FCA suit." *Id.* at 1259; *see also id.* at 1260 ("A defendant, like UBS, that is sued as part of a non-*qui tam* claim cannot be said to be on notice that it might also be subject to a *qui tam* action, particularly when the United States was also a defendant in the initial suit."). That situation, in which a defendant was not on notice that it would be sued for an ***entirely different claim***, has no relevance here, where plaintiffs whose relatives were killed as a result of Chiquita's support for terrorist paramilitary groups in Colombia joined an amended complaint filed by other plaintiffs whose relatives were killed as a result of the same support by Chiquita for terrorist paramilitary groups in Colombia.

8

had run where the new plaintiffs allegedly were wrongfully evicted from their worker housing. *Id.* at 154. The court found the defendants were on sufficient notice of these claims because defendants were aware throughout the course of the litigation that more workers than those who brought the suit had been evicted. *Id.* at 159. In addition, the court found that defendants had failed to show undue delay, bad faith, futility, or prejudice as a result of additional plaintiffs bringing identical claims. *Id.* at 158.

Likewise, in this case, additional Plaintiffs' claims are based on Chiquita's support of Colombian paramilitary groups and the resulting abuses they committed. The core operative facts in this case are the same—they involve the same Chiquita executives, the same paramilitaries, and the same time periods as the facts pled in the original complaint. Similar to the defendants in *Andujar* who were aware of additional workers who had yet to assert their claims, *see* 113 F.R.D. at 158, Chiquita was aware of additional victims of AUC violence and numerous attempts to seek legal redress. Defendants have been fully aware since the original complaint that there were additional plaintiffs, each described as someone whose family members was murdered by the AUC at the behest of defendants. These claims are the same as thousands of claims by other Plaintiffs in this and other related multi-district litigations against Chiquita. Indeed, the New Jersey case was filed as a class action, putting Chiquita on notice that other, identical claims were going to be asserted.

## II. The Statute of Limitations Does Not Bar Any of the Claims in the D.C. Cases Against the Individual Defendants.

The Ind. Defs. make the identical statute of limitations arguments that Chiquita did, albeit in even more perfunctory form. *See* Ind. Defs. Mot at 35-37. For the same reasons discussed with respect to Chiquita, Plaintiffs' claims against the Ind. Defs, are not barred.

9

A. **The Wrongful Death Claims Against the Ind. Defs. Are Timely as They Are Subject to Colombia's Statute of Limitations.**

As did Chiquita, the Ind. Defs. argue that Plaintiffs' claims are governed by the D.C. statute of limitations and are time-barred. As Plaintiffs demonstrated previously, D.C. law is clear that the wrongful death claims in this case would be governed by the Colombian statute of limitations, making all of those claims timely. *See* § I.A, *supra*.

B. **Equitable Tolling Applies to Plaintiffs' Claims Against the Ind. Defs., Raising a Factual Issue that Cannot Be Resolved on a Motion to Dismiss.**

Plaintiffs' wrongful death claims, which are governed by the Colombian statute of limitations, as well as their claims for assault, battery, negligence, negligent hiring, negligent supervision, and intentional infliction of emotional distress against the Ind. Defs., which are governed by the D.C. statute of limitations, are timely based on equitable tolling. Courts hold that when defendants fraudulently conceal their role in an injury, a factual issue is created as to when each plaintiff discovered her claim, precluding resolution on a motion to dismiss. *See, e.g.*, *Julin*, 690 F. Supp. 2d at 1306-07. As Plaintiffs established with respect to Chiquita's assertion of the statute of limitations, all of them have alleged fraudulent concealment, and based on the identical facts as *Julin*, factual issues exist such that Plaintiffs' claims should not be dismissed given the equitable tolling issues that apply to all of the claims. *See* § I.B, *supra*. With respect to the Ind. Defs., the case for equitable tolling is even more compelling because they were described anonymously in the Chiquita criminal case and their concealment extended beyond Chiquita's. *See* TAC ¶¶ 2035-51. Plaintiffs' fact-based assertion of equitable tolling cannot be resolved on a dismissal motion.

10

      **C.**     **Minor Tolling Applies to Some D.C. Plaintiffs, Precluding Application of the Statute of Limitations to Them.**

The minor Plaintiffs also get the benefit of minor tolling with respect to the claims against the Ind. Defs. *See* § I.C, *supra*.

      **D.**     **Plaintiffs' TAC Relates Back to the Original Complaint.**

The relation back issue is the sole issue that is different when applied to the Ind. Defs., as opposed to Chiquita. While these defendants did not discuss this issue, Plaintiffs establish here that when they added the specific names of the Ind. Defs. in the TAC, as per Fed. R. Civ. P. 15(c), those claims "relate back to the date of the original pleading" when: (1) the "claim or defense . . . arose out of the conduct, transaction, or occurrence set out . . . in the original pleading," Fed. R. Civ. P. 15(c)(1)(B); (2) "within the period provided by Rule 4(m) for servi[ce] . . . the party to be brought in by amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits," *Id.* 15(c)(1)(C)-(C)(i) and (3) the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," *Id.* at 15(c)(1)(C)(ii).

To determine whether the Plaintiffs' claims relate back to the original filing in 2007, this Court must apply D.C. Circuit law, as the forum in which Plaintiffs originated their cases before transfer to the MDL panel. *See, e.g., In re United Mine Workers of Am. Emp. Ben. Plans Litig.*, 854 F. Supp. 914, 921-22 n.13 (D.D.C. 1994).

Plaintiffs satisfy all the requirements of Rule 15(c). The Ind. Defs. do not contest that the Plaintiffs' claims arise out of the same conduct giving rise to the original complaint. Further, they cannot dispute they were on notice they were being sued because in their original complaint, the D.C. Plaintiffs selected ten specific Ind. Defs. and, even while not knowing their names at the time, identified them in a way that provided specific notice. David Doe 2, for example, was

11

identified as "a member of the board of directors of Defendant Chiquita" and "'Individual B' in Criminal Case 07-CR-0555 (RCL) in the United States District Court for the District of Columbia." *Does 1-144* Original Compl., ECF No. 50-2 ¶ 188; *see also id.* ¶¶ 187-90, 200-05 (describing with equal specificity each of the 10 individual defendants). These designations—Individuals A through J from Criminal Case 07-CR-0555 (RCL)—must have been known to the Ind. Defs. here, as they came directly from the Factual Proffer Chiquita submitted to the Department of Justice. Ex.3, Mar. 19, 2007 Factual Proffer ¶¶ 9-18 (identifying Individuals A-J as "Relevant Persons"). The individuals in the Factual Proffer relate, in turn, to "ten individual 'conspirators' identified by letter and job title in the draft indictment" brought by the Department of Justice. SLC Report, ECF No. 202-4 at 142.

Although the D.C. Circuit has not yet addressed the precise issue before this Court, whether the D.C. Plaintiffs' TAC should relate back because they were unable to identify the Ind. Defs. by name in their original complaint, *Hartley v. Wilfert*, 931 F. Supp. 2d 230, 233-34 (D.D.C. 2013), precedent strongly suggests the D.C. Plaintiffs' lack of knowledge meets the so-called "mistake" clause of Rule 15(c)(1)(C)(ii). *See, e.g., Fludd v. United States Secret Serv.* 102 F.R.D. 803, 806 (D.D.C. 1984) (relation back applied when the secret service agents' true names were substituted for John Doe names after the statute of limitations had passed). This case is particularly compelling because the Ind. Defs. knew of their role in the unlawful activity and certainly knew that the original complaint referencing the responsible Chiquita officers and directors using pseudonyms was referring to them.

## CONCLUSION

None of Plaintiffs' claims against Chiquita or the Ind. Defs. should be dismissed based on the statute of limitations. The motions should be denied in their entirety.

DATED: June 22, 2015    Respectfully Submitted,

                _____
                Terry Collingsworth, Esq. (admitted *Pro Hac Vice*)
                Conrad & Scherer, LLP
                1301 Connecticut Avenue NW, Suite 350
                Washington, D.C. 20036
                Phone: 202-543-4001
                Fax: 866-803-1125
                tcollingsworth@conradscherer.com

                William R. Scherer (Fla. Bar No. 169454)
                633 South Federal Highway, 8th Floor
                Fort Lauderdale, Florida 33301
                Phone: 954-462-5500
                Fax: 954-463-9244
                wscherer@conradscherer.com

                *Attorneys for Plaintiffs, DOES 1-144,*
                *PEREZES 1-95, PEREZES 96-795,*
                *and Carmen Tulia Cordoba Cuesta et al.*