UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:
ATS ACTIONS
_____/

NO. 08-80421-cv-MARRA/JOHNSON
JOHN DOE 1 *et al.*,
    v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al*
_____/

## *DOE 1-11* PLAINTIFFS' OPPOSITION TO CHIQUITA'S REQUEST TO EXPEDITE ITS MOTION TO COMPEL

As Chiquita acknowledges, Counsel for the *Doe 1-11* ("New Jersey") Plaintiffs last exchanged correspondence with Chiquita's counsel on June 1, 2015, concerning the discovery matters raised in Chiquita's "Time-Sensitive" Motion to Compel (DE 837). Yet Chiquita spent a full *month* writing a 20-page brief on the matter, and now demands a response on an expedited schedule.

Should any further discovery be ordered, Plaintiffs are prepared to comply in a short timeframe. But Chiquita's own lack of diligence is no reason to force Plaintiffs to respond on an expedited basis over the Fourth of July holiday.

Plaintiffs take no position on the schedule for briefing or compelling information from any other parties or counsel.

1. **Chiquita does not need this information for depositions on August 12**

Chiquita claims that it needs this information in order to prepare for depositions of paramilitaries apparently scheduled for August 12, 2015. (Plaintiffs' Counsel have not received

1

notification of this scheduling, but assume it to be true.) This is a red herring, because – as Chiquita well knows – nothing that Chiquita could possibly discover from the *Doe 1-11* Plaintiffs has any bearing on these depositions. The *Doe 1-11* Plaintiffs' responses have made clear that:

- "To the best of our knowledge, no payments have been made to any prospective deponent in this case, including Roldan Perez, Rendon Herrera, and Mangones Lugo on behalf or at the request of plaintiffs named in other litigation, beyond the incidental goods provided to Mangones Lugo as documented by Terrence Collingsworth in public filings in this case. We have no reason to believe that any of the witnesses to whom Terrence Collingsworth has made, or is alleged to have made, payments, might be prospective deponents in this case." DE 808 at 3-4.

- "No payments have been offered, considered, requested of, or made by or on behalf of the New Jersey Plaintiffs' Counsel." DE 808 at 2.

- "To the best of our knowledge, no payment has been made by, on behalf of, or at the request of any other Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness, with the exception of alleged payments made by Terrence Collingsworth." DE 808 at 6.

- "[W]e have no responsive documents relating to payments made by or on behalf of the New Jersey Plaintiffs' Counsel or any other Plaintiffs' Counsel, with the exception of Terrence Collingsworth." DE 808 at 2.

- With respect to Mr. Collingsworth, "we have already produced responsive documents," DE 808 at 2, and "we have no information beyond that reflected in the documents previously produced or otherwise publicly available in the Drummond v. Collingsworth litigation, and no knowledge of the truth or falsity of any of the facts stated in these documents." DE 808 at 6.

The only specific information that Chiquita seeks is the identity of Plaintiffs' Colombian counsel, despite the fact that Plaintiffs' response to this question identified their counsel with sufficient specificity for Chiquita to understand that they are legitimate human rights lawyers, who are not associated in any way with paramilitaries:

- "Our Colombian human rights counsel are associated with New Jersey Plaintiffs' Counsel on this case; they are not paramilitaries or agents, relatives or associates of paramilitaries, and their financial interest is in contingent compensation for the legal work they have done and are doing. The names of our Colombian human rights counsel have been kept confidential, at their request, due to their concerns for their safety and security. They are, however, well-established human rights practitioners in Colombia. The individual human rights attorney was formerly with the *Grupo Interdisciplinario por los Derechos Humanos* (Interdisciplinary Group for Human Rights), and has participated in cases before the Inter-American Court of Human Rights. The leadership of the human rights NGO are Colombian attorneys who have previously been associated with the *Comisión Colombiana de Juristas* (Colombian Commission of Jurists)." DE 808 at 9.

As Plaintiffs' *Forum Non Conveniens* Opposition makes clear, concern for the safety of Plaintiffs' Colombian counsel is not frivolous. Over 300 Colombian human rights defenders were killed from 2009-2015 and 95% of these cases remain unpunished. At least 24 human rights defenders were killed between January and May of this year alone. DE 832 at 7. Lawyers and judges, including lawyers representing victims in the Justice and Peace process, are frequently in the cross-hairs and several have been murdered. DE 832 at 8-9. In 2014 and 2015, eight judicial actors were killed, thirteen were threatened and one forcibly disappeared. DE 832 at 9.

While Chiquita might want this information in order to intimidate Plaintiffs' Colombian counsel, there is no need for the information in connection with any upcoming depositions.

**2. Even if information is needed by August 12, an ordinary response time is warranted**

The ordinary 14-day response period provided by Local Rule 7.1(c)(1)(A) is sufficient to meet Chiquita's concerns to have any supplemental information in hand before the August 12, 2015, deadline that Chiquita claims. If Plaintiffs respond by July 15, 2015, Chiquita is free to reply as soon as it likes; five days (as Chiquita proposes) would put a reply due on July 20.

Plaintiffs can provide any additional information ordered within 72 hours of any Court order. Thus there is ample time to decide this issue on full briefing even assuming that Chiquita needs any information from the *Doe 1-11* Plaintiffs before August 12, 2015.

*\*\*\**

For the foregoing reasons, Chiqutia's Request to Expedite should be denied with respect to the *Doe 1-11* Plaintiffs.

Dated: July 2, 2015               Respectfully submitted,

/s/ Marco Simons
Marco Simons
Richard Herz
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189

John de Leon, FL Bar No. 650390
jdeleon@chavez-deleon.com
**Law Offices of Chavez & De Leon, P.A.**
1399 SW 1st Avenue, #202
Miami, FL 33120
Tel: 305-740-5347
Fax: 305-740-5348

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600

Fax: 202-408-4634

Paul L. Hoffman
**Schonbrun, Desimone, Seplow,**
 **Harris & Hoffman LLP**
723 Ocean Front Walk
Venice, CA 90291
Tel: 310-396-0731
Fax: 310-399-7040

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-365-7260

***Counsel for John Doe I Plaintiffs***