UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
                                                                        /

This Document Relates To:

ATS ACTIONS
                                                                        /

Case No. 13-80146-CIV-MARRA

Doe 1, et al.

    Plaintiffs,

        v.

Boies Schiller & Flexner LLP

    Defendants.
                                                                        /

**Plaintiffs' Memorandum of Law in Reply to Plaintiffs Motion
for Rule 26(f) Meeting and Rule 16(b) Conference, and in
<u>Opposition to Defendants' Motion for Stay of Discovery</u>**

1.    **The numerous pending motions.**

The Plaintiffs incorporate by reference the arguments already made in their Memorandum in Opposition to Defendants' Motion for Relief from Protective Order and in Support of Plaintiffs' Cross Motion for Rule 26(f) Meeting and Rule 16(b) Conference, R. 66. After the Court granted Plaintiffs leave to amend their complaint, Plaintiffs proposed to the Defendant that the parties produce a Joint Report outlining their

respective positions on the schedule going forward. Id. at 4 n. 4. The Defendant responded by filing a Time-Sensitive Motion for relief from the parties Protective Order agreement. R. 65  Plaintiffs responded to this with an Opposition and a Cross Motion for an Order for a Rule 26(f) Meeting and Rule 16(b) Conference. R. 66. The Defendant then filed another "cross motion" to our cross motion, this time moving for a stay of discovery. R. 957. (hereinafter "Defendants' Motion for Stay")  These three motions all resulted from the "de-duplication" of clients and the Court's order granting plaintiffs' Leave to Amend their Complaint.

Aside from these three motions, the Defendant has indicated its intention to file two or three additional motions to dismiss under Rule 12(b).  One is for a still-unknown number of particular cases, in which the Defendant claims that alleged contradictions in statements provided in discovery are "fatal" to their claims of fraud, malpractice, and invasion of privacy, incorporating by reference discovery materials which allegedly nullify the allegations.  The Defendant also wants to rebrief its Rule 12(b)(1) and 12(b)(6) motions, despite filing two previous motions to dismiss of 39 and 34 pages each. R-11, 24. See Defendants' Cross Motion, R 957 at 5.  ("Doe Plaintiffs have now filed a narrower complaint that, in BSF's view, still lacks subject matter jurisdiction and still fails to state a claim.")  This wastes the Court's time as well as ours.

**2.     There is no *de facto* stay of discovery now that Defendants Motions to Dismiss have been denied.**

The Defendant states that the parties have recognized a *de facto* stay of discovery "in recognition of the lack of urgency, the extreme sensitivity of the discovery sought, and the need for this Court to determine what claims are stated by which Doe Plaintifffs." Id. at 5.  The Defendant is certainly not speaking for me.  In my view it is urgent that we

2

prove that the Defendant perpetrated the fraud. Immediately after the first complaint was filed, the Defendant engaged in a publicity campaign, which among other things, accused Does 1-88 of lying. The Defendant's version of events was printed by Alison Frankel of *Thompson Reuters*, and others in the legal press. At a minimum, the Plaintiffs need to prove the truthfulness of their accusations in order to counter the Defendant's publicity.

The Defendants' argument that we sat on our rights for these three years, when we should have been making discovery requests, has no merit. Undersigned counsel recognized that it would be premature to try to schedule a Rule 26(f) meeting before the Court had ruled on Defendants' Motions to Dismiss. When the Court did so, and addressed the dual representation issue, and then granted Plaintiffs leave to file an amended complaint, Plaintiffs believed that the case was ready for discovery.

**3.  The Defendants' involvement in tainting evidence in the Chiquita MDL is no reason to stay discovery in the fraud case against them.**

The Defendant makes the surprising argument that "[g]iven Paul Wolf's propensity for disclosing confidential communications to Chiquita, it is essential for the Court to first detemine whether the Doe Plaintiffs even state a claim for relief, and if so, the proper scope of any surviving claims before, and not after, Doe Plaintiffs seek this sensitive discovery." Id. at 6.

We are not the ones asking for relief from a protective order and have not disclosed any of the evidence produced to Chiquita. We do not know what confidential communications the Defendant believes we have disclosed to Chiquita, but don't even recall any about the Does v Boies Schiller case. We did produce evidence related to witness payments to the Court, which I understand has not been disclosed to Chiquita.

3

The Defendant may be referring to my disclosure to the Drummond Company, and to the Northern District of Alabama, information about illegal payments to witnesses in that case. Mr. Mitchell attended the meeting at Cohen Millstein Sellers & Toll LLP in which Mr. Collingsworth's witness payments were discussed. The Court in Drummond has already held that this precise information falls within the crime-fraud exception for attorney work-product and is discoverable in the Drummond v. Collingsworth case. See Exhibit 1, attached hereto at 34-35. ("Based on these facts, Plaintiffs have sufficiently satisfied prong two of *Schroeder* as to this category of information.") Information about payments to witnesses in the Drummond v. Collingsworth case is not privileged, and I had to produce it pursuant to subpeonas I received from both Drummond and Collingsworth. In his 50 page opinion, Judge Proctor points out the flaw in the appeal filed by Defendant Boies Schiller and others,[1] which is that the crime-fraud exception has nothing to do with waiver. Numerous law firms are arguing, in different ways, that their own confidential work product is involved in the discovery sought by Drummond. However, it doesn't matter who holds a privilege, or whether they waived it. If it concerns paying witnesses in Drummond, it is not privileged.

The Defendant is understandably alarmed that the crime-fraud exception to work product may also apply to the instant case. We are suing the Defendant for fraud and also alleging bribery of a foreign official in violation of the Foreign Corrupt Practices Act, 15 U.S. Code § 78dd–1 et seq. Any of the Defendants' internal communications in furtherance of these crimes or frauds would fall within the exception and be discoverable.

---

[1] See Case No. 15-11956 in the 11th Circuit. This is docketed as Cohen Milstein Sellers &Toll,, et al v. EarthRights International, et al, both of whom also moved to intervene in the District Court for the Northern District of Alabama after a notice of appeal had been filed. Their appeal concerns whether a notice of appeal divests the district court of jurisdiction.

4

My understanding from the Drummond case is that not only is this kind of information discoverable; it is also not confidential. I agree with the Defendant that these legal issues are interesting, but we can only brief them once we have begun discovery.

**4.     The Defendant fails to show good cause for a stay.**

The Defendant argues that it is likely to prevail on additional motions made under Rules 12(b)(1) and 12(b)(6), but provides no clue as to what the new arguments could be. The Doe plaintiffs surgically removed the claims which do not involve punitive damages, in addition to the Anti-Trust claims, and the claims made by ten individuals whom the parties agreed were not in fact duplicates. Arguments about the remaining claims have already been briefed.[2] The alleged contradictions in several Plaintiffs' statements are *de minimus*, can only put facts into dispute, and not a reason to stay discovery. The Defendant hasn't shown good cause for a stay, or even explained the basis for the additional Rule 12(b)(1) and 12(b)(6) motions it intends to file.

**5.     No showing of actual damages is required if a *prima facie* case for punitive damages is made.**

The Doe Plaintiffs have suffered injuries in fact, which are invasions of their legally protected interests, and no actual damages must be shown. American Tobacco Co. v. United States, 328 U.S. 781 (1946). We have already briefed this issue over and

---

[2] The Doe Plaintiffs actual damages only involve the difficulties of bringing this lawsuit and giving their deposition testimony. They allege that they were defrauded, not that they were defrauded and because of that, they lost their cases against Chiquita. However, as we have argued, we must plead future damages in order not to waive them. Future damages resulting from Defendant's prior wrongful acts must be included in a single action, unless such damages are too speculative to be capable of accurate proof. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 339 (1971); Gideon v. Johns-Manville Sales Corp., 761 F.2d 1129, 1136-1137 (5th Cir. 1985) (plaintiff could not split his cause of action by seeking only damages existing at time of trial and then bring future action when additional damages had occurred - applying Texas law, which court indicated was in accord with common law principles); Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 669 F.2d 490, 494 (7th Cir. 1982) (subsequent antitrust action seeking to recover additional damages resulting from defendant's conduct that occurred before judgment in prior action would be precluded if such damages were provable at time of trial of prior action)

over again. See Exhibit 2, the decision of the FL Supreme Court in Ault v. Lohr, 538 So. 2d 454 (1989). In Ault, the 11th Circuit certified the following question to the Florida Supreme Court:

> In Florida, must a compensatory damages award underlie a punitive damages award in a case in which the jury has made express findings against the defendant?
>
> We answer the question in the negative, concluding that a jury finding of liability is the equivalent of finding nominal damages and, consequently, the jury may assess punitive damages.

Id. at 454.[3] Moreover, the measure of damages has nothing to do with any actual harm or damage caused. "Under Florida law, the purpose of punitive damages is not to further compensate the plaintiff, but to punish the defendant for its wrongful conduct and to deter similar misconduct by it and other actors in the future." Owens–Corning Fiberglas Corp. v. Ballard, 749 So.2d 483, 486 (Fla.1999). While it is not "an accurate rule of law that the greater a defendant's wealth, the greater must be punitive damages," Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530, 533 (Fla.1985), a "jury may properly punish each wrongdoer by exacting from his pocketbook a sum of money which, according to his financial ability, will hurt, but not bankrupt." Bould v. Touchette, 349 So.2d 1181, 1186–87 (Fla.1977).

---

[3] Neither is there any constitutional requirement, with regard to standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 562-63 (1992). In Lujan, the Supreme Court held that even an aesthetic or psychological injury may constitute an injury in fact. Id. In Lujan, a desire along with a future plan to use a park for recreational purposes was sufficient to serve as a basis for the non-economic injury of being deprived of access to the park. This was an injury in fact that was concrete and specific enough to confer standing. Neither are their any "prudential limitations" that would bar this suit. See Bennett v. Spear, 520 U.S. 154, 162 (1997). In deciding whether standing exists, a court may also consider these three prudential concerns: (1) whether the alleged injury falls within the "zone of interests" of the statute at issue; (2) whether the complaint raises nothing more than abstract questions, amounting to generalized grievances that are more appropriately resolved by the legislative and executive branches; and (3) whether the plaintiffs are asserting their own legal rights, or the rights of others. E.F. Hutton & Co., Inc. v. Hadley, 901 f.2d 979, 984-985 (11th Cir. 1990).

A Federal court sitting in diversity applies this substantive state law. The precedent case for punitive damages in the 11th Circuit is <u>Myers v. Central Florida Investments, Inc.</u>, 592 F.3d 1201 (11th Cir. 2010). In <u>Myers</u>, a former employee brought suit against her former boss and his company alleging claims for sexual harassment and battery. The District Court for the Middle District of Florida granted defendants motion for summary judgment on the sexual harassment claims, and remanded the battery claim to state court. The battery claim was not based on any medical injury, but on unwanted touching that was the basis for the dismissed sexual harrassment claim. The state court awarded compensatory damages equal to the employee's earnings during year of her discharge, and an award of punitive damages in the amount of the statutory cap of $500,000. These amounts were upheld by the 11th Circuit as not being excessive.

Here we have an arrangement with Jhon Ivan Polo, a Colombian government official, who was paid by the Defendant to obtain power of representation, using false pretenses, and the Defendants' ratification of this conduct for almost three years. The Defendant has told the press that their cases against Chiquita Brands are valued at over one billion dollars. The Defendant also issues annual press releases claiming that their associates are the highest paid of any in the United States. With such high incentives, a very large penalty will be required.

## **Conclusion**

The Defendant has no new arguments to make, yet numerous motions, oppositions and replies are apparently about to be filed. The Court has already ruled that the Defendant will have three days after the Court rules on the parties' protective order, before the Defendant has to answer or move to dismiss the amended complaint. At that

time, the Court may inform the parties as to what further briefing is required, and whether a discovery stay is appropriate during the briefing.

>Respectfully submitted,
>
>/s/ Paul Wolf
>_____
>
>Paul Wolf
>Attorney for Does 1-88
>PO Box 46213
>Denver CO 80201
>(202) 431-6986

December 13, 2015

## Certificate of Service

I hereby certify that on this I hereby certify, that on this 13th of December, 2015, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to all persons entitled to receive such notices.

>/s/ Paul Wolf
>_____
>Paul Wolf, CO Bar #42107