UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-01916-MD-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

_____/

This Document Relates To:

ATS ACTION

11-80405-CIV-MARRA

_____/

**Response of Plaintiffs Does 1-254 to Defendant's Amended Letter
of Request for Production of Documents Addressed to the Government
of the Republic of Colombia Under the Hague Evidence Convention**

Does 1-254 respectfully oppose sending the Hague Request, R. 963-1, in its present form, for the following reasons:

1.  The Hague Request is still addressed to the same broad number of agencies, including the National Police, Ministry of Defense, Supreme Court, and so on. As we argued in the hearing on 12/14/15, the Colombian Ministry of Foreign Relations (the central authority) may consider it an infringement on Colombian sovereignty to insist that every one of these agencies respond to the Hague request.

The Request appears to have been narrowed in one aspect: by requesting the various agencies to make estimates of the FARC's financing, rather than produce the evidence of it, or identify the financers. This has the effect of transforming the first requests for production of documents about FARC financing, into interrogatories.

The Request has not been comparably narrowed in most other respects. For example, it still seeks all of the legal case files of FARC members convicted of kidnapping over a 14 year period (section iv), and identify all the companies that received threats from the FARC (section v), yet need *not* identify the companies who paid the FARC. (cf. section i) It's not clear why the parties have made this distinction, between companies receiving threats from, and making extortion payments to, the FARC. If the Request has been narrowed in other ways, the Defendant should point this out, but it appears to have been barely changed at all. It is still overbroad in most respects.

2. The Defendant claimed in the 12/14/15 hearing to be able to negotiate the scope of the Hague Request directly with the Ministry of Foreign Relations, after it has been sent, and avoid judicial review of the Hague Request in Colombia. The Defendant and ATA Plaintiffs would presumably seek to exclude Does 1-254 from these negotiations. This violates the rights of Does 1-254, who are Colombian citizens. We believe that this type of arrangement would be viewed as extremely unfair in Colombia. One of the basic principles of justice in Colombia, and particularly with regard to the resolution of war crimes, is that the rights of everyone must be considered. Moreover, in Colombia, this kind of arrangment would be assumed to be corrupt.

3. Despite the participation of the ATA Plaintiffs in formulating the amended Hague Request, it is unfairly weighted in favor of Defendant Chiquita Brands because it doesn't ask the most important question: **Did Chiquita pay the FARC?** Why does the Request not ask for evidence of that? If the Court is going to ask anything of the Colombian government, it should first ask for evidence of Chiquita's payments to the FARC.

4.       The Colombian Ministry of Foreign Relations should know that 254 Colombian citizens also seek access to this evidence.  If the intent is to share the evidence with counsel for the Does 1-254 at some later time, such as after Motions to Dismiss have been decided, then the Request should mention that.  Why would the Court not communicate its intent to the Colombian authorities?  As we have argued, this may impact on the response received from the Colombian government.  Conversely, if the Court views Does 1-254 as not having a say at this point, since discovery has not been allowed in any ATS cases, then the Hague Request should specify that.[1]

5.       Right after the hearing of 12/14/15, undersigned counsel wrote to counsel for the ATA plaintiffs, and to Defendant Chiquita Brands, proposing that the request be narrowed in the following ways:

   (a) that it is understood that a Colombian judge will determine, under Colombian law, what evidence is needed to prove the claims and defenses in this case, including Chiquita's payments to the FARC, and any threats made by the FARC to Chiquita;

   (b) rather than listing most of the agencies of the Colombian national government, and requiring each of them individually reply, the Court should leave it up to the Colombian judge which agencies to subpeona;

---

[1] Does 1-254 have not asked that information about their own individual cases be included in this Hague Request, recognizing that there is a stay of discovery.  Their argument is that they should have a say in what "common issue evidence" is obtained from various sources, such as government agencies and witnesses.  No one has tried to counter our argument that there may only be one bite at the apple in Colombia, or that, in terms of judicial economy, it makes sense to require Does 1-254 to re-do all this discovery, either in court in the U.S. or (presuming it were even possible), in Colombia.

(c) the Court may suggest that any investigations by Colombian prosecutors of Defendant's payments to the AUC and FARC could serve as a starting point for the evidence relevant to our case in the United States;

(d) to the extent the request seeks detailed information, it should be restricted by geography, to the Urabá and Chocó regions, and to the activities of the Fifth Front of the FARC. There should be a great deal of overlap between the two.

Neither the Defendant nor counsel for the ATA Plaintiffs responded to these proposals. Since the amended Hague Request has not been narrowed significantly, despite the Court's finding that it was overbroad, the Court may find these criteria useful for narrowing the Hague Request itself.

                Respectfully submitted,

                /s/ Paul Wolf

                _____
                Paul Wolf, CO Bar #42107
                Attorney for Does 1-254 Plaintiffs
                P.O. Box 46213
                Denver, CO 80201
                (202) 431-6986
                Fax n/a
                paulwolf@yahoo.com

December 16, 2015

## Certificate of Service

I hereby certify that on this 16th of December, 2015, I electronically filed the foregoing Plaintiffs' Response of Plaintiffs Does 1-254 to Defendant's Amended Letter of Request for Production of Documents Addressed to the Government of the Republic of Colombia Under the Hague Evidence Convention with the Clerk of Court using the ECF system, which will send notification of such filing to all persons entitled to receive such notices.

                /s/ Paul Wolf

                _____
                Paul Wolf, CO Bar #42107