# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 08-md-01916-KAM

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN
TORTS STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This case pertains to:                          **JOINT PROPOSED GLOBAL
                                                 PRETRIAL SCHEDULING
All ATS Actions                                  ORDER**
_____/


Pursuant to the Court's prior Orders (D.E. 1246 and 1257), the Parties submit this Joint Proposed Global Pretrial Scheduling Order.  Counsel for the Plaintiffs and for the Defendant Chiquita conferred diligently and were able to reach agreement on most aspects of the Scheduling Order.  Points of disagreement are in *italics*.

## I.      PROTECTIVE ORDER AND INITIAL DESIGNATIONS, DISCLOSURES AND PRODUCTION OF DOCUMENTS

1. **Liaison Counsel:**  Plaintiffs' counsel identifies Jack Scarola to act as Plaintiffs' liaison with Defendant Chiquita's Trial Attorney, Michael L. Cioffi.  This identification applies to all of Plaintiffs' counsel, except Paul Wolf, who will liaise on behalf of himself and his clients.

2. **March 6, 2017**:  Parties submit a Proposed Protective Order to Court.

3. **March 10, 2017**:  Deadline for Joinder of Parties and Amendment of Pleadings.

   a. Defendant reserves the right to oppose any joinder or amendment on jurisdictional, statute of limitations or any other grounds.

      i. Defendant Chiquita to file any opposition by March 29, 2017. This deadline applies to the signatories to this agreement only and is not binding on any Defendant(s) who may be joined.

   b. If additional Plaintiffs are joined, the disclosures required in I(7)(a) – (k) shall apply to any newly-joined Plaintiff.

4. **March 22, 2017**:  Rule 26(f) meeting in West Palm Beach, Florida, at the offices of Jack Scarola, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409, at 10:30 a.m. (ET). Paul Wolf permitted to attend by telephone.

5. **April 17, 2017**:  Deadline to produce Initial Disclosures Pursuant to Rule 26(a)(1):

   a. Defendant's Disclosure to include:    All relevant, non-privileged documents located within Chiquita's custody and control that can reasonably be produced by April 17, 2017.  This production shall include non-privileged documents produced to the Department of Justice ("DOJ") and to the Securities Exchange Commission ("SEC") and to the plaintiffs in the ATA Actions.  Although this production shall be made electronically, the volume is enormous, exceeding 2.3 million printed pages.

      i. The foregoing is an initial disclosure and does not restrict future document requests.

      ii. *Plaintiffs' position is that this initial disclosure should also include privileged documents disclosed to the DOJ and SEC.  Chiquita's position is that such disclosures were limited in scope and, therefore, did not waive the privilege as to other Parties.  Chiquita commits to discussing this issue further with the Plaintiffs and then submit it to the Court if the Parties cannot agree.  Regardless, Chiquita will make the initial voluntary disclosure set forth in I(5)(a).*

   b. Plaintiffs' counsel to disclose the total number of Plaintiffs whose cases counsel intend to prosecute and which Plaintiffs' counsel represents which Plaintiff.

      *The Parties have different positions with respect to the scope of this disclosure:*

      - *Plaintiffs' view is that the disclosure to Defendants shall identify each Plaintiff by a unique number, but shall not disclose their actual name.  Concurrently with this disclosure to Defendants, Plaintiffs shall file with the Court a list containing each unique identifying number provided to Defendants and the actual name of the Plaintiff corresponding to that unique identifying number.  The list shall be filed ex parte and under seal and shall not be provided to Defendants.*

- *Defendant Chiquita's view is that the disclosure to Defendants should not be by "identifying number" but include the identity of each Plaintiff, subject to the terms of an appropriate Protective Order limiting the dissemination of identities.*

6. **April 24, 2017**:  From the disclosure set forth above in II(5)(b)(i), the Parties shall randomly select 50 individual "cases" from each of the seven groups of Plaintiffs' counsel, for a total of 350 cases.

   a. A case is defined as the claims arising from an alleged injury to one alleged victim, even though there may be more than one Plaintiff seeking recovery for that alleged victim's injury.  By way of example, the injury to a parent is one case, even though there are three children who may have three claims for the injuries to that parent.  The parent and the three children plaintiffs/claimants constitute one case.

7. **May 29, 2017**:  As to each of the 50 individual cases selected from each of the seven groups of Plaintiff' lawyers (350 total cases), Plaintiffs' counsel to disclose:

   a. Information to be disclosed for each Plaintiff in each case:

      i. Name of each Plaintiff and current address.
      ii. Description of the alleged injury.
      iii. Date of the alleged injury.
      iv. A copy of police or other investigative reports and other documentation of the injury including death certificate if deceased.
      v. Medical records related to the injury.
      vi. Plaintiff's relationship to alleged victim if a person other than Plaintiff.
      vii. Occupation and employment history of the injured Plaintiff and of the alleged victim, if victim not the Plaintiff.
      viii. Membership (of Plaintiff and also the victim if victim not the Plaintiff) or other affiliation with a political party; paramilitary or guerilla organization (including but not limited to FARC, AUC or ELN), labor union or gang.
      ix. Service (by Plaintiff and also by victim if victim not the Plaintiff) in the military.
      x. Employment history, if any, with Banadex or any other Chiquita entity.
      xi. Witness(es) to the alleged injury.

   b. If counsel cannot provide an item of information described above, he/she shall explain why the information is not available and state when it will become available and provided to Defendant.

3

II.   **INITIAL DISCOVERY POOL OF 56 CASES AND RELATED PROCEDURES**

1. **May 30, 2017**:  From the group of 350 cases described above, the Parties to make a selection of 56 cases for full discovery.  Eight cases from each of the seven Plaintiffs' counsel groups below.  *Defendant Chiquita's position is that the selection of the 56 cases should be by random selection.  Plaintiffs' position is that the 56 cases should be selected, half by the Plaintiffs and half by the Defendant (4 by Plaintiffs and 4 by Defendant from each of the Plaintiffs' counsel groups set forth below:*

   a.  Conrad & Scherer/Terry Collingsworth/International Rights Advocates – 8 cases.
   b.  Marco Simons/EarthRights International; Paul Hoffman/Shonbrun Seplow Harris & Hoffman – 8 cases.
   c.  Boies Schiller – 8 cases.
   d.  Jack Scarola/Searcy Denney Scarola Barnhart & Shipley – 8 cases.
   e.  Jonathan Reiter – 8 cases.
   f.  William Wichmann – 8 cases.
   g.  Paul Wolf – 8 cases.

2. **May 30, 2017**:   Fact discovery commences for Plaintiffs and Defendants.

4. **April 2, 2018**:  Fact discovery deadline.

   *(Plaintiffs request:  November 1, 2018.  Plaintiffs' position is that this later date and those requested below are necessary to accommodate anticipated discovery needs and to be consistent with the proposed expert and dispositive motion deadlines.  Chiquita's position is that the earlier dates are sufficient to complete discovery.)*

5. **May 15, 2018:**  Initial expert reports exchanged.

   *(Plaintiffs request:  February 1, 2019.)*

8. **July 2, 2018**:  Rebuttal expert reports.

   *(Plaintiffs request:  April 1, 2019.)*

9. **November 1, 2018**:   Expert discovery deadline.

   *(Plaintiffs request:  July 1, 2019.)*

### III.   DISPOSITIVE MOTIONS

1. **December 3, 2018**:   Dispositive motions deadline related to the 56 cases in the initial discovery pool.

   *(Plaintiffs request:  August 5, 2019.)*

2. **January 15, 2019:**   Memoranda in Opposition to Dispositive Motions.

   *(Plaintiffs request:  September 2, 2019.)*

3. **February 15, 2019:**   Reply Memoranda re Dispositive Motions.

   *(Plaintiffs request:  October 7, 2019.)*

### IV.   BELLWETHER TRIALS

*Set forth below is Defendant Chiquita's position with respect to Bellwether Trials. That position calls for seven trials to be selected randomly, one from each group of Plaintiffs' counsel.  As defined above, each trial to involve one alleged victim's facts and circumstances, although there may be more than one Plaintiff with claims arising from the one victim's facts and circumstances.*

*Plaintiffs' position is that two consolidated Bellwether Trials of six Plaintiffs each would be more efficient and cost effective, given the significant overlap in evidence and expected testimony in each case.  The six cases to be tried together in each Bellwether Trial should not be selected randomly, but selected three by Plaintiffs and three by Defendant.*

*Defendant objects to this consolidated approach on due process and other grounds and requests an opportunity to brief this issue should the Court consider the Plaintiffs' consolidated approach to be viable.  Plaintiffs do not agree that the consolidated trials would violate due process.  Given the Parties' general agreement on discovery, this briefing or a hearing to address this issue could take place during the course of discovery.*

*The Parties are in agreement that the Bellwether Trial phase should be preceded by a Status Conference with the Court to decide whether the parties consent to trial of the Bellwether Trials in the Southern District of Florida, the MDL Court, or if the trials should be remanded for trial in the courts of original jurisdiction.*

*<u>Here is Defendant Chiquita's proposal for the Bellwether Trials</u>:*

1. ***May 15, 2019****: Random selection of 7 cases from initial discovery pool for Bellwether Trials.  One trial to be selected randomly from each group of Plaintiffs' lawyers.*

2.  *June 17, 2019:* *Motions in Limine, Daubert and other trial motions related to all 7 Bellwether trials.  One round of MIL/Daubert briefing for all 7 Bellwether Trials.*

3.  *July 15, 2019:* *Memoranda in Opposition to Motions in Limine and Daubert Motions.*

4.  *August 1, 2019:* *Reply Memoranda.*

5.  *October 15, 2019:* *Final Pretrial Conference, Bellwether Trial #1.*

6.  *November 4, 2019:* *Jury Selection and Bellwether Trial #1.*

7.  *January 15, 2020:* *Final Pretrial Conference, Bellwether Trial #2.*

8.  *February 10, 2020:* *Jury Selection and Bellwether Trial #2.*

9.  *March 20, 2020:* *Final Pretrial Conference, Bellwether Trial #3.*

10. *March 30, 2020:* *Jury Selection and Bellwether Trial #3.*

11. *May 5, 2020:* *Final Pretrial Conference, Bellwether Trial #4.*

12. *May 15, 2020:* *Jury Selection and Bellwether Trial #4.*

13. *June 15, 2020:* *Final Pretrial Conference, Bellwether Trial #5.*

14. *June 25, 2020:* *Jury Selection and Bellwether Trial #5.*

15. *September 8, 2020:* *Final Pretrial Conference, Bellwether Trial #6.*

16. *September 15, 2020:* *Jury Selection and Bellwether Trial #6.*

17. *November 2, 2020:* *Final Pretrial Conference, Bellwether Trial #7.*

18. *November 10, 2020:* *Jury Selection and Bellwether Trial #7.*

   *Here is Plaintiffs' proposal for the Bellwether Trials:*

1.  *May 15, 2019:* *Selection of 12 cases from initial discovery pool for 2 consolidated Bellwether Trials.  Two trials of 6 cases to be selected, 3 by Plaintiffs, 3 by Defendants.*

2.  *August 19, 2019:* *Motions in Limine, Daubert and other trial motions related to all 12 Bellwether cases.  One round of MIL/Daubert briefing for all 12 Bellwether Trials.*

3.  *September 16, 2019:* *Memoranda in Opposition to Motions in Limine and Daubert Motions.*

4. **October 21, 2019**:  Reply Memoranda.

5. **January 13, 2020**:  Final Pretrial Conference, Bellwether Trial #1.

6. **February, 2020**:  Jury Selection and Bellwether Trial #1.

7. **April 6, 2020**:  Final Pretrial Conference, Bellwether Trial #2.

8. **April 13, 2020**:  Jury Selection and Bellwether Trial #2.

## V.    POST BELLWETHER TRIAL PROCEEDINGS

1. **_____:** Status conference to discuss management and disposition of the remaining claims, as informed by the Bellwether Trial Process.

## VI.   POSITIONS OF THE INDIVIDUAL DEFENDANTS AND OF PLAINTIFFS' COUNSEL PAUL WOLF

1. **Defendant Estate of Roderick Hills**:  The Estate of Roderick Hills (the "Estate") is a defendant in only Case Nos. 08-80421 (New Jersey Action) and 08-80465 (D.C. Action).  Although the Estate was not remanded along with other Individual Defendants, the Estate interprets the Court's Order of January 5, 2017, as exempting those actions from this scheduling order.  The Estate also believes that discovery as against the Estate should not commence until the Estate's motion to dismiss is decided and any remand, if the Court decides to remand any claim against the Estate, has taken place.  The Estate otherwise agrees with the schedule as proposed by Chiquita, with the caveat that the schedule may need to be amended following a decision on the Estate's motion to dismiss and following any remand order as against the Estate, given that a number of deadlines may come due before the Estate is deemed to be properly before this Court in all actions.

2. **Defendant Cyrus Freidheim**:  Defendant Cyrus Freidheim ("Freidheim") adopts and joins the parties' agreed positions contained herein.  With respect to any contested issues, Freidheim adopts and joins Defendant Chiquita in its positions on those contested issues.  Such adoption and joinder is limited to those cases in which this Court currently has jurisdiction and to which Freidheim is a named defendant with claims asserted against him.

3. **Defendant Keith Lindner**:  Defendant Keith Lindner ("Lindner") reserves all rights concerning his fully briefed Motion for Reconsideration that is currently pending before the Court [ECF No. 1199].  Lindner requests that discovery as against him not commence until his Motion for Reconsideration is decided by the Court.  Lindner otherwise joins the parties' agreed positions contained herein. With respect to any contested issues, Lindner adopts and joins Defendant Chiquita in its positions on those contested issues.  Such adoption and joinder is limited to

those cases in which Lindner is a named defendant with claims asserted against him.

*Plaintiffs' position is that the individual Defendants should be bound by discovery as it proceeds under this Scheduling Order so as to avoid duplicative discovery, such as duplicative depositions of the Plaintiffs and third party witnesses.*

4. **Plaintiffs' Counsel Paul Wolf**:  As noted above, Paul Wolf wished to liaise on behalf of himself and his client.  Mr. Wolf joins in the Parties' agreed positions reflected above.  Mr. Wolf further agrees with Defendant Chiquita's position regarding the structure of the Bellwether Trials and disagrees with the position of the other Plaintiffs' counsel that there should be 2 consolidated Bellwether Trials, each consisting of 6 separate cases tried together.

Respectfully submitted,

BLANK ROME LLP

By:     */s/ Richard E. Berman*
Richard E. Berman (Florida Bar No. 254908)
Broward Financial Centre
500 East Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33394
Tel.:   954-512-1832
Fax:    954-512-1875
Email:  Rberman@blankrome.com

Michael L. Cioffi (Trial Attorney - pro hac vice pending)
Thomas H. Stewart (pro hac vice pending)
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Tel:    513-362-8701/02
Fax:    513-362-8702/93
Email: cioffi@blankrome.com
        stewart@blankrome.com

Frank A. Dante (pro hac vice pending)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel:    215-569-5645
Fax:    215-xxx-xxx
Email: dante@blankrome.com

*Attorneys for Chiquita Brands International, Inc.*
*and Chiquita Fresh North America LLC*

/s/ Paul Wolf
Paul Wolf (pro hac vice)
P.O. Box 46213
Denver, Colorado 80201
Tel:    202-431-6986
Fax:    n/a
Email: paulwolf@yahoo.com

*Attorney for Plaintiffs Does 1-406*

/s/ John Scarola
John Scarola (Fla. Bar No. 169440)
Searcy Denney Scarola Barnhart & Shipley
2139 Palm Beach Lakes Boulevard
PO Drawer 3626
West Palm Beach, FL 33402-3626
Tel:    561-686-6300
Fax:    561-383-9451
Email: scarolateam@searcylaw.com

*Plaintiffs' Liaison Counsel (except for Paul Wolf)*

/s/ Edward Soto
Edward Soto (Fla. Bar No. 0265144)
Edward.Soto@weil.com
Lauren Alexander (Fla. Bar No. 0058044)
Lauren.Alexander@weil.com
Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL  33131
Tel:    305-577-3100
Fax:    305-374-7159

*Counsel for Defendant Keith Lindner*

9

_/s/ Robert D.W. Landon, III_
Robert D.W. Landon, III (Fla. Bar No. 961272)
rlandon@knpa.com
Kenny Nachwalter, PA
Four Seasons Tower
1441 Brickell Avenue, Suite 1100
Miami, FL  33131
Tel:    305-373-1000
Fax:    305-372-1861

K. Lee Blalack, II (pro hac vice)
lblalack@omm.com
Anton Metlitsky (pro hac vice)
ametlitsky@omm.com
Dimitri D. Portnoi (pro hac vice)
O'Melveny & Myers LLP
1625 Eye Street NW
Washington, DC  20006
Tel:    202-383-5300
Fax:    202-383-5414

_Attorneys for Carla M. Hills, as the Personal_
_Representative of the Estate of Roderick M._
_Hills, Sr._

_/s/ Ardith Bronson_
Ardith Bronson (Fla. Bar No. 423025)
Ardith.bronson@dlapiper.com
Michael G. Austin (Fla. Bar No. 457205)
Michael.austin@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, FL  33131
Tel:    305-423-8562
Fax:    305-675-6366

Earl Silbert (pro hac vice)
Earl.silbert@dlapiper.com
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC  20004
Tel:     202-799-4501
Fax:     202-799-5517

*Attorneys for Defendants*
*Cyrus Freidheim, Jr.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 1, 2017, the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will automatically serve a copy on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

/s/ Richard E. Berman

Richard E. Berman
