## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 08-MD-1916-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTIONS
_____/

07-608-21-CIV-MARRA
08-80421-CIV-MARRA
08-80465-CIV-MARRA
10-60573-CIV-MARRA
08-80480-CIV-MARRA
_____/

### DEFENDANT CHIQUITA'S OPPOSITION TO PLAINTIFFS' REQUEST FOR AN EXTENSION OF TIME FOR FILING AMENDED COMPLAINTS

These cases are finally ready for merits discovery and trial on their merits (or lack thereof). Moving Plaintiffs' Motion For an Extension of the Proposed Time For Amending Complaints in the Parties' Joint Proposed Global Pretrial Scheduling Order seeks yet another delay to allow them to amend their Complaint in one action (08-cv-80421) and should be denied.

08-cv-80421 was the very first of these cases, filed 10 years ago on March 19, 2007. In the intervening years, as in all the ATS actions, Plaintiffs' claims have been whittled down and the remaining claims are ready for merits discovery. Chiquita remains fully prepared and anxious to move forward to vindicate its name before a jury as expeditiously as possible.[1]

_____

[1] Chiquita continues to believe that claims of Colombian plaintiffs should be heard in Colombian courts, which is the subject of a petition for mandamus filed in the Eleventh Circuit. Chiquita acknowledges, of course, that unless and until the Court of Appeals rules to the contrary, this Court has ruled that the claims proceed to merits discovery in this Court and to return for trial to the District Court in which each was filed.

At any point during the preceding 7-10 years, Plaintiffs could have moved (and occasionally did) for leave to amend their Complaint.  To bring finality to the claims at issue, the persons making them and the process for adjudicating them—as ordered by the Court (DE 1257)—the parties agreed upon and submitted to the Court on February 1, 2017 a joint proposed global pretrial scheduling order governing pretrial deadlines and bellwether trials in all ATS actions (DE 1288).  At any point in the five weeks since, Plaintiffs could have moved for leave to amend.  They did not.  Plaintiffs in other ATS cases herein complied with the agreed-upon March 10 deadline by timely filing a motion to amend (DE 1289, 1290, 1291).  Moving Plaintiffs did not.

As support for their untimeliness, moving Plaintiffs invoke the illness of one of their attorneys.  This stated reason does not amount to the good cause under Fed. R. Civ. P. 6(b) and Local Rule 7.1(a) for several reasons.  First, as shown on the signature page of Plaintiffs' motion itself (DE 1288), 10 different attorneys at 6 different law firms or interest groups represent moving Plaintiffs.  The proposition that a short illness—the flu for less than a week—of one unnamed attorney could completely derail Plaintiffs' ability to prepare and file a motion to amend lacks merit on its face.

Second, the stated reason rings hollow in light of the intervening five weeks since the joint proposed global pretrial scheduling order.  That Plaintiffs chose to wait until the deadline loomed to begin preparing their motions to amend cannot constitute good cause.

Third, Plaintiffs raised the stated reason only after the fact.  They did not mention the illness of an attorney in their initial contact under Local Rule 7.1.  Only after Chiquita considered and decided not to consent to the requested extension, Plaintiffs for the first time raised that reason.  As discussed above, Chiquita continues to believe such reason falls short of good cause.

Finally, in their request for extension, Plaintiffs purport to withdraw their agreement to a date set forth in the **joint** proposed global pretrial scheduling order filed five weeks earlier: "Plaintiffs in the above captioned cases no longer propose the March 10 date . . ." (DE 1288, Plaintiffs' Request For Extension, p. 1). The Court should not permit a party or parties to unilaterally withdraw its/their consent previously given in a joint filing made with the Court.

The March 10, 2017 deadline for amending complaints has passed. Despite every opportunity to do so, Plaintiffs failed to comply with the deadline **to which they agreed**. If these cases are to move forward toward timely disposition, such de facto extensions cannot be countenanced. The Court should deny moving Plaintiffs' request for an extension of time to file an amended complaint.

Dated: March 13, 2017                         Respectfully submitted,

                                              /s/ Richard E. Berman
                                              Richard E. Berman (Fla. Bar No. 254908)
                                              Broward Financial Centre
                                              500 East Broward Boulevard, Suite 2100
                                              Fort Lauderdale, FL 33394
                                              Direct Dial:   (954) 512-1832
                                              Facsimile:     (954) 512-1875
                                              Email:         rberman@blankrome.com

                                              Michael L. Cioffi (pro hac vice) (Trial Attorney)
                                              Thomas H. Stewart (pro hac vice)
                                              Blank Rome, LLP
                                              1700 PNC Center
                                              201 East Fifth Street
                                              Cincinnati, Ohio 45202
                                              Direct Dial:   (513) 362-8701/04
                                              Facsimile:     (513) 362-8702/93
                                              Email:         cioffi@blankrome.com
                                                             stewart@blankrome.com

Frank A. Dante (pro hac vice)
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Direct Dial:    (215) 569-5645
Facsimile:    (215) 569-8645
Email:    dante@blankrome.com

*Counsel for Defendant Chiquita Brands
International, Inc. and Chiquita Fresh North
America LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed with the Clerk of the Court using CM/ECF on March 13, 2017.  I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008 Joint Counsel List filed in accordance with the CMO.

By:     */s/ Richard E. Berman*
          Richard E. Berman
          Fla. Bar No. 254908