UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-md-01916-KAM

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN
TORTS STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Order relates to:

ATS ACTIONS
_____/

07-60821-CIV-MARRA  (*Carrizosa*)
08-80421-CIV-MARRA  (N.J. Action) (Does 1-11)
08-80465-CIV-MARRA  (D.C. Action) (Does 1-144)
08-80508-CIV-MARRA  (*Valencia*)
08-80480-CIV-MARRA  (N.Y. Action) (Juan/Juana Does 1-914)
10-60573-CIV-MARRA  (*Montes*)
10-80652-CIV-MARRA  (D.C. Action) (Does 1-976)
11-80404-CIV-MARRA  (D.C. Action) (Does 1-677)
11-80405-CIV-MARRA  (D.C. Action) (Does 1-254)
_____/

**GLOBAL ORDER SETTING TRIAL DATES & DISCOVERY DEADLINES**

**THIS CAUSE** is before the Court upon receipt of the parties' Joint Proposed

Global Pretrial Scheduling Order [DE 1264].

Upon consideration, it is **ORDERED AND ADJUDGED**:

**I. PROTECTIVE ORDER AND INITIAL DESIGNATIONS, DISCLOSURES AND PRODUCTION OF DOCUMENTS - DEADLINES**

1. **Liaison Counsel:** Plaintiffs' counsel identifies Jack Scarola to act as Plaintiffs' liaison with Defendant Chiquita's Trial Attorney, Michael L. Cioffi.  This identification applies to all of Plaintiffs' counsel, except Paul Wolf, who will liaise on behalf of himself and his clients.

2. **April 17, 2017**:  Parties submit a Proposed Protective Order to Court.

1

3. **April 17, 2017**: Rule 26(f) meeting in West Palm Beach, Florida, at the offices of Jack Scarola, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409, at 10:30 a.m. (ET).  Paul Wolf permitted to attend by telephone.

4. **April 24, 2017**:  Deadline to produce Initial Disclosures Pursuant to Rule 26(a)(1):

   a. **Defendant Chiquita's Disclosure to include**: All relevant, non-privileged documents located within Chiquita's custody and control that can reasonably be produced by April 17, 2017.

      This production shall include all documents previously produced by the Defendant to the Department of Justice ("DOJ"), the Securities Exchange Commission ("SEC") and the plaintiffs in the ATA Actions.

      To the extent the Defendant seeks to withhold any documents previously produced under claim of privilege, Defendant shall (1) prepare a detailed index of the documents, including dates, authors, addressees, all recipients and general subject matter, which shall be filed in the public portion of the Court file and served on all parties, and (2) file a statement showing cause as to why any privilege potentially attaching to the contents of the document has not been  waived by the defendant's prior production of the documents to the government.    The statement shall not exceed ten (10) pages in length and shall be filed within five days of defendant's initial disclosure.  Within five days of service, plaintiffs may file a consolidated response brief, not to exceed ten (10) pages in length.  No further memoranda shall be submitted without express invitation from the Court.

      *See generally Jane Doe No. 1 v. United States,* 749 F.3d 999 (11th Cir. 2014) (defendant and defense attorneys waived any work-product privilege in correspondence documenting plea negotiations with the United States Attorney Office, where the attorneys voluntarily sent the correspondence to the United States during plea negotiations).

      The foregoing is an initial document disclosure and does not restrict future document requests.

   b. **Plaintiffs' Disclosure to include**: The total number of Plaintiffs whose cases counsel intend to prosecute and which Plaintiffs' counsel represents which Plaintiff.  This disclosure shall include the identity of each Plaintiff and shall be subject to the terms of an appropriate Protective Order limiting its dissemination.

5. **May 1, 2017**:  From the disclosure set forth above in II(4) (b), the Parties shall randomly select 50 individual "cases" from each of the seven groups of Plaintiffs' counsel, for a total of 350 cases.

   a. A case is defined as the claims arising from an alleged injury to one alleged victim, even though there may be more than one Plaintiff seeking recovery for that alleged victim's injury.  By way of example, the injury to a parent is one case, even though there are three

      children who may have three claims for the injuries to that parent. The parent and the three children plaintiffs/claimants constitute one case.

6. **May 29, 2017**: As to each of the 50 individual cases selected from each of the seven groups of Plaintiff' lawyers (350 total cases), Plaintiffs' counsel shall disclose:

   i. Name of each Plaintiff and current address.
   ii. Description of the alleged injury.
   iii. Date of the alleged injury.
   iv. A copy of police or other investigative reports and other documentation of the injury including death certificate if deceased.
   v. Medical records related to the injury.
   vi. Plaintiff's relationship to alleged victim if a person other than Plaintiff.
   vii. Occupation and employment history of the injured Plaintiff and of the alleged victim, if victim not the Plaintiff.
   viii. Membership (of Plaintiff and also the victim if victim not the Plaintiff) or other affiliation with a political party; paramilitary or guerilla organization (including but not limited to FARC, AUC or ELN), labor union or gang.
   ix. Service (by Plaintiff and also by victim if victim not the Plaintiff) in the military.
   x. Employment history, if any, with Banadex or any other Chiquita entity.
   xi. Witness(es) to the alleged injury.

If counsel cannot provide an item of information described above, he/she shall explain why the information is not available and state when it will become available and provided to Defendant.

## II. FULL DISCOVERY PROCEDURES – 56 CASES

### (APPLIES TO ALL DEFENDANTS  - CHIQUITA & INDIVIDUAL DEFENDANTS)

1. **May 30, 2017**: From the group of 350 cases described above, the Parties shall make a selection of 56 cases for full discovery. Eight cases shall be selected from each of the seven Plaintiffs' counsel groups below. As to each group of eight cases, the Plaintiff shall select half and the Defendant shall select half (four selected by plaintiffs and four selected by defendants):

   a. Conrad & Scherer/Terry Collingsworth/International Rights Advocates – 8 cases.
   b. Marco Simons/EarthRights International; Paul Hoffman/Shonbrun Seplow Harris & Hoffman – 8 cases.
   c. Boies Schiller – 8 cases.
   d. Jack Scarola/Searcy Denney Scarola Barnhart & Shipley – 8 cases.
   e. Jonathan Reiter – 8 cases.
   f. William Wichmann – 8 cases.
   g. Paul Wolf – 8 cases.

2. **May 30, 2017**: Fact discovery commences for Plaintiffs and Defendants.

3. **April 2, 2018**: Fact discovery deadline.

3

4. **April 2, 2018**:   The Parties shall file joint motion requesting scheduling of pretrial conference for purposes of discussing the feasibility of trying all Bellwether Trials in the Southern District of Florida (MDL Court) by consent, or alternatively whether any trials should be remanded to the courts of original jurisdiction for trial.

5. **May 15, 2018:**  Initial expert reports exchanged.

6. **July 2, 2018**:   Rebuttal expert reports.

7. **November 1, 2018**:   Expert discovery deadline.

8. **December 3, 2018**:   Selection of 12 cases from initial discovery pool for two consolidated Bellwether Trials.  Two trials of six cases to be selected, three by plaintiffs and three by defendants. \*\*\*

\*\*\**The Court recognizes that the parties proposed a different procedure for Bellwether Trial case selection, with case selection for Bellwether Trial following the conclusion of summary judgment proceedings.  The Court believes a more efficient approach begins with the trial case selection process, allowing subsequent summary judgment proceedings to focus on the initial cases selected for Bellwether Trials (12 total).   If the parties mutually agree on another formula, the Court will entertain a motion for reconsideration of this aspect of the scheduling order.  (Note: The Court will not consider a summary judgment agenda comprised of 56 individual cases as initially proposed by counsel).*

### III.   DISPOSITIVE MOTION DEADLINE – 12 BELLWETHER TRIAL CASES ONLY

1. **February 1, 2019**:   Dispositive motions deadline

2. **March 1, 2019:**   Memoranda in Opposition to Dispositive Motions.

3. **April 1, 2019:**   Reply Memoranda re: Dispositive Motions.

### IV.   BELLWETHER TRIALS

Two consolidated Bellwether Trials (six cases per trial) shall be conducted at the U.S. Courthouse, 701 Clematis St., Courtroom 4, West Palm Beach Florida  on the following dates and shall adhere to the following pretrial schedules:

### A.  Bellwether Trial # 1     OCTOBER 28, 2019

**Counsel for all parties shall appear at calendar call at 10 a.m., Friday October 25, 2019.**

1. July 1, 2019:     Motions *in Limine*, *Daubert* and other trial motions related to all 12 Bellwether cases.  One consolidated MIL briefing and one consolidated *Daubert* briefing for all 12 Bellwether cases.  Normal page limitations apply.

2. August 1, 2019:  Memoranda in Opposition to Motions in Limine and Daubert Motions. Normal page limitations apply.

3. August 1, 2019:  Mediation Completion Deadline

   Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.2, this case is referred to mediation as follows:

   (i) By JANUARY 1, 2019, the Parties shall agree upon a mediator and advise the Clerk's office of their choice, failing which the Clerk will designate a mediator from the list of certified mediators on a blind random basis;

   (ii) Plaintiffs' and Defendants' liaison counsel shall be responsible for coordinating a conference date and location agreeable to the mediator and all counsel of record;

   (iii) Within five (5) days following the mediation conference, the mediator shall file a Mediation Report indicating who attended the mediation and the result of the mediation.

4. September 1, 2019:  Pretrial Stipulation – one filing covering all 12 Bellwether cases.

   Counsel shall meet at least one month prior to beginning of the trial docket to confer on the preparation of a Pretrial Stipulation in accordance with Local rule 16.1E.  Any party causing a unilateral pretrial stipulation to be filed will be required to show cause why sanctions should not be imposed against that party.  Each attorney is charged with the duty of complying with this Order.  A motion to continue shall not stay the requirement for filing the Pretrial Stipulation, and, unless an emergency situation arises or good cause is shown, a motion for continuance must be made at least twenty (20) days prior to calendar call.  Failure to comply with this time schedule may result in sanctions.

5. September 15, 2019:  Jury Instructions

   Through liaison counsel, the Plaintiffs shall file joint (consolidated) proposed jury instructions and a joint proposed verdict form and submit to the Court by email in WORD format at marra@flsd.uscouts.gov.  Through liaison counsel, the Defendants shall also file joint (consolidated) proposed jury instructions and a joint proposed verdict form and submit to the Court by email in WORD format at marra@flsd.uscourts.gov.

   All requested instructions shall be typed on a separate page, double-spaced and, except for Eleventh Circuit Pattern instructions, must be supported by citations of authority.

.

6. Calendar Call: Voir Dire Questions

7. First day of Trial: Exhibit List for Court (Two Copies)

8. First day of Trial: Witness List for Court (Two Copies)

**B. Bellwether Trial #2 - FEBRUARY 3, 2020.  Calendar call shall be held on Friday January 31, 2020**

1. First day of Trial: Exhibit List & Witness List for Court (Two Copies Each)

### V.  POST BELLWETHER TRIAL PROCEEDINGS

At the conclusion of the Bellwether Trial Process, a status conference will be held to discuss management and disposition of the remaining claims, as informed by the Bellwether Trial Process. A hearing date for this conference will be scheduled by separate order of the Court.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 7th day of April, 2017.

_____
KENNETH A. MARRA
United States District Judge

cc.  all counsel