UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-MD-01916-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

**This Document Relates to:**

ATS ACTIONS
_____/

**PETITION FOR WRIT OF HABEAS CORPUS *AD TESTIFICANDUM* AND
INCORPORATED MEMORANDUM OF LAW**

The undersigned hereby applies to the Court for the issuance of a Writ of Habeas Corpus *Ad Testificandum* for:

| | |
|---|---|
| Name of Detainee: | Salvatore Mancuso Gomez |
| BOP/Booking No.: | 80519-004 |
| Detained by: | United States Penitentiary Atlanta |
| Detained at: | 601 McDonough Boulevard SE, Atlanta, GA 30315 |

Salvatore Mancuso's appearance is necessary for one or two days at each of what are expected to be multi-week trials beginning on October 28, 2019 and February 3, 2020. Mancuso was one of the top AUC commanders. He was deposed twice at the Atlanta Federal Penitentiary. Because of Federal Bureau of Prisons policy, the parties were not allowed to videotape his testimony.

He gave testimony about the paramilitary structure of the AUC; the financing of the AUC; statements by Carlos and Vicente Castaño; the AUC's relationship with the Colombian military and banana growers; joint operations with the Colombian military; senior Colombian military officers' collaboration with the AUC in attacks on civilian populations; extra-judicial killings, murders, disappearances, forced displacements, threats and intimidation against persons including

Plaintiffs; intelligence and materiel provided to the AUC by the Colombian Army; the AUC's control over Urabá and Magdalena; and the AUC's effectiveness in squelching labor unrest.

Under 28 U.S.C. § 2241(c)(5), the writ of habeas corpus may "extend to a prisoner" when it "is necessary to bring him into court to testify or for trial." "The law is settled that a district court has authority to compel a state official with custody of an inmate to produce the inmate for the purpose of giving testimony." *Baucham v. Fla.*, No. 4:07CV550-RH/WCS, 2008 WL 4186996, at *1 (N.D. Fla. Sept. 6, 2008); *see also S.-Owners Ins. Co. v. Warren*, No. 616CV593ORL40DCI, 2017 WL 3701181, at *1 (M.D. Fla. Apr. 17, 2017) ("The Court's authority to issue such writs applies in all civil cases between private parties.").

"The proper procedural vehicle for securing a prisoner's presence at trial is a writ of habeas corpus *ad testificandum* which may be issued at the discretion of the district court." *Pollard v. White*, 738 F.2d 1124, 1125 (11th Cir. 1984). "The discretionary grant of the writ of habeas corpus *ad testificandum* is predicated on several factors, including, 'whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, [and] the expense of the prisoner's transportation and safekeeping.'" *Id.* (quoting *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)) (footnote omitted).

All three *Pollard* factors weigh in favor of granting the writ of habeas corpus *ad testificandum* to secure Mancuso's appearance at the upcoming trials to testify.

First, Mancuso's presence will substantially further the resolution of this case. Chiquita's relationship with the AUC is one of the central issues in this litigation. Mancuso's value as a witness on that issue cannot be overstated, as he has extensive knowledge of the AUC's relationship with banana growers in Urabá and Magdalena, the two Colombian banana-growing regions relevant to this action. In addition, as a top AUC commander, Mancuso is able to provide

an unparalleled view of AUC operations in those regions. Indeed, Defendants cannot truly dispute the importance of Mancuso's testimony, as they all relied on his testimony in support of their motions for summary judgment. DE 2283 at 19; DE 2304 at 6, 17.

Furthermore, Mancuso is the only top AUC commander who could possibly testify live at trial—the others are either dead or in Colombian prisons (and thus outside the reach of this Court's compulsory process).[1] And Mancuso's deposition testimony—which would have to be read into the record because the Atlanta Federal Penitentiary would not allow it to be videotaped—would not be an adequate substitute for his live testimony. *See S.-Owners Ins. Co.*, 2017 WL 3701181, at *2 ("Guthrie's live testimony will significantly aid the jury in determining his credibility and resolving the disputed issues of material fact.").

Second, the security risks posed by Mancuso testifying at trial are minimal. Nothing about Mancuso testifying at these trials would raise security issues that the U.S. Marshals Service is not equipped to handle. *Baucham*, 2008 WL 4186996, at *2 ("The Department and the United States Marshals Service frequently transport inmates to court proceedings and maintain control of them within the courthouse. We have cells in the courthouse for precisely this reason."); *S.-Owners Ins. Co.*, 2017 WL 3701181, at *2 ("The transportation of inmates . . . is a common occurrence, and often occurs without issue. There is nothing to suggest that the risk of transporting Guthrie to the courthouse is greater than normal. Further, the courthouse is equipped to securely hold Guthrie until the moment he is called to testify[.]")Plaintiffs are unaware of "any evidence indicating" Mancuso poses "a security risk if he is permitted to testify at trial in person." *S.-Owners Ins. Co.*, 2017 WL 3701181, at *2.

---

[1] To the extent any relevant AUC commanders have been released from Colombian prison, as former members of a brutal terrorist organization, they would almost certainly be denied visas to travel to the United States.

<u>Third</u>, expenses will be minimal. Mancuso is confined one state away, in Atlanta, Georgia. No extraordinary costs will be required to transport him to West Palm Beach and safeguard him for trial. Plaintiffs, for their part, will do whatever they can to "cooperate to ensure that the burden of transporting [Mancuso] is minimized to the extent feasible." *Baucham*, 2008 WL 4186996, at *1. If necessary, Plaintiffs are even willing to agree to pay the reasonable expenses associated with Mancuso's transportation and safekeeping. *S.-Owners Ins. Co.*, 2017 WL 3701181, at *2 (granting writ where the requesting party "agree[d] to pay the reasonable expenses of transportation and safekeeping" of the witness).

DATED: August 15, 2019.                                  Respectfully submitted,

                                                                                              /s/ James K. Green
James K. Green, Esq.
Florida Bar No:  229466
JAMES K. GREEN, P.A.
Suite 1650, Esperantè
222 Lakeview Ave.
West Palm Beach, FL  33401
(561) 659-2029
(561) 655-1357 (facsimile)
*One of Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of the Court using CM/ECF on this 15th day of August 2019. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

/s/ James K. Green
James K. Green, Esq.

ccs:  Oscar Arroyave, Esq.
Law Offices of Oscar Arroyave P.A.
2937 SW 27th Ave., Suite 206
Coconut Grove, FL 33133-3772
*Counsel to Salvatore Mancuso Gomez*

U.S. Penitentiary
601 McDonough Blvd SE
Atlanta, GA 30315