**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-MD-01916-MARRA**

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORTS STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION

---

This Order relates to:

ATS ACTIONS
_______________________________________ /

07-60821-CIV-MARRA (*Carrizosa*)
08-80421-CIV-MARRA (N.J. Action) (Does 1-11)
08-80465-CIV-MARRA (D.C. Action) (Does 1-144)
08-80508-CIV-MARRA (*Valencia*)
08-80480-CIV-MARRA (N.Y. Action) (Juan/Juana Does 1-914)
10-60573-CIV-MARRA (*Montes*)
10-80652-CIV-MARRA (D.C. Action) (Does 1-976)
11-80404-CIV-MARRA (D.C. Action) (Does 1-677)
11-80405-CIV-MARRA (D.C. Action) (Does 1-254)
17-80475-CIV-MARRA (Ohio Action) (Does 1-2146)
17-81285-CIV-MARRA (D.C. Action) (Does v. Hills)
18-80248-CIV-MARRA (John Doe 1)

_______________________________________ /

## ***SECOND* AMENDED GLOBAL SCHEDULING ORDER**
## **SETTING PRETRIAL PROCEDURES IN SELECT FULL DISCOVERY CASES**

**THIS CAUSE** is before the Court upon receipt of the Parties' Joint Proposed Pretrial Scheduling Order governing "a second phase of summary judgment briefing" in the original pool of fifty-six bellwether cases submitted to full discovery, as well as a "second round of full discovery briefing, summary judgment procedures and if necessary trial" in a newly selected group of fifty-six full discovery cases, as recently directed by the Court [DE 2671]. Having

carefully reviewed the parties' competing positions on proposed pretrial scheduling over these matters [DE 2680-1, Chiquita] [DE 2680-2, Non-Wolf Plaintiffs] [DE 2680-3, Wolf Plaintiffs], the Court here resolves the areas of dispute and enters its second amended global scheduling order governing both categories of cases as above-referenced.

It is accordingly **ORDERED AND ADJUDGED**:

## I. BRIEFING SCHEDULE GOVERNING SUMMARY JUDGMENT PROCEEDINGS IN EIGHTEEN (18) REMAINING PLAINTIFFS' CASES PREVIOUSLY SUBJECTED TO FULL DISCOVERY PURSUANT TO SECTION II OF (FIRST) AMENDED GLOBAL SCHEUDLING ORDER [DE 2122]

With regard to the eighteen (18) remaining cases subjected to full discovery pursuant to Section II of the (First) Amended Global Scheduling Order [DE 2122], and which were not previously selected for summary judgment briefing [identified at DE 2562, n. 1], the following summary judgment briefing schedule shall apply:

| | |
|---|---|
| **Dispositive Motions Deadline:** | **DECEMBER 18, 2020** |
| **Memoranda in Opposition to Dispositive Motions:** | **FEBRUARY 5, 2021** |
| **Reply Memoranda in Support of Dispositive Motions:** | **MARCH 12, 2021** |

Bellwether trials and other deadlines, as appropriate, shall be set in these cases by separate orders pursuant to the Court's calendar

### A. Scope of Summary Judgment Procedures

As previously indicated, the parties shall identify *all* grounds advanced as a basis for summary judgment on any claim or defense, in whole or in part, in this second phase of summary judgment briefing on the initially selected bellwether cases. Accordingly, Plaintiffs' proposal and request for two-step briefing, first on the issue of AUC-involvement in the death of each Plaintiff's family member, and second, on any common

liability issues pursuant to a staggered secondary schedule of optional "supplemental briefing," is **DENIED**.

**1. Evidentiary Record Citations**

As previously directed by the Court during the first phase of summary judgment procedures [DE 2499], where evidentiary record citations are supplied in support or defense of a summary judgment motion, the citing party shall *not* refer to a paragraph or line from a "Statement of Material Facts" or other cumulative fact summary prepared by any party as evidentiary support for a factual contention, but rather *shall provide a citation to a specific location in the record where the source evidence on a specific point may be found (by reference to a topical description of the item and a specific docket entry, specific exhibit reference and specific page number within the exhibit and docket entry where the item may be found*.

**B. Closure of Discovery**

Plaintiffs' request to reopen discovery in this discrete category of cases, including both fact and expert witness discovery, is **DENIED** for lack of good cause shown to support any modification of long-expired discovery deadlines**.** Further, this category of cases shall not be expanded, as requested by Plaintiffs, to include those Plaintiffs who were initially unable to obtain visas for travel to the United States for deposition and who remain to be deposed (appx. 30 additional claimants).

***Note:*** In the event any party obtains evidence outside of the formal discovery process that they wish to use in support of or in opposition to summary judgment, the party wishing to use such materials must file advance notice of their intent to do so, and must produce a complete copy of the material (with English translations if appropriate) to *all other parties* within **THREE**

**(3) DAYS** of the party's receipt of the evidence, and in any event by no later than **NOVEMBER 16, 2020**, in order to provide opposing counsel an adequate opportunity to research or investigate the authenticity and veracity of the evidence. Any legal objection to the use of such evidence may be asserted during the briefing on the substantive motion.

## II. FULL DISCOVERY AND SUMMARY JUDGMENT PROCEDURES GOVERNING 56 NEWLY SELECTED CASES

From the original group of 350 "initial disclosure" cases which were randomly selected by the parties (50 cases from each of the seven groups of Plaintiffs' counsel), pursuant to Section I of the (First) Amended Global Scheduling Order [DE 2122], but excluding those 56 cases previously selected by the parties for full discovery, the parties shall randomly select an additional **FIFTY-SIX (56) NEW CASES** for full discovery and summary judgment procedures, with eight (8) cases selected from each of the seven groups of Plaintiffs' counsel. *As to each group of eight cases, Plaintiffs shall select one-half of the cases, and Defendants shall select one-half (four cases selected by Plaintiffs, and four cases selected by Defendants).*

The following selection deadlines and dispositive motion briefing schedule shall apply to this new set of fifty-six bellwether cases:

A. **OCTOBER 2, 2020**: Random Selection of **EIGHT (8) CASES** from each of the seven Plaintiffs' counsel groups designated below:

1. Conrad & Scherer/International Rights Advocates – 8 cases;
2. Marco Simons/EarthRights International; Cohen Milstein Sellers & Toll; Paul Hoffman/Schonbrun Seplow Harris Hoffman & Zeldes– 8 cases ("New Jersey Plaintiffs");
3. Boies Schiller/Searcy Denney Barnhart & Shipley – 8 cases ("Montes Plaintiffs");
4. Jack Scarola/Searcy Denney Scarola Barnhart & Shipley – 8 cases ("Valencia Plaintiffs");

5. Jonathan Reiter – 8 cases ("Manjarres Plaintiffs");

6. William Wichmann – 8 cases ("Carrizosa Plaintiffs");

7. Paul Wolf – 8 cases.

B. **JANUARY 6, 2021**: As to each of the 56 individual new cases selected for full discovery under the above schedule, Plaintiffs' counsel shall provide updated disclosures setting forth the following information for each case:

1. Name of each Plaintiff and current address.
2. Description of the alleged injury.
3. Date of the alleged injury.
4. A copy of police or other investigative reports and other documentation of the injury including death certificate if deceased.
5. Medical records related to the injury.
6. Plaintiff's relationship to alleged victim if a person other than Plaintiff.
7. Occupation and employment history of the inured Plaintiff and of the alleged victim, if victim is not the Plaintiff.
8. Membership (of Plaintiff and the victim if victim is not the Plaintiff) or other affiliation with a political party; paramilitary or guerilla organization (including but not limited to FARC, AUC or ELN), labor union or gang.
9. Service (by Plaintiff and by victim if victim is not the Plaintiff) in the military.
10. Employment history, if any, with Banadex or any other Chiquita entity.
11. Witness(es) to the alleged injury.

If counsel cannot provide an item of information described above, he/she shall explain why the information is not available and state when it will become available and provided to Defendant.

C. **FEBRUARY 1, 2021:** Commencement of fact discovery for Plaintiffs and Defendants

D. **FEBRUARY 1, 2022:** Fact discovery deadline

E. **MARCH 1, 2022:** Exchange of initial expert reports

F. **MARCH 20, 2022**: Rebuttal expert reports

G. **APRIL 1, 2022**: Selection of 12 cases from the initial full discovery pool of new cases (56 cases) for summary judgment procedures and if necessary, bellwether trials. Six cases to be selected by Plaintiffs, six cases to be selected by Defendants.

H. **APRIL 20, 2022**: Expert Discovery Deadline

I. **MAY 20, 2022**: Dispositive Motion Deadline

J. **JUNE 20, 2022**: Memoranda in Opposition to Dispositive Motions.

K. **JULY 15, 2022**: Reply Memoranda in Support of Dispositive Motions

Bellwether trials and other deadlines, as necessary, shall be set in these cases by separate orders of the Court.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 18th day of August 2020.

KENNETH A. MARRA
United States District Judge

cc. all counsel