# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 08-MD-01916-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

————————————————————————/

This Document Relates to:

ATS ACTIONS

08-80421-CIV-MARRA
17-80547-CIV-MARRA
17-80323-CIV-MARRA
18-80248-CIV-MARRA
21-60058-CIV-MARRA
20-82222-CIV-MARRA

————————————————————————/

## MOTION FOR CONSOLIDATION

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs respectfully move this Court to consolidate Case No. 17-80547, No. 18-80248, and No. 21-60058 ("the Ohio cases"), and to consolidate Case No. 08-80421 (against Charles Keiser and Cyrus Freidheim), No. 17-80323, and No. 20-82222 ("the Florida cases"). Rule 42(a) provides that a court may consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). These actions share common questions of law and fact – they involve the same claims against the same Defendants and nearly identical Plaintiffs. These cases are so similar that their consolidation will not prejudice the Defendants. Consolidation will reduce redundant briefing and create consistency on similar legal and factual issues. Accordingly, consolidation is in the interest of the parties and the Court.

## I.    PROCEDURAL HISTORY

Plaintiffs seek consolidation of six currently separate actions – three in Ohio and three in Florida – into two actions, one for each district of origin. In each district, these include portions of

the original "New Jersey" case filed in 2007 which were severed and transferred in 2018; actions filed in 2017; and new cases more recently filed in December 2020.

### A. Transferred portions of New Jersey action

In the original "New Jersey" case, No. 08-80421, Plaintiffs added six Individual Defendants – Roderick Hills, Charles Keiser, Cyrus Freidheim, William Tsacalis, Robert Olson, and Robert Kistinger – in the Second Amended Complaint filed in 2012. DE 589. The Court subsequently ruled, as to all but Hills,[1] that personal jurisdiction was lacking, remanding to the District of New Jersey for consideration of jurisdictional transfer. DE 1110.

After more than a year, the District of New Jersey transferred claims against Keiser and Freidheim to this District, and claims against Tsacalis, Olson, and Kistinger to the Southern District of Ohio. DE 1757. Although these claims were severed, separate complaints were never filed. The Florida claims were re-assigned the same case number as the New Jersey case, No. 08-80421.[2] The Ohio claims were re-transferred to this Court by the MDL panel and assigned Case No. 18-80248. DE 1810-1811; DE 1815.

### B. 2017 actions

On March 11, 2017, additional Plaintiffs represented by the same counsel filed new claims against the Individual Defendants. At the time, the claims against the Individual Defendants had been remanded to the District of New Jersey, which was considering jurisdictional transfer. Because the district court was also considering dismissal of these claims, these Plaintiffs did not seek to amend into the original New Jersey complaint; instead, the more prudent course was to file new actions in the Southern District of Ohio and the Southern District of Florida. For the same reason –

---

[1] Claims against Hills are not at issue in this Motion.
[2] While assigned the same case number, these must be considered separate cases. Upon remand, what remains of the New Jersey action will be returned to the District of New Jersey; the claims transferred to this District will remain here.

because the original New Jersey claims could have been dismissed – the original New Jersey Plaintiffs also joined these complaints.

Thus, the "Does 1-205" Plaintiffs filed claims against Freidheim and Keiser in this District. DE 1 in No. 17-80323. The same Plaintiffs filed nearly identical claims against Kistinger, Olson, and Tsacalis in the Southern District of Ohio, as well as naming one additional defendant, John Ordman. That case was then transferred to this Court by the MDL panel and assigned Case No. 17-80547. DE 1426; DE 1435.

Because the jurisdictional transfer issue was still pending before the District of New Jersey, the Court stayed the 2017 Ohio and Florida actions on May 11, 2017, DE 1430, and on June 29 as to Ordman, DE 1488. The Court lifted that stay on November 10, 2020. DE 2739. Since the stay has been lifted, the original New Jersey Plaintiffs have active claims against Keiser and Freidheim in both the transferred portions of the original New Jersey action and the 2017 Florida action; and active claims against Olson, Tsacalis, and Kistinger in both the transferred portions of the original New Jersey action and the 2017 Ohio action.

## C.  2020 actions

In March 2020, a set of Plaintiffs including the 2017 "Does 1-205" as well as additional Plaintiffs, represented by the same counsel, filed suit against Chiquita in the District of New Jersey; that case was transferred to this Court and assigned Case No. 20-60821. DE 2648; DE 2652. This Court dismissed that action. DE 2691.

In November 2020, Plaintiffs' counsel approached counsel for Defendants and indicated that the Plaintiffs from the 2020 complaint against Chiquita, who had not previously asserted claims against the Individual Defendants, intended to do so. Declaration of Marco Simons ¶ 2. Plaintiffs' counsel asked if Defendants' counsel would consent to amendment of the 2017 complaints in order to allow these Plaintiffs to assert their claims. *Id.* Counsel for the Individual Defendants responded

only to say that Blank Rome was serving as liaison counsel for all Defendants; no Defendants'
counsel ever responded to the substance of the request. *Id.* ¶¶ 3-5.

Lacking agreement over amendment, Plaintiffs' counsel thus proceeded to file new suits on
December 4, 2020. *Id.* ¶ 5. This largely new set of Plaintiffs filed suit against Freidheim and Keiser in
this District, and were assigned Case No. 20-82222. DE 1 in No. 20-82222. The same Plaintiffs filed
an action against Chiquita Brands International, Kistinger, Olson, Tsacalis, and Ordman in the
Southern District of Ohio. DE 1 in No. 21-60058 (S.D. Ohio). The MDL panel transferred the case
to this Court, where it was assigned Case No. 21-60058. DE 2798; DE 2800.

Although the 2020 complaints were largely asserting the claims of Plaintiffs who had sued
Chiquita in No. 20-60831 and were not a part of the 2017 complaints, some claims from the 2017
complaints were also repeated in the 2020 complaints. This was done to correct errors from the
2017 complaints, to ensure that these Plaintiffs had asserted their claims accurately.

Defendants filed motions to dismiss these actions on February 9, 2021. DE 2839; DE 2840.
Earlier today, on February 23, Plaintiffs filed amended complaints in both cases. DE 2854; DE
2855.

**D.  January 2021 amendments**

Defendants moved to dismiss the 2017 Ohio and Florida actions on January 15, 2021. DE
2808; DE 2807. Plaintiffs filed amended complaints in these actions on January 29, 2021. DE 2821;
DE 2829. The Court granted Defendants' unopposed motion to extend the deadline to answer these
complaints until March 31, 2021. DE 2844. These amended complaints include every Plaintiff who
is currently asserting claims in the 2020 complaints, as amended today. The 2021 Ohio amended
complaint also named Chiquita Brands International as a defendant.

**II.    ARGUMENT**

Defendants themselves have argued that Plaintiffs' counsel should have filed "one case

against all Defendants in the Southern District of Ohio." DE 2788 at 1-2. While Defendants Keiser and Freidheim are appropriately sued in this District – and they have not contested personal jurisdiction – Plaintiffs agree that it makes sense to streamline these cases as much as possible. The proliferation of cases asserting largely the same claims against largely the same defendants occurred for two reasons: first, because the 2017 complaints were filed at a time when the New Jersey claims against the Individual Defendants had yet to be transferred to Ohio and Florida; second, because Defendants did not consent to amendment, thus leaving new complaints as the only option to assert new claims. It was never the desire of Plaintiffs or their counsel to multiply this litigation. Consolidating the actions filed in each district, where Plaintiffs assert the same claims and are represented by the same counsel, would promote efficiency and avoid confusion in this litigation.

### A. Consolidation is permitted because these cases present common questions.

Under Federal Rule of Civil Procedure Rule 42(a), courts have broad discretion to consolidate actions "involving a common question of law or fact." Fed. R. Civ. P. 42(a). The Court may consolidate actions that involve different facts or issues of law, as long as those cases present at least some common questions. *See, e.g.*, *Young v. City of Augusta ex rel. DeVaney*, 59 F.3d 1160, 1168 (11th Cir. 1995) (disagreeing with district court's assessment that there "were no common issues of law or fact" even where "differences in the two actions do exist"); *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495-96 (11th Cir. 1985) (affirming consolidation even where Plaintiffs had been exposed to asbestos dust in different circumstances); *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017) (holding consolidation was proper in products liability case where each Plaintiff would have to prove different facts around causation). It is within the court's discretion to consolidate all or parts of the action. *See Young*, 59 F.3d at 1168 (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2383, at 439-40 (1994)).

There is no question that the three Ohio cases and the three Florida cases at issue here

present common questions of both law and fact; indeed, among the cases, the factual allegations are

nearly identical. Defendants themselves have described the complaints as "virtually-identical." DE

2839 at 1, 1 n.1, 1 n.2. The prerequisite for consolidation is met.

**B.  Consolidation is appropriate to promote efficiency and avoid confusion.**

As this Court has recognized, where cases raise common issues, consolidation under Rule

42(a) should consider:

> (1) whether the risk of prejudice and possible confusion attending a consolidation are
> outweighed by the competing risks of inconsistent adjudications of common factual
> and legal issues, and the burden on litigants and strain on judicial resources implicated
> by multiple lawsuits; (2) the length of time required to conclude multiple suits as
> against a single one, and (3) the relative expense to all concerned of the single-trial,
> multiple-trial alternatives.

DE 2666 at 2 (citing *Hendrix*, 776 F.2d at 1495). The goal of Rule 42 is to allow a court to "control

the disposition of the causes on its docket with economy of time and effort for itself, for counsel,

and for litigants." *Hendrix*, 776 F.2d at 1495 (internal quotation marks omitted). Accordingly, the

Eleventh Circuit has encouraged courts to "make good use" of Rule 42(a) to "expedite the trial and

eliminate unnecessary repetition and confusion." *Id.* (internal quotation marks omitted).

These factors uniformly support consolidation of the complaints at issue here.

First, rather than risk prejudice and confusion, consolidation here would actually avoid

confusion. The existence of multiple cases has led to confusion at various stages of this litigation,

such as Defendants' failure to respond to the 2017 complaints in a timely fashion, and confusion

about which cases various Court orders apply to. Two Plaintiffs, for example – John Doe 7 and Jane

Doe 7 – lost summary judgment against most of the Defendants here, DE 2551, but still retain

claims against Ordman, because those claims were asserted only in the 2017 complaint, which was

stayed at the time and not subject to the summary judgment proceedings. There has apparently also

been confusion over which Plaintiffs were subject to the 2017 case selection procedures. *E.g.*, DE

2717 at 2-5 (explaining that only the named New Jersey Plaintiffs were included at that time, because

the 2017 complaints were stayed).

Any risk of prejudice is far outweighed by the benefit of "sav[ing] the [parties] from wasteful relitigation, avoid[ing] duplication of judicial effort" and ensuring consistent adjudication of common factual and legal issues. *Hendrix*, 776 F.2d at 1497. The same law firms represent the Plaintiffs and the Defendants in the Florida and Ohio actions. *See Young*, 59 F.3d at 1169 (noting that counsel for both parties was the same). The actions are at similar stages in the proceedings – both the 2017 complaints and the 2020 complaints are currently subject to motions to dismiss, on similar allegations. *Id.* (noting that the consolidation is favored where actions have "followed a similar course of development"). Consolidating these actions now would allow the Defendants to file one motion to dismiss that addresses the overlapping issues in these cases. Indeed, the pre-amendment motions to dismiss defendants filed addressed nearly identical issues. *Compare* DE 2840 *with* DE 2807; DE 2939 *with* DE 2808.

Second, consolidating these actions would entail less time spent managing various suits and making repeat decisions of the same issues. Indeed, some of the issues raised in Defendants' recent motions to dismiss have already been decided by this Court. Consolidation would enable the court to issue consistent rulings across the near-identical claims, without requiring multiple briefings and decisions. As it is, the parties need to repeatedly assert positions regardless of whether the Court has already rejected them, or risk waiving appellate rights.

Third, the relative expense of single or multiple trials is not much of a factor here, where the Court has already ruled that trials should proceed on a bellwether basis by counsel group. There is already an established method of selecting just a few Plaintiffs to participate in the bellwether trials. Consolidating these actions would make that process more straightforward; it certainly would not introduce any new expenses.

Overall, consolidating these actions would eliminate unnecessary repetition and make the

best use of the Court's and the parties' time.

**C.  Consolidation within a multi-district litigation is permitted and often favored.**

In one sense, this Court has already consolidated the various actions here into the MDL. *E.g.*, DE 2666. But the consolidation that has been ordered to date is an administrative convenience, consolidating these cases on a single docket. No consolidated complaints have been filed, and the cases retain their separate character and separate case numbers. *See id.* at 2 (ordering that filings "shall also include the case style and number of any specific action to which the pleading relates"); *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015) ("Cases consolidated for MDL pretrial proceedings ordinarily retain their separate identities . . . .").

Plaintiffs here seek a further consolidation – to actually merge these cases together, such that the three cases in each district become one. This is not done simply through MDL consolidation, but this Court retains the power to do so in its exercise of pretrial case management powers. Indeed, the Supreme Court recognized in *Gelboim* that although the default is that cases in an MDL remain separate, they may be merged: "Parties may elect to file a 'master complaint' and a corresponding 'consolidated answer,' which supersede prior individual pleadings. In such a case, the transferee court may treat the master pleadings as merging the discrete actions for the duration of the MDL pretrial proceedings." 574 U.S. at 413 n. 3. Here, Plaintiffs are proposing that they consolidate the claims filed in each district under a single complaint, which an MDL court may do. *See, e.g.*, *R.W. Grand Lodge of Free & Accepted Masons of Pa. v. Meridian Capital Partners, Inc.,* 634 F. App'x 4, 6-7 (2d Cir. 2015) (affirming MDL transferee court's formal consolidation of multiple actions); *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004, 2010 U.S. Dist. LEXIS 18910, at *6-9 (M.D. Ga. Mar. 3, 2010) (noting that Rule 42(a) "consolidation appears to be a particularly appropriate tool that should be seriously considered in modern-day multidistrict litigation").

Consolidation under a single complaint would not make sense for all claims in this MDL –

for example, claims brought by different counsel, or originating from different districts. Those claims might need to be severed again upon remand, or for trial. But here, where the complaints at issue all originated in the same districts, and are being litigated by the same counsel, consolidation makes eminent sense.

### D. Defendants have presented no argument against consolidation.

Defendants' counsel have indicated that they oppose the consolidation of these cases. Despite inquiry, however, they have given no reason for this opposition. Simons Decl. ¶ 6 & Ex. 1.

Plaintiffs' counsel believe that all parties and the Court would be better served if the parties would discuss, and try to resolve, their differences prior to bringing issues to the Court. It is possible that Defendants might have a good objection to consolidation that might compel Plaintiffs to reconsider their position, but no such objection has been articulated.

## III.   CONCLUSION

Plaintiffs respectfully move this Court to consolidate Case No. 17-80547, No. 18-80248, and No. 21-60058, and to consolidate Case No. 08-80421 (against Charles Keiser and Cyrus Freidheim), No. 17-80323, and No. 20-82222, because these cases share common questions of fact and law, consolidation would promote efficiency, and there would be no prejudice to Defendants.


Dated: February 23, 2021                     Respectfully Submitted,

                                             */s/ Marco Simons*
                                             Marco Simons
                                             EarthRights International
                                             1612 K Street NW, Suite 401
                                             Washington, DC 20006
                                             Tel: 202-466-5188
                                             *Counsel for "New Jersey" Plaintiffs*