UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-MD-01916-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

**This Document Relates to:**

ATS ACTIONS
_____/

07-60821-CIV-MARRA (*Carrizosa*)
08-80421-CIV-MARRA (N. J. Action) (*Does 1-11*)
08-80465-CIV-MARRA (D.C. Action) (*Does 1-144*)
08-80508-CIV-MARRA (*Valencia*)
08-80480-CIV-MARRA (N.Y. Action) (*Juan/Juana Does 1-914*)
10-60573-CIV-MARRA (*Montes*)
10-80652-CIV-MARRA (D.C. Action) (*Does 1-976*)
17-81285-CIV-MARRA (D.C. Action) (*Does v Hills*)
18-80248-CIV-MARRA (*John Doe 1*)
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION
FOR RENEWED PROTECTION AGAINST DISCLOSURE OF IDENTITIES
OR IN THE ALTERNATIVE FOR PROTECTION AGAINST PUBLICATION OF
PRIVATE MEDICAL AND FINANCIAL INFORMATION
[DE 3000, 3001]**

This case is before the Court on the bellwether Plaintiffs' renewed motion for protection against disclosure of their identities in the public portion of the Court file, "under current facts and circumstances." This motion follows affirmation on appeal of this Court's Order [DE 2397] directing discontinuation of use of pseudonyms, *Carrizosa v. Chiquita Brands Int'l, Inc*. 965 F.3d 1238 (11th Cir. 2020), the United States Supreme Court's denial of certiorari, *Does v. Chiquita Brands International Inc*., 211 L.Ed.2d 147 (2021), and the Eleventh Circuit's issuance of its mandate on October 4, 2021 [DE 2998].

All (non-Wolf) bellwether Plaintiffs have moved collectively for such relief [DE 3000] and Plaintiffs John Doe 7 and Jane Doe 7, members of the initial 2019 summary judgment bellwether

group, move individually for protective relief based on alleged heightened security concerns unique to their personal circumstances [DE 3001].  As ordered by the Court [DE 3003, 3015], the parties have further conferred in an effort to resolve the pseudonym and personal information issues posed by Plaintiffs' motions and have since filed their joint position statement setting forth their respective areas of disagreement [DE 3017].

Having carefully reviewed Plaintiffs' motions, supporting exhibits and the parties' joint position statement, the Court denies the renewed request for leave to proceed anonymously as to all moving Plaintiffs.  However, the Court concludes that the alternative relief requested in Plaintiff's Expedited Motion [DE 3000] is properly granted as to all Plaintiffs not proceeding in their own names on an MDL-wide basis[1] as proposed by Defendants [DE 3017, p. 8].[2]

## I.   Legal Standard

"A party may proceed anonymously in federal court by establishing a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *In re: Chiquita Brands International, Inc*., 965 F.3d 1238, 1247 (11th Cir. 2020).  This is a "narrow exception," available only in the "exceptional case. *Id.*  A district court addressing a request for anonymity appropriately considers whether the moving party (1) is challenging government authority; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy, or (3) would be compelled, absent anonymity, to admit an intent

---

[1] Plaintiffs seek to limit identity disclosures requirements -- in the event their bid for renewed protection against disclosure is denied -- to the 2019 and 2021 groups of Plaintiffs selected for bellwether summary judgment proceedings, relying on language in DE 2397 which was directed to those distinct groups [DE 2397, at 8].  The Court does not find justification for such a limitation and agrees, as proposed by Defendants, that judicial efficiencies are better served with a global MDL-wide identification requirement.

[2] The application of this Order to all Plaintiffs on an MDL-wide basis will promote litigation efficiencies by obviating the need to continually relitigate this same issue.  As Defendants note, it will also eliminate the need for future motion practice with respect to the New Jersey Plaintiffs' unresolved *ex parte* motions to proceed under pseudonym in the 2017 and 2020 cases [Case Nos. 17-CV-80323, 17-CV-80547, 20-CV-82222 and 21-CV-60058], and other Plaintiffs' unilateral use of pseudonyms, without leave of Court, as described at DE 3017, at p. 7 & n. 2.

to engage in illegal conduct and thus risk criminal prosecution." *Id.* In addition, a court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* This totality or circumstances approach may include assessment of "whether the party seeking anonymity is a minor or faces a real threat of physical harm absent anonymity," and whether the party's request for anonymity poses "a unique threat of fundamental unfairness to the defendant." Id. Finally, the party seeking leave to proceed pseudonymously bears the burden to establish, in the first instance, that his or her privacy rights outweigh the presumption of judicial openness. *Id*, citing *Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir.2011).

**II.     Discussion**

In this case, the pseudonymous movants do not give evidence to establish that they face a greater risk of harm than the hundreds of plaintiffs who have litigated this case under their true names for over a decade without incident. No plaintiff has offered testimony showing that he or she, or members of his or her family, have been threatened or attacked because of their role in this litigation as a person speaking out about alleged AUC war crimes. Nor do Plaintiffs generally show – as a change of circumstance since their first failed bid for anonymity- that any Colombians who have testified as witnesses or in some way helped to bring cases against Colombian perpetrators of war crimes to justice have become targets of violence in retaliation for their testimony.[3]

---

[3] This disconnect distinguishes the Plaintiffs in this case from the Liberian plaintiffs in the matter of *Jane W. v. Moses* offered by Plaintiffs here as illustrative anonymity protections granted in other United States courts litigating foreign human right abuses. *Jane W., John X., John Y and John Z v Moses Thomas*, Case 18-cv-00569 (E.D. Pa.) [3000-3]. As set out in the supporting brief filed in the Pennsylvania case, the Liberian Plaintiffs claiming a fear of reprisal from former members of the military and government engaged in human rights abuses during the Liberian Civil Wars offered specific evidence from other cases showing that Liberian witnesses who testified or in any way assisted in bringing war criminals to justice had been deported, threatened with violence and death, stalked, stabbed, and had family members killed. [DE 3000-2] There is no comparable evidence of such circumstances experienced by Colombian witnesses which has transpired since the initial anonymity ruling (or any time) in this case.

John Doe 7 and Jane Doe 7, who claim unique circumstances compelling anonymity in their individual situations, offer no affidavits suggesting the existence of retaliatory violence waged at them because of their participation in this suit. As to John Doe 7, Plaintiffs proffer a *Sentencia,* purporting to represent a land restitution order issued by a Colombian court, which refers the owners of Colombian agricultural company to the Colombian Attorney General for criminal investigation as a result of their voluntary financial support of the AUC [DE 3002-2]. From here, Plaintiffs contend that the murderer of John Doe's son, the now deceased Gilberto Camacho, had ties to those owners, and that the owners thus "would have substantial reason to target him" without any evidence linking John Doe 7 to the investigation into that company or retaliatory threats experienced as a result of his connection to Camacho. They offer no evidence of a specific threat toward John Doe from the owners or anyone else associated with them. Furthermore, notably the Sentencia publishes the names of at least five witnesses who came forward with testimony advancing the land restitution order, which implicated those owners, suggesting anonymity is not afforded by the Colombian courts processing civil and criminal investigations in the fall-out from AUC war crimes. Plaintiffs do not identify a reason why greater protections would be needed in United States based forum.

With no concrete evidence of specific threats against any of the Plaintiffs seeking renewed protection to proceed anonymously based on "changed conditions" in Colombia, Plaintiffs instead offer expert affidavits which generally discuss the volatile political landscape in Colombia over the last several decades and the heightened security risks it poses for "human rights defenders." First, they offer the Affidavit of Lisa Haugaard, who identifies herself as co-director of the Latin America Working Group Education fund, a nonprofit dedicated to promoting human rights in Latin America [DE 3000-4]. Haugaard avers she was asked for an opinion on whether a Colombian resident's participation in this lawsuit would put the individual at risk of harm in Colombia, and

4

states "it would be prudent for the plaintiffs to proceed under pseudonym as naming these plaintiffs would put them at risk of great harm." [DE 300-4 at ¶ 2]. Haugaard's affidavit, dated December 2020,[4] plainly does not present "changed circumstances," since the initial proceedings on the anonymity issue.

Haugaard states she bases her views on multiple trips taken to Colombia each year since 1998 - without indicating the date of her last trip – and "extensive evidence of current threats" against human rights defenders who she defines to include "witnesses in human rights abuse cases," without offering a single example of an instance where a witness in a human rights abuse case was targeted in retaliation for their participation. She further opines that the fact Plaintiffs in this case are not bringing direct claims against paramilitaries does not relieve them from risk, because "the fact that they are seeing justice for paramilitary abuses puts them in the category of human rights defenders often targeted by these groups." Id at ¶ 9. Again, she offers no concrete example where a lay witness to paramilitary abuses was targeted because of his or her participation in litigation involving Colombian war crimes.

Similarly, Plaintiffs offer the Affidavit of Professor James Cavello, who identities himself as the Executive Director of the University Network for Human Rights, a nonprofit organization founded by himself, and a visiting Professor of Law at Yale Law School. As with Haugaarrd, Cavello discuses dangers generally confronted by "human rights defenders" in Colombia, but like Haugaard, gives no example of a materialized threat or perpetration of harm against a plaintiff or witness in litigation arising out of war crime atrocities. Indeed, embedded at footnote 39 of the Cavello affidavit is his acknowledgment that "the plaintiffs in this case do not meet the definition of land and environmental defenders." He opines, however, without any supporting evidence,

---

[4]This affidavit was signed just five months after the Eleventh Circuit's opinion issued on the anonymity question in this case, rendering it apparent that Plaintiff's current motion is but a re-dressed motion for reconsideration on the anonymity question.

that the statistics as to violence against environmental defenders "are relevant to (plaintiffs') situation because land and environmental defenders also present a challenge to local business interests – including agribusiness – and are frequently targeted by paramilitary groups." [DE 3000-6 p. 9 & n. 39].

On this record, the Court finds no evidence of a "real threat of physical harm" to the moving Plaintiffs-- due to changed circumstances in Colombia since the Court first addressed the issue -- posed by proceeding without anonymity protection in this ligation.  As  Plaintiffs thus do not carry their burden of showing the existence of substantial privacy rights--attending "changed circumstances" in Colombia -- that outweigh the presumption of openness in judicial proceedings, the renewed motion for   protection against identity disclosure is denied.

### III.     Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

1. Plaintiffs' motion for renewed protective relief [DE 3000] is **DENIED** to the extent Plaintiffs seek to reimpose or introduce required use of pseudonyms as to 2019 or 2021 bellwether Plaintiffs *or any other Plaintiffs seeking to proceed anonymously in this MDL proceeding*.

2. All Plaintiffs in this MDL who purport to proceed under pseudonym, and who intend to continue with the prosecution of their claims, shall identify themselves on the record within **FORTY-FIVE (45) DAYS** from the date of entry of this Order and shall use their true names in all filings and court proceedings going forward.

3. Failure to comply timely with this directive shall result in dismissal with prejudice of the claims of all noncompliant Plaintiffs, except for those Plaintiffs whose claims have already been adversely adjudicated and are currently on appeal.  As to any noncompliant Plaintiffs falling into the latter group, this Order is without prejudice for

Defendants to renew a request for noncompliance sanctions in the event the claims of any one or more of the Plaintiffs in this group are reinstated at the conclusion of the appeal.

4. Plaintiffs' request for alternative relief [DE 3000] is **GRANTED** to the following extent: (a) Defendants are prohibited from publishing or using Plaintiffs' true names or other identifying information outside of any court proceedings (filings in the judicial record or in context of court hearings) and (b) All parties are prohibited from disclosing any Plaintiffs or Individual Defendants' private email addresses, financial information, medical information or psychological information other than as necessary for litigation purposes (filings in the judicial record or in context of court hearings) and *only after seeking and obtaining advance leave of Court.*

5. With regard to Jane Doe 7 and John Doe 7's[5] individual motion for relief against identity disclosure [DE 3001], the Court does not find evidence of an imminent threat or harm unique to their personal circumstances and causally linked to their participation as testimonial witnesses in this lawsuit against Chiquita, a United States corporation, and various of its former employees and executives, which warrants the requested relief.  Neither offers testimonial evidence supporting the claimed perception of a security risk posed by their participation in this lawsuit.  Nor do Plaintiffs otherwise offer evidence showing a sufficient nexus between the disclosure of their identities in this lawsuit and a potential risk of harm to their personal security that outweighs the

---

[5] As Plaintiffs note, these individuals are included among those of the 2019 bellwether group whose claims have already been adversely adjudicated [DE 3002-1, at p. 7-8] ("Additionally, the Court need not address this issue, because John Doe 7 and Jane Doe 7's claims have been dismissed, there is no need to consider releasing their identities unless and until they prevail on appeal.").

public's interest in open judicial proceedings. These individual Plaintiffs fail to show good cause for the requested relief.

6. Other than the limited protective relief outlined at Paragraph No. 3 in this Order, Plaintiffs' renewed requests for protective relief [DE 3000 and 3001] are accordingly **DENIED.**

7. In light of the foregoing, no further briefing on either Plaintiffs' Expedited Motion for Protective Relief or the Individual Motion for Protective Relief submitted by Jane Doe 7 and John Doe 7 [DE 3000, 3001] shall be entertained. *In addition, no further amendments, or supplements to Plaintiffs' motion for renewed protective relief shall be permitted or entertained.*[6]

**DONE AND ORDERED** in Chambers, in West Palm Beach, Florida this 24th day of November, 2021.

KENNETH A. MARRA
United States District Judge

cc: All counsel of record

---

[6] In their position statement, Plaintiffs make oblique reference to an intent to proceed with a further round of "updates" and "clarifications" on their current motion (DE 3017, p. 6) ("Next steps: Plaintiffs intend to file a renewed motion for a protective order immediately after the Thanksgiving holiday which would update DE 3000 and clarify some points based on the parties' conferral. Plaintiffs would propose that this updated motion replace DE 3000 and that briefing can then proceed in the ordinary course.").

The Plaintiffs' stated intent to submit "renewed" or "clarified" motion or supporting briefing upon the issues raised in their now pending 25-page motion for renewed protective relief [DE 3000], without leave of Court, is here expressly disapproved as violative of the Local Rules governing briefing and page limitations attending motion practice in this District.