sUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-MD-1916-KAM

IN RE:
CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION

_____/

## ORDER ON MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION [ECF Nos. 3297]

Plaintiffs served Requests for Admission (RFAs) on Defendant Chiquita Brands International, Inc. ("Chiquita"). ECF Nos. 3297-1. Chiquita answered the RFAs in part and objected in part. ECF No. 3297-2. It objects (1) that Plaintiff's "instructions" try to impose duties not required by the Federal Rules of Civil Procedure and (2) that it would be unduly burdensome and expensive to conduct the required investigation to determine whether to admit or deny the RFAs. Plaintiffs move to overrule the objections and to compel responses to the RFAs. ECF No. 3297.[1]

Chiquita bears the burden of proving that responding to the RFAs would be unduly burdensome or expensive. *E.g., Whatley v. World Fuel Services Corp.,* 20-20993-MC, 2020 WL 2616209, at *2 (S.D. Fla. May 22, 2020) (J. Torres).

---

[1] This motion was referred to me for appropriate disposition. ECF No. 3333. Because a Motion to Compel is not one of the pretrial motions excepted from 28 U.S.C. §636(b)(1)(A), the appropriate disposition is by Order, not Report and Recommendation.

Plaintiffs filed a separate motion to compel better answers from the individual defendants. ECF No. 3298. That matter remains under advisement.

For the following reasons, the Motion to Compel is GRANTED IN PART and DENIED IN PART.

A.      *Federal Rule of Civil Procedure 36*

Rule 36 establishes the rules for issuing and responding to RFAs. For any matter discoverable under Rule 26(b)(1), a party can serve a written request that the opposing party admit the truth of a fact, the truth of the application of law to a fact, or the genuineness of an identified document. Fed. R. Civ. P. 36(a)(1). The responding party can answer the request or object to it. Fed. R. Civ. P. 36(a)(3), (a)(5). The answer can either (1) admit the matter, (2) deny the matter, or (3) state in detail why the matter cannot be admitted or denied. Fed. R. Civ. P. 36(a)(4). "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* The party serving the Request can challenge an answer or objection. Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served." *Id.*

B.      *Reasonable Inquiry*

Rule 26(g) defines the general duty of investigation for a party responding to a discovery request. "Rule 26(g) does not require a comprehensive search . . . Nor does it require a perfect or even optimal search. It requires a 'reasonable' inquiry." *In re Zantac (Ranitidine) Products Liab. Litig.*, 20-MD-2924, 2021 WL 5299847, at *4 (S.D. Fla. Nov. 15, 2021) (J. Reinhart). Rule 36(a)(4) expressly incorporates the "reasonable

2

inquiry" standard. It says, "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." The scope of a reasonable inquiry will also determine what information can be readily obtained. What constitutes a "reasonable inquiry" under the facts of different cases can vary greatly.

A responding party starts with its existing knowledge ("the information it knows"). It then has a duty to educate itself further with "readily obtain[able]" information. An individual respondent's existing knowledge usually is not hard to find. A corporation sits differently. The information known (or reasonably imputed) to a corporation may be widely distributed among current and former employees, corporate records (physical and electronic), corporate affiliates, and agents. Collecting and analyzing that information can be an expensive and burdensome endeavor.

The responding party makes the initial determination of what constitutes a reasonable inquiry. By signing its discovery response, the respondent certifies that it made a reasonable inquiry. Fed. R. Civ. P. 26(g)(1). If the requesting party believes that the certification is not accurate (i.e., no reasonable inquiry occurred), it can move for sanctions, which can include requiring the respondent to conduct a more fulsome search. Fed. R. Civ. P. 26(g)(3) ("appropriate sanction" available for improper certification); Fed. R. Civ. P. 36(a)(6) (remedies for non-compliant response to RFA).

C.    *The 2018 Protective Order*

In September 2018, Plaintiffs served 11 RFAs relating to 4927 separate documents. ECF No. 2129-1. Two of the RFAs asked Chiquita to admit that it had produced the documents in discovery and that the documents were authentic. The RFAs defined "authentic" in the same way as the currently-pending RFAs. The remaining RFAs related to establishing evidentiary foundations for the documents, including whether they were records of regularly conducted business activity. *See* Fed. R. Evid. 803(6). Plaintiffs did not ask Chiquita to admit that the documents were prepared before January 1, 1998. *See* Fed. R. Evid. 803(16). On Chiquita's Motion for Protective Order, the Court ruled that Chiquita had to respond only to the two RFAs asking if it produced certain documents to Plaintiffs and whether those documents were authentic. ECF No. 2180.

D.    *Instructions*

Plaintiffs' RFAs begin with sections titled "Definitions" and "Instructions." The following statements are included as "instructions" for the RFAs:

1.  This request involves 230 distinct documents. Exhibits B and C are subsets of the documents in Exhibit A.

2.  An objection to a request for admission, or any part thereof, must state the reason for or basis of the objection. Any answer to a request other than an unequivocal admission must deny specifically the matter(s) as to which the admission is requested, and set forth in detail the reasons why the statement cannot be admitted and how the statement varies from the truth. Otherwise, the request is deemed admitted.

3.  A denial must explicitly respond to the substance of the requested admission, and when good faith requires You to qualify Your answer or deny only a part of the statement, You must specify which part is true and qualify or deny the remainder.

4. Please respond for each document individually, particularly if you object. A blanket objection to Request No. 3, if, for example, you believe a handful of documents are not business records, is not responsive.

5. Where your denial is based, in any part, on documents, you are to identify such documents.

6. You may not assert lack of knowledge or information as a reason for failure to admit or deny a request unless You state that You have made reasonable inquiry and that the information known or readily obtainable by You is insufficient to enable You to admit or deny the request.

7. If any information is withheld on the grounds of privilege, the nature of the information must be disclosed so that Plaintiffs have an adequate ground for evaluating each claim of privilege.

8. You are under a duty to supplement your answers in accordance with Fed. R. Civ. P. 26(e).

Chiquita object that these Instructions try to impose legal duties beyond what is required by the Federal Rules of Civil Procedure. ECF No. 3297-2 at 1-3.

These "Instructions" carry no legal authority (so they do not bind the respondent), are unhelpful, and (worst of all) are in part legally wrong. The Court is not aware of any authority giving a party the power to "instruct" the opposing party how to respond to an RFA. Plaintiffs do not cite any. Rather, only the Federal Rules of Civil Procedure and the Local Rules of this Court (as interpreted by caselaw) control the procedure for propounding, responding to, and objecting to an RFA. To the extent a party's' "instructions" state existing law, they are unnecessary and cumulative. To the extent they impose obligations beyond those required by existing law, they are invalid. Because, either way, they add nothing to the case, they must be stricken. *See* Fed. R. Civ. P. 12(f) (court can *sua sponte* strike redundant or immaterial matter from a pleading);

Instruction 2 is particularly troubling: A party has three options in responding to an RFA: (1) admit, (2) deny without explanation, (3) neither admit nor deny with explanation. Instruction 2 says:

> An objection to a request for admission, or any part thereof, must state the reason for or basis of the objection. Any answer to a request other than an unequivocal admission must deny specifically the matter(s) as to which the admission is requested, and set forth in detail *the reasons why the statement cannot be admitted and how the statement varies from the truth. Otherwise, the request is deemed admitted.*

(emphasis added). As Chiquita correctly points out, Instruction 2 seeks to impose a non-existent requirement that the respondent explain why a non-admitted matter is false, at the risk of having that matter admitted. ECF No. 3314 at 8. Compare it to actual text of Rule 36(a)(4), which says:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.

Under Rule 36(a)(4) a respondent must either specifically deny the RFA (with no further explanation) or must explain why it cannot admit or deny it. Rule 36(a)(4) does not require the respondent to say why the statement is being denied or to explain how the statement varies from the truth. The respondent is only required to explain why it can neither admit nor deny the matter. Additionally, nothing in Rule 36, the Local Rules, or any other Federal Rule of Civil Procedure says that failing to provide an explanation for a denial results in the matter being admitted.

Finally, Instruction 2 defies logic. The Instruction says "Any answer to a request *other than an unequivocal admission* must" explain why a statement is false. There are two answers other than an admission: (1) deny or (2) neither admit nor

deny. It makes no sense to expect a party to explain the falsity of a matter that it can neither admit nor deny — if the respondent does not know whether the matter is false, it cannot explain why it is false.

So, in sum, Instruction 2 is legally unsupported and misleading. First, it ignores that a respondent has three options in responding to an RFA: (1) admit, (2) deny, (3) neither admit nor deny. The Instruction removes the third option. Second, it creates from thin air a requirement that the respondent explain why it is denying the RFA and how the RFA is not true. Third, it imposes a non-existent sanction (the RFA is admitted) for not complying with this non-existent requirement. Notably, neither Plaintiffs' conferral correspondence with Chiquita nor their Reply pleading tries to defend this additional requirement or the proposed sanction. ECF No. 3297-3 at 3-4 (conferral letter); 3323 (Reply); *but see* Fed. R. Civ. P. 26(g)(1)(B) (signing a discovery request certifies that the request is, among other things, legally proper and not for any improper purpose).

E.     *RFAs*

Plaintiffs served five RFAs on Chiquita. The RFAs included four defined terms: "Authentic," "Defendant," "You/your," "Record of Regularly Conducted Activity." Chiquita objected only to the definition of "Authentic." "The RFAs define "Authentic" as "ha[ving] the meaning ascribed to it in Federal Rule of Evidence 901." ECF No. 3297-1 at 1. Chiquita objected to this definition "because 'authentic' is not defined in Rule 902 of the Federal Rules of Evidence." ECF No. 3297-2 at 2.

The five requests were:

1. For each document listed by Bates number in Exhibit A attached here, admit that the document was produced by You in response to plaintiffs requests for the production of documents in this litigation.

2. For each document listed by Bates number in Exhibit A attached hereto, admit that the document is Authentic.

3. For each document listed by Bates number in Exhibit B attached hereto, admit that the document is a Record of your Regularly Conducted Activity.

4. For each document listed by Bates number in Exhibit B attached hereto, admit that the document was made by your agent or employee on a matter within the scope of that relationship and while it existed.

5. For each document listed by Bates number in Exhibit C, admit that the document was prepared before January 1, 1998.

ECF No. 3297-1. Exhibit A is a spreadsheet of at least 230 Bates numbers. ECF No. 32977-1 at 6-10.[2] Chiquita represents that Exhibit A comprises 3080 pages. ECF No. 3314 at 2. Exhibit A contains two responsive columns. One says, "Admit that the document was produced by you in response to Plaintiffs' requests for the production of document in this litigation." The second says, "Admit that the document is authentic. If denied, provide explanation." As explained above, Defendant is not required to explain a denial.

Exhibit B is a subset of Exhibit A's Bates numbers. *Id.* at 11-20. It has two rsesponsive columns. One says, "Admit that the document is a Record of your

---

[2] In the RFA Instructions to Chiquita, Plaintiffs take the position that Exhibit A comprises 230 distinct documents. ECF No. 3297-1 at 2. Chiquita says there are 340 separate Bates ranges in Exhibit A. ECF No. 3297-2 at 2. In their Motion to Compel the Individual Defendants, Plaintiffs say there are 340 documents at issue. ECF No. 3298 at 1.

Regularly Conducted Activity." The second says, "Admit that the document was made

by your agent or employee on a matter within the scope of that relationship and while

it existed."

Exhibit C is a subset of Exhibit A's Bates numbers. *Id.* at 21-23. It has one

responsive column: "Admit that the document was prepared before January 1, 1998.

If denied, provide explanation." Once again, Chiquita is not required to provide an

explanation for a denial.

F.      *Chiquita's Response*

Chiquita lodged 10 general objections. Eight related to Plaintiffs' instructions.

One objected to their definition of "authentic." The remaining objection, Objection 10,

said:

> Chiquita objects to the sheer volume of the requests for admissions as
> subjecting Chiquita to undue burden and expense to review and decide
> whether to admit, deny, or conduct a reasonable investigation to readily
> determine whether Chiquita has sufficient knowledge or information to
> truthfully admit or deny. Indeed, Plaintiffs have conceded that the
> documents are too voluminous to be served with the requests for
> admission by listing only Bates ranges instead. Fed. R. Civ. P. 36(a)(2)
> requires that "[e]ach matter must be separately stated." By Chiquita's
> count, there are 340 separate Bates ranges of documents, 5 requests for
> each document Bates range, for a total of 1,700 requests

1.  RFA #1

Chiquita responded without objection to RFA #1 by admitting that (with one

limited exception not relevant here) it had produced all of the documents listed in

Exhibit A.

2.  RFA #2

Chiquita responded to RFA #2 by saying,

> Chiquita objects to this Request because Plaintiffs have not identified what they claim each document is. Fed. R. Evid. 901(a). Subject to, and without waiving the foregoing objection, see responses and objections contained in Exhibit 1, which is incorporated as if fully set forth herein

ECF No. 3297-2 at 4. This objection is waived. *E.g., Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 14-60268-CIV, 2014 WL 6473232, at *3 (S.D. Fla. Nov. 18, 2014) (J. Seltzer) ("courts in the Eleventh Circuit have found that 'whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands.'") (collecting cases). Similarly, because Chiquita responded to RFA #2 by admitting or denying that certain documents were authentic, it has waived its objection to the RFAs' definition of "Authentic."[3]

Exhibit 1 is a spreadsheet. For each of the Bates ranges listed in Plaintiffs' Exhibit A, Chiquita either admits or denies (in whole or in part) the authenticity of the referenced pages, and/or states an objection. Plaintiffs move to overrule the objections. The contested objections are: (1) for seven document ranges, Chiquita objects to handwriting on a document by an unknown person but admits the authenticity of the underlying document,[4] (2) for multiple documents, Chiquita objects because the Bates range is only an excerpt of a document or is more than one

---

[3] I would also overrule this objection because the Court previously ordered Chiquita to answer RFAs that incorporated the same definition. ECF No. 2180.

[4] The corresponding Bates ranges are: 3197-98, 5622-24, 5854-55, 7684-85, 14007-46, 26115-16, 26703-78.

document, but admits or denies the authenticity of the pages, and (3) for 15 document ranges, Chiquita objects that the Bates range is not a complete document or is more than one document but does not otherwise respond to the RFA.[5]

An "objection" to unknown handwriting is not a legal objection. Rather, it is properly treated as Chiquita saying it cannot admit or deny the authenticity of the handwriting. For each matter where this "objection" is asserted, Chiquita's answer either admits or denies the authenticity of the underlying document. These answers comply with Rule 36(a)(4) by specifying which parts of the RFA are admitted and which are denied or cannot be admitted or denied. The Plaintiffs' request to compel better answers is granted insofar as Chiquita shall serve amended answers that clarify it cannot admit or deny the authenticity of the handwriting.

It is not a legal objection that a Bates range is not a single unitary document. At best, the additional fact (i.e., whether it is multiple documents or an excerpt) does not qualify the admission or denial that the page is what it purports to be. As such, it is an improper objection that will be stricken. Moreover, for those Bates ranges where Chiquita responds by admitting or denying authenticity in spite of the objection, the objection is waived. *See Thermoset, supra.* Chiquita shall serve amended answers that remove the improper or waived objections.

---

[5] The corresponding Bates ranges are: 9041-76, 9111-38, 124880-88, 124990-0003, 25704-05, 26099-100, 53356, 53574, 72715-16, 72735-38, 72747-49, 72756-78, 72770-71, 73002-25, 77316-23

For the 15 documents where only an objection was lodged, the objection is overruled and Chiquita is ordered to provide an amended answer that complies with Rule 36(a)(4).

3. <u>RFAs #3-5</u>

Chiquita objected in full to RFAs #3 , #4, and #5 on two legal grounds: (1) Objection 10 and (2) the Court's prior ruling. ECF No. 3297-2 at 5-6 ¶¶ 3-5):

> Objection 10 is incorporated as if fully set forth herein. Chiquita further objects to this Request because the Court has previously ruled that, when served with an inordinate number of requests for admission, Chiquita need not respond to virtually this same request.

Chiquita objects that it will be unduly burdensome and expensive for it to "decide whether to admit, deny, or conduct a reasonable investigation to readily determine whether Chiquita has sufficient knowledge or information to truthfully admit or deny."

Chiquita takes the position that requiring it to conduct *any* inquiry to respond to RFAs #3-5 would be unduly burdensome and expensive. It says:

> As to request for admission no. 3, determining whether a document was made as a record of regularly conducted activity versus a memorandum or other document from Chiquita's attorneys' files or other outside source or otherwise does not record Chiquita's regular conducted activity would be unduly burdensome as labor intensive and requiring consultation with various potential sources about documents involving events in Colombia when many if not all of those potential sources no longer work at Chiquita. Similarly, as to request for production no. 4, determining who "made the document" is often not readily apparent from the document itself, which would require an unreasonably burdensome investigation to try to track down the author or source of the document. As to request for production no. 5, whether a document was created before January 1, 1998 is either apparent from the face of the document, if dated (and therefore unnecessary for a request for

admission), or would require unduly burdensome investigation to try to determine, if undated.

ECF No. 3314 at 5.

Not surprisingly, Plaintiffs take a diametrically opposite view of the burden imposed on Chiquita. They say:

> These RFAs are not difficult for Chiquita to respond to. Chiquita has already reviewed all of these documents before producing them and has records of that review process. Chiquita has production logs for these documents detailing where they came from by Bates number, which should enable Chiquita to respond to hundreds of requests at once. The three RFAs directed toward facts bearing upon the admissibility of documents turn are facts which are readily and uniquely known to Chiquita. At most, only a handful of the documents at issue will require much thought.

ECF No. 3297 at 4.

Chiquita has met its burden of showing that there is no reasonable inquiry that might allow it to admit or deny RFAs #3-5. As Chiquita argues, properly responding to RFAs #3 and #4 would require a deep, time-consuming, and expensive dive into the circumstances surrounding the creation and retention of documents, many of which were created long ago. Even requiring Chiquita to conduct a truncated inquiry (such as, looking solely at the face of the documents) is unlikely to result in Chiquita being able to admit or deny RFAs #3 and #4. As such, making Chiquita respond to RFAs #3 and #4 is unlikely to yield evidence that will help resolve the issues in dispute in this case. And, the expense of this proposed discovery outweighs its likely benefit. So, compelling answers to these RFAs is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) (listing proportionality factors).

The same is true for RFA #5. The creation date of the documents is either readily apparent from the content of the document, or it is not.  If it is, then this evidence is equally available to Plaintiffs; so requiring Chiquita to respond to RFA #5 is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1) (proportionality factors include "the parties' relative access to relevant information"). If it is not, Chiquita must consider evidence outside the four corners of the document to determine its creation date. This scenario raises the same issues, burdens, and costs discussed above for RFAs #3 and #4.

Finally, both parties have addressed the precedential significance of the 2018 Protective Order. I have not given any weight to that Order. I accept that the circumstances and scope of the present RFAs are materially different from the previous ones, so a *de novo* analysis is appropriate. To be clear, I do not find that the number of requests, standing alone, creates an undue burden or excessive cost. It is the process necessary for Chiquita to meaningfully respond to these requests that is unduly burdensome and expensive. Therefore, even if the number of requests were substantially reduced, the rulings would be the same.

## CONCLUSION

WHEREFORE, it is ORDERED that:

1.  Plaintiffs' Instructions are STRICKEN;

2.  Chiquita shall serve an amended answer to RFA #2 on or before 5:00 p.m., Eastern time, on March 17, 2023.

3.  Plaintiff's Motion to Compel responses to RFAs #3-5 is DENIED.


**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 21st day of February 2023.

_____

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE