**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 08-MD-01916-MARRA/MATTHEWMAN**

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Document Relates to:

**ATS ACTIONS:**

07-60821-CIV-MARRA (Carrizosa Action)
08-80421-CIV-MARRA (NJ Action)
08-80465-CIV-MARRA (Does 1-144/Perez 1-795 Action)
08-80480-CIV-MARRA (Manjarres Action)
08-80508-CIV-MARRA (Valencia Action)
10-60573-CIV-MARRA (Florida Montes Action)
11-80404-CIV-MARRA (Does 1-677 Action)
17-80535-CIV-MARRA (Ohio Montes Action)
17-80475-CIV-MARRA (Does 1-2146 Action)
18-80800-CIV-MARRA (Does 1-144/Perez 1-795 Action)
18-80248-CIV-MARRA (NJ Action)
_____/

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' UNTIMELY AND**
**UNTRANSLATED TRIAL EXHIBITS AND UNTIMELY DISCLOSED**
**<u>FACT WITNESSES</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  BACKGROUND ................................................................................................. 3

    A.   Plaintiffs' Multiple Failed Attempts to Reopen Discovery .......................... 3

    B.   Plaintiffs' Latest Tactics to Circumvent the Court's Prior Orders and Inject Never Before Disclosed Evidence ................................................................ 5

III. LEGAL STANDARD .......................................................................................... 7

IV.  ARGUMENT ...................................................................................................... 9

    A.   The Court Should Strike and Preclude Plaintiffs from Offering or Referencing at Trial Untimely Documentary and Testimonial Evidence Because Plaintiffs Have Flouted the Court's Multiple Prior Orders Closing the Record ................................ 9

    B.   The Court Should Strike and Preclude Plaintiffs from Offering or Referencing at Trial Any of Plaintiffs' Untimely Disclosed Trial Exhibits Under the Federal Rules of Civil Procedure ................................................................................................. 9

        1.   Plaintiffs' Disclosure of Hundreds of New Documents Violates Rule 26(a) and Rule 26(e) ................................................................................................ 9

        2.   Rule 37(c)(1) Warrants Preclusion of the Untimely Exhibits ............................ 10

    C.   The Court Should Independently Strike and Preclude Plaintiffs from Offering or Referencing at Trial Any of Plaintiffs' Untranslated Spanish-Language Trial Exhibits ................................................................................................. 13

    D.   The Court Should Strike and Preclude Plaintiffs from Offering or Referencing at Trial Any Testimony of Plaintiffs' Untimely Disclosed Fact Witnesses Under the Federal Rules of Civil Procedure ................................................................................. 14

        1.   Plaintiffs' Disclosure of the New Witnesses Violated Rule 26(a) and Rule 26(e). ................................................................................................. 14

        2.   Rule 37(c)(1) Warrants Preclusion of the New Witnesses. ............................... 15

V.   CONCLUSION ................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
  2021 WL 246224 (N.D. Fla. Jan. 25, 2021) ......................................................8, 13

*Arevalo v. Mentor Worldwide LLC*,
  2022 U.S. App. LEXIS 30922 (11th Cir. Nov. 8, 2022) ....................................8, 19

*Berryman-Dages v. City of Gainesville Fla.*,
  2012 U.S. Dist. LEXIS 47596 (N.D. Fla. Apr. 4, 2012)........................................19

*Bowe v. Pub. Storage*,
  106 F. Supp. 3d 1252 (S.D. Fla. 2015) ...........................................................15, 19

*Brown v. Vivint Solar, Inc.*,
  2020 WL 5016898 (M.D. Fla. Aug. 25, 2020) .........................................................9

*Cooley v. Great Southern Wood Preserving*,
  138 F. App'x 149 (11th Cir. 2005) ........................................................................10

*Debose v. Broward Health*,
  2009 WL 1410348 (S.D. Fla. May 20, 2009) .........................................................11

*DeRose v. Scottsdale Ins. Co.*,
  2022 WL 19829367 (S.D. Fla. Nov. 14, 2022)..................................................12, 13

*Eli Research, LLC v. Must Have Info Inc.*,
  2015 WL 6501070 (M.D. Fla. Oct. 22, 2015) ........................................................10

*Evans v. McClain of Georgia, Inc.*,
  131 F.3d 957 (11th Cir. 1997) ...............................................................................18

*Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum &
  Chem. Corp.*,
  684 F.2d 776 (11th Cir. 1982) ...............................................................................15

*Fed. Deposit Ins. Corp. v. Cherry, Bekaert & Holland*,
  131 F.R.D. 202 (M.D. Fla. 1990)...........................................................................20

*G & G Closed Circuit Events, LLC v. Castillo*,
  No. 14-C-2073, 2016 WL 3551634 (N.D. Ill. June 30, 2016)................................15

*Halaoui v. Renaissance Hotel Operating Co.*,
  2014 WL 6801807 (M.D. Fla. Dec. 2, 2014)............................................................8

*Henderson v. Ford Motor Co.*,
  72 F.4th 1237 (11th Cir. 2023) ................................................................8

*Huckelbery v. Orlando Police Dept.*,
  2015 WL 1020520 (M.D. Fla. Mar. 9, 2015) ........................................12

*Jones v. Aaron's, Inc.*,
  748 Fed. Appx. 907 (11th Cir. 2018) ....................................................19

*King v. Cessna Aircraft Co.*,
  2010 U.S. Dist. LEXIS 148398 (S.D. Fla. May 7, 2010) ...........8, 18, 19

*Lawson v. Plantation Gen. Hosp., L.P.*,
  No. 08-61826-CIV, 2010 WL 11504835 (S.D. Fla. May 3, 2010).........19

*Leonard v. Dixie Well Service & Supply, Inc.*,
  828 F.2d 291 (5th Cir. 1987) ................................................................18

*Lips v. Hollywood*,
  350 F. App'x 328 (11th Cir. 2009) ...............................................8, 10, 11

*Mitchell v. Ford Motor Co.*,
  318 F. App'x 821 (11th Cir. 2009) ..........................................................8

*MKT Reps S.A. DE C.V. v. Standard Chartered Bank Int'l (Americas) Limited*,
  2011 WL 13099888 (S.D. Fla. Nov. 22, 2011)......................................13

*Mobile Shelter Systems USA, Inc. v. Grate Pallett Solutions LLC*,
  845 F. Supp. 2d 1241 (M.D. Fla. 2012)...................................................8

*Nat'l Union Ins. Co. v. All Am. Freight, Inc.*,
  No. 14-CIV-62262-BLOOM/Valle, 2016 U.S. Dist. LEXIS 19014 (S.D. Fla.
  Feb. 16) ................................................................................................14

*Pensacola Firefighters' Relief Pension Fund Bd. of Trs. v. Merrill Lynch Pierce
  Fenner & Smith, Inc.*,
  No. 3:09cv53/MCR/MD, 2011 U.S. Dist. LEXIS 88648 (N.D. Fla. July 7,
  2011) .....................................................................................................18

*Phillips v. Delta Air Lines*,
  2021 U.S. Dist. LEXIS 252336 (S.D. Fla. Nov. 18, 2021)....................14

*Rigby v. Phillip Morris USA, Inc.*,
  717 Fed. Appx. 834 (11th Cir. 2017)......................................................17

*Romero v. Drummond Co., Inc.*,
  552 F.3d 1303 (11th Cir. 2008) .......................................................*passim*

*Rozier v. Ford Motor Co.*,
  573 F.2d 1332 (5th Cir. 1978) ...................................................................................20

*Stewart v. Daimler Chrysler Financial Servs. Americas, LLC*,
  2008 WL 11333226 (S.D. Fla. June 19, 2008) .....................................................12

*Tipton v. Houston Cty. Bd. of Educ.*,
  No. 1:17-CV-588-WKW, 2019 U.S. Dist. LEXIS 84701 (M.D. Ala. May 20,
  2019) ..........................................................................................................................18

*United States v. Rivera-Rosario*,
  300 F.3d 1 (1st Cir. 2002)........................................................................................13

**Other Authorities**

Fed. R. of Civ. P. 26(a) ................................................................................... *passim*

Fed. R. Civ. P. 26(e) ........................................................................................ *passim*

Fed. R. Civ. P. 37(c)(1).................................................................................... *passim*

Fed. R. Civ. P. 56(d) .............................................................................................4, 5

S.D. Fla. L.R. 26.1(d)................................................................................................15

S.D. Fla. L.R. 26.1(h)................................................................................................15

S.D. Fla. Civ. Fil. Req. § 2N....................................................................................14

## I.     INTRODUCTION

Pursuant to the Fourth Amended Global Scheduling Order Setting Pretrial Procedures For Bellwether One A and B Cases (DE 3386), the parties are making final preparations—and the Court is considering motions and making necessary rulings—for the first bellwether trial in January 2024 and the follow-on trial in April 2024. The Court has recognized "the judicial and legal labor that will be required to prepare for those trials." *See* DE 3361. Indeed, synthesizing the massive testimonial and documentary record for efficient presentation to the jury in this multi-decade long MDL is no small task, and *should be* what all parties are focused on at this late stage. But, apparently, Plaintiffs are not satisfied with that record, and instead have once again resorted to eleventh hour ambush tactics to try to inject hundreds of new documents and dozens of witnesses into the case that were never properly disclosed during discovery.

When the parties exchanged trial exhibit lists on August 29, 2023, Defendants were surprised to find 337 exhibits on Plaintiffs' list that were never produced in discovery. Plaintiffs assigned "Bates" labels to many of the new documents and simply listed them alongside Plaintiffs' other 2,000 exhibits, without any mention that Plaintiffs were attempting to supplement the record with new materials years after the close of discovery and so close to trial. Moreover, Plaintiffs did not produce *any* of the new documents on August 29. Rather, after Defendants contacted Plaintiffs to inquire about unidentifiable exhibits, Plaintiffs produced a small subset of new documents to Defendants weeks later on September 18, another small subset on October 6 (one business day before objections were due) and, in fact, *still* have not produced all of the new exhibits. Making matters worse, many of the exhibits Plaintiffs have produced over the last 30 days are hundreds of pages long, improper compilations of multiple documents listed as a single exhibit, untranslated from Spanish, or all of the above. It is highly prejudicial to Defendants, who are trying to prepare for trial on what should be a closed record, to be inundated at the last minute with thousands of

pages of unreadable new documents. Indeed, just wading through Plaintiffs' unorganized and duplicative exhibit list (which Plaintiffs amended twice after the deadline) to determine what is new has been a monumentally burdensome task. This deception-by-document-dump should not be permitted.

Plaintiffs' witness list, also exchanged on August 29, fared no better. There, Plaintiffs added 29 witnesses to their witness list who were not properly disclosed during discovery and an additional 24 witnesses who were disclosed mere weeks before the discovery deadline—far too late for any meaningful opportunity to seek discovery or depose the witnesses (most or all of whom are located in Colombia) prior to the deadline. Plaintiffs' attempt to introduce multiple surprise witnesses unbound by previously sworn testimony should also be precluded.[1]

This is not the first time Plaintiffs have attempted to inject new evidence long after the close of discovery, which was five years ago. This Court has rejected numerous attempts by Plaintiffs to circumvent the jointly-agreed-upon discovery deadline, including multiple requests for Hague letters of request hoping to find additional evidence that Plaintiffs could have but failed to pursue diligently during discovery. Plaintiffs' "new" exhibits and witnesses are just the latest attempt to defy the discovery deadline, flout the Court's multiple prior Orders, and sandbag Defendants at trial. The untimely, untranslated exhibits, and untimely, improperly disclosed witnesses should be excluded because they plainly violate the Court's Orders.

Further, the clear operation of the Federal Rules of Civil Procedure automatically preclude the untimely witnesses and exhibits because Plaintiffs' delay in disclosure is neither substantially

---

[1] In addition to the new witnesses disclosed on Plaintiffs' trial witness list, on July 28, 2023, the Plaintiffs filed a Notice of Supplemental Witness Disclosure (DE 3455) ("Notice"). In that Notice, Plaintiffs unilaterally seek—without leave of court—to supplement the evidentiary record with the testimony of a new witness who only recently "decided" to give testimony. This notice should similarly be stricken and Plaintiffs should be precluded from calling this new witness.

justified nor harmless to Defendants, who would have to prepare for witness testimony blindly, without the benefit of previously sworn testimony of the new witnesses or of any witness regarding the new documents. This type of unfair surprise is exactly what the Federal Rules of Civil Procedure are designed to prevent. When these Rules are applied, exclusion is clearly warranted.

Finally, in addition to the 337 undisclosed trial exhibits, hundreds of additional exhibits listed by Plaintiffs are Spanish-language documents with no English translations. In total, 666 exhibits have no translations. These too should be excluded under applicable law.

## II.   BACKGROUND

### A.   Plaintiffs' Multiple Failed Attempts to Reopen Discovery

Discovery in this matter closed on October 18, 2018. *See* DE 2122. Plaintiffs have made numerous attempts to conduct additional discovery after the ordered October 18, 2018 discovery deadline, which the Court has denied each time.

First, the Court rejected Plaintiffs' motion—filed on the discovery deadline—to extend discovery against certain Individual Defendants. *See* DE 2224 at 2.  The Court admonished Plaintiffs for this request, stating "to the extent that the moving Plaintiffs were concerned about obtaining initial disclosures or other preliminary written discovery from any Individual Defendant prior to expiration of the amended discovery deadline, or about preserving their ability to redepose any Individual Defendant after receipt of written discovery, they should have clearly identified that concern in the body of the joint motion for entry of the amended scheduling order…or at a minimum, by way of an immediate motion for relief…" *Id.* The Court went on: "Plaintiff cannot be heard to complain, at this late date, on the legitimacy of any ill-advised 'positions' on limitations or exemption from discovery procedures which may have earlier been assumed by any Individual Defendant to this cause." *Id.*

Next, in August 2020, Plaintiffs made an informal request to reopen discovery due to a previously disallowed motion for issuance of letters of request seeking the investigatory files of certain decedents generated by the Colombian Commission of Justice and Peace, which the Court had initially rejected as overbroad and burdensome. *See* DE 2680-2 at 2-3. The Court again rejected the request to reopen discovery. DE 2681 at 3-4.

In February 2021, Plaintiffs *again* asked the Court to informally reopen discovery as part of a Rule 56(d) motion, claiming they "did not previously have an opportunity to obtain" discovery that they needed from the Colombian government to establish a triable issue of fact. DE 2879 at 1, 3. The Court rejected that motion because it was "apparent that the Plaintiffs…did not pursue diligently the evidence they now claim to need to rebut Defendants' pending summary judgment motion." *Id.* at 8. The Court stated that Plaintiffs' "request to reopen discovery is denied because they were provided with ample time while discovery was still open to pursue the evidence they now seek, and they have failed to demonstrate good cause to reopen discovery at this late stage, after the filing of summary judgment motions." *Id.* at 9.

Then, in March 2023, Plaintiffs once again tried to reopen discovery for letters of request that sought depositions, production of documentary case and investigative files, and video recordings, which the Court again denied in May 2023. See DE 3409. The Court echoed its previous concern that the request was "directed to discovery pertaining to Bellwether One Plaintiffs—a litigant pool as to whom discovery has long been closed." *Id.* at 2-3. The Court agreed with Defendants that "supplemental requests at this point may send all concerned 'off into another round of discovery.'" *Id.* at 4. Ultimately, Plaintiffs had "not persuaded the Court that its Letter of Request is timely or appropriate to supplement the existing, closed discovery for the Bellwether One Plaintiffs." *Id.* at 5.  The Court also noted that Plaintiffs "overlook[ed] the parties' agreement at a

recent status conference hearing that discovery is closed as to both Bellwether One A and B

Plaintiffs, and that trials for Bellwether A and B Plaintiffs are set to start in January 2024." *Id.* at 2.

### B.   Plaintiffs' Latest Tactics to Circumvent the Court's Prior Orders and Inject Never Before Disclosed Evidence

The Court's pretrial scheduling order was issued in April 2023. *See* DE 3386. The scheduling

order required that trial exhibit lists, deposition designations, and witness lists be exchanged on

August 29, 2023. *Id.* Leading up to and after the exchange, despite the Court's many prior Orders

making clear that the record is closed, Plaintiffs have continued their all-out campaign to supplement

the long-closed record with evidence never before disclosed.

Plaintiffs started by filing a notice of a new witness on July 28, 2023. Notice at 1. Two days

later, on July 30, 2023, Plaintiffs filed a motion to supplement the summary judgment record with

35 documents with more than 15,000 pages of new materials, including a lengthy new expert report.

*See* DE 3457. Then, on August 16, 2023, Plaintiffs produced 8 additional documents, and on August

23, 2023, Plaintiffs produced another 27 new documents, for a total of 35 documents. *See* Declaration

of Olivia Otting ("Otting Decl."), attached hereto as Exhibit 1 at ¶ 5.

Shortly thereafter, on August 29, 2023, Plaintiffs exchanged their trial exhibit list wherein

they listed an additional 267 exhibits that had never been disclosed. *See* Otting Decl. at ¶ 8.

Together with the 35 documents disclosed just days before, and the 35 exhibits attached to

Plaintiffs' motion to supplement, Plaintiffs listed a total of 337 exhibits that had never been

produced in discovery.[2] Otting Decl. ¶¶ 3-6. The 267 new exhibits on Plaintiffs' list were not in

Defendants' possession at all and were not identified as new disclosures by Plaintiffs. *See id*. at ¶

8.

---

[2] All 337 exhibits not previously disclosed in discovery are listed on Appendix A to the Otting
Declaration.

Also on August 29, 2023, Plaintiffs submitted their trial witness list, which listed 29 witnesses who had not been previously disclosed and 24 witnesses who were identified late in discovery.[3] Otting Decl. ¶ 9. Together with the witness identified in the Notice, Plaintiffs listed 54 untimely witnesses. *Id.*

On September 7, 2023, Plaintiffs stated that they would produce copies of their trial exhibits 11 days later, by September 18, 2023. *See* Otting Decl. ¶ 10 (citing Scarola Email dated September 7, 2023). However, when Plaintiffs produced their exhibits on September 18th, they failed to include 123 exhibits that were not previously produced. *See* Otting Decl. ¶ 12.

Separately, in Plaintiffs' September 18th production, hundreds of documents were merely slipsheets labeled "placeholders" stating: "Document to be provided soon." *See* Otting Decl. at ¶ 11. Defendants requested copies of the "placeholder" exhibits on September 20, 2023, and Plaintiffs responded that "We will make them available *as we get them*." Otting Decl. ¶ 14. On September 29, 2023, Plaintiffs stated they would produce the "placeholder" exhibits that day, but Defendants never received them. Otting Decl. ¶ 15. When Defendants followed up on the "placeholder" exhibits, Plaintiffs stated they would be produced by October 5, 2023. Otting Decl. ¶ 16. Plaintiffs made an additional production on October 5, 2023. Otting Decl. ¶ 17. Confusingly, many of the documents were merely duplicative of exhibits Plaintiffs had already produced. *Id.* However, Plaintiffs only produced 35 of the remaining 123 missing exhibits, meaning 88 exhibits were still not produced. *Id.* To this day, Plaintiffs have still not provided the remaining 88 missing exhibits. Otting Decl. ¶ 18. Defendants also determined that 666 exhibits on Plaintiffs' exhibit list

---

[3] All 54 untimely witnesses—the 29 undisclosed witnesses, the 24 late disclosed witnesses, and the witness identified in the Notice, are listed on Appendix B to the Otting Declaration.

are Spanish language exhibits with no English translations. Otting Decl. ¶ 13.[4] This number could be even higher given the 88 missing exhibits.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(a), "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses… [and] (ii) a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses…" Fed. R. Civ. P. 26(a).  Further, a "party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or correct, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the Court." Fed. R. Civ. P. 26(e).

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1323 (11th Cir. 2008) ("[a] party who 'fails to provide information…as required by Rule 26(a)…is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless."). "This Rule is designed to prevent the 'sandbagging' of an opposing party with new

---

[4] All 666 Spanish-language exhibits with no English translations are listed on Appendix C to the Otting Declaration.

evidence." *King v. Cessna Aircraft Co.*, 2010 U.S. Dist. LEXIS 148398, *4 (S.D. Fla. May 7, 2010).

Rule 37(c)(1)'s operation is "automatic" and "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion…" Fed. R. Civ. P. 37 advisory committee's notes (1993); *see also See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2021 WL 246224, at *3 (N.D. Fla. Jan. 25, 2021) ("Under Rule 37(c)(1), exclusion is an 'automatic sanction' that is meant to be 'self-executing.'"). Only a violation that is substantially justified or harmless will avoid Rule 37(c)(1)'s operation. *See id.* "In determining whether the failure to disclose was substantially justified or harmless, [the Court] consider[s] the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009). "[T]he first and third factors together can outweigh the second." *Arevalo v. Mentor Worldwide LLC*, 2022 U.S. App. LEXIS 30922, at *18 (11th Cir. Nov. 8, 2022) (citing *Romero*, 552 F.3d at 1321 ("Regardless of the importance of [the] testimony, the reasons for the delay in the … disclosure and the consequent prejudice that [the] testimony would have caused [the nonmoving party] require us to affirm the district court's ruling.")). Finally, the Court has "considerable discretion" to determine if exclusion is proper. *Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1243 (11th Cir. 2023).

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009); *Mobile Shelter Systems USA, Inc. v. Grate Pallett Solutions LLC*, 845 F. Supp. 2d 1241, 1250 (M.D. Fla. 2012) ("It is Plaintiff's burden to show either its failures were substantially justified or harmless."); *Halaoui v. Renaissance Hotel Operating Co.*, 2014 WL 6801807, at *2

(M.D. Fla. Dec. 2, 2014) ("The burden of showing substantial justification or harmlessness is on the party that failed to timely disclose the information.").

## IV.    ARGUMENT

### A.    The Court Should Strike and Preclude Plaintiffs from Offering or Referencing at Trial Untimely Documentary and Testimonial Evidence Because Plaintiffs Have Flouted the Court's Multiple Prior Orders Closing the Record

As an initial matter, Plaintiffs' 337 untimely exhibits and 54 untimely witnesses flout the Court's numerous orders rejecting Plaintiffs' various attempts to reopen the factual record nearly five years after the close of discovery. Plaintiffs have repeatedly tried to inject additional evidence into this case after the close of discovery, and the Court has rejected each attempt at every turn. *See* DE 2224, 2879, 3409. The Court's prior rationales are even stronger today as trial nears: it is "apparent that the Plaintiffs…did not pursue diligently the evidence they now claim to need" and "they were provided with ample time while discovery was still open to pursue the evidence they now seek." DE 2789 at 8-9.

Plaintiffs' last-ditch effort to add never-before-disclosed documents and untimely witnesses into their trial exhibit and witness lists should be rejected. *See Brown v. Vivint Solar, Inc.*, 2020 WL 5016898, at *2 (M.D. Fla. Aug. 25, 2020) (granting motion to exclude late disclosed trial exhibits in accordance with court's prior orders). Accordingly, the untimely witnesses and exhibits should be excluded as violative of the Court's prior multiple orders.

### B.    The Court Should Strike and Preclude Plaintiffs from Offering or Referencing at Trial Any of Plaintiffs' Untimely Disclosed Trial Exhibits Under the Federal Rules of Civil Procedure

#### 1.    Plaintiffs' Disclosure of Hundreds of New Documents Violates Rule 26(a) and Rule 26(e)

Plaintiffs' late disclosure of documents should be precluded under Rule 26 and Rule 37 of the Federal Rules of Civil Procedure.  Plaintiffs disclosed 337 trial exhibits nearly five years after

the October 18, 2018 discovery deadline. Because these are documents that Plaintiffs may attempt to use to support their claims or defenses, they were required to have been listed on Plaintiffs' initial disclosures under Rule 26(a), or in a supplemental disclosure under Rule 26(e)—either by amending Plaintiffs' initial disclosures or their responses to discovery requests. *See* Fed. R. Civ. P. 26(a); Fed. R. Civ. P. 26(e).  The time to have made these amended or supplemental disclosures was not when exchanging trial exhibit lists five years after the close of fact discovery. *See Eli Research, LLC v. Must Have Info Inc.*, 2015 WL 6501070, at *2 (M.D. Fla. Oct. 22, 2015) ("[E]vidence not produced during discovery will be excluded from trial." (citing Fed. R. Civ. P. 26(a)). "Parties also must supplement their Rule 26 disclosures at appropriate intervals." *Cooley v. Great Southern Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) (citing Fed. R. Civ. P. 26(e)(1)). "Parties who fail to satisfy these disclosure and supplementation requirements are prohibited, pursuant to Fed. R. Civ. P. 37(c)(1), from using the undisclosed evidence 'at trial, at a hearing, or on a motion,' unless the failure is harmless." *Id.* (citing Fed. R. Civ. P. 37(c)(1)).

Because these new exhibits were not disclosed during discovery—and instead were disclosed nearly five years after the discovery deadline and only in connection with submission of Plaintiffs' trial exhibit list—their disclosure was a plain violation of Rules 26(a) and (e).

### 2.      Rule 37(c)(1) Warrants Preclusion of the Untimely Exhibits

Because the at-issue exhibits were disclosed in violation of Rules 26(a) and (e), they are subject to automatic exclusion at trial under Rule 37(c)(1), unless Plaintiffs can prove the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "In determining whether the failure to disclose was substantially justified or harmless, [the Court] consider[s] the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009). None of the three factors that the Eleventh Circuit considers, and

which Plaintiffs bear the burden of proving, show substantial justification or harmlessness and all warrant exclusion at trial.

a.   *Non-Disclosing Party's Explanation for Failure to Disclose*

There is no valid explanation for why Plaintiffs disclosed 337 exhibits years after discovery has ended. Plaintiffs may argue they only came into possession of these documents recently, but many are plainly multiple decades old. *See* Otting Decl. ¶ 4. The only explanation for Plaintiffs' failure to timely disclose such trial exhibits is either strategic or due to their own lack of diligence, neither of which is a substantial justification. *Lips*, 350 F. App'x at 340-41. In *Lips*, a party's late disclosure of a 911 call tape which it had in its possession during the litigation but did not produce out of lack of diligence did not provide an adequate explanation for the failure to disclose. *Id.* Accordingly, the Eleventh Circuit affirmed the trial court's decision excluding the evidence at trial under Rule 37(c)(1). *Id.* The same result is warranted here.

Plaintiffs also cannot claim that they were simply "unaware" that the documents are relevant to the claims or defenses, as that is not substantial justification for timely disclosure. *See Debose v. Broward Health*, 2009 WL 1410348, at *5 (S.D. Fla. May 20, 2009) (striking under Rule 37 clearly relevant emails that should have been produced in initial disclosures and rejecting excuse that party was originally "unaware" whether they related to the claims and defenses). Plaintiffs have no justification, let alone a substantial justification, for failing to properly and timely disclose these exhibits. Indeed, Plaintiffs have provided no justification, but rather surreptitiously merely listed most of the exhibits (many with Bates-labels) as though they had been part of discovery all along. As the burden rests with Plaintiffs, the first Rule 37(c)(1) factor weighs in Defendants' favor and toward preclusion.

#### b.   *Importance of the Information Not Disclosed*

As to the second factor on importance of the information not disclosed, the exhibits cannot be that important if Plaintiffs have decided to add them only on the eve of trial. Untimely exhibits whose importance are low weigh toward exclusion under Rule 37(c)(1). *DeRose v. Scottsdale Ins. Co.*, 2022 WL 19829367, at *3 n.4 (S.D. Fla. Nov. 14, 2022).

Here, Plaintiffs have made no showing or argument that these exhibits are important—their delay in disclosing them suggests otherwise.[5] Further, even if they have only now been discovered to be important, that does not excuse the fact that they should have been disclosed in the time and manner required by the Federal Rules. *See Huckelbery v. Orlando Police Dept.*, 2015 WL 1020520, at *2 (M.D. Fla. Mar. 9, 2015) (rejecting late-disclosing party's excuse that they only "became aware of the documents" when preparing for trial even though they were relevant to the claims because they should have been produced as part of the party's "mandatory Rule 26 disclosures"). Accordingly, Plaintiffs cannot satisfy their burden to show the importance of the untimely disclosed documents, and this factor weighs toward exclusion.

#### c.   *Prejudice to Defendants*

Introduction of an exhibit not produced during discovery causes clear prejudice to the opponent given the inability to examine the material or a relevant witness during deposition for the document's content or authenticity. *See Stewart v. Daimler Chrysler Financial Servs. Americas, LLC*, 2008 WL 11333226, at *4 (S.D. Fla. June 19, 2008). The entire purpose of Rules 26 and 37 is to "eliminate surprise and unfairness to the parties and to afford litigants the opportunity to investigate their claims and defenses." *Id.* Information not disclosed during discovery causes parties to "formulate[] a discovery plan that [does] not include depositions" of applicable witnesses on such

---

[5] Nor can Defendants adequately assess the relevance of most of the documents without substantial burden of time and expense, as hundreds are in Spanish with no translation.

undisclosed material, causing substantial prejudice. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2021 WL 246224, at *3 (N.D. Fla. Jan. 25, 2021); *see also DeRose v. Scottsdale Ins. Co.*, 2022 WL 19829367, at *3 (S.D. Fla. Nov. 14, 2022) ("Even if Defendant was not surprised here … Defendant was not afforded an ample opportunity to prepare its counterarguments adequately when it was missing information which the other side would rely on."). Here, Defendants would be unduly prejudiced if these trial exhibits are not struck. Not only were Defendants unable to review these materials in formulating discovery strategy (i.e., depose individuals on the documents or issues therein), but now Defendants must dedicate time in trial preparation to not only understand these documents, but also examine witnesses on them without the benefit of previously sworn testimony. This will create unfair surprise at trial, which is exactly what the Federal Rules are designed to prevent. Accordingly, this factor along with the other factors, weighs toward exclusion of all the untimely disclosed exhibits.

### C. The Court Should Independently Strike and Preclude Plaintiffs from Offering or Referencing at Trial Any of Plaintiffs' Untranslated Spanish-Language Trial Exhibits

Setting aside the fact that the above-referenced exhibits should be precluded as violative of the Court's orders and untimely under the Federal Rules, all of Plaintiffs' untranslated Spanish-language trial exhibits should be excluded for the independent reason that they were offered without English-language translations. *See MKT Reps S.A. DE C.V. v. Standard Chartered Bank Int'l (Americas) Limited*, 2011 WL 13099888, at *5 (S.D. Fla. Nov. 22, 2011) ("Defendant seeks to strike all un-translated Spanish-language exhibits offered by Plaintiff. Because Plaintiff 'has failed to provide certified English-language translations of the more than 1,650 pages of exhibits it intends to use or introduce at trial,' Defendant seeks to strike any such documents…The Court finds that Plaintiff is precluded from introducing any Spanish-language trial exhibits without certified English-language translations.") (citing *United States v. Rivera-Rosario*, 300 F.3d 1, 5, 7

n.4 (1st Cir. 2002)). Further, pursuant to the U.S. District Court for the Southern District of Florida's General Case Filing Requirements, "[d]ocuments not written in English (i.e., foreign language, braille) must be accompanied by a translation, unless a waiver has been granted by the Court." S.D. Fla. Civ. Fil. Req. § 2N. No such waiver has been granted by the Court. Accordingly, the 666 Spanish-language documents with no English translations identified on Plaintiffs' trial exhibit list should all be excluded.

### D. The Court Should Strike and Preclude Plaintiffs from Offering or Referencing at Trial Any Testimony of Plaintiffs' Untimely Disclosed Fact Witnesses Under the Federal Rules of Civil Procedure

#### 1. Plaintiffs' Disclosure of the New Witnesses Violated Rule 26(a) and Rule 26(e).

"Rule 26 is clear—parties must affirmatively disclose witnesses that they may use to support their claims and there exists an ongoing duty to supplement those affirmative disclosures." *Phillips v. Delta Air Lines*, 2021 U.S. Dist. LEXIS 252336, *6 (S.D. Fla. Nov. 18, 2021).

The 29 undisclosed witnesses on Plaintiffs' witness list and the new witness identified in the Notice, are in clear violation of Rule 26 because these witnesses should have been identified during discovery (and even earlier) as individuals "likely to have discoverable information" that "the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1).

As for the 24 witnesses that Plaintiffs disclosed late in discovery, those disclosures were also improper under Rule 26, which requires supplementation to initial disclosures in a "timely manner." Fed. R. Civ. P. 26(e). Plaintiffs' failure to disclose these witnesses until the end of discovery deprived Defendants "of a meaningful opportunity to perform discovery and depositions related to" them.[6] *Nat'l Union Ins. Co. v. All Am. Freight, Inc.*, No. 14-CIV-62262-BLOOM/Valle,

---

[6] In this District, "[p]arty and non-party depositions must be scheduled to occur, and written discovery requests and subpoenas seeking the production of documents must be served in

2016 U.S. Dist. LEXIS 19014, at * 13 (S.D. Fla. Feb. 16) (quoting *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015)). "Supplementing" initial disclosures on the eve of the close of an 18-month (extended only at Plaintiffs' request) fact discovery period, when there was no possibility that the new witnesses could be deposed, demonstrates "an altogether cavalier disregard" for the Federal Rules. *G & G Closed Circuit Events, LLC v. Castillo*, No. 14-C-2073, 2016 WL 3551634, at *7 (N.D. Ill. June 30, 2016) (striking large list of new witnesses on initial disclosures with only three weeks of discovery left, and noting that the duty to supplement in a "'timely manner' has to be read commonsensically if it is to mean anything at all"). Accordingly, all 54 of Plaintiffs' untimely witnesses were disclosed in violation of Rule 26.

### 2.      Rule 37(c)(1) Warrants Preclusion of the New Witnesses.

When "a party fails to…identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that…witness to supply evidence…at trial, unless the failure was substantially justified or is harmless.' Fed. R. Civ. P. 37(c)(1). The Eleventh Circuit considers three factors in determining exclusion of untimely witnesses: "the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party." *Romero*, 552 F.3d at 1321 (citing *Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 780 (11th Cir. 1982)).

### d.      Non-Disclosing Party's Explanation for Failure to Disclose

Plaintiffs had over ten years to investigate facts from the date their Complaint was filed to the close of discovery. Yet, nearly five years after the close of discovery, they now wish to proffer 54 untimely-disclosed fact witnesses.

---

sufficient time that the response is due on or before the discovery cutoff date." S.D. Fla. L.R. 26.1(d). Further, under Local Rule 26.1(h), a deponent is entitled to at least fourteen days' notice before scheduling a deposition outside the State of Florida.

There is no explanation for Plaintiffs' delay in disclosure of the 54 undisclosed or late-disclosed witnesses who now appear on Plaintiffs' witness list. The only new witness accompanied with an explanation was the one in the Notice. But even in the Notice, Plaintiffs offer no proper justification for his late disclosure.  Instead, Plaintiffs mention without any explanation that the new witness "recently decided to give testimony in this case within the last month," that he "was previously unwilling to do so because of his own legal case which is still not finally  closed" and that "now having lost his son" over three years ago allegedly murdered by paramilitaries, "he has decided to testify in this case." Notice at 5-6. Notably, the late disclosed witness excluded in *Romero*, was affirmed by the Eleventh Circuit under strikingly similar facts—the Plaintiffs, who alleged claims for wrongful death against defendant arising out of payments it made to the AUC, sought to admit a late disclosed witness who allegedly "became available as a witness because of dramatic political shifts in Colombia" and who would testify regarding alleged killings. *Id.* at 1309, 1312-13, 1322. Applying the same factors set forth in this Motion, the Eleventh Circuit affirmed the district court's exclusion of the late-disclosed witness. *Id.* at 1321-22.

Nor should Plaintiffs be heard to argue that they believed that they could not secure the witness' testimony because he was reticent to testify. In *Romero*, the Eleventh Circuit held that the district court did not abuse its discretion when it decided not to issue a letter rogatory to obtain the testimony of former paramilitary leader whom plaintiffs had disclosed nine months after the close of discovery because "plaintiffs could not provide a reasonable explanation for their failure to disclose [him] in advance of the discovery deadline, even if it was unlikely that they would have been able to secure his testimony." 552 F.3d at 1322. Thus, Plaintiffs' belief that they could not secure the new witness's testimony is insufficient to excuse not previously disclosing him.

Because Plaintiffs fail to offer any explanation for why this witness or the 53 other

witnesses were not properly disclosed in the time and manner required by the Federal Rules, their failure to disclose is not substantially justified. *Rigby v. Phillip Morris USA, Inc.*, 717 Fed. Appx. 834, 835 (11th Cir. 2017) ("Plaintiffs failed to offer a reason why they could not have discovered earlier and timely disclosed the identities of affiants and the information they possessed.  Thus, the failure to disclose was not substantially justified."); *Romero*, 552 F.3d at 1322 (district court did not abuse its discretion in precluding testimony of late-disclosed witness when plaintiffs lacked a good explanation for the delay in disclosing the witness). The Court should preclude the testimony of all 54 of the untimely witnesses.

### e.    *Importance of the Testimony Not Disclosed*

Plaintiffs must also establish the importance of late-disclosed testimony.  Again, Plaintiffs provide no information at all for the 53 undisclosed and late-disclosed witnesses, let alone why their testimony is important. But even the importance of the testimony of the one witness identified in the Notice is diminished because much of it is hearsay and speculation.  For example, he opines that: "these collaborations and contributions made by Banadex, as well as others, were done voluntarily for the benefit of the company," they "were not forced or done under threat of extortion," and that "Banadex was looking for and received security benefits." Notice at 3. However, he provides no personal knowledge of facts substantiating that opinion.

Also, his relaying of what two purported AUC members told him (Notice at 3) is pure hearsay.  The Notice does not identify any facts supporting any firsthand basis for his speculation that "to his knowledge, [a Banadex employee named] Chaverra spent years in prison due to illegal weapons shipments through the Banadex ports." Notice at 4. The new witness also speculates what the Banadex security department would do with respect to the AUC (Notice at 4) without saying that he himself did it or that he saw other security department members do it or providing any basis for his having any personal knowledge to support the general statements. Similarly, the witness

claims he "was aware that shipments of weapons had come in through Banadex' ports at Zungo (Turbo) and Nueva Colonia, and this was common knowledge" (Notice at 5), which is speculation and hearsay. A district court properly excludes as "not significantly probative" evidence that is based on gossip, common knowledge, and hearsay statements of others. *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 962 (11th Cir. 1997). Indeed, testimony that certain facts were "common knowledge" among shop employees "fails as hearsay." *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291, 295 (5th Cir. 1987); *see also Tipton v. Houston Cty. Bd. of Educ.*, No. 1:17-CV-588-WKW, 2019 U.S. Dist. LEXIS 84701, *23 (M.D. Ala. May 20, 2019) (conclusory allegation of "common knowledge" does not establish actual knowledge); *Pensacola Firefighters' Relief Pension Fund Bd. of Trs. v. Merrill Lynch Pierce Fenner & Smith, Inc.*, No. 3:09cv53/MCR/MD, 2011 U.S. Dist. LEXIS 88648, *8 (N.D. Fla. July 7, 2011) (an assertion of common knowledge is speculative without established facts to prove it).

Where, as here, the late disclosing party "overstate[s] the importance of [the witness]'s testimony because much of it would be excluded as hearsay," a district court does not abuse its discretion in excluding the witness's testimony. *Romero*, 552 F.3d at 1321-22 (affirming exclusion, in case surrounding American company's payments to the AUC in Colombia, where the late-disclosing party "lacked a good explanation for the delay in disclosing" the witness, "part of the explanation was their own lack of diligence," and the late-disclosing party had "overstated" the importance of the testimony "because much of it would have been excluded as hearsay").

### f.      Prejudice to Defendants

Fed. R. Civ. P. 26(a) is designed to prevent exactly what is happening here: trial by ambush. *King*, 2010 U.S. Dist. LEXIS 148398, *4. Defendants would be unduly prejudiced if any of the untimely-disclosed witnesses were permitted to testify because discovery has long been closed and Defendants would not have the opportunity to gather evidence that contradicts the new witnesses'

statements and to depose them before trial on January 16, 2024.  Defendants have not had adequate opportunity to investigate their assertions or develop rebuttal facts and evidence for use at trial. *See, e.g.*, *Jones v. Aaron's, Inc.*, 748 Fed. Appx. 907, 914 (11th Cir. 2018) (affirming district court's striking of declarations first disclosed on last day of discovery because late disclosure of witnesses and their testimony deprived defendant of opportunity to depose or conduct discovery about them, so that the failure to list them in initial disclosures "cannot be said to be harmless"); *King v. Cessna Aircraft Co.*, 2010 U.S. Dist. LEXIS 148398, *5 (S.D. Fla. May 7, 2010) (late disclosure of a witness is not harmless if the case is essentially only awaiting trial).

The Eleventh Circuit has ruled that "prejudice is clear" when defendants are "robbed" of the opportunity to depose a late-disclosed witness and "develop other record evidence to rebut his assertions." *Baxter*, 65 F.4th at 1255. *See Arevalo*, 2022 U.S. App. LEXIS 30922, *18 (depriving party of opportunity to depose late-disclosed witness and prepare rebuttal evidence constitutes prejudice); *Bowe v. Public Storage*, 106 F. Supp.3d 1252, 1260 (S.D. Fla. 2015) ("Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the . . . witness in question.") (quoting *Berryman-Dages v. City of Gainesville Fla.*, 2012 U.S. Dist. LEXIS 47596, *6 (N.D. Fla. Apr. 4, 2012)).

Plaintiffs' tactical ploy would force Defendants to either proceed blindly to trial without the opportunity to depose these witnesses, or re-open discovery for purposes of deposing the witnesses because of Plaintiffs' strategic decision to withhold relevant witnesses until the close of discovery and/or until the eve of trial. *See Lawson v. Plantation Gen. Hosp., L.P.*, No. 08-61826-CIV, 2010 WL 11504835, at *4 (S.D. Fla. May 3, 2010). Moreover, permitting these new witnesses to testify would unnecessarily and unduly prejudice the carefully-structured pretrial and trial schedule this Court established with input of all parties including Plaintiffs.  The upcoming

January and April trials would be unnecessarily delayed to reopen discovery to allow Defendants sufficient time to investigate the new witnesses' allegations, develop rebuttal facts and evidence, depose the 54 witnesses, and investigate the facts those witnesses would testify to. Such additional discovery would undoubtedly raise many of the same discovery disputes that arose before the October 18, 2018 close of discovery and take significant time to complete.

Had Plaintiffs timely disclosed these witnesses, Defendants could have taken their depositions, sought additional documents from the individuals or from Plaintiffs, or adapted their discovery and trial strategy. The aim of the liberal discovery rules is to make trial "less a game of blind man's bluff and more a fair contest." *Fed. Deposit Ins. Corp. v. Cherry, Bekaert & Holland*, 131 F.R.D. 202, 204 (M.D. Fla. 1990) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978)). By not disclosing putatively knowledgeable witnesses until the last minute, Plaintiffs deprived Defendants of those opportunities. Accordingly, all of the factors weigh toward exclusion, and the Court should exclude all the 54 untimely disclosed witnesses under Rule 37(c)(1).

## V.     CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Strike and preclude Plaintiffs from offering or referencing: 1) any of the exhibits listed on Appendices A and C to the Otting Declaration attached to this Motion; and 2) the testimony of any of the witnesses listed on Appendix B to the Otting Declaration attached to this Motion.

Dated: October 12, 2023

Respectfully submitted,

/s/ Michael L. Cioffi
Michael L. Cioffi (*pro hac vice*)
Thomas H. Stewart (*pro hac vice*)
BLANK ROME LLP
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Tel:     (513) 362-8701/04
Fax:     (513) 362-8702/93
Email: michael.cioffi@blankrome.com
          tom.stewart@blankrome.com

Frank A. Dante (*pro hac vice*)
Melissa F. Murphy (*pro hac vice*)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel:     (215) 569-5645
Fax:     (215) 832-5645
Email: frank.dante@blankrome.com
          melissa.murphy@blankrome.com

*Counsel for Defendant,*
*Chiquita Brands International, Inc.* and
*Liaison Counsel for Defendants*

*/s/ Ardith Bronson*
Ardith Bronson (Fla. Bar No. 423025)
DLA PIPER LLP (US)
200 South Biscayne Blvd., Suite 2500
Miami, FL 33131-5341
Tel: (305) 423-8500
Fax: (305) 503-9583
Email: ardith.bronson@dlapiper.com

Charles B. Wayne (pro hac vice)
DLA PIPER LLP (US)
500 Eighth Street, N.W.
Washington, D.C. 20004
Tel: (202) 799-4000
Fax: (202) 799-5517
Email: charles.wayne@dlapiper.com

*Counsel for Defendants, Cyrus Freidheim, Jr. and Robert Kistinger*

*/s/ Ian K. Hochman*
Ian K. Hochman (Fla. Bar No. 121258)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8641
Fax: (212) 728-9641
Email: ihochman@willkie.com

Robert J. Meyer (pro hac vice)
Elizabeth J. Bower (pro hac vice)
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20006-1238
Tel: (202) 303-1123
Fax: (202) 303-2123
rmeyer@willkie.com
ebower@willkie.com

*Counsel for Defendant, John Ordman*

*/s/ Jeffrey A. Neiman*
Jeffrey A. Neiman (Fla. Bar No. 544469)
MARCUS NEIMAN & RASHBAUM
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, FL 33394
Tel: (954) 462-1200
Fax: (954) 688-2492
Email: jneiman@mnrlawfirm.com

Elissa J. Preheim (*pro hac vice*)
ARNOLD PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 952-5999
Email: elissa.preheim@arnoldporter.com

*Counsel for Defendant Robert Olson*

*/s/ Alan B. Rose*
Alan B. Rose (Fla. Bar No. 961825)
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 South Flagler Drive, Suite 600
West Palm Beach, Florida 33401
Tel: (561) 655-2250
Fax: (561) 655-5537
Email: arose@mrachek-law.com

David S. Krakoff (pro hac vice)
Bradley A. Marcus (pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE
LLP
2001 M St. NW, Suite 500
Washington, DC 20036
Tel: 202-349-8000
Email: dkrakoff@orrick.com
bmarcus@orrick.com

*Counsel for Defendant Charles Keiser*

_/s/ Dimitri D. Portnoi_
Dimitri D. Portnoi (pro hac vice)
O'MELVENY & MYERS LLP
400 S. Hope Street, 18th Floor
Los Angeles, CA 90071
Tel.:   (213) 430-7699
Email: dportnoi@omm.com

K. Lee Blalack, II (pro hac vice)
Anton Metlitsky (pro hac vice)
O'Melveny & Myers LLP
1625 Eye Street N.W.
Washington, D.C. 20006
Tel.:   (202) 383-5300
Fax:   (202) 383-5414
Email: lblalack@omm.com
ametlitsky@omm.com

_Counsel for Carla M. Hills, as the_
_Personal Representative of the_
_Estate of Roderick M. Hills, Sr._

_/s/ John B.T. Murray, Jr._
John B.T. Murray, Jr. (Fla. Bar 962759)
Gunster Yoakley & Stewart, P.A.
777 South Flagler Drive, Ste. 500 East
West Palm Beach, Florida 33401
Tel: (561) 650-0600
Email: jbmurray@gunster.com
_Counsel for Defendant William Tsacalis_

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed this document with the Clerk of the Court using

CM/ECF on October 12, 2023, which will automatically generate and serve Notices of Electronic

Filing on all counsel of record.

/s/ Michael L. Cioffi
*Counsel for Defendant,*
*Chiquita Brands International, Inc.*
