UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-MD-01916-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Document Relates to:

**ATS ACTIONS:**

17-80547-CIV-MARRA (Does 1-205 Ohio Action)
17-80323-CIV-MARRA (Does 1-205 Florida Action)
20-82222-CIV-MARRA (Jane Doe 24 Florida Action)
21-60058-CIV-MARRA (Jane Doe 24 Ohio Action)
_____/

**CONSENT MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL**

With the Individual Defendants' consent, Plaintiffs in the above-captioned actions move to extend the time in which to appeal the Court's November 16, 2023, amended final judgment in these actions, DE 3519. Plaintiffs ask that the time to file a notice of appeal be extended to January 19, 2024, or five court days after the granting of this motion.

As noted in its grant of partial final judgment with respect to claims under the Torture Victim Protection Act (TVPA), this Court ruled that immediate "appellate review of this judgment will assist in guiding this Court and the parties in how to proceed with the remaining claims." DE 3469 at 2; DE 3519 at 2. However, a series of events has complicated the appellate process, putting immediate appellate review in jeopardy. In order to put any concerns about appellate jurisdiction to rest, Plaintiffs seek to file an additional notice of appeal from the November 16 amended judgment.

**BACKGROUND**

The Court's original final judgment, issued on September 13, omitted some of the Individual Defendants from the order. DE 3469 at 1. Unaware of this issue, Plaintiffs filed their notice of

appeal on October 10. DE 3477. The next day, October 11, counsel for the Individual Defendants contacted Plaintiffs' counsel alerting to the omission of two Individual Defendants.

If Defendants' counsel had noticed this error a day earlier, it could have been corrected with the filing of a Rule 59(e) motion to amend the judgment. But such motions must be filed within 28 days of the judgment – a period that expired on October 11 – and Defendants did not file their motion until October 13, so they had to proceed with a Rule 60(a) motion to correct the final judgment, to which Plaintiffs consented. DE 3484. And since the notice of appeal had divested the Court of jurisdiction to consider that motion, Defendants had to file their motion under Rule 62.1 and also request a limited remand from the Court of Appeals. The Court of Appeals granted that limited remand on November 16, DE 3526, and the Court then moved expeditiously to vacate the original judgment, DE 3518, and issue an amended final judgment, DE 3519, on the same day.

The parties assumed this had addressed the issue, but yesterday, the Court of Appeals issued a briefing order regarding potential jurisdictional questions. *See* Exhibit A. Although it is not entirely clear, the Court of Appeals may be concerned that because the Court vacated the original judgment from which the appeal was taken, Plaintiffs' notice of appeal was no longer valid. Again, this would not have been an issue if the amended judgment was issued pursuant to a Rule 59(e) motion; Federal Rule of Appellate Procedure 4(a) provides that if a party appeals from a judgment, and the Court then disposes of a Rule 59 motion, "the notice becomes effective . . . when the order disposing of the last such remaining motion is entered." Fed. R. App. Proc. 4(a)(4)(B)(i).[1] But since the amended judgment was issued pursuant to a Rule 60 motion filed 30 days after judgment, its effect on the prior notice of appeal is uncertain.

The end result of this is that appellate jurisdiction to decide the TVPA claims is less secure

---

[1] This would also be true for a Rule 60 motion filed within 28 days of judgment. *See* Fed. R. App. Proc. 4(a)(4)(A)(vi). But Rule 60 motions filed beyond that point are apparently not included.

2

than the parties, and the Court, intended.

## ARGUMENT

Plaintiffs believe that their original notice of appeal remains effective. Out of an abundance of caution, however, Plaintiffs seek to file a new or amended notice of appeal that would put to rest any jurisdictional concerns. While such a notice of appeal is not currently timely, the Court has authority to extend the time to file the notice of appeal.

This Court "may extend the time to file a notice of appeal" if a motion is filed "no later than 30 days after" the ordinary time to appeal expires, and the movant "shows excusable neglect or good cause." Fed. R. App. Proc. 4(a)(5)(A). Here, the motion is timely. The Court's amended final judgment, DE 3519, was issued on November 16; the ordinary 30-day period for the notice of appeal, Fed. R. App. Proc. 4(a)(1)(A), ended on December 16, 2023, and 30 days past that is January 15, 2024.

The motion is also supported by good cause. The unusual sequence of events leading to the amended final judgment, with the omissions in the original judgment and the Defendants seeking corrections via Rule 60 rather than Rule 59, was not Plaintiffs' fault; indeed, Plaintiffs cooperated with Defendants' effort to correct the judgment. Defendants certainly did not intend, by filing their motion, that they would vitiate the notice of appeal, nor did the Court intend that by amending its judgment, it might eliminate the benefits of immediate appeal that led to the Rule 54(b) certification in the first place. Plaintiffs were unaware, until yesterday's issuance of the jurisdictional questions, that there was any potential issue with appellate jurisdiction. At best, this sequence of events created confusion over whether a new or amended notice of appeal was required, which constitutes good cause. *E.g.*, *Rollins v. Reed*, No. 1:08cv33-MHT (WO), 2010 U.S. Dist. LEXIS 61219, at *8 n.5 (M.D. Ala. June 17, 2010) (citing *Bennett v. City of Holyoke*, 362 F.3d 1, 5 (1st Cir. 2004)).

Alternatively, an extension is warranted due to excusable neglect. This standard considers

3

"'the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Walter v. Blue Cross & Blue Shield United*, 181 F.3d 1198, 1201 (11th Cir. 1999) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993) (alteration added by *Walter*)). Here, these factors militate in favor of such a finding. There is no prejudice to the Defendants; indeed, they have consented to this relief. There is minimal delay here, and denying the ability to appeal at this point would work greater inefficiencies on the proceedings before this Court. The reason for the delay is due to the unusual course of events here, in which a late-filed Rule 60 motion, rather than a typical Rule 59(e) motion, was used to correct a judgment. And Plaintiffs obviously acted in good faith; they initially filed a timely notice of appeal, and cooperated with Defendants in correcting the Court's judgment.

In a similar case where a party initially filed a notice of appeal, but then "failed to renew its notice of appeal" after an amended judgment was issued, the Eleventh Circuit found that an extension was warranted due to excusable neglect. *Cannabis Action Network, Inc. v. City of Gainesville*, 231 F.3d 761, 765 (11th Cir. 2000).[2] Noting that "the post-judgment history of this case has been confusing" in a situation where the appellant had filed an initial notice of appeal, but because the appellee "filed a motion to amend, this initial notice was rendered premature, and therefore, ineffective," the Eleventh Circuit affirmed the district court's finding of excusable neglect. *Id.* at 767-68.[3]

---

[2] *Vacated and remanded on other grounds, City of Gainesville v. Cannabis Action Network, Inc.*, 534 U.S. 1110 (2002).

[3] *Cannabis Action Network* suggested that only the "excusable neglect," and not the "good cause," standard applies to motions filed after the original notice of appeal deadline has passed. 231 F.3d at 766. This relied on an interpretation of the Advisory Committee's notes on Rule 4 of the Federal Rules of Appellate Procedure. *Id.* However, the 2002 Amendments to Rule 4 clarified that this was a misinterpretation: "A motion for an extension filed prior to the expiration of the original deadline

Failing to grant an extension to file a new or amended notice of appeal would risk that the legal issues relating to the TVPA claims would not be decided until after complete final judgment in these cases, whenever that might be. That would undermine the Court's purpose in certifying the partial final judgment under Rule 54(b).

Counsel for the Individual Defendants have indicated, by email, that they consent to the relief requested in this motion.

Thus, Plaintiffs request that this Court extend the time to file a new or amended notice of appeal from the November 16, 2023, amended final judgment, up to and including January 19, 2024, or five days from the Court's granting of this motion, whichever is later.

Dated: January 11, 2024                                 Respectfully submitted,

                                                        s/ Marco Simons
                                                        Marco Simons
                                                        **EarthRights International**
                                                        1612 K Street N.W., Suite 401
                                                        Washington, D.C. 20006
                                                        Tel: 202-466-5188
                                                        Fax: 202-466-5189

                                                        *Counsel for Plaintiffs*

---

may be granted if the movant shows either excusable neglect or good cause." Fed. R. App. Proc. 4(a)(5)(A)(ii) adv. comm. note to 2002 amendment.