UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-MD-01916-MARRA/MATTHEWMAN

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Document Relates to:
_____/

**ATS ACTIONS**
_____/

07-60821-CIV-MARRA (*Carrizosa*)
08-80421-CIV-MARRA (N. J. Action) (*Does* 1-11)
08-80465-CIV-MARRA (D.C. Action) (*Does* 1-144)
08-80508-CIV-MARRA (*Valencia*)
08-80480-CIV-MARRA (*Manjarres*)
10-60573-CIV-MARRA (*Montes*)
17-81285-CIV-MARRA (D.C. Action) (*Does v. Hills*)
18-80248-CIV-MARRA (*John Doe 1*)
_____/

**EMERGENCY MOTION OF DEFENDANT
TO ENFORCE LOCAL RULE 77.2**

On Saturday afternoon, March 30, 2024, Defendant Chiquita Brands International, Inc. ("Chiquita") first learned of a proposed "webinar" that will likely taint the Bellwether One jury pool and interfere with a fair trial of this action. Specifically, counsel for Chiquita learned that EarthRights International, counsel for Bellwether One Plaintiffs Victor Palencia Gomez and Elvia Rosa Gomez Urrego ("New Jersey Plaintiffs"), intends to present a Zoom webinar[1] titled the

---

[1] Importantly, EarthRights' scheduled webinar will be transmitted across the internet via Zoom and can be viewed anywhere in the world, including by media and potential jurors in this case. In fact, the potential harm to Chiquita and to a fair trial is virtually unlimited because the webinar can be recorded and transmitted to anyone, anywhere, in perpetuity.

1

"Truth about Chiquita," wherein it intends to hold a "conversation on the upcoming trial against Chiquita," on Wednesday, April 3, 2024. At this "webinar," scheduled a mere three weeks before the first Bellwether trial, Plaintiffs' counsel intends to discuss such inflammatory and prejudicial topics as "Chiquita Banana's Violent Legacy," and to improperly present to the public their misguided allegations that Chiquita "secretly and routinely funded" the AUC to "maximize Chiquita's profits"—assertions that are clearly disputed issues falling squarely to the jury to decide at trial. *See* Screenshot of Webinar Advertisement on EarthRights International's website, attached hereto as Exhibit A; Screenshot of Zoom Registration, attached hereto as Exhibit B. In EarthRights' own words, "families of victims represented by EarthRights are taking Chiquita to court in April 2024" and this webinar will be a "conversation on the upcoming trial against Chiquita and what this means for the people of Colombia." *See* Ex. B.

This webinar is advertised on EarthRights International's website and is open to the public.[2] This public webinar is exactly the type of prejudicial, extrajudicial statement prohibited by Southern District of Florida Local Rule 77.2(g), which provides:

> A lawyer or law firm associated with a civil action shall not during its investigation or litigation make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, which a reasonable person would expect to be disseminated by means of public communication if there is a reasonable likelihood that such dissemination will interfere with a fair trial and which relates to:
>
>    (1) Evidence regarding the occurrence or transaction involved.
>
>    (2) The character, credibility, or criminal record of a party, witness, or prospective witness.
>
>    (3) The performance or results of any examinations or tests or the refusal or failure of a party to submit to such.

---

[2] EarthRights' webinar advertisement and registration can be accessed at: https://earthrights.org/chiquita-rsvp/.

2

>   (4) The lawyer's opinion as to the merits of the claims or defenses of a party, except as required by law or administrative rule.
>
>   (5) Any other matter reasonably likely to interfere with a fair trial of the action.

S.D. Fla. L.R. 77.2(g). Relief under Rule 77.2 is plainly warranted here. EarthRights' own description of the webinar suggests that Plaintiffs' counsel will be discussing, at minimum, "*evidence* regarding the occurrence or transaction involved"; "the *character, credibility, or criminal record of a party*, witness, or prospective witness"; "the *lawyer's opinion as to the merits of the claims or defenses of a party*, except as required by law or administrative rule"; or "other matter[s] reasonably likely to interfere" with the upcoming Bellwether One trials. *See* S.D. Fla. L.R. 77.2(g) (emphasis added). Indeed, not only will counsel be improperly *discussing* the trial, it is evident by the inflammatory description of the webinar that counsel intend to disseminate one-sided and biased propaganda to the public, including to the media and possibly potential jurors, shortly before trial, which could easily poison the jury pool against Defendant Chiquita. Even the name of the webinar, "Chiquita Banana's Violent Legacy," is prejudicial and appears intended to influence the outcome of the trial.

Accordingly, the Court should, as it has done in other cases, order Plaintiffs' counsel to cease all public statements in violation of Local Rule 77.2. *See* Order Granting Defendant's Request for Emergency Relief (under Local Rule 77.2), DE 151 in Case No. 13-20571-DLG, *Terry, et al. v. Carnival Corp.* (S.D. Fla. December 18, 2013); *see also Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1355 (S.D. Fla. 2000) (instructing counsel that the court "will strictly enforce Local Rule 77.2(a)(7) [current Rule 77.2(g)] in this case, and that they are expected to scrupulously comply with both the letter and the spirit of the Rule. Violations of the Rule will subject offending counsel to the institution of contempt proceedings by this Court.").

Given the close proximity to trial, there is a reasonable likelihood that statements made during this open-to-the-public webinar could result in media broadcasts or other publications that may taint the jury pool and interfere with a fair trial. Thus, Chiquita specifically requests that the Court issue an order precluding EarthRights from holding the scheduled webinar. Chiquita further requests that the Court order Plaintiffs' counsel to provide a list of all individuals who were invited to or registered for the "Truth about Chiquita" webinar (including the zip code associated with any registrant's registration) and a list of all other public communications or statements that Plaintiffs' counsel have issued, or participated in, in the past six months that concern Chiquita or the upcoming trials. This information is necessary so that the Court and Chiquita can determine if the jury pool has been tainted already by the dissemination of the webinar description or other public communications. Lastly, the Court should also issue an order prohibiting all counsel participating in this MDL, and anyone associated with counsel's law firms or organizations, from making or participating in any further public extrajudicial statements about the MDL or the upcoming Bellwether One trials in violation of Local Rule 77.2(g).

Given that EarthRights International's webinar on the "Truth about Chiquita" is scheduled to take place on Wednesday, April 3, 2024 at 1:00PM Eastern Time (within seven days of the filing of this motion) and that Chiquita would be subject to irreparable harm if any of EarthRights' statements are disseminated to potential jurors for the Bellwether One trials, Chiquita has styled this motion as an emergency motion and respectfully requests a ruling by Tuesday, April 2, 2024 at 5:00PM Eastern Time.

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide

4

meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.[3]

Dated: April 1, 2024              Respectfully submitted,

/s/ Michael L. Cioffi
Michael L. Cioffi (*pro hac vice*)
Thomas H. Stewart (*pro hac vice*)
BLANK ROME LLP
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Tel:   (513) 362-8701/04
Fax:   (513) 362-8702/93
Email: michael.cioffi@blankrome.com
       tom.stewart@blankrome.com

Frank A. Dante (*pro hac vice*)
Melissa F. Murphy (*pro hac vice*)
Blank Rome LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel:   (215) 569-5645
Fax:   (215) 832-5645
Email: frank.dante@blankrome.com
       melissa.murphy@blankrome.com

*Counsel for Defendant,*
*Chiquita Brands International, Inc.* and
*Liaison Counsel for Defendants*

---

[3] As noted above, Defendant learned of the webinar on Saturday afternoon and Sunday was Easter. The webinar is scheduled for 1:00PM on Wednesday, April 3, 2024, leaving only two working days to complete briefing, hold a Zoom hearing if the Court desires, and render a decision before the webinar begins. Given the short time before the scheduled webinar, and the emergency nature of the relief sought, consultation with New Jersey Plaintiffs' counsel (EarthRights) before filing this Motion seeking to preclude the webinar would have been futile. *See Mansour v. Mansour*, 2020 U.S. Dist. LEXIS 4760, *16 (S.D. Fla. Jan. 9, 2020) (given the discretionary language in S.D.L.R. 7.1(a)(3), the moving party's futility argument, and nonmoving party's position, motion for relief should not be denied for failure to consult prefiling). The injunctive nature of the relief sought is also exempt from Local Rule 7.1(a)(3)'s "meet and confer" requirement.

5

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with the Clerk of the Court using CM/ECF on April 1, 2024 which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

>*/s/ Michael L. Cioffi*
>*Counsel for Defendant Chiquita*
>*Brands International, Inc.*