UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-MD-01916-MARRA/MATTHEWMAN

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

_____/

This Document Relates to:

**ATS ACTIONS:**

07-60821-CIV-MARRA (Carrizosa Action)
08-80421-CIV-MARRA (NJ Action)
08-80465-CIV-MARRA (Does 1-144/Perez 1-795 Action)
08-80480-CIV-MARRA (Manjarres Action)
08-80508-CIV-MARRA (Valencia Action)
10-60573-CIV-MARRA (Florida Montes Action)
11-80404-CIV-MARRA (Does 1-677 Action)
17-80535-CIV-MARRA (Ohio Montes Action)
17-80475-CIV-MARRA (Does 1-2146 Action)
18-80800-CIV-MARRA (Does 1-144/Perez 1-795 Action)
18-80248-CIV-MARRA (NJ Action)

_____/

## DEFENDANT'S NOTICE OF AGENDA AND ISSUES FOR DISCUSSION AT PRETRIAL CONFERENCE SET FOR APRIL 9, 2024

In an effort to streamline proceedings at the upcoming April 9, 2024 Pretrial Conference and assist the Court in efficiently addressing all outstanding issues requiring resolution prior to trial, Defendant hereby respectfully submits a proposed list of issues for discussion at the Pretrial Conference. Defendant sent this notice to Plaintiffs at 7:58 PM today, following two earlier email exchanges, and Plaintiffs responded at 9:40 PM with the email attached as Exhibit A. The emails of today are attached in chronological order in Exhibit A.

A. **Outstanding Filings to Be Resolved**

Below is a list of filings that require Court resolution prior to trial:

1. DE 3489 – Non-Wolf Plaintiffs' Motion in Limine to Admit Certain Evidence and to Prohibit Other Evidence

2. DE 3488 – Non-Perez, Non-Wolf Bellwether 1A Plaintiffs' Conditional Motion to Sever Trial

3. DE 3586 – Defendant's Response to Plaintiffs' Rule 1006 Summaries of Oliver Kaplan

4. DE 3587 – Defendant's Response to Plaintiffs' Rule 1006 Summary Charts

5. DE 3617- Defendant's Notice of Supplemental Evidence and Authority Concerning Witness Payments

B. **Clarification of DE 3609 Regarding Plaintiffs' Witnesses**

Chiquita seeks clarification as to the Court's Order (DE 3609) wherein the Court stated that only Plaintiffs' witnesses "who were disclosed before the fact discovery deadline" are permitted to testify at trial. *See* DE 3609 at 1. In DE 3610, the Court ruled that only Defendants' witnesses that were formally disclosed in response to interrogatories are permitted to testify, and that other individuals who had been disclosed before the fact discovery deadline but not through responses to interrogatories (i.e.- that were disclosed in documents produced in discovery or through deposition testimony of other witnesses) were precluded from testifying. *See* DE 3610. Chiquita assumes that, logically, the same rule applies reciprocally to Plaintiffs' witnesses; that is, only Plaintiffs' witnesses formally disclosed in initial disclosures and responses to interrogatories before the fact discovery deadline may testify at trial. For avoidance of any doubt, Defendant respectfully requests that the Court clarify and confirm that this understanding is correct.

C. **Additional Deficiencies with Plaintiffs' Witness List**

Defendant requests that Plaintiffs be ordered to produce by April 12, 2024, an updated witness list that removes the individuals stricken by DE 3609 as well corrects the following deficiencies:

2

1. Plaintiffs listed the following BW1A witnesses but did not indicate whether they "expect" to call them or "may" call them. To the extent these individuals are not able to appear live at trial, they should be withdrawn or stricken:

    i. Ariellys Villa Hoyos
    ii. Diana Villa Hoyos
    iii. Leopoldo Villa Maza
    iv. Luis Anibal Villa Correa
    v. Fabio Alberto Villa Quintero
    vi. Norela Patricia Villa Quintero
    vii. Luz Marina Villa Correa

2. Plaintiffs list witnesses as potentially appearing "live or by zoom" but there is no zoom option available for witness testimony.[1] In DE 3594, Plaintiffs agreed that "witnesses that have not been deposed cannot appear by videoconference, and therefore cannot testify unless they can appear live" and further repeated that "[Plaintiffs] do not intend to present witnesses by videoconference. If witnesses have not been deposed, they must appear live." Accordingly, if any of the following witnesses cannot appear live, they should be withdrawn or stricken from the witness list:

    i. Alba Ciris Obregon Ibarguen; Alberto Antonio Florez Ibarra; Aleida Yohana Florez Ibarra; Alirio Uribe Muñoz; Amado Julio Santero Padilla; Ana Brand Aguirre; Breider Steiner Santero Obregon; Darío Fajardo; Diana Patricia Florez Ibarra; Gilma Rosa Ibarra; Gloria Cuartas; Hellen Jhoanna Santero Obregon; Irma Ester Villa Correa; Jhon Antonio Florez Ibarra; Jorge Ivan Villa Quintero; Jose Luis Ramirez Valverde; Kenedy de Jesus Florez Ibarra; Leonel Areiza Tamayo; Luz Dary Florez Ibarra; Maria Georgina Florez; Marielly Molina; Martha Cecilia Villa Correa; Misael Antonio Florez Ibarra; Nibia Estela Villa Correa; Oliva Florez Ibarra; Orfa Nelly Florez Ibarra; Paula Arias; Pedro Octavio Munar Cadena; Sandra Milena Florez Ibarra; Silvia Berrocal.

3. Plaintiffs improperly list Rule 44.1 experts on their witness list to be called at trial but legal issues are to be resolved by the Court, not the jury. Two of the Plaintiffs' experts, Pedro Octavio Munar Cadena and Camilo Sanchez Leon, were stricken by DE 3609. The following remaining 44.1 witnesses should also be withdrawn or stricken:

    i. Jaime Alberto Arrubla Paucar
    ii. Paula Arias

---

[1] Indeed, many of these witnesses were noticed for deposition and Plaintiffs failed to produce them because they were unable to travel to the United States to appear for depositions. Because they cannot appear live in the United States, and did not do so for their depositions, they should be stricken from Plaintiffs' witness list.

3

      iii. Pablo Rueda-Saiz

### D. Additional Deficiencies with Plaintiffs' Exhibit List

For the ease of both the Court and the Parties, Plaintiffs should be required to submit an amended exhibit list that conforms to the Court's Order striking exhibits that were untimely disclosed and corrects the many other deficiencies that are impeding Chiquita's ability to adequately prepare for trial. Accordingly, Defendant requests that Plaintiffs be ordered to provide a final exhibit list that removes all stricken exhibits as well as all duplicate exhibits by April 12, the deadline by which Plaintiffs must produce any additional timely-produced, translated exhibits they intend to use at trial. To the extent there is any discrepancy between the exhibit produced by Plaintiffs and the exhibit identified on Plaintiffs' final exhibit list, Defendant's will rely on the document identified on Plaintiffs' list.

### E. Depositions Recently Taken In Colombia

In accordance with the Court's Order granting Plaintiffs' Motion to Present Third-Party Witnesses Via Videoconference at Trial or, in the Alternative, For Leave to Take Trial Depositions (DE 3482) and the Carrizosa Plaintiffs' Joinder (DE 3528), thirteen depositions were taken in Bogota, Colombia between January 31, 2024 and March 1, 2024. The following issues need to be addressed with respect to these depositions and witnesses:

1. Validity of oath taken by witnesses. *See* Oviedo Pascual Nunez Cabrales Trial Dep. at 8:5-9:19; Carlos Manuel Bello Arrieta Trial Dep. at 8:21-10:17; 12:8-16.

    i. Perjured testimony. *Compare* Janeth Rivera Vargas Trial Dep. at 7:16–22, *with id.* at 36:3–38:4; *compare* 2024 Nini Johana Molina Rivera Trial Dep. Tr. at 7:10–18, *with* Nini Molina 2018 Dep. at 41:18–20.

4

**F. Defendant's Notice of Supplemental Evidence and Authority Concerning Witness Payments**

Chiquita maintains that it has the right to call Terry Collingsworth and others as witnesses at trial. If the Court permits their testimony, Chiquita requests that the Court issue an order compelling their attendance at trial.

**G. Voir Dire**

Rulings as to questions that the Court will ask the panel and the questions that the Court will permit counsel to ask the panel.

**H. Court's Resolution of Disputed Issues of Law**

1. Plaintiffs incorrectly assert that there are multiple theories of liability when only negligence-style claims survived summary judgment. Negligence per se and conspiracy are not viable claims for trial.

2. Determination of which law governs the causation element of Plaintiffs' claims (Colombian law, Florida law, or Federal Law).

3. With respect to the claim of hazardous activity, the Court's ruling in DE 3628 earlier today significantly prejudices Chiquita's ability to defend itself at trial. Chiquita reasonably relied on the Court's statement issued in DE 3239 that the cases "shall proceed on only the remaining negligence-style Colombian law claims." Accordingly, Chiquita has prepared to defend only those claims, conforming its evidence and preparing for trial on that basis - that only negligence claims would be tried. In fact, all of the pretrial activity over the last sixteen months since DE 3239 (motions in limine, *Daubert* arguments, exhibits, witnesses, deposition designations, recent trial depositions) has proceeded on the basis that only negligence-style claims were being tried. DE 3628 interjects a completely different claim which, in fact, is the opposite of a negligence claim. If the Court intends that the case proceed on this issue in addition to the negligence issue, not only does the Defendant need more time to prepare but a plethora of other problems arise. For example, only three of the ten Bellwether 1A cases plead hazardous activity. Therefore, if the Court finds at the end of Plaintiffs' case that Defendant's conduct constitutes hazardous activity, then a different set of instructions would need to be given regarding the three cases it applies to and the remaining seven cases would be instructed about the standards for the negligence claims only. Those instructions would not only be different, they would conflict leading to mass confusion of the jury.

> There can be no dispute that whether a defendant engaged in a hazardous activity is a question of law for the Court to decide. Because the Court will proceed to rule on this issue on a Rule 50 motion argued out of the presence of the jury, the Plaintiffs may not argue, mention, or refer to Chiquita's conduct as hazardous activity and all references to hazardous activities must be stricken from the jury instruction until the Court rules. This position is clearly supported and the proper result under the Restatement (Second) of Torts. This Section in part provides:
>
>> Whether the activity is an abnormally dangerous one is to be determined by the court, upon consideration of all the factors listed in this Section, and the weight given to each that it merits upon the facts in evidence. In this it differs from questions of negligence. Whether the conduct of the defendant has been that of a reasonable man of ordinary prudence or in the alternative has been negligent is ordinarily an issue to be left to the jury. … The imposition of strict liability, on the other hand, involves a characterization of the defendant's activity or enterprise itself, and a decision as to whether he is free to conduct it at all without becoming subject to liability for the harm that ensues even though he has used all reasonable care. This calls for a decision of the court; and it is no part of the province of the jury to decide whether an industrial enterprise upon which the community's prosperity might depend is located in the wrong place or whether such an activity as blasting is to be permitted without liability in the center of a large city.
>
> Restatement (Second) of Torts § 520, cmt. l.  Florida follows the Restatement of Torts on this issue. *Great Lakes Dredging & Dock Co. v. Sea Gull Operating Corp.*, 460 So.2d 510, 512 (Fla. 3d DCA 1984) ("Florida courts have adopted the doctrine of strict liability for ultrahazardous or abnormally dangerous activity as established by *Rylands v. Fletcher* . . . and reformulated by the [Restatement].").
>
> Consistent with the Restatement, Plaintiffs should be precluded from arguing or mentioning to the jury that Defendant's conduct was a hazardous activity unless and until the Court decides this question of law.

### I. Jury Instructions and Verdict Sheet

The Parties submitted proposed jury instructions and verdict sheets on February 29, 2024, along with each party's objections thereto.  *See* DE 3575.  Among the disputed issues is which individuals may recover damages. Defendant's position is that only plaintiffs who prosecuted their claims and survived summary judgment are eligible to recover damages. Other family members

6

who are not parties to the case and/or did not prosecute their claims through summary judgment cannot be listed on the verdict sheet as eligible to recover monetary damages.[2]

1. Cristian David Durango Gomez
2. Maria Palencia Sibaja*
3. Karina del Pilar Palencia Castillo*
4. Gisel Palencia Castillo*
5. Roberto Cardona Munoz
6. Yesenia Cardona Munoz*
7. Angel Maria Restrepo Torres
8. Edilson Restrepo Torres
9. Luis Arnoldo Restrepo
10. Nelson De Jesus Restrepo
11. Neyla Lucia Restrepo
12. Suleima Jhoanna Restrepo
13. William Restrepo
14. Ameira Restrepo Torres*
15. Alba Sandrith Jinete Polo*
16. Jose Gregorio Jinete Polo*
17. Harold David Jinete Polo*
18. Genei Cecilia Salas Redondo
19. Britney Carolina Fontalvo Sanchez
20. Yuleidys Rodriguez Mora
21. Yaneris Rodriguez Mora
22. Zuleima Rodriguez Mora
23. Irma Ester Villa Correa
24. Jorge Ivan Villa Quintero
25. Martha Cecilia Villa Correa
26. Nibia Estela Villa Correa
27. Rubiela Villa Hoyos*
28. Lina Maria Berdugo Lechuga*

An asterisk indicates that this individual was not deposed during discovery and is also not listed on Plaintiffs' trial witness list. Rubiela Villa Hoyos is listed on Plaintiffs' witness list as being presented by deposition only but she was not deposed in discovery.

---

[2] Chiquita reserves the right to raise issues specific to the Bellwether 1B cases at the appropriate time before the July trial. For instance, Plaintiffs also improperly seek to include nonparties on the BW1B verdict sheet.

7

**J. Trial Plan and Procedures for Trial Disclosures**

1. **Original Proposal:** Date by which Plaintiffs will disclose the order in which the Bellwether 1A cases will proceed at trial. Defendant proposes April 1, 2024.

    i. **Plaintiffs' Response**: To the extent this proposal is intended to suggest that the consolidated bellwether 1A cases shall be presented separately in their entirety in sequence, the plaintiffs reject that proposal. Much of the evidence in the consolidated bellwether 1A cases will overlap, particularly as to liability issues. Plaintiffs recognize the logic of focusing separately on damage claims arising out of separate deaths and, therefore, anticipate presenting together, most if not all family members with claims arising out of a single death. Nevertheless, Plaintiffs will not voluntarily commit to a requirement to do so as scheduling issues may require a deviation from that intention. Also, a group of different decedent's relatives' testimony may be followed by general liability fact witnesses and experts. To that extent, the separate consolidated cases will not be tried in sequence, and the plaintiffs reject any obligation to disclose their order of proof, except as reflected below.

    ii. **Chiquita's Reply:** Plaintiffs' refusal to disclose the order in which the Bellwether 1A cases will proceed at trial impedes trial planning and trial manageability. More generally, Plaintiffs' refusal to disclose the order of their witnesses is also inconsistent with what Plaintiffs' counsel agreed to in another matter before Judge Marra. *See Cotromano et al. v. Raytheon Techs. Corp.*, 9:13-cv-80928 MARRA, at D.E. 767-4 ¶ 1 (S.D. Fla. June 28, 2022). In *Raytheon*, it was originally stipulated that the entire order of plaintiffs' witnesses would be disclosed on 1/14/2022 at a time when trial was set for 1/18/2022. When trial was rescheduled for 1/24/22, plaintiffs disclosed the order of their 37 witnesses six days earlier on 1/18/22. *Id*. D.E. 745. Notably, when trial was then postponed to 7/5/22, the updated order of plaintiffs' witnesses was filed on 6/3/22—over a month before the start of trial. *Id*. D.E. 763. At the pretrial conference in the Raytheon matter, Mr. Scarola made clear: "we will continue to work with opposing counsel to provide as accurate information as we can about who will be called and the order at which they will be called." *Id*. D.E. 702 at 113:7-11. Chiquita's proposal is reasonable and consistent with what Plaintiffs' counsel has already agreed to in trials before Judge Marra.

2. **Original Proposal:** Date by which Plaintiffs will disclose the order of witnesses that will be called by Plaintiffs at trial and the form of their testimony (live or by deposition designation). Defendant proposes April 1, 2024.

8

    i. **Plaintiffs' Response:** Plaintiffs will notify the defendant of the order in which they intend to call witnesses, and the form in which testimony will be presented, two days before a witness is called – assuming the defendant makes a reciprocal commitment.

    ii. **Chiquita's Reply:** *See* Reply to 1 above. In *Raytheon*, plaintiffs' counsel agreed to disclose the order of all of their witnesses before trial started. Plaintiffs' proposal here, to only disclose witnesses on a witness-by-witnesses basis and only two days before their individual testimony, is not consistent with the approach Plaintiffs' counsel agreed to in *Raytheon* and is entirely unreasonable given the length of the trial and the number of witnesses.

3. **Original Proposal:** Date by which Defendant will disclose the order of witnesses that will be called by Defendant at trial and the form of their testimony (live or by deposition designation). Defendant proposes within 24 hours of Plaintiffs' notice to Defendant that Plaintiffs reasonably anticipate their case in chief resting within 48 hours.

    i. **Plaintiffs' Response:** See #2. Plaintiffs note that the defense is requesting 3 weeks advance notice of the Plaintiffs' order of proof and in return offers one day notice of its order of proof.

    ii. **Chiquita's Reply:** Plaintiffs' suggestion that Chiquita's proposal is not reciprocal is inconsistent with what plaintiffs agreed to in *Raytheon*. In *Raytheon*, as discussed above, plaintiffs agreed to disclose their order of witnesses prior to trial and agreed that defendants were to disclose their order of witnesses within 24 hours after plaintiffs were to inform defendants that they would rest their case in chief in two days. *See Cotromano et al. v. Raytheon Techs. Corp.,* 9:13-cv-80928 MARRA, at D.E. 767-4 ¶ 2 (S.D. Fla. June 28, 2022). This approach is not only what Plaintiffs' counsel has previously agreed to, but also based on common sense because a defendant's order of proof will depend on how a plaintiff's case in chief proceeds and concludes.

4. **Original Proposal:** To the extent the order of witnesses must deviate from the parties' disclosed lists, the time by which witnesses must be disclosed prior to testifying at trial. Defendant proposes 72 hours before said witness is called.

    i. **Plaintiffs' Response:** See #2. Necessary scheduling changes will be disclosed immediately upon the need arising.

    ii. **Chiquita's Reply:** Chiquita's proposal of 72 hours is more reasonable than Plaintiffs' proposal of "immediate" disclosure. At a minimum, the time frame should be based on reasonableness. A reasonable time frame is what Plaintiffs' counsel agreed to in *Raytheon*: "If events subsequent

9

to these disclosures cause a change in a party's witness list, the parties agree to give the other side notice of any such changes as soon as reasonably possible." *See Cotromano et al. v. Raytheon Techs. Corp.*, 9:13-cv-80928 MARRA, at D.E. 767-4 ¶ 4 (S.D. Fla. June 28, 2022).

5. **Original Proposal:** Time by which exhibits and demonstratives must be disclosed prior to their use during opening statements, direct examination, cross examination (other than for impeachment purposes), closing arguments. Defendant proposes 12:00 PM EST (noon) the day before such use.

    i. **The Parties are in agreement.**

6. **Original Proposal:** Time by which objections to exhibits and demonstratives that are disclosed must be raised. Defendant proposes 9:00 PM EST the day before use.

    i. **Plaintiffs' Response:** Agreed - however, no new objections may be added to those previously asserted in the absence of materially changed circumstances.

    ii. **Chiquita's Reply:** Objections may be raised as permitted by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

7. **Original Proposal:** Time by which to disclose a copy of the final deposition designation video to be played during trial. Defendant proposes 7:00 PM EST the day before such use.

    i. **The Parties are in agreement.**

8. **Original Proposal:** Witness Seclusion – fact witnesses, other than the Plaintiffs and Chiquita's corporate representative, shall be excluded from the Courtroom except during their own testimony.

    i. **Plaintiffs' Response:** Agreed. Standard rules of sequestration shall apply to sequestered fact witnesses. Expert Witnesses are excluded from sequestration, except that where a witness designated as an expert, is intended to offer fact testimony, as well as expert opinion testimony, that witness shall be sequestered until such time as the witness's fact testimony has been presented to the jury.
    ii. **Chiquita's Reply:** The ordinary rules regarding witness sequestration apply. If a witness is qualified as an expert, they shall not be sequestered. Rule of Evidence 703 expressly permits an expert to testify as to facts personally observed and to disclose those facts to the jury.

DATED: April 8, 2024

Respectfully submitted,

*/s/ Michael L. Cioffi*

Michael L. Cioffi (*pro hac vice*)
Thomas H. Stewart (*pro hac vice*)
BLANK ROME LLP
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Tel: (513) 362-8701/04
Fax: (513) 362-8702/93
Email: michael.cioffi@blankrome.com
tom.stewart@blankrome.com

Frank A. Dante (*pro hac vice*)
Melissa F. Murphy (*pro hac vice*)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel: (215) 569-5645
Fax: (215) 832-5645
Email: frank.dante@blankrome.com
melissa.murphy@blankrome.com

*Counsel for Defendant,*
*Chiquita Brands International, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with the Clerk of the Court using CM/ECF on April 8, 2024 which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

/s/ Michael L. Cioffi
*Counsel for Defendant Chiquita Brands International, Inc.*