UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-MD-01916-MARRA/MATTHEWMAN

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/
This Document Relates to:

**ATS ACTIONS:**

07-60821-CIV-MARRA (Carrizosa Action)
08-80421-CIV-MARRA (NJ Action)
08-80465-CIV-MARRA (Does 1-144/Perez 1-795 Action)
08-80480-CIV-MARRA (Manjarres Action)
08-80508-CIV-MARRA (Valencia Action)
10-60573-CIV-MARRA (Florida Montes Action)
11-80404-CIV-MARRA (Does 1-677 Action)
17-80535-CIV-MARRA (Ohio Montes Action)
17-80475-CIV-MARRA (Does 1-2146 Action)
18-80800-CIV-MARRA (Does 1-144/Perez 1-795 Action)
18-80248-CIV-MARRA (NJ Action)
_____/

**EMERGENCY MOTION TO ENFORCE THE COURT'S ORDERS AND AGREEMENT
OF THE PARTIES CONCERNING WITNESSES TO BE CALLED AT TRIAL**

I.  INTRODUCTION

With just nine days remaining before trial, Plaintiffs *still* have not produced a final witness list or a final exhibit list.[1] These are the most basic of pretrial disclosures, and yet Plaintiffs have

---

[1] This Motion focuses on Plaintiffs' failure to properly amend its witness list. However, Plaintiffs still have not produced an amended exhibit list that removes the hundreds of untimely, untranslated and duplicative exhibits remaining on their most recently disclosed list. Inexplicably, Plaintiffs emailed the Court on Saturday (April 13) stating that they intend to send the Court the improper set of exhibits – ***twenty boxes***. Defendant responded that Plaintiffs should exclude from its production all stricken, untranslated and duplicative exhibits and provide the Court and Defendant with an amended exhibit list. Plaintiffs' counsel in turn responded that they are "working on amending" their list and would provide an amended list by Wednesday April 17—a mere week before trial. Defendant reserves the right to raise additional objections once it receives the amended exhibit list. Once again, the delay and confusion is severely prejudicing Chiquita's ability to adequately prepare for trial.

continuously refused to comply with the rules of civil procedure, the Court's orders, the Parties' agreements as far back as September 2023 and as recently as the pretrial conference on April 9, 2024, and basic tenets of fairness and justice. Instead, Plaintiffs audaciously assert that they can and will call whomever they like at trial – including 27 witnesses the Court struck in DE 3609 because they were not formally disclosed in initial disclosures or interrogatory responses; an expert witness the Court precluded in its *Daubert* rulings (*see* DE 3616 precluding Robin Kirk); and 17 witnesses who failed to appear for their properly noticed depositions. Another witness, Victor Buitrago, is listed as being presented by deposition even though the Court precluded the use of insurance case depositions. *See* DE 3610. In total, Plaintiffs listed 51 improper witnesses (five witnesses Plaintiffs agreed to withdraw yesterday) on their massive list of **117** purported trial witnesses. A complete list of all the improper witnesses is set forth in the attached chart as Exhibit A. These games must end.  Otherwise, the case will not be trial ready.

Chiquita has been and continues to be severely prejudiced in its ability to adequately defend itself at trial. Chiquita must not be forced to waste any more time filing emergency motions and trying to make sense of Plaintiffs' deliberately confusing, defective lists of **117 witnesses** and 2,000+ improper exhibits a mere week before trial, let alone be forced to prepare to cross-examine dozens of witnesses the Court already said could not be called at trial. Nor should the Court be burdened with issuing yet another Order ***that simply repeats what it already ruled and was confirmed by the Parties on the record***—which is all that Chiquita requests herein. Plaintiffs' delay and obfuscation tactics simply cannot and must not persist unconstrained.[2]

---

[2] Nor should Plaintiffs be permitted to try this case by ambush, untethered to any enforceable trial plan. Indeed, in addition to the prejudice to Chiquita of improperly including scores of precluded witnesses on their trial witness list, Plaintiffs will not even commit to providing more than 48-hours' notice of which witnesses will testify at trial, or even the basic order that the decedent cases

Plainly stated, all Parties must play by the same rules. And the rule here is fair and simple: other than for purposes of impeachment (which is never required to be disclosed),[3] both Parties are permitted to call at trial only those witnesses that were formally disclosed in initial disclosures or interrogatory responses before the fact discovery deadline of October 18, 2018. *See* DE 3609, 3610. In fact, this was reiterated at the pretrial conference last week on April 9, when the Court and all Parties agreed there was no dispute as to the meaning of the Court's Orders at DE 3609 and 3610. *See* April 9, 2024 Pretrial Conference Transcript ("Hearing Transcript") at 116. Inexplicably, on April 12, Plaintiffs served an "amended" witness list that continues to improperly list 51 witnesses (on their list of 117 purported trial witnesses) that were stricken or precluded from being called at trial. When Chiquita brought this to Plaintiffs' attention, Plaintiffs responded by serving a letter that brazenly and improperly seeks to relitigate the Motions to strike and change the Court's rulings. *See* Ex. C, Plaintiff's Letter Dated April 14, 2024. The rules cannot be rewritten at the eleventh hour on a whim if this trial is to have any hope of proceeding fairly and efficiently.

---

will be presented to the jury. There is no reason why Plaintiffs cannot commit to a transparent trial plan with only a week to go before trial. *See* DE 3630 at 9 (citing *Raytheon*)

[3] *See Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1352-53 (11th Cir. 2004) ("Rule 26(a)(3) exempts evidence used solely for impeachment because pretrial disclosure would significantly diminish its impeachment value."); *Adams v. Costa Crociere, S.p.A.*, 2007 U.S. Dist. LEXIS 93165, at *4 (S.D. Fla. Sept. 26, 2007) ("impeachment exhibits and impeachment witnesses are not required to be listed per Fed.R.Civ.P. 26(a)(3) which exempts from disclosure evidence used solely for impeachment as compared to substantive purposes."); *Peare v. Carnival Corp.*, 2022 WL 18023311, at *1 (S.D. Fla. Feb. 24, 2022) ("Federal Rule of Civil Procedure 26(a)(1) requires parties to disclose the names and contact information of witnesses they expect to present at trial. Fed. R. Civ. P. 26(a)(3)(A). These pretrial disclosures must be made at least thirty days before trial, "[u]nless the Court orders otherwise" or the witnesses are used solely for impeachment purposes. Fed. R. Civ. P. 26(a)(3)(B)"). For this reason, Chiquita's recent disclosure of Eric Hager, William Wichmann and Jonathan Reiter as witnesses was not improper because such disclosure was never required at all. *See* Ex. B, Email from Michael Cioffi dated April 15, 2024

Accordingly, Defendant's request is simple: Chiquita respectfully requests that the Court enter the proposed order in the form submitted herewith and preclude Plaintiffs from calling witnesses *already stricken by the Court's Orders and the agreement of the Parties*. Furthermore, given the undue burden and prejudice this needless dispute places on Chiquita at a critical juncture when it should be preparing for trial instead of relitigating settled issues, Chiquita respectfully requests an award of costs for preparing this Motion.

## II.     BACKGROUND

On April 2, 2024, the Court issued an Order granting in part and denying in part Defendant's Motion to Strike Plaintiffs' exhibits and witnesses. *See* DE 3609. That same day, the Court issued an Order granting in part and denying in part Plaintiffs' Motion to Strike Defendant's exhibits and witnesses. *See* DE 3610. In both Orders, the Court ruled that neither party is permitted to call witnesses who were not properly disclosed prior to the fact discovery deadline. Thus, for example, although all of Defendant's witnesses were disclosed prior to the discovery deadline through document discovery, deposition testimony, or through response to interrogatories, ultimately, the Court held that only witnesses disclosed in response to formal interrogatories would be permitted to testify at trial. *See* DE 3610.

In preparation for the April 9, 2024 pretrial conference, Chiquita submitted a "Notice of Issues for Discussion at the Pretrial Conference" (DE 3630, "Notice"), in which—out of an abundance of caution and for the avoidance of any doubt—Chiquita sought total clarity on the meaning of DE 3609 and 3610, stating:

> Chiquita seeks clarification as to the Court's Order (DE 3609) wherein the Court stated that only Plaintiffs' witnesses "who were disclosed before the fact discovery deadline" are permitted to testify at trial. *See* DE 3609 at 1. In DE 3610, the Court ruled that only Defendants' witnesses that were formally disclosed in response to interrogatories are permitted to testify, and that other individuals who had been disclosed before the fact discovery

4

> deadline but not through responses to interrogatories (i.e.- that were disclosed in documents produced in discovery or through deposition testimony of other witnesses) were precluded from testifying. *See* DE 3610. Chiquita assumes that, logically, the same rule applies reciprocally to Plaintiffs' witnesses; that is, **only Plaintiffs' witnesses formally disclosed in initial disclosures and responses to interrogatories before the fact discovery deadline may testify at trial**. For avoidance of any doubt, Defendant respectfully requests that the Court clarify and confirm that this understanding is correct.

*See* DE 3630, at 2 (Section B).

In addressing Section B of the Notice, the Court confirmed that Chiquita's understanding was correct, stating: "THE COURT: So let's talk about this issue about clarification of witnesses. **I am not sure that there's any confusion. Is there, Mr. Scarola?**" *See* Hearing Transcript at 116:5-24. To which Mr. Scarola responded: "**Not from the plaintiffs' perspective, your Honor.**" *Id*. Counsel for Chiquita then stated: "**if there's no confusion on our Section B, then that's great, and we can move on to the other issues.**" The Court responded "Okay" and proceeded to move on to Section C of the Notice, which outlined the many other deficiencies in Plaintiffs' witness list, including improperly listing witnesses who never appeared for their noticed depositions, improperly listing witnesses as potentially testifying remotely via Zoom, and the improper inclusion of Rule 44.1 experts who clearly are not appropriate trial witnesses. *Id*.

Plaintiffs did not raise a single objection or defense to these additional deficiencies. *Id*. To the contrary, Mr. Scarola expressed Plaintiffs' agreement to amend their witness list, stating: "Your Honor, as we indicated in our response to counsel's proposed agenda, we have no problem with amending our witness list to conform with the court's rulings. We have only asked that the obligation be reciprocal." *Id.* at 118:14-17. To that, counsel for Chiquita responded: "We have no objection to that, your Honor. We are happy to do that." *Id.* at 118:18-19. The Court and both

5

parties then agreed that the deadline to provide amended witness lists would be April 12, 2024. *Id.* at 119:1–11.

At midnight on April 12, 2024, Plaintiffs provided a "third amended" witness list that included individuals who were precluded by the Court's order in DE 3609 and DE 3616 (the Court's *Daubert* ruling as to Robin Kirk), and who were otherwise improperly listed for the reasons discussed at the pretrial conference. *See* Exhibit . Chiquita reviewed Plaintiffs' massive "amended" list of 117 witnesses and identified the subset of individuals that should have been removed from Plaintiffs' list in an email to counsel the very next day. *See* Exhibit E, Email from Michael Cioffi dated April 13, 2024.[4]

Plaintiffs responded to Chiquita's email by serving a formal letter that improperly attempts to re-litigate the motions to strike. *See* Exhibit C. Plaintiffs completely ignore the Court's Orders at DE 3609 and 3610 and pretend as if Chiquita's Notice never existed and the discussion at the April 9 pretrial conference never occurred. Incredibly, Plaintiffs' letter states:

> Thus far, the Court has only ruled definitively that witnesses not disclosed prior to the discovery cutoff may not testify, but there are some exceptions to this, **and the Court has not made definitive rulings as to which witnesses were in fact disclosed.** There has never been an agreement or Court order that "only witnesses formally disclosed in initial disclosures and interrogatories may be called by Plaintiffs at trial."

*Id.* (emphasis added)).

### III.     ARGUMENT

---

[4] Chiquita inadvertently omitted two additional witnesses who should have also been removed. Those individuals are identified in Exhibit A.

6

The 51 witnesses identified in Exhibit A (and the proposed order submitted herewith) have already been precluded from testifying at trial, as confirmed at the pretrial conference.[5] Plaintiffs' arguments that they may nonetheless present these 51 witnesses at trial are meritless.

### A. Witnesses Not Disclosed in Initial Disclosures or Interrogatory Responses (27 Witnesses)

As set forth in Exhibit A, Plaintiffs concede that 27 witnesses on their trial witness list were not disclosed in initial disclosures or responses to interrogatory requests. *See* Ex. A. These witnesses are therefore clearly precluded by DE 3609, as confirmed at the April 9 conference. *See* DE 3630 and Hearing Transcript 116-119.

In fact, Nicolás Sánchez Arévalo and Rosa Florez were voluntarily withdrawn by Plaintiffs in DE 3522, at 5. This was also indicated in Plaintiffs' witness chart submitted in opposition to Chiquita Motion to Strike, at DE 3522-2:

| Nicolás Sánchez Arévalo | | WITHDRAWN | | Simons Decl. ¶ 33 |
|---|---|---|---|---|
| Rosa Florez | | WITHDRAWN | | Simons Decl. ¶ 33 |

By way of another example, Plaintiffs list Denis Dario Argel Hernandez, whom they admitted was not even identified by name in any document or deposition and was in fact untimely disclosed. See DE 3522-2 at 1:

| Denis Dario Argel Hernandez | | Witness was identified as former chiquita employee during Plaintiff's deposition who witnessed the decedent's killing (the name was not given in depo but we have a sworn/notarized declaration from witness that apparently was not disclosed) | | Scarola Decl. ¶13 |
|---|---|---|---|---|

---

[5] Plaintiffs claim they "will be serving a corrected list" that omits Nelson Maria Restrepo, Pablo Rueda Saiz and Paula Arias.

These witnesses are clearly precluded by DE 3609. Plaintiffs' assertion that the Court "has not made definitive rulings as to which witnesses were in fact disclosed" (*see* Ex. C) is false, both for the reasons set forth in DE 3609 and 3610, and on the record at the April 9 conference. Moreover, Plaintiffs' position is internally inconsistent because they themselves removed various witnesses who were not formally disclosed. For example, Plaintiffs' third amended list omits the following witnesses who were only disclosed through deposition testimony: Indira Milagro Fontalvo Salas; Kelly Sanchez Barcelo; Britney Carolina Fontalvo Sanchez; Didi Alex Fontalvo Salas; Eva Luz Fontalvo Salas; Genis Maria Fontalvo Salas; Genie Cecilia Salas Redondo; Shirly Arelys Fontalvo Salas; Martha Cecilia Fontalvo Salas; Liseth Paola Fontalvo Salas. Yet now, Plaintiffs assert that *other* witnesses, who are identically situated, should be allowed to testify. *See* DE 3522-2 (*compare* entry for Britney Carolina Fontalvo Sanchez who was removed *with* entry for Luz Deisy Machado Durango who *was not* removed).

| | | | | |
|---|---|---|---|---|
| Britney Carolina Fontalvo Sanchez | 3/27/2018 | Juvenal Enrique Fontalvo Camargo Dep. | | Reiter Decl. ¶ 17 |
| Luz Deisy Machado Durango | 8/23/2018 | Pastora Durango Dep. | | Scarola Decl. ¶17 |

The Court precluded **<u>all</u>** witnesses who were merely referenced in others' deposition testimony or named in the sea of produced documents in this case, but not formally disclosed in written discovery responses. *See* DE 3609, 3610; 3630; Hearing Transcript 116-119.

Similarly, other witnesses identified in Plaintiffs' Letter (*see* Ex. C citing William Acosta and the "records custodian" from KPMG, Chiquita and Kirkland and Ellis), were all plainly not disclosed by the discovery deadline—which Plaintiffs conceded. *See* DE 3522 at 12 (arguing that the untimely disclosure was "harmless"). Plaintiffs also argued that the untimely disclosure of Jorge Fernando Gomez Hernandez was "justified." *See id.* at 12-13. The Court's order in DE 3609 made no exceptions for these witnesses. Plaintiffs' arguments were rejected and these witnesses

were all precluded. Plaintiffs' refusal to comply with the Court's order should not be rewarded with an opportunity to reargue these issues. If the Court allows these witnesses to testify, it will, in effect, be applying one rule to Chiquita and a different rule to Plaintiffs. It would be patently unfair and prejudicial and should not be permitted.[6]

### 1. Witnesses Recently Deposed in Colombia

Plaintiffs claim that four of the 27 untimely disclosed witnesses are excluded from DE 3609 because they were recently deposed in Colombia: Carlos Manuel Bello Arrieta; Onelsi Mejia; Roberto Cardona Munoz; and Sergio Manuel Contreras Castro. When the Court allowed these depositions to proceed, however, the Court was not deciding the admissibility of these witnesses' testimony and no exception was made in DE 3609 for these witnesses who were all untimely or at best *informally* disclosed. Chiquita's ability to take the depositions of these four witnesses did not cure any prejudice such improper and late disclosure caused Chiquita. As counsel for Chiquita stated on the record at the April 9 hearing, Chiquita does not have an adequate opportunity to follow up on the information disclosed at these depositions and they should not be permitted to testify in the Bellwether 1A trial. *See* Hearing Transcript at 128-131. Carlos Manuel Bello Arrieta and Sergio Manuel Contreras Castro should be precluded for the additional reason that the oath administered at their depositions was ineffective and their testimony was therefore not bound by

---

[6] Chiquita also included Victor Buitrago as an individual Plaintiffs should remove from its list because Plaintiffs designated him as "deposition only" however the Court precluded the use of the insurance depositions, which is the only deposition testimony Buitrago has given. DE 3610 at 3. Plaintiffs have noted that Chiquita has listed the insurance deposition of Roderick Hills on their witness list (*see* Ex. B), but Roderick Hills is a much differently-situated witness. He is a deceased individual defendant in this MDL and his insurance deposition is his only preserved testimony. Chiquita will affirmatively move the Court for the right to present Mr. Hill's deposition testimony if necessary.

the penalties of perjury. *See* Hearing Transcript at 130-131 and Defendant's Notice of Clarification Concerning Invalidity of Oath Given During Certain Colombian Depositions (DE 3633).[7]

### B. Witnesses Plaintiffs Failed to Produce for Deposition

Plaintiffs also insist that they are permitted to keep 17 witnesses on their list that Chiquita sought to depose but Plaintiffs failed to produce for depositions. *See* Ex. A. Chiquita lodged objections to these witnesses in August 2023 (*see* DE 3576-4) and raised them again at the April 9 conference, to which Plaintiffs provided no response because there is none. Hearing Transcript at 117-118. Witnesses who failed to appear for properly noticed depositions must be precluded from testifying at trial. Many or all these witnesses represented that they did not have adequate visas to appear for their deposition, so it would be odd indeed if they are suddenly able to appear at trial. They must be stricken.

### C. Robin Kirk Was Precluded by the Court's *Daubert* Rulings

Plaintiffs brazenly continue to list Professor Robin Kirk as a witness expected to be called at trial despite the Court making perfectly clear that she may not testify at trial. *See* DE 3616. Desperate to circumvent the Court's clear order, Plaintiffs claim Kirk is a "hybrid fact/expert witness, and the Court's order does not preclude her testifying as a fact witness." *See* Ex. C. But the Court ruled the exact opposite: "Based on the record and governing legal authority, [Kirk] is **not a 'hybrid' witness**." DE 3616 at 8 (emphasis added). As the Court correctly noted, Kirk is "**a classic Federal Rule of Evidence 702 witness**" (DE 3616 at 7 emphasis added)—an expert witness, not a fact witness under Federal Rules of Evidence 602 or 701. She was clearly precluded from offering testimony at trial. *See* DE 3616. Furthermore, the Court made clear that Kirk has *no relevant personal knowledge*.

---

[7] As set forth in Chiquita's Notice of Clarification, Oviedo Pascual Nunez Cabrales, Ever Joel Fontalvo and Alexander Barros Camargo should also be precluded because their testimony was unconstrained by a proper oath and enforceable penalty of perjury. *See* DE 3630.

10

*Id.* at 7-8 (finding Kirk "devoid of any personal knowledge of any Plaintiff's alleged injuries or Chiquita's operations" and stating "[h]er conceded lack of personal knowledge as to the Plaintiffs' injuries puts her squarely in the hypothetical"). She therefore cannot testify as a fact witness. *See Travelers Prop. Cas. Co. v. Ocean Reef Charters LLC*, 71 F. 4th 894, 901 (11th Cir 2023) (noting that a non-expert witness "c[an] only testify based on his 'personal knowledge'" and any opinions such witness may give would need to be based on "first-hand observations," not "specialized knowledge"); *see also id.* at 906 (noting that "the ability to answer hypothetical questions is '[t]he essential difference' between expert and lay witnesses'" (quoting *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005)). Kirk is not a "fact" witness at all; she was an expert witness for whom Plaintiffs violated the rules regarding expert disclosures and she cannot testify at trial. *See Travelers*, 71 F.4th at 907 (holding that a plaintiff cannot evade Rule 702 "through the simple expedient of proffering an expert in lay witness clothing" nor can a party "evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26…by simply calling an expert witness in the guise of a layperson.").

### D. Additional Witnesses

Lastly, on April 12, Plaintiffs added two additional witnesses to their third amended witness list for the first time: Marina Daroca Bazan and Lina Maria Berdugo Lechuga. The first witness must be excluded from testifying at trial both under *any* reading of DE 3609 but also under the basic obligation to list trial witnesses in the timeframes required under the Court's global scheduling orders. The second witness must be precluded because she is a plaintiff who failed to appear for her properly noticed deposition. *See* Ex. A.

IV.     **CONCLUSION**

For the reasons set forth above, the Court should grant this Motion and enter the proposed order submitted herewith.[8]

Respectfully submitted,

*/s/ Michael L. Cioffi*
Michael L. Cioffi (*pro hac vice*)
Thomas H. Stewart (*pro hac vice*)
BLANK ROME LLP
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Tel:    (513) 362-8701/04
Fax:    (513) 362-8702/93
Email: michael.cioffi@blankrome.com
           tom.stewart@blankrome.com

Frank A. Dante (*pro hac vice*)
Melissa F. Murphy (*pro hac vice*)
Michael A. Stoolman (*pro hac vice*)
Serena S. Gopal (*pro hac vice*)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel:    (215) 569-5645
Fax:    (215) 832-5645
Email: frank.dante@blankrome.com
           melissa.murphy@blankrome.com
           michael.stoolman@blankrome.com
           serena.gopal@blankrome.com

*Counsel for Defendant,*
*Chiquita Brands International, Inc.*

---

[8] Undersigned counsel for the movant certifies that Chiquita has conferred with all parties or nonparties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. Furthermore, after reviewing the facts and researching applicable legal principles, undersigned counsel certifies that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this document with the Clerk of the Court using CM/ECF on April 15, 2024 which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

*/s/ Michael L. Cioffi*
*Counsel for Defendant Chiquita*
*Brands International, Inc.*
