# EXHIBIT C

☐ WEST PALM BEACH OFFICE:

2139 PALM BEACH LAKES BLVD.
WEST PALM BEACH, FLORIDA 33409

P.O. BOX 3626
WEST PALM BEACH, FLORIDA 33402

(561) 686-6300
1-800-780-8607
1-800-220-7006 Spanish

☐ TALLAHASSEE OFFICE:

THE TOWLE HOUSE
517 NORTH CALHOUN STREET
TALLAHASSEE, FL 32301-1231

(850) 224-7600
1-888-549-7011

ATTORNEYS AT LAW:
ELISE SHERR ALLISON
*THEODORE "TED" BABBITT
*ROSALYN SIA BAKER-BARNES
*F. GREGORY BARNHART
F. STEPHANIE BARNHART[9]
*T. HARDEE BASS III
LAURIE J. BRIGGS
*BRIAN R. DENNEY
JORDAN A. DULCIE
JUAN C. DIAZ AVILA
BRENDA S. FULMER
*MARIANO GARCIA
*JAMES W. GUSTAFSON, JR.
MARA R.P. HATFIELD
ADAM S. HECHT
*JACK P. HILL
*JOSEPH R. JOHNSON
CAMERON M. KENNEDY
KATHERINE A. KIZIAH
ANDREA A. LEWIS
YASMEEN A. LEWIS
VICTORIA MESA-ESTRADA
GAETANO V. MURPHY
LINDSAY M. REINHART
*EDWARD V. RICCI
*[+]JOHN SCAROLA
*MATTHEW K. SCHWENCKE
CARTER W. SCOTT[1]
*CHRISTIAN D. SEARCY
CHRISTOPHER K. SPEED[4,5]
BRIAN P. SULLIVAN[6,7,8]
*[+]KAREN E. TERRY
DAVID P. VITALE, JR.
DONALD J. WARD III[4,5]
˙C. CALVIN WARRINER III
CLELL C. WARRINER IV
BORIS L. ZHADANOVSKIY

OF COUNSEL:
*EARL L. DENNEY, JR.[2](1943-2022)
*JOHN A. SHIPLEY III (retired)
WILLIAM B. KING[3]

RESEARCH ASSOCIATES:
SHANNON M. BAER
SOPHIA K. LETTS
MARY ALICE TUCKER

SHAREHOLDERS
*BOARD CERTIFIED IN CIVIL TRIAL
[+]BOARD CERTIFIED IN HEALTHCARE
˙BOARD CERTIFIED IN COMMERCIAL & BUSINESS LITIGATION

ALSO ADMITTED
[1]GEORGIA
[2]MISSISSIPPI
[3]NEW JERSEY
[4]VIRGINIA
[5]WASHINGTON DC
[6]MASSACHUSETTS
[7]NEW HAMPSHIRE
[8]MAINE
[9]NEW YOK

PARALEGALS:
KIMBERLEY AGUILERA
LAZARO BECERRA
NICHOLAS F. DeBELLIS
MICHAEL GAUGER
JOHN C. HOPKINS
VINCENT L. LEONARD, JR.
LESLIE A. McCOWN
HELEM MARQUEZ
ROBERT W. PITCHER
ELISABETH A. PITTALUGA
CHRIS R. RODGERS
NYDIA SERRANO
BONNIE S. STARK



April 14, 2024

Michael L. Cioffi
1700 PNC Center
201 East Fifth Street
Cincinnati, OH 45202

Dear Michael,

This letter addresses Chiquita's objections to Plaintiffs' Third Amended Witness List, as well as Plaintiffs' objections to Chiquita's Amended Exhibit List.

Plaintiffs' Third Amended Witness List

Your characterization of our witness list, and what the parties have agreed to and the Court has ordered, is mistaken. As you may know, parties need not continue offering evidence one the Court "rules definitively on the record" that the evidence is excluded. FRE 103(b); *see Proctor v. Fluor Enters.*, 494 F.3d 1337, 1350 (11th Cir. 2007). Thus far, the Court has only ruled definitively that witnesses not disclosed prior to the discovery cutoff may not testify, but there are some exceptions to this, and the Court has not made definitive rulings as to which witnesses were in fact disclosed. There has never been an agreement or Court order that "only witnesses formally disclosed in initial disclosures and interrogatories may be called by Plaintiffs at trial."

As detailed in Plaintiffs' opposition to Chiquita's motion to strike, DE 3522 and DE 3522-2, the following witnesses were timely disclosed during the discovery period:

Alvaro Villaraga
Angel Maria Restrepo
Carlos Manuel Bello Arrieta
Celina Areiza Duarte
Denis Dario Argel Hernandez
Juan Rafael Henao Velasquez
Mike Evans
Nelson de Jesus Restrepo
Nicolás Sánchez Arévalo



Nila Lucia Restrepo
Onelsi Mejia
Ramon Higuita
Roberto Cardona Munoz
Rosa Florez
Suleima Jhoana Restrepo
Sandra Areiza Duarte
Sergio Manuel Contreras
Yaneris Rodriguez Mora
Yuleidys Rodriguez Mora
Zuleima Rodriguez Mora

Your email appears to have mistakenly combined the names of Lucely Henao Velasquez and Luz Deisy Machado Durango into "Lucely Deisy Machado Durango," but both were previously addressed by Plaintiffs, *see* DE 3522-2. Additionally, Jorge Fernando Gomez Hernandez has been known to Chiquita as a witness for many years. None of these witnesses are properly characterized as "undisclosed," and therefore none is definitely excluded by the Court's orders.

Several of these witnesses have already given trial testimony, by deposition, pursuant to Court order; taken together, the Court's orders do not preclude their testimony, as it would be nonsensical for the Court to permit their trial depositions and then exclude them based on a claim that they had not been properly disclosed and deposed. There certainly has not been a definitive ruling that they may not testify, when the Court specifically ordered their trial depositions to proceed and the parties stipulated to their depositions in the Fifth Amended GSO. These witnesses include Carlos Manuel Bello Arrieta, Onelsi Mejia, Sergio Manuel Contreras, and Roberto Cardona Munoz.

The following witnesses were on Plaintiffs' original witness list, but Chiquita did not move to strike them, thus waiving objections. *See* DE 3483-1. The Court certainly cannot have definitively ruled on witnesses that Chiquita did not move on, where Plaintiffs did not have the opportunity to respond:

Jorge Ivan Villa Quintero
Luz Mila de Jesus Velasquez Manco
Martha Cecilia Villa Correa
Nibia Estela Villa Correa
Victor Buitrago[1]

Additionally, Lina Maria Berdugo Lechuga was also previously disclosed during the discovery period. She is a bellwether plaintiff who previously responded to Chiquita's interrogatories and document requests.

With respect to Robin Kirk, the Court ordered that Prof. Kirk "shall not testify as an expert in this case." But Prof. Kirk was designated as a hybrid fact/expert witness, and the Court's order does not preclude her testifying as a fact witness. Indeed, Plaintiffs disclosed her as a fact witness on September 17, 2018, and Chiquita's motion to strike did not address Prof. Kirk.

You have also objected to a number of witnesses that are included solely for authentication and foundational testimony regarding exhibits. These include Chiquita's own documents custodian; Chiquita cannot seriously

---

[1] The inclusion of Victor Buitrago here is especially confusing, and we assume it was an error on Chiquita's part. Buitrago was disclosed by Chiquita, Plaintiffs sought to depose him during discovery, and he was on Plaintiffs' original witness list.



contend that Plaintiffs needed to disclose Chiquita's own records custodian, called solely for the purpose of authenticating and admitting documents, to Chiquita, or that such a custodian was unknown to Chiquita. In any event, calling such a custodian will be unnecessary if Chiquita stipulates to the admissibility of the documents it produced in discovery. The same is true for records custodians from Kirkland & Ellis and KPMG, who would only be called to authenticate documents originating with these firms, yet produced by Chiquita, if Chiquita refuses to stipulate to their admissibility. Similarly, we previously noted that William Acosta was only testifying to authenticate and establish the foundation for documents. With respect to Marina Daroca Bazan, counsel noted at the April 9 hearing that the farms Rule 1006 summary would be authenticated, and foundational testimony provided, by Plaintiffs' counsel's paralegal. Ms. Daroca Bazan had no relevant information until she prepared the Rule 1006 summary, so the notion that she should have been previously disclosed makes little sense, as is the notion that Chiquita suffers any prejudice from testimony about the preparation of a Rule 1006 summary. Indeed, Chiquita stipulated, and the Court ordered, that Rule 1006 summaries could be provided by February 15, 2024. Such a provision would be meaningless if the parties could not put forth the preparers of such summaries to authenticate them and provide foundational testimony. And although Mike Evans was timely disclosed as previously established, the same argument applies with respect to his foundational testimony for the payments Rule 1006 summary. In any event, the Court did not address these issues in its order on Chiquita's motion to strike, and so there is no definitive ruling as to any of these witnesses.

We will be serving a corrected list that omits Nelson Maria Restrepo; as previously indicated (DE 3522 at 5), this is the same person as Nelson de Jesus Restrepo. We will also remove Pablo Rueda Saiz and Paula Arias, provided that Chiquita agrees that Rule 44.1 witnesses do not need to be listed. (There is some chance that the Court will want to hear testimony from Rule 44.1 witnesses.)

We are not addressing the B1 witnesses at this time. There is ample time to address the B1 trial witness list, but it should not be a priority for the Court or the parties in the 10 days before the A1 trial begins.

<u>Chiquita's Amended Witness List</u>
Plaintiffs object to the inclusion of new, previously undisclosed witnesses on Chiquita's witness list, including Eric Hager, Jonathan Reiter, and William Wichmann. Please withdraw these witnesses.

Plaintiffs further object to the continued inclusion of Roderick Hills. The Court disallowed use of this deposition by Chiquita. DE 3610 at 3. Please withdraw.

Last, with respect to Jason Flemmons, we agreed to reserve our objections until the end of Plaintiffs' case-in-chief. We observe, however, that Mr. Flemmons' sole opinions are directed toward the work of Prof. Karl, who has now been excluded, and thus there is no basis for his testimony. If Defendants propose to call Mr. Flemmons, we will renew our objections at the appropriate time.

Additionally, with the exclusion of Prof. Karl and certain opinions by Prof. Kaplan, a number of Prof. Restrepo's conclusions are now inadmissible. Please confirm that you will not be offering Prof. Restrepo's opinions that purport to rebut opinions by Prof. Karl and Prof. Kaplan that the Court has excluded.

Sincerely,

*Victoria Mesa-Estrada*

