UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-MD-01916-MARRA/MATTHEWMAN

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

_____/

This Document Relates to:

**ATS ACTIONS:**

07-60821-CIV-MARRA (Carrizosa Action)
08-80421-CIV-MARRA (NJ Action)
08-80465-CIV-MARRA (Does 1-144/Perez 1-795 Action)
08-80480-CIV-MARRA (Manjarres Action)
08-80508-CIV-MARRA (Valencia Action)
10-60573-CIV-MARRA (Florida Montes Action)
11-80404-CIV-MARRA (Does 1-677 Action)
17-80535-CIV-MARRA (Ohio Montes Action)
17-80475-CIV-MARRA (Does 1-2146 Action)
18-80800-CIV-MARRA (Does 1-144/Perez 1-795 Action)
18-80248-CIV-MARRA (NJ Action)

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF ISSUES TO BE
ADDRESSED AT APRIL 22, 2024 CONFERENCE AND
NOTICE OF ADDITIONAL ISSUES**

Defendant hereby respectfully provides responses to Plaintiffs' Notice of Issues (DE 3654) and submits its own proposed list of issues for discussion at the April 22, 2024 Pretrial Conference.

**I.    CHIQUITA'S RESPONSE TO PLAINTIFFS' NOTICE OF ISSUES (DE 3654)**

    1.    **Plaintiffs' Request for Clarification of Reference to Damages in Opening Statements**

Chiquita does not understand Plaintiffs' confusion regarding the Court's order that it "will reserve ruling until closing argument on how Plaintiffs may argue to the jury for awards of non-economic damages." Since Plaintiffs have not articulated how they intend to address non-

economic damages in their opening statement, Defendants will respond to Plaintiffs' arguments at the conference.

2. **Plaintiffs Continue to Improperly List Witnesses that are Precluded from Testifying at Trial (Response to Plaintiffs' Notice § 2)**

On April 15, 2024, Chiquita filed an emergency motion to enforce the Court's orders and agreement of the Parties concerning witnesses to be called at trial (DE 3644). As stated in that motion, Plaintiffs continue to list: witnesses struck by the Court in DE 3609 because they were not formally disclosed in initial disclosures or interrogatory responses; Robin Kirk, an expert witness the Court precluded in its *Daubert* rulings (DE 3616); and witnesses who failed to appear for their properly noticed depositions. The next day, the Court issued an order stating that regardless of who Plaintiffs name on their list, the Court's Orders (DE 3609 and 3610) "are in full force and effect, and they will be enforced." *See* DE 3646. On April 17, 2024, the Court further ordered that "opposing counsel shall exchange trimmed witness lists, as applicable and consistent with Court's recent rulings, on or by April 19, 2024." DE 3649.

On April 20, 2024, Plaintiffs served a fourth "amended" witness list that continues to improperly list precluded expert Robin Kirk, dozens of witnesses excluded by DE 3609, and witnesses who failed to appear for their depositions. In addition, with just days to go before trial, Plaintiffs now assert that "several" unnamed witnesses have suddenly secured visas to travel to the United States and that Chiquita should be forced to depose them so they can appear at trial.

While this should hardly be necessary, Chiquita requests that the Court issue a clear order that precludes Plaintiffs from calling the following witnesses:[1]

---

[1] In addition to the witnesses listed in this chart, Plaintiffs appear to have added a new witness for the first time on April 20, 2024: Nibia Estela Sanchez Arevalo, who should be precluded as untimely disclosed.

2

| Expert Witness Precluded by the Court's *Daubert* Ruling ||
|---|---|
| Robin Kirk | DE 3616 (further discussed in Section 2a below) |
| **Witnesses Not Formally Disclosed During Discovery (Precluded by DE 3609/3610)** ||
| **Name of Witness** | **Citation to Where Plaintiffs Conceded Witness Was Not Disclosed Through Initial Disclosures or Interrogatory Responses** |
| Alvaro Villarraga | DE 3522-2, at 1; Plaintiffs' Notice (DE 3654) (further discussed in Section 2b below) |
| Angel Maria Restrepo | DE 3522-2, at 1; Plaintiffs' Notice (DE 3654) (further discussed in Section 2d below) |
| Luis Arnoldo Restrepo | DE 3522-2, at 2; Plaintiffs' Notice (DE 3654) (further discussed in Section 2d below) |
| Onelsi Mejia | DE 3522-2, at 3; Plaintiffs' Notice (DE 3654) (further discussed in Section 2e below) |
| Roberto Cardona Munoz | DE 3522-2, at 3; Plaintiffs' Notice (DE 3654) (further discussed in Section 2e below) |
| Carlos Manuel Bello Arrieta | DE 3522-2, at 1; Plaintiffs' Notice (DE 3654) (further discussed in Section 2e below) |
| Marina Daroca Bazan (Paralegal – EarthRights; foundation only) | Witness disclosed for first time in Plaintiffs' Third Amended Witness list (further discussed in Section 2f below) |
| Mike Evans | DE 3522-2, at 3; Plaintiffs' Notice (DE 3654) (further discussed in Section 2f below) |
| William Acosta and other authentication witnesses from Chiquita, KPMG and Kirkland & Ellis | DE 3522, at 12; Plaintiffs' Notice (DE 3654) (further discussed in Section 2g below) |
| Nelson de Jesus Restrepo | DE 3522-2, at 3; Plaintiffs' Notice (DE 3654) (Plaintiffs have no response because precluded by DE 3609) |
| Nila Lucia Restrepo | DE 3522-2, at 3; Plaintiffs' Notice (DE 3654) (Plaintiffs have no response because precluded by DE 3609) |
| Jorge Fernando Gomez Hernandez | DE 3522-2, at 2; Plaintiffs' Notice (DE 3654) (Plaintiffs have no response because precluded by DE 3609) |
| Celina Areiza Duarte (BW1B) | DE 3522-2, at 1 |
| Denis Dario Argel Hernandez (BW1B) | DE 3522-2, at 1 |
| Juan Rafael Henao Velasquez (BW1B) | DE 3522-2, at 2 |
| Lucely Henao Velasquez (BW1B) | DE 3522-2, at 2 |
| Ramon Higuita (BW1B) | DE 3522-2, at 3 |
| Sandra Areiza Duarte (BW1B) | DE 3522-2, at 3 |
| **Witnesses that Failed to Appear for Noticed Depositions** ||
| Lina Maria Berdugo Lechuga (further discussed in Section 2c below) ||
| Alba Ciris Obregon Ibarguen (BW1B) ||

| | |
|---|---|
| Alberto Antonio Florez Ibarra (BW1B) | |
| Aleida Yohana Florez Ibarra (BW1B) | |
| Breider Steiner Santero Obregon (BW1B) | |
| Diana Patricia Florez Ibarra (BW1B) | |
| Hellen Jhoanna Santero Obregon (BW1B) | |
| Kennedy de Jesus Florez Ibarra (BW1B) | |
| Misael Antonio Florez Ibarra (BW1B) | |
| Oliva Florez Ibarra (BW1B) | |
| Orfa Nelly Florez Ibarra (BW1B) | |
| Sandra Milena Florez Ibarra (BW1B) | |
| **Insurance Deposition Precluded by the Court** | |
| Victor Buitrago | DE 3610<br>Plaintiff list him as "expect to call" by deposition only but use of the insurance deposition was precluded. |
| **Witnesses Plaintiffs Have Withdrawn but continue to appear on Plaintiffs' Witness List** | |
| Pablo Rueda-Saiz | Withdrawn per Plaintiffs' Letter dated April 14, 2024; improper Rule 44.1 witness |
| Rosa Florez | DE 3522, at 5 |

    a.    **Robin Kirk is an Excluded Expert Witness (response to Pls.' Notice § 2c)**

Plaintiffs brazenly continue to list Professor Robin Kirk as a witness expected to be called at trial despite the Court making perfectly clear that she may not testify at trial. *See* DE 3616. Flouting the Court's order, Plaintiffs claim Kirk is a "hybrid fact/expert witness, and the Court's order does not preclude her testifying as a fact witness." *See* Ex. C. But the Court ruled the exact opposite: "Based on the record and governing legal authority, [Kirk] is **not a 'hybrid' witness**." DE 3616 at 8 (emphasis added). As the Court correctly noted, Kirk is "**a classic Federal Rule of Evidence 702 witness**" (DE 3616 at 7 emphasis added)—an expert witness, not a fact witness under Federal Rules of Evidence 602 or 701. She was clearly precluded from offering testimony at trial. *See* DE 3616. Furthermore, the Court made clear that Kirk lacks relevant personal knowledge. *Id*. at 7-8 (finding Kirk "devoid of any personal knowledge of any Plaintiff's alleged injuries or Chiquita's operations" and stating "[h]er conceded lack of personal knowledge as to the

4

Plaintiffs' injuries puts her squarely in the hypothetical"). She therefore cannot testify as a fact witness. *See Travelers Prop. Cas. Co. v. Ocean Reef Charters LLC*, 71 F. 4th 894, 901 (11th Cir 2023) (noting that a non-expert witness "c[an] only testify based on his 'personal knowledge'" and any opinions such witness may give would need to be based on "first-hand observations," not "specialized knowledge"); *see also id*. at 906 (noting that "the ability to answer hypothetical questions is '[t]he essential difference' between expert and lay witnesses'" (quoting *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005)). Kirk is not a "fact" witness at all; she was an expert witness for whom Plaintiffs violated the rules regarding expert disclosures and she cannot testify at trial. *See Travelers*, 71 F.4th at 907 (holding that a plaintiff cannot evade Rule 702 "through the simple expedient of proffering an expert in lay witness clothing" nor can a party "evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26…by simply calling an expert witness in the guise of a layperson.").

  **b.**  **Alvaro Villarraga is Precluded by DE 3609 and has no Personal Knowledge (Response to Pls.' Notice § 2b)**

Plaintiffs concede that they did not disclose Alvaro Villarraga in formal discovery responses. That should end the inquiry. Yet Plaintiffs continue to repeat their already-rejected contention that he was somehow properly "disclosed" because his name (with no other identifying information or description of potential testimony) was listed in an email between counsel in January 2018. This is the same argument Plaintiffs raised in Opposition to Chiquita's Motion to Strike and it has already been soundly rejected—twice. *See* DE 3609, as clarified by DE 3646.

Plaintiffs also repeat the same failed argument they attempted to make at the March 25, 2024 Pretrial Conference—that Chiquita's interrogatories did not ask Plaintiffs to identify all relevant witnesses but only those with personal knowledge specific to the Bellwether decedents. Far from concede this incorrect assertion, Chiquita's counsel plainly disproved it and read the

5

relevant interrogatories into the record.[2] Moreover, Plaintiffs' newly-constrained reading of Chiquita's interrogatory is belied by the fact that even *they* read the interrogatory more broadly—identifying several witnesses that did **not** have specific knowledge of Plaintiffs' alleged injuries. *E.g.*, Response to Interrogatory No. 12 identifying Andrew Miller and Robin Kirk as witnesses "who may possess discoverable information related to the AUC's activities in Uraba during the relevant time period."

Lastly, Plaintiffs' concession that Villarraga has no personal knowledge related to the Bellwether cases *alone* warrants his exclusion because he is not a proper fact witness. Indeed, Plaintiffs attempted to submit an untimely declaration from Villarraga in connection with opposing Defendants' Motion for Summary Judgment on Plaintiffs' TVPA claims, where he clearly states that his testimony is not based on personal knowledge but rather his professional experience as a political scientist and professor. *See* DE 2346-103 (Ex. 228 to PSMF, ¶¶ 1-9) (listing professional qualifications of Villarraga and attesting that the facts contained in his declaration are based on his research, interviews with others, and research conducted by his employees). As Defendants noted in their Reply in Support of their Motion for Summary Judgment, the Court should preclude Villarraga's testimony "because he is an undisclosed expert witness masquerading as a fact witness, who admits that he does not have personal knowledge of any of the facts contained in his declaration." *See* DE 2423 at 9 n. 11.

---

[2] The relevant interrogatory requested identification of any person "that you believe has discoverable information that tends to support ***any position that you have taken or intend to take in this action***, concerning the alleged injuries, disappearance, or death of you or the Alleged Victim, and state the subject matter of the information possessed by that person." DE 2346, Ex. 3 (Interrogatory 12).

6

        **c.**      **Plaintiff Lina Maria Berdugo Lechuga Should Not Be Permitted to Testify in the April Trial Nor Can Any Other Undeposed Plaintiffs Testify at Trial (Response to Pls.' Notice § 2f)**

Plaintiffs claim that "several Plaintiffs" who were unable to obtain visas for depositions have suddenly been able to obtain visas for trial. It is not clear who the "several" Plaintiffs are as Plaintiffs identify only one: Lina Maria Berdugo Lechuga. Ms. Lechuga should not be permitted to testify at trial because she did not make timely efforts to seek a visa[3] and it would be highly prejudicial to Chiquita to allow her to simply appear at trial without first being deposed. Nor does deposing her now alleviate any prejudice as Chiquita will be in the midst of trial. Accordingly, if the Court is inclined to permit Ms. Berdugo's claims to go forward, Chiquita proposes that her case be deferred until the July 2024 trial slot. This would give the Parties time to schedule her deposition after the conclusion of the April trial and with sufficient time before the start of the July trial.

        **d.**      **Third Party Witnesses Angel Maria Restrepo and Luis Arnoldo Restrepo are Precluded by DE 3609 (Response to Pls.' Notice § 2g)**

Witnesses Angel Maria Restrepo and Luis Arnoldo Restrepo do not have "claims of their own"—they are not plaintiffs. They are third party witnesses who were not timely disclosed in initial disclosures or interrogatories. They are precluded from testifying under DE 3609. Furthermore, Plaintiffs' footnote 6 requesting that the Court reserve ruling as to Bellwether 1B witnesses is improper. Discovery has long closed for Bellwether 1B. All of the witnesses listed in Plaintiffs' footnote were precluded by DE 3609 or for failure to secure a visa to be deposed by the discovery deadline.

---

[3] Ms. Berdugo was ordered on **November 13, 2019** to "make additional, good faith and diligent efforts to secure visas for travel to the United States" (*see* DE 2605) and counsel concede that she did not actually reapply for a visa until **October 6, 2023**.

   **e.** **Three Witnesses Recently Deposed in Colombia are Still Precluded from Testifying at Trial by DE 3609 (response to Pls.' Notice § 2a)**

Plaintiffs claim that three untimely disclosed witnesses are excluded from DE 3609 because they were recently deposed in Colombia: Carlos Manuel Bello Arrieta; Onelsi Mejia; and Roberto Cardona Munoz. When the Court allowed these depositions to proceed, however, the Court was not deciding the admissibility of these witnesses' testimony and no exception was made in DE 3609 for these witnesses who were all untimely or at best informally disclosed. Chiquita's ability to take the depositions of these three witnesses did not cure any prejudice such improper and late disclosure caused Chiquita. As counsel for Chiquita stated on the record at the April 9 pretrial conference, Chiquita does not have an adequate opportunity to follow up on the information disclosed at these depositions and they should not be permitted to testify in the Bellwether 1A trial. *See* April 9 Transcript at 128-131.

   **f.** **Mike Evans and Marina Daroca Bazan are Precluded by DE 3609 and Their 1006 Summaries Should be Excluded (Response to Pls.' Notice § 2d)**

Mike Evans and Marina Daroca Bazan are precluded from testifying by DE 3609. Furthermore, the 1006 Summaries they intend to present should be excluded for the reasons set forth in Defendant's Responses to the 1006 Summaries (DE 3586 and 3587) and argued at the April 9, 2024 pretrial conference.

   **g.** **Authentication witnesses**

The Parties are meeting and conferring concerning the need for authentication witnesses and will promptly advise the Court if Court intervention will be required to resolve any remaining issues.

8

3.  **Use of Insurance Depositions at Trial**

The Court precluded both parties from using insurance depositions. *See* DE 3610 ("Deposition testimony from insurance coverage cases related to this case may not be used at trial in this matter. The insurance carrier's motives are distinct from the issues which the jury in this case must decide, utilizing testimony from the insurance coverage cases is likely to confuse the jury, and any probative value is outweighed by its prejudice to Plaintiffs.") There should be no outstanding issue for the Court to address.

4.  **Chiquita's Response to Plaintiffs' Objections to Jury Instructions and Additional Objections to the Hazardous Activities**

In the parties' joint jury instructions submission (DE 3575), Chiquita expressly reserved the right to submit responses to Plaintiffs' objections, given that Plaintiffs unilaterally submitted "responses" to Chiquita's objections in violation of the Fifth Amended Global Scheduling Order and the parties' agreement. Chiquita further reserved the right to "amend and/or supplement its proposals, in light of the pending motions before the Court addressing unresolved issues of law." DE 3575 at 4.

Consistent with that reservation of rights, and after the Court entered DE 3628 on April 8, 2024 ruling that hazardous activities liability was going to tried, Chiquita submitted a hazardous activities instruction and expert declaration cited in those instructions. Prior to that order, Chiquita reasonably relied on the Court's summary judgment opinion (DE 3238) in understanding that the hazardous activity claim was not set for trial. It would be unduly prejudicial to Chiquita to both revive this dismissed claim and also refuse to allow Chiquita to submit a proposed instruction on the claim. Further, Plaintiffs have suffered no prejudice from Chiquita's proposed instruction given that they have now submitted nine pages of objections.

9

Chiquita maintains that the jury should not be charged on this claim at all and that Plaintiffs should be precluded from arguing to the jury that Chiquita's conduct was "hazardous" or "dangerous." The Court will resolve the claim for hazardous activity liability under a Rule 50 motion as contemplated by DE 3628.

### 5. Additional Unresolved Issues in Jury Instructions

Jury instructions should be argued at a proper charging conference to be held at the appropriate time later on at trial but Chiquita will be prepared to address any questions the Court may have at this time concerning unresolved legal issues.

### 6. Unresolved Issues from Plaintiffs' Motions in Limine

The Court has already heard oral argument on issues 1 and 6 in Plaintiffs' Notice. Chiquita will be prepared to argue issues 2 through 5 to the extent the Court wishes to hear argument on these issues.

## II. DEFENDANT'S ADDITIONAL TOPICS FOR DISCUSSION

### 1. Additional Deficiencies with Plaintiffs' Exhibit List

Plaintiffs continue to refuse to submit a properly amended exhibit list that conforms to the Court's Order striking exhibits that were untimely disclosed and corrects the many other deficiencies that are impeding Chiquita's ability to adequately prepare for trial including duplicative exhibits and untranslated exhibits. Notwithstanding the Court's Order that the Parties exchange amended exhibit lists by April 19, Plaintiffs responded by email on April 20th that: "our exhibit list remains unchanged." Chiquita continues to be prejudiced by Plaintiffs' improper exhibit list. Plaintiffs must amend their list and provide the Court and Defendant with a proper, final set of exhibits intended to be used at trial.

## 2. Deposition Designations of Plaintiff Fabio Villa Quintero

On April 17, 2024, Plaintiffs for the first time served deposition designations for Fabio Villa Quintero noting that he "may not be able to travel as anticipated to provide Live testimony." Plaintiffs then unilaterally demanded that Chiquita provide counter-designations and objections by Monday April 22, 2024. Plaintiffs did not seek leave of Court to submit these late deposition designations or submit any supporting materials showing such deposition testimony is allowed under the Federal Rules of Civil Procedure.

## 3. Additional Issues with Plaintiffs' Witnesses

In addition to the witness issues identified above, Plaintiffs list three witnesses who do not appear to be proper fact witnesses with personal knowledge relevant to the Bellwether cases:

- Alfredo Vargas: "Colombian researcher specializing in the Uraba region"
- Andrew Miller: "former volunteer with Peace Brigades International in Uraba in 1999-2000"
- Silvia Berrocal: "Municipal Counselor in Apartado, Uraba"

None of these three witnesses are mentioned in any of the thousands of trial exhibits in any meaningful way.

## 4. Verdict Sheet

Individuals who are not parties to the case and/or did not prosecute their claims through summary judgment cannot be listed on the verdict sheet as eligible to recover monetary damages.[4]

1. Cristian David Durango Gomez
2. Maria Palencia Sibaja*
3. Karina del Pilar Palencia Castillo*
4. Gisel Palencia Castillo*

---

[4] Chiquita reserves the right to raise issues specific to the Bellwether 1B cases at the appropriate time before the July trial. For instance, Plaintiffs also improperly seek to include nonparties on the BW1B verdict sheet.

5. Roberto Cardona Munoz
6. Yesenia Cardona Munoz*
7. Angel Maria Restrepo Torres
8. Edilson Restrepo Torres
9. Luis Arnoldo Restrepo
10. Nelson De Jesus Restrepo
11. Neyla Lucia Restrepo
12. Suleima Jhoanna Restrepo*
13. William Restrepo*
14. Ameira Restrepo Torres*
15. Alba Sandrith Jinete Polo*
16. Jose Gregorio Jinete Polo*
17. Harold David Jinete Polo*
18. Genei Cecilia Salas Redondo*
19. Britney Carolina Fontalvo Sanchez*
20. Yuleidys Rodriguez Mora
21. Yaneris Rodriguez Mora
22. Zuleima Rodriguez Mora
23. Irma Ester Villa Correa*
24. Jorge Ivan Villa Quintero*
25. Martha Cecilia Villa Correa*
26. Nibia Estela Villa Correa*
27. Rubiela Villa Hoyos*
28. Lina Maria Berdugo Lechuga

An asterisk indicates that this individual is not listed on Plaintiffs' trial witness list. These individuals should be removed from the verdict sheet for the additional reason that the Court ordered in DE 3649: "If Plaintiffs are going to claim damages, they must come in to testify and be subject to cross examination. Defendant must be able to hear what the evidence is as to damages so they can rebut even a presumptive claim under Colombian law, as argued by Plaintiffs." DE 3649 at 2-3.

### 5. Coordination of Witnesses Subject to Plaintiffs' Third-Party Subpoenas

Plaintiffs have served subpoenas on several witnesses. Chiquita requests that Plaintiffs provide a narrow window and reasonable advanced notice of when such witnesses will be requested to appear live at trial.

12

6. **Time Limit for Plaintiffs' Opening Statement and Defendant's Opening Statement**

7. **Technology for Trial**

DATED: April 21, 2024

                                        Respectfully submitted,

                                        */s/ Michael L. Cioffi*

Michael L. Cioffi (*pro hac vice*)
Thomas H. Stewart (*pro hac vice*)
BLANK ROME LLP
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Tel:   (513) 362-8701/04
Fax:  (513) 362-8702/93
Email: michael.cioffi@blankrome.com
          tom.stewart@blankrome.com

Frank A. Dante (*pro hac vice*)
Melissa F. Murphy (*pro hac vice*)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel:   (215) 569-5645
Fax:  (215) 832-5645
Email: frank.dante@blankrome.com
          melissa.murphy@blankrome.com

*Counsel for Defendant,*
*Chiquita Brands International, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with the Clerk of the Court using CM/ECF on April 21, 2024 which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

/s/ Michael L. Cioffi
*Counsel for Defendant Chiquita Brands International, Inc.*