UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-MD-01916-MARRA/MATTHEWMAN

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Document Relates to:
_____/

**ATS ACTIONS**
_____/

07-60821-CIV-MARRA (Carrizosa Action)
08-80421-CIV-MARRA (NJ Action)
08-80465-CIV-MARRA (Does 1-144/Perez 1-795 Action)
08-80480-CIV-MARRA (Manjarres Action)
08-80508-CIV-MARRA (Valencia Action)
10-60573-CIV-MARRA (Florida Montes Action)
11-80404-CIV-MARRA (Does 1-677 Action)
17-80535-CIV-MARRA (Ohio Montes Action)
17-80475-CIV-MARRA (Does 1-2146 Action)
18-80800-CIV-MARRA (Does 1-144/Perez 1-795 Action)
18-80248-CIV-MARRA (NJ Action)
_____/

**DEFENDANT'S OPPOSITION TO NON-WOLF PLAINTIFFS' MOTION
TO ADMIT STATEMENTS FROM THE JUSTICE DEPARTMENT**

After the Court repeatedly denied admission of the Sentencing Memorandum, Guilty Plea and Criminal Information, Plaintiffs offer the evidence again but contend that they are being admitted for a non-hearsay purpose. However, merely stating that they are not offering the evidence for a non-hearsay purpose does not make that true or accurate. There is no exception available to Plaintiffs. These statements are inadmissible hearsay, prejudicial and improper rebuttal evidence.

1

## I. Statements of DOJ's "Official Position" Are Hearsay Statements.

Plaintiffs contend that statements of DOJ's "official position" are not hearsay. That can only be true if Plaintiffs are offering these statements for a non-hearsay purpose, which they are not. There is no non-hearsay purpose they are offering it for. Plaintiffs state "[m]ost if not all of the specific statements Plaintiffs wish to present are not hearsay; they are an official statement of DOJ's position in the criminal case." DE 3777 at 1. But being an "official statement" does not make it admissible hearsay. Plaintiffs do not articulate any non-hearsay purpose that would apply here.

Plaintiffs' attempt, in the alternative, to relitigate the Court's ruling on the application of Rule 803(8) to these documents is unavailing. *See* DE 3777 at 3. The Court already ruled on this. *See* DE 3620 at 1–2.

## II. Plaintiffs' Use of DOJ's Advocacy Statements Is Not Proper Rebuttal Evidence

As a threshold matter, Plaintiffs only rely on statements by Chiquita's former general counsel, Robert Olson, as statements that warrant this "rebuttal" evidence. However, as Plaintiffs acknowledge, Plaintiffs raised these exact arguments already when they attempted to use and introduce the Sentencing Memorandum with Olson on cross—which the Court rejected. *See* Trial Tr. Vol. 24 at 81:25–82:1 ("THE COURT: You can't. We're not going through the sentencing memorandum.").

### A. No Witness Testified that the DOJ Allowed Chiquita to Continue Payments and Regardless, Plaintiffs Do Not Proffer Proper Rebuttal Evidence

First, Plaintiffs claim that they should be permitted to rebut testimony that DOJ agreed that the AUC had extorted Chiquita. But Plaintiffs rely on Olson's testimony discussing the portion of paragraph 21 of the Factual Proffer which states that "Castano sent an unspoken but clear message that failure to make the payments could result in physical harm to Banadex personnel and

2

property." *See* Trial Tr. Vol. 24 at 85:11–86:3. There, Olson merely testified that in his view, that portion of the factual proffer affirmed his understanding of the earlier conversations he had in April 2003. *See id.*

Additionally, any rebuttal evidence about what was conveyed at the April–September 2003 meetings between the DOJ and Chiquita is set forth squarely in the Factual Proffer, which is already in evidence. *E.g.*, P583 at ¶ 62 ("Department of Justice officials told Individual B and Individual C that defendant CHIQUITA'S payments to the AUC were illegal and could not continue. Department of Justice officials acknowledged that the issue of continued payments was complicated.").

Plaintiffs already have the specific rebuttal evidence they purport to need. Their attempt to distort Olson's testimony to backdoor inadmissible and prejudicial statements into evidence should be rejected.

**B. No Witness Testified that the DOJ Believed that Chiquita Committed a Serious Crime**

Next, Plaintiffs claim they should be permitted to rebut testimony suggesting that DOJ did not believe Chiquita committed a serious crime. There is simply no testimony whatsoever by any Chiquita witness that the DOJ did not believe Chiquita committed a serious crime. This is made plainly obvious by Plaintiffs' reliance on Olson's testimony where he merely recites his understanding of what Chiquita was charged with—i.e. "engaging in a transaction without first having obtained a license"— which is completely accurate. DE 3777 at 6.

Olson *never* testified about the DOJ's understanding of whether the crime Chiquita was charged with was serious or not. He merely testified about the crime that Chiquita was, in fact, charged with. Olson provided his own understanding of that, but notably his explanation was completely consistent with the plain language of the Factual Proffer, which states that "Defendant

3

CHIQUITA never applied for nor obtained any license from the Department of the Treasury's Office of Foreign Assets Control with respect to any of its payments to the AUC."

Olson *never* testified that the DOJ believed that the crime to which Chiquita pled guilty was not serious. Olson testified to exactly what the company was charged with. There is nothing to rebut about that testimony.

### C. No Witness Testified that the DOJ Allowed Chiquita to Continue Payments and Regardless, Plaintiffs Do Not Proffer Proper Rebuttal Evidence

Finally, Plaintiffs contend they should be permitted to rebut testimony suggesting DOJ allowed Chiquita to continue the payments. The first problem with Plaintiffs' contention is that *no witness* testified that the DOJ allowed Chiquita to continue the payments. In fact, Chiquita's witnesses have specifically stated that the DOJ stated that they could not approve Chiquita's payments. Trial Tr. Vol. 23 at 249:13–16 ("And my understanding of that meeting was that the DOJ specifically declined an invitation to tell the company to stop making the payments. ***And what they said, instead, was we can't endorse them, we can't condone them, we can't approve them***." (emphasis added)). There is nothing to rebut here.

Plaintiffs cite to Robert Olson's testimony that he believed that the DOJ understood that Chiquita was in a tough situation and the situation was complicated. *See* DE 3777 at 7–8. But Olson merely testified to his understanding of the DOJ's receptiveness of Chiquita's situation during the April–September 2003 timeframe, after specific meetings with the DOJ. *See* Trial Tr. Vol. 23 at 238:4–12. But any rebuttal evidence about what was conveyed at the April–September 2003 meetings between the DOJ and Chiquita is set forth squarely in the Factual Proffer which is already in evidence, where the DOJ states exactly what they believe occurred at these specific meetings. *E.g.*, P583 at ¶ 62 ("Department of Justice officials told Individual B and Individual C that defendant CHIQUITA'S payments to the AUC were illegal and could not continue.

4

Department of Justice officials acknowledged that the issue of continued payments was complicated.").

Even if there was a fact to rebut, the Sentencing Memorandum, Guilty Plea and Criminal Information are not rebuttal evidence to what Olson testified. Olson did not say that the DOJ, at the time of prosecuting Chiquita, understood that Chiquita was in a tough position. Olson testified about ***his understanding*** of early meetings with the DOJ, to which he was a participant. Plaintiffs cannot use statements – made for the purpose of advocating for Chiquita's criminal sentence – as rebuttal evidence when those statements reflect the DOJ's "position" at the time of sentencing, and not during the time period discussed by Olson. Clearly, at the time of prosecution, the DOJ did not approve of Chiquita's payments—again, a fact made plainly obvious by Chiquita's eventual prosecution. Plaintiffs have repeatedly made this point on cross examination. *See e.g.*, Trial Tr. Vol. 24 at 81:4–11 ("Q. No matter what you may have guessed or interpreted or thought the Federal Government might have thought about Chiquita's years of payments to Colombian terrorists, we know exactly what the Federal Government thought after it conducted its soup to nuts investigation because the Department of Justice told Chiquita and the world in writing what it thought, didn't it? Just yes or no, sir. A. Yes."). There is no basis to admit the Sentencing Memorandum, Guilty Plea, or Criminal Information for purposes of rebuttal because (1) there is nothing to rebut and (2) this evidence is not proper to rebut what Plaintiffs seek to rebut.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied. The Court should enforce its prior rulings and reject Plaintiffs' repeated attempts to admit the Sentencing Memorandum, the Guilty Plea and the Criminal Information because they are inadmissible hearsay without any exception.

5

Dated: June 3, 2024

Respectfully submitted,

/s/ *Michael L. Cioffi*
Michael L. Cioffi (*pro hac vice*)
Thomas H. Stewart (*pro hac vice*)
BLANK ROME LLP
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Tel:   (513) 362-8701/04
Fax:   (513) 362-8702/93
Email: michael.cioffi@blankrome.com
       tom.stewart@blankrome.com

Frank A. Dante (*pro hac vice*)
Melissa F. Murphy (*pro hac vice*)
Michael A. Stoolman (*pro hac vice*)
Serena S. Gopal (*pro hac vice*)
Blank Rome LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel:   (215) 569-5645
Fax:   (215) 832-5645
Email: frank.dante@blankrome.com
       melissa.murphy@blankrome.com
       michael.stoolman@blankrome.com
       serena.gopal@blankrome.com

*Counsel for Defendant,*
*Chiquita Brands International, Inc.* and
*Liaison Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with the Clerk of the Court using CM/ECF on June 3, 2024 which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

*/s/ Michael L. Cioffi*
*Counsel for Defendant Chiquita*
*Brands International, Inc.*