UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-MD-01916-MARRA/MATTHEWMAN

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/
This Document Relates to:

**ATS ACTIONS:**

07-60821-CIV-MARRA (Carrizosa Action)
08-80421-CIV-MARRA (NJ Action)
08-80465-CIV-MARRA (Does 1-144/Perez 1-795 Action)
08-80480-CIV-MARRA (Manjarres Action)
08-80508-CIV-MARRA (Valencia Action)
10-60573-CIV-MARRA (Florida Montes Action)
11-80404-CIV-MARRA (Does 1-677 Action)
17-80535-CIV-MARRA (Ohio Montes Action)
17-80475-CIV-MARRA (Does 1-2146 Action)
18-80800-CIV-MARRA (Does 1-144/Perez 1-795 Action)
18-80248-CIV-MARRA (NJ Action)
_____/

**DEFENDANT CHIQUITA'S RULE 50 MOTION FOR
PARTIAL JUDGMENT AS A MATTER OF LAW**

I.     **INTRODUCTION**

On April 8, 2024, this Court ruled that Plaintiffs' claims under Article 2356 of the Colombian Civil Code, which seek to hold Defendant Chiquita Brands International, Inc. ("Chiquita") liable for allegedly conducting "hazardous" activities, survived summary judgment and Plaintiffs could assert those claims at trial, "subject to a Rule 50 motion for judgment as a matter of law after the close of Plaintiffs' case." DE 3628 at 1-2.[1]

---

[1] As stated in DE 3630 § H, as argued on the record at the April 9, 2024 pretrial conference, and as objected to in DE 3653 at n. 55, Chiquita maintains that it was, and continues to be, substantially prejudiced by the revival of the Article 2356 claim merely two weeks before trial and after reasonably relying on the Court's summary judgment ruling that only negligence style claims

In accordance with the Court's order, Chiquita submits this motion seeking judgment in its favor on all Plaintiffs' Article 2356 claims because, after the presentation of their case in chief and rebuttal case, no reasonable factfinder could conclude that Plaintiffs are entitled to relief. The evidence introduced at trial conclusively establishes (1) Chiquita did not engage in any "hazardous" activities and (2) Chiquita's conduct alleged to be hazardous was not the cause of Plaintiffs' harm. Accordingly, Chiquita respectfully requests that the Court enter judgment as a matter of law in its favor on Plaintiffs' Article 2356 claims.

## II.   ARGUMENT

### A.   Legal Standard.

Judgment as a matter of law is appropriate if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue." Fed. R. Civ. P. 50(a)(1); *see also Bonet v. Now Courier, Inc.*, 203 F. Supp. 3d 1195, 1206-07 (S.D. Fla. 2016) (same). The court may grant the motion "against the party on a claim or defense." Fed. R. Civ. P. 50(a)(1)(B).

Although the court must review the evidence "in the light most favorable to the non-moving party, [] the 'non-movant must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts.'" *Smart v. City of Miami Beach*, 933 F. Supp. 2d 1366, 1372 (S.D. Fla. 2013) (quoting *Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir.2000)). Put differently, "a motion for judgment as a matter of law will be denied only if reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." *Abel*, 210 F.3d at 1337.

---

would proceed at trial. Further, the claim was only pled by three of the ten Bellwether 1A plaintiffs. Chiquita makes this Motion subject to and without waiving these objections and arguments.

### B. Whether Chiquita's Activities Were "Hazardous" Is a Legal Question for the Court to Decide.

The key question of whether Chiquita's activities were "hazardous" for the purposes of liability under Article 2356 is a legal question for the Court to decide, not for the jury.

Florida law is controlling on the issue of whether the court or jury determines the issue because Colombia is a civil law country in which there are no jury trials—every issue is decided by the Court. Florida has adopted the Restatement (Second) of Torts, *see Great Lakes Dredging & Dock Co. v. Sea Gull Operating Corp.*, 460 So.2d 510, 512 (Fla. 3d DCA 1984), which makes clear that whether an activity is abnormally dangerous is "to be determined by the court" and that the imposition of strict liability for such activity "calls for a decision of the court; and it is no part of the province of the jury to decide," Rest. (Second) Torts § 520, cmt. 1. Consistent with the Restatement and Florida law, this Court should not submit Plaintiffs' Article 2356 claims to the jury and, as discussed in more detail below, judgment must be entered in favor of Chiquita, because Plaintiffs have not presented evidence sufficient to prove the elements of an Article 2356 claim.

### C. Plaintiffs Failed to Present Any Legally Sufficient Evidentiary Basis to Prevail on Their Article 2356 Claims.

Regardless of whether or not this Court determines that the Article 2356 claims could be decided by a jury, the Court should enter judgment in favor of Chiquita now because the undisputed evidence at trial shows that: (1) Chiquita did not engage in any "hazardous" conduct giving rise to liability under the statute; and (2) third parties' actions—not Chiquita's—caused the purported harm.[2]

---

[2] Chiquita does not concede that the AUC killed any of the at-issue decedents. On the contrary, Plaintiffs' case in chief showed that the AUC was *not* involved in any of the applicable killings. However, resolution of this Motion does not require determination of AUC involvement and can be granted even assuming the AUC killed the at-issue decedents.

Colombian law imposes a strict liability regime on "hazardous" activities under Article 2356.  DE 3653-1, Decl. of Jorge Santos Ballesteros, ¶ 3.  Accordingly, to succeed on a hazardous activity liability claim under Colombian law, a plaintiff must prove by a preponderance of the evidence each of the following elements: (1) the performance of a hazardous activity by the defendant; (2) damage suffered by the plaintiff; and (3) a causal link between the hazardous activity and the damage.  *Id.*  Plaintiffs have presented no evidence establishing that Chiquita performed a hazardous activity or the necessary causal link and, as such, their claims fail as a matter of law.  *See id.* ("The absence of any one of these elements precludes a finding of liability.").[3]

### 1. Chiquita's Activities Are Not "Hazardous."

The only evidence presented at trial of Chiquita's activities make clear that those activities are not "hazardous."  Under Colombian law, a "hazardous" activity "must inherently involve an extraordinary hazard, risk, or danger" and present a "connatural and extraordinary risk," and it includes activities such as maintaining "a warehouse for flammable substances, an explosive factory" or operating "a railway or an automobile."  DE 3653-1 ¶¶ 7-9; 19.  Article 2356 specifically provides three such examples of "hazardous" activities: (1) recklessly firing a firearm; (2) removing the slabs of a ditch or pipe, or uncovering them in a street or road, without the necessary precautions to prevent those who pass there by day or night from falling in; and (3)

---

[3] In deciding questions of foreign law, "the Court has broad discretion to consider 'any relevant material or source, including testimony' . . . irrespective of whether such materials would be admissible under the Federal Rules of Evidence." *Osorio v. Dole Food Co.*, 665 F. Supp. 2d 1307, 1322 (S.D. Fla. 2009) (quoting Fed. R. Evid. 44.1), *accord* DE 2691 at 17 ("The Court may also consult other sources of foreign law, such as articles, treatises, and judicial opinions, whether submitted by a party or admissible under the federal rules of evidence. Rule 44.1, Federal Rules of Civil Procedure.").  As such, the Court may rely on the parties' expert declarations in deciding these issues, regardless of their admissibility at trial.

4

leaving an adequate or fountain, which crosses a road, in such a state as to cause harm to those who travel along the road. *Id.* ¶ 6.

Chiquita's agricultural activities are obviously not "hazardous," and no evidence presented by Plaintiffs shows otherwise. At most, the evidence introduced by Plaintiffs at trial shows that Chiquita made certain payments to the AUC (which Chiquita does not dispute). *See, e.g.*, Jury Trial Tr. Vol. 6 (May 1, 2024), at 109:14-18; Jury Trial Tr. Vol. 7 (May 2, 2024), at 20:18-21-25; 98:14-25. However, such conduct does not amount to a hazardous activity as a matter of law because "the transfer of money does not involve inherently any extraordinary danger." DE 3653-1 ¶ 14 (explaining that "the act of paying money or dealing with money does not constitute a hazardous activity" because "the transfer of money does not involve inherently any extraordinary danger" even if that money "facilitate[s] the occurrence of criminal acts"); *id.* ("funding a hazardous activity does not entail that funding is dangerous"). And, even assuming that Plaintiffs introduced evidence that Chiquita's payments assisted *others'* hazardous or even terrorist activities (and they did not), that does not establish that *Chiquita's* activities were hazardous. *Id.* ¶¶ 17-18 (noting that the Colombian Supreme Court has found no hazardous activity liability where party's conduct allegedly "allowed" a terrorist attack to occur).

Finally, Plaintiffs offered no expert opinion or testimony whatsoever on whether Chiquita's activities were hazardous. Jury Trial Vol. 14 (May 14, 2024), at 99:10-12 ("Q. You are not going to be opining on whether or not Chiquita's conduct constituted hazardous activity, is that correct? A. Correct.") (Kaplan on direct). Because Chiquita's payments to the AUC do not amount to a "hazardous" activity as contemplated by Article 2356, Plaintiffs' claims fail as a matter of law. *See* DE 3653-1 ¶ 3 ("The absence of any one of these elements precludes a finding of liability.").

5

### 2. Plaintiffs Have Not Proven a Causal Link between Chiquita's Payments and the Alleged Harm Suffered by Plaintiffs.

To the extent Plaintiffs base their Article 2356 claims on the AUC's trafficking of guns and drugs, that, too, is insufficient as a matter of law to establish liability because (1) it was the AUC, not Chiquita, that smuggled the contraband and (2) it is undisputed that Chiquita did not kill any applicable decedent and instead other third parties committed such acts. For these reasons, Plaintiffs cannot satisfy the causation element of the claims.[4]

Plaintiffs introduced testimony, *see e.g.*, Jury Trial Tr. Vol. 6 (May 1, 2024) at 163:20-164:6, and exhibits, *e.g.*, P2027A, indicating that the AUC smuggled weapons and drugs in ports where Chiquita had a presence, but the uncontroverted evidence is clear that Chiquita was not directly involved in those activities, *see e.g.*, *id.* at 165:24-166:4 ("Q. Okay. And your testimony at that time was that Raul Hasbun, Pedro Bonito, told Victor Buitrago that he was unloading these containers, correct? A. Yes, he told him he was unloading the containers, he didn't need his help, and, in fact, he dismissed him. He didn't want Chiquita to help him."); Jury Trial Tr. Vol. 7 (May 2, 2024) at 44:10-14 ("Q. In your research, did you find anything in your preparation for a 30(b)(6) deposition, anything within Chiquita's knowledge that Chiquita was involved in th[e] drug shipment in any way? A. No.").

But even if Plaintiffs had presented evidence that Chiquita assisted or facilitated the AUC's shipments of drugs and guns, that alone cannot support a claim under Article 2356. To establish the causation element of a strict liability claim under Article 2356, Plaintiffs must prove that the

---

[4] Chiquita does not concede that the smuggling of weapons and drugs is a "hazardous" activity under Article 2356. *See* DE 3653-1 ¶¶ 15, 19 ("A hazardous activity is not a criminal one. . . . Committing a crime does not constitute *per se* a hazardous activity even if the conduct may cause harm."). But even if it were hazardous, Plaintiffs have not proven their claim for the reasons discussed in this subsection.

6

hazardous activity was the adequate cause of their injuries. DE 3653-1 ¶¶ 20-22.  In other words, Plaintiffs must prove that the harm to Plaintiffs and their decedents would not have occurred but for Chiquita's conduct.  *Id.*  Critically, however, if a third-party's actions are the cause of the harm, a defendant's liability is negated.  DE 2363-1, Decl. of Justice Jaime Arrubla Paucer, ¶ 96 ("[T]he only thing that exonerates the supposed perpetrator is the extraneous element, which is to say . . . **the participation of** the victim or **a third party, when his/her actions constitute the sole and exclusive cause** or, better, the **extraneous cause** impedes the imputation of the cause of damage to the conduct of the supposed perpetrator.") (emphasis added).

Here, even if the fact finder could conclude that Chiquita facilitated the AUC's weapons and drugs smuggling operations, the AUC's conduct in actually carrying out the smuggling (and other third parties' conduct in actually committing the killings at issue in this case[5]) are precisely the sort of "extraneous element[s]" that break the causal chain and "exonerate" Chiquita from liability under Article 2356.  *See* DE 2363-1 ¶ 96.[6]  Put differently, even if Plaintiffs presented evidence that Chiquita facilitated the AUC's shipments of guns and drugs (and Plaintiffs did not do so),  the ultimate acts of third parties who caused the damages arising out of those shipments of guns and drugs are an extraneous cause that impedes any imputation of liability to Chiquita.

---

[5] Whether the killings were committed by the AUC or others, the record is clear that it was **not** Chiquita that committed these acts.  *See, e.g.*, Jury Trial Tr. Vol. 8 (May 3, 2024), at 32:6-13 (claiming AUC was the killer of Plaintiff's decedent); Jury Trial Tr. Vol. 10 (May 7, 2024), at 101:24-102:5 (same).

[6] Chiquita anticipates Plaintiffs will argue that it is Chiquita's burden to prove an "extraneous cause" as an affirmative defense. *See* DE 3654 at 17.  However, Rule 50 permits the Court to grant a motion for judgment as a matter of law "against the party on a claim **or defense**."  Fed. R. Civ. P. 50(a)(1)(B) (emphasis added).  Further, based on the evidence presented in Plaintiffs' case, there is no dispute that Chiquita was not involved in the killings, satisfying any purported burden of Chiquita in proving that the someone other than Chiquita killed the applicable decedents.

Indeed, Plaintiffs made clear in their opening statement that "Chiquita employees were not the gunmen in these murders." Jury Trial Tr. Vol. 5 (April 30, 2024), at 15-16. Further, following the presentation of every Plaintiffs' case, no Plaintiff proved or presented any evidence as to who actually killed any applicable decedent. Jury Trial Vol. 14 (May 14, 2024), at 150:1-8 (Kaplan) ("Q. But you didn't hear anyone testify, none of the plaintiffs could testify as to who actually pulled the trigger or wielded the knife; isn't that right? A. I believe they couldn't identify them by name, but they could identify them in terms of an armed group in some cases. Q. So, the answer to my question is, yes, no one can identify the actual killer; isn't that true? A. I believe that's correct."). Therefore, there is no proof that Chiquita's conduct was the adequate cause of any death.

Plaintiffs' counterarguments are unavailing. Plaintiffs maintain that liability is imposed on Chiquita simply for making payments to the AUC that could "generate[] risks or hazards to the civilian population beyond those which civilians are normally exposed," DE 3575-1 at 111. Plaintiffs similarly contend that this Court's prior ruling that "but for" causation is not required under Article 2341 and, therefore, it is not required under Article 2356. *See* DE 3654 at 9. However, those arguments are belied by Plaintiffs' own expert who, as discussed above, explained that actions by a third party—here allegedly the AUC or other bad actors—caused the harm to Plaintiffs, and therefore negate Chiquita's liability, *see* DE 2363-1 ¶ 96. Further, the Colombian case law cited by Plaintiffs in support of the arguments make clear that liability can be absolved by the acts of some "extraneous factor." DE 3654 at 10. And while Plaintiffs mistakenly attempt to apply the causation standard that the Court has decided to apply to the fault-based claim—which *will* be submitted to the jury—that standard is irrelevant to the Article 2356 claim.[7]

---

[7] Plaintiffs' own improper questions seeking pure legal conclusions from fact witnesses shows that Plaintiffs themselves are attempting to prove *fault*, not strict liability. *See* Jury Trial Tr. Vol. 6 (May 1, 2024)**,** at 176:12-19 ("Q. Ms. Howland, with regard to the two shipments of weapons that

8

In sum, the uncontroverted evidence introduced at trial shows that it was third parties who actually caused Plaintiffs' harm, which absolves Chiquita from liability under Article 2356. Accordingly, Plaintiffs' Article 2356 claims should be dismissed for this independent reason as well.

### III.   CONCLUSION

For the reasons set forth above, the Court should grant this Motion and enter judgment in favor of Chiquita on Plaintiffs' Article 2356 claims.

Dated: June 4, 2024

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Michael L. Cioffi*
Michael L. Cioffi (*pro hac vice*)
Thomas H. Stewart (*pro hac vice*)
BLANK ROME LLP
1700 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Tel:   (513) 362-8701/04
Fax:   (513) 362-8702/93
Email: michael.cioffi@blankrome.com
           tom.stewart@blankrome.com

Frank A. Dante (*pro hac vice*)
Melissa F. Murphy (*pro hac vice*)
Michael A. Stoolman (*pro hac vice*)
Serena S. Gopal (*pro hac vice*)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel:   (215) 569-5645
Fax:   (215) 832-5645
Email: frank.dante@blankrome.com
           melissa.murphy@blankrome.com

</div>

---

came through Chiquita's ports and were taken by the AUC and distributed by the AUC, did those weapons create a substantial and *foreseeable* risk of harm to the people of the banana zone? … A. I don't know. Weapons can cause harm.") (Howland) (emphasis added).

michael.stoolman@blankrome.com
serena.gopal@blankrome.com

*Counsel for Defendant,
Chiquita Brands International, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed this document with the Clerk of the Court using CM/ECF on June 4, 2024 which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

      */s/ Michael L. Cioffi*
      *Counsel for Defendant Chiquita*
      *Brands International, Inc.*