UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-MD-01916-MARRA/MATTHEWMAN

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.
ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

_____/

This Document Relates to:

**ATS ACTIONS:**

08-80465-CIV-MARRA (Does 1-144/Perez 1-795 Action) (Does 1-144 only)
10-80652-CIV-MARRA (Does 1-976 Action)
11-80404-CIV-MARRA (Does 1-677 Action)
11-80405-CIV-MARRA (Does 1-254 Action)
17-80475-CIV-MARRA (Does 1-2146 Action)
18-61385-CIV-MARRA (Does 1-144/Perez 1-795 Action) (Does 1-144 only)
18-80800-CIV-MARRA (Does 1-144/Perez 1-795 Action) (Does 1-144 only)
_____/

**JOINT MOTION OF WOLF PLAINTIFFS AND DEFENDANT CHIQUITA
FOR THE COURT TO ISSUE A SHOW CAUSE ORDER**

Wolf Plaintiffs and Defendant, Chiquita Brands International, Inc. including its former directors, officers, and employees ("Chiquita") have settled all the claims asserted in the above-captioned actions. One term of their Settlement Agreement requires the parties to move the Court for an order that each Wolf Plaintiff must contact Attorney Paul Wolf within 18 months of entry of the order either to participate in the settlement or state that they will continue litigating in the relevant action captioned above. The order should further provide that each Wolf Plaintiff must contact Mr. Wolf or show cause within 18 months after the order is entered why his or her claim should not be dismissed with prejudice for failure to prosecute. The Settlement Agreement expressly provides: "The effectiveness of this Agreement is contingent upon the entry of such an order (the 'Show Cause Order') as the only effective means to ensure a complete release of all Wolf Plaintiffs' claims." The parties, therefore, file this joint motion seeking such an order.

The Wolf Plaintiffs have been litigants in the above-captioned actions since 2007, 2010, 2011, and 2017 respectively. While their counsel, Paul Wolf, has attempted in good faith to maintain contact with all Wolf Plaintiffs, due to the passage of time, Wolf Plaintiffs moving or dying, and other factors, Mr. Wolf has not been able to maintain contact with each of the Wolf Plaintiffs. Likewise, not every Wolf Plaintiff has maintained contact with Mr. Wolf. Not only do attorneys have a duty to communicate with their clients in litigation, but also litigants have a duty to communicate with their attorneys during litigation. *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994) ("Maintaining communication during the course of litigation is the responsibility of both attorneys and their clients."). Numerous courts have so held. *See, e.g., Virtual Vision v. Praegitzer Indus. (In re Virtual Vision)*, 124 F.3d 1140, 1145 (9th Cir. 1997) ("We have made it abundantly clear in previous cases that litigants must make some reasonable effort to remain in contact with their attorneys and apprised of the status of their cases."); *Wiggins v. Daymar Coll. Grp., LLC*, 2015 U.S. Dist. LEXIS 173575, *111-14 (W.D. Ky. Dec. 29, 2015) (court found "an implicit obligation on the part of a client to keep his or her attorney informed of current contact information" and permitted plaintiffs' counsel to withdraw even as to "un-locatable" plaintiffs); *Doornbos v. Pilot Travel Ctrs. LLC*, 2008 U.S. Dist. LEXIS 125230, *7 (E.D. Tenn. Sept. 17, 2008) ("Because these [plaintiffs] have not contacted their counsel and have not returned their counsel's attempted contact, or kept their counsel aware of their current contact information, they have neglected their duties as participants in this litigation."). *See also* ABA, MODEL RULES OF PROFESSIONAL CONDUCT, Rule 1.4(a)(3), Comment 1 ("Reasonable communication between the lawyer and the client is necessary for the client effectively to participate in the representation").

The Wolf Plaintiffs' claims could not be resolved even at trial if they had not settled because a litigant must appear at trial for his or her case to be resolved by the jury. *See, e.g.*, DE 3949 at 2-3. Any Wolf Plaintiff who does not respond to the show cause order would likewise fail to appear for trial.

The proposed show cause order is appropriate under the circumstances and well within the Court's discretion to manage this MDL. *Bahn v. Korean Airlines Co.*, 642 F.3d 685, 700 (9th Cir. 2011) ("In discretionary matters going to the phasing, timing, and coordination of the cases, the power of the MDL court is at its peak."); *Gaydos v. Guidant Corp. (In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.)*, 496 F.3d 863, 867 (8th Cir. 2007). ("MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders."); *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977) (a court's "managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).[1]

Indeed, "to ensure the orderly administration of justice, [a district court] has the authority and responsibility to set and enforce reasonable deadlines." *Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002). Eighteen months is a reasonable deadline for Wolf Plaintiffs to communicate with their undersigned counsel, Mr. Wolf, and either participate or not participate in the settlement. And dismissal with prejudice is an appropriate sanction if they fail to do so. *See, e.g., Mutch v. PGA Tour, Inc.*, 2006 U.S. Dist. LEXIS 99849, at *5 (M.D. Fla. Jan. 25, 2006)

---

[1] Decisions of the former Fifth Circuit decided before October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

("Plaintiffs' counsel has made numerous appearances and filed numerous documents with the Court. However, Plaintiffs' counsel is unable to affirm to the Court that his clients . . . have even remained in contact with him throughout this litigation. In fact, Plaintiffs' counsel advised the Court that [Plaintiffs] have failed to respond to his numerous efforts to 'reach out' to them by telephone and in writing. In short, there is no indication that these individuals desire to pursue the suit they filed . . . .") (*report & recc. adopted by Mutch*, 2006 U.S. Dist. LEXIS 114527 (M.D. Fla., Jan. 18, 2006); *Diaz v. Jasmine Chen, Inc.*, 2014 U.S. Dist. LEXIS 55954, *5 (N.D. Tex. Mar. 19, 2014) (dismissing case because, inter alia, "Nor has Plaintiff maintained effective communication with his lawyer. The litigation cannot proceed under these circumstances . . . .") (*report & recc. adopted*, 2014 U.S. Dist. LEXIS 54643 (Apr. 18, 2014)).  Litigation must have finality and plaintiffs should not be permitted to unnecessarily delay the resolution of their claims by failing to maintain contact with their counsel and the Court.  Wolf Plaintiffs' own counsel agrees.

      For all these reasons, the Court should enter the requested show cause order, a proposed copy of which is filed herewith and will be emailed to chambers in Word format.

DATED: June 21, 2024            Respectfully submitted,

| | |
|---|---|
| *Paul David Wolf* | */s/ Michael L. Cioffi* |
| Paul David Wolf | Michael L. Cioffi (*pro hac vice*) |
| P.O. Box 60584 | Thomas H. Stewart (*pro hac vice*) |
| Colorado Springs, CO 80960 | BLANK ROME LLP |
| (202) 431-6986 | 1700 PNC Center |
| paulwolf@yahoo.com | 201 East Fifth Street |
| | Cincinnati, Ohio 45202 |
| Attorney for Wolf Plaintiffs | Tel:   (513) 362-8701/04 |
| | Fax:   (513) 362-8702/93 |
| | Email: michael.cioffi@blankrome.com |
| | tom.stewart@blankrome.com |
| | |
| | Frank A. Dante (*pro hac vice*) |
| | Melissa F. Murphy (*pro hac vice*) |
| | BLANK ROME LLP |
| | One Logan Square |
| | 130 N. 18th Street |
| | Philadelphia, PA 19103 |
| | Tel:   (215) 569-5645 |
| | Fax:   (215) 832-5645 |
| | Email: frank.dante@blankrome.com |
| | melissa.murphy@blankrome.com |
| | |
| | *Counsel for Defendant,* |
| | *Chiquita Brands International, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with the Clerk of the Court using CM/ECF on June 21, 2024 which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

*/s/ Michael L. Cioffi*
*Counsel for Defendant Chiquita*
*Brands International, Inc.*