UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-MD-01916-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:
ATS ACTION

08-80465-CIV-MARRA (D.C. Action) (*Does 1-144*)
_____/

## CONRAD & SCHERER'S REPLY IN SUPPORT OF MOTION TO ADJUDICATE AND ENFORCE CHARGING LIEN

Conrad & Scherer, LLP ("C&S") files this reply in support of its Motion to Adjudicate and Enforce Charging Lien (DE 3884).

## INTRODUCTION

Paul Wolf, on behalf of *Does 1-144*, opposes C&S's charging lien. DE 3885. Mr. Wolf's arguments are varied (but largely irrelevant to the narrow lien issue). None of Mr. Wolf's arguments, however, excuse his continued violation of Local Rule 7.3. By refusing to meet and confer with C&S, Mr. Wolf waived all objections to C&S's entitlement to fees and costs, as well as all objections to the amount sought. DE 3884 at 3-6 (demonstrating that Mr. Wolf's violation of Local Rule 7.3(b) resulted in waiver). After casually admitting he didn't "read the rule" concerning the mandatory meet and confer process, DE 3885 at 7 n.3, Mr. Wolf's response to C&S's motion then violates the mandatory post-filing requirements of Local Rule 7.3. Given his blatant, ongoing disdain for the local rules, the Court should find that Mr. Wolf waived all objections to C&S's charging lien, and award C&S the full amount of that lien. Furthermore, the

Court should decide the motion without holding an evidentiary hearing—which is the one point on which C&S and Mr. Wolf agree. DE 3885 at 14 (conceding no evidentiary hearing is necessary).

## ARGUMENT

I. *DOES 1-144* WAIVED ALL OBJECTIONS TO ENTITLEMENT AND AMOUNT

    A.    Waiver Under Local Rule 7.3(b)

Local Rule 7.3 has two sets of mandatory procedures for motions for attorneys' fees and costs. One part of the rule, Local Rule 7.3(b), governs what the parties must do during the pre-filing, meet and confer process. It is both undisputed that C&S complied with that rule and that Mr. Wolf violated it. DE 3885 at 7 n.3 (Mr. Wolf acknowledging he "dis[]regard[ed] the requirement to respond with particularity" to C&S's draft motion). The consequence of Mr. Wolf's violation is that he has waived all objections to C&S's entitlement to fees and costs, as well as all objections to the amount sought. *Taverna Imps. v. A&M Wine & Spirits*, 2019 U.S. Dist. LEXIS 238644, at *12 (S.D. Fla. Oct. 2, 2019) ("Failure to comply with Local Rule 7.3(b) results in a waiver of objections to the fee request.").

Mr. Wolf's request for forgiveness has two elements. First, he pleads ignorance:

> I did not deliberately disgregard [sic] the requirement to respond with particularity to Conrad & Scherer's 610 entries **and would have done so if I had read the rule**.

DE 3885 at 7 n.3 (emphasis added). Mr. Wolf's decision not to read the rule forming the express basis for the motion does not excuse his waiver. *See Biodiversity Conservation Alliance v. BLM*, 438 Fed. Appx. 669, 673 (10th Cir. 2011) ("failure to read the rule . . . cannot constitute excusable neglect"); *U.S. v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (discussing "the rule that the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules") (internal quotation marks omitted).

2

Second, Mr. Wolf claims *Taverna* is C&S's "only authority" for waiver. DE 3885 at 7.[1] Not so. C&S cited two other Southern District of Florida cases that also held waiver is the consequence for violating Local Rule 7.3. DE 3884 at 5, citing *Club Madonna, Inc. v. City of Miami Beach*, 2015 U.S. Dist. LEXIS 126629, at *30-31 (S.D. Fla. Sep. 22, 2015) and *Liberty Mut. Fire Ins. Co. v. State Farm Fla. Ins. Co.*, 2020 U.S. Dist. LEXIS 184770, at *10 n.5 (S.D. Fla. Sep. 18, 2020). The teaching of these cases is that violations of Local Rule 7.3(b) cannot go unpunished. *Club Madonna*, 2015 U.S. Dist. LEXIS 126629, at *30-31 ("The Court is not so lenient when a party flippantly disregards the Local Rules—especially rules that are designed to conserve the Court's resources—and finds that Plaintiffs waived their objections to the City's fee request as to Count II by failing to comply with Local Rule 7.3(b).").

**B.    Waiver Under Local Rule 7.3(a)**

Mr. Wolf's violation of Local Rule 7.3(b) is enough for the Court to find he waived all objections. But Mr. Wolf didn't stop there—he also violated Local Rule 7.3(a) in responding to the filed motion. Mr. Wolf's two violations of Local Rule 7.3(a) are additional reasons for finding Mr. Wolf waived his objections. *Taverna Imps.*, 2019 U.S. Dist. LEXIS 238644, at *28 n.9 ("Mr. Harris has waived the objections for failure to comply with Local Rule 7.3(a)").

First, similar to his meet and confer obligations, in responding to the filed motion, Mr. Wolf was required to "describe with reasonable particularity each time entry or nontaxable expense to

---

[1] Mr. Wolf misleadingly claims *Taverna* reduced fees by 50%. DE 3885 at 6. The magistrate judge in *Taverna* originally found that certain fees should be reduced by 50%. 2019 U.S. Dist. LEXIS 238644, at *5. But the district court judge partly reversed the reduction. As to fees incurred from January 4, 2017, onward, the court overruled an objection to the 50% reduction because the party seeking fees "failed to timely object" to it. *Id.* at *24. But the court sustained an objection to a 50% reduction to mediation-related fees because the magistrate judge "did not clearly and concisely explain his reason for applying an across-the-board reduction of 50%." *Id.* at *25-26. Thus, *Taverna* provides no support for a reduction in fees here.

3

which [he] objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." S.D. Fla. L.R. 7.3(a). Mr. Wolf identifies a very small number of entries to which he objects, *e.g.*, DE 3885 at 8 (cursory discussion regarding C&S time entry no. 15), but provides no "supporting legal authority" for any of those few objections. For all other entries, he makes no objections with "reasonable particularity" and provides no "supporting legal authority."

Second, Local Rule 7.3(a) specifies what a party challenging hourly rates must do. S.D. Fla. L.R. 7.3(a) ("If a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate."). Mr. Wolf generally takes issue with C&S's hourly rates, but does not support his objection with the affidavit the rule requires. Mr. Wolf submitted a (defective) declaration on other issues, but did not list his hourly rates. DE 3885-3. Waiver is the appropriate remedy for Mr. Wolf's failure to follow the rule's requirements for objecting to C&S's hourly rates.

After admitting he didn't "read the rule" during the meet and confer period related to the draft motion, DE 3885 at 7 n.3, Mr. Wolf apparently didn't even read the rule after C&S included a major waiver section, based on Local Rule 7.3, in the motion it filed. A finding of waiver is the only remedy for such a "flippant[]" disregard of the Local Rules. *Club Madonna*, 2015 U.S. Dist. LEXIS 126629, at *30-31. In short, *Does 1-144* have waived their objections as to C&S's entitlement to its charging lien and to the amount of the lien—twice. Accordingly, the Court should rule that C&S is entitled to the full amount of its lien.[2]

---

[2] C&S does not object to the Court conducting its own review to determine whether the hourly rates and amount claimed are reasonable. If the Court decides to do so, C&S suggests the unrebutted opinions of C&S's expert, Carey Fischer, should be the starting point. *See Club Madonna, Inc.*, 2015 U.S. Dist. LEXIS 126629, at *30-31 ("Plaintiffs' failure to comply with Local Rule 7.3 is grounds for granting the City's requested amount of fees, if otherwise

4

## II. C&S REPRESENTED *DOES 1-144*

Mr. Wolf's double-waiver is dispositive, and the Court need not reach any other issue. But were the Court to entertain his core substantive argument—that C&S did not represent *Does 1-144*—it should be swiftly set aside. Indeed, it is contradicted by a Court order. DE 1201 at 3 n.1. In that order, the Court first recounted the history of the representation dispute, noting that it "designated Mr. Collingsworth, of Conrad Scherer, as lead counsel for Does 1-144." *Id.* Thus, from "the outset of this MDL proceeding," *id.*, when Mr. Collingsworth was designated lead counsel, an order memorialized the fact that C&S represented *Does 1-144*. After Mr. Collingsworth left C&S, the firm sought to withdraw from the case, but the Court ruled that C&S had an obligation "to continue representation of the entire plaintiff pool, including Does 1-144." *Id.* The clear import of this order was that C&S **had been representing**, and was **obligated to continue representing**, *Does 1-144*. And C&S did just that until discharged from that obligation by a separate court order. DE 2658.

The Court order holding that C&S represented *Does 1-144* (DE 1201) is no secret to Mr. Wolf. C&S relied on that order in its charging lien motion to show that the Court already settled this issue. DE 3884 at 8. Nonetheless, Mr. Wolf offered no reason for the Court to reconsider its prior ruling. Mr. Wolf didn't even address that order, and has forfeited any right to contest that it controls the issue of representation here.[3] Furthermore, Mr. Wolf's own submission

---

reasonable. . . . The Court has carefully reviewed the attorney invoices submitted by the City and finds that they reflect hours reasonably expended on the litigation. The Court therefore finds that the City is entitled to an attorneys' fee award with respect to Count II for the entire amount requested.") (cleaned up).

[3] In addition, contrary to his current position, Mr. Wolf previously represented to the Court that C&S did indeed represent *Does 1-144*. DE 3835 at 5 n.2 ("Early in the ligitation [sic], we thought we had resolved the representation of these 144 individuals, which would be **jointly represented by Wolf, Collingsworth and Conrad & Scherer**.") (emphasis added).

5

shows he agreed to submit the representation issue to the Court: "Judge Marra can decide who has power of representation over the clients we've signed retainer agreements with." DE 3885-2 at 3 (2008 Wolf "breach letter"). Shortly after Mr. Wolf proposed it in 2008, the Court decided the representation issue, and Mr. Wolf should not be allowed to challenge that decision now.

Furthermore, Mr. Wolf is wrong to say that recovery under a charging lien always requires a signed attorney-client agreement. The first element of a charging lien under Florida law is "a valid contract, express **or implied**, between the attorney and client." *Willis v. Nova Cas. Co.*, 2023 U.S. App. LEXIS 1401, at *5 (11th Cir. Jan. 20, 2023) (emphasis added). Even Mr. Wolf recognizes that this is the law. DE 3558 at 1. Thus, regardless of whether the express contracts between *Does 1-144* and Mr. Collingsworth inured to the benefit of C&S (*see* DE 3884 at 6), implied contracts are enough. *See, e.g.*, *AFSCME Council 79 v. Scott*, 949 F. Supp. 2d 1239, 1244 (S.D. Fla. 2013) ("Florida law permits an implied contract between an attorney and client when no express agreement was reached as to the amount of fees to be paid.") (citing *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1384 (Fla. 1983) ("In order for a charging lien to be imposed, there must first be a contract between the attorney and the client. The contract may be express or implied."), and *Greenfield Villages, Inc. v. Thompson*, 44 So. 2d 679, 682 (Fla. 1950) ("where a person employs an attorney to perform legal services and no expressed agreement was reached between the parties as to the amount of the attorney fee to be paid for the services rendered, the law under such circumstances implies a contract upon the part of the party employing the attorney to pay him reasonable compensation")). Mr. Wolf has not argued that the elements of an implied contract have not been met, and so has forfeited the right to challenge C&S's showing on this issue. DE 3884 at 7-8.

6

### III. MR. WOLF'S OTHER ARGUMENTS FAIL

Mr. Wolf's brief is full of other legally irrelevant and factually inaccurate arguments. While all lack merit, C&S does not desire to burden the Court with full briefing on each one. Instead, C&S will briefly address five issues.

First, Mr. Wolf's unclean hands argument is, by his own admission, something that the Court has already rejected. In an email Mr. Wolf refers to in his declaration (but misconstrues), *see* DE 3885-3 ¶ 8, Mr. Wolf declared that "the court has determined there was no bribery, and I don't want to fight about that anymore." **Ex. 1**;[4] *see also* DE 3649 at 5 (order finding evidence "refute[d] any assertedly ambiguous communications on the topic of witness payments"). Despite his admission, Mr. Wolf claims here that the witness issues are "the only significant work that Conrad & Scherer has ever done on this case." DE 3885 at 14. C&S's seventeen years of work in this case on a variety of complicated tasks, including its role in helping to secure a favorable jury verdict in a weeks-long trial, directly contradict Mr. Wolf's frivolous claim about C&S.

Second, C&S's fee request does not include "all the work Attoney [sic] Collingsworth has done on the MDL over the past 16 years." DE 3885 at 7 n.3. The request does not include any work by Mr. Collingsworth after he left the firm in late 2015. DE 3884-2 at Ex. B (time entry no. 156 is dated 11/8/2015 and is the last Collingsworth time entry). Nor does it include all of the work in the MDL before that time; rather, it just includes work related to *Does 1-144*. For instance, while Mr. Wolf challenges time entry no. 15 regarding work to oppose dismissal, DE 3885 at 8, preventing dismissal of the *Does 1-144* cases is obviously related to their claims.

Third, Mr. Wolf's declaration (DE 3885-3) is not competent evidence. Mr. Wolf lacks personal knowledge for his rampant speculation, DE 3885-3 ¶¶ 9-11, and offers numerous legal

---

[4] In case other parts of the email would fall under the settlement privilege, C&S is submitting the email in redacted form.

conclusions. *Id.* ¶ 5 ("[n]o one ever benefited from this unauthorized work"); *id.* ¶ 7 ("[n]o benefits were ever provided to any of Does 1-144"). Still other assertions are barred by the best evidence rule, *id.* ¶ 8 (describing contents of an email), or are hearsay, *id.* ¶ 9 ("I told the Court . . .").

Fourth, Mr. Wolf is under the misapprehension that C&S is only claiming work related to three of the *Does 1-144* plaintiffs. DE 3885 at 5-9. While Mr. Wolf may not know his own clients' names, C&S's time entries reflect work on many of the other *Does 1-144* cases. *See*, *e.g.*, DE 3884-2 at Ex. B at time entry nos. 179 (Rosa Angelica Pozo); 180 (Lucelena [Luz Elena] Hernandez Velasquez); 181 (Maria Rosalva Betancur Aguirre); 182 (Flor Alicia Murillo); 183 (Heladio Asprilla); 187 (Sixta Bejarano); 188 (Matilda Flores); 189 (Angela Gomez); 190 (Consuelo Rivas); 196 (Maria Londono).

Relatedly, Mr. Wolf incorrectly claims C&S's assistance in defending the depositions of two plaintiffs "resulted in the dismissal of those cases." DE 3885 at 15.[5] Mr. Wolf is the one who represented them at the summary judgment stage, DE 3885 at 9 n.4, and he was the one unable to marshal the evidence needed to stave off dismissal. DE 3238 at 40-43, 51-52 (summary judgment order). Worse still, Mr. Wolf unilaterally excluded them from the opportunity to participate in the proposed settlement, DE 3885 at 5, despite the fact that final judgment still has not be entered against them.[6] Cases on or pending appeal are regularly settled, and Mr. Wolf offers no rational basis for excluding them from the settlement offer.

---

[5] Mr. Wolf challenges some of C&S's time entries concerning a third plaintiff, Liliana Bravo. DE 3885 at 9 n.4. Mr. Wolf, however, offers no evidence for his assertions, just his subjective belief. *Id.* ("Conrad & Scherer also claim to have paid $153 to her in petty cash on 8/23/2017, which I do not believe . . . .").

[6] The Court entered partial final judgment pursuant to Rule 54(b) as to the Bellwether 1A plaintiffs dismissed on summary judgment, *see* DE 2552, but did not do the same as to the Bellwether 1B plaintiffs, like the two *Does 1-144* plaintiffs discussed in Mr. Wolf's response.

Fifth and finally, Mr. Wolf claims C&S's charging lien request is "outragous" [sic]. DE 3885 at 11. To the contrary, C&S was conservative in its request. C&S only sought fees and costs that could be tied to tasks related to *Does 1-144*,[7] and only for the time period up until the Court discharged C&S from representing them. *Compare* DE 2658 (4/28/2020 order discharging C&S from representing *Does 1-144*) *with* DE 3884-2 at Ex. B at time entry no. 610 (final time entry in fee request, dated 4/28/2020). Also, C&S undertook the expense to retain an expert, Carey Fischer, to review the firm's time entries related to *Does 1-144*, and Mr. Fischer opined that a significant number of entries were not compensable, in whole or part. DE 3884-2 at Ex. B (including reduction column indicating such entries). C&S is not seeking compensation for time that Mr. Fischer opined is non-compensable.[8]

Notably, if Mr. Wolf's logic were applied to the actual facts, it would confirm the reasonableness of C&S's request. Mr. Wolf suggests it might be appropriate for C&S to recover the amount of attorneys' fees that could be attributed to 2 of his 2,555 cases, DE 3885 at 6-7, based on the false premise that C&S only did work on 2 of the *Does 1-144* cases. But, as demonstrated above and in C&S's time entries, *see* DE 3884-2 at Ex. B, C&S did work benefiting all of the *Does 1-144* cases—or 5.636% of Mr. Wolf's cases. Applying that percentage to the fees Mr. Wolf is set to receive ($4,224,000) results in a reasonable fee award (under Mr. Wolf's logic) of $238,065. That is remarkably close to the amount of fees C&S is seeking here: $241,855.50. DE 3884 ¶ 11.

---

[7] Wolf falsely claims "[a]lmost all of [the time entries] relate to work done generally on the MDL." DE 3885 at 8. To the contrary, C&S's charging lien does not include the many thousands of entries unrelated to *Does 1-144*.

[8] Mr. Wolf did not retain a fee expert to rebut Mr. Fischer's opinions on the reasonableness of C&S's fees and costs, and his only mention of Mr. Fischer is to claim he lacks "personal knowledge." DE 3885 at 11 n.5. Of course, that is the idea of a fee expert—to have someone not personally involved in the underlying matter provide an independent opinion on the reasonableness of the fees claimed.

The same is true for costs. Mr. Wolf argues that C&S's "out of pocket costs to defend two depositions in Florida shouldn't have been more than $4,095." DE 3885 at 6. But the entire amount of costs C&S seeks is $4,755.42, *see* DE 3884 ¶ 11, which is again very close to the amount Mr. Wolf deems reasonable. Ironically, Mr. Wolf's own submission demonstrates that C&S could have claimed approximately three times those costs, as his "breach letter" acknowledges receiving about $9,279 from C&S that C&S did not include in its cost request. DE 3885-2 at 3.

In short, C&S is requesting a modest amount of fees and costs supported by the law, competent evidence (including expert testimony), and Mr. Wolf's own reasoning. Mr. Wolf's knee-jerk, conclusory objections—which he waived—do not rebut C&S's showing of entitlement and amount.

## **CONCLUSION**

C&S respectfully requests that the Court grant C&S's charging lien and order the Third-Party Administrator to pay C&S the full amount of its lien: $246,610.92.

Dated: September 4, 2024

Respectfully submitted,

/s/ Eric Hager
Eric Hager (Fla. Bar No. 1051523)
Conrad & Scherer, LLP
Edificio Officenter, Suite 304
Avenida Pampite S/N y Chimborazo - Cumbayá
Quito, Ecuador
Tel: (954) 622-0461
Fax: (954) 463-9244
ehager@conradscherer.com

William R. Scherer (Fla. Bar No. 169454)
Conrad & Scherer, LLP
633 South Federal Highway, Eighth Floor
Fort Lauderdale, FL 33301
Tel: (954) 462-5500
Fax: (954) 463-9244
wscherer@conradscherer.com