UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-MD-01916-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTION
08-80465-CIV-ALTMAN (D.C. Action) (Does 1-144)
_____/

**Paul Wolf and Does 1-144's Notice of Attempt to Mediate
Attorneys' Fees Dispute with Conrad & Scherer LLP**

Notice is hereby given that on February 27, 2025, the parties were unsuccessful in resolving the disputed attorneys' fees through mediation. This dispute is currently on appeal, and should not affect the District Court proceedings. It is being filed in the District Court so there is no issue in the 11th Circuit that the emails and attachment, attached hereto as Exhibit 1, are not part of the court record.

On February 24, 2025, undersigned attorney Paul Wolf provided a detailed accounting of his objections to the fees in dispute by email to Eric Hager, counsel for Conrad & Scherer LLP. Mr. Hager responded on February 26, 2025 that "[t]he time has long passed to review specific time entries. You refused to do so when required by the Local Rules. You've waived all challenges to any specific time entry. We look forward to tomorrow's mediation." See Exhibit 1, attached hereto, at 1. The mediation was conducted by video conference with mediator Beth Greenfield-Mandler on February 27, 2025. The mediation is confidential, but did not result in any settlement.

1

Under Federal Rule of Evidence 201, Federal Courts of Appeal can take judicial notice of indisputable facts that directly relate to the issues on appeal. Although appellate review is generally limited to a closed record, it "is subject to the right of an appellate court in a proper case to take judicial notice of new developments not considered by the lower court." Landy v. FDIC, 486 F.2d 139, 151 (3rd Cir. 1973). In Bryant v. Carleson, 444 F.2d 353 (9th Cir. 1971), the Ninth Circuit recognized this limited exception in taking judicial notice of developments since the appeal, including filings, motions and orders in the district court and court of appeals, relevant administrative action of the Administrator of the United States Department of Health, Education and Welfare, and a decision of the California Supreme Court in a related matter. Id.

"While the courts often decline to take judicial notice of other actions, they commonly take notice of the records of judicial proceedings of separate but related actions." Kalimian v. Liberty Mutual Fire Insurance Company, 300 F.2d 547 at n 1 (2d Cir. 1962), citing Freshman v. Atkins, 269 U.S. 121, 124 (1925); Zahn v. Transamerica Corp., 162 F.2d 36, 48 n. 20 (3 Cir. 1947); Lowe v. McDonald, 221 F.2d 228, 230 (9th Cir. 1955); 9 Wigmore on Evidence § 2579 (3rd Ed. 1940); 31 C.J.S. Evidence § 50.

However, the Court may only take judicial notice of "adjudicative facts" that are not subject to reasonable dispute because they are "generally known within the territorial jurisdiction of the trial court" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b), (d). A "high degree of indisputability is the essential prerequisite" to courts' taking judicial notice. Fed. R. Evid. 201 advisory comment n.

Here, Conrad & Scherer LLP cannot reasonably dispute that Paul Wolf provided a line by line accounting of his objections to Conrad & Scherer's claimed fees prior to the mediation. Exhibit 1, attached hereto. Or that Conrad & Scherer LLP's response was that it was too late to

2

address this issue. The new fact occurred in the same action, even though it need only be in a related action. This Notice and Exhibit are being filed in the District Court so that they can be considered in the appeal, which is # 24-14039.

                              Respectfully submitted,

                              Paul Wolf

                              _____
                              Paul Wolf
                              *Attorney for Does 1-144*
                              P.O. Box 60584
                              Colorado Springs, CO 80960
                              (202) 431-6986
                              paulwolf@yahoo.com

                              **Certificate of Service**

     I hereby certify that on this 19th day of June, 2025, I filed the foregoing document, with the Clerk of the Court using the Court's Electronic Case Filing (ECF) system, which will send electronic notices to all persons entitled to receive them.

                              Paul Wolf

                              _____
                              Paul Wolf